FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

2024 DEC 27 PM 2: 19

Civil Action No. _____
(To be supplied by the court)

PERSON Representing Others' § Self Equality (*"PRO SE"*), Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
__X_ Yes ___ No

**THE UNITED STATES** TENTH CIRCUIT COURT OF APPEALS,
DISTRICT COURT FOR THE DISTRICT OF COLORADO,
ATTORNEY'S OFFICE FOR THE DISTRICT OF COLORADO, DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT AND EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

**THE STATE OF COLORADO,**

**THIE CITY AND COUNTY OF DENVER,** *et al.*

***SEE ATTACHED***_____Defendant(s).
(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

**SEALED/ SEE ATTACHED**
 (Name and complete mailing address)

**SEALED/ SEE ATTACHED**
 (Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

**DEFENDANT 1:**        **NEIL MCGILL GORSUCH**
THE CIRCUIT JUSTICE FOR THE TENTH CIRCUIT
SUPREME COURT OF THE UNITED STATES
 1 First St NE, Washington, DC 20543
(Name and complete mailing address)

(202) 479-3000
(Telephone number and e-mail address if known)

**DEFENDANT 2:**        **JEROME A HOLMES**
CHIEF CIRCUIT JUDGE OF TENTH CIRCUIT COURT OF APPEALS
The Byron White Courthouse
1823 Stout Street, Denver, Colorado 80257
(Name and complete mailing address)

303-844-3157
(Telephone number and e-mail address if known)

**DEFENDANT 3:**        **SR. JUDGE PAUL JOSEPH KELLY, JR.**
The Byron White Courthouse
1823 Stout Street, Denver, Colorado 80257
(Name and complete mailing address)

303-844-3157
(Telephone number and e-mail address if known)

*SEE ATTACHED ADDITIONAL PAGES LABELED "B.  DEFENDANT(S) INFORMATION"*

2

**C.    JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

___X___ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution,

laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Pursuant **Fed. R. Civ. P. 8(a)(2)(1)**, *PRO SE* Plaintiff alleges that this Court of "limited jurisdiction, possessing only that power authorized by Constitution and statute" (***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 377 (1994) (citations omitted) has jurisdiction over this instant action pursuant to **28 U.S.C. § 1331 and 1343**.

This action is authorized and instituted pursuant Article III standing to bring Article VI, Clause 2 "Supremacy Clause"; First and Fourteenth Amendments of U.S. Constitution Claims — wherein as *pro se* Plaintiff has continuously exerted "discrimination can be pleaded in more than one way, even if not filed under Title VII of the Civil Rights Act of 1964"; 28 U.S.C. § 455: Disqualification of justice, judge, or magistrate judge; 42 U.S.C. § 1985(2)(3) - Conspiracy to Interfere with Civil Rights; 18 U.S.C. § 242: Deprivation of Rights Under Color of Law; 42 U.S.C. § 1983: Civil Action for Deprivation of Rights; 42 U.S. Code § 1988: Proceedings in Vindication of Civil Rights; 5 U.S.C. § 552: Freedom of Information Act (FOIA); and supplemental jurisdiction, pursuant 28 U.S.C. § 1367, over state law claims arising under the statutory, common law, and greater Colorado Constitution.

Tribal governments have exclusive jurisdiction to The Indian Child Welfare Act of 1978 ("ICWA") (enacted November 8, 1978, and codified at 25 U.S.C. §§ 1901–1963 [1]). ***Haaland v. Brackeen***, 599 U.S.__(2023). Tribes that do not have their own Tribal justice system, the Court of Indian Offences (CFR Courts) provide that service on behalf of the Tribe (**Title 25 CFR Part 11**).

**"JUDGES CANNOT PLEAD IGNORANCE OF THE LAW"** (quoting in-part ***Cooper v. Arron, 358*** U.S. 1, 78 S. Ct. 1401 (1958)) ⸻ ***but-for*** impermissible bias Defendant #10 (***MEH***) and Defendant #7 (***PAB***) **"ERRED"** in *CALDERÓN v. HANCOCK AND C & C DEN ET AL.* D.C. No. 1:**18**-CV-00756-**PAB**-**MEH** (*EMPH*) concluding **BLACK LATINA (race)**(*EMPH*) **DR. LISA CALDERÓN** lacked prudential standing to bring 2018 Constitutional claims against herein **SAME DEFENDANTS #50 (MAYOR HANCOCK & C & C DEN)** ⸻ **AND U.S. TENTH CIR. APPEAL NO. /19-1388 CRT. JUDGES MATHESON, BRISCOE, and MURPHY "REVERSED/ REMANDED"** — WHEN YEARS BEFORE (**2014**) — subsequent July 28, 2014, filed Motion for Substitution (at Case No. *14-CV-01699-MEH*, Dkt. 31) ⸻ which *MEH* denied ⸻ **HEREIN** *PRO SE* **PLAINTIFF AFFIRMATIVELY ARGUED/ RE-ARGUES:** "U.S. Court of Appeals for the Eight Circuit held that Constitutional rights allow public sector employees to pursue discrimination claims even if they have not filed claims under **Title VII of the Civil Rights Act of 1964**; and that employment

3

discrimination can be pleaded in more than one way. *HENLEY V. BROWN*, NO. 11-2561 (8th Cir. July 26, **2012**)" (quoting in-part *PRO SE v. Castro* (**10th Cir. 2014**), Case No. *14-CV-01699-MEH, Id.* at ECF No. 40, p #4.) "The clear rule is that Title VII is the *only* source of relief for discrimination in federal employment, no matter how the claims are presented." *See e.g., Michaels v. Akai Sec., Inc.,* No. 09-CV-01300ZLW-CBS, 2010 WL 2573988, at *6 (D. Colo. June 24, 2010)(emphasis In original citation omitted).

There is no specific statute of limitations for civil rights claims against the United States government for constitutional violations, but courts typically apply the statute of limitations from the most similar state law. *In re Marriage of Anderson* , 252 P.3d 490, 493 (Colo. App. 2010). State law equitable estoppel principles cannot be applied to bar a party from challenging a judgment rendered void by the supremacy clause of the U.S. constitution. *Id.*

"Title VII does not preempt state and local laws which provide **GREATER PROTECTION** against discriminatory conduct. *In re Koonce, City and County of Denver, Career Service Authority ("CSA") 36-13, (3/17/14),* citing *California Federal Sav. And Loan Ass'n v. Guerra,* 479 U.S. 272, 285 (1987)" (quoting *PRO SE v. City and County of Denver, et al.,* Case No 2022CA1542 (Colorado Court of Appeals).

Statute of limitations in lawsuits against the **United States** does **NOT** apply to claims filed under **Title VII of the Civil Rights Act of 1964 (Title VII),** and certainly cannot bar *PRO SE* Plaintiff from challenging all judgments and recommendations **of DEFENDANT # 10 (*MEH*)** cat-pawed by **DEFENDANTS #1, #2, #3, #4, #5, #6, #7 — VOID** BY ARTICLE VI, CLAUSE 2 "SUPREMACY CLAUSE" OF THE U.S. CONSTITUTION AND FED. RULES OF CIV. PROC. RULE 60(B)(4): **"JUDGMENT IS A VOID JUDGMENT IF COURT THAT RENDERED JUDGMENT ACTED *IN* A MANNER INCONSISTENT WITH DUE PROCESS.**

Jurisdiction is invoked to secure protection and redress deprivation of Constitutional rights guaranteed by state and federal law, injunctive and other relief (**42 U.S.C. § 1983** authorizes *omnibus* preserved claims against Defendants in their individual capacity for compensatory and punitive damages).

Pursuant to **28 U.S.C. § 1367, supplemental/subject matter jurisdiction** Court is mandated to apply state substantive statutes. In adjudicating state tort claims, federal courts in Colorado, as in other jurisdictions, are bound by the *Erie Doctrine* — which dictates that a federal court must adhere to Colorado state law concerning substantive legal matters, encompassing state statutes and state court rulings. This principle has been affirmed in legal precedent. See *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938); *State Farm Fire & Cas. Co. v. Williams,* No. 18-5080 (10th Cir. June 17, 2019*); Racher v. Westlake Nursing Home Ltd.,* 871 F.3d 1152 (10th Cir. 2017).

*PRO SE* Plaintiff's claims **NOT** solely for claims for "injuries which lie in tort or could lie in tort" for purposes of the **Colorado Government Immunity Act ("CGIA").** Therefore public entities herein were/are **NOT IMMUNE FROM CADA: C.R.S. § 24-**

**34-401** *et seq.* **CLAIMS UNDER THE CGIA**; and the "State," as used in subsection 24-34-405(8)(g), includes political subdivisions of the state and thus political subdivisions were/are **NOT IMMUNE** from claims for compensatory damages based on intentional unfair or discriminatory employment practices; and front pay is equitable and not compensatory in nature under **CADA**, and retaliation claims seeking front pay do not lie and could not lie in tort for CGIA purposes. *See Elder v. Williams,* 477 P.3d 694 (**Colo. 2020**).

Judges fall under the category of public employees in accordance with the definitions and provisions outlined within the **CGIA**. This conclusion is derived from specific sections of the **CGIA**, such as **Colo. Rev. Stat. § 24-10-103(4)(a)**, which defines a "public employee" to encompass an officer, employee, servant, or authorized volunteer of a public entity, irrespective of their compensation, election, or appointment. Judges employed by the judicial branch of the state government fit this definition as officers or employees of a public entity. Furthermore, **Colo. Rev. Stat. § 24-10-103(5)** explicitly designates that a public entity includes the judicial department of the state. As such, the judicial department, along with the judges working within it, falls within the purview of the **CGIA**. Therefore, Defendants #15, **#16**, #17, **#18**, **#19**, #20, **#21**, #22, #24, #25, **#26, #27**, #28, **#29**, #30, #31, #32, **#33**, #34, #35, **#36**, **#38**, #39, #40, **#41** were/are subject to the provisions of the act, including the limitations on liability and immunity.

**VENUE PROPER IN ANY <u>UNITED STATES</u> COURT PURSUANT 28 U.S.C. § 1391(B).**

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS.*

1. Prepared on current "Revised February 2022" Court approved form (*EMPH.*) retrieved from www.cod.uscourts.gov, with **DEMAND FOR A JURY** (EMPH.) — pursuant **Fed. R. Civ. P. 8(a)(2)(2)** — *PRO SE* Plaintiff at-best alleges in a clear, concise, and organized manner short and plain statements of claims showing entitlement to relief, as follows:

2. Recitations and interpretations of the law contained herein are to provide the Court with context. These recitations and interpretations of law shall not bind any party as to the legal effect of such law or regulation, nor shall their inclusion limit any party in asserting any other law or regulation in support of their position.

3. \*\*\* **ALL** (*EMPH.*) *PRO SE* Plaintiff's City and County of Denver, State and Federal quasi-judicial, State and Federal judicial civil actions, attached exhibits, facts, claims, paragraphs and allegations set forth previously, are hereby incorporated by reference as though set forth fully — and for **ALL** claims herein.\*\*\*

**CLAIM ONE:        LIBERAL CONSTRUCTION DISCLOSURE VIOLATIONS**
Supporting Facts:

4.        **DEPRIVATION OF VERTICAL AND HORIZONTAL STARE DECISIS** —
*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); and "The duty to liberally construe a self-represented litigant's pleadings includes a duty to consider allegations found in other documents filed by the litigant." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "*Pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F. 2d 1106, 110 (**10th Cir. 1991**) (citations omitted). This rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail." *Id.* This applies to all proceedings involving a *pro se* litigant." *Id.*at *FN3*.

5.        "This Court has repeatedly insisted that *PRO SE* parties follow the same rules of procedure that govern other litigants; that the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"(*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (**10th Cir. 2005**) (brackets, citation, and internal quotation marks omitted); and "insisted that *PRO SE* parties follow the same rules of procedure that govern other litigants" *Id.* — *BUT-FOR* **CONTINUOUSLY** because TENTH CIRCUIT COURT OF APPEALS, DISTRICT COURT FOR THE DISTRICT OF COLORADO, COLORADO COURT OF APPEALS, COLORADO ATTORNEY GENERAL, **lower** (*EMPH*).Second (**DENVER**) AND Eighteenth (**ARAPAHOE**) JUDICIAL COURTS and PUBLIC ENTITIES (EEOC, DOJ, HUD, CDHS, C & C DEN, DA, OARC, CCJD,CCPO, CSS, CSA, DHS) **OR EMPLOYEES THEREOF** [1] — **INFILTRATED** with **"PLAINLY INCOMPETENT OFFICERS OR ONES KNOWINGLY VIOLATING LAW"** [2] — **WHERE** "THE COURT **OR A MEMBER** IS CORRUPTED **OR** INFLUENCED **OR** INFLUENCE IS ATTEMPTED **OR** WHERE JUDGE **HAS NOT PERFORMED JUDICIAL FUNCTION** – THUS **WHERE THE IMPARTIAL FUNCTIONS OF THE COURT HAVE BEEN DIRECTLY CORRUPTED"** [3] — **COMES NOW AGAIN "BY ANY MEANS NECESSARY"** (X) — **RIGHTFULLY NOW "***ANGRIER***"** [4] ***PRO SE* AGAINST** DEFENDANTS **FROM HIGHEST TO** lowest [5]— CITING LEGAL CASES THEY WERE DIRECTED TO AN OATH TO SUPPORT:

        "…Especially in manner to their conduct in their official character. How immoral to impose it on them if they were to be used as the instruments, and the knowing instruments, for violating what they swear to support! Why otherwise does it direct the judges to take an oath to support it? This oath certainly applies in an especial manner to their conduct in their official character. How immoral to impose it on them if they were

---

[1] C.R.S. § 24-10-109
[2] *Lassiter v. Alabama A & M Univ., Board of Trustees, et al.*, 28 F. 3d at 1149
[3] *Bullock v. United States*, 7 F. 3d 384, 391 (3rd Cir. 2005) (citing *United F.2d 194, 198 (States v. Tonelli*, 63 F.2d 1115, 1121 (10th Cir. 1985).
[4] Pervasive stereotype characterizing BLACK (race) WOMEN (sex) as more aggressive/ hostile.
[5] *U.S. v. Lee*, 106 U.S. 196, 2201 S. Ct. 240, 261, 27 L. Ed. 171 (1882)

to be used as the instruments, and the knowing instruments, for violating what they swear to support! The oath of office, too, imposed by the legislature, is completely demonstrative of the legislative opinion on this subject. It is in these words: "I do solemnly swear that I will administer justice without respect to persons and do equal right to the poor and to the rich; and that I will faithfully and impartially discharge all the duties incumbent on me as according to the best of my abilities and understanding, agreeably to the constitution and laws of the United States.'" *Id.* Why does a judge swear to discharge his duties agreeably to the constitution of the United States if that constitution forms no rule for his government? If it is closed upon him and cannot be inspected by him? If such be the real state of things, this is worse than solemn mockery. To prescribe or to take this oath **becomes equally a crime**." **Analogous** to herein case**, *Marbury v. Madison*,** 5 **U.S.** 137 (1803) — eloquently delivered by longest standing great white (race) U.S. Chief Justice — **MARSHALL.** *EMPH.* **INFRA.**

6.        "**JUDGES CANNOT PLEAD IGNORANCE OF THE LAW**." Quoting with emphasis in-part *Cooper v. Arron,* 358 U.S. 1, 78 S. Ct. 1401 (1958)). *Infra.*

7.        "The interpretation of the **FOURTEENTH AMENDMENT** enunciated by this court in the *Brown* case is the supreme law of the land, and **ART. VI OF THE CONSTITUTION** makes it of binding effect on the states "anything in the constitution or laws of any state to the contrary notwithstanding." **P. 358 U.S. 18. No state legislator or executive or judicial officer** can **WAR** against the constitution without violating his solemn oath to support it." **P. 358 U.S. 18.** *Cooper v. Arron,* 358 U.S. 1,78 S. CT. 1401 **(1958).** *EMPH. Infra.*

8.        "**NO MAN IN THIS COUNTRY IS SO HIGH THAT HE IS ABOVE THE LAW**. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives. Courts of justice are established, not only to decide upon the controverted rights of the citizens as against each other, but also upon rights in controversy between them and the government; and the docket of this court is crowded with controversies of the latter class."      *U.S. v. LEE*, 106 U.S. 196, 2201 S. CT. **240, 261, 27 L. ED. 171 (1882).** *EMPH. Infra.*

9.        **AFFIRMATIVELY CONTRARY**: "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted) — **DEFENDANT # 10 (MEH) — NOVEMBER 16, 2015 — AND MAY 2, 2016:**

     a.    "**FOR EASE OF FACTUAL ANALYSIS IN THIS ORDER ADOPTED THE STRUCTURE AND NUMBERING CONVENTION PRESENTED BY DEFENDANT** (herein Defendant #11, Timothy B. Jafek CALIF. # 214066) in

the Motions. **HOWEVER, THE COURT HAS MODIFIED THE NUMBERING STRUCTURE BY ADDING TO THE END OF THE FINDINGS OF FACT THE FREEDOM OF INFORMATION ACT CLAIMS PREVIOUSLY HANDLED SEPARATELY BY DEFENDANT IN A SEPARATE MOTION.** *See* docket #108. Despite adopting the structure provided by Defendant, the Court notes that IT HAS NOT SIMPLY ADOPTED DEFENDANT'S VERSION OF THE FACTS WITHOUT A THOROUGH REVIEW OF THE EVIDENCE PROVIDED. THE COURT HAS FULLY CONSIDERED PLAINTIFF'S LAST-FILED, NON-STRICKEN RESPONSE [***SEE* DOCKETS ##137-45**] and all of its nearly 200 exhibits. *See id.* However, with rare exception, the Court has found the facts as propounded by Defendant to be supported by evidence, while Plaintiff's assertion of denials to their truth are not supported by evidence. **WHERE THE DEFENDANT'S FACTS HAD ERROR, THE COURT HAS ALTERED ITS FINDINGS OF FACT TO FIT THE EVIDENCE.** The Court has also considered the 41 additional facts offered by Plaintiff in her Response [*see* docket #137 at 4-8], including what she asserts to be dozens of additional adverse actions, but finds they are unsupported assertions, contain inadmissable hearsay, are improperly cited, do not rise to the level of adverse or materially adverse actions, or are redundant and covered already in the facts as relayed in the Motions. *See* docket #146-3 (for what the Court's review of the evidence reveals to be a fair and accurate analysis of Plaintiff's additional list of adverse actions). None of the additional facts change the outcome of the Court's analysis. Finally, the Court notes that unless otherwise indicated, **THE CITATIONS PROVIDED ARE TO EXHIBITS ATTACHED TO DEFENDANT'S MOTIONS.**" *See PRO SE v. DONOVAN* (HUD): Case No. **2014**-CV-01699-BNB-***MEH***. *Infra.*

b.    ***Ibid.*** "Because of the difficulty the Court has had with Plaintiff's responses, which the Court finds to be excessive and largely nonresponsive, the Court has for ease of factual analysis in this Order adopted the structure and numbering convention presented by Defendant in the Motion. Despite adopting the structure provided by Defendant, the Court notes that it has not simply adopted Defendant's version of the facts without a thorough review of the evidence provided…..With rare exception, the Court has found the facts as propounded by Defendant to be supported by evidence. Where Defendant's facts had error, the Court has altered its findings of fact to fit the evidence. Meanwhile, Plaintiff's attempts to counter Defendant's facts and proffer her own are either unsupported entirely, contain inadmissable hearsay, are improperly cited, or are objected to without basis. None of the additional facts change the outcome of the Court's analysis. Finally, the Court notes that unless otherwise indicated, the citations provided are to exhibits attached to Defendant's Motion." *See PRO SE v. Jewell* **(DOI)**, No. 14-cv-03236-***MEH***. *Infra.*

10.    *Id. PRO SE* **PLAINTIFF'S SEPTEMBER 4, 2015, BRIEF RESPONSE (DKT. 137) SUPPORTED BY EXHIBITS ##1— 184** (*EMPH*) asserted denials to their truth, constructed arguments with proper citations of authenticated evidence; and if

**spoilation of evidence**, all original copies were produced, retained, and may be re-authenticated (pdf) to supplement; along with sealed EEOC depositions (**14**); MSPB transcripts; and federal discovery video recorded depositions of **BOTH EEO RMOs DEFENDANTS #77 GOMEZ** and Deborah Griswold . *Infra.*

11.        "We do not consider new arguments raised in the reply brief.  Issues not raised in the opening brief are deemed abandoned or waived." *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997). *BUT-FOR* **FURTHER AFFIRMATIVELY CONTRARY** ALL WHITE (COLOR/RACE), MALE (SEX), REPUBLICAN (POLITICAL PARTY) **APPOINTED** AUTHORING *(EMPH)* **DEFENDANT'** # 5 (O'BRIEN) —— with # 3 (KELLY) AND # 1 (GORSUCH) —— **NON-BINDING** (*EMPH.*) —— ORDER AND JUDGMENT —— *PRO SE* **PLAINTIFF'S "13,995"** worded —— Tenth Circuit Appeal No. **2015-1443** —— **OPENING BRIEF** (*EMPH.*), ISSUES —— **NEVER FAIR NOR FULLY CONSIDERED**—— **FED. R. C.P. 60(b)(3)(4)(5)(6) RELIEF AVAIL., REFURNISHED, REARGUED AND ATTACHED NOW HEREIN AT PLAINTIFF'S EXHIBIT # 5,**

12.        *Id. IN FACT*, **THE VERY FIRST SENTENCE** (*EMPH*), **p # 2, ¶1** of DEFENDANT' # 5 (O'BRIEN) WITH # 3 (KELLY) AND # 1 (GORSUCH) **NON-** (*EMPH.*) **BINDING** ORDER AND JUDGMENT: "*PRO SE* **IS AN AFRICAN-AMERICAN FEMALE"** —— **WAS/IS CONTRADICTED BY** *PRO SE* **PLAINTIFF'S SURNAME** and **OPENING BRIEF** (*EMPH.*)**, p # 2, at #3(a) "STATEMENT OF ISSUES": "DISCRIMINATED AGAINST BASED ON HER RACE (BLACK AMERICAN), COLOR (BLACK), SEX (FEMALE….)"** *EMPH.*

13.        *Id. IN LAYMAN* **TERMS FOR "PLAINLY INCOMPETENT OFFICERS OR ONES KNOWINGLY VIOLATING LAW"** [6] —— **U.S. CONSTITUTIONAL ART VI CL II AND AMENDMENT I RIGHT PROTECTION** —— **WHAT DO SURNAMES** "HÜBLER" (Defendant #40), "WEISHÄUPL" (Defendant #29), and "SCHEÜERMANN" (Defendant #70) ALL HAVE IN COMMON *IN STARK* **"SUPERIORITY"** to CAUCASIAN (**race**), "GOMEZ" (Defendant #77) AND *NOT HER MAIDEN* MEXICAN (*EMPH.*) **SURNAME "BALL" (DEFENDANT #72)?  IF HX REPEATS ITSELF** —— **WHO FOUGHT AND WON NOT ONLY** *IN* **WW II AND PRIOR TO AND** *IN* **THE UNITED STATES 1803 LOUISIANA PURCHASE?** *See MRG* (**PRO SE**) V. **"THE BLACK NAPOLEON"** *TOUSSAINT* **(Defendant #34 )** *ET AL.,* 1:**23**-CV-00529-GPG-KLM-STV-LTB. *Infra.*

14.        **NATIVE BLACK** (*EMPH*) AMERICAN *PRO SE* PLAINTIFF, HER **ICWA CHILD (MIG)**, AND **OTHER BLACK (race) POSSIBLE TRIBAL (ICWA) AFFLIATED** CHILDREN OF **COLOR**ADO (R.I.P. AM) , (KM, NM) — **CONSTITUTIONAL RIGHTS DISCRIMINATIVELY WERE NEVER PROTECTED** — ONLY *OMNIBUS* **EXERTED TO THE VERY LOWEST** (DEFENDANTS **#77 AND #78**) **TO THE HIGHEST LEVEL OF NOW THE**

---

[6] *Lassiter v. Alabama A & M Univ., Board of Trustees, et al.*, 28 F. 3d at 1149

**CIRCUIT JUSTICE FOR THE TENTH CIRCUIT** (DEFENDANT #1) — HENCE "**K**OLORADO **K**ORRUPT **K**OURTS" AND "GOOD OLE BOYS **K**LUB"— NOT SAFEGUARDING THE ABILITY OF **BLACK WOMEN** (*EMPH.*) **FREEDOMS TO VOTE, WORK WITHOUT DISCRIMINATION, RETALIATION, OR WHISTLEBLOWING PROTECTION, AND WORSE FURTHER TO RAISE THEIR CHILDREN FREE FROM INTERFERENCE BY STATE AUTHORITIES AND OTHER OUTSIDE PARTIES — EXHAUSTED, PRESERVED, ISSUES RAISED** *IN* **ALL OPENING BRIEFS** — HENCE **CONTINUOUS** NEVER ENTITLED TO SOVEREIGN IMMUNITY CITY AND COUNTY OF DENVER *Ambus v. Granite Bd. Of Educ*, 975 F. 2d at 1560 (quoting *Guadiana v. CITY AND COUNTY OF DENVER*, 21-1294 (10th Cir.) — **NEVER IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) *See ELDER V. WILLIAMS*, 477 P.3d 694 (Colo. **2020**) — AND Federal Tort Claim Act, **28 U.S.C. § 1346**, waiver of sovereign immunity. *INFRA.*

**CLAIM TWO:**                **JUDICIAL NOTICE VIOLATIONS**
Supporting Facts:

15.        "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." ***United States v. Estep***, 760 F. 2d 1060, 1063 (10th Cir. 1985).

16.        *Ibid.*    ***PRO SE*** Plaintiff, requests **U.S. CONSTITUTIONAL ART VI CL II REQUIRED** (*EMPH*) judicial notice and opportunity to be heard on the propriety and nature of adjudicative facts and other relevant documents which can be accurately and readily determined from civil actions she filed herein the federal U.S. District Court for the District of Colorado and Tenth Circuit Court of Appeals:

***PRO SE v. DONOVAN*** (HUD), Case No. **2014**-CV-01699-BNB-**MEH**.

a.        **DEFENDANTS #10, #11, #12, #13, #67, #68, #77**: *Omnibus* bias abuse of discretion discriminative white (race), male (sex), **DEFENDANT # 10** (*MEH*) dismissed with prejudice, pursuant to 12(b)(1) and 12(b)(6). Dkt. 150. Strict scrutiny of judicial notice shall be made to CASE NO. **(1)** 2014-CV-01699-BNB-**MEH** — wherein *pro se* Plaintiff's **WHISTLEBLOWING, HARMFUL PROCEDURAL ERROR, AND CONSTITUTIONAL CLAIMS** were wrongfully dismissed by Defendant with prejudice, pursuant to 12(b)(1) and 12(b)(6) — *AFTER* **AFFIRMATIVELY CONTRARY TO HIS OWN "PRACTICE STANDARDS", IMPERMISSIBLE BIAS, DEFENDANT # 10** (*MEH*) willfully and wantonly **DENIED** *PRO SE* Plaintiff's "**MOTION FOR SUBSTITUTION**" **RIGHTS** (ECF, No. 33) — therefore **WITHOUT CONSENT** pursuant **28 U.S.C. § 636(c)** — and further discriminative and retaliatory deprivation of *PRO SE* Plaintiff's **CONSTITUTIONAL RIGHTS**, on **SEPTEMBER 23, 2014**, before/at Scheduling Conference, **DEFENDANT # 10** (*MEH*) took crying, *FELLOW* (*EMPH*.), white (race), male (sex), Region

10

VIII, U.S. Department of Justice (**DOJ**), Assistance United States Attorney (AUSA), Timothy Bart Jafek CALIF. # 214066 (Defendant #11), **BACK INTO HIS CHAMBERS** *EX PARTE*, followed by granting extension of *PRO SE* Plaintiff's **COMPELLED** (EMPH.) discovery Requests for Production (RFP) which were **due the next day** of September 24, 2014…

    **b.**        It was **NEVER** Defendant #10's (***MEH***) function to weigh the evidence or to determine the truth of the matter at issue in considering a Rule 56 motion. **209 F. Supp. 2d 1111**

## TENTH CIR. APPEAL NO. <u>2015</u>-1443

    **c.**        All white (race), male (sex), republican (political party) appointed **DEFENDANT # 5** (O'Brien) entered with **DEFENDANT # 3** (<u>Kelly</u>) and **DEFENDANT # 1** (Gorsuch).

    **d.**        **WHISTLEBLOWING, HARMFUL PROCEDURAL ERROR, AND CONSTITUTIONAL CLAIMS** WERE **NOT** CONSIDERED.

*PRO SE v. JEWELL* (DOI), Case No. <u>2014</u>-CV-03236-<u>MEH</u>

    **e.**        **DEFENDANTS #10, #11, #12, #13, #67, #68, #77**: *Omnibus* bias discriminative **DEFENDANT # 10** (***MEH***) dismissed with prejudice, pursuant to Fed. R. Civ. P. 54.

## TENTH CIR. APPEAL NO. <u>2016</u>-1219

    **f.**        Entered by **DEFENDANT # 4** (Lucero) **WITH DEFENDANT # 2** (Holmes) AND **DEFENDANT # 6** (<u>Moritz</u>).

*PRO SE v. CITY AND COUNTY OF DENVER, ET AL.*, Case No. <u>2019</u>-CV-02806-<u>LTB</u>-RM-<u>MEH</u>

    **g.**        **DEFENDANTS #10, #9, #29, #31, #36, #45, #46, #50,#51, #52, #53, #54, #55, #56, #57, #58, #59, #60, #61, #62, #63, #65, #69, #70, #71, #72, #73, #74, #75, #76, #78)**: **DEFENDANT # 9** (*RM*) dismissed with prejudice, on the recommendation of *omnibus* bias **DEFENDANT # 10** (***MEH***).

    **h.**        **JULY 10, 2020 — DEFENDANT #10** (***MEH***) denied *PRO BONO* (EMPH) v. Defendant #61 (**WOLF #31585**) stipulated protection order. *See 1:19-cv-02806-<u>LTB</u>, Dkt. #34.*

    **i.**        If performing an internet search, *PRO SE* Plaintiff's legal native prominent name was/is the **ONLY** in the **WORLD** — **NEVER** gender neutral, and **NEVER** racial or ethnic or ancestral neutral (**i.e.** "Jill"; "Ginger", "Tammy", "Dawn", "Elizabeth", "<u>K</u>aren", "<u>K</u>athleen", "<u>K</u>athrine"…).

j.         JANUARY 13, 2023 — DEFENDANT #10 (*MEH*) —DENIED — *PRO SE* PLAINTIFF —28 U.S.C. § 455 — **AND** — **Motion to Restrict Public Access RIGHTS** — when pursuant **HORIZONTAL STARE DECISIS** *Peck v. State of Colorado, et al.*, 19-CV-03450-RBJ-**MEH** / *Peck v. McCann, et al.* [10932361] — AND  GREATER COLORADO C.R.S. § 19-1-307(1)(a) (EMPH) —  at all times relevant  — *PRO SE* PLAINTIFF — was **JULY 18, 2018**, possible tribal (**ICWA**) affiliated children ("KM, NM, and decedent "AM") abuse near fatality- fatality **C.R.S. § 7.106.1** Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities, Referral # 2870434 (Copeland).— ""**REPORTER**" . *EMPH.*

## TENTH CIR. APPEAL NO. <u>2021</u>-1223 [10906319]

k.         Entered by **DEFENDANT # 6** (<u>Moritz</u>), with **DEFENDANT # 3** (<u>Kelly</u>) and **DEFENDANT # 7** (Carson).

## *PRO SE v. CASTRO* (HUD): Case No. <u>2014</u>-CV-03237-**MEH**

l.         *Omnibus* bias discriminative **DEFENDANT # 10** (*MEH*) dismissed with prejudice.

## *PRO SE v. C & C DEN, ET AL.*, Case No. <u>2021</u>-CV-02362-RM-**MEH** (DEFENDANTS #10, #9, #29, #31, #36, #45, #46, #50,#51, #52, #53, #54, #55, #56, #57, #58, #59, #60, #61, #62, #63, #65, #69, #70, #71, #72, #73, #74, #75, #76, #78)

m.         <u>MAY 3, 2022</u> — Plaintiff captured and recorded, as **LEGALLY AFFORDED BY COLORADO** <u>C.R.S §18-9-304</u> — **OCTOBER 1, 2021** (EMPH), **UNCONSTITUTIONAL CONTESTED** (EMPH) hearing presided by **DEFENDANT #16 (MULLINS #6659)** with **EXTRINSIC FRAUD** willful and wonton discriminative participation of **DEFENDANTS #15, #16, #26, #33, 42,** and **APRIL 18, 2019** (EMPH.) **NEVER EXEMPT** (EMPH.) entered **COLORADO DEPARTMENT OF INHUMANE SERVICES (DEFENDANT # 45) INTERVENOR** — *IN* willful and wonton **VIOLATION OF** <u>ABSOLUTE</u> (EMPH) *Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* <u>(EMPH),</u> 403 P. 2D 442 (1965); C.R.S. § 14-10-122; § 24-51-1105; ART. VI, § 5 (3) OF COLO. CONST., COLO. C. J. DIRECT 95-03; C.R.C.P. 122 AND FURTHER DEPRIVATION OF DECLARATORY DECREES' — HARMING <u>NATIVE BLACK</u> (*EMPH*) BENEFICIARY  CHILD (**MIG**) — FURTHERED by *omnibus* ACTING ABOVE <u>ABSOLUTE</u> (EMPH) **DEFENDANT #16 (MULLINS #6659)** — willful and wontly discriminatively re-participating with **DEFENDANTS #15, #16, #26, #33, 42** and issuing **DECEMBER 16, 2021, JANUARY 8, 2021, AND JANUARY 31, 2022 ORDERS.**

n.         *Ibid.* **THE VERY SAME DAY OF** <u>MAY 3, 2022</u> (*EMPH.*) — *omnibus* discriminative bias **DEFENDANT # 10** (*MEH*) WITH **DEFENDANT # 9** (*RM*)

dismissed ***PRO SE v. C & C DEN, ET AL.*** CASE NO. **2021**-CV-02362-RM-**MEH** with prejudice — and deferred ***PRO SE*** Plaintiff's **WHISTLEBLOWER, STATE AND FEDERAL CONSTITUTIONAL CLAIMS — to TAINTED BIAS DISCRIMINATIVE STATE** (*EMPH*).

    i.    *IN VERTICAL STARE DECISIS* VIOLATION of ***DARBY V. CISNEROS***, 509 U.S. 137, 113 S. Ct. 2539, 125 L.Ed. 113 (193) — "**TRAPPING**" ***PRO SE*** for "optional exhausted administrative review". *See* attached **Exhibit #1: FEBRUARY 7, 2024, 2022CA1542**: THIRD AMENDED **OPENING BRIEF** (57 pg.); **ISSUES #7 AND #11: Colorado APA: C.R.S. § 24-4-106** *et seq.*; **CADA C.R.S. § 24-34-401** *et seq.*; **AND 42 U.S.C. § 1983**.

    ii.    *IN* **HORIZONTAL** *STARE DECISIS* VIOLATION of *Gale v.* **CITY OF DENVER** (*EMPH*) Civil Action No. **2016**-cv-02436-MSK-KMT (**D. Colo. Jun. 1, 2018**) (**Colorado Supreme Crt. Case No. 19SA99**) AND **TENTH CIR. APPEAL NO. 2018**-1269 — as Colorado Rule of Civil Procedure **106(a)(4)** cannot preclude **42 U.S.C. § 1983** claims.

***MRG v. JANSKI,*** Case No. **2021**-CV-02812-GPG

    o.    DEFENDANTS #38, #30, #43, #64, #27 — ***RES IPSA LOQUITOR.*** Dismissed without prejudice.

***MRG v. JANSKI,*** Case No. **2022**-CV-03324-**LTB**-KLM

    p.    DEFENDANTS #38, #30, #43, #64, #27 — ***RES IPSA LOQUITOR.*** Dismissed without prejudice.

***MRG v. JANSKI,*** Case No. **2023**-CV-02344-**LTB**-SBP

    q.    DEFENDANTS #38, #30, #43, #64, #27 — ***RES IPSA LOQUITOR.*** Dismissed without prejudice.

***MRG V. TOUSSAINT ET AL.***, Case No. **2023**-CV-00529-GPG-KLM-STV-**LTB**

    r.    DEFENDANTS **#10**, #11, #13, #14, #15, **#16**, #18, **#19**, #21, #23, #24, #25, #26, #27, #28, **#29**, #30, #31, #32, #33, #34, #35, **#36**, #38, #39, #40, **#41**, **#42**, #43, #44, #45, #46, #47, #48, #49, #50, #51, **#52**, #53, #54, #55, #56, #57, **#58**, **#59**, **#60**, #61, #62, **#63**, #64, #65, #67, #68, #69, #70, #71, #72, #73, #74, #75, #76, **#77, #78**) — ***RES IPSA LOQUITOR.*** Dismissed without prejudice, except judicial immunity claims, which were dismissed with prejudice.

## CLAIM THREE: 28 U.S.C. § 636(c)(4): NO CONSENT OR REFERENCE TO MAGISTRATE AND RIGHT OF SUBSTITUTION WITH CAUSE VIOLATION

Supporting Facts:

17.     ***Ibid.***    For good cause, and under extraordinary circumstances forthwith, exposing the City and County of Denver, State of Colorado, and U.S. government to knowledge of discriminative falsification of child abuse records, liability for employment discrimination, corruption in the court, City, State, and Federal agencies, by its attorneys, magistrates, and judges allowing fraud on the court without doing anything to stop it, in violation of oath, due process, and Constitutional claims for many years after claims first accrued… ***PRO SE*** Plaintiff **NEVER CONSENTED** to magistrate judge, and requests the Court to vacate reference of herein matter to its first white (race), male (sex) "CHIEF" Magistrate Judge Michael E. Hegarty, his successor, or magistrate judge.

18.     ***Ibid.***   **The Right of Substitution with Cause** does not have a limitation on the number of times it may be called for, such that parties may exercise the right until they find a neutral judge.

19.     ***Ibid.***   ***PRO SE*** challenges **CONSTITUTIONAL RIGHTS GROTESQUELY CIRCUMVENTED AND INFRINGED**; adverse parties having an undue influence over the minds of the inhabitants thereof, and **EXTRINSIC FRAUD ON COURT** (EMPH.) within City and County of Denver quasi-judicial, state of Colorado quasi-judicial, federal quasi-judicial (Region VIII EEOC), Second (Denver County) and Eighteenth (Arapahoe County) and Colorado Court of Appeals Judiciary; and herein U.S. District Court for the District of Colorado and U.S. Court of Appeals for Tenth Circuit federal Judiciary… — so prejudice against her and her **UN**<u>**PROTECTED**</u> (EMPH.) classes; that she has not and cannot expect proceedings to be with a neutral and impartial Judge, yet alone 'fair' — *BUT-FOR* **ERODING ADMINISTRATION OF JUSTICE AND IN DOING SO — HARM UNTO THE MOST VULNERABLE, INNOCENT CHILD(REN) OF <u>COLOR</u>ADO — BLACK (RACE) TRIBAL (ICWA) "<u>MIG</u>" AND POSSIBLE TRIBAL AFFILIATED (<u>ICWA</u>)**(AM, KM, NM…). *EMPH.*

20.     ***Ibid.***   Magistrates who *sua sponte* **28 U.S.C. § 455** recused themselves, and **have judicial immunity**, include *1:19-cv-00529-GPG-KLM-STV-LTB*, May 8, 2023, recusal of former Hon. Kristen L. Mix ("*KLM*") (ECF No. 16); and May 9, 2023, Hon. Scott T. Varholak ("*STV*") (ECF No. 18).

21.     ***Ibid.***   Bias existed and or conflict of interest exist with U.S. District Court for the District of Colorado Active Article III Chief Judge Philip A. Brimmer ("*PAB*")(**DEFENDANT # 8**) — personal participation, control, direction, or failure to supervise (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) *FELLOW* **DEFENDANT #10 (<u>*MEH*</u>)**; and **DEFENDANT # 9** Raymond P. Moore ("*RM*").

22.     ***Ibid. PRO SE*** Plaintiff renews her **MAY 22, 2023**, *1:19-cv-00529-GPG-KLM-STV-LTB,* (**ECF No. 19**), **MOTION OF SUBSTITUTION** where conflict of interest exists, and Senior Article III Judge Hon. Lewis T. Babcock ("*<u>LTB</u>*") may simply re-exercise his discretion as a Senior Retired Judge **NOT** to be assigned.

23.    ***Ibid.***    U.S. Court of Appeals for Tenth Circuit **DEFENDANT #3** (<u>KELLY</u>) AND **DEFENDANT #6** (<u>MORITZ</u>) — never recused themselves pursuant to **28 U.S.C. § 455** — and conflict arising from their participation in earlier proceedings, two out of three of ***PRO SE*** Plaintiff's appeals — rubberstamp affirming **DEFENDANT #10's** (<u>***MEH***</u>) **UNCONSTITUTIONAL** behavior and decisions. ***Infra.***

24.    ***Ibid.***    Independent judiciary requires the judges to decide cases according to the law and facts, without regard to whether laws or litigants are popular or unpopular with the public, the media, government officials, or the judge's friends or family.

<u>**CLAIM FOUR:**</u>    <u>**RE: MANDATORY NOTICE: U.S. TRIBAL GOVERNMENTS**</u>
Supporting Facts:

25.    ***Ibid.***    To promote the ends of justice; ***PRO SE*** Plaintiff <u>**RE**</u> *(EMPH.)*(requested with and to the urgent attention of Colorado Court of Appeals **DEFENDANT #17: ROMÁN #17033**) — **REQUESTS** — U.S. District Court for the District of Colorado give tribal governments **MANDATORY NOTICE** for a strong voice as its concerns her, her child ("**MIG**") and possible tribal (**ICWA**) (**AM, KM, NM**…); and her Parents'/ **HEIR PROPERTY** Lot #491, Unit 4, Filing 26, three acres — "<u>**INDIAN**</u> *(EMPH.*) Mountain Subdivision, Park County, Colorado" (***Infra.***) — and others' federally secured rights which have been **WILLFULLY AND WANTONLY** deprived.

26.    **ON ITS FACE,  ALL WHITE** (color) *"CHIEFS"*; *"COURTS"*; **AND** *"SPECIAL MASTERS"* **IN** <u>**COLOR**</u>ADO **FAIL TO PROMOTE JUSTICE!** *EMPH.*

<u>**CLAIM FIVE:**</u>    <u>**ABSTENTION NOT APPLICABLE**</u>
Supporting Facts:

27.    Applicable to herein Complaint of Law, the United States Supreme Court has repeatedly held abstention is inappropriate when first amendment rights and voting rights are alleged. Furthermore:

"An attack on the authority of a state court to adjudicate a case because a state court judge should have been disqualified is **NOT** subject to dismissal under the ***Rooker-Feldman*** doctrine." ***Bianchi v. Rylaarsdam***, 334 F. 3d 895 (9th Cir. 2003). Supreme Court's language in ***Rooker*** suggests, that the adequacy of the process afforded by state courts plays some role in whether federal court adjudication is barred as impermissible appeal. ***Id. See Rocker v. Fidelity Trust Co.***, 263 U.S. at 414, 44 S. Ct. 149. This aspect of ***Rooker*** has **NOT** been overruled, takes up almost a full third of the opinion in ***Rooker***; and Congress has not altered the jurisdictional statues to abrogate this aspect of ***Rooker***. There is nothing in ***D.C. Court of Appeals v. Feldman***, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983), that overrules ***Rooker*** on this point and none of the Supreme Court's other cases that discusses ***Rooker*** purports to overrule any aspect of it either. ***Bianchi v. Rylaarsdam***, 334 F. 3d 895 (9th Cir. 2003). This court may not assume that the Supreme Court has abandoned its precedent without a plain signal

15

from that court. *Id.*

28.    ***PRO SE*** Plaintiff having to seek relief from the very **DEFENDANTS** named in ***MRG V. TOUSSAINT ET AL.,*** 1:**23**-CV-00529-GPG-KLM-STV-**LTB** — who willful, wanton, incompetent or knowingly discriminate and conspire in violation of her, **BENEFICIARY CHILD'S (MIG)** — and other possible tribal affiliated children's **CONSTITUTIONAL RIGHTS** — arguably **Vertical Stare Decisis Violation of *Colo. River Water Conversation Dist. v. United States*,** 424 **U.S.** 800, 817 (1976).

29.    ***PRO SE* PLAINTIFF'S RIGHT OF ACCESS TO A NEUTRAL AND FAIR TRIBUNAL** (*EMPH.*) **IN WHICH TO VENTILATE HER CLAIMS OF RIGHT, ARGUABLY WERE/ AREN'T EQUAL AS ONE MAY HAVE UNDER GOVERNING BODY OF SUBSTANTIVE LAW.** *EMPH.* Unsuccessful attempts for recall of remittiturs (Defendants **#19**, #18, #21**, #19**, #20, #22) , reopen (Defendant #41, #28**, #19**, #18, #21, #32, #33, #35, #39, #27, #26, **#19,** #20, #22) , requests for substitutions/ recusals' of Defendants **#41, #38, #33, #40, #19 , #22, #59, #10**)  levy sanctions, appeals, **COLORADO CHILDREN'S CODE INFORMANT NAME PRIVACY,** and relief … **NEVER** foreclosed ***PRO SE*** Plaintiff's claims'; or bar herein federal suit under ***Rooker-Fieldman*** — for the simple reason preserved city, state, federal, greater Colorado and U.S. Constitutional relief right claims were **NEVER DECIDED MERITORIOUSLY.**

30.    The principle that a challenge to the jurisdiction of quasi-judicial city and state, and state and federal judicial tribunals to conduct proceedings when its **JUDGES SHOULD HAVE BEEN RECUSED — WITH BEARING IN MIND THE UBIQUITOUS NATURE OF THE INDIAN CHILD WELFARE ACT ("ICWA") — APPLIES.**

31.    **TRAGICALLY** (EMPH.) — several **28 U.S.C. § 2403 Fed. R. APP. P. 44** Notices, including **NOVEMBER 24, 2023**, were filed and mailed certified to COLORADO ATTORNEY GENERAL **(Defendant #23)** — **BUT-FOR WITHOUT PROPER INTERVENTION** from **Defendant #23; Defendant #11** (DOJ), **#14** (GOVERNOR), **#23** (COLORADO ATTORNEY GENERAL), **#37** (DENVER DISTRICT ATTORNEY), **#43** (OFFICE OF ATTORNEY REGULATION COUNSEL), **#44** (Colo. CPO), **#45** (CDHS), **#50** (MAYOR), **#74** (EEOC)… **DUE PROCESS AND CONSTITUTIONAL RIGHTS WERE NEVER PROTECTED, AND ARE CONTINUOUSLY AND FURTHER VIOLATED** — in ***PRO SE*** Plaintiff having to piecemeal litigate civil and criminal state and federal and Constitutional claims before tainted bias, discriminative, abusive of discretion, **INCOMPETENT OR KNOWINGLY VIOLATING LAWS:** quasi-judicial city and state; Eighteenth (Arapahoe County small claims, county, District Courts); Second (Denver County small claims and District Court ) Judiciary; Colorado Court of Appeals; all white (color) Colorado Supreme Court and their all white (color) "Chiefs"; up to U.S. District Court for the District of Colorado; Tenth Circuit Court of Appeals and **PRIOR** to him taking **OATH** within highest U.S. Supreme Court, **THE CIRCUIT JUSTICE FOR THE TENTH CIRCUIT Defendant #1** — where beyond *PER SE* **RETALIATION,** actual

harm has been made onto **OTHERS — and knowingly for worse CHILDREN.**

32.  Three-part test (***Middlesex County Ethics Comm. v. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982)) for ***Younger*** abstention **NOT** proper; when ***PRO SE*** Plaintiff deprived full and fair opportunity to have **CONSTITUTIONAL CHALLENGES DECIDED MERITORIOUSLY WITHOUT BIAS AND DISCRIMINATION.**

**CLAIM SIX:**    **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS' VIOLATIONS**
Supporting Facts:

## FACTUAL ALLEGATIONS

33.  "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." **ART VI CL II "SUPREMACY CLAUSE"**

34.  In support of all allegations and showing established *prima facie* for claims **against 78** Defendants aware of deprivation of protected Constitutional rights, damages, and irreparable injuries, ***PRO SE*** Plaintiff attaches the following authenticated exhibits:

**PLAINTIFF'S EXHIBIT # 1:**

> **PUBLIC** (*EMPH*) **— FEBRUARY 7, 2024,** Case No. **2022CA1542: THIRD AMENDED OPENING BRIEF (57 pg.)** (p # 47 modified children's names by initials) — filed within the Court of Appeals State of Colorado.
>
> **ELEVEN (XI) ISSUES IDENTIFIED AT p #7 THEREIN PRESERVED AND REARGUED.**

**PLAINTIFF'S EXHIBIT # 1—1 (USB):**

> ***Ibid.***    **USB** (*EMPH*) **— PUBLIC** (EMPH), **C.A.R. 28 (e) ADDENDA ("ADD")[47]** — supportive of **PUBLIC** (EMPH), **FEBRUARY 7, 2024,** Case No. **2022CA1542 OPENING BRIEF.** Filed within the Court of Appeals State of Colorado, produced and served via certified mail onto Defendant City and County of Denver and Colorado Attorney General Philip Weiser #38314 **(Defendant #23)** November 24, 2023, January 6, 2024, and February 7, 2024.
>
> > **TABLE OF CONTENTS** (*EMPH*) — of 47 ADDENDA —  found within **PUBLIC** (*EMPH*) **FEBRUARY 7, 2024,** Case No. **2022CA1542: THIRD AMENDED OPENING BRIEF— *Id.*** at **PAGES ## 8 —18.**
>
> > **\* \* ONLY** (*EMPH.* ) **ADDENDA ("ADD") # 35** (*EMPH*) **— ICAO APPEAL DOCKET #1342-2019 FOLIO ——— TO BE FILED UNDER SEAL** — DESIGNATED BY ***PRO SE*** PLAINTIFF ——— AS **AT ISSUE** CONTENTS INCLUDE: **CHILD ABUSE RECORDS.\* \* \***

**PLAINTIFF'S EXHIBIT # 2:**

JANUARY 5, 2019 — JANUARY 9, 2019 authenticated text messages between Plaintiff and **5280 WHISTLE BLOWER** (EMPH) of **FATALITY CHILD (JM)** of *Peck v. State of Colo., et al.*, 19-CV-03450-RBJ-*MEH* (EMPH) / 21-1125 - *Peck v. McCann, et al.* [10932361] — who was **DEMOTED** by **DEFENDANT #8 (BALL)** — and was/is **BLACK** (race), **male** (sex), **VETERAN** (military), **FORMER City and County of Denver, Social Case Worker Supervisor – LA2973 — ARTHUR "ART" TRASS**

**NOVEMBER 22, 2024** Affidavit and Application For Arrest Warrant Denver District County Offense Case No. 2024-5000941, *The People of the State of Colorado v. Christina Lee Gray*.

- Gray was/is white (**race**) , female (**sex**), first supervised by **Defendant #78 HODSON** — with same start date as *PRO SE* — **APRIL 25, 2016**.
  - *I.e.* **LAYMAN TERMS** for incompetent or knowing violating **U.S. CONSTITUTIONAL ART VI CL II AND AMENDMENT I RIGHTS —**
  "**GRAY** LEARNED HOW TO **FALSIFY CHILD ABUSE RECORDS AND TIME FRAUD** FROM DHS "<u>LEADERSHIP</u>"!

**PLAINTIFF'S EXHIBIT # 3:**

JANUARY 25, 2019, authenticated  **Mayor Hancock (Defendant #50)** Letterhead, **CRIMINALLY THREATENING AND INTIMIDATING** email to UNPROTECTED *PRO SE* Plaintiff **PRIOR** to Career Service Hearings, from **DEFENDANT #60 (KATHRYN "KATIE" SMITH #29514)** with **Defendants #63 (Catalano #39773) and #61** (Wolf #31585) — moved pursuant **C.R.E. 201** AND Tower City and County of Denver Career Service Rule § **19-50** — *BUT-FOR* willful and wontly denied '**full and fair**' opportunity to litigate **MARITAL (LOSS OF CONSORTIUM), SEX (PREGNANCY, CHILD) DISCRIMINATION, RETALIATION, AND WHISTLEBLOWING CLAIMS** — by **IMPERMISSIBLY BIAS CHERRY-PICKING PLOTTING DEFENDANT #59 Bruce A.** Plotkin **#18133 (Inactive)**. *EMPH*

**PLAINTIFF'S EXHIBIT # 4:**

January 3, 2016, **TENTH CIR. APPEAL NO. 2015-1443, <u>OPENING BRIEF</u>, pp #21-23 — <u>EVIDENCE/ EXHIBITS</u> citations #164-170:**

**AUGUST 15, 2011, DISPLINE** — "**Refusal to Comply with Proper Order and Rude Conduct**" — by **DEFENDANTS #12, #13, #67, #68, # 77** — simply for not having an "*M*" inserted for **DEFENDANT #13's (Garcia)** middle initial signature line for **JULY 21, 2011**, Denver Mayoral-Elect **(Defendant #50, Micheal B. Hancock)** welcome letter evidence.

**PLAINTIFF'S EXHIBIT # 5:**

January 3, 2016, TENTH CIR. APPEAL NO. 2015-1443: **<u>OPENING BRIEF</u>**

**PLAINTIFF'S EXHIBIT # 6:**

*PRO SE* PLAINTIFF'S **SEPTEMBER 4, 2015, BRIEF RESPONSE (DKT.**

**137) SUPPORTING EXHIBITS #55, #56, #57, #58, #59, #122, #131, #154, #153, #165, #166, #83, #179, #78, #123.** *PRO SE v. DONOVAN* (HUD): Case No. **2014**-CV-01699-BNB-*MEH.*

**PLAINTIFF'S EXHIBIT # 7:**

18th Judicial Dist. Court Case No. **18DR1690** (2/25/19, *PRO SE* Hearing Ex. #23 BATES #000375) ——— *PRO SE* 11/20/2018 **PHOTO: PUBLIC AT LARGE RELEASED : DOUBLE EDGE SWORD NAME INFLUENTIAL OF BOTH** (*EMPH.*) **FIRST** *APA* **BLACK § WHITE** (LONGEST SERVING) **SUPREME COURT JUSTICES'** — **CHILD (MIG)**

**PLAINTIFF'S EXHIBIT # 8:**
*CONTINUING CLAIM SIX U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' VIOLATION AND ADDITIONAL CLAIMS LABELED "***D. STATEMENT OF CLAIMS: DEFENDANTS (78)***"*

35.    **DEFENDANTS' "ACTIONS** prevented the system from working in whatever way it might have — **HAD THEY DONE THEIR JOBS HONESTLY** (*EMPH.*) — and offered **no incentive** for" **THE LAW ABIDING** (*EMPH.*) **BLACK (race) AMERICANS WHOSE NATIVE ANCESTORS FOUGHT AGAINST INVASION AND FOR THIS COUNTRY LONG BEFORE** Columbus and **ILLEGAL HAITIANS AND MEXICANS AND VENEZUELANS...** now flee to for "SANCTUARY" ——— and **EDUCATED WOMEN** (sex), reflective of **COLORADO'S CONSTITUENTS'**, who devotedly served and were brave in testifying truthfully ——— *BUT-FOR* testimonies and professional reputations defamed and **PUBLICLY GROSSLY MISCHARACTERIZED** ——— and herein **UNPROTECTED INDIVIDUAL** who **FOURTEEN (MARCH, 2010) YEARS SURVIVING AND PRE AND POST-HIGH RISK MATERNITY** has worked tirelessly **ABOVE AND BEYOND OWED DUTIES NOT PERFORMED** by The Equal Employment Opportunity Commission (EEOC) whose to partner with Tribal Employment Rights Offices (**TEROs**) and The Department of Justice ("DOJ") whose "sole authority is to prosecute discrimination claims involving local municipalities" ——— **ONLY** *IN* **THE BEST INTEREST OF THE VERY MOST VULNERABLE CHILDREN OF COLOR**ado ——— whose **"VOICES"** (*EMPH*) **were beyond** "CHILLED" **BUT CRIED OUT FROM HOSPITAL BEDS (MIG) AND THEIR GRAVE ("AM")** ——— per **K**ORRUPT **K**lothed **K**olorado **K**ARENS'and **K**ENS'——— *IN* THERE **"WAR"** [7] ——— **NOT TO COMPLY WITH SOLEMN OATH TO THE GREATER COLO. AND U.S. CONST.** *Infra.*

36.    The *OMNIBUS* **ALL**-WHITE (color) **COLORADO SUPREME COURT** with WHITE (**color**) marbled walls **"INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVERYWHERE"** (*APA Fraternity* **brother, Dr.** King, **Jr.**) ——— was/is/will remain to be the American **NIGHTMARE (X)** when MONSTERS *IN LAW* ———

---

[7] *Cooper v. Aaron*, 358 U.S. 1 (1958)

**DEFENDANT #78 K**ATHRYN "**K**ATIE" **HODSON** (F/A GLEASON) ——and DEFENDANTS #17, #18, **#19** (**ELIZABETH LEIGH HARRIS #29556**), #20, #21, #22 —— **ARE HOUSED THEREIN** —— hence "**K**olorado **K**orrupt **K**ourts". *Infra.*

37.    "*Soror* **Rosa Parks** sat for *Fraternity* brother **Dr. King, Jr.** to walk —— and **Dr. King, Jr.** walked for **Shirley Chisholm** to run —— and **THEY** ran (Barrack **Obama** and *Soror* **Kamala Harris**) *LONG AFTER 1848* NARRATIVE OF THE LIFE OF **FREDERICK DOUGLASS** —— for **OUR U.S. AND COLOR**ADO **CHILDREN** TO SOAR!"

38.    *Ibid.* All facts and statements herein made under **U.S. CONSTITUTIONAL AMENDEMENT I RIGHT** —— before those "incompetent or knowingly" violating *PRO SE* **Plaintiff's; BENEFICIARY child's (MIG); and other BLACK (race)** possible tribal affiliated (**ICWA**) children's (AM, KM, NM) CONSTITUTIONAL RIGHTS'!

## BACKGROUND

39.    **April 2016, up until December 7, 2018** — *PRO SE* Plaintiff successfully served and was recognized as City and County of Denver's, youngest, Branch Manager-CAO910, managing operations of Annie P. Taylor Building and supervising Denver Human Services ("DHS') programs housed therein. In this position, Plaintiff testified as a prevailing witness before City and County of Denver Career Service Hearing Office *In Proctor, CSA* 52-07 (1/3/08)(**Defendant #59** was the Hearing Officer); and **CASE IN CHIEF PREVAILING WITNESS** NAMED **THEREIN** ELEVEN PAGES **95** (*EMPH*) **TIMES** for City and County of Denver's **PRECEDENTIAL** (*EMPH*) (Black-Black skin color discrimination, time-fraud, civil rights *Alpha Kappa Alpha, Sorority,* **INC., NEVER**-sequestered). *In re Lynne Lombard- Hunt, CSA* 75 -07, 7 (3/3/08).

40.    For brevity, *in- part* quoting, <u>Everyday Struggle: How Toxic Workplaces Impact Black Women</u>, presented by LOUISIANIAN, <u>Dr.</u> **Carey Yazeed** (2021), chapter #13, pp #97-104, now addended *in-part:*
*"All My Life I Had to Fight! "* [8]

"I believe the very plight of being a **BLACK** WOMAN in America was captured best by Alice Walker's The Color Purple — *"All my life I had to fight! I had to fight my daddy. I had to fight my uncles. I had to fight my brothers. A girl child ain't safe in a family of mens, but I ain't never thought I'd have to fight in my own house*!...

**DECEMBER 1, 1955**, a **BLACK** American civil rights activist, whom the U.S. Congress called "**THE FIRST LADY OF CIVIL RIGHTS**" was arrested for civil disobedience, jailed, and criminally charged with "**REFUSAL TO COMPLY WITH PROPER** ORDER" — for violating a white male bus

---

[8] Alice Walker, *The Color Purple.*

driver's order to give up her seat in the colored section, after the white section was filled, to a white man. It was not because Mrs. Rosa Parks was — tired physically, or any more tired than she usually was at the end of a working day; **SHE WAS — TIRED OF GIVING IN."**

41.        *Ibid.*  **August 15, 2011 HUD FPM** Region **VIII GS-0343-12** *PRO SE* Plaintiff was charged by **DEFENDANTS #12** (Bregón), # 13 (Garcia), **#67** (Richardson), **#68** (Gerrish), and **#33** (Gomez) — **"REFUSAL TO COMPLY WITH PROPER ORDER"** and **"Rude Conduct"** [9]— simply for not having an "*M*" inserted for **DEFENDANT #13's** (Garcia) middle initial signature line for **Denver Mayoral-Elect (DEFENDANT #50,** Micheal B. Hancock) welcome letter which *PRO SE* was discriminatively shunned and completed **JULY 21, 2011 0958** — but disciplined for when white (**race**), female (**sex**), GS-0343-13, Effie Russell, was *omnibus* **ASSIGNED** "Elected/ Congressional Staffers"; and white (**race**), Hispanic (ethnicity) Denise **Hernandez** was "Correspondence Liaison". **DEFENDANT: HUD — NEVER** (*EMPH.*) produced "letters" by *PRO SE* Plaintiff **or** "Hernandez" **or** "Goin" for MSPB, **EEOC, DISTRICT COURT** discovery, or per *PRO SE* Plaintiff's FOIA (EMPH.) requests'. *Id.* at **PLAINTIFF'S EXHIBIT # 6:** to — **DEFENDANTS #5, #3, #1.**

42.        *Ibid.*  **JANUARY 12, 2012,** *PRO SE* Plaintiff — was improperly **DENIED** EEOC Official Time. *See* **TENTH CIR. APPEAL NO. 2015-1443** January 3, 2016, **OPENING BRIEF, p #29,** to — **DEFENDANTS #5, #3, #1** — *Id.* at **PLAINTIFF'S EXHIBIT # 5.**

43.        *Ibid.*  **JANUARY 16, 2012,** *PRO SE* Plaintiff — was improperly and discriminatively denied **FEDERAL HOLIDAY PAY** for **BLACK** (race) **CIVIL RIGHTS LEADER AND FRATERNITY BROTHER, DR. MARTIN LUTHER KING JR.** *See* **TENTH CIR. APPEAL NO. 2015-1443** January 3, 2016, **OPENING BRIEF p #29,** to — **DEFENDANTS #5, #3, #1** — *Id.* at **PLAINTIFF'S EXHIBIT # 5.**

44.        *Ibid.* **JANUARY 23, 2012,** upon return from **FMLA** (Family and Medical Leave of Absence), *PRO SE* Plaintiff — emailed HUD Region VIII Attorney Nicole Allard #33036 and **DEFENDANT #68** (Gerrish): "**I strongly suspect reprisal for not accepting "rotation" in Multifamily HUB"** and placed them on notice of **"NO FEAR ACT".** *See* **TENTH CIR. APPEAL NO. 2015-1443, January 3, 2016, OPENING BRIEF p #30,** to — **DEFENDANTS #5, #3, #1** — *Id.* at **PLAINTIFF'S EXHIBIT # 5** — AND *Id.* at **2014-CV-01699-BNB-MEH.**, *Dkt. #138-1, Ex. 1, p #3.*

45.        *Ibid.* **JANUARY 31, 2012,** *PRO SE* Plaintiff — **"REFUSED TO COMPLY WITH ORDER"** [notice charge was framed without *prima facie* element "proper" by **Defendants #67** (Richardson),  **#68** (Gerrish)] — of "Caucasian" (race) (his sworn deposition self-identification) "Hispanic" (ethnicity) "male" (sex) **DEFENDANT #77**

---

[9] Defendant (HUD) did NOT exhaust appeal, and was to be collaterally estopped by Defendant #10 (**MEH**) U.S. District Court for the District of Colorado, from re0litigating third removal charge **NOT** upheld by U.S. MSPB. **TENTH CIR. APPEAL NO. 2015-1443** January 3, 2016, Opening Brief p #36 to Defendants #1, #3, and #5.

(GOMEZ) — to complete an involuntary detail to an unfavorable program area. **PRO SE** was the **ONLY** employee ordered to perform such, AND the **ONLY BLACK** (race) **with the most prominent surname New Orleanian Creole people of mixed French, African, Spanish, and Native American, Dominican Republic** (ancestry), **American,** female (**sex**) within Field Policy and Management's (FPM) **Region VIII Office of SIX states** (Colorado, Montana, North Dakota, South Dakota, Utah, and Wyoming). *Per se* RETALIATION— **PRO SE** was immediately placed on emergency suspension, administrative leave, escorted out of the building by three men (sex) (**one armed security**), escorted back into the building on **March 15th and March 20, 2012** by **armed security** to prepare and give removal replies, would undergo eight hours of an **EEOC** deposition on **March 27, 2012**, and eventually **removed on MARCH 30, 2012 from position and federal service pursuant to 5 C.F.R. Part 752 for** "MISCONDUCT". It was **NOT** because **PRO SE** held any disregard for her obligation as an employee of the federal government; **or** that **PRO SE** was without "familiarity of the **second largest Black** (race) **staffed program (Fair Housing Equal Opportunity)"** which **DEFENDANT #77 (Gomez)** on **OCTOBER 5, 2011** conspired and emailed subject headed "**Proposed Settlement of EEO and Reassignment to FHEO**" to **DEFENDANTS #12 (BREGÓN) AND #13 (GARCIA);** or the **UNFAVORABLE** program area (**Multifamily Housing**) where **DEFENDANTS #12, #13, #77 (BREGÓN, GARCIA, GOMEZ)** ORDERED *PRO SE* to be detailed. Like her *AKA* Sorority sister, **MRS. ROSA PARKS** — **PRO SE** — **WAS TIRED OF GIVING IN** — what she reasonably opposed via email (**U.S. CONSTITUTIONAL ART VI CL II AND AMENDMENT I RIGHTS**) and believed was **against** anti-discrimination laws — by **THE VERY FEDERAL AGENCY TASKED WITH PREVENTING HOUSING DISCRIMINATION** (HUD). *See* **TENTH CIR. APPEAL NO. 2015-1443 January 3, 2016, OPENING BRIEF** — *Id.* at **PLAINTIFF'S EXHIBIT # 5** — to **DEFENDANTS #5, #3, #1.— REARGUED.**

46.     ***PRO SE*** Plaintiff filed charge of **CONTINUOUS** discrimination with Region VIII Equal Employment Opportunity Commission ("EEOC") on **AUGUST 24, 2011, Case No.** 541-2012-00018X — which was assigned to white (**race**), female (**sex**), **GS-14-0905** Nancy A. Weeks #34556; and **April 2, 2012** appealed complex mix-case claims against **FOUR** (4) (*EMPH*), **FEDERAL**, **WHITE** (**race**), employment attorneys [Nicole A. Allard #33036; Zach Mountin #42661; Colin J. Ratterman (2009 **NY bar #** UKN); Jay A. Lauer **#21151 (INACTIVE)**] before white (**race**), male (**sex**), **Hon.** U.S. Merit System Protection Board (MSPB) Judge Stephen Mish [**DE-0752-12-0257-I-1**] — before filing her **very first Title VII** civil action within **U.S. District Court for the District of Colorado** JUNE 18, 2014, Case No. 2014-CV-01699-BNB-**MEH.**

47.     **FEBRUARY 1, 2010**, up until **WRONGFUL** (emphasis) termination date from U.S. Housing and Urban Development **MARCH 30, 2012** — *PRO SE* Plaintiff was the **ONLY** (emphasis): Christian (religion), **BLACK** (race) **with the most prominent surname New Orleanian Creole people of mixed French, African, Spanish, and Native American, Dominican Republic** (ancestry), **American,** female (**sex**), with **severe FMLA** medical conditions/ disabilities (**onset per harassment/ hostile work environment**) — competitive service, Management Analyst GS-12-0343, step 4,

bargaining unit American Federation of Government Employees ("**AFGE**") Local 3972, **WITHIN SIX STATES** (emphasis), of Region VIII, Field Policy and Management ("**FPM**") — who was **discriminatively** ordered, and **performed**, *but-for* was **NEVER fairly compensated** NOR SF-50 **credited** — GS-13-0343 (Management Analyst) **AND GS-14-1035 (Public Affairs Officer) duties** — **pursuant OPM's Guide to Personnel Data Standards Chapter 14 or 28** — was **denied reasonable accommodation to telework pursuant HUD Telework Policy Handbook 625.1, and Section 359 of Public Law 106-346 even one day a week** — GS-12 -similar situated- Sylvia Cabrera (**Hispanic**) was approved to telework two days a week, by **GOMEZ**, on compressed work schedule, with lower duties then the Plaintiff; and **GOMEZ** completed Cabrera's telework application **without certification of required** technical requirements (casts bona fide doubt on **GOMEZ**'s second removal charge, *infra*) — and **disciplined for checking out laptop computer** to work on HUD's (*EMPH.*) **EEOC discovery** requests — **WHEN** <u>GREAT</u> **WHITE** (race), **FEMALE** (sex), **FORTY** (**40**) **YEAR SERVING** — **HUD IT DIRECTOR** — <u>**PAULA BOOTH**</u> — testified before **MSPB** that "no one other than *PRO SE* had been disciplined for checking out laptop" and *PRO SE* "followed protocol".

48.    "**BLACK-BALLED**" (emphasis with appropriate color connotations) from federal government employment — *see PRO SE v. JEWELL* (**DOI**): CASE NO. 2014-CV-03236-*MEH*. *PRO SE* Plaintiff lost count after continuing to apply for **over 250+ USAjobs** at comparable and significantly **lower** pay grades.

49.    *Ibid.*    **FAST FORWARD TO** <u>**JULY 18, 2018**</u> (*EMPH.*) — a date that *PRO SE* will never forget. With less than two years into her career as an Emergency Response Team Social Caseworker with **The City and County of Denver** Department of Human Services and two months after returning from **FMLA maternity leave** for her first **child** (**MIG**) **with medical needs (ADA Violation)** — *PRO SE* was **retaliatorily assigned** a "near-fatality, fatality" **Referral # 2870434** (Copeland) of a two-year-old **BLACK, POSSIBLE TRIBAL AFFILIATED (ICWA)** child ("**AM**") who had **accidentally drowned** in the backyard pool of her maternal great grandfather. Up until this date, *PRO SE* had **never** been assigned a "near-fatality, fatality" case. Care and due diligence of possessing a higher education from law and graduate school, with previous work experiences as security, Crisis Prevention Intervention ("CPI") of at-risk adolescent youth, human services and federal management… *PRO SE*'s skills and strengths as a Social Worker was safely responding, documenting, and **capturing the** <u>**TRUTH**</u>.

50.    *Ibid. PRO SE* was **retaliatorily assigned** JULY 18, 2018 "near-fatality, fatality" **Referral # 2870434** (Copeland) — because when the clock turned **4:30 PM** ("**afterhours**"), the WHITE (**race**) divorced (**status**) Social Caseworker **SUPERVISOR LA2973** — **DEFENDANT #78,** <u>K</u>ATHRYN "<u>K</u>ATIE" **HODSON (F/A** GLEASON)), deemed her own immediate departure from the office "**TO GO OUT ON A DATE**" (hence referred to in all legal proceedings as "**HOT DATE HODSON**") **more** important.[10] Cultural consideration of *PRO SE* being assigned the case was also

---

[10]  Testified to by *PRO SE* and two other Emergency Response Team Social Caseworkers- **CA2686** who were

correlated to being **BLACK** (race) and personal familiarity with the underserved neighborhood (**80239**) wherein the **children** (AM, KM, NM) and her family resided. In short and unambiguously applicable, the Director- CA2758 (**DEFENDANT #70, MIMI SCHEUERMANN**) of the county department is **to be immediately notified** of any egregious incidents of abuse and/or neglect, near fatalities, or child fatalities **AND** the Director CA2758 (**DEFENDANT #70, MIMI SCHEUERMANN**) of the county department **designates an individual(s) who will be responsible for assessing the egregious incident of abuse and/or neglect, near fatality or fatality.**[11]

51.     *Ibid.* THE DIRECTOR CA2758 of the country department was another WHITE (**race**) WOMAN (**sex**), **DEFENDANT #70:** MIMI SCHEUERMANN, who testified before **DEFENDANT #59: PLOTKIN #18133** (**INACTIVE**)(*EMPH.*) — that she was **NOT** immediately notified by **DEFENDANTS #73, #71, #78** — **NOR** did she designate that ***PRO SE*** be responsible for assessing the near fatality or fatality.

52.     *Ibid.* Denver Department of Human Service's Child Welfare Division's **ALL** WHITE (**race**) "leadership" (**DEFENDANTS #70, #71, #72, #73, #75**) was what *PRO SE* rightfully **U.S. CONSTITUTIONAL ART VI CL II AND AMENDMENT I RIGHTS** declared and whistle blew on **OCTOBER 30, 2018** record, as being "DICTATORSHIP" and their (**DEFENDANTS #70, #71, #72, #73, #75**) **FAILURE** to follow **controlling legal authorities outlined by Volume VII**, and to make matters worse, **covered and concealed** the WHITE (race) divorced (**status**) SOCIAL CASEWORKER SUPERVISOR LA2973 — **DEFENDANT #78,** K̲ATHRYN "K̲ATIE" HODSON (F/A GLEASON) — **CRIMINALLY FALSIFYING PUBLIC RECORDS** [12] — of the two-year-old **BLACK** (race) possible tribal affiliated (**ICWA**) **CHILD** ("AM") — who had **accidentally drowned** in the backyard pool of her great maternal grandfather — **with** WHITE (race) female (**sex**) **DEFENDANT # 71** JOSIE M. B̲ERRY — and **racial animus** TO REMOVE **surviving BLACK** (race) possible (**ICWA**) tribal **affiliated brother siblings ("KM", "NM")** from **THEIR HOME** — and to **wrongfully** terminate ***PRO SE***.

53.     *Ibid. PRO SE* Plaintiff's emergency suspensions and terminations from U.S. Department of Housing and Urban Development were **WILLFUL AND WONTLY** effectuated by **DEFENDANTS #12, 13, #67, #68, #77** — in violation of **Title VII, WPA, FMLA, NO FEAR Act, 42 U.S.C. § 1983,** and **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV RIGHTS** — to guarantee due process substantial and procedural, free speech, and free association.

---

subpoenaed as witnesses, identified as **BLACK** (Shiree Edwards) and **African American/ Multi-racial** (Defendant #76 Landrum) , before the City and County of Denver Career Service Hearing Officer (Defendant #59, **BRUCE ANDREW PLOTKIN #18133** (**INACTIVE**)) and by their written sworn declaration and notarized affidavit. *See v. Denver Department Human Services,* 1:19-cv-02806, and/or EEOC Charge No. 19-CV-02806.

[11] Controlling legal authorities outlined by Volume VII Code of Colorado Regulations (CCR) Social Services Rules (SSR) 12 CCR 2509-2. Commonly referred to as "Vol. VII" and/or "Colorado Children's Code".

[12] Colorado's Statewide Automated Child Welfare Information System, known and referred to as "TRAILS"; which is only accessible by/through certified and authorized users to the Colorado Department of Human Services Enterprise Portal per protections by HIPPA under the authority of the U.S. Department of Health and Human Services.

24

54.    *Ibid. PRO SE* Plaintiff's emergency suspensions and terminations and denied unemployment from **THE CITY AND COUNTY OF DENVER** were **WILLFUL AND WONTLY** effectuated by Defendants **#78** ,**#75, #73, #72, #71, #70, #69, #65, #63, #62, #61, #60, #51, #50** with **corrupt city and state quasi-judicial tribunal employees** (Defendants **#58**, #24, #25, #52, #53, #54, #55, #56,**#59**) and **corrupt state judicial employees PLAINLY INCOMPETENT or KNOWINGLY VIOLATING LAWS** (#29, #31, #36, #26, #19, #17, #20, #22); and those who **WILLFUL AND WONTLY ACTED IN MANNER INCONSISTENT WITH DUE PROCESS** (**#59, #63, #69**) and **abused discretion committing legal errors in** *ULTRA VIRES* issuances of judgments *OMNIBUS* **CHALLENGED** to be **VOID** by **U.S. CONSTITUTIONAL ART VI CL II** (THE **SUPREMACY** CLAUSE)**, I, V, XIV, XV AND XIX AMENDMENTS'**— affirmatively contrary to facts, evidence, and **NEVER** *DE NOVO* **REQUESTED REQUIRED** review of the following misconstrued or misapplied laws: **18 U.S.C.** §1030; **28 U.S.C. § 1343(a)(1)(2)(3)(4);** *42 U.S.C. § 1983,* § 1985(2)(3); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006); *Henley v. Brown*; C.R.S. § 18-8-502; §18-8-114(1)(a); **§ 18-9-121;** § 24-34-401; **STATE COMMON LAW PUBLIC POLICY EXCEPTION:** *Cronk v. Intermountain Rural Electric Ass'n,* 765 P.2d 619 (Colo. App. 1988) **AND** *Lorenz Martin Marietta*, 802 P.2d 1146 (Colo. App. 1990) ["criteria for **UNLAWFUL** discharge claim"]**; Child Welfare Regulations Codified in 12 CODE COLO. REGS. 2509-7 ("COLO. Children's' Code"): §7.104(B); §7.106.1 Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities [Eff. 1/1/15]** *et. seq.*; **§7.106.11; §7.106.121; §7.106.121(A)(2) & (B)(1); §7.103.61 (A)(1)(C) & (B); §7.104.1; §7.104.32; §7.106.13 (B); §7.103.1; §7.103.11; §7.103.40; §7.103.4(F); §7.107.17; COLO. Title 19: C.R.S. §19-1-307(1)(a)**[REPORTER/ INFORMANT of child abuse and/or neglect protections]; **SEVERAL STATE AND FED. LAWS AND STATUTES, THEIR OWN** *"ORGANIC ORDINANCES AND RULES"* (*Janssen v. Denver Career Service Board and Denver Department of Aviation*, CO. CT. APP., No. 98CA0100: **City and County of Denver Career Service Rules ("CSR"): § 9-62** *et seq.*; § 12-70, § 12-80, § 16-10, **§ 16-22** , § 16-46, § 18-40, § 19-5, § 19-10, § 19-32, § 19-42, § 19-45, § 19-50, § 19-51, §1 9-52, § 19-57… **CSR 16; 19; 21; Appendix 19A (Relevant Provisions of the Whistleblower Protection Ordinance §2-100 of The DEN Revised Municipal Code)** *et seq.*; *In re Leslie* , CSA 10-11 , 20 (12 /5/11); *In re Muller*, CSA 48-08, (10/24/08 ); *In re Lombard- Hunt*, *CSA 75 -07 , 7 (3/3/08)*; *In Proctor*, CSA 52-07 ( 1/3/08); *In re Gallo*, CSB 63-09A ( 3/17/11); *In re Wehmhoefer*, CSA 02 -08, ( 2/14/08 ); *In re Ortega*, CSA 81-06, 14 (4/11/07); *In re Koonce*, CSB 36- 13, (10/16/14) (3/17/14) (citing *California Federal Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 285 (1987) — Denver Whistleblower Protection Ordinance, Article VII *et. seq.*; **Executive Order ("EO") 143 (C & C DEN Data Protection Policy); Charter of the City and County of Denver** ("§ C5.25"); and **Denver Human Services "VOICES" —** **CADA C.R.S. § 24-34-401** *et seq.* **AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS** to guarantee due process substantial and procedural, free speech, and free association, and her **RIGHT TO VOTE** for **CITY AND COUNTY OF DENVER** Mayoral **BLACK** (race) Latina (**woman and ethnicity**) Candidate **Dr.** Lisa Calderón — **GREAT** white

(**race**), woman (**sex**), **Republican** (political party) **Colorado Governor** (Defendant #14) **running mate whistleblower** who made public by **The Gazette FORMER** "resigning" **racial misconduct** (used "N" word) **Arapahoe County Dist. Judge Natalie Chas** actions pending before **Colorado Court of Appeals** and **at the request of DEFENDANT #45** (CDHS) to — "*gag, incarcerate, and issue Order terminating Mother Courtney Propst parental rights stemming from a CONTENTIOUS DIVORCE WITH CHILDREN*" — <u>HEIDI GANAHL</u>; and **BLACK INDIAN** (race), Sorority sister (**AKA**) **Kamala Harris** — **U.S. Vice President.** *EMPH.*

55.    *Ibid.* **PRO SE** has timely and in good faith prosecuted matters against **THE CITY AND COUNTY OF DENVER (Defendant #50)**, Denver Human Services Child Welfare Division, going before **SEVERAL** different quasi- judicial and judicial tribunals including: the federal **Equal Employment Opportunity Commission** (Charge Nos. 541-2019-02097 AND 541-2021-00132); **City and County of Denver Career Service Hearing Office** (DEFENDANT <u>#59</u>) and Board (DEFENDANTS **#52, #53, #54, #55, #56, #57**) (*see* **consolidated direct appeal numbers 73-18, 76-18, and 80-18**); the United States District Court District of Colorado (Case Nos.: 2019-CV-02806-<u>LTB</u>-RM-**MEH**; 2021-CV-02362-RM-**MEH**; 2023-CV-00529-GPG-KLM-STV-<u>LTB</u>); the state of Colorado Department of Labor and Employment ("CDLE") to then Industrial Claim Appeals Office ("ICAO") (**Docket Nos.** 1342-2019; 1342-2019; 34484-2019); District Court for Arapahoe **AND** Denver County, Colorado (Case Nos. **2020CV11** <u>AND</u> **2020CV405**); and U.S. Court of Appeals for the Tenth Circuit (Case No. **21-1223**); and therefore  brought claims to the **DIRECT KNOWLEDGE OF DEFENDANTS #3, <u>#6</u>, #7, #9, <u>#10</u>, #17, <u>#19</u>, #20, #22, #23, #24, #25, #26, #27, #29, #31, #33, <u>#36</u>, #39, #40, #41, #42, #44, #46, #47, #48, #49, <u>#50</u>, #51, #52, #53, #54, #55, #56, #57, <u>#58, #59</u>, #60, #61, #62, #63, #65, <u>#69</u>, <u>#70</u>, <u>#71, #72</u>, #73, <u>#74</u>, #75, #76, and <u>#78</u>.**

56.    *PRO SE* was thankful she was granted assistance of a *PRO BONO* attorney whom she has referred to as being "**a real-life Atticus Finch**"[13] for federal Title VII case number **2019-CV-02806**-<u>LTB</u>-RM-**MEH** against **CITY AND COUNTY OF DENVER** and Department of Human Services.

57.    Dismissal of **2019-CV-02806**-<u>LTB</u>-RM-**MEH** was **ABUSE OF DISCRETION PRETEXT** — *PRO SE's* formal EEOC complaint making an express reference to 28 U.S.C. § 1746 by chapter and verse and **NOT** "perfected" with three explicit words "**penalty of perjury**" — <u>**WHEN**</u> *PRO SE* Plaintiff's **MAY 14, 2019, 541-2019-02097, EEOC INTAKE QUESTIONNAIRE** was **VERIFIED** (*EMPH.*) **UNDER PENALTY OF PERJURY**(*EMPH.*); <u>AND</u> *PRO SE* signed her **JUNE 12, 2019**, Formal Complaint Charges of Employment Discrimination **BEFORE** (*EMPH.*) **DESIGNATED REPRESENTATIVE OF THE REGION VIII, EEOC GS-05-0326** (*EMPH.*) **MATTHEW NITTA**. EMPHASIS. *Id.* Case 1:19-cv-02806-RM-**MEH** Document 1-1 Filed 10/01/19 USDC Colorado PP #25-#26 of 113. *EMPH.* Therefore, *PRO SE's* June 12, 2019, Formal Complaint was/is *OMNIBUS* <u>VERIFIED</u> (*EMPH*)(not just delivered and received) — pursuant **U.S. CONSTITUTIONAL ART VI CL II AND 29 C.F.R. §**

---

[13] Harper Lee's — **To Kill a Mockingbird.**

1601.3(a) — **EEOC** regulations "defining '**verified**' as being affirmed before persons authorized to administer oaths or an unsworn written declaration made under penalty of perjury." *EMPH.*

58.    *Ibid.* "A district court abuses its discretion when it commits legal error." *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011). *PRO SE* "is correct that Edelman permits an amended EEOC charge to relate back to verify an original charge, but we have found no case —and she cites none—permitting such an amendment once the EEOC has closed the case and issued a right-to-sue letter." Appellate **Case: 21-1223**, p #9. **HORIZONTAL STARE DECISIS VIOLATIONS** by **DEFENDANT # 6** (Moritz), with **DEFENDANT # 3** (Kelly) and **DEFENDANT # 7** (Carson) — **WHEN — *PRO SE v. Jewell***, No. 14-cv-03236-**MEH**, 2016 WL 1732685, at *8 (D. Colo. May 2, 2016), *aff'd*, 673 F. App'x 803 (10th Cir. 2016), the district court [Defendant #10] limited the *PRO SE* plaintiff's claims to those in her EEO complaint. In doing so, the court identified two independent bases for limiting the plaintiff's claims: (1) issues must be included in the acceptance-of-issues letter to be exhausted, and (2) events that occur after the filing of the EEO complaint may be exhausted only through the filing of another EEO complaint or an amendment to the existing complaint. *Id.* In affirming the district court's [**DEFENDANT #10**] decision, the Tenth Circuit [**DEFENDANT # 4** (Lucero) **WITH DEFENDANT # 2** (Holmes) **AND DEFENDANT # 6** (Moritz)] did not address whether claims must be included in the agency's acceptance-of-issues letter to be exhausted. Instead, the Tenth Circuit [**DEFENDANT # 4** (Lucero) **WITH DEFENDANT # 2** (Holmes) **AND DEFENDANT # 6** (Moritz)] affirmed the district court's [**Defendant #10**] conclusion on the basis that the plaintiff's failure to file a new EEO complaint or amend her existing EEO complaint precluded her from bringing claims in federal court that post-dated her EEO complaint. *v. Jewell*, 673 F. App'x 803, 807 (10th Cir. 2016).

59.    **Vertical Stare Decisis:** *Edelman*, 535 U.S. at 109 — upholding 29 C.F.R. § 1601.12(b) — which "permit[s] an otherwise timely filer to verify a charge after the time for filing has expired." **OCTOBER 9, 2020**, *PRO SE* also filed Amended EEOC Form 5, at/with the EEOC *FOUR DAYS BEFORE* DEFENDANT #10 (*MEH*) recommended dismissal Ordered by Defendant #9 (*RM*) — granting conspiring **Defendant #61's** (WOLF #31585) motion to dismiss *PRO SE* complaint on **OCTOBER 13, 2020.** *See* **2019**-CV-02806-LTB-RM-**MEH** (ECF Doc #52).

60.    **MAY 28, 2021 — RULE 60 RELIEF** from judgment order motion to re-open *PRO SE's* 2019-CV-02806-LTB-RM-**MEH** case was recommended by **IMPERMISSIBLE BIAS** DEFENDANT #10 *MEH* and **Defendant #9** (*RM*) **DENIED**.

61.    **MAY 15, 2023 — *PRO SE*** Plaintiff made **5 U.S.C. § 552: Freedom of Information Act (FOIA)** request No. 820-2023-000270A (*EMPH*), for "Copy of charge file and any/all communications (including intake questionnaire AND June 26, 2019, and July 16, 2019, intake teleconferences allegedly recorded) and documents pertaining to 541-2019-02097 processed by Denver Field Office EEOC." Therein, *EX PARTE* (*EMPH*) conspired communications between **HEREIN NOW DEFENDANT 74:** ALEJANDRA **HARGUTH** AND **DEFENDANT 61**: ROBERT **WOLF #31585** about

27

satisfying Title VII's verification requirement. ***PRO SE*** Plaintiff was **DEPRIVED DUE PROCESS** of such communications; was **NOT** afforded discovery for ***v. Denver, 19-CV-02806-RM-*MEH***; and did not obtain ***EX PARTE*** communications **UNTIL** (emphasis) **FOIA** request.

62.     **NEVER** pursuant to **City and County of Denver** Career Service Rule ("CSR") §16-22 (harassment, discrimination, and retaliation) and CSR Appendix 19a *et seq.* (relevant provisions of the whistleblower protection ordinance §2-100 of the Denver Revised Municipal Code), Denver whistleblower protection ordinance, ARTICLE VII., SEC. 2-106, *et. seq.* and Colorado Anti-Discrimination Act (CADA) codified in C.R.S. § 24-34-401 *et seq*: — ***PRO SE*** plaintiff's discrimination, retaliation, *per se* retaliation, whistle-blower retaliation, post wrongful termination retaliation claims… **NEVER PROPERLY INVESTIGATED.**

63.     Although ***PRO SE*** was to be "**protected**" as a whistle blower for engaging in EEO protected activities in temporal proximity of adverse actions, because **HISTORY ("HX") WAS/IS WRITTEN BY ITS OPPRESSOR** (*EMPH*.), upon performing any internet search of ***PRO*** SE's name, you will see how she has been **PUBLICLY "BLACK-BALLED"** from the "SNOW-BALLING" of harmful "WHITE-LIES" **(emphasis with appropriate color connotations)**. **What you won't see is — HOW —** before the Merit System Protection Board ("MSPB"), **FOUR** (EMPH) **federal** (EMPH) WHITE **(race)** (EMPH) privileged employment attorneys' [Nicole A. Allard **#33036**; Zach Mountin **#42661**; Colin J. Ratterman **(2009 NY bar # UKN)** (EMPH); Jay A. Lauer #21151 **(INACTIVE)** (EMPH)] — battled against **ONE *PRO SE*;** traveling to Florida **(42 U.S.C. § 1983 HUD EEO RMO** Deborah A. Griswold) and Texas **(DEFENDANT #77)** to conduct depositions of named **EEO** discriminating responsible management officials who "**RESIGNED**" or "**RETIRED**" **(42 U.S.C. § 1983 HUD EEO RMO** Jane Goin) and **FLED OUT OF STATE** (EMPH) **(DEFENDANT #77: GOMEZ)(HENCE FLIGHT RISK) DURING** CASE NO. **2014-**CV-01699-BNB-**MEH** proceedings; rejecting offered employment discrimination settlements for $25,000 and $100,000 **PALE *IN* COMPARISON "TO MAKING WHOLE"**; actual bias of Defendants or an appearance of bias (***Infra***.); loss of consortium; loved ones' support and struggle with vicarious trauma from witnessing **SEVERE** holistic (physical, mental, emotional, financial, spiritual) suffering; courageous others' being retaliated against for furnishing notarized affidavits or declarations or testifying as subpoenaed witnesses; and **PRIOR** to trying times of **COVID-19** matched with "**REIGNITED RACIAL TENSIONS**" — government agents "**DEFENDANTS**" targeting to deprive, harm, and wrongfully remove possible tribal affiliated **(ICWA) AND NATIVE BLACK** (race) **(ICWA) child(ren) "MIG"(KM, NM)** from their **homes**; **deprive due process of life, liberty, and property**; and **BLACK** (race) **women** (sex), **from their careers'** (***PRO SE*** ; ***DR. CALDERÓN*** ) and ultimately their homes **(BOTH DENVER, CO NATIVES)** — **MATTERS!**

64.     **NOW TENTH (10ᵗʰ )** federal civil action, it was at/around the time ***PRO SE*** submitted chapter #13 for **Everyday Struggle: How Toxic Workplaces Impact Black Women**, presented by Louisianian, Dr. Carey Yazeed (2021), that subsequent to a

28

recorded City and County of Denver Town Hall meeting, *PRO SE* whistle blew with her name announced with/directly to **Defendants #50 (Hancock) and #51 (Mares)** about Denver Human Services Child Welfare "all white (race), female (sex), self-proclaimed "Leadership" (**Defendants #70, #71, #72, #73, #75, #78**) in response to **Defendants #50 (Hancock) and #51 (Mares)** false statements to the public of "deep care and concerns for women and children of color during COVID-19 pandemic'"; and in short temporal proximity, *PRO SE* was eliminated from her position as the first Director of Policy and Advocacy at The Center for African American Health, with severance pay. *PRO SE's APA* Fraternity brother, Charles Mathis, was terminated from The Center for African American Health; and he was a familial support for Referral # 2870434 (Copeland) child (AM) fatality pursuant to Denver Human Services "**VOICES**".

65.    **APRIL 25, 2016,** up until wrongful (emphasis) termination date from the City and County of Denver on **DECEMBER 7, 2018** — Plaintiff was the **ONLY** (emphasis): Christian (religion), **BLACK** (race), Latina (New Orleanian Creole (people of mixed French, African, Spanish, and **Native American**) Dominican Republic) (ancestry), married (marital status), female (sex), with pregnancy, childbirth, and related medical conditions (disability) — **Social Caseworker- CA2686**, at Denver Human Services, Child Welfare, Emergency Response Team ("ERT").

66.    **NONE** (*EMPH.*) **OF THE** 78+ **DEFENDANTS WERE/ARE OF *PRO SE* PLAINTIFF'S UNPROTECTED CLASSES.**

67.    ***PRO SE* PLAINTIFF MAINTAINS HER INNOCENCE** —— **NEVER** (*EMPH*.) violated City and County of Denver Career Service Rules ("**CSR**"): §16-28(A); §16-28(F); §16-28(R); §16-28(T) —— **NOR** —— held any disregard for her obligation as an employee of the federal government——**NOR** —— was without familiarity of U.S. HUD Region VIII **second largest BLACK** (race) **staffed** program (**Fair Housing Equal Opportunity**) —— violating 5 C.F.R. Part 752 for "MISCONDUCT" —— *OMNIBUS* **PRESERVED IN AND AT EXHIBIT #6** —— **TENTH CIRCUIT APPEAL NO. 2015-1443 OPENING BRIEF** (*EMPH.*) —— *BUT FOR* CONTINUOUS IN DISCRIMINATIVE DEPRIVATION OF VERTICAL U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' AND HORIZONTAL STARE DECISIS** —— by incompetent or knowing violating the laws —— **U.S. CONSTITUTIONAL AND GREATER COLORADO CONSTITUTIONAL, AND NEVER IMMUNE** CITY AND COUNTY OF DENVER, *CONTINUOUS* **WHISTLEBLOWING, RETALIATION, HARMFUL PROCEDURAL ERROR**S —— ISSUES **NEVER FAIR NOR FULLY CONSIDERED.** FED. R. C.P. 60(b)(3)(4)(5)(6) INJUNCTIVE AND DECLARATORY AND ALL REQUESTED RELIEF : C.R.S. § 19-1-307(1)(a); *C.R.S.* § 24-4-106 *et seq.*; Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) ; *C.R.S.* § 24-10-118(2)(a); *C.R.S.* § 24-10-114 (1)(2)(3) for ALL (*EMPH.*) occurrences; **42 U.S.C. § 1983;** 42 U.S.C. § 1985(2)(3) - Conspiracy to Interfere with Civil Rights; 18 U.S.C. § 242: Deprivation of Rights Under Color of Law; **28 U.S.C. §1343(a); 28 U.S.C. §1343(a); Federal Tort Claim Act, 28 U.S.C. § 1346; CADA: C.R.S. § 24-34-401 *et***

*seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— FROM **EVERYONE** (*EMPH.*) **GUILTY AND LIABLE.**
*SEE ADDITIONAL PAPER ATTACHED CONTINUING CLAIM AND ADDITIONAL CLAIMS LABELED "D. STATEMENT OF CLAIMS" AND CONTINUING CLAIM SIX U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' VIOLATION AND ADDITIONAL CLAIMS LABELED "D. STATEMENT OF CLAIMS: DEFENDANTS (78)."*

**E.     REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages consistent with "E. REQUEST FOR RELIEF."*     Pursuant **Fed. R. Civ. P. 8(a)(2)(3)**, *PRO SE* Plaintiff prayerful for **MANDATORY NOTICE: U.S. TRIBAL GOVERNMENTS; EXONERATION AND RESTORATION OF NATIVE, MAIDEN, APELLIDOS GOOD SURNAME'S SAKE; REQUIRED** judicial notice and opportunity to be heard on the propriety and nature of adjudicative facts and other relevant documents which can be accurately and readily determined from civil actions she filed herein the federal U.S. District Court for the District of Colorado and Tenth Circuit Court of Appeals; **VERTICAL AND HORIZONTAL STARE DECISIS;** competent actors not partisan swayed that act in manner consistent of **DUE PROCESS FAIRNESS FOR ALL PERSONS';** perform **OATH OWED** duties; for inherent power and jurisdiction of U.S. District Court to adjudicate federal and Constitutional claims meretriciously with supplemental jurisdiction of state claims pursuant to the *ERIE AND CADA ELDER* Doctrines'; **INJUNCTIVE AND DECLARATORY RELIEF;** remedies of **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) **[C.R.S. § 19-1-307(1)(a); § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) FOR ALL OCCURRENCES (*EMPH.*)]; AND 42 U.S.C. § 1983; Federal Tort Claim Act, 28 U.S.C. § 1346,** remedial sanction constraints including appointment of **TRIBAL AND OR SPECIAL COUNSEL** to prosecute all criminal contempt claims/ action against actors'; **BOTH IMPRISONMENT AND FINES,** disciplines, involuntary emergency unpaid suspensions, terminations, debarments, permanent injunction restraining **ALL GUILTY AND LIABLE DEFENDANTS;** and any other proper redress proceedings (**JURY FOR ALL ISSUES SO TRIABLE**) and remedies securing **RELIEF RIGHTS;** revoke **ALL UNCONST. ORDERS;** and under the **COLLATERAL SOURCE RULE** [14]: interest, tax penalty offset, double backpay (SF-50 with GS-15-0343 step 10 differential; City and County of Denver Child Welfare Director - CA2758, TSP, DERP, PSLF), double front pay (GS-15-0343 step 10 differential; City and County of Denver Child Welfare Director - CA2758, TSP, DERP Rule-75 vested), all associated attorney fees, legal costs, interest, and equitable relief to which *PRO SE* Plaintiff was/is deprived guarantee due process, constitutional rights, and entitled pursuant to any law, that Court deems just, equitable, and proper.
     **C.R.S. § 8-43-308** advance preclusive effect claims 'of *PRO SE* Plaintiff's Case No. **2020CA286** (*PRO SE v. Industrial Claim Appeals Office and C & C DEN City Agencies Under the Mayor*); timely filed **FEBRUARY 13, 2020** (EMPH) notice of appeal, pursuant to

---

[14] "A plaintiff [may] seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss." *Green v. DENVER & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995).

section **C.R.S. § 8-74-107(2)(2017)** AND *Allison v. ICAO of the State of Colorado*, 884 P.2d 1113 (1994); **PUBLIC INTEREST** [15] adjudicate common **DEFERRED** [16] **STATE CLAIMS**; enjoin unlawful conduct,; **MANDAMUS [C.R.C.P. 106(a)(2)(4)], INJUNCTIVE, DECLARATORY [C.R.S. § 24-4-106(7)(b)(I- IX)], ANY FURTHER RELIEF (FED. RULES CIV. PROC. RULE 60(b)(4); C.R.C.P. 60(b)(3)(4)(5), 57** (*Native Am. Rights Fund, Inc. v. City of Boulder*, 97 P.3d 283 (Colo. App. 2004), **65**) deemed just and proper; **order PUBLIC re-posting of HIDDEN** City and County of Denver *In re Lombard- Hunt, CSA 75 - 07, 7 (3/3/08)* with *PRO SE* Plaintiff's native surname **PUBLIC** favorably therein **95** times; and **HIDDEN** Denver County Small Claims Court Case No. S83180 *PRO SE v. Bell*; and **EEOC Case No. 541-2012-00018X**.

    Enter judgment in favor of *PRO SE* Plaintiff against all liable Defendants', finding their acts and or agency's actors therein, **willful and wonton** and to have seriously eroded confidence in Colorado's city, state, and federal public entities, quasi-judicial and Judiciary, **NOT** protected by sovereign or qualified immunity (*Marbury v. Madison*, 5 U.S. 137 (1803); *U.S. v. Lee*, 106 **U.S.** 196,2201 S. Ct. 240, 261, 27 L. Ed. 171 (1882); *Cooper v. Aaron*, 358 U.S. 1,78 S. Ct. 1401 (1958) ; Colorado CADA C.R.S. § 24-34-401 *et seq.*; *Elder v. Williams*, 477 P.3d 694 (Colo. 2020; CGIA § 24-10-109) — in violation of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS'**— and in serious conflict with Articles VI AND II (Sections 6 and 25) of **GREATER** Colorado Constitution — so far departed from accepted and usual course of judicial proceedings; or sanctioned such procedure by a lower court.

    Secure *THE BEST INTERESTS* of THE MOST VULNERABLE COLORADO **BLACK ICWA CHILDREN — VERTICAL AND HORIZONTAL STARE DECISIS** with greater State and U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS, 25 U. S. C. §1901(3), 28 U.S.C. §455, TITLE VI, TITLE XV,** and Tenth Cir. Crt. precedent *PECK v. McCann, et al.* 21-1125 [10932361]; **BLACK- LATINA** *DR. CALDERÓN v. HANCOCK AND C & C DEN ET AL.* **19**-1388; *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1209 (10th Cir. 2000); *California Federal Sav. And Loan Ass'n v. Guerra*, 479 U.S. 272, 285 (1987), *TROXEL V. GRANVILLE*, 530 U.S. 57 (2000), *Haaland v. Brackeen*, 599 U.S. (2023)… — **SAFEGUARDING** against government infringement, contradictions in U.S. and **COLO**. public entities and Judiciaries within jurisdiction of District of Colorado — "**WAR**"

**F.**    **PLAINTIFF'S SIGNATURE**

I declare **UNDER PENALTY OF PERJURY** that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621. Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11

(SIGNATURE) S/_____ /(DATE)___December 27 2024____

(Revised February 2022)

---

[15] *Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)

[16] 19-CV-02806-RM-*MEH*/ [21-1223] / 1-21-CV-02362-RM-_MEH_; *MRG v. TOUSSAINT ET AL..*, 1:23-CV-00529-GPG-KLM-STV-LTB

## D. STATEMENT OF CLAIMS

**CONTINUING CLAIM SIX:**     <u>**U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' VIOLATIONS**</u>

Supporting Facts:

Respectfully ***PRO SE*** Plaintiff incorporates by this reference all other allegations included therein her Complaint of Law, prepared on current "Revised February 2022" Court approved form (*EMPH.*) retrieved from www.cod.uscourts.gov, and all attached Exhibits (8).

**PARTIES**

**AT ALL TIMES RELEVANT:**

***PRO SE* PLAINTIFF ("PLAINTIFF")**

82.        Now proceeding under pseudonym <u>P</u>ERSON <u>R</u>epresenting <u>O</u>thers' § (&) <u>S</u>elf <u>E</u>quality ("*PRO SE"*) —— Plaintiff was/is a: **UNITED STATES OF AMERICA, DENVER, COLORADO BORN** (July 9, 1981), **NATIVE** (EMPH.), **CITIZEN**; to parents who were Colorado public servants (teacher and Denver Police Detective) for over thirty years until their retirement; alumni of the first Historically Black College University ("HBCU") Lincoln, University in Pennsylvania (notable alumni Thurgood Marshall), and North Carolina Central University School of Law (notable alumni Willie Gary, Esq.); and graduate with honors from University of Colorado at Denver Alumni (**2003**, Bachelor of Arts Political Science, and **2006** Accelerated Masters of Public Administration); to be protected by **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS'— BUT FOR ABRIDGED (*Id.* TITLE 52) — REGISTERED INDEPENDENT** (EMPH.) **VOTER**; pledged life-long member and former Alpha Kappa Chapter President of the first Black (**race**) Greek Letter Organization for women with civil rights leaders' including Rosa Parks, Dr. Corretta Scott King, and U.S. Vice President Kamala Harris — ***Alpha Kappa Alpha ("AKA"),* Sorority, INC**. since Spring of 2001; and the first and former reigning Regional Ms. Black and Gold of Delta Psi Lambda Chapter of the first Black (**race**) Greek Letter Organization for men with civil rights leaders' including U.S. Supreme Court Justice Thurgood Marshall, Dr. Martin Luther King, Jr., and Dr. W.E.B. Du Bois — ***Alpha Phi Alpha* ("*APA*"), Fraternity INC**. —— that resides in a state that dwindles (*EMPH.*) with only **4%** Black (race) American population, tracing back to its  "Stapleton Spoils-System **HUB**" and "Blac*Kk*Klansman" (Spike Lee) discriminatory jurisdiction —— with corrupt public state and federal agencies ("*Good Ole Boys' <u>K</u>lub*"), quasi-judicial and judiciary *"(<u>K</u>olorado <u>K</u>orrupt <u>K</u>ourts")* of those whom history has shown only identify ethnicity hence **"PANIC"** ("HIS-PANIC") and or within the culture **male** (sex) **chauvinism** known **"MACHISMOS"**, or what **THE PEOPLE OF THE UNITED STATES** coined "<u>*K*</u>*ARENS*" or *"<u>K</u>EN"*, and Civil Rights martyr Malcom <u>X</u> called *"HOUSE NEGROS"* —— **HENCE THE VERY FEDERAL AGENCY CHARGED WITH PREVENTING HOUSING DISCRIMINATION (HUD) —— HAS HIDDEN AND EMPLOYS DISCRIMINATION** *IN-HOUSE* (Defendants #12, #13, #67, #68, #78)—— **WHEN** the **ONLY** *omnibus* **Black** (race), **with the most prominent maiden surname New Orleanian Creole people of mixed French, African, Spanish, and Native American, Dominican Republic** (ancestry), **American**, female (sex), within Field Policy and

Management's (FPM) Region VIII Office of **SIX** states, who performed higher duties and created Federal Regional Interagency Council on Homelessness ("FRICH") —— **BECAME HOMELESS** for whistleblowing and exerting her **CONSTITUTIONAL RIGHTS** to guarantee due process substantial and procedural, free speech, and free association —— **ONLY TO BE FOLLOWED BY** "GROSS NEGLIGENCE OF COLORADO DEPARTMENT OF **INHUMANE** SERVICES" (Defendant #45) **NOT** taking out it's **ROTTEN** "GARBAGE" (Democratic President Joe Biden) **DEFENDANTS** #46, #47, #48, #49, #69, #70, #71, #72, #73, #75, #76, **#78** —— but-for a gay (**homosexual**), white (**race**), male (**sex**), billionaire, domiciled in "**2017**" declared "sanctuary city" (**Boulder**) , Governor Jared Polis (**Defendant #14**) —— **PROMOTING DEFENDANT #13 (GARCIA)** —— to Governor cabinet——and merely to **APPEASE** THE PEOPLE OF **COLOR**ADO, appointed **Defendants #33 and #34** (JILL DEBORAH DORANCY #32067 AND DON JESSE TOUSSAINT #41379) —— —— **NY AND NJ FIRST-GENERATION HAITIAN** (*EMPH*) Americans —— **who like** "**THE BLACK NAPOLEON**" (*Toussaint*) made mistake of going to "**WAR**" [1] against herein *ET UX.* **Obligee** *PRO SE* whose ancestry traces back prior/ to **1803 LOUISIANA PURCHASE** (*EMPH.*) —— and Governor Jared Polis (**Defendant #14**) appointed incompetent or knowingly violating the law **DEFENDANTS #23, #21, #22, #35, #36** —— and Colorado Commission on Judicial Discipline ("CCJD") appointees' of BOTH white (**race**) **Defendant #14** (Governor Polis) AND **Defendant #15** (Colo. C.J. Boatright #17731) covering up reported misconduct of **DEFENDANTS #33, #34, #16, #19** —— where all **DEFENDANTS' #78, #76, #75, #69, #63…** have been **promoted** for **covering and conspiring and giving false admissions before state quasi-judiciary** —— **BLACK ICWA COLOR**ado **CHILDREN NOT PROTECTED BY OMBUDSMAN** (Defendant #44) —— **Defendants #37** (McCann #5834) AND **Defendant #45** (Barnes) '**stipulated facts**' before herein **federal judiciary** for *PECK v. State of Colo.*, 19-CV-03450-RBJ-**MEH** (EMPH) / 21-1125 - *PECK v. McCann, et al.* [10932361] **AFFIRMATIVELY CONTRARY AND CHALLENGED** —— **NEVER REPRESENTATIVE OF VERY TASK AND MISSION THEY WERE PUBLICLY ENTRUSTED** — "Investigating child abuse and neglect"; "Helping Those In Need and Out of Harm's Way"— *BUT-FOR* **IRREPARABLY APPEARS** as declared by WHITE (**race**), **Republican** (political party) AURORA CITY COUNCILWOMAN — "*WHITE-WASHED*" (**JURINSKY** v. CDHS *et al.*, 22-CV-02201-**MEH-PAB**)(*EMPH.*) —— further evidenced by *PECK v. State of Colo., et al.*, 19-CV-03450-RBJ-**MEH** (*EMPH*) / 21-1125 - *PECK v. McCann, et al.* [10932361]; *Jessica* (**Hispanic**-white **NOT** related to *DR. CALDERÓN* ) *CALDERON* v. *DHS*, 1:**19**-CV-03606-**KLM** (SETTLEMENT); *JESSICA* (**Hispanic**-white **NOT** related to *DR. CALDERÓN*) *Calderon* v. *City and County of Denver, Office of the Mayor* Case No. 1:24-CV-02406-NYW-TPO; *PRO SE v. C & C DEN, ET AL.*; **21**-CV-02362-RM-**MEH** (EMPH) / 21-**1223**; **BLACK- LATINA** *DR. CALDERÓN v. HANCOCK AND C & C DEN ET AL*. D.C. No. 1:**18**-CV-00756-**PAB-MEH** (EMPH) / **19**-1388; **2020**CA286 *PRO SE v. ICAO and C & C DEN ET AL.*; *PRO SE v. TOUSSAINT ET AL* 1:**23**-CV-00529-GPG-KLM-STV-**LTB**; AND *JURINSKY v. ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES ET AL.*, 22-CV-02201-**MEH-PAB** (EMPH)… — where **HEREIN**

---

[1] No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it. P. 358 U. S. 18.

**DEFENDANTS'** were/are named and or have participated and or continue to participate *IN VIOLATION* <u>U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS'</u> — **GUILTY** shall be liable **42 U.S.C. § 1983** and all **CRIMINAL CONTEMPT** to be prosecuted **NEVER** by *PRO SE* but impartial **TRIBAL AND OR SPECIAL COUNSEL.**

82.  *PRO SE* Plaintiff re-challenges the constitutionality of § 19-1-307 ("Section 307") of the Colorado Children's Code Records and Information Act ("Children's Code"). Section 307 requires that child abuse records and reports be kept confidential and has two separate subsections— Section 307(1) and Section 307(4) — that impose penalties upon those who improperly disclose information from child abuse reports.

83.  *PRO SE* Plaintiff challenges § 19-1-307 shielding child welfare workers she accused of misconduct: Defendants' #5, #6, #7, #8, #9, #10, #11, #12.

84.  *PRO SE* Plaintiff's first amendment constitutional right of free speech was willfully and wantonly trampled on in her free speech rights of wanting to expose official lapses, incompetence, and wrongdoings of Defendants' #5, #6, #7, #8, #9, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, and #25.

85.  *PRO SE* Plaintiff re-claims that the penalties in Section 307(1) and Section 307(4) not only prevented her from speaking as she wishes but violated her First Amendment rights.

86.  *PRO SE* Plaintiff alleges Defendants'(#1, #16, #16, #18, #19, #23, #24,, #25, #26, #27) willfully and wantonly continue to cause harm and injuries, by publicly releasing identifying information of child abuse records and reports; and Plaintiff's name.

87.  From July 12, 2019, to present day, <u>Defendant #1, by/through Defendants #16, #23, #24, #25, #26, #27</u> willful and wonton actions or omissions, permitted and encouraged release of *PRO SE* Plaintiff's personal identifiers of her legal name.

88.  Undisputed, *PRO SE* Plaintiff was/is the **"REPORTING PARTY" (INFORMANT)**(emphasis necessary) for July 18, 2018 possible tribal affiliated (ICWA) child(ren) (surviving siblings' "KM, NM, and decedent "AM") abuse near fatality-fatality Referral # 2870434 (Copeland)("BC fatality"), and such can be found by performing Internet search of **BLACK** (race) *PRO SE* Plaintiff's prominent New Orleanian Creole (people of mixed French, African, Spanish, and <u>**Native American**</u> — Dominican Republic) (**ancestry**) and sexual identifying legal name, where the following active hyper-link by **Defendant # 59 BRUCE ANDREW PLOTKIN #18133 (<u>INACTIVE</u>)** populates:

> https://denvergov.org/files/assets/public/v/1/hearings-office/documents/hearings/glapion_meleaha_csa_73-18_76-18_80-18_decision_7-12-19.pdf

89.      *Ibid.* Contrary to City and County of Denver Career Service Rule 19 ("do not provide for post-judgement relief to be conferred by Career Service Hearing Officers"), Defendants' # 24-26 violating City and County of Denver Career Service Rule 19, along with *PRO SE* Plaintiff's explicit re-petitioned greater state and federal constitutional rights, willfully and wantonly referred *PRO SE* Plaintiff's **August 26, 2020** Motion Request to Redact Personal Identifiers' to **bent minded, cherry-picking, discriminative, impermissibly bias Bruce A. Plotkin #18133** (Inactive) (Defendant # 59) and *omnibus* extrinsic fraud named cat pawing EEO Responsible Management Official ("RMO") discriminative, white (**race**), female (**sex**), Sherri Catalano's (#39773)(Defendant #63) personal participation and baseless objections' on September 3, 2020, with explicit invocation of *PRO SE* Plaintiff's previous federal Title VII suits before Defendant #10 (U.S. Magistrate Judge Michael E. Hegarty,"*MEH*") — — Defendant #59, willfully and wantonly denied redaction of **INFORMANT** Plaintiff's private prominent racial and sexual personal identifiers (legal name) and information **September 8, 2020**.

90.      *Ibid.* January 12, 2023, *PRO SE* Plaintiff filed via email "**SECOND** [EMPHASIS] MOTION TO REDACT PERSONAL IDENTIFIERS FROM CSA DECISIONS: 73-18, 76-18, 80-18, 75-07, 52-07" to the attention of Career Service Hearings Office and Board, which was denied by Career Service Hearing Officer Edward N. Tilbury.

91.      *PRO SE* Plaintiff alleges one function of Section 307 is to fulfill Colorado's obligations under the Child Abuse Prevention and Treatment Act ("CAPTA"), which conditions federal funding for state child protection systems on the state's use of "methods to preserve the confidentiality of all records in order to protect the rights of the child and the child's parents or guardians, including requirements ensuring that reports and records . . . shall only be made available to [specified persons, entities, and agencies]." **42 U.S.C. § 5106a(b)(2)(B)(viii)**.  Each year, the Colorado Department of Human Services (Defendant #3) certifies that Section 307's confidentiality requirement is being enforced to ensure that the state receives CAPTA funding from the federal government.

92.      **OCTOBER 1, 2019**, federal action *19-CV-02806-RM-MEH*, which *PRO SE* Plaintiff filed, was **PRIOR** to white (**race**), female (**sex**), Attorney Jessica Peck filing **December 9, 2019**, federal suit (*Peck v. State of Colo., et al.*, 19-CV-03450-RBJ-*MEH* (EMPH) / 21-1125 - *Peck v. McCann, et al.* [10932361]). *EMPH.*

93.      *PRO SE* Plaintiff had the ability to and reported concerns and complaints to:

   a. City and County of Denver's Mayor Michael B. Hancock (**Defendant #50**)
   b. City and County of Denver's independent, third-party resource, for employees to report suspected fraud or financial misconduct — **The Fraud Hotline/Lighthouse Services August 15, 2018**[Case #1534351680] AND October 27, 2018 [Case #1540679421] — regarding the falsification of child

records and time-fraud of **DEFENDANT #78** (HODSON) **AND DEFENDANT #71** (BERRY).

c.      Board of County Commissioners of City and County of Denver (Career Service Hearing Office, Board, Defendants #52, #53, #54, #55, #56) pursuant to section 19-3-211, C.R.S.

d.      Child Protection Ombudsman (**Defendant #44**) governed by section 19-3.3-102, C.R.S.

e.      Denver Department of Human Services (**Defendants #46, #50, #51, #70, #71, #72, #73, #75, #76, #78**)

      i.    **IN CONSPIRACY AND CONTRADICTING** to *Peck v. State of Colo., et al.*, 19-CV-03450-RBJ (EMPH), Dkt. 53, filed June 15, 2020, page 12, Stipulated Fact #35(e): **"A SEARCH OF DENVER HUMAN SERVICES' RECORDS HAS YIELDED NO COMPLAINT OR GRIEVANCE."**

f.      City and County of Denver City Attorney's Office: Human Services Legal Section (**Defendants #60, #61, #62, #63, #65**)

g.      City and County of Denver Office of Human Services (DHS) **Defendant #69 (Davis)**

h.      Equal Employment Opportunity Commission (**Defendant #74**)

i.      Second Judicial Denver District Court (**Defendants #26, #31, #36**)

j.      District Attorney of the Second Judicial District, State of Colorado (**Defendant #37**)

k.      Colorado Court of Appeals (**Defendants #17, #19, #20, #22**)

l.      Colorado Attorney General (**Defendant #23**): <u>October 27, 2022</u> — AND— **November 4, 2022** online Complaints several **28 U.S.C. § 2403 Fed. R. APP. P. 44** Notices, including **NOVEMBER 24, 2023**, were filed and mailed certified to COLORADO ATTORNEY GENERAL (**Defendant #23 PHILIP WEISER #38314**) and FEBRUARY 7, 2024, 2022CA1542: THIRD AMENDED OPENING BRIEF (57 pg.) (p # 47 modified children's names by initials) WITH C.A.R. 28 (e) **ADDENDA USB** *Id.* at FACT #34: <u>PLAINTIFF'S EXHIBIT # 1 AND PLAINTIFF'S EXHIBIT # 1—1 (USB)</u>\

m.      U.S. District Court for the District of Colorado/ Tenth Cir. Appeals (**Defendants #9, #10, #3, #6, #7**)

n.      **OARC (Defendant #43)**

o.      **CJDC (Defendants #14 and #15)**

p.      U.S. Department of Justice ("**DOJ**"): <u>November 26, 2022</u>, Civil Rights Division Report - 224756-RKR (*EMPH.*) from Criminal Section wherein ***PRO SE*** Plaintiff reported her civil rights being violated by Defendants acting under color of law herein.

q.      Federal Bureau of Investigation ("**FBI**") Electronic Tip Form **October 28, 2024, 1320**.

    **r.**       Brief telephone calls with Denver Police Department Badge P18020 Kyle Renny **October 29, 2024,** and **November 11, 2024,** for instruction of filing police report.

94.      Government employees' of The City and County of Denver, Denver Human Services, quasi-judicial Career Service Hearing Office and Board; and State Judiciary (Arapahoe County; Denver District Court; Colorado Court of Appeals (Denver District Court Liaison) are incompetent or knowingly violating the laws, with discriminative, retaliatory, whistle blowing animus, all in deprivation of ***PRO SE*** Plaintiff's state and federal Constitutional rights and in conspiracy and concealment of its all-white (**race**) Child Welfare females (**sex**) at Denver Human Services ("DHS") who coin themselves as "LEADERSHIP" and **falsify records of Black (race) and possible tribal affiliated (IWA) children (AM, KM, NM).**

95.      **BLACK** (race) Social Caseworkers (**Trass and Ms. Sherron**), reflecting constituents' **COLOR**ado, who tirelessly work to "*help those in need and out of harm's way*", especially **the most vulnerable children**, were demoted by Defendant **#72** (BALL), and or suspended, and or if they didn't succumb to hostile work environment and or involuntary resign, and or sign a an illegal non-disclosure agreement ("NDA") not to file complaints' — are threatened by its Human Services Legal Section District Attorneys' (**Defendants #60, #63**) and framed to be disciplined, suspended, demoted, or terminated with/by a dark-skin (color), African-American (race) Office of Human Services Tammy Davis (**Defendant #69**).

96.      Illegal practices are publicly evidenced by former white (**race**), female (**sex**) Child Welfare Social Caseworker Lead, Christina Gray, but-for false statements publicly served to The People of Colorado by Denver Human Services ("DHS") on October 18, 2024, that **"the department has a zero tolerance for falsification of records" (Godon Loui)** — **WHEN** the very all white (**race**) "leadership" (Defendants #70, #71, #72, #73, #75, #78) of Denver Human Services Child Welfare were/are named as Defendants herein, along with Mandated Reporters (Defendants #3, #6, #7, #9, #10, #46, #50, #51, #52, #53, #54, #55, #56, #57, #58, #59, #60, #61, #62, #63, #65, **#69**, #70, #71, #72, #73, #74, #75, #76, #78) — having knowledge of white (**race**), female (**sex**), DEFENDANT #78 Kathryn "Katie" Hodson (f/a Gleason) — **WILLFULLY AND RACIALLY TARGETING — FALSIFYING JULY 18, 2018 COPELAND REFERRAL # 2870434 NEAR-FATALITY-FATALITY** POSSIBLE TRIBAL AFFILIATED **(ICWA) CHILDRENS' (KM, NM) SWORN ADMISSIONS** [2] **AFFIRMATIVELY CONTRARY** [3] **DPD GO (KNOWN DEAD) #2018-486927 REPORT** [4]:

        "IT WAS REPORTED BY LAW ENFORCEMENT THAT HER BODY HAD BEEN FLOATING IN THE POOL FOR APPROXIMATELY ONE HOUR PRIOR TO BEING RECOVERED BY — (MATERNAL GREAT

---

[2] *REC, p 736, ¶ 4-9*
[3] *Schuster v. Zwicker*, 659 P.2d 687 (1983)
[4] *REC, pp # 1159-1240*

GRANDFATHER'S FIRST NAME)"—; AND "—THE SURVIVING CHILDREN — ALSO REPORTED BEING ALLOWED IN THE POOL UNSUPERVISED…" [5]

97.     ***Ibid.*** NOT PURSUANT *Nesbit v. Industrial Commission*; City and County of Denver <u>CSR § 21-21(C)</u>; NOR released until after/around ***CONTINUED*** (*EMPH*) May 10, 2019, June 3, 2019, June 3, 2019, and June 4, 2019 **C & C DEN HEARINGS' — DEFENDANT #59 PLOTKIN #18133 (Inactive)** willful and wontly DISALLOWED "SMOKING GUN" DPD (KNOWN DEAD) #2018-486927 REPORT EVIDENCE.

98.     Illegal practices are publicly evidenced by white (**race**) Human Services Legal Section District Attorneys' (**Defendants #61 and #62**) who cover and conspire and submit *amicus curiae* briefs within federal U.S. District Court for the District of Colorado. ***Peck v. State of Colo., et al.***, 19-CV-03450-RBJ-*MEH* (EMPH) / **21-1125 - Peck v. McCann, et al. [10932361]**.

99.     In further conspiracy, Colorado Department of Human Services (**Defendant #45**) being "WHITE-WASHED" as was publicly alleged by federal Plaintiff white (**race**) City and County of Aurora Republican (political party), Congresswoman (sex) ***JURINSKY v. CDHS et al.***, 22-CV-02201-*MEH*-**PAB** — perhaps best evidenced by herein Complaint showing controversy of factual stipulations made by **Defendants' #37 (McCANN #5834)** and **#45 (MICHELLE BARNES)** of ***Peck v. State of Colo., et al.***, 19-CV-03450-RBJ-*MEH* (EMPH) / **21-1125 - Peck v. McCann, et al. [10932361]**, and The City and County of Denver, Denver Human Services, quasi-judicial Career Service Hearing Office and Board; and State Judiciary (Arapahoe County; Denver District Court; and Colorado Court of Appeals (Denver District Court Liaison).

100.    Prior to their self-proclaimed "leadership" infiltrating corruption and gross management at Denver Human Services Child Welfare — white (**race**), females' (**sex**) Hodson, Berry, and Scheuermann all worked at/for **Arapahoe County Human Services**.

101.    Mayor Hancock, Governor Polis, and Colorado Supreme Court C.J. Brian Boatright all have an undue influence over the minds of the inhabitants of The City and County of Denver Career Service Board; Colorado Commission on Judicial Discipline and the Colorado Office of Judicial Discipline; Colorado Attorney General; Executive Director of the Colorado Department of Human Services; and District Attorney of the Second Judicial District, State of Colorado…

102.    City and County of Denver Attorneys who personally participated in **SEQUESTERED** (emphasis) hearings, whose "administrative duties and those investigatory functions NEVER closely related to an advocate's preparation for judicial proceedings"(***Benavidez v. Howard***, 931 F. 3d 1225, 1231 (10ᵗʰ Cir. 2019) (applying rule to city attorneys) (Bruce Plotkin #20948 AND Sherri Catalano #39773) ***BUT FOR FURTHER VIOLATING 42 U.S.C. § 1985(2)(3)*** — on account of support and

---

[5] ***REC, p # 1038; p # 1040 at #7; p # 1049, ¶1(*STIPULATED EX. T); 02-Contemp.mtg AUDIO.*

advocacy for **VOTING**, for Vice President (her Soror of Alpha Kappa Alpha, Sorority INC.), and when **PRO SE** Plaintiff explicitly testified on the record: *"DR. LISA CALDERON"* WITH *"I HAVE A RIGHT TO VOTE"* during Career Service Authority Consolidated **Appeal Nos. A073-18, A076-18, A080-18 ON JUNE 4, 2019** which was **THE VERY SAME DAY** of Defendant #50 Mayor Hancock RE-ELECTION AGAINST *"**DR. LISA CALDERÓN**"*.

103.    *PRO SE* in quasi-judicial and state judicial pleadings included mention of:

   a.    December 19, 2019, *Jessica Calderon v City and County of Denver* 1:19-CV-03606-KLM (TITLE VII) — wherein the same discriminating Defendants (#51 Mares, #69 Davis, #70 Scheuermann) at DHS were named and participated.

   b.    Unlike *PRO SE* **AND DR. LISA** *CALDERÓN*, JESSICA Calderon WAS/IS **NOT** (*EMPH*) **BLACK** (color) (*EMPH*); NOR LEGALLY EDUCATED; AND accepted SETTLEMENT; AND shortly thereafter ACCEPTED POSITIONS WITH MAYOR HANCOCK (Defendant #50) as follows: "Learning and Development Specialist, Mayor's Office of Social Equity and Innovation" (June 2019 to October 2020) **THEN** "Management Analyst with Mayor's Office of Social Equity and Inclusion" (October 2020 to June 2021) **THEN** "Director of Training and Strategy" (June 2021 to January 2022) **AND** November 2021 "Director of Operations and Innovation" — **ALL at an exceptionally promotional pace within The City and County of Denver.**

104.    *Ibid.* JESSICA (**Hispanic**-white) Calderon was an Odyseey Child Welfare Training and Development Supervisor, at Denver Human Services ("DHS") with **HODSON (Defendant # 78)**, and wherein C & C DEN **criminal Defendant** Christina Lee Gray and herein *PRO SE* Plaintiff accepted employment.

105.    *PRO SE* Plaintiff who filed federal civil action against The City and County of Denver **PRIOR** (*EMPH*) to the white (color) "**JESSICAS** (Calderon and Peck) who filed federal civil actions and received large settlements.

106.    JESSICA (**Hispanic**-white) Calderon has recently filed **another** federal lawsuit **1:24-cv-02406** herein U.S. District Court of Colorado against the City and County of Denver with allegations that her supporting **BLACK** (race) Mayoral Candidate **Dr. Lisa Calderón** in the 2023 Mayors race.

**CLAIM SEVEN: VIOLATE U.S. CONST. AMEND I, 5 U.S.C. §552 FOIA, CORA: C.R.S. § 24-72-201Colorado Open Records Act ("CORA") (sections 24-72-201 to -206, C.R.S.) AND 42 U.S.C. § 1985(2)(3) - Conspiracy to Interfere with Civil Rights**

107.    **JUNE 26, 2019, AND JULY 16, 2019**, during intake appointment phone calls for **EEOC No. 541-2019-02097, DEFENDANT #74 (HARGUTH) told *PRO SE* Plaintiff**

that her "**earlier EEOC** Case No. 541-2012-00018<u>X</u>" against **U.S. HUD DEFENDANTS #12, #13, #67, #68, #77**— was "**UNDER SOMEONE ELSE'S NAME**". *EMPH.*

108.     *See* **PLAINTIFF'S EXHIBIT # 1**: PUBLIC (*EMPH*) — **FEBRUARY 7, 2024**, **Case No. 2022CA1542**: **THIRD AMENDED OPENING BRIEF**, pp #24—#25, at "*PENDING* (EMPH) **CORA: ICA/CDLE**" #41 (a)(b)(c) ——— **AND** <u>PLAINTIFF'S EXHIBIT # 1—1 (**USB**):</u>*ADD #41*.  Reargued, and as of date of filing herein Complaint of Law, **DEFENDANTS** Colorado Attorney General, ICAO, CDLE (**#23, #24, #25, #58**) have (**1**) improperly (**2**) withheld (**3**) agency records ——— *IN* **VIOLATION OF** *Antonnelli v. U.S. Parole Comm'n*, 619 F. Supp. 2d 1, 3 (D.D.C. 2009) ——— when **PRO SE** Plaintiff has continuously sought; as **Docket No. 1342-2019** was/is always relevant to the **UNFAVORABLE** (*EMPH.*) **FEBRUARY 11, 2019** (*EMPH.*) sworn recorded testimony of City and County of Denver Human Resources **DEFENDANT #69 (DAVIS)** and **DENIED** (*EMPH.*) **15-day UNPAID** (*EMPH.*) **SUSPENSION BENEFITS** AND **Defendant's #24 and #25 DENIED** (*EMPH.*) *in forma pauperis* Transcript waiver for **Docket No. 1342-2019.**

109.     At/around January 2023 (*EMPH*) **PRO SE** learned Defendant **The City and County of Denver** publicly concealing public access to non-exempt public record **NOT** pursuant to Colorado Open Records Act ("CORA") (sections 24-72-201 to -206, C.R.S.) — **PRECEDENTIAL** (emphasis) Career Service Hearing Decision, Appeal No. #75-07: *Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07). *Id.*, Career Service Hearing Decision, Appeal No. #75-07: *Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07) was explicitly invoked within **Defendant # 59 BRUCE ANDREW PLOTKIN #18133** (<u>**INACTIVE**</u>) **JULY 12, 2019**, PUBLIC (*EMPH.*) **DECISION AFFIRMING 15-DAY SUSPENSION and AFFIRMING TERMINATION; AND ANALAGOUS** to **DEFENDANTS #67, #69, AND #76** and **PRO SE** Plaintiff's discrimination and **42 U.S.C. § 1985(2)(3)** claims ——— as it explicitly and favorable has **PRO SE** Plaintiff's **native most prominent surname** New Orleanian Creole people of **mixed French, African, Spanish, and <u>Native American</u>,** Dominican Republic (ancestry), **surname** favorably therein <u>95</u> times AND **PRO SE** AND **PRESENT BLACK INDIAN (race)**, FEMALE **(sex)**, <u>U.S.</u> VICE PRESIDENT'S ("**VP**") membership within— *Alpha Kappa Alpha* ("AKA"), SORORITY INC.

110.     November 15, 2023, **AND** November 17, 2023, CLERK "LISA" stated "**NO SUCH RECORD EXISTS**" — of **Small Claims Court — Case No. S83180 — DENVER COUNTY** (*EMPH.*) **PRO SE** v. **Bell** — which was **PRO SE's** VERY **1ST PREVAILING** LAWSUIT. FILED **WITHIN C & C DEN** — which attracted **NATIONAL TELEVISION PUBLIC INTEREST** (*EMPH.* ) OF **Hon. JUDGE MATHIS** and pertains to <u>**HER/ U.S. VP**</u> CIVIL RIGHTS INC. SORORITY *AKA*.

## CLAIM EIGHT: *RES JUDICATA COLLATERAL ESTOPPEL* ENTITLEMENT CLAIM PRECLUSIVE EFFECT AND SECOND RIGHT OF APPEAL

111.     *PRO SE* plaintiff re-invokes *res judicata collateral estoppel* and **entitlement**

**claim** preclusive effect to the state quasi-judicial industrial claim appeals office's ("ICAO") Case No. 2020CA286 (***PRO SE v. Industrial Claim Appeals Office and C & C Den City Agencies under the Mayor***): **JANUARY 24, 2020, FINAL ORDER**. Therein, adverse incident dates of the **July 18, 2018** ("near fatality- fatality" Copeland referral # 2870434), **August 13, 2018, September 20, 2018**, and **October 23, 2018** —— **WERE NEVER AFFIRMED.** *Id.*

112.    The **ONLY** (EMPH.) authorities identically alleged for **BOTH** (EMPH.) ***PRO SE*** Plaintiff's November 23, 2018 (15 day- unpaid) suspension AND December 7, 2018, termination from the City and County of Denver (Defendant #1), under guise of Career Service Rules § 16-28 (A); § 16-28 (F); § 16-28 (R); and § 16-28 (T) — abuse of discretion **NEVER** *DE NOVO* reviewed as *omnibus* **requested and required** are:

    **a.**   Denver Human Services ("DHS") Child Welfare ("CW") Policy **"VOICES"**; and

    **b.**   State of Colorado Children's Code **"VOL VII § 7.104 (B)"**

113.    ***Ibid.***  Subsequent to **October 1, 2019** initiated federal action (*19-CV-02806-RM-MEH*) — **"TRAPPED"** [6] for optional exhausted administrative review — NEVER **"A PLAIN, SIMPLE, AND PROMPT JUDICIAL REMEDY TO PERSONS OR PARTIES ADVERSELY AFFECTED OR AGGRIEVED BY AGENCY ACTIONS"** [7] — *BUT-FOR* **DEPRIVED RIGHTS TO OPEN EQUAL ACCESS TO COLO. COURTS** to proceed *in forma pauperis* AND affirmatively contrary to C.R.S. § 8-43-308 *"SHALL ALWAYS BE DEEMED OPEN FOR THE DETERMINATION THEREOF"*:   **January 13, 2020**, Complaint No. **2020CV11** (Arapahoe County); **FEBRUARY 13, 2020** (EMPH), ***PRO SE*** timely filed notice of appeal pursuant to section **C.R.S. § 8-74-107(2)(2017)** for Case No. **2020CA286** (*v. Industrial Claim Appeals Office and C & C DEN City Agencies Under the Mayor*); **September 11, 2020**, Complaint No. **2020CV405** (Denver County); and **September 12, 2022**, Case No. **2022CA1542** (*v. C & C DEN*) — which *omnibus* "bent of mind", bias, white (**race**), female (**sex**), Colorado Court of Appeals **DENVER DISTRICT COURT** (*EMPHASIS*) LIAISON, 28 U.S.C. §455 violating herein **DEFENDANT #19 ELIZABETH LEIGH HARRIS #29556** (named **Defendant #8** in *MRG V. TOUSSAINT ET AL.,* 1:**23**-CV-00529-GPG-KLM-STV-LTB), to further and again deprive *PRO SE* Plaintiff due process 'full and fair opportunity' [8] to litigate **DISCRIMINATION, MARITAL ("LOSS OF CONSORTIUM"** [9]**) AND SEX (PREGNANCY, CHILD) DISCRIMINATION, RETALIATION, WHISTLEBLOWING, CONSTITUTIONAL CLAIMS** — abusive of discretion, **NOT** first ruling on **2022CA1542 November 24, 2024 MOTION FOR CHANGE OF JUDGE** (EMPH) with Supportive Notarized Affidavit, erroneously

---

[6] ***Darby v. Cisneros***, 509 U.S. 137, 113 S. Ct. 2539, 125 L.Ed. 113 (193).
[7] **COLO. APA: C.R.S. § 24-4-106** *et seq.*
[8] *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (quoting *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.,* 847 F. 3d 1221, 1239 (10th Cir. 2017)
[9] Constitutes an injury under **CGIA** and gives rise to separate and individual right of recovery on behalf of the spouse claiming loss of consortium. *Smith v. Winter*, 934 P.2d 885 (Colo. App. 1997).

**NOT** pursuant to C.R.C.P. 97, C.R.C.P. 41(b)(2)(involuntary dismissal: effect thereof by the court) and C.R.C.P. 121, § 1-10 — **dismissed with prejudice January 24, 2024.** <u>PLAINTIFF'S EXHIBIT # 1:</u> *p #5.*

114.     "It is error to deny relief where dismissal erroneously ordered on court's own motion. Where court on own motion dismissed action for failure to prosecute without complying with notice requirements of C.R.C.P. 41(b) and C.R.C.P. 121, § 1-10 (2), erroneous dismissal constituted sufficient reason to justify relief. *Maxwell v. W.K.A. INC.,* 728 P2d 321 (Colo. App. 1986).

115.     *Ibid.* On February 7, 2024, in good-faith, *PRO SE* Plaintiff filed **2022CA1542** Motion to Reconsider, Leave, and Reopen, with attached certified complying **Third Opening Brief WITH C.A.R. 28 (e) ADDENDA USB** (herein attached Exhibit #1), AND Urgent Attention: <u>**SECOND**</u> (EMPH.) Change of Judge(s) **C.R.C.P. 97** Motion on February 28, 2024.

116.     *Ibid.* <u>**WITHOUT**</u> (EMPH.) **DUE PROCESS** (EMPH.) **REQUIRED** (EMPH.) — *"NOTICE CONCERNING ISSUANCE OF THE MANDATE AND NOTICE TO SELF-REPRESENTED PARTIES"* — *PRO SE* (EMPH.) Plaintiff's **ELEVEN (11)***(EMPH.)* **ISSUES** *Id.* at FACT #34 <u>PLAINTIFF'S EXHIBIT # 1:</u> FEBRUARY 7, 2024, **Case No.** 2022CA1542: THIRD AMENDED OPENING BRIEF, pp ## **31-32**, including **C.R.C.P. 106(A)(4), C.R.S. § 24-4-106, C.R.S. § 8-43-308, CADA: C.R.S. § 24-34-401** *et seq.* — **RELIEF RIGHTS** — were willful and wontly **U.S. CONSTITUTIONAL ART VI CL II, V, XIV, CADA C.R.S. § 24-34-401** *et seq.* **AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) ABUSE OF DISCRETION (VERTICAL AND HORIZONTAL STARE DECISIS)** — dismissed with prejudice on **March 25, 2024.**

117.     It was/is not necessary that the deprivation of rights under color of law be motivated by animus toward the race, color, religion, sex, handicap, familial status, national origin, or ancestry of *PRO SE*.

118.     *See* <u>**PLAINTIFF'S EXHIBIT # 8**</u>: *CONTINUING CLAIM SIX U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' VIOLATION AND ADDITIONAL CLAIMS LABELED "***D. STATEMENT OF CLAIMS: DEFENDANTS (78)***"**

**B.     DEFENDANT(S) INFORMATION**

DEFENDANT 4:                     **CARLOS F. LUCERO**
                              The Byron White Courthouse
                              Tenth Circuit Court of Appeals
                              1823 Stout Street, Denver, Colorado 80257
                              (Name and complete mailing address)


                              303-844-3157
                    (Telephone number and e-mail address if known)

DEFENDANT 5:           **TERRENCE L. O'BRIEN**
                         The Byron White Courthouse
                          Tenth Circuit Court of Appeals
                         1823 Stout Street, Denver, Colorado 80257
                         (Name and complete mailing address)


                         303-844-3157
               (Telephone number and e-mail address if known)

DEFENDANT 6:           **JUDGE NANCY LOUISE MORITZ**
                         The Byron White Courthouse
                         Tenth Circuit Court of Appeals
                         1823 Stout Street, Denver, Colorado 80257
                         (Name and complete mailing address)


                         303-844-3157
               (Telephone number and e-mail address if known)

DEFENDANT 7:              **JOEL M. CARSON**
                         The Byron White Courthouse
                         Tenth Circuit Court of Appeals
                         1823 Stout Street, Denver, Colorado 80257
                         (Name and complete mailing address)


                         303-844-3157
               (Telephone number and e-mail address if known)

**DEFENDANT 8:**

**PHILIP A. BRIMMER ("*PAB*")**
Alfred A. Arraj United States Courthouse
A741 / Courtroom A701
901 19th St. Denver, CO 80294
(Name and complete mailing address)

(303) 335-2794 brimmer_chambers@cod.uscourts.gov
(Telephone number and e-mail address if known)

**DEFENDANT 9:**

**RAYMOND P. MOORE ("*RPM*")**
Alfred A. Arraj United States
Courthouse A641 / Courtroom A601
901 19th St. Denver, CO 80294
(Name and complete mailing address)

(303) 335-2784, moore_chambers@cod.uscourts.gov
(Telephone number and e-mail address if known)

**DEFENDANT 10:**

**MICHAEL E. HEGARTY ("*MEH*")**
Alfred A. Arraj United States
Courthouse A542 / Courtroom A501,
901 19th St. Denver, CO 80294
(Name and complete mailing address)

(303) 844-4507, hegarty_chambers@cod.uscourts.gov
(Telephone number and e-mail address if known)

**DEFENDANT 11:**

**TIMOTHY B. JAFEK CALIF. # 214066**
Assistant United States Attorney
United States Attorney's Office for the District of Colorado
#1225 17th Street, Suite #700
Denver, CO 80202
(Name and complete mailing address)

(303) 454-0104; Timothy.Jafek@usdoj.gov
(Telephone number and e-mail address if known)

**DEFENDANT 12:**     **NELSON RAPHAEL BREGÓN**
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Associate Assistant Deputy Secretary
Office of Field Policy and Management
451 7th Street, SW Room 7100
Washington, DC 20410

Cinmarc & Associates L.L.C.
Lead Associate
Caribe Office Building, 53
Cll Las Palmeras, San Juan, 00901
(Name and complete mailing address)

(202) 708-2690; (202)708-3336; (787) 210-4595
nelson.r.bregon@hud.gov; nelson@cinmarc.com;
(Telephone number and e-mail address if known)

**DEFENDANT 13:**     **RICK M. GARCIA**
OFFICE OF THE GOVERNOR
200 E. Colfax
Denver, CO 80203-1716
(Name and complete mailing address)

 (303) 866-2885 and ncl@ncl.org; rick.garcia@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 14:**     **STATE OF COLORADO GOVERNOR JARED POLIS**
136 State Capitol Bldg. Denver, CO 80203-1792
(Name and complete mailing address)

Tel:(303)866-2471 email: Governor.polis@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 15:**     **BRIAN DALE BOATRIGHT #17731**
COLORADO SUPREME COURT
Ralph L. Carr
2 East 14th Avenue
Denver, CO 80203
(Name and complete mailing address)

720-625-5410; Brian.Boatright@judicial.state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 16:**

**RONALD M. MULLINS #6659**
State Court Administrator's Office: Senior Judge Program
1300 Broadway, Suite 1200, Denver, CO 80203
(Name and complete mailing address)

(720) 625-5535; Ronald.Mullins@judicial.state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 17:**
**DEFENDANT 18:**
**DEFENDANT 19:**
**DEFENDANT 20:**
**DEFENDANT 21:**
**DEFENDANT 22:**

**GILBERT M. ROMÁN #17033**
**JERRY JONES #16049**
**ELIZABETH LEIGH HARRIS #29556**
**LINO S. LIPINSKY DE ORLOV #13339**
**JACLYN CASEY BROWN #36768**
**KATHARINE LUM #45716**
Colorado Court of Appeals
2 East 14th Avenue
Denver, CO 80203
(Name and complete mailing address)

720-625-5330, gilbert.roman@state.co.us; jerry.jones@state.co.us; elizabeth.harris@state.co.us; Jaclyn.brown@state.co.us; lipinsky.de.orlov@state.co.us; Katharine.Lum@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 23:**

**PHILIP WEISER #38314**
Colorado Attorney General
#1300 Broadway, 6th Floor, Denver, CO 80203
(Name and complete mailing address)

303-810-4981; TeamPhil@philforcolorado.com; PHIL.WEISER@GMAIL.COM
(Telephone number and e-mail address if known)

**DEFENDANT 24:**

**JOHN A. STENINGER #9331**
633 17th Street, 2nd Floor, Denver, CO 80202
(Name and complete mailing address)

(303) 318-8141; cdle_icao@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 25:**

**LISA A. KLEIN #35012**
633 17th Street, 2nd Floor, Denver, CO 80202
(Name and complete mailing address)

(303) 318-8141; cdle_icao@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 26:**    **CHRISTOPHER J. BAUMANN #33253**
#1437 S. Bannock St., Courtroom 259, Denver, CO 80202
(Name and complete mailing address)

303-606-2401  christopher.baumann@state.co.us
(Name and complete mailing address)

**DEFENDANT 27:**    **MICHELLE ANN AMICO #23079**
7325 South Potomac Street, Centennial CO 80112
(Name and complete mailing address)

303-645-6625, michelle.amico@state.co.us;
arapahoedr@judicial.state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 28:**    **CHARLES M. PRATT #12903**
Judicial Arbiter Group Inc
1601 Blake St, Suite 500, Denver, CO 80202
(Name and complete mailing address)

(303) 572-1919
(Telephone number and e-mail address if known)

**DEFENDANT 29:**    **ELIZABETH WEISHAUPL #19031**
3484 E. Euclid Ave. Centennial, CO 80121
410 17th Street 2440, Denver, CO 80202
(Name and complete mailing address)

(303) 534-1254, eweishaupl@yahoo.com
(Telephone number and e-mail address if known)

**DEFENDANT 30:**    **ELIZABETH BEEBE VOLZ #26430**
7325 S. Potomac Street, Centennial, CO 80112
(Name and complete mailing address)

303-645-6631, arapahoedr@judicial.state.co.us
elizabeth.volz@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 31:**    **MICHAEL VALLEJOS #21028**
2633 Xavier St., Denver, CO 80212
(Name and complete mailing address)

(303) 237-3129, michaelv3123@hotmail.com
Telephone number and e-mail address if known)

**DEFENDANT 32:**         **CYNTHIA DIANNE MARES #19379**
                          464 East Lake Place, Centennial, CO 80121
                          (Name and complete mailing address)

                          (720) 314-1295; cdiannemares@gmail.com
                          (Telephone number and e-mail address if known)

**DEFENDANT 33:**         **JILL DEBORAH DORANCY #32067**
                 1437 S. Bannock St., Courtroom #309 (*then* Courtrooms #203, #256) Denver, CO 80202
                          (Name and complete mailing address)

                           303-606-2389, Jill.Dorancy@state.co.us
                          (Telephone number and e-mail address if known)

**DEFENDANT 34:**         **DON JESSE TOUSSAINT #41379**
                          7325 South Potomac Street, Division 14, Centennial CO 80112
                          (Name and complete mailing address)

                          303-645-6625, arapahoedr@judicial.state.co.us
                          (Telephone number and e-mail address if known)

**DEFENDANT 35:**         **DEMETRIA ELIZABETH TRUJILLO #34130**
                     1437 Bannock Street, Courtroom 309, DENVER, CO 80202
                          (Name and complete mailing address)

                                (303) 606-2447
                          (Telephone number and e-mail address if known)

**DEFENDANT 36:**         **STEPHANIE SCOVILLE #31182**
                          Second (Denver) Judicial District Court
                     1437 S. Bannock St., Courtroom #269 Denver, CO 80202
                          (Name and complete mailing address)

                          (303) 606-2405, stephanie.scoville@state.co.us
                          (Telephone number and e-mail address if known)

**DEFENDANT 37:**    **ELIZABETH "BETH" HARRISON McCANN #5834**
                     District Attorney of Second (Denver) Judicial District
                          370 17th Street, Suite 5300
                          Denver, Colorado 80202
                          (Name and complete mailing address)

                          720-913-2000; Beth.mccan@denverda.org
                          (Telephone number and e-mail address if known)

**DEFENDANT 38:**      **KATHLEEN MARIE JANSKI #9150 (INACTIVE)**
7724 South Poplar Way, Centennial, CO 80112
(Name and complete mailing address)

**(303) 960-8991, (303) 744-6232, kjanski@hotmail.com**
(Telephone number and e-mail address if known)

**DEFENDANT 39:**      **CHRISTINA M. APOSTOLI #34432**
Arapahoe County Justice Center
7355 S. Tempe Court, Aurora, CO 80016
(Name and complete mailing address)

720-232-8144
(Telephone number and e-mail address if known)

**DEFENDANT 40:**      **KAREN F. HÜBLER #30661**
Second (Denver) Judicial District Court
1437 S. Bannock St., Courtroom #316, Denver, CO 80202
(Name and complete mailing address)

303-606-2455; karen.hubler@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 41:**      **J. MATTHEW DE PETRO #12770**
5105 DTC Pkwy # 220,Greenwood Village, CO 80111
(Name and complete mailing address)

(303) 796-2034, mattdepetro@depetrolaw.com
(Telephone number and e-mail address if known)

**DEFENDANT 42:**      **LISA E. PEARCE #28634**
Office of Attorney Regulation Counsel
1300 Broadway, Suite 500, Denver, CO 80203
(Name and complete mailing address)

(303) 457-5800, Lisa.Pearce@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 43:**      **ECHO DAWN RYAN #38699**
7325 S. Potomac Street, Division 26, Centennial, CO 80112
(Name and complete mailing address)

303-645-67481, arapahoedr@judicial.state.co.us echo.ryan@state.co.us
(Telephone number and e-mail address if known)

**DEFENDANT 44:**
           **STEPHANIE VILLAFUERTE**
           COLORADO'S CHILD PROTECTION OMBUDSMAN
           #1300 Broadway #430 Denver, CO 80203
           (Name and complete mailing address)

           (720) 625-8640, svillafuerte@coloradocpo.org
           (Telephone number and e-mail address if known)

**DEFENDANT 45:**
           **MICHELLE BARNES**
           COLORADO DEPARTMENT OF HUMAN SERVICES
           1575 Sherman St. Denver, CO 80203

           (303) 866-7345; michelle.barnes@state.co.us
           (Telephone number and e-mail address if known)

**DEFENDANT 46:**
           **JOEL HOMLAR**
           Colorado Department of Human Services Div. of Child Welfare
           #1575 Sherman Street, 2nd Floor, Denver, CO 80203
           (Name and complete mailing address)

           (303) 866-3538, joseph.homlar@state.co.us
           (Telephone number and e-mail address if known)

**DEFENDANT 47:**      **ANDREW STAPLES #32403**
**DEFENDANT 48:**      **TRACY M. RUMANS #34218**
           Arapahoe County Child Support Service (CSS) Unit
           14980 E. Alameda Dr. Suite 38, Aurora, CO 80012
           (Name and complete mailing address)

AStaples@arapahoegov.com; TRumans@arapahoegov.com; childsupport@Arapahoegov.com
           (Telephone number and e-mail address if known)

**DEFENDANT 49:**
           **KATHLEEN BRIDGET NOONE #44334**
           Office of the County Attorney, Arapahoe County
           14980 E. Alameda Dr., Aurora, CO 80012
           Goodspeed Merrill, LLC.
           96605 S. Kingston Court, Suite 200, Englewood, CO 80112
           (Name and complete mailing address)

(720) 943-9033; kathleen.noone@goodspeedmerrill.com; Knoone@arapahoegov.com
           (Telephone number and e-mail address if known)

**DEFENDANT 50**:

**MICHAEL B. HANCOCK**
CITY AND COUNTY OF DENVER MAYORS OFFICE
20658 E. 49th Dr. Denver, Colorado 80249
(Name and complete mailing address)

hancock32.michaelb@comcast.net
(Telephone number and e-mail address if known)

**DEFENDANT 51**:

**DON MARES**
1600 Sherman Street, Denver, CO 80203
(Name and complete mailing address)

(303) 837 -1200, Don.Mares@coloradotrust.org
(Telephone number and e-mail address if known)

**DEFENDANT 52**:

**NEIL PECK #2922 (INACTIVE- DECEASED)**
CITY AND COUNTY OF DENVER CAREER SERVICE BOARD
Wellington E. Webb Building
201 W. Colfax Ave., 1st Floor, Denver, CO 80202
(Name and complete mailing address)

(303) 913-5650; Neil.peck@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 53**:

**DAVID S. HAYES #28661**
700 17th St. Suite 1800, Denver, CO 80202
(Name and complete mailing address)

(303)825-1980; dhayes@hpkwaterlaw.com
(Telephone number and e-mail address if known)

**DEFENDANT 54**:

**KAREN HASSETT DUWALDT #15967**
1099 18th St., Suite 2150, Denver, CO 80202
(Name and complete mailing address)

(303) 390-0009; **karen.duwald@qwest.com**
(Telephone number and e-mail address if known)

**DEFENDANT 55**:

**PATRICIA BARELA RIVERA**
899 Pearl Street, Ste 13, Denver, CO 80203
(Name and complete mailing address)

(303) 813-1580, ar@hispanicchamberdenver.org
(Telephone number and e-mail address if known)

**DEFENDANT 56:**  **TRACY J. WINCHESTER, J. D.**
217 S. Jackson St. Unit B, Denver CO 80209

FivePointsBID@gmail.com
(Telephone number and e-mail address if known)

**DEFENDANT 57:**  **KARLA JAYNE PIERCE #27881**
CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE
Employment and Labor Law Section
201 W. Colfax, Dept. 1108, Denver, CO 80202
(Name and complete mailing address)

(720) 913.3109, (303) 301-4816 (mobile), karla.pierce@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 58:**  **JULIA B. REIKE #36206 (INACTIVE)**
COLORADO DEPARTMENT OF LABOR & EMPLOYMENT
255 Chipeta Avenue, 4, Grand Junction, CO 81501
(Name and complete mailing address)

(970) 210-2300
(Telephone number and e-mail address if known)

**DEFENDANT 59:**  **BRUCE ANDREW PLOTKIN #18133 (INACTIVE)**
CAREER SERVICE HEARING OFFICE
201 W Colfax Ave, Dept 412, Denver, CO 80202
(Name and complete mailing address)

720-913-5703 (work); (303) 320-1821 (home)
(Telephone number and e-mail address if known)

**DEFENDANT 60:**  **KATHRYN "KATIE" SMITH #29514**
CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE
Director of Denver Human Services Legal Section
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)

(720) 944-2978 and Kathryn.Smith@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 61:**  **ROBERT WOLF #31585**
1200 Federal Blvd., 4th Floor, Denver, CO 80204

Robert.Wolf@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 62**:     **AMY PACKER #33116**
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)

(720) 944-3000 and Amy.Packer@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 63**:     **SHERRI CATALANO #39773**
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)

(720) 944-1236 and Sherri.Catalano@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 64**:     **JEFFREY ANTON SHEPARD #50042**
Shepard- Law LLC, at #4909 Pearl East Circle, Suite 202, Boulder, CO 80301
(Name and complete mailing address)

303.578.6576; jeff@shepard-law.net
(Telephone number and e-mail address if known)

**DEFENDANT 65**:     **JORDAN MARCUS HUMPHREYS #49348**
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)

(720) 944-2571 and Jordan.Humphreys@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 66**:     **CHRISTOPHER JORDAN THOMAS #49026**
Flatiron Legal Advisors, LLC.
6105 S. Main Street, Suite 200 Aurora, CO 80016
(Name and complete mailing address)

(720) 998-3472;  jordan@flatironlegal.com
(Telephone number and e-mail address if known)

**DEFENDANT 67**:     **GINGER RICHARDSON BURNETT**
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Office of the Chief Human Capital Officer (OCHO),
One Sansome Street, 12th Floor San Francisco, CA  94104
(Name and complete mailing address)

415-489-6707; Ginger.S.Burnett@hud.gov
(Telephone number and e-mail address if known)

**DEFENDANT 68**:                    **DONALD J. GERRISH**

15013 Denver West Pkwy, Lakewood, CO 80401
(Name and complete mailing address)


720-962-7000; donald.j.gerrish@doe.gov
(Telephone number and e-mail address if known)

**DEFENDANT 69**:                    **TAMMY DAVIS**
CITY AND COUNTY OF DENVER, OFFICE HUMAN RESOURCES (OHR) DHS
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)


(720) 944-1236 and Tammy.Davis@denvergov.org
(Telephone number and e-mail address if known)


**DEFENDANT 70**:                    **MIMI SCHEUERMANN**
CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES (DHS)
1200 Federal Blvd., 4th Floor, Denver, CO 80204
(Name and complete mailing address)


(720) 944-6001 and Mimi.Scheuermann@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 71**:                    **JOSIE M. BERRY**
CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES (DHS)
1200 Federal Blvd., Denver, CO 80204
(Name and complete mailing address)


(720) 944-6044 and Josie.Berry@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 72**:                    **REBECCA BALL**
CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES (DHS)
1200 Federal Blvd., Denver, CO 80204
(Name and complete mailing address)


(720) 944-6261 and Rebecca.Ball@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 73:**  **ERIN HALL**
CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES (DHS)
1200 Federal Blvd., Denver, CO 80204
(Name and complete mailing address)

(720) 944-6261 and Erin.Hall@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 74:**  **ALEJANDRA HARGUTH**
REGION VIII: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
303 E 17th Ave, Suite 410, Denver, CO 80203
(Name and complete mailing address)

303-866-1360, alejandra.harguth@eeoc.gov
(Telephone number and e-mail address if known)

**DEFENDANT 75:**  **IRENE LEAH VANCLEAVE**
4851 Independence St, Wheat Ridge, CO 80033
9129 W. Phillips Dr. Littleton, CO 80128 (home)
(Name and complete mailing address)

(720) 771-0617
(Telephone number and e-mail address if known)

=
**DEFENDANT 76:**  **DAWN LANDRUM**
CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES (DHS)
1200 Federal Blvd., Denver, CO 80204
(Name and complete mailing address)

(720) 771-0617, ms_landrum@msn.com; Dawn.Landrum@denvergov.org
(Telephone number and e-mail address if known)

**DEFENDANT 77:**  **DANIEL R. GOMEZ, JR.**
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
REGION VIII
1670 BROADWAY, 21ST FLOOR
<u>DENVER, CO 80202-4801</u>
(Name and complete mailing address)

<u>Daniel.R.Gomez2@hud.gov</u>
(Telephone number and e-mail address if known)

**DEFENDANT 78:**  **KATHRYN "KATIE" HODSON (F/A GLEASON)**
COLORADO JUDICIAL CENTER
2 East 14th Avenue
<u>Denver, CO 80203</u>
(Name and complete mailing address)

<u>(303) 981-4278, (720) 625-5150, Katie.Hodson@judicial.state.co.us</u>
(Telephone number and e-mail address if known)

\

Page **14** of 14

**PLAINTIFF'S EXHIBIT # 1:** PUBLIC (*EMPH*)

**COLORADO COURT OF APPEALS**

2 East 14th Ave., Denver, CO 80203

APPEAL: <u>U.S. CONST. ART VI CL II</u> & I, V, XIV
AMEND.; 42 U.S.C. § 1983 & 1985(2)(3); COLO.
CONST. ART II § 6, § 25, ART VI; C.R.S. § 8-43-308; § 24-
4-106(7)(b) (I-IX); § 24-10-109; C.R.C.P. 57, 60(b)(3)(4)(5),
65, 106(a)(2)(4)

COLORADO DISTRICT COURTS: EIGHTEENTH
(ARAPAHOE CTY) / SECOND JUDICIAL DIST.
(DENVER CTY)

COLO. D.C. JUDGES:
**ARAPAHOE CTY:** Elizabeth Weishaupl #19031 **(Ret.)**
(8/24/20 Order)/ **DENVER CTY:** Michael Vallejos
#21028 **(ASSIGNED JUDGE LEFT OFFICE** <u>7/30/22</u>);
Stephanie L. Scoville #31182 (7/28/22, 7/24/23 Orders);
C. J. Christopher J. Baumann #33253 (9/13/22 Order)

D.C. CASE NOS.: 2020CV11 (ARAPAHOE CTY)/
2020CV405 (DENVER CTY)

*Pro Se* Plaintiff/Appellant: ▮▮▮▮▮▮▮▮▮▮ *v.*
Defendants/ Appellees (Individual / Official capacities):
Mayor: Michael Hancock; **Agencies Under Mayor:**
**Denver Human Services (DHS):** Kathryn "Katie"
Hodson, Dawn Landrum, Irene L. VanCleave, Erin Hall,
Jennifer Gruca, Rebecca Ball, Josie Berry, Mimi
Scheuermann, Joseph Homlar, Don Mares; **Office Human
Resources (OHR):** Tammy Davis; **City Attorney's Office
Human Services Legal Sect. & Board:** Amy Packer
#33116, Sherri Catalano #39773, Katheryn Smith #29514,
Jordan Humphreys #49348, Robert Wolf #31585 & Karla J.
Pierce #27881; **Career Service Hearing Office & Board
Appointed Officer:** Bruce A. Plotkin #18133 **(Inactive);**
**Mayor's Appointed Career Service Board:** Neil Peck
**(Inactive- Deceased),** Karen DuWaldt #15967, David
Hayes #28661, Patricia Barela Rivera, Tracy Winchester
#UKN —*CITY AND COUNTY OF DENVER, ET AL.*

Self-Represented Filing Party: ▮▮▮▮▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮▮▮
Phone: ▮▮▮▮▮▮▮▮▮▮
E-Mail: ▮▮▮▮▮▮▮▮▮▮

FILED IN THE
COURT OF APPEALS
STATE OF COLORADO

FEB - 7 2024

Clerk, Court of Appeals

A FOR COURT USE A

CASE NUMBER:

## <u>2022CA1542</u>

*AMENDED OPENING BRIEF*

*Provided for/ subject C.A.R. 34 — Oral Arguments, welcome/ would materially assist appeal determination*



PLAINTIFF'S
EXHIBIT

1

<u>**Certificate of Compliance**</u>

I ~~████████████████~~ hereby certify that this ***THIRD AMENDED OPENING BRIEF*** complies with requirements of C.A.R. 28 or C.A.R. 28.1, and C.A.R. 32, including all formatting requirements set forth in these rules. Specifically, the undersigned certifies that:

☒ Complies with applicable C.A.R. 28(g) or C.A.R. 28.1(g) word limits. *Id.* at Attachment page #1 (**Screen Shot**), it contains <u>**9,495**</u> words [57 pages, includes footnotes, paragraphs, lines, characters; begins at "***Jurisdiction Statement***" ends at "***Conclusion***"; including footnotes, quotes; margins: 1.5 inch top, 1 inch left, bottom, right; 14-pt Garamond Type Size/Font; double spaced; **excludes items that do not count towards limit:** Cover (12-pt font, single space), Liberal Construction Disclosure Statement (pp #1-2), Table of Contents, Table of Authorities, C.A.R. 28(e) Addenda [47], Signature Block, Cert. of Service, and Cert. of Compliance.]

☒ Filed nine (**9**) days subsequent to **1/29/2024** U.S. postal stamped mailing of **Order of the Court**. *Id.* at Attachment pages #2-4.

☒ **1/16/24** (***COA* reopening date**) Second Amended Opening Brief complied with **F.R.A.P. 26 [C.R.C.P. 6(a)(e)] 21-day 12/08/23 Order Deadline.**

☒ Proceeding ***pro se*** **28 U.S.C. § 1915**, if **1/16/24 reproduction** of <u>11/24/23</u> **C.A.R. 28(e) ADDENDA** USB (ATTACH. #1) **served unto all parties** is requested or necessary in any other format, leave from the Court is politely requested.

**Brief complies with the standard of review requirements set forth in C.A.R. 28(a)(7)(A) and/or C.A.R. 28(b).**

☒ For each issue raised by the appellant, the brief contains under a separate heading before the discussion of the issue, a concise statement: (1) of the applicable standard of appellate review with citation to authority; and (2) whether the issue was preserved, and, if preserved, the precise location in the record where the issue was raised and where the court ruled, not to an entire document.

**I acknowledge that my brief _may_ be stricken if it fails to comply with any of the requirements of C.A.R. 28 or 28.1, and C.A.R. 32.**

*S/* ~~████████████~~ X

Signature of ***PRÓ SE*** party

FORM 6 R5/15 CERTIFICATE OF COMPLIANCE

© 2012, 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

## 2/7/24 SCREEN SHOT: CERTIFICATE OF COMPLIANCE



2_7_24 FINAL 22CA1542 THIRD AMENDED OPENING BRIEF  -  Word (Unlicensed Product)

Mailings     Review     View     Help     Tell me what you want to do

New Comment

Track Changes

All Markup
Show Markup
Reviewing Pane

Accept     Reje

Comments          Tracking          Ch

securing **RELIEF RIGHTS**, revoke **ALL UNCONST. ORDERS** (C.R.S. § 24-10-109), interest, backpay (differential, DERP, PSLF), front pay (DERP Rule-75 vested), **all associated legal c**...**PRO SE**

**Word Count                    ?      ✕**

Statistics:

| | |
|---|---|
| Pages | 55 |
| Words | 9,495 |
| Characters (no spaces) | 49,120 |
| Characters (with spaces) | 59,220 |
| Paragraphs | 449 |
| Lines | 1,190 |

☑ Include textboxes, footnotes and endnotes

Close

---

²⁰ *Native Am. Rights Fund, Inc. v. City of Boulder,* 9⁻ P.3d 283 (Colo. App. 2004)
²²⁵ C.R.S. § 19-1-307(1)(a); § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3);
28 U.S.C § 1343(a)(1)(2)(3)(4); 42 U.S.C. § 1983 & § 1985(2)(3)







To:

Subject    Service of documents in 2022CA1542.

You are being served with documents filed electronically through the
Colorado Courts E-Filing system.  Please review the following details
concerning this service.

- • Court Location: Court of Appeals
- • Case Number  2022CA1542

- • Filing ID  N/A
- • Filed Document Title(s):
  - • ORDER OF THE COURT
- • Submitted on Date/Time: Wed Jan 24 18:30:09 MST 2024
- • Submitted by Authorizing Organization:
- • Submitted by Authorizing Attorney:    Colorado Court of Appeals

If you have a question about the above listed case, please contact the court.
A list for all Colorado court locations is listed on the Colorado Judical Branch
web page. The courts state on is Index.cfm.

US POSTAGE $00.64
JAN 29 2024
0801 1053028

8001481996 C068

2

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: January 24, 2024 |
| Denver District Court<br>2020CV405 | |
| **Plaintiff-Appellant:**<br> | Court of Appeals Case<br>Number:<br>2022CA1542 |
| **Defendants-Appellees:**<br><br>Career Service Authority Board, Career Service Hearing<br>Office, and Denver Human Services. | |
| **ORDER OF THE COURT** | |

To: All Parties

On December 8, 2023, the court entered an order striking appellant's amended opening brief. The order instructed appellant to file a brief compliant with the rules and contain no more than 9,500 words. Additionally, the order explained that if a compliant brief within the word count was not filed the case would be dismissed. The second amended opening brief, filed on January 16, 2024, does not comply with the rules and contains more than 9,500 words.

IT IS THEREFORE ORDERED that the appeal is DISMISSED with prejudice.

BY THE COURT:

Harris, J.

3

2401242020 3675 1-2

Lipinsky, J.
Lum, J.

2

# TABLE OF CONTENTS

                                                                                       **Page(s)**
Cover Caption ................................................................... 1
Certificate of Compliance (Form 6 R5/ 15) with Attachments (4 pgs.)........2-6
**TABLE OF CONTENTS** (herein 2 pgs.)........................................7-8
Table of Authorities [20 pgs.]...............................................9-22
Liberal Construction Disclosure ............................................. 22-24
Jurisdiction Statement ...................................................... 25
Issues' [11] on Appeal: ......................................................25-26
Statement of Case: ..........................................................27-31
Argument Summary: ..........................................................31-33
Arguments: .................................................................33-78

Whether public entities or employees thereof; plainly incompetent officers or ones knowingly violating law; and the court or a member is corrupted or influenced or influence is attempted or where judge has not performed his judicial function – thus where the impartial functions of the court have been directly corrupted — intricately intertwined — **U.S. CONST. ART VI CL II VOID** — EEO WHISTLEBLOWER BLACK LATINA OBLIGEE FOR MEDICAL NEEDS BENEFICIARY CHILD (MIG) *ET UX AKA "**PRO SE**"* SUFFERS IRREPARABLE INJURIES OF DAMAGE OR DESTRUCTION OF LIFE, LIBERTY, OR PROPERTY *IN* DEPRIVATION OF AMEND. I, V, XIV (DUE PROCESS CL) AND EQUAL PROTECTION OF THE LAWS TO:

1.  Have venue changed?
2.  Judge reassignment notice, consent, and owed duty of assigned judge to sit on case?
3.  Declaratory Decrees?
4.  Open equal access to state courts and to proceed *in forma pauperis*?
5.  Rules of procedure, evidence; power to prescribe; service; filing of pleadings and other papers?
6.  Judge substitution prior to/for rendered judgment VOID relief?
7.  COLO. APA: C.R.S. § 24-4-106 *ET SEQ.*?
8.  Unemployment (15-day unpaid suspension & termination) benefits?
9.  *Res Judicata Collateral Estoppel*?
10. Impropriety appearance justifying disqualification?
11. Discrimination, retaliation, whistleblower retaliation, perjury, defamation, post retaliation, 'full and fair opportunity' to litigate claims in administrative and judicial tribunals?

Page 1 of 2

**CONCLUSION: PRAYER FOR RELIEF** ................................. **78-79**

**C.A.R. 34 Oral Arguments' Welcome**.......................................................**1**

**2/7/2024 CERTIFICATE OF SERVICE** ....................................**.......79**

**C.A.R. 28(e) ADDENDA [47]:** ............... **1/16/24 RE-PRODUCED** 11/24/23 **(1) SMALL ENV USB. ATTACH. #1.** Proceeding **28 U.S.C. § 1915**, not required, but-if reproduction is requested from other parties or necessary in any other format, leave from the Court is politely requested.

# TABLE OF AUTHORITIES

## THE SUPREME LAW OF THE LAND
## THE SUPREMACY CL: U.S. CONST. ART VI CL II
Specifically found at ……. *OB, p # 3, p # 8 (N. # 38), p # 13, p # 40 (N. #169).*

### U.S. CONST.
### AMEND I, V, XIV (DUE PROCESS CL)
Specifically found at ……*REC, p # 1328, # 6……... OB, pp # 3-4, p # 40 (N. #176), p #55.*

### FEDERAL AUTHORITIES

**INDIAN CHILD WELFARE ACT (ICWA)**………………………***OB,*** *p # 31, p # 48*

**Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII")** …...***OB,*** *p # 7 (N. # 35), p # 39 (N. #166), p # 45*

**5 U.S.C. § 552 FOIA** …………………………………………………***OB,*** *p # 8*

**18 U.S.C. §1030**……………………………………………..… ***OB,*** *p # 42, p # 48*

**28 U.S.C. §455**…………………………………………………...***OB,*** *p # 25*

~~●~~ **v. Donovan / Castro**, 14-CV-01699-MEH (EMPH)(7/28/14), at Dkt. 31

**28 U.S.C. §1343(a)(1)(2)(3)(4) [C & C DEN *CSR* §16-22 (E)(1)(b)(ii)]** ………***OB,*** *p # 42, p # 49, p # 54, p # 57 (N. # 268)*

**28 U.S.C. §1915**…………………………………………....…….***OB,*** *p # 17*

**28 U.S.C. § 2403** ……………………………………………………. ***OB,*** *p # 55*

**28 U.S.C. § 2072** (Rules of civil procedure govern all actions, suits, and proceedings of a civil nature) ……………………… ***OB,*** *p # 3, p # 11, p # 13, p # 13 (N. #60), p # 15, p # 20.*

### DEPRIVATION OF CIVIL RIGHTS
42 U.S.C. § 1983……***OB,*** *p # 8 (N. # 43), p # 11, p # 15, p # 13 (N. # 62), p # 38, pp # 41-42, p # 44, p # 54, p # 57 (N. # 261)*
**42 U.S.C. § 1985(2)(3)** …... ***OB,*** *p #8 (N. # 43), p # 11, p # 13 (N. # 62), p # 15,  p # 20, p # 25, p # 38, pp # 41-42, p # 44, p # 54, p # 57 (N. # 268)*
**Americans with Disabilities Act ("ADA")** …………………………… ***OB,*** *p # 36, p # 50*
***"Cat's Paw Theory"*** …………………………………………...bottom ***REC, pp # 1297***
**42 U.S.C. § 2000e, *et seq.*** ………………………………………… ***OB,*** *p # 7 (N. # 35)*
**29 C.F.R. Part 1614:** EEOC MD 110……………………………………… ***OB,*** *p # 20*
**F.R.A.P. 24(b)(2)** ………………………………………………… ***OB,*** *p # 17*
**F.R.A.P. 26 [C.R.C.P. 6(a)(e)]** ……………………………...…………*Certificate of Compliance*
**FED. R. APP. P. 44**………………………………………………………… ***OB,*** *p # 55*
**F.C.R.P. 5(b)(e)(f)** ……………………………………………… ***OB,*** *pp #13-14, p # 20*

Fed. R. Civ. P. 56(c) [*CSR §21-21(A-D)*] …………………………………... *OB, p # 27*
Fed. Rules Civ. Proc., Rule 60(b)(4)………………………………………… *OB, p # 3*
*Weingarten*………………………………………………………………… *OB, p # 55*
*Res Judicata Collateral Estoppel* Doctrines………………………...……... *OB, pp # 37*

## U.S. SUPREME COURT CASES

*Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) …… *OB, p # 42, p # 54 (N. # 243)*

*California Federal Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 285 (1987) …. *OB, p # 43, p # 45*

*Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958) ……… *OB, p # 11 (N. # 52), p # 40 (N. # 177), p # 54*

*Darby v. Cisneros*, 509 U.S. 137, 113 S. Ct. 2539, 125 L. Ed. 2d 113 (1993)………………………*OB, p # 1 (N. # 1), p #11, p # 12 ( N. # 59), p # 55 (N. # 260)*

*Davidson v. Sandstrom*, No. 03**SC**287 (2004)……………………………...…*OB, pp # 38-39*

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ……………………………...……. *OB, p # 1*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) …………………………...…...…*OB, p # 1*

*Johnson v. Aetna Casualty and Surety Co.*, 630 P.2d 514, 517 (Wyoming), **cert. denied, 454 U.S. 1118 (1981)**………………………………………………*OB, p # 20, p # 34, p # 40 (N. # 176)*

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ……...…… *OB, p # 42, p # 54 (N. # 249)*

*Marbury v. Madison*, 5 U.S. 137 (1803) ……………………………………… *OB, p # 54*

*Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) …*OB, p # 56 (N. # 263)*

*OVERTON PARK V. VOLPE*, 401 U.S. 402 (1971) …………… *OB, p # 27, p # 40 (N. # 176)*

*United States v. Estep,* 760 F. 2d 1060, 1063 (10th Cir. 1985) ………………………...…...*OB, p, # 1*
*U.S. v. Lee*, 106 U.S. 196, 2201 S. Ct. 240, 261, 27 L. Ed. 171 (1882) …………… **Table of Authorities p # 1**………………………………………………………*OB, p # 54*

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) ……………...*OB, p # 15*

*Younger v. Harris*, **401 U.S. 37 (1971)** [Mandatory abstention doctrine] ……*OB, p # 55 (N. # 255)*

## FEDERAL DISTRICT COURT APPEALS

*Andrews v. City of Philadelphia*, 895 F. 2D 1469, 1484 (3D CIR.1990) … *OB, p # 36*

*Ambus v. Granite Bd. Of Educ, 975 F. 2d at* **1560**………………………...*OB, p # 54*

*Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Circuit 1983) …………………………………… *OB, p # 20, p # 23, p # 34, p # 40 (N. # 176)*

"**THE TRIALS OF GABRIEL FERNANDEZ**", California's 2nd District Court of Appeal, *County of Los Angeles v. Los Angeles County Civil Service, LA County Super. Ct. No.BS156979*.........................................*CF, pp # 119-120*...........***OB**, p # 10*

**Lassiter v. Alabama A & M Univ., Board of Trustees, et al.**, 28 F. 3d at 1149 ....... **OB**, p # 3 *(N. # 11), p # 22 (N. # 98), p # 23 (N. # 102), p # 40 (N. # 175), p # 47 (N. # 212), p # 48 (N. # 216), p # 54.*
**Henley v. Brown**, NO. 11-2561 (8th Cir. July 26, 2012) ................, *OB, p # 42, p # 44*

- Quoted in ~~██████~~ v. *Donovan / Castro*, 14-CV-01699-**MEH**, (12/18/14), *Id.* at **Dkt. 58**, *pp # 8-9*.


### FED. U.S. D.C. FOR DIST. OF COLO. (10th Cir.)

**Benavidez v. Howard**, 931 F.3d 1225, 1231 (10th Cir. 2019) ...................... **OB**, *pp # 38-39*
**Butler v. City of Norman**, 992 F. 2d 1053, 1055 (10th Cir. 1993) ...***OB**, p # 38, p # 39 (N. # 164)*
**D.L. v. Unified Sch. Dist. No. 497**, 392 F. 3d 1223, 1229 (10th Cir. 2004) .... **OB**, p # 55 *(N. # 255)*
**Dr. Lisa Calderón** v. *HANCOCK AND C & C DEN ET AL.* D.C. No. 1:18-CV-00756-**PAB-MEH** (Emph) / 19-1388.............................................................................***OB**, p # 9*
~~██████~~ ("**PRO SE**") v. *Denver et al.*, 19-CV-02806-RM-**MEH** (EMPH) / [**21-1223**].............................................................................***OB**, p # 55 (N. # 254), p # 56 (N. # 264)*
~~██████~~ ("**PRO SE**") v. *Denver et al.*, 21-CV-02362-RM-**MEH**(EMPH).... **OB**, *p # 9, p # 55 (N. # 254), p # 56 (N. # 264)*
~~██████~~ v. *Donovan / Castro*, 14-CV-01699-**MEH** (EMPH)...................................... **OB**, *p # 38*
**Guadiana v. C & C DEN**, 21-1294 (10th Cir.) ................................***OB**, p # 54*
**Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted) ......... ***OB**, p # 1, p # 34*
**Jessica** (Hispanic-white) *Calderon* v. *DHS*, 1:19-CV-03606-**KLM**......................... ***OB**, p # 9*
**Johnson v. Spencer**, 950 F. 3d 680, 693 (10th Cir. 2020) ...........…...... ***OB**, p # 2 (N. # 4), p # 37*
**JURINSKY** v. *Arapahoe County Department of Human Services et al.*, 22-CV-02201-**MEH**(EMPH)-**PAB** ........................................…...……...***OB**, p # 10, p # 11 (N. # 51)*
**King v. Union Oil of Cal.**, 117 F. 3d 443, 445 (10th Cir. 1997) ...........................….. **OB**, *p # 37*
**Lenox Maclaren Surgical Corp. v. Medtronic, Inc.**, 847 F. 3d 1221, 1239 (10th Cir. 2017) (internal quotations omitted)). ...................................................... ***OB**, p # 2 (N. # 4), p # 37*
**M&MIG ("MRG" Appellant) v. TOUSSAINT ET AL.**, 1:23-CV-00529-GPG-**KLM**-STV-**LTB**...................................................................................................***OB**, p # 10, *p # 13, p #16, p # 18 (N. # 80), p # 19 (N. #84), p # 20, p # 26 (N. # 119), p # 39, p # 55 (N. # 254), p # 56 (N. # 264).*
**Peck v. State of Colorado**, *et al.*, 19-CV-03450-RBJ-**MEH** (EMPH)/ 21-1125 - **PECK** (PREVAILING PARTY) v. **McCann**, DHS (EMPH) *et al.* [10932361] ................ **OB**, *pp # 8-9, p # 8 (N. #38), p # 39*
**United States v. Cooley**, 1 F. 3d 985 (10th Cir. 1993) (citations omitted) ................…..… ***OB**, p # 25*

### *GREATER*
### COLORADO CONSTITUTION
ART II § 6................ ***OB**, p # 27*
ART II § 25................ ***OB**, p # 27*

ART VI *et seq.* ................ *OB, p # 27*
ART. VI, § 5 (3)............. *OB, p # 17*
ART. XX, § 1................. *OB, p # 6 (N. # 25)*

SUP. CRT. COLO. C.J. DIRECTIVE 05-03.............................. *OB, p # 27*

SUP. CRT. COLO. COLO. C. J. DIRECT 95-03........................... *OB, p # 17*


**CODE JUD. COND. ("C.J.C.") 48 C.J.C. Judges § 47 Rule** .............*OB, p # 13, p # 24*

- **2.2** ..................................... *OB, p # 24*
- **2.3**................................... *OB, p # 24*
- **2.7**.................................... *OB, p # 13, p # 25*
- **2.11(A)** ................................*OB, pp # 25-26, p # 38, p # 41*


**COLO. RPC § 3.3 & § 8.3 REPORTING PROFESSIONAL MISCONDUCT**
............................ *OB, p # 25, p # 39, p # 42*


**COLORADO REVISED STATUTES ("C.R.S.")**

**C.R.S. § 8-43-308: COLO.EMPLOYMENT SECURITY ACT ("CESA")**

................................................................... *OB, pp # 33, p # 35, p # 56*

**C.R.S. § 8-73-108(4)(d)** substantial change in working conditions; **(h)** violation of written employment contract; **(o)** personal harassment not related to job performance.......... *OB, p # 33*

Colo. Code, Title VIII, ART 73, §8-73-108(5)(e)(XX) [criteria to support unemployment benefit disqualification under *Dawson v. Industrial Commission* 660 P. 2d 924 (Colo. App. 1983)]......... *OB, p # 33, p # 35 (N. # 154), p # 36.*

**C.R.S. § 13-3-111:** Appointment of retired or resigned justice or judge pursuant **to agreement of parties** (EMPH) ............................................................... *OB, p # 13, p # 15*

**C.R.S. § 13-16-103:** **Cost of Poor Person**.................................................*OB, p # 18*

**C.R.S. § 14-10-122**...............................................................*OB, p # 15, p #17*

**C.R.S. §18-8-114(1)(a):** **Abuse of Public Records**...............................*OB, p # 42, p # 48*

**C.R.S. § 18-8-502:** **First Degree Perjury**............*OB, p # 4, p # 31, # 33, p # 42, p # 48, p # 53*

**C.R.S. § 18-9-121:** **Hate Crime** .............................................. *OB, p # 33, p # 42, p # 45*

**C.R.S. §19-1-307(1)(a): COLO. TITLE 19, CHILDREN'S CODE [REPORTER/ INFORMANT OF CHILD ABUSE AND/OR NEGLECT PROTECTIONS]**
.........................*OB, p # 8, p # 43, p # 57 (N. # 268)*

<u>Social Services Rules ("SSR") Child Welfare Reg. Codified in COLO. Code of Regulations, 12 CODE COLO. REGS. 2509-7 (also known as "Colorado Children's' Code"): VOL. VII</u>............ *Id. at REC, pp # 1369 – 1416* :

§ 7.101.......................................*REC, p # 1370*......... *OB, p # 53*
§7.104(B) ...........................*REC, pp # 1383-1384*......... *OB, p # 42*
§7.106.1 Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities [Eff. 1/1/15] *et. seq*.; .................*OB, pp # 42-43*
§7.103...............................*OB, p # 53*
§7.103.1..................*OB, p # 33, p # 43*
§7.103.11..................*OB, p # 33, p # 43*
§7.103.40..................*OB, p # 43*
§7.103.4(F)........... ...............*REC, pp # 1369 – 1416*..... *OB, p # 33, p # 43*
§7.103.61 (A)(1)(C) & (B) .................. *OB, p # 43*
§7.104.1 .............................................. *OB, p # 43*
§7.104.32 ........................................... *OB, p # 43*
§7.106.11.................. *OB, p # 43*
§7.106.121.................. *OB, p # 43*
§7.106.121(A)(2) & (B)(1) .................. *OB, p # 43, pp # 46-47*
§7.106.13 (B) ........................................... *OB, p # 43*
§7.107.17 .................. *OB, p # 33, p # 43*

<u>Colo. Admin. Procedure Act ("APA")</u> ......*OB, p # 4, p #26*

C.R.S. §24-4-106 ....................................*OB, p # 4, p #11, p # 12 (N. # 58), p # 26*

C.R.S. §24-4-106(6)............................................... *OB, p # 30*

C.R.S. § 24-4-106(11) ..................................................... *OB, p # 27*

C.R.S. § 24-4-106(7)(b) (I—IX) .................................... *OB, p # 56 (N. # 266)*

C.R.S. § 24-10-103-<u>109</u>: <u>Colo. Gov. Immunity act ("CGIA")</u>......*OB, p # 3 (N. # 10), p # 11, p # 13 (N # 62), p # 15, p # 34, p # 54, p # 57, p # 57 (N. # 268)*

C.R.S. § 24-34-401 *et seq.*: <u>COLO. CIVIL RIGHTS ANTI-DISCRIMINATION ACT ("CADA")</u>..............*OB, p # 34, p # 50*

<u>Colorado Privacy Act ("CPA") of 2021</u>........................*OB, p # 8 (N. # 38)*

C.R.S. § 24-51-1105 .................................................................*OB, p # 17*

C.R.S. § 24-72-201 to 206: <u>Colo. Open Records Act ("CORA")</u> ...*ADD, # 10*.............. *OB, p # 8, p # 29, p # 34 (N. # 147), p # 41 (N. # 180, #182), p # 50 (N. # 226)*

C.R.S. § 26-1-103: <u>Colorado Human Services Code</u> [DEN & DHS <u>NOT</u> same entity] ..........................................................*OB, p # 6 (N. # 25)*

<u>COLO. RULES OF CIVIL PROCEDURE</u>

C.R.C.P. 5 ...................................................... *OB, pp # 20-21*

C.R.C.P. 5(B)(2)(B)(D) .......................................................……........ *OB, pp # 13-14*

C.R.C.P. 6(a)(e) ...................................................... **Certificate of Compliance**

C.R.C.P. §16.2(A)............................................................ *OB, p # 17*

  ○ <u>8/24/18</u> FULL-SERVICE <u>IV-D</u> 03-422204-44-0A (ARAPAHOE CTY) (EMPH) ——Intervenor Attorneys employed by government agency, **Colorado Department of Human Services ("CDHS")**, who were/are **NOT EXEMPT** <u>C.R.C.P. §16.2(A)</u> and entered **Case No. 18DR1690** (ARAPAHOE CTY) <u>4/18/19</u> (EMPH) (***AFTER* ECHO** RYAN #38699 UNCONST. <u>**VOID**</u> *amended 4/6/19, nunc pro tunc* to 2/25/19 Decree, Child (MIG) Support, & APR Final Orders) **AND** continued to participate (Case No. 21DR45 / <u>**DEN D.C.**</u>) in the allegations made in ***M&MIG ("MRG" Appellant) v. TOUSSAINT ET AL.,* 1:<u>23</u>**-CV-00529-GPG-<u>KLM</u>-STV-<u>LTB</u> Complaint. At all times relevant, acting under color of state law. NO Immunity for **WILLFUL WISHES** AND <u>10/1/21</u> participant, **FORMER** (EMPH) **CDHS** <u>KAT</u>HLEEN NOONE #44334. *22CA336 SUPP CF*, pp # 5-7.

C.R.C.P. 16.2 (e)(10) .................................................*OB, p # 16, p # 57*

C.R.C.P. 57...............................................................…..….... *OB, p # 57*

C.R.C.P. 59 ..................<u>*22CA336 CF*</u>, *pp # 562-58; p # 999 (# 4); pp # 1338-1427* (10/1/21 EX # 29; DENIED C.R.C.P. 59 AND 60(b) Motion for Relief ATTACH # 6

C.R.C.P. 60(b)......... *SUPP CF, p # 3.* .............…..*OB, p # 25, p # 26 (N. # 115), p # 39*

C.R.C.P. 97.................…......*OB, pp # 24-26, p # 26 (N. # 120), p # 39, p # 56 (N. # 262)*

C.R.C.P. 98 ...........................................…. *OB, p # 11, p # 13 (N. # 60)*

C.R.C.P. 106(a)(2) mandamus.................................*OB, p # 25, p # 56 (N. #265)*

C.R.C.P. 106(a)(4) .........................................…...*OB, p # 12, p # 25, p # 27*

C.R.C.P. 121 §1 -15(8) ...............................…...…….. *OB, p # 20, p # 24*

C.R.C.P. 122 .............................................…......….. *OB, p # 17*

## <u>COLO. RULES OF EVIDENCE</u>

C.R.E. 201(d) ...............................................................*OB, p # 2, p # 11*

C.R.E. 408(b)....... *Id. at* 21DR45 (DEN D.C.), 12/9/22, *ADD,* # 2, p # 78

## <u>COLORADO SUPREME COURT AUTHORITIES</u>

*Almarez v. Carpenter*, 173 COLO. 284, 477 P. 2D 792 (1970)...........…..*CF, pp #84-85*

*Board of County Commissioners v. Salardino*, 136 Colo. 421, 318 P. 2d 596 (1957) .......................................................................…...*OB, p # 33*

*Fletcher v. Stowell*, 17 COLO. 94, 28 P. 326 (1891) ..........***OB, p # 11, p # 13 (N. #61)***
*Kovacheff v. Langhart*, 147 Colo. 339, 363 P.2d 702 (1961) ................***OB, p # 25***
*Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* 403 P. 2d 442 (1965) ... **ABSOLUTE LAW** ...***OB, p # 7, p # 17, # 29***
*Schuster v. Zwicker*, 659 P.2d 687, 690 (Colo. 1983) ..............***OB, p # 12 (N. #57), p # 15 (N. # 69), p # 16 (N. # 73), p # 18 (N. # 82), p # 20 (N. # 88), p # 28 (N. # 123), p # 31 (N. # 134), p # 35 (N. # 153), p # 36 (N. #158), p # 39 (N. 167), p # 45 (N. # 201), p # 49 (N. # 218), p # 50 (N. # 228), p # 53 (N. # 241).***
*Woldord v. Pinnacol Assurance,* 107 P.3d 947, 951 (Colo. 2005) ....... ***OB, p # 55 (N. # 259)***
*Wigginton   v.   DENVER   &   R.G.R.   Co.,*   118   P.   88   (Colo.   1911)
..............................................................................................................................**...** ***OB, p # 1***

## COLORADO COURT OF APPEALS AUTHORITIES

*Adamson v. Bergen*, 15 COLO. App. 396, 62 P. 629 (1900) ................................***OB, p # 11, p # 12 (N. # 54)***
*City of Aurora v. Webb*, 41 COLO. APP. 11, 585 P. 2D 288 (1978) ...***CF, pp # 84-85 Collopy v. Wildlife Commission*, 625 P. 2d 994 (Colo. 1981) ...............***OB, p # 56***
*CRONK v. Intermountain Rural Electric Ass'n,* 765 P.2d 619 (Colo. App. 1988) **[STATE COMMON LAW PUBLIC POLICY EXCEPTION; criteria for wrongful discharge claim]** ........... ***OB, p # 42, p # 50, p # 54 (N. # 251)***
*DAWSON v. Industrial Commission* 660 P. 2d 924 (Colo. App. 1983)**[criteria for disqualification UNEMPLOYMENT §8-73-108(5)(e)(XX) disqualification]** .............................. ***OB, p # 33, p # 35 (N. # 155)***
*In re Estate of Lewin*, 42 Colo. App. 129, 595 P.2d 1055, 1057 (1979)........................................................................................... ***OB, p # 15***
*Don J. Best Trust v. Cherry Creek Nat. Bank*, 792 P.2d 302 (Colo. App. 1990) ..........................................................................................................***OB, p # 25***
*Fred Schmid Appliance & Television Co. v. CITY AND COUNTY OF DENVER*, 811 P.2d 31 (Colo. 1991) ........... .....................................***OB, p # 56***
~~████████~~*v. ICAO AND C & C DEN ET AL.* (2020CA286)
........................................................................................................ ***OB, p # 10***

*In re Anderson*, 252 P.3d 490 (Colo. App. 2010) ...........................***OB, p # 15, p # 25***
*In re Marriage of Ennis, Jr. I,* 2019CA1044 (18DR1690 **ARAP. D.C.**): **UNCONST. VOID** (EMPH) 3/5/20 REMITTITUR (Mandated 5/3/20)
........................................................................................... ***OB, pp # 16:***
   • *In re Marriage of Ennis, Jr. II,* 2022CA366 (21DR45, **DEN D.C.**) ...*Id.*
   • *In re Marriage of Ennis, Jr. III,* 2022CA999 (21DR45, **DEN D.C.**) ...*Id.*
   • *In re Marriage of Ennis, Jr. IIII,* 2022CA2179 (21DR45, **DEN D.C.**) ...*Id.*
*In People v. Merchant*, 983 P. 2d 108 (Colo. App. 1999) ..................***OB, pp # 38-39***
*Janssen v. DENVER CAREER SERVICE BOARD* and *Denver Department of Aviation,* CO. CT. APP., No. 98CA0100........ *"its own organic ordinances and rules"* ..................***OB, p # 43 (N. # 192), p # 54 (N. # 252)***
*Jefferson County Bd. Of County Comm'rs v. S.T. Spano Greenhouses, Inc.,* 155 P.3d 422, 424-25 (Colo. App. 2006). .........***OB, p # 55 (N. # 259)***

*J. & R. A. Savageau, Inc. v. Larsen*, 117 Colo. 229, 185 P.2D 1012 (1947) ...................................................................................*OB, p # 28*

*Khelik v. CITY & CTY. OF DENVER*, 2016 COA 55, ¶ 12...............*OB, p # 27*

*LORENZ Martin Marietta*, 802 P.2d 1146 (Colo. App. 1990): [**STATE COMMON LAW PUBLIC POLICY EXCEPTION** [under *Lorenz* line of cases for wrongful discharge claim.]...............*OB, p # 42, p # 50, p # 54 (N. # 251)*

*Native Am. Rights Fund, Inc. v. City of Boulder*, 97 P.3d 283 (Colo. App. 2004) ...................................................................................*OB, pp # 57 (N. # 267)*

*Nesbit v. Industrial Commission*, 43 COLO. APP. 398, 607 P. 2d 1024 (1979) ...................................................................................*OB, p # 28, p # 49*

*People v. Thoro Prods. CO.*, 45 p. 3d 737 (Colo. App. 2001) .......*OB, p # 13, p # 5 (N. # 15), p # 15 (N. #70)*

*Quintana v. City of Westminster*, 56 P.3d 1193, 1196 (Colo. App. 2002)... *OB, p # 15 (N. # 71)*

*Smith v. Winter*, 934 P.2d 885 (Colo. App. 1997). ...........................*OB, p # 2 (N. # 6)*

*Woods v. CITY AND CTY. OF DENVER*, 122 p. 3d 1050, 1053 (COLO.APP.2005) ...................................................................................*OB, p # 27*

## COLORADO APPELLATE RULES ("C.A.R.")

**C.A.R. 28(e) ADDENDA ("ADD") [47] 1/16/24 RE-PRODUCED:** 11/24/23 1 SMALL ENV USB **ATTACHMENT #1, TABLE OF CONTENTS AS FOLLOWS:**

1.  **12/19/2019 BOARD Decision**

2.  **Career Service Board Meeting #2374 – Minutes: Defendant-Appellee Tracy Winchester #UKN 12/19/2019 "LAST BOARD MEETING"**

3.  *C & C DEN* **CAREER SERVICE RULES ("CSR")**

    i.  Appellant **UNLAWFULLY** terminated **12/7/18.** Publicly accessible CSR link first provided by Defendant-Appellees' (*REC, p 123*) was **REVISED** 11/25/**19**. **THEREFORE, materially relevant, cited/authenticated by Appellant in all other state and federal tribunals, complete printed copy of CSR, (excluding never applicable Rule 20), governing appeals to the Career Service Board; effective PRIOR to any revisions after 12/7/18.** Emph.

**PUBLIC DHS JOB SPECIFICATIONS [AT ALL TIMES RELEVANT]:**

4. **SOCIAL CASE WORKER- CA2686** — Appellant's, **&** **non**-married, **without** pregnancy/ related medical similar situated comparators Ms. Shiree Edwards [Black (race), light skin], "African-American/ Multi-Racial" (dark skin) Defendant- Appellee Ms. Dawn Lawn's — job.

5. **Human Services Hotline Operator - CC2538** — (UNPROTECTED **BLACK** (race), light skin, Alancia Gray f/a Unser job)

6. **Social Case Worker Lead - CA2694** (discriminatively promoted *omnibus* EEO RMO WHITE (race) Harasser Hostile/Reluctant Defendant-Appellee Ms. Irene VanCleave's **BUT-FOR FAILED TO PERFORM** job);

7. **Social Case Worker Supervisor – LA2973** (*OMNIBUS* EEO RMO Defendant-Appellee Ms. Kathryn "Katie" Hodson (f/a Gleason) ***BUT-FOR FAILED TO PERFORM*** job – and **UN**PROTECTED BLACK (race) **MS.** (suffix) **SHERRON** Glapion testifying and "suspended, demoted, and purportedly prohibited by illegal DHS "non-disclosure agreement" from filing charges with the EEOC" **PROXIMAL** to Career Service Hearing" (*CF, p # 11*) *BUT-FOR* HODSON promoted into **SHERRON'S** position and **CONTINUED** (EMPH) retaliation (**SHERRON** allegedly disciplined in **2023** for "**2020** (EMPH) incident").

8. **Career Service Hearing Officer- OL3072** (BUT-FOR **FAILED TO PERFORM** Defendant-Appellee Bruce A. **Plotkin #18133** (**Inactive**) (Emph) job).

9. **7/ 2023 EMAIL THREADS - CORA_** Re_ [EXTERNAL] **CSA 73-18, 76-18, 80-18**

"14.)    All that is required to establish a disqualification pursuant to §8-73-108(5)(e)(XX) is that claimant did not do the job for which s/he was HIRED AND which s/he KNEW was expected of her/him. *SEE Dawson v. Industrial Commission* 660 P. 2d 924 (Colo. App. 1983). <u>Claimant argues Dawson criteria were NOT met; AND the Hearing Officer's findings are NOT sufficient to support disqualification pursuant to §8-73-108(5)(e)(XX):</u>

- UNDISPUTED After-hours hotline call taking was voluntary **NOT** mandatory ("**similar to overtime**"). See page 35 of Department of Unemployment Insurance January 7, 2019 Notice of Decision.

- **UNDISPUTED** After-hours hotline call taking was/is **NOT** encapsulated within Claimant's HIRED Social Case Worker Job Specification. See June 19, 2019, Employer's written argument, Attachment #1.

- UNDISPUTED, similar comparator (same supervisor, same position title/ Social Case Worker job specification as Claimant), Dawn Landrum, testified to there being a difference of call taking during Emergency Response Team (ERT) assigned hours of work versus after-hour calls;"

- ***ADD, # 35, p # 2438, N. # 2:*** **"The hearing officer specifically determined that the claimant was not at fault for the occurrences involved in the September 20 incident, nor was she at fault for the occurrences involved in the December 4 disciplinary meeting.** In its brief, the employer states, "Although the City takes issue with some of the hearing officer's factual findings in this case, the hearing officer was correct in her determination that the claimant was at fault for her separation … Accordingly, the hearing officer decision should be affirmed." **We do not consider this statement to be an appeal of the hearing officer's determination regarding the September 20 and December 4 occurrences. Because the hearing officer found that these occurrences did not constitute a motivating factor in the separation, and the employer has not effectively appealed these findings, we will not address those incidents further."**

## CSR §16-45(A) DUE PROCESS VIOLATION

36.)    12/7/18 **VOICEMAIL** (<u>RETURNED</u>) **OHR** DEFENDANT-APPELLEE

<u>DAVIS</u> TELEPHONED TERMINATION

## LIBERTY & PROPERTY DUE PROCESS VIOLATION

37.)    12/11/23 <u>OHR</u> DEFENDANT-APPELLEE <u>DAVIS</u> VOICEMAIL REGARDING PROPERTY (at *ADD*, #13)

COLO CHILD PROTECT OMBUDSMAN INQUIRES #3643 AND #3729

38.)    EMAILS (<u>6/13/19</u>) - <u>CONT</u> WHISTLEBLOWING FOLLOWUP RE: FIRST COMPLAINT (INQUIRY #3643) <u>MADE 4/24/2019</u> (EMPH) "<u>7/18/18</u> BC" Copeland (FATALITY) Referral # 2870434 AGAINST <u>DHS</u> DEFENDANT-APPELLEES

38.5) 6_13_19 EMAIL TO <u>GMGFOC BC AKA ROBERT COPELAND</u> (EMPH), COLO OMBUD [INQ #3643], <u>DHS</u> ONGOING CW TAWANNA FRENCH, C & C DEN DHS LEGAL SECT DIR <u>KAT</u>HERYN SMITH <u>#29514</u>

39.)    EMAIL (Emph) – RE: INQUIRY #3729

40.)    SECOND COMPLAINT (INQUIRY #3729) AGAINST <u>DHS</u> 6/13/2019

*PENDING* (EMPH) CORA: ICAO/CDLE

41.) 42 U.S.C. § 1985(2)(3); 5 U.S.C. § 552 FOIA; C.R.S. § 24-72-201 (CORA) <u>VIOLATION</u>.

   a. 10/12/23 – 10/27/23 EMAILS: **CORA REQUEST**

   b. **CDLE ADMINISTRATIVE LAW JUDGE ("ALJ") RIEKE #36206** (Inactive) <u>DENIED</u> 15-day UNPAID Suspension benefits AND ICAO <u>DENIED</u> transcript waiver. EMPH.

c. <u>**UNRESOLVED EVIDENTIARY CONFLICT**</u> —*PENDING* C.R.S. § 24-72-201 to 206 **(CORA)** [2] — <u>**2/11/19**</u> (EMPH) — **C.R.S. § 18-8-502 AND** § **24-34-401; 28 U.S.C.** §1343(a)(1)(2); *42 U.S.C.* § *1983 AND* § 1985(2)(3); **SWORN TESTIMONY OF** <u>**OHR**</u> DEFENDANT-APPELLEE <u>**DAVIS**</u>.

**PUBLIC SCRUNITY**

42.)    **11/1/2023** EMAILS_ **JURINSKY - CDHS Corruption At-Large.** ATTY-CLIENT PRIV. INFO. REDACTED.

43.)    *PENDING <u>DRAFT</u>* **PUBLIC INTEREST BLAST**

a.    PHOTOS 2022CA1542 DEFENDENT-APPELLEES

i.    OTHER **'ACTORS'** PHOTOS FILED <u>**12/9/22**</u> INTO 21DR45 <u>DEN DC</u> **EX ADDENDA # 18** (*22CA336*)

*M&MIG ("MRG" Appellant) v. TOUSSAINT ET AL.*, 1:<u>**23**</u>-CV-00529-GPG-<u>**KLM**</u>-STV-<u>**LTB**</u>

44.) **WRITTEN** *DRAFTED* ORAL ARGUMENTS at 22CA1542 8/28/23 Motion ATTACH #7

i.    <u>**XVI VIABLE FEDERAL CLAIMS**</u>

**S83180 (DEN CTY) SMALL CLAIMS COURT**

45.) **42 U.S.C.** § **1985(2)(3); 5 U.S.C.** § **552 FOIA; C.R.S.** § **24-72-201** **(CORA) VIOLATION.**

a.    PREVAILING ***PRO SE'S*** VERY **1**[ST] LAWSUIT. FILED **BEFORE/WITHIN** *<u>C & C DEN</u>*

---

[2] *ADD, # 41*

10. **ADD, #10** (Emph) 457_files_from_███████CORA_Request:  **AUDIO** (Emph) **Consolidated ("CONSOL.") Appeal Nos. A073-18, A076-18, A080-18 SEQUESTERED HEARINGS' April 19th and 20th 2019 CONTINUED May 10, 2019, June 3, 2019 AND SAME DAY Defendant-Appellee Mayor Hancock's RE-ELECTION AGAINST BLACK LATINA "DR. LISA CALDERÓN" — JUNE 4, 2019.** EMPH.

**PHOTOS:**

11. **"TABLE OF CONTENTS A-Y"** — PREPARED FOR/WITH **WRITTEN** (*REC, pp 1277-1297*) **10/30/18** Contemplation of Disciplinary Action, **AND REPRODUCED** FOR Appellant's **50** Career Service Hearing **4/4/19 EXHIBIT BINDERS — 1st AMEND. & COLO. APA: C.R.S. § 24-4-106 *ET SEQ.* VIOLATION — NOT WITHIN 2020CV405 AND HEREIN 22CA1542 PARTIAL certified *REC.* OR 7/2023 CORA.** "Evidence may be taken independently by the court" **[C.R.S.§ 24-4-106(1) — (11)]** — Consider Ordering DHS AND BOARD to produce **ORIGINAL *PRO SE* 10/30/18 AND 4/4/19 BINDERS.**

12. Appellant's **ORIGINAL 4/4/19 Process Served Hearing Exhibit BINDERS**.

13. Appellant's **PROPERTY** (decorated maternity, "Lord's Prayer" placard, AND AKA Sorority, INC. memorabilia next to **AKA Paddle *WHICH POST UNLAWFUL SUSPENSION*** surrendering badge/ computer, iPhone, further violating laws Defendant-Appellee **DAVIS** car escort publicly removed 12/13/2019 from desk space, building).

**14.)** Defendant-Appellees' Hodson AND Landrum left of Appellant at 5281 Awards with Mayor Defendant-Appellee Michael Hancock.

**15.)** Appellant, **ACTUAL Nominee & Recipient of 5281 Award — NOT** Defendant-Appellees' Hodson AND Landrum. **Emph.**

## 2020CV11 (ARAPAHOE CTY):

**16.)** **1/13/2020** JDF 610 **COMPLAINT**

**17.)** EMAIL- DIV 402_ PROOF OF Motion for Default Judgement *ELECTRONIC FILING*

**18.)** **MOTION FOR DEFAULT JUDGEMENT PDF**

**19.)** **CAT**ALANO **#39773** MOTION FOR DEFAULT JUDGMENT **RESPONSE PDF**

    a.   ***PP #1-2:*** "…her lawsuit is premature, because the Board has not yet issued its written ruling. This Court cannot determine whether the Board abused its discretion pursuant to Rule 106(a)(4)(I) without a written opinion stating the bases for its decision. Therefore, Plaintiff's entire case – and certainly her Motion for Default Judgment – are premature, and the motion should be denied."

**20.)** **CAT**ALANO **#39773** RESPONSE TO MOTION FOR DEFAULT JUDGMENT **EX # 1**

**21.)** **CAT**ALANO **#39773** RESPONSE TO MOTION FOR DEFAULT JUDGMENT **EX # 2**

**22.)** EMAIL - 20CV11 DHS Response to Motion for Default Judgment and 2 Exhibits **Cert. of Service**.

**23.)** **7/11/20 REPLY TO** DHS RE: MOTION FOR DEFAULT JUDGEMENT (13 pgs) **PDF**

24.)      EMAIL - DIV 402_ **Cert. of Service** REPLY TO DHS Response to Motion for Default Judgement *ELECTRONIC FILING*

25.)      7/11/20 **REPLY TO** DHS RESPONSE TO MOTION FOR DEFAULT JUDGEMENT **ATTACH #1_** JDF 600 **DIST CRT CIVIL SUMMONS**

26.)      7/16/20 **20CV11 ORDER DENYING** *PRO SE* **MOTION FOR DEFAULT JUDGMENT**

27.) 7/24/20 *PRO SE* <u>NON-CONTESTED</u> JDF 1323 MOTION FOR CHANGE OF VENUE

      <u>27.5)</u>  at *p # 2*: "PLAINTIFF'S MOTION FOR CHANGE OF VENUE WILL NOT BE ADDRESSED." **Order DENYING** Motion for Change of Venue [SAME DATE *COA* MANDATE (2020CA286)] <u>8/24/20</u>. EMPH

*Lombard-Hunt, Lynne,* (3/3/08) (Order 12/24/07) (Order 12/5/07): U.S. 1ˢᵗ <u>AMEND.,</u> <u>Privacy Request, FOIA, 42 U.S.C. *§ 1983,* § 1985(2)(3) VIOLATIONS</u>

28.)      EMAILS – 1/4/23 hidden *In re Lombard Hunt*, CSA

29.)      *Ibid. Lombard Hunt, Lynne,* (3_3_08) (Order 12_24_07) (Order 12_5_07) **NON-SEQUESTERED & PRECEDENTIAL** Appellant's NAME MENTIONED <u>95</u> (EMPH) TIMES **NOT REDACTED OR MOOT** <u>**CONTRARY**</u> **TO** HEARING OFFICER DEFENDANT-APPELLEE 1_20_23 **ORDER** (*ADD, # 32*)

30.)      EMAIL: 1/12/23 - 1-21-CV-02362-RM-MEH_ ELECTRONIC FILING CERT. SVC. MOTION TO RESTRICT PUBLIC ACCESS

**31.)**    1/12/23 - 1-**21**-CV-02362-RM-**MEH** MOTION TO RESTRICT PUBLIC ACCESS ATTACHMENT **SECOND** (EMPH) MOTION TO REDACT TO *C & C DEN* HEARING OFFICE AND BOARD DEFENDANT-APPELLEES

**32.)**    **1/20/23** HEARING OFFICE DEFENDANT-APPELLEE **ORDER DENYING SECOND** (EMPH) **MOTION TO REDACT_ APPELLANTS NAME BUT-FOR VIOLATING CORA FOIA 1ST AMENDMENT**

**33.)**    1/12/23 - 1-**21**-CV-02362-RM-**MEH** (EMPH) MOTION TO RESTRICT PUBLIC ACCESS *(pending BC Fatality)*

**34.)**    1/12/23 - 1-**21**-CV-02362-RM-**MEH** (EMPH) MOTION TO RESTRICT PUBLIC ACCESS ATTACH #2 EXHIBITS (10)

**2020CA286 (ICAO) FOLIO**

**35.)**    ▓▓▓▓▓▓M20CA286: **Authenticated original burned Cassette Disk** ▓▓▓▓▓ *v. Industrial Claim Appeals Office and City and County of Denver Agencies Under the Mayor.*

    **i.**    *TR*, *(4/3/19)* Defendant-Appellees' Catalano #39773, Hodson, **Rebecca** Ball, AND Claimant-Appellant, *pp # 493-621.*

    **ii.**    *TR*, *(4/23/19)*, Defendant-Appellees' Catalano #39773, Hodson, **Rebecca** Ball, AND Claimant-Appellant, *pp # 625-781.*

    **iii.**    *TR*, *(5/8/19)*, Defendant-Appellees' Catalano #39773, Hodson, Dawn Landrum, **Sherron**▓▓▓▓▓AND Claimant-Appellant), *pp # 785-960.*

        **a.**    "A: A little bit I am just for fear of retaliation and hearing from you know…that these type of things happen a lot where a person that is designated or perceived to be African American or black or black woman that works for Denver Human Services

speaking out on UNLAWFUL doings or things that they believe to be wrong and then either being terminated or being disciplined for something that has nothing to do with their work. So in that case I am a little fearful of giving testimony, yes." ***ADD, # 35, TR (5/8/19) (Landrum), pp # 828-829:18-7.*** EMPH.

b. C.R.S. § 18-8-502 <u>**FALSE TESTIMONY OF DAWN LANDRUM**</u>: "**Q**: Okay. And let's see, did you have access to Trails when you were assigned to go out on this date? **A**: I did have oN...I did have access to Trails at that time, yes. **Q**: Okay. Did you make any entries into Trails as it pertains to documentation or any interviews that you conducted? **A**: I did. I was asked to document my recollection of the event of the evening. **Q**: Okay. And you entered that into Trails? **A**: I did. **Q**: Okay. And what was your entries into Trails? **A**: Specifically, what happened during the interview; what I had witnessed at Children's Hospital when you had...when you yourself had spoke with the mother of the children and also what I had witnessed when you had spoken to the father of the children. **Q** Okay. And at that point in time did you do that upon your return back to the FCC? **A**: No. **Q**: When did you make entries into Trails? **A**: I believe it was within that week because it was not until I was instructed to do so by Supervisor Hodson." ***ADD, # 35, TR (5/8/19), pp # 819-820:14-11.*** EMPH.

   iv. ***TR, (10/2/19) (Emph)***, Defendant-Appellees' Catalano #39773, **Erin Hall**, Hodson, AND Claimant-Appellant, ***pp # 1878-2016.***

   v. **Appeal Brief Supporting Reversal of 10/23/19 Decision Docket Number 34484-2019** & Accompanying (5) Exhibits, ***pp # 2324-2383.***

- **CONTEMPORANEOUSLY CDLE UNEMPLOYMENT HEARINGS WERE**: 4/3/19, 4/23/19, 5/8/19, **AND** <u>10/2/19</u>.[1]

- ***ADD, # 35, p # 2344 (# 14)*** (quoted *in-part* verbatim without alterations):

---

[1] *REC, p # 1120*

b. **ATTRACTED PUBLIC INTEREST** OF **JUDGE MATHIS.**

c. PERTAINS TO HER/ U.S. VP **CIVIL RIGHTS INC. SORORITY** *AKA.*

d. **DECLARED** 11/15/23 AND 11/17/23 (**DEN** CLERK LISA): *"NO SUCH RECORD EXISTS."* (EMPH)

U.S. **DOJ CR DIV** (224756-RKR)

46.)    *INTENTIONALLY BLANK*

47.)    **COLO. COMMISSION JUDICIAL DISCIPLINE REQUEST FOR EVALUATION** **TOUSSAINT #41379; DORANCY #32067; MULLINS #6659**

C.A.R. 28 AND 32 …………….………………………………………**Certificate of Compliance**

## COLORADO RULES APPELLATE PROCEDURE ("COLO. R. APP. P.")

**COLO. R. APP. P. 10** *et al.* …………….. *CF, pp # 84-85.*
**"Colorado Court of Appeals August 4, 2017 Policy on Citation to the Record"**
…………………………………………………….. **Certificate of Compliance**

## DENVER COUNTY SMALL CLAIMS COURT

▓▓▓▓▓▓▓▓▓(PREVAILING PARTY) *v. Olivia T. Bell,* Case # S83180 (2002)
*HIDDEN FROM PUBLIC* ………*ADD,* # 46……………*OB, p # 41*

## CITY & COUNTY OF DENVER("C & C DEN")

*DEN, COLO- Code of Ordinances, ART II.-Mayor and Executive Departments*
………………………………………………………………...… *OB, p # 5 (N. # 18)*
DEN. Whistleblower Protection Ord. ART VII *et. seq.*………………………... *OB, pp # 43-44*
D.R.M.C. § 2-106 et. seq. [Whistleblower]………………………………... *OB, p # 54 (N. # 251)*
Executive Order ("EO") 143 [City and County of Denver's Data Protection
Policy]……………………………………………………………... *OB, p # 44, p # 48*
Charter of the City and County of Denver: §C5.25………………………...……... *OB, p # 44*

## CAREER SERVICE RULES ("CSR") …………*Id.* at *ADD,* # 3

§9-62 *et seq.* (Protective Service Stipend "After-Hours") … *REC, pp # 1363 –
1368*……………………………………………………………...*OB, p # 43, p # 47*

§12-70……………………………………………………...………….. ***OB**, p # 43*

§12-80……………………………………………………...………….. ***OB**, p # 43*

§16 *et seq.*

§16-10……………………………………………………... ***OB**, pp # 20-22, p # 43, p # 55*

§16-10 (A) ………………………………………………….. ***OB**, pp # 20-22, p # 55*

§16-22 ………………………………………………………….. ***OB**, p # 43*

§16-22 (E)(1)(b)(ii) …………………………………………….…….. ***OB**, p # 49*

§16-45(A) **DUE PROCESS VIOLATION**………………………… ***ADD # 36***

§16-46 (D) ………………………………….. ***OB**, p # 22, p # 30, p # 55*

§18-40……………………………………………………….…... ***OB**, p # 43*

§19-5……………………………………………….. ***OB**, p # 20, p # 23, p # 43*

§19-10………………………………………………… ***OB**, p # 20, p # 23, p # 43*

§19-32 ………………………………………………... ***OB**, p # 20, p # 23, p # 43*

§19-32(B)…………………………………………….…..………….***OB**, p # 23*

§19-42 ……………………………………………...………….. ***OB**, p # 43*

§19-50……………………………. ***OB**, p # 2, p # 38, p # 40, p # 43*

§19-51(A-E) …………………………………….. ***OB**, p # 20, p # 23, p # 43*

§19-51(D) (such as a manual) ………………………………….. ***OB**, p # 20*

§19-51(E)………………………………………………………….. ***OB**, p # 23*

§19-52……………………………………………………………... ***OB**, p # 43*

§19-54(D)(4) ………………………………………………….. ***OB**, p # 40*

§19-57………………………………………………………….. ***OB**, p # 43*

§19-55………………………………………………………….. ***OB**, p # 54*

**Appendix 19A (Relevant Provisions of the Whistleblower Protection Ordinance §2-100 of The Denver Revised Municipal Code)** …………………………………. ***OB**, p # 43*

§21-21(A): **NEW EVIDENCE**……………………………………...***OB**, p # 49*

§21-21(B): **Erroneous Interpretation** ………… ***REC**, p # 1429, pp # 1435- 1444, p # 1473 (N. # 25)*

§21-21(C): **Policy Setting Precedent** ……………………………… ***OB**, p # 32, p # 49, p # 52*

§21-21(D) **Insufficient Evidence**………………………………..…… ***OB**, p # 30*

§21-29………………………………………………………….. ***OB**, p # 6*

- **DEFENDANT-APPELLEES' GUISED** (EMPH) **C & C DEN** CSR (*Id.* at *ADD,* # 3) **CHARGES:** §16-28(A); §16-28(F); §16-28(R); §16-28(T). **ONLY** (EMPH) **AUTHORITIES IDENTICALLY ALLEGED** for BOTH suspension & termination —**VOL VII: §7.104(B)** (*REC, pp # 1383-1384*) & *PRO SE'S* (EMPH) **"EX G: VOICES"** (*REC, pp # 944-955*) ……***OB**, p # 32*

### C & C DEN Career Service Hearings & Appeals

*In re Gallo*, CSB 63-09A (3/17/11) …………………………………...……***OB**, p # 43*

▓▓▓▓▓▓▓ *v. Denver Human Services 73-18_76-18_80-18_* 7/12/19……………

- https://denvergov.org/files/assets/public/v/1/hearings-office/documents/hearings/▓▓▓▓▓▓▓▓ csa_73-18_76-18_80-18_decision_7-12-19.pdf
- ***REC***, pp # 7-20
- ***OB**, p # 5, p # 8, pp # 30-31, p # 41, p # 45, p #55*

*IN RE KOONCE*, CSB 36- 13, (10/ 16/14) ..........................*REC, pp # 1428-1450; REC, pp # 1469-1476*.......................................................................*OB, p # 43, p # 45*

*In re Leslie*, CSA 10-11, 20 (12 /5/11) ...........................................*OB, p # 32, p # 43*

<u>*LOMBARD-HUNT, LYNNE*</u>, (3/3/08) (Order 12/24/07) (Order 12/5/07) ...* HIDDEN/ CONCEALED FROM PUBLIC * .........*Id.* at *ADD, # 29*............................ .............................................................................*OB, p # 41, p # 57*

*In re Muller*, CSB 48-08, 2 (10/24/08) ...........................*OB, p # 43, p # 54 (N. # 251)*

*In re Ortega*, CSA 81-06, 14 (4/11/07) ............................................*OB, p # 43*

<u>*IN PROCTOR*</u>, CSA 52-07 ( 1/3/08) ......* <u>Plot</u>kin (#18133) (INACTIVE) HO & *PRO SE* Protected Witness * ..................................................*OB, p # 41, p # 43*

*In re Wehmhoefer*, CSA 02 -08, 4 ( 2/14/08 )........................*OB, p # 43, p # 54 (N. # 251)*


### <u>Denver Human Services ("DHS") Child Welfare ("CW") Policy: "VOICES"</u>

*PRO SE'S* (EMPH)*EX* "G" *Id.* at *REC, pp # 944-955*.......................*OB, pp # 31-32, p # 44*

## <u>LIBERAL CONSTRUCTION DISCLOSURE</u>

All issues to be raised on appeal **never required.** ***Wigginton v. DENVER & R.G.R. Co.,*** 118 P. 88 (Colo. 1911).

**"TRAPPED"** [1] **FOR OPTIONAL EXHAUSTED <u>ADMIN.</u>** (EMPH) **REVIEW — ANALAGOUS** explicitly **RE-CITED** [2]**—** ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted):

"*Pro se* litigant's pleadings are to be construed liberally and held to a **less stringent standard** than formal pleadings drafted by lawyers. **This rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail.**" *Id.* **This applies to all proceedings involving a *pro se* litigant.**" *Id. at FN3.* EMPH.

**FURTHERMORE —** ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); "The duty to liberally construe a self-represented litigant's pleadings **includes a duty to consider allegations found in other documents filed by the litigant.**" ***Estelle v. Gamble***, 429 U.S. 97, 106 (1976)[3]; **AND** "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." ***United States v. Estep,*** 760 F. 2d 1060, 1063 (**10th Cir. 1985**).

---

[1] ***Darby v. Cisneros***, 509 <u>U.S.</u> 137, 113 S. Ct. 2539, 125 L.Ed. 113 (193).
[2] *CF, p* # 124; *22CA336* CF, p # 299-347
[3] 22CA1542: ***PRO SE*** 8/28/23 Motion, *p #5*

Deprived due process **'full and fair opportunity'** [4] to litigate **MARITAL** [5]

(**"LOSS OF CONSORTIUM"** [6]) **AND SEX (PREGNANCY, CHILD)** [7]

**DISCRIMINATION, RETALIATION, AND WHISTLEBLOWING CLAIMS**

— moved **but-for C & C DEN CSR §19-50** [8] **denied** — supplied with necessary

information showing *PRO SE* adversely affected or aggrieved — **C.R.E. 201(d)** —

***COA* owes duty and shall** take judicial notice of all **95** (EMPH) adjudicative **9/11/20**

Judicial Complaint facts (*CF, pp # 1-12*) **WITH** **CITATIONS** (*CF, pp # 207-248*) —

review its own records of prior litigation closely related (**19CA1044 = 22CA336**,

22CA999, 22CA2179) — whole parallel/ privity related **ICAO** (**2020CA286**) **FOLIO**

(*ADD, #35*) — and **C.R.S. § 24-4-106(7)** whole herein **22CA1542** appeal or

**portions cited by *PRO SE*** with consideration of allegations found in other documents

*PRO SE* filed.

---

[4] *Johnson v. Spencer*, 950 F. 3d 680, 693 (10th Cir. 2020) (quoting *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, 847 F. 3d 1221, 1239 (10th Cir. 2017)
[5] *CF, p # 11; REC, p # 17, p # 309, p # 326, p # 345, p #563*
[6] Constitutes an injury under **CGIA**, and gives rise to separate and individual right of recovery on behalf of the spouse claiming loss of consortium. *Smith v. Winter*, 934 P.2d 885 (Colo. App. 1997).
[7] *REC, p # 1121*
[8] *REC, p # 1444*

## JURISDICTIONAL STATEMENT

### THE SUPREMACY CL [9]; U.S. CONST. U.S. CONST. ART VI CL II AMEND. I, V, XIV (DUE PROCESS CL); 28 U.S.C. §2072; AND FED. RULES CIV. PROC., RULE 60(b)(4):

> "Judgment is a **VOID** judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process."

### ISSUES ON APPEAL

Whether public entities or employees thereof [10]; plainly incompetent officers or ones knowingly violating law [11]; the court or a member is corrupted or influenced or influence is attempted or where judge has not performed judicial function – thus where the impartial functions of the court have been directly corrupted [12] — intricately intertwined — **U.S. CONST. ART VI CL II** VOID — **EEO WHISTLEBLOWER BLACK LATINA OBLIGEE FOR MEDICAL NEEDS BENEFICIARY CHILD (MIG)** *ET UX AKA "PRO SE"* **SUFFERS IRREPARABLE INJURIES OF DAMAGE OR DESTRUCTION OF LIFE, LIBERTY, PROPERTY** *IN*

---

[9] 8/28/23 Motion, pp # 3-4
[10] **C.R.S.** § 24-10-109
[11] *Lassiter*
[12] *Bullock v. United States*, 7 F. 3d 384, 391 (3rd Cir. 2005) (citing *United F.2d 194, 198 (* *Tonelli*, 63 F.2d 1115, 1121 (10th Cir. 1985).

Page

# DEPRIVATION AMEND. I, V, XIV (DUE PROCESS CL) AND EQUAL PROTECTION OF THE LAWS TO:

1. Have venue changed?

2. Judge reassignment notice, consent, and owed duty of assigned judge to sit on case?

3. Declaratory Decrees?

4. Open equal access to state courts and to proceed *in forma pauperis*?

5. Rules of procedure, evidence; power to prescribe; service; filing of pleadings and other papers?

6. Judge substitution prior to/for rendered judgment VOID relief?

7. COLO. APA: C.R.S. § 24-4-106 *ET SEQ.*?

8. Unemployment (15-day unpaid suspension & termination) benefits?

9. *Res Judicata Collateral Estoppel*?

10. Impropriety appearance justifying disqualification?

11. Discrimination, retaliation, whistleblower retaliation, perjury, defamation, post retaliation, 'full and fair opportunity' to litigate claims in administrative and judicial tribunals?

## STATEMENT OF CASE

### I.     NATURE OF CASE

9/12/22 — *PRO SE* timely lodged herein 22CA1542 [13] appealing 7/28/22

DEN D.C. Order [14] issued **WITHOUT** (EMPH) **REQUIRED DUE PROCESS**

**REASSIGNMENT NOTICE, CONSENT, REGARDING FURTHER**

**JUDICIAL REVIEW, AND NOT AUTHORED BY ASSIGNED** (EMPH)

**JUDGE** [15] (VALLEJOS #21028) [16] — *BUT-FOR* Scoville #31182 [17] **AFFIRMING**

— **DEFENDANT-APPELLEE BOARD'S** [18] *AT-ISSUE* 8/26/20 *NUNC PRO*

*TUNC* 12/19/19 **(EMPH)** final agency decision [19] — of **APPOINTED**

**ABUSIVE BIAS** [20] "cherry-picking" [21] "plotting" [22] **HO** [Bruce A. Plotkin #18133

(Inactive)] 7/12/19 **PUBLICIZED** [23] (EMPH) **UNCONST.** (EMPH)

**DECISION — UPHOLDING FOUR** (EMPH) **INVOLUNTARY ADMIN.**

---

[13] *CF,* pp # 266-271
[14] *CF,* pp # 249-265
[15] *People* v. *Thoro Prods.; ISSUE # 2*
[16] *CF.* p # 284
[17] *CF.* p # 265
[18] Appointed to serve **at the pleasure of Mayor** in positions specifically designated or created by Mayor. *DEN, COLO- Code of Ordinances, ART II.-Mayor and Executive Departments.*
[19] *REC,* pp # 1477-1482; *ADD,* # 1
[20] *REC,* p # 1429; pp #1439-1476
[21] CF, p # 132, p # 135, p # 138, p # 144, p # 231, p # 258
[22] CF, p # 95, p # 106, p # 130, p # 149, p # 210 (#25), p # 229 (N. # 19), pp # 231-233
[23] https://denvergov.org/files/assets/public/v/1/hearings-office/documents/hearings/̶M̶̶̶̶̶̶̶̶̶̶/ csa_73-18_76-18_80-18_decision_7-12-19.pdf

LEAVE SUSPENSIONS [24] AND <u>12/7/18</u> UNLAWFUL DISCHARGE OF HER *C & C DEN* [25] (EMPH) **EMPLOYMENT** — as (reargued throughout):

**THE ONLY** (EMPH) married (*"ET UX"*), **Black**-Latina, with pregnancy, childbirth, related medical conditions [26], Denver Human Services ("DHS") Emergency Response Team ("ERT") Social Case Worker- CA2686.[27]

<u>8/24/20</u> (EMPH) — *COA* **MANDATED** jurisdiction of **parallel and in** privity timely filed <u>2020CA286</u> [28] : ~~████████████~~ *. Industrial Claim Appeals Office ("ICAO") and C & C DEN City Agencies Under the Mayor,* back to **ICAO** [29] — **AND** <u>VERY SAME DAY</u> (EMPH) — WEISHAUPL **#19031** (Ret.) **DENIED NON**-contested **CHANGE OF VENUE** (EMPH).[30]

<u>8/26/20</u> (EMPH) — **EXACTLY** <u>TWO DAYS</u> *AFTER* — far departed from accepted and usual course of **ADMIN. PROCEEDINGS VIOLATING CSR §21-29**: "…Board **SHALL** issue its decision **within sixty-three (63) calendar days** after

---

[24] **11/5/18**, 15-day unpaid suspension began 11/6/18; involuntary leave: 11/21/18 to 11/26/18; 11/27/18 to 12/4/18; **and** 12/4/18 to 12/7/18.
[25] **Denver and Denver Human Services are not considered same entity under Colorado law.** The Colorado Human Services Code recognizes that state and county departments are separate entities with separate roles in providing services. Colo. Rev. Stat. § 26-1-103. Denver is a consolidated city and county government, and is a municipal corporation organized and existing under laws of the State of Colorado. *COLO. CONST. ART. XX, § 1.*
[26] *CF*, p # 1 (# 3—#6)
[27] *ADD*, # 4(i)
[28] <u>2/13/20</u> **NOA**; *ADD*, # 35, pp # 2428-2246
[29] *ADD, # 35, (FOLIO)*
[30] *ADD*, # 27, p # 2

the date on which the final brief is submitted" [31] — **BOARD** [32] <u>**VIOLATED**</u> **ABSOLUTE** (EMPH) ***Olmstead v.*** <u>***DIST. CRT. OF 2nd JUD. DIST***</u>. (EMPH), 403 P. 2d 442 (1965) — **BY ABUSIVE** <u>8/26/20</u> (*REC, pp # 1477-1482*) <u>***NUNC PRO TUNC***</u> (EMPH) "**LAST BOARD MEETING**" [33] OF <u>**ONLY**</u> BLACK (race) **WOMAN** (sex) **TRACY WINCHESTER** [34] — <u>12/19/19</u> (*ADD, # 1*) — **FINAL AGENCY DECISION** <u>**WITHOUT REQUIRED**</u> (EMPH) **DUE PROCESS NOTICE TO** <u>***PRO SE***</u> **REGARDING FURTHER DISCRIMINATION CLAIMS ADMIN. REVIEW RIGHTS** [35] **BY** <u>**EEOC**</u> (EMPH) **OR JUDICIAL REVIEW CONCERNING OTHER PROHIBITED PERSONNEL PRACTICES CLAIMS AND** <u>**REQUIRED** ***DE NOVO*** **REVIEW**</u> of factual findings and laws.

<u>8/26/20</u> (EMPH) — <u>**VERY SAME DAY**</u> **DEFENDANT-APPELLEES'** [36] **FURTHER DENIED** privacy protection name redaction request [37] — when ***PRO***

---

[31] ***ADD***, # 3, p # 191
[32] ***ADD***. # 43, pp # 20-22
[33] *CF*, p # 116 AND ***ADD***, # 2
[34] ***ADD***, # 43, p # 20
[35] Title VII 1964, 1991; 42 U.S.C. § 2000e
[36] <u>**PLOTKIN #18133**</u> **(Inactive),** <u>**CAT**</u>ALANO **#39773, AND** COLO. U.S. D.C. MAG <u>**MEH**</u>; ***ADD***, # 30, # 31, # 33, # 34
[37] ***ADD***, # 34, pp #21-43

*SE'S* name **NEVER** **PROTECTED BY C.R.S. §19-1-307(1)(a) AND LAWS** [38] as

**7/18/18** child ("**AM**") fatality "**REPORTER NAME** ████████████" [39]

[40] — **AND AFFIRMATIVELY CONTRARY** [41] **7/12/19** **PUBLICIZED** Order

at *REC, p # 7*, "**ABSURD**" [42] *N. # 1:*

> "WHILE THIS REDACTED DECISION IS POSTED PUBLICLY, THE FILE WILL REMAIN UNDER SEAL DUE TO NUMEROUS REFERENCES TO INDIVIDUALS PROTECTED BY LAW."

**DEFENDANT-APPELLEE HO** (1/20/23) **AND DEN CTY** SMALL

**CLAIMS COURT** (11/17/23) **VIOLATE U.S. CONST. AMEND I, 5 U.S.C. §**

**552 FOIA, CORA**: C.R.S. § 24-72-201 — *IN* **PUBLIC CONCEALMENT**—

**ANALOGOUS** [43] **C & C DEN** ORDERS *Id. ADD, # 28, # 29, # 32, # 45* —

**WHEN BOTH  EXPLICITLY MENTION** *PRO SE* **AND PRESENT**

**BLACK** (race), **FEMALE** (sex), **U.S. VICE PRESIDENT'S ("VP")** membership

within INC. SORORITY — *Alpha Kappa Alpha* [44] ("*AKA*").

---

[38] *Peck v. State of Colorado, et al.*, 19-CV-03450-RBJ-<u>MEH</u> / *Peck v. McCann, et al.* [10932361] at <u>22CA1542</u>: 8/28/23, ATTACH # 6; U.S. CONST. ART.VI CL II; AMEND I, V, XIV; COLO. Children's Code VOL. VII; Colo. Privacy Act 2021
[39] *REC,* p # 712
[40] *REC,* p # 74: 10-14, *TR* (Scheuermann)
[41] *Schuster v. Zwicker*
[42] *REC,* p # 1479 (N. # 2)
[43] "African-American" (race) darker (skin color) Davis AND Landrum; *ADD,* # 13 (12/13/18) property deprivation; 42 U.S.C. § 1983, § 1985(2)(3) violations.
[44] *ADD,* # 28, # 29

***IBID.*** Affirmatively re- exerting protected activities before/with **MEH;** knowledge of **COLO.** *"STAPLETON SPOILS SYSTEM HUB"* / *"Spike Lee's BLACKkKLANSMAN"* HISTORY; AND ***DR. CALDERÓN v. HANCOCK & C & C DEN, ET AL.* (MEH-PAB)** [45] — in giving continued support [46] and advocacy [47] for civil rights, **Black** girls and women, her ***SOROR*** U.S. V.P. **KAMALA HARRIS, AND *DR. CALDERÓN*** FOR *C & C DEN* MAYOR — **SAME EXACT DAY** (EMPH) DEFENDANT-APPELLEE **HANCOCK'S RE-ELECTION —** 6/4/19 (EMPH) — during **PREJUDICE C & C DEN** Hearing — *PRO SE* exerted **"RIGHT TO VOTE"** *IN* HER CLOSING ARGUMENT.[48]

## ARGUMENT SUMMARY

Evidenced by ***Peck v. State of Colo., et al.***, 19-CV-03450-RBJ-**MEH** (EMPH) / 21-1125 - ***Peck v. McCann***, *et al.* [10932361]; *Jessica* (Hispanic-white) *Calderon v. DHS*, 1:19-CV-03606-KLM; ▓▓▓▓▓▓▓▓▓▓▓ *C & C DEN, ET AL.*; 21-CV-02362-RM-**MEH** (EMPH) / 21-1223; **BLACK- LATINA *DR. CALDERÓN* v. HANCOCK AND C & C DEN ET AL.** D.C. No. 1:18-CV-00756-**PAB**-**MEH** (EMPH) / 19-1388[49]; 2020CA286 ▓▓▓▓▓▓▓▓▓▓

---

[45] 8/28/23 Motion ATTACH # 4
[46] ***ADD***, # 46
[47] ***ADD***, # 13
[48] ***ADD***, # 10, 6/4/19 CLOSING ARGUMENT; 22CA1542: 8/28'23 Motion
[49] 8/28'23, Motion, Attach # 4 — 7



*v. ICAO and C & C DEN ET AL.*; *MRG v. TOUSSAINT ET AL.*[50];

AND *JURINSKY v. ARAPAHOE COUNTY DEPARTMENT OF HUMAN*

*SERVICES ET AL.*, <u>22</u>-CV-02201-<u>MEH</u>-<u>PAB</u> (EMPH) — wherein *HEREIN*

DEFENDANT-APPELLEES' are named and/or have participated — *SEE CF,*

*pp # 119-120*:

"**Demanded jury and judicial review** may better comprehend herein employment case matters complexity *in-part* to **2020 Netflix documentary** "<u>The Trials of Gabriel Fernandez</u>" and California's 2nd District Court of Appeals…"

DEFENDANT-APPELLEES "<u>ACTIONS</u> prevented the system from working in whatever way it might have **HAD** <u>**THEY**</u> **DONE THEIR JOBS HONESTLY**, and offered **no incentive for**" Black (race), **women** (sex), **SOCIAL WORKERS'** reflective of **COLORADO'S CONSTITUENTS'**, who devotedly served and were brave in testifying truthfully, *BUT-FOR* testimonies and professional reputations **PUBLICLY MISCHARACTERIZED**; or herein **INDIVIDUAL SOCIAL WORKER** who pre and post-maternity and seven years surviving has worked tirelessly **ABOVE AND BEYOND OWED DUTIES NOT ONLY TO PROTECT** THOSE targeted by *"KARENS"* — **NEVER REPRESENTATIVE OF VERY TASK AND MISSION THEY WERE PUBLICLY ENTRUSTED**

---

[50] 8/28/23 Motion ATTACH # 7

— "investigating child abuse and neglect"; "Helping Those In Need and Out of Harm's Way" — but **IRREPARABLY APPEARS** as declared by WHITE (race) **AURORA CITY COUNCILWOMAN** — "*WHITE-WASHED*" [51]; **AND CORRUPTED** clothed actors' *IN* **THEIR** "WAR" [52] **TO COMPLY WITH SOLEMN OATH TO THE GREATER COLO. AND U.S. CONST**.

## ARGUMENTS

Incorporated by this reference, all above and below paragraphs, arguments, and allegations herein and found in other documents *PRO SE* filed or cites, re-argued for all issues (11) below:

ISSUE 1 — *IBID.* RIGHT TO HAVE VENUE CHANGED?

A.    **STANDARD OF REVIEW:** 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)(3); **C.R.S**. § 24-4-106 (7) **AND** § 24-10-109; 28 U.S.C. §2072; C.R.C.P. 98; *Adamson v. Bergen*, 15 COLO. App. 396, 62 P. 629 (1900); *Fletcher v. Stowell*, 17 COLO. 94, 28 P. 326 (1891); *Darby v. Cisneros*, supra, 509 U.S. at 147, 113S. Ct. at 2545, 125 L.Ed.2d at 123 — laws misconstrued or misapplied, **C.R.E. 201(d) 2020CV11**, along with factual findings to be determined *DE NOVO*.

---

[51] *JURINSKY* v. CDHS *et al.*, 22-CV-02201-MEH-PAB
[52] *Cooper v. Aaron*

Page **11** of **57**

**B.    PRESERVATION ON APPEAL:** 22CA1542: *ADD*, *#27*; *ADD*, *#27.5*; **1/17/23** Motion for Leave to Amend *9/12/22* NOA; **7/16/23** Motion to SUPP. *REC*; **8/28/23** Motion w/ Multiple Req. (Pub. Interest Injunct. & Dec. Jud, 3rd Supp. Rec. Req.), *p # 20*, "*f*".

**C.    DISCUSSION:**    1/13/20 — *PRO SE* timely filed C.R.C.P. 106(a)(4) Complaint.[53] **Disclosure**[54] of wrong venue was **NOT UNTIL 7/16/20.**[55] **EIGHT DAYS** *AFTER PRO SE* filed **7/24/20 NON**-contested (EMPH) JDF 1323 motion for change of venue to **C & C DEN**[56] — Elizabeth Weishaupl **#19031 (Ret.)** **DENIED**: **"PLAINTIFF'S MOTION FOR CHANGE OF VENUE WILL NOT BE ADDRESSED"** (*ADD*, *#27*, *p # 2*) (EMPH) — **SAME DAY** (EMPH) *COA* 2020CA286 **(ICAO)** Mandate — **8/24/20**.

**AFFIRMATIVELY CONTRARY**[57] **LAWS** *Id.* at **STANDARD OF REVIEW — NEVER** "*A PLAIN, SIMPLE, AND PROMPT JUDICIAL REMEDY TO PERSONS OR PARTIES ADVERSELY AFFECTED OR AGGRIEVED BY AGENCY ACTIONS*"[58] — **UNWARY TRAPPED**[59] *PRO SE*

---

[53] *ADD*, *# 16*
[54] *Adamson v. Bergen*
[55] *ADD*, *# 26*, Order **DENYING** *PRO SE'S* 6/11/20 motion for default judgment
[56] *ADD*, *# 7*
[57] *Schuster v. Zwicker*
[58] **C.R.S.** § 24-4-106 (7)
[59] *Darby v. Cisneros*

— **NEVER WAIVED HER RIGHT** to change of venue [60]; applied; showed good cause; change of venue was **NON-**contested and warranted [61] — *BUT-FOR ULTRA VIRES* [62] <u>DENIED</u>.[63]

<u>ISSUE 2</u> — *IBID.* JUDGE REASSIGNMENT NOTICE, CONSENT, AND OWED DUTY OF ASSIGNED JUDGE TO SIT ON CASE?

A.    **STANDARD OF REVIEW:**    U.S. CONST. ART VI CL II; 28 U.S.C. §2072; F.C.R.P. 5(B)(E)(F); C.R.S. § 13-3-111; C.R.C.P. 5(B)(2)(B)(D); *People v. Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001), AND **COLO. CODE JUD. COND. 48 C.J.C. Judges § 47 Rule 2.7** — laws misconstrued or misapplied, along with factual findings to be determined *DE NOVO.*

B.    **PRESERVATION ON APPEAL:**  22CA1542: *SUPP CF, p 4 at #15; SUPP CF, p 11 at #32; SUPP CF, p 13 at #35; SUPP CF, p 15 at ¶6; **PRO SE'S** Opening* Brief and 8/28/23 Motion Cover Captions; **8/28/23** Motion ATTACH #7: *MRG v. TOUSSAINT ET AL.;* **ADD**, *#47.*

C.    **DISCUSSION:**  **UNDISPUTED FACTS:**

---

[60] 28 U.S.C. § 2072; C.R.C.P. 98
[61] *Fletcher v. Stowell*
[62] 42 U.SC. § 1983 & § 1985(2)(3); C.R.S. § 24-10-109
[63] *ADD,* # 27, p # 2

**1.)**     CATALANO **#39773 AND** PIERCE **#27881** jointly filed *ELECTRONICALLY* **WITH TRIAL COURT** [64]— Response to Opening Brief **11/3/21** [65] — WHICH **TWO DAYS LATER** (EMPH) <u>**WITHOUT**</u> **DUE PROCESS REQUIRED REASSIGNMENT NOTICE OR CONSENT** —— SCOVILLE **#31182** — "REVIEWED." *CF, p # 284*

**2.)**     SCOVILLE **#31182** —— **NEVER** (EMPH) ruled on *PRO SE'S* <u>**11/18/21**</u> motion for DEFENDANT-APPELLEES' **to cure or provide evidence of mailing** response and request for reply extension pursuant to **F.C.R.P. 5(B)(E)(F) AND C.R.C.P. 5(B)(2)(B)(D).** [66]

**3.)**     **PREJUDICED** *PRO SE* filed Reply Brief <u>**11/29/21**</u> welcoming Oral Argument. *CF, pp # 203-248.*

**4.)**     **WITHOUT ORAL ARGUMENT, CONSENT, AND** *PRIOR* **TO** <u>ASSIGNED</u> (EMPH) **DEN D.C. JUDGE MICHAEL J. VALLEJOS #21028** <u>**PUBLICLY**</u> **LEAVING OFFICE** <u>**7/30/22**</u> [67] (EMPH) —— SCOVILLE **#31182** —— **AFFIRMED** *AT-ISSUE* **UNCONST.** <u>8/26/20</u> *NUNC PRO TUNC* <u>12/19/19</u> **BOARD FINAL DECISION AND ISSUED ORDER** <u>**WITHOUT**</u>

---

[64] *CF*, p # 244
[65] *CF*, pp # 169-195
[66] *CF*, p # 284; pp # 196-202
[67] *CF*, p # 284

(EMPH) **REQUIRED DUE PROCESS NOTICE TO** *PRO SE* **REGARDING FURTHER JUDICIAL REVIEW** 7/28/22.[68] EMPH.

    5.)    **AFFIRMATIVELY CONTRARY** [69] **LAWS** *Id.* **at STANDARD OF REVIEW** — VALLEJOS #21028 [Toussaint #41379; Dorancy #32067] — **OWED DUTY TO SIT ON ASSIGNED CASE NO.(s)** 2020CV405 [18DR1690 **(ARAP.CTY)**; 21DR45**(DEN CTY)**]. [70]

ISSUE 3 — *IBID.* DECLARATORY DECREES?

**A.**    **STANDARD OF REVIEW:** 28 U.S.C. §2072: C.R.C.P. 16.2; 122; **42 U.S.C.** § 1983; § 1985(2)(3); *Don J. Best Trust v. Cherry Creek Nat. Bank,* 792 P.2d 302 (Colo. App. 1990); *In re Anderson,* 252 P.3d 490 (Colo. App. 2010); C.R.S. § 24-10-109; *In re Estate of Lewin* 42 Colo. App. 129, 595 P.2d 1055, 1057 (1979); **C.R.S.** § 13-3-111; §14-2-301; § 14-10-115; § 14-10-122; §14-10-123 *ET SEQ.* **CLEARLY ERRONEOUS** [71], **SUBJECT ABUSE OF DISCRETION, WARRANTS RECALL, REVERSAL, RELIEF.**

---

[68] *CF,* pp # 249-265
[69] *Schuster* v. *Zwicker*
[70] *People* v. *Thoro Prods.*
[71] *Quintana v. City of Westminster,* 56 P.3d 1193, 1196 (Colo. App. 2002) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)

B.    PRESERVATION ON APPEAL: *RES IPSA LOQUITUR PRO SE'S*

<u>9/23/19</u> *19CA1044* OPENING BRIEF (56 pgs.)[72]; *2022CA336 CF, pp # 12-26*;

*19CA1044, CF, pp # 282-304*; *22CA1542* <u>8/28/23</u> Motion ATTACH. #2 and #7

*MRG v. TOUSSAINT ET AL.,* 1:<u>23</u>-CV-00529-GPG-<u>KLM</u>-STV-<u>LTB</u>.

C.    DISCUSSION: AFFIRMATIVELY CONTRARY [73] 9/12/18 <u>PRE-</u>

<u>DECREE</u> Case Management Order R06/17 [74] and **PARTIES NON –** contested

5/15/17 <u>POSTNUPTIAL DECREE</u> with 4/23/17 *ADD.*[75] — was/is 19CA1044

(EMPH) **DISPOSITION REMITTITUR** [76]; 9/9/20 (EMPH) **DENIED**

**C.R.C.P. 16.2(e)(10) RELIEF AND <u>UNCONST. VOID</u>** *amended* 4/6/19, *nunc*

*pro tunc* to 2/25/19 Decree, APR, Child (MIG) Support Final Orders of **NEVER**

**C.R.M. 6(b)(2) CONSENTED NOR ASSIGNED** <u>10/26/20</u> <u>(EMPH)</u>

<u>RECUSED</u> BENT MINDED BIAS <u>ECHO</u> RYAN #38699 — ISSUED

WITHOUT REQUIRED NON-APPEARANCE AFFIDAVIT (JDF 1201) OF

INCARCERATED (EMPH) *ET VIR.* (*22CA336, CF, pp #519-520*) *AFTER*

(EMPH) **2/25/19 <u>CONTESTED</u>** [77] (EMPH) BLATANTLY UNFAIR

---

[72] *Id.* at <u>12/9/2022</u> (EMPH) 21DR45 <u>DEN D.C.</u> EX ATTACH # 1
[73] *Schuster v. Zwicker*, 659 P.2d 687, 690 (Colo. 1983)
[74] *2022CA336 CF,* pp # 1-11
[75] *19CA1044 CF,* pp # 282-304
[76] <u>22CA336 CF</u>, *pp # 843-871*
[77] *19CA1044 TR* (2/25/19), p # 15:21-23

CONTINUED UNCONST. HEARING WITHOUT REQUIRED (EMPH) NOTICE TO 8/24/18 (EMPH) <u>IV-D</u> 03-422204-44-0A (ARAPAHOE CTY) FULL-SERVICE <u>CDHS</u> (EMPH); AND VIOLATING <u>ABSOLUTE</u> (EMPH) *Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* (EMPH), 403 P. 2D 442 (1965); **C.R.S. § 14-10-122; §24-51-1105; ART. VI, § 5 (3) OF COLO. CONST., COLO. C. J. DIRECT 95-03; C.R.C.P. 122 — SR. RETIRED JUDGE MULLINS #6659** <u>UNCONST.</u> **10/01/21 CONTESTED HEARING AND** <u>VOID</u> **12/16/21, 1/8/21, and 1/31/22 ORDERS** [78] WITH **EXTRINSIC FRAUD J. MATTHEW DEPETRO #12770 AND 4/18/19** (EMPH) **C.R.C.P. §16.2(A)** <u>NEVER EXEMPT</u> **ENTERED** <u>CDHS</u> **INTERVENOR** <u>KAT</u>HLEEN NOONE #44334. [79]

<u>ISSUE 4</u> — *IBID.* OPEN EQUAL ACCESS TO COLO. COURTS TO PROCEED *IN FORMA PAUPERIS?*

A.     STANDARD OF REVIEW:    42 U.S.C. § 1985(2)(3); 28 U.S.C. § 1915; F.R.A.P. 24(b)(2): Proceeding *In Forma Pauperis* ("When an appeal or review of a proceeding before an administrative agency, board…"); **S.C. COLO. C.J.**

---

[78] *22CA336 CF,* p # 1313-1328, pp #1451-1453, pp # 1492-1503
[79] *2022CA336 CF,* pp # 1338-1427

DIRECTIVE 98-01; Cost of Poor Person: C.R.S. § 13-16-103 — laws misconstrued or misapplied, along with factual findings to be determined *DE NOVO*.

**B.**    **PRESERVATION ON APPEAL:** 22CA1542: *PRO SE'S SEALED*, **12/9/22** JDF 205 Motion to File Without Payment with Attachments; **8/28/23** AND **1/17/23** Motions with Attachments.

**C.**    **DISCUSSION:   VIOLATING LAWS** *Id.* at **STANDARD OF REVIEW**, **C.J.** BAUMANN **#33253** [80]: "9/13/22 - MOTION TO WAIVE FILING FEE DENIED. LIQUID ASSETS EXCEED STATUTORY GUIDELINES." [81]

**AFFIRMATIVELY CONTRARY** [82]:

**1.)**    12/16/22 *COA* DENIED *PRO SE'S* 12/9/22 JDF 205 Motion to File Without Payment for **CONTEMPORANEOUS** appeals from **TAINTED-BIAS *DEN D.C.*** (EMPH) **20CA1542** (20CV405) **AND 22CA336** (21DR45). [83]

**2.)**    **ONLY** "Gross Monthly Income: Other Income" truthfully attested by *PRO SE* was **"CHILD SUPPORT"** AND **"RETIREMENT"** —

---

[80] **Defendant #20** —— *MRG v. TOUSSAINT ET AL.*
[81] *CF,* pp # 285-286
[82] *Schuster v. Zwicker*
[83] **22CA1542:** *COA* ROA; *SEAL,* 12/9/22 JDF 205 Motion to File Without Payment; *SEAL,* **EX #1,** Bates Stamped **#000931,** 1/17/23 Motion; 8/28/23 Motion.

which **C.J. BAUMANN #33253** [84] **ERRONEOUSLY DEEMED** "Income" **OR** "Liquid Assets" but **NEITHER** could be readily converted into cash *IN* **DEPRIVATION OF OWED DUTY TO** *MEDICAL NEEDS* **BENEFICIARY CHILD (MIG);** maintaining only home listed; **AND UNLAWFULLY TERMINATED <u>AND</u> DENIED UNEMPLOYMENT BENEFITS BY** DEFENDANT-APPELLEES' — <u>SEEK</u> [85] **EMPLOYMENT**.

3.)    **U.S. POSTAL MAILED** <u>9/13/22</u> JDF 206: FINDING AND ORDER CONCERNING PAYMENT OF FILING FEES: "**UNCLEAR AND WITHOUT ANY SELECTED CHECKBOX NEXT TO** "*ELIGIBLE*" **OR** "*NOT ELIGIBLE*." [86]

4.)    *PRO SE* disclosed **EXACT** (EMPH) financial circumstances *IN* <u>FED.</u> **U.S. COLO. D.C.** AO 239 (Rev. 01/15) App. to Proceed Without Prepaying Fees or Costs (**Long Form**) <u>**GRANTED**</u> (EMPH) <u>**12/23/22**</u>.[87]

---

[84] Defendant # 20 — *MRG v. TOUSSAINT ET AL.*
[85] *22CA336 CF*, pp # 1563-1564, <u>4/18/22</u> CHILD (MIG) SUPPORT MOD SWORN FIN. STMT AND CERTIF. OF COMPLY.; 8/24/18 FULL-SERVICE IV-D 03-422204-44-0A; C.R.S. § 14-10-115(5)(A)(III)(B)(C) verifiable/supported by *PRO SE's* <u>FED.</u> (EMPH) workforce innovation and opportunity act (WIOA) enrollment AND REQUIRED CDLE Dkt. 34484-2019 **JOB SEARCH**.
[86] *2020CA1542 SEAL*, *PRO SE* 1/17/23 Motion EX̃ # 1, Bates # 000931
[87] *2020CA152: SEAL*, 1/17/23 *PRO SE* Motion EX #5

**ISSUE 5 —** *IBID.* RULES OF PROCEDURE, EVIDENCE; POWER TO PRESCRIBE; RIGHT OF SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS?

A.    **STANDARD OF REVIEW:**    28 U.S.C. §2072; 42 U.S.C. § 1983; **F.C.R.P.** 5(b)(e)(f); 29 **C.F.R.** Part 1614; **C.R.C.P.** 5 AND 121 § 1 -15(8); **CSR:** §16-10 (A); §16-46 (D); §19-5; §19-10; §19-32 (b); §19-45; §19-51(D) (such as a manual); §19-51 (E); ***Dozier v. Ford Motor Co.***, 702 F.2d 1189, 1194 (D.C. Circuit 1983); ***Johnson v. Aetna Casualty and Surety Co.***, 630 P.2d 514, 517 (WY), cert. denied, 454 U.S. 1118 (1981) — misconstrued or misapplied, along with factual findings, to be determined *DE NOVO.*

B.    **PRESERVATION ON APPEAL:** *REC,* p # 1362; pp # 347-394; pp # 1277-1297; 02-Contemp.mtg. **AND** 05-Contemp.mtg 12-4 **AUDIO;** pp # 1428-1450; *CF,* pp # 116-168; *ADD,* # 43, p # 25; **8/28/23** Motion, p # 8 (Arguments #1-2); **AND ATTACH # 7:** *MRG v. TOUSSAINT ET AL.*, CLAIM X.

C.    **DISCUSSION:**    AFFIRMATIVELY CONTRARY [88] LAWS *Id.* at STANDARD OF REVIEW — UNDISPUTED FACTS:

---

[88] *Schuster v. Zwicker*

1.)    DUE <u>11/14/22</u> (EMPH) 2020CA1542 *REC* was **NOT** served unto *PRO SE* as **C.R.C.P. 5 REQUIRED** (EMPH) <u>UNTIL</u> **6/16/23**.[89] EMPH.

2.)    <u>5/19/21</u> —— <u>CAT</u>ALANO **#39773 AND** PIERCE **#27881** *JOINTLY* FILED <u>ONLY WITH TRIAL COURT</u>—— Response to Motion to SUPP & Cure Admin. *REC* and Req. for Extension of Time.[90] Copy hand-delivered <u>5/21/21</u> per *PRO SE* request. *Id.*

3.)    <u>10/19/18</u> (EMPH) — **SAME DATE** (EMPH) **TERMINATION AND ICAO DENIED UNEMPLOYMENT ADVERSE ACTION** — <u>**NOT**</u> pursuant *DE NOVO* <u>CSR §16-10 (A)</u>[91] (EMPH) — <u>**OHR**</u> DAVIS *<u>EMAILED</u>* (EMPH) pdf. **NOC Disciplinary Action." [92]**

4.)    <u>10/23/18</u> (Tue.) — **SAME DATE** (EMPH) **TERMINATION ADVERSE ACTION** — *PRO SE* WHISTLE-BLEW FOR <u>**OHR**</u> DAVIS <u>AND</u> <u>CAT</u>ALANO <u>**#39773**</u> **TO AFFORD DUE PROCESS OF COMPLETING PROCESS SERVICE OF WRITTEN NOTICE ANALOGOUS TO** <u>CSR §16-10 (A)</u>.[93] EMPH.

---

[89] 20CA1542 ROA; 6/16/23 *COA* Order
[90] *CF,* pp # 196-202
[91] *ADD,* # 3
[92] *REC,* pp # 637-642; *REC,* p # 642 (Cert. of Svc. **"hand delivered"** falsely selected by *omnibus* **perjurer EEO RMO** <u>HODSON</u>); *ADD,* # 10, EX *R,* p # 49 "RE: Continuing/ Escalating Hostility."
[93] *REC,* p # 1362

5.)    <u>11/27/18</u> (Tue.) —— RE-VIOLATING (EMPH) **DUE PROCESS SERVICE ANALOGOUS TO <u>CSR §16-10 (A)</u>** [94] **(EMPH) — <u>OHR</u> DAVIS DEPRIVED DUE PROCESS OF COMPLETING PROCESS SERVICE OF WRITTEN** (EMPH) **NOTICE AND _EMAILED_** pdf **"11/19/18 NOC** Disciplinary Action"** [95] —— _AFTER_ (EMPH) **TELEPHONING** _PRO SE_:

    "THE AGENCY WILL BE PLACING HER ON PAID ADMINISTRATIVE LEAVE **BECAUSE IT WOULD BE AWKWARD TO HAVE HER RETURN TO THE OFFICE UNTIL 12/4/18."** [96]

6.)    <u>11/28/18</u> (Wed.)[97] — **<u>NOT SEVEN (7) CALENDAR DAYS BEFORE</u>** (EMPH) <u>**12/4/18**</u> (Tue.) **SECOND** (EMPH) **Contemplation** (Termination) — HODSON, BERRY, BALL, **<u>OHR</u> DAVIS, AND <u>CAT</u>**ALANO <u>**#39773**</u> **KNOWINGLY** [98] (EMPH) — **"SPEED UP PROCESS"** [99] — **DEPRIVING** _PRO SE_ **DUE PROCESS OF** _DE NOVO_ <u>CSR §16-46 (D)</u> .[100] _REC, pp #_ 347-394; AND _REC 05-Contemp.mtg 12-4_. AUDIO.

---

[94] _ADD_, # 3
[95] _REC,_ pp # 347-394
[96] _REC,_ p # 1423 (N. #5)
[97] **1st class cert. mail:** "11/19/18 NOC of Disciplinary Action"
[98] _Lassiter_
[99] _REC,_ p # 1298
[100] _ADD_, # 3

7.)    HO [101] PLOTKIN #18133 (Inactive) — KNOWINGLY [102] VIOLATED CSR §19-45, §19-10, §19-32(B), §19-51(E) [103] ALLOWING UNTIMELY, INCOMPLETE, AND FRAUDULENT OBJECTED EXHIBITS SUBMITTED *AFTER* (EMPH) "**4/4/19**" DEADLINE — "ABSENT SHOWING OF A GOOD CAUSE" —— BY CATALANO #39773. *REC, pp # 1428-1450, REC pp # 572-577.* EMPH.

8.)    *IBID. PRO SE* preserved motion and objections of arguably incomplete, bias, and CATALANO #39773 *CATASTROPHIC* FAILURE to furnish all **40** pages of "accompanying exhibits" for **15-Day Suspension** (*REC, pp #* 637-642) AND **9** pages Termination (*REC, pp #* 695-700) Contemplations — AFFIRMATIVELY CONTRARY CSR §19-51, §19-5, AND §19-10. [104] [105]

9.)    DEPRIVED FAIR AND EQUAL TREATMENT, WILLFULLY placing *PRO SE* at disadvantage VIOLATING *Dozier v. Ford Motor Co* — "HELL BENT ON ASSISTING WHITE (race) Assistance City Attorney ("ACA") CATALANO #39773" AND NEVER ENTERED APPEARANCE WHITE

---

[101] *ADD,* # 8
[102] *Lassiter*
[103] *ADD,* # 3
[104] *ADD,* # 3
[105] *REC,* p # 619 (#1, #6)

Page **23** of **57**

(race), male (sex) Jordan Humphreys **#49348** [106] (EMPH) — ***PRO SE*** **FURTHER DEPRIVED DUE PROCESS RIGHTS AND REQUEST TO STRIKE "HER OWN EX B"** [107] (EMPH) — as "**EX B**" was **10/10/18** NOC of Discipline 15- Day Unpaid Suspension with "all accompanying **40 exhibits**"— which **CAT**ALANO **#39773** **FAILED** **TO TIMELY FILE BY "4/4/18" DEADLINE.** [108] EMPH.

10.)    **WITHOUT PROPER REQUIRED C.R.C.P. 121 § 1 -15(8) CONFERRAL** [109] WHITE (race), male (sex), "CHERRY PICKING PLOTTING" **HO PLOT**KIN **#18133 (Inactive) "SEQUESTERED"** 4/19/19, 4/20/19, **CONTINUED** 5/10/19, 6/3/19, AND **6/4/19** proceedings of **FROM PUBLIC**.

**ISSUE 6 —** ***IBID.*** **RIGHT TO JUDGE SUBSTITUTION PRIOR TO/ FOR RENDERED JUDGMENT VOID RELIEF?**

A.    **STANDARD OF REVIEW: SUBJECT ABUSE OF DISCRETION— WARRANTS REVERSAL. C.R.C.P. 97** ("Upon the filing by a party of such a motion all other proceedings in the case shall be suspended until a ruling is made thereon."); **60(b)**(3)(4)(5); **CODE JUD. COND. 48 C.J.C. Judges § 47**

---

[106] ***CF***, p # 207, ¶*1*; ***ADD***, # 10, 4/18/19 & 4/19/19 Hearing AUDIO; ***REC***, p # 1131(N.# 3); p # 1132, ¶1
[107] ***REC***, p # 622 ("Conclusion")
[108] ***REC***, p # 1443
[109] ***REC***, p # 1448 (N. #20); p # 1440, ¶1; p # 1470; p # 508 (#8 & #9); p # 335 (#6); p # 573 (#5)

Rules: 2.2, 2.3, <u>**2.11(A)**</u>, 2.7; **C.R.M.** 6(b)(2); *Kovacheff v. Langhart*, 147 Colo. 339, 363 P.2d 702 (1961); ***In re Anderson, Don J. Best Trust v. Cherry Creek Nat. Bank, United States v. Cooley,*** 1 F. 3d 985 (<u>10th Cir. 1993</u>) (citations omitted) — laws misconstrued or misapplied, with factual findings to be determined ***DE NOVO.***

**B.    PRESERVATION ON APPEAL:** *SUPP CF,* **pp # 1-26** (<u>*20CV405*</u>: 6/21/23 "Attpt. to Settle Org. C.R.C.P. 106(A)(4) & 106(A)(2) C.R.S. §24-4-106; Re-Consider Appear. Impropriety & Disqualify; **C.R.C.P. 97, Notarized Aff.**; Oral Argument/Hearing Clarify Admin. *REC.* & **C.R.C.P. 60(b)** Relief" **Motion**); <u>**8/28/23**</u> Motion with ATTACH # 3 & # 7; <u>11/24/23</u> **C.R.C.P. 97, Notarized Aff.**; <u>**12/9/22**</u> Notarized Aff. "*URGENT ATTN: C. J. BAUMANN COLO. RPC 8.3 REPORTING PRO. MISCONDUCT 28 U.S.C. §455, C.J.C. 2.11(A), 42 U.S.C. § 1983,* **C.R.C.P. 97** *(EMPH)*" <u>**21DR45**</u> Motion; <u>***19CA1044 CF,***</u> **p # 581:** "*NO NOTICE OF CHANGE OF MAGISTRATE.*"

**C.    DISCUSSION:**    <u>*7/24/23*</u> Order [110] — **AFFIRMATIVELY CONTRARY LAWS** *Id.* **at STANDARD OF REVIEW.**

---

[110] *SUPP CF*, p # 27

**CONSTITUTIONALITY** OF <u>7/28/22</u> [111] ; <u>7/24/23</u> [112] ; AND FINAL

<u>8/26/20</u> *NUNC PRO TUNC* <u>12/19/19</u> DECISION [113] Orders'; along with <u>all</u>

<u>C.R.C.P. 60 (b), 97</u> motions **DENIED** by MULLINS **#6659** [114], Trujillo **#34130** [115],

**DEN D.C.** *COA* LIASON Harris **#29556**, Jones **#16049**, Brown **#36768** [116];

PRATT **#12903 (Ret.)** [117]; and <u>ECHO</u> RYAN **#38699** [118]— <u>WITHOUT</u>

<u>REQUIRED</u> (EMPH) REASSIGNMENT NOTICE, CONSENT,

SUSPENDING UNTIL <u>C.R.C.P. 97</u> RULING <u>CHALLENGED</u>.

    <u>C.J.C. 2.11(A)</u>[119] CONFIDENCE *IN* <u>C & C DEN</u> ADMIN. AND <u>COLO.</u>

JUDICIARY <u>ERODED</u>.[120]


<u>ISSUE 7</u> — *IBID.* COLO. APA: C.R.S. § 24-4-106 *ET SEQ.* RIGHTS?

---

[111] *CF,* pp # 249-265

[112] *SUPP CF,* p # 27

[113] *REC,* pp # 1477-1482; *ADD,* # 1

[114] *22CA336 CF,* pp # 1492-1503

[115] <u>DEN D.C.</u> JUDGE TRUJILLO **#34130** <u>DENIED</u> *PRO SE'S* <u>C.R.C.P. 60(b)</u> Motion <u>12/27/22</u> (SAME DAY (EMPH) due date **22CA336** Opening Brief, hence <u>21DR45</u>, **12/27/22**, **REPLY** & **22CA2179**).

[116] <u>22CA336 *CF,*</u> pp # 843-871

[117] <u>22CA336</u> *CF,* pp #562-581; p # 999(#4)

[118] <u>22CA336</u> *CF,* pp # 586-587, **p** # 597, **p** # 590, **p** # 602, **p** # 616, **pp** # 621-622, **p** # 636, **pp** # 651-652

[119] 8/28/23 Motion, ATTACH # 7, *MRG v. TOUSSAINT ET AL.*

[120] <u>11/24/23</u> FINAL NOTICE: URGENT ATTN: *COA* C.J: **C.R.C.P. 97**, **Notarized Aff.** **Motion**, pp # 1-15.

**A.    STANDARD OF REVIEW:** C.R.S. § 24-4-106(7) **SHALL** apply to herein appeal claims brought under subsection (11).

**B.    PRESERVATION ON APPEAL:** *CF, pp # 203-248* **WITH** *CF, pp # 1-12*; *CF, pp # 116-168*; *REC, pp # 1428-1450; REC, pp # 1469-1476*; **8/28/2023** Motion.

**C.    DISCUSSION: C.R.C.P. 106(a)(4):** "We review the decision of the board, **NOT** that of the district court." *Woods v. CITY AND CTY. OF DENVER*, 122 p. 3d 1050, 1053 (COLO.APP.2005).

"We therefore review the decision of the administrative body itself, **NOT** that of the district court, **AND REVIEW** *DE NOVO* whether the agency abused its discretion. *Khelik v. CITY & CTY. OF DENVER*, 2016 COA 55, ¶ 12. As relevant here, an agency abuses its discretion if it has misconstrued or misapplied the law. *Id.* at ¶ 13.[121]

*PRO SE'S* A073-18, A076-18, A080-18 pleadings invoking **FOUR CSR §21-21(A-D)** [Fed. R. Civ. P. 56(c)] (EMPH) **grounds —**

**AGAIN** [122]:

"Limiting judicial review to only those materials directly considered by the ultimate decision maker would render the administrative record a "fictional account of the actual decision-making process" and hobble arbitrary and capricious review." *OVERTON PARK V. VOLPE*, 401 **U.S.** 402 (1971).

**GREATER** **COLO. CONST.** ART VI; ART II § 6 **&** § 25 (C.J. DIR. 05-03):

---

[121] **8/28/23** Motion, **p** # 8
[122] *CF*, pp # 132-133

**"AN ACCURATE RECORD OF ALL COURT PROCEEDINGS IS AN ESSENTIAL REQUIREMENT OF DUE PROCESS OF LAW AND IS REQUIRED BY ARTICLE VI AND ARTICLE II, SECTION 25 OF THE COLORADO CONSTITUTION."**

"Due process contains a "fair hearing" requirement and the parties **MUST** be provided with a fair opportunity **TO PRESENT EVIDENCE** concerning their contentions." ***Nesbit v. Industrial Commission.***

Inclusion of the judgment in the record is **MANDATORY**. Emph. ***J. & R. A. Savageau, Inc. V. Larsen***, 117 Colo. 229, 185 P.2D 1012 (1947).

## <u>AFFIRMATIVELY CONTRARY [123]:</u>

**C& C DEN BOARD** DEFENDANT-APPELLEE **PIERCE #2788 —**

**1.)**  Filed ***PARTIAL*** 2020CV405 certified ***REC 2/9/21.***[124]

**2.)**  <u>**FAILED**</u> to certify **COMPLETE** 2020CV405 ***REC*** proceedings pursuant to <u>**3/24/21**</u> **Order** (*in-part*):

> "It is granted to the extent that any documents, exhibits, or other materials considered by the Board are not currently in the record." [125]

**3.)**  Conferral admission — "Please note that the Board's only role in a Rule 106(a)(4) appeal is to file an answer and comply with the court's order to certify

---

[123] ***Schuster v. Zwicker***
[124] ***CF***, pp # 63-65
[125] ***CF***, p # 86; p # 282

Page **28** of **57**

the record. DDHS is the party that defends the appeal" [126] — *BUT-FOR*

HEREIN NOW <u>2020CA1542</u> WAS/IS <u>WITHOUT</u>:

    a. ORIGINAL OR CERTIFIED COPIES [EMPH] "Appellant's Pre-

Hearing Exhibits A-Z (Bates Stamped 000001-715)." *REC,* pp #

562.

    SUBSEQUENT <u>CORA</u> REVIEW [127] FURTHER PREJUDICE ——

*PRO SE*'S <u>50</u> EXHIBITS' —— marked alphabetically atop by handwriting **NOT**

of her own; poorly scanned; re-assorted into entirely different binder without her

*PRO SE*, LLC logo affixed afront (*SEE ADD, #11, #12*); and were pre-placed at

witness stand *AFTER* ABUSIVELY "CHERRY-PICKED" BY HO

DEFENDANT-APPELLEE — <u>PLOTKIN #18133</u> (Inactive).[128]

    VIOLATING <u>ABSOLUTE</u> <u>(EMPH)</u> — *Olmstead v. DISTRICT COURT*

*OF SECOND JUDICIAL DIST.* <u>(EMPH),</u> 403 P. 2D 442 (1965) — *NUNC PRO*

*TUNC* "<u>12/19/19</u>: Decision - CSB Consolidated Appeals 73-18, 76-18, and 80-

18, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ vs. Denver Human Services" — <u>NOW AT *ADD,*</u>

*#1.* EMPH.

---

[126] *CF,* p # 126, (#4), (N. #5)

[127] *ADD,* # 10

[128] *REC,* pp # 1129- 1416; # 1428-1450; # 1469-1476; *CF,* pp # 116-168

**IBID. JDF 610:** "I designate the following documents as relevant parts of such record, pursuant to §24-4-106(6), C.R.S… **CF, pp # 11-12.**

FURTHERMORE — **DE NOVO** <u>CSR §21-21(D)</u> [129]— AFFIRMED <u>7/12/19</u> PUBLIC Decision [130] — <u>**NEVER SUPPORTED BY SUBSTANTIAL COMPETENT EVIDENCE**</u> WHEN:

1.) **PRO SE** DEPRIVED DUE PROCESS OF 10/30/18 <u>WRITTEN</u> Response WITH <u>538</u> Bates Stamped Accompanying Exhibits — which <u>CSR §16-46 (D)</u> [131] **DE NOVO REVIEW** — <u>**NOT SEVEN (7)**</u> <u>**CALENDAR DAYS**</u> **BEFORE** — she detrimentally relied, reasserted, and re-argued during <u>12/4/18</u> (EMPH) Contemplation of Discipline — as dates were **INCORRECT** and for incidents' she had **already been UNLAWFULLY** disciplined for. **REC**, 02-Contemp.mtg. **AND** 05-Contemp.mtg 12-4 AUDIO.

2.) <u>9/20/18</u> —HEIGHTENED "MAGGOTS- NEGLECT" [132](EMPH) AFTERHOURS (EMPH) HOTLINE CALL (EMPH) <u>**EXCLUDED**</u> (EMPH) **BY EXTRINSIC FRAUD <u>CAT</u>**ALANO #39773 [133] — AND

---

[129] **ADD**, # 3
[130] **REC**, pp # 7-20
[131] **ADD**, # 3
[132] **REC**, p # 14 (5)(c)
[133] **REC**, p # 1438

PIERCE #2788 <u>NEVER</u> FILED OR CERTIFIED SUCH INTO *PARTIAL* 2020CV405 **OR** 22CA1542 RECORDS'.

3.)    FIRST DEGREE PERJURY— <u>NOTHING</u> *IN* ENTIRE TRAILS COPELAND (FATALITY) REFERRAL # 2870434; *REC, pp # 712-785* (DHS EX # 11), *# 1038-1085* (*PRO SE* EX T); OR *ADD,* #10, *pp # 1-189* (*PRO SE* EX T) — SUPPORTS *REC, p # 10.,* N. #5 PUBLIC <u>7/12/19</u> DECISION —

"BERRY AND HODSON WENT TO THE BC HOME AND PROCESSED THE CASE AS IF NO ASSESSMENT HAD BEEN DONE."

AFFIRMATIVELY CONTRARY [134] <u>RE-APPEARS</u> at *REC, p # 289* (BERRY *TR* 161:5-161:25); *REC, pp #731-738* (DHS EX # 11) — <u>PROVING</u> *PRO SE* UNLAWFULLY [135] ORDERED <u>7/19/19</u> (EMPH) BY/ WITH <u>HODSON</u> TO "BC FATALITY" MEMBERS HOME AND POSS. <u>ICWA</u> TRIBAL CHILDREN (<u>KM, NM</u>) <u>WERE NEVER</u> (BY *PRO SE*) (EMPH) <u>REMOVED</u> — WHERE DHS "<u>VOICES</u>" *Id.* at *REC, pp # 944-955* (*PRO SE* EX G) — *DE NOVO*

---

[134] *Schuster v. Zwicker*
[135] *REC,* p # 1355 (#22)

*RE-REQUESTED AND REQUIRED* — <u>NEVER REVIEWED NOR ANALOGOUS</u>.[136]

4.)   UNLAWFUL TERMINATION INCIDENTS — <u>9/20/18; 10/19/18; AND 10/23/18</u> — *DE NOVO* RE-REQUESTED, REQUIRED — <u>NOT</u> analogous to **"VOICES"** *(REC, pp # 944-955)* AND **"<u>VOL VII § 7.104 (B)</u>"** *(REC, pp # 1383-1384)*. [137]

5.)   <u>UNDER GUISE</u> CSR §16-28(R) AND §16-28(T:1-3) — SPECIFIC CONDUCT OF <u>11/5/18</u> SUSPENSION [*REC., PP # 314-316*] AND <u>12/7/18</u> TERMINATION [*REC., PP # 695-700*] LETTERS — <u>NEVER IDENTIFIED</u> [138] (EMPH) — *BUT-FOR* BOARD WILLFULLY <u>NEVER</u> *DE NOVO* REVIEWED *PRO SE'S* <u>ANALOGOUS CSR§21-21(C)</u> grounds [139] —

"Wrongdoing raised for the first time at hearing was an impermissible use of the disciplinary process, as the agency failed to provide notice of what conduct it considered in assessing discipline, and the employee was deprived of the opportunity to defend against the allegation." ***IN RE LESLIE***, CSA 10-11, 20 (12/5/11).

---

[136] ***REC,*** **p** # 1473; **p** # 1475
[137] ***REC,*** p # 1471 (N. #8)
[138] ***REC,*** p # 556, ¶5 "Appellant's Pre-Hearing Statement."
[139] ***CF,*** p # 157

C.R.S. § 18-8-502 AND § 18-9-121 SWORN TESTIMONIES BY C & C DEN DEFENDANT-APPELLEE <u>CAT</u>ALANO #39773 <u>ALL</u> AGAINST/ WITH *OMNIBUS* PREJUDICE *PRO SE* — *IN* <u>CHRONOLOGICAL ORDER</u> *Id.* herein at *pp # 13-14.*

THEREFORE, pursuant *BOARD OF COUNTY COMMISSIONERS V. SALARDINO,* 136 COLO. 421, 318 P. 2d 596 (1957) —COMPENTENT JUDICIAL DETERMINATION CAN BE MADE WHETHER DEFENDANT-APPELLEES' ACTED *ULTRA VIRES.*


<u>ISSUE 8</u> — *IBID.* UNEMPLOYMENT BENEFITS?

A.    STANDARD OF REVIEW:    C.R.S. § 8-43-308; C & C DEN CSR §9.62 ("After-Hours")[140]; SOCIAL CASE WORKER- CA2686 [141] *COMPARED TO* HUMAN SERVICES HOTLINE OPERATOR - CC2538 [142]; COLO. CCR SSR VOL VII: §7.103.1; §7.107.17; §7.103.11; §7.103.61; §7.103.4(F)[143]; CESA: C.R.S. § 8-73-108(4)(d) (h)(o); COLO. CODE, TITLE VIII, ART 73, §8-73-108(5)(e)(XX) [unemployment benefit disqualification criteria *Dawson v. Industrial*

---

[140] *REC,* pp # 1363 – 1368
[141] *ADD,* # 4
[142] *ADD,* # 5
[143] *REC,* pp # 1369 – 1416

Page **33** of **57**

*Commission* 660 P. 2d 924 (Colo. App. 1983)]; ***Dozier v. Ford Motor Co.***;

***Johnson v. Aetna Casualty and Surety Co.***; ***Hall v. Bellmon***; **CGIA**: C.R.S. § 24-10-109; **CADA: C.R.S. § 24-34-401** *et seq.* — laws misconstrued or misapplied, with

factual findings *Id. at **ADD, # 35**, pp # 2324-2350* [144]; ***ADD,** # 35, TR (4/23/19)*

[145], *pp # 646-672:3-6;* ***ADD,** # 35, TR (5/8/19)* [146], *pp #927-930:15-25;* ***ADD,** #

35, TR (4/3/19)* (HODSON), *pp # 599-600:4-17;* ***ADD,** # 35, TR (10/2/19), p #*

*1978:12-17* ("I believe I did testify that **their disciplinary actions had wrong dates,**

**and the Agency agreed, too.**" Followed by **CDLE ALJ** Rieke **#36206 (Inactive)**

"You testified to that."); ***REC,*** "**LONGWOLF**" (DHS **EX**) ***AFTERHOURS***

(EMPH) **AUDIO HOTLINE CALL** (EMPH) **AND *ADD,*** # 10 [147]., pp # 9-15 —

to be *DE NOVO* determined.

**B.    PRESERVATION ON APPEAL:    *ADD, # 35, pp # 2428-2246* [148] *AND**

*pp # 2324-2383* [149]; *2020CA1542: **PRO SE'S** 1/17/23* Leave to Amend 9/12/22

NOA to Prop. Add Privity; **7/16/23** Supp. Rec.; **8/28/23** with Multiple Req.(Pub.

Interest Injunct. & Dec. Judg., 3rd Supp. Rec. Req.) **Motions.**

---

[144] ***PRO SE*** ICAO Appeal Brief
[145] ***PRO SE*** testimony
[146] ***PRO SE*** testimony
[147] **CORA: *PRO SE*** EX *Z*, 556-562
[148] **2020CA286: 2/13/20 *NOA***
[149] ***PRO SE'S*** Appeal Brief Supporting **REVERSAL** of 10/23/19 [149] **CDLE ALJ** Decision Dkt. No. 34484-2019 **&** Accompanying (5) **EX**

C.    DISCUSSION:    C.R.S. § 8-43-308: *COA* SHALL ALWAYS BE DEEMED OPEN FOR THE DETERMINATION THEREOF, and *MAY MODIFY OR VACATE OR SET ASIDE* — ICAO <u>1/24/20</u> Final Order [150] — which subsequent Appeal Brief Supporting Reversal of <u>**10/23/19**</u> [151] Decision [152] — AFFIRMATIVELY CONTRARY [153] weight of evidence, statutes [154], laws [155] — affirmed denied 15-day unpaid suspension and <u>5/15/19</u> **REVERSAL** (EMPH) TERMINATION <u>UNEMPLOYMENT BENEFITS</u> (EMPH) OF ALJ JULIA B. RIEKE #36206 (Inactive) [156] —

> "1) BECAUSE THE CLAIMANT FAILED TO STAFF AN AFTERHOURS HOTLINE CALL SHE ANSWERED ON OCTOBER 20, 2018, WITH AN ON-CALL SUPERVISOR." [157]

*IBID.* Crammed into absurd footnote ("N.") # 1, *Id.* at *ADD, # 35, p # 2418* (quoted verbatim without alterations):

> "In her brief, claimant contends that the correct date of the occurrence is October 19, 2018. The incident occurred over the nighttime hours of late October 18 into the early morning hours of October 19. We are not concerned with the accuracy or inaccuracy of the date of the occurrence, but rather we focus on the circumstances of the occurrence in our review."

---

[150] *ADD, # 35*, pp # 2416-2427
[151] CONTINOUS THEORY SUPPORTIVE: 1 YR LATER SAME ADVERSE DATE
[152] *ADD, # 35*, pp # 2324—2383
[153] *Schuster v. Zwicker*
[154] <u>C.R.S.</u> § 24-34-401; § 8-73-108(4)(d)(h)(o); Colo. Code, Title VIII, ART 73, §8-73-108(5)(e)(XX)
[155] *Dawson v. Industrial Commission*
[156] *ADD, # 35*, pp # 2435—2436; *ISSUES # 8, # 9*
[157] *ADD, # 35*, p # 2436

**AFFIRMATIVELY CONTRARY** [158] —

"A play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, **A DISCRIMINATION ANALYSIS MUST CONCENTRATE NOT ON INDIVIDUAL INCIDENTS, BUT ON THE OVERALL SCENARIO**." *Andrews v. City of Philadelphia*, 895 F. 2D 1469, 1484 (3D CIR. 1990 ).[159]

*IBID.* <u>10/15/18</u> (EMPH) —*PRO SE* emailed **SCHEUERMANN** high importance "**REQUEST TO MEET TO DISCUSS ONGOING HOSTILE MATTERS**" about <u>HODSON AND BERRY</u>.[160] **COLO. CODE, TITLE VIII, ART 73, §8-73-108(5)(e)(XX) DENIAL** of *PRO SE'S* unemployment benefits insufficient, fails to support the order, or legally unsupported — **WHEN REQUIRED** *DE NOVO* **REVIEW RE-REQUESTED** — <u>**ANALOGOUS**</u> legal authorities *Id.* at **ISSUE #8 STANDARD OF REVIEW** —— **TO** <u>**FACTUAL CORRECT TIME AND DATE**</u> (EMPH) — <u>**1:38 AM**</u> (EMPH) <u>**10/19/18**</u> [161] — *PRO SE'S* **COMPRESSED DAY OFF** (EMPH) **UTILIZED FOR** *MEDICAL NEEDS* **CHILD (MIG) HOSPITAL APPOINTMENTS** (EMPH) (<u>**ADA VIOLATION**</u>).[162]

---

[158] *Schuster v. Zwicker*
[159] *CF,* p # 118, ¶ 1
[160] *REC,* p # 1361, *PRO SE* EX Y
[161] *ADD,* # 10, EX Z, p # 9
[162] *REC,* p # 1299

**ISSUE 9 —** *IBID. RES JUDICATA COLLATERAL ESTOPPEL?*

**A.    STANDARD OF REVIEW:**    *King v. Union Oil of Cal.,* 117 F. 3d 443, 445 (10th Cir. 1997); *Johnson v. Spencer,* **950 F. 3d 680, 693 (10th Cir. 2020)** **(quoting** *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.,* 847 F. 3d 1221, 1239 (10th Cir. 2017); **preclusive effect** and *Res Judicata Collateral Estoppel* **Doctrines** to be determined *DE NOVO.*

**B.    PRESERVATION ON APPEAL:**    **2020CA1542:** *PRO SE'S —* **1/17/23** Leave to Amend (9/12/22 NOA); **7/16/23** SUPP REC; **8/28/23 Motions; AND** *ADD,* **#35, 2020CA286.**

**C.    DISCUSSION:**    7/15/20, *COA* dismissal of **20CA286** returning jurisdiction back to **ICAO 9/3/20 —** arguably **NOT FINAL JUDGMENT ON MERITS FOR** *RES JUDICATA* **PURPOSES —** more so judicially efficient with consideration of *PRO SE'S* **PRIOR** lodged 1/13/20 Complaint 2020CV11. [163]

    *PRO SE* invokes *RES JUDICATA COLLATERAL ESTOPPEL* and **ENTITLEMENT CLAIM PRECLUSIVE EFFECT** to 1/24/20 Final Order *Id. ADD, # 35, p # 2438, N. # 2.*

---

[163] *ADD*, # 16

**AT- ISSUE:** *PRO SE* <u>DENIED</u> unemployment benefits for <u>UNLAWFUL</u> **11/6** to **11/23/2018** (<u>15-DAY UNPAID</u>) suspension AND <u>12/7/18</u> termination — **WHEN ADVERSE INCIDENTS':** <u>7/18/18; 8/13/18; 9/20/18; 10/23/18</u> — <u>NEVER AFFIRMED BY ICAO/CDLE ALJ</u>.

<u>ISSUE 10</u> — *IBID.* IMPROPRIETY APPEARANCE JUSTIFYING DISQUALIFICATION?

**A.** **STANDARD OF REVIEW:** 5 U.S.C. § 552; **C.R.S. § 24-72-201; 42 U.S.C. § 1983** and **§ 1985(2)(3)**; C.J.C. 2.11(A); COLO. R. Prof. Cond. § 3.3. & § 8.3; *In People v. Merchant*, 983 P. 2d 108 (Colo. App. 1999) (Quoting *Davidson v. Sandstrom*, No. 03**SC**287 (2004)(Emph); *Benavidez v. Howard*, 931 F.3d 1225, 1231 (10th Cir. 2019); *Butler v. City of Norman*, 992 F. 2d 1053, 1055 (10th Cir. 1993); **C & C DEN CSR** § 19-50; 19-54 (D)(4) — misconstrued or misapplied, along with factual findings to be determined *DE NOVO*.

**B.** **PRESERVATION ON APPEAL:** ▮▮▮▮▮▮▮▮▮▮▮▮ *v. Donovan / Castro*, 14-CV-01699-**MEH** (EMPH) 7/28/1▮ at Dkt. 31 — *2020CA1542*: *PRO SE'S* 1/17/23 Motion for leave to Amend (9/12/22 NOA); **7/21/23** Motion: Conflicts' of Interest, Appearance of Impropriety/Disqualify; *CF, p # 36; p # 152; p # 205; p # 225 (N. #17)*; *REC, p # 1152-1153*; **8/28/23** Motion, *pp # 1-2*,

Page **38** of **57**

Appearance of Impropriety/ COLO. R. PROF. Conduct §3.3 & § 8.3 **WITH ATTACHMENTS [7]**; ***REC, p # 1446, ¶2, ADD # 10***, 6/4/19 ***PRO SE*** Closing Argument (**AUDIO**) — *22CA336* (EMPH); ***MRG v. TOUSSAINT ET AL.***

**C.    DISCUSSION:**    All while under control, direction, and supervision [164] of clothed, WHITE (race), female (sex), ***Peck v. State of Colo., et al.***, 19-CV-03450-RBJ-**MEH** (EMPH) [165] **LOOSER EEO RMO KAT**HERYN SMITH **#29514 AND HER** ***POST*** **UNLAWFUL TERMINATION CRIMINAL THREATENING 1/25/19 MAYOR (EMPH) LETTERHEAD / EMAILS** [166] — **AFFIRMATIVELY CONTRARY** [167] *In People v. Merchant* (quoting ***Davidson v. Sandstrom***, No. 03**SC**287 (2004)); and applying rule to city attorneys — ***Benavidez v. Howard*** — **EEO RMO CAT**ALANO **#39773 ENTERED ALL** TRIBUNALS **AND FAILED TO DISQUALIFY** from herein 22CA1542 UNTIL *7/26/2023* [168] (EMPH) — **TWO DAYS** *AFTER* **C.R.C.P. 60(b)** RELIEF **DENIED** BY SCOVILLE **#31182** ***PRIOR*** TO DENIED **C.R.C.P. 97** CHANGE OF JUDGE **7/24/23**.[169]

---

[164] *Butler v. City of Norman*
[165] 8/28/23 Motion, ATTACH # 6
[166] *REC*, p # 1262 (xvi); p # 1268 (2) (6/12/19 Title VII); pp # 1327-1330; *ADD*, # 35, pp # 1777-1780
[167] *Schuster v. Zwicker*
[168] *COA* ROA
[169] *SUPP CF*, p # 27

VIOLATING CSR §19-54(D)(4)[170] — CATALANO #39773 badgered UN-PROTECTED BLACK WITNESSES' (Gray, Sherron █████[171], Edwards, *PRO SE*)[172]; and *"KAREN"* discriminative/ hostile behavior employed by BERRY visited unto UN-PROTECTED BLACK WITNESSES — made false accusation *"LIAR!"* [173]

VIOLATING CSR § 19-50 [174] — NEVER "informal a manner as is consistent with a fair, efficient, and speedy presentation of the appeals"— KNOWINGLY [175] VIOLATING LAWS [176] WARS AGAINST CONST.[177] AND "ensure due process of law within the framework of the CSR"[178] PLOTKIN #18133 (**Inactive**):

1.) DENIED *NON*-contested **Prehearing Conference Request.** [179]

2.) ALLOWED *SURPRISE* OPENING STATEMENTS OVER *PRO SE* OBJECTIONS (generally, practice of oral argument being at

---

[170] *ADD*, # 3
[171] *CF*, p # 246 (N. # 23)
[172] *REC*, pp # 1267-1269; *ADD*, # 35, *TR* (SHERRON), pp # 883-885:7-8 AND pp #1774-1776
[173] *Id.* at *ADD*, # 35, *TR* (5/8/19), p # 942; pp # 1718-1720
[174] *ADD*, # 3
[175] *Lassiter*
[176] *OVERTON PARK V. VOLPE; Dozier v. Ford Motor Co; Johnson v. Aetna Casualty and Surety Co.; Johnson v. Spencer*, U.S. CONST. ART VI CL II; U.S. CONST. AMEND. I, V, XIV (DUE PROCESS CL)
[177] *Cooper v. Aaron*
[178] *ADD*, # 8
[179] *REC*, p # 601, (c)

close of all presentation of evidence with consideration **NOT** *voir dire* before jury.) [180]

3.)    "CHERRY-PICKED" EXHIBITS <u>HE</u> deemed relevant, favorable to **C & C DEN**, DHS, **AND FOR/ WITH <u>CAT</u>**ALANO **#39773** — PREJUDICE *PRO SE*. [181]

4.)    An intimidation tactic when **WITNESSES'** testified to discrimination and or fear of reprisal **by** <u>BERRY</u>— **<u>CAT</u>**ALANO **#39773 requested** <u>BERRY</u> remain for **SEQUESTERED HEARING.**[182]

5.)    **U.S. CONST. AMEND. I; 42 U.S.C. § 1983; § 1985(2)(3); C.J.C. 2.11(A) SUPPORTIVE — PUBLICLY HIDDEN/ CONCEALED —** 2002 DEN CTY #S83180 [183] **AND** *Lombard-Hunt.* [184]

6.)    HO <u>PLOT</u>KIN **#18133 (Inactive)** cited *Lombard-Hunt* [185] within [186] <u>7/12/19</u> **PUBLICIZED** Order; and **was HO** *<u>In Proctor, CSA 52-07</u>* <u>(1/3/08)</u> [187] **BOTH** wherein *PRO SE* testified.

---

[180] *ADD,* # 10, 4/18/19 Preliminary, **CORA AUDIO**
[181] *CF, p # 231*
[182] *ADD, # 10, CORA 6/3/19 AUDIO*
[183] *ADD,* # 45
[184] *ADD,* # 28-29
[185] *ADD, # 29*
[186] *REC, p # 15, ¶1*
[187] *REC, p # 1446, ¶2*

7.)    COLO. R. PROF. COND. § 3.3. & § 8.3 AND "*LONE*" WHITE (race) **DHS** WOLF #31585 [188] **AND** BOARD "*PIERCING THE VEIL*" PIERCE **#27881** — **HAVEN'T** "RAISED WHITE FLAG" **I.E.** **DISQUALIFIED**.

**ISSUE 11** —    *IBID.* Discrimination, retaliation, whistleblower retaliation, perjury, defamation, post retaliation, 'full and fair opportunity' to litigate claims in administrative and judicial tribunals?

A.    **STANDARD OF REVIEW: 18** U.S.C. §1030; **28** U.S.C. § 1343(a)(1)(2)(3)(4); **42 U.S.C.** § 1983, § 1985(2)(3); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006); *Henley v. Brown;* <u>C.R.S.</u> § 18-8-502; §18-8-114(1)(a); § 18-9-121; § 24-34-401; **STATE COMMON LAW PUBLIC POLICY EXCEPTION**: *Cronk v. Intermountain Rural Electric Ass'n,* 765 P.2d 619 (Colo. App. 1988) **AND** *Lorenz Martin Marietta,* 802 P.2d 1146 (Colo. App. 1990) ["criteria for **UNLAWFUL** discharge claim"]; Child Welfare Regulations Codified in **12 CODE COLO. REGS. 2509-7** ("**COLO.** Children's' Code") [189] : <u>**§7.104(B)**</u>[190]; **§7.106.1** Egregious

---

[188] *CF,* pp # 205-206 (**APPEARANCE OF COUNSEL**)
[189] *REC,* pp # 1369 – 1416
[190] *REC,* pp # 1383-1384

Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities [Eff. 1/1/15] *et. seq.*; §7.106.11; §7.106.121; §7.106.121(A)(2) & (B)(1)[191]; §7.103.61 (A)(1)(C) & (B); §7.104.1; §7.104.32; §7.106.13 (B); §7.103.1; §7.103.11; §7.103.40; §7.103.4(F); §7.107.17; COLO. Title 19: C.R.S. §19-1-307(1)(a)[REPORTER/ INFORMANT of child abuse and/or neglect protections]; **SEVERAL STATE AND FED. LAWS AND STATUTES,** <u>THEIR OWN</u> *"ORGANIC ORDINANCES AND RULES"* [192]: <u>C & C DEN CSR</u> [193]: <u>§9-62</u>[194] *et seq.*; §12-70, §12-80, §16-10, **§16-22** , §16-46, §18-40, §19-5, §19-10, §19-32, §19-42, §19-45, 19-50, §19-51, §19-52, §19-57… **CSR 16; 19; 21; Appendix 19A (Relevant Provisions of the Whistleblower Protection Ordinance §2-100 of The DEN Revised Municipal Code)** *ET SEQ.*; *In re Leslie* , CSA 10-11 , 20 (12 /5/11); *In re Muller,* CSB 48-08, (10/24/08 ); <u>***In re Lombard- Hunt, CSA 75 -07 , 7 (3/3/08)***</u> [195]; ***In Proctor,*** CSA 52-07 ( 1/3/08) [196]; ***In re Gallo,*** CSB 63-09A ( 3/17/11); ***In re Wehmhoefer,*** CSA 02 -08, ( 2/14/08 ); ***In re Ortega,*** CSA 81-06, 14 (4/11/07); ***In re Koonce,*** CSB 36- 13, (10/16/14) (3/17/14) (EMPH, citing ***California Federal Sav. and Loan Ass'n v. Guerra,*** 479 U.S. 272, 285

---

[191] ***REC,*** pp # 1398-1399
[192] ***Janssen v. Denver Career Service Board and Denver Department of Aviation,*** CO. CT. APP., No. 98CA0100 (herein *"Janssen v. DEN Board"*)
[193] ***ADD,*** # 3
[194] ***REC,*** pp # 1363 – 1368
[195] ***ADD,*** # 29
[196] ***ISSUE*** # 9

(1987)[197] — Denver Whistleblower Protection Ordinance, Article VII *et. seq.*;

Executive Order ("EO") 143 (C & C DEN Data Protection Policy); **Charter of the**

**C & C DEN** ("§C5.25"); **DHS** – **VOICES** [198] — laws misconstrued or misapplied,

with **95** adjudicative **9/11/20** Judicial Complaint JDF 610 facts (*CF, pp # 1-12*) WITH

CITATIONS *Id. at CF, pp # 207-248* ; AND factual findings *IBID* AND *INFRA*

to be determined *DE NOVO*.

B. **PRESERVATION ON APPEAL:** *REC,* *02-Contemp.mtg.* AND *05-Contemp.mtg*

*12-4* **AUDIO**; *CF, pp # 1— 12; pp # 116— 168; pp # 203— 248;* *REC, pp #*

*344— 345; pp # 407— 408;* *REC, p # 452; p # 454; p # 484, p # 507, p # 626 —*

*REC, pp # 553— 562; # 572— 580; # 1129— 1416; # 1250 –1362; # 1428—1450;*

*# 1469— 1476;* *ADD,* #10 ; *ADD,* # 35, *pp # 2324-2383* ; 8/28/23 Motion

**ATTACHMENTS (7).**

C.    **DISCUSSION:**    42 U.S.C. § 1983 authorizes *PRO SE's* claims against

DEFENDANT-APPELLEES' in their individual capacity for compensatory and

punitive damages; AND **SUPPLEMENTS** (EMPH), rather than supplants **existing**

**remedies for employment discrimination.** *Henley v. Brown*, NO. 11-2561 (8th

Cir. July 26, 2012).[199] *REC, p # 320*:

---

[197] *REC,* **pp # 1428-1450; pp # 1469-1476**
[198] *REC,* pp # 944-955
[199] 8/28/23 Motion, p # 6

"Title VII does not preempt state and local laws which provide **GREATER PROTECTION** against discriminatory conduct. *In re Koonce* [200], CSA 36-13, (3/17/14), citing *California Federal Sav. And Loan Ass'n v. Guerra*, 479 U.S. 272, 285 (1987)."

<u>**AFFIRMATIVELY CONTRARY**</u> [201] PUBLIC GINNED UP FIRST-DEGREE PERJURIOUS HATE CRIME ALLEGATIONS *ID.* AT *REC, p # 105, TR (4/19/19) (SCHUERMANN)*; *p # 1477* (BOARD); p # 10 (N. #5), p # 13 (¶ 7), p # 1453, p # 1477; and <u>**ENTIRETY**</u> [202] OF HO PUBLIC [203] 7/12/19 DECISION— <u>RE-APPEARS</u>:

1.)     *IBID* ISSUES # 7 & #8.

2.)     *REC, pp # 734* (DHS EX # 11) at ¶1-7 —— <u>7/19/18</u> (EMPH) **12 PM TRAILS ENTRY** (quoted verbatim without alterations) **BY EEO RMO**:

> "ALTHOUGH THERE IS A FINDING IN TRAILS I **(BERRY)** SUPPORT ROBERT COPELAND (MATERNAL GREAT GRANDFATHER) TO BE UTILIZED AS A CAREGIVER FOR THESE MINOR CHILDREN AT THIS TIME."

3.)     *REC, p #* 738 (DHS EX # 11): <u>7/19/18</u> (EMPH) **SAFETY PLAN** (EMPH) **BY *PRO SE*** (EMPH) <u>**SIGNED BY**</u> "BC FATALITY" **FAMILY**.

---

[200] *REC*, p # 1320
[201] *Schuster v. Zwicker*
[202] *CF*, p # 204
[203]

4.)    *REC, pp* # 781-783 (DHS EX # 11) **SAFETY ASSESSMENT/PLAN AND RISK ASSESSMENT ORDERED/ COMPLETED BY *PRO SE* 7/24/18** (EMPH) **APPROVED BY** HODSON **7/27/18**. EMPH.

5.)    *DE NOVO REVIEW* VOL. VII §7.106.121(B)(1) — VIOLATION OF BC FATALITY "7/24/18 4:30 PM: ASSESSMENT WAS REASSIGNED TO CW IRENE VANCLEAVE COMPLETED BY HODSON." [204]

6.)    No other workers went to "**BC family**" home until **7/24/18 7:30 PM**. *Id.* at *REC, pp* # 747 (DHS EX 11), **¶ 6-7, 10th sentence, "Summary"** (quoted with **EMPH, verbatim without alterations**) —

> "CW VanCleave reviewed the **PRIOR SAFETY PLAN** and explained the significance of following the Safety Plan to prevent further harm to the children and **ALSO TO ENSURE THAT THEY COULD REMAIN IN THE HOME**."

7.)    *REC, p* # 772 (DHS EX # 11) at **¶3-4 — TRAILS** (EMPH) **8/2/18 7:50 PM** entry by **divorced** (status), WHITE (race), FEMALE (sex), DHS **HOSTILE/RELUCTANT HARASSING ERT**[205] Social Case Worker **LEAD**[206] **- CA2694**[207] VANCLEAVE **WITH** WHITE (race), FEMALE (sex)

---

[204] *REC,* p # 747 ¶ 4-5
[205] *REC,* pp # 1352-1356 (**Edwards Notarized Aff.**)
[206] *ADD,* # 10, **EX R** (388-392), pp # *15-19*
[207] *ADD,* # 6

**EEO RMO DHS DEFENDANT-APPELLEES'** BERRY, HODSON, SCHEUERMANN (quoted verbatim without alterations):

> **"SCHEUERMANN APPROVED PLACEMENT OF KM AND NM TO CONTINUE WITH GMGFOC R COPELAND."** EMPH.

8. *DE NOVO REVIEW* — C & C DEN <u>CSR §9-62</u> Protective Service Stipend (*REC, pp # 1363 – 1368*) in tandem with **<u>VOL VII § 7.106.121(A)(2) & (B)(1)</u>** (*REC, pp # 1398-1399*) — WHITE (race), female (sex), *After-Hours* (Emph) On-Call Administrator — **<u>ERIN HALL</u> FAILED TO IMMEDIATELY NOTIFY <u>SCHEUERMANN</u> OF "KNOWING BC FAMILY HAD PRIOR INVOLVEMENT"** [208] **AND** CHILD WELFARE DIV. DIRECTOR **<u>SCHEUERMANN</u> WAS TO DESIGNATE INDIVIDUAL RESPONSIBLE FOR ASSSESSING "BC FATALITY"** [209] — **<u>NEVER</u> EEO RMO <u>HODSON</u>** [210] **OR <u>BERRY</u>.** [211] **EMPH.**

9. **KNOWINGLY** [212] **NOT PERFORMING C & C DEN JOB, EEO RMO DESIGNATED DECIDING OFFICIAL (DDO)**

---

[208] *CF,* p # 209 (# 13) **&** *TR* (HALL) 50:25-53:1 at *REC,* pp # 178-181
[209] *TR* (ERIN Hall), pp # 30:24—67:1 at *REC,* pp # 158-195 **&** *REC,* p # 1470 (N. # 5)
[210] *REC,* p # 747 ¶ 4-5
[211] *REC,* p # 1068
[212] *Lassiter.*

**SCHEUERMANN** **TESTIFIED** <u>NOT</u> (EMPH) reviewing *PRO SE'S* 10/30/18 **WRITTEN** (EMPH) discipline response [213] **AND**:

> "I THINK THE BIGGEST FALLOUT COULD BE LAWSUITS. I THINK THERE COULD BE, AGAIN, LACK OF TRUST IN THE WORK THAT WE DO. BUT, ABOVE ALL, WE ARE PUTTING THOSE OTHER CHILDREN AT RISK WHEN WE DON'T DO OUR JOB." *REC, P # 33, TR (4/19/19).*

10.)    **NEVER** *IN BEST INTEREST* — VANCLEAVE, HODSON, BERRY, AND SCHEUERMANN — <u>**FAILED**</u> to consider **INDIAN CHILD WELFARE ACT (ICWA)**.[214] *Id.* at *REC, p # 732, ¶1 (7/18/18 PRO SE TRAILS ENTRY):*

> "**Q**. Do you/your children have any tribal affiliation?" **A**. I don't know, I think we might." *7/18/18 legal admission Father of children ("FOC") KM AND NM.*

11.)    *<u>DE NOVO</u>* — <u>**FED.**</u> ICWA; <u>C.R.S.</u> § 18-8-502; § 18-9- 121; § 18-8- 114(1)(a); 18 U.S.C. §1030; DEN EO 143 [215] LAWS — AS KNOWINGLY [216] AND RACIALLY TARGETING — USING <u>BERRY'S</u> USER IDENTIFICATION *IN* <u>STATEWIDE</u> CHILD WELFARE INFO. SYSTEM "<u>TRAILS</u>" — <u>HODSON</u> — <u>**FALSIFIED**</u> — 7/18/18

---

[213] *REC,* p # 108, *TR* (4/19/19) (Scheuermann)
[214] *REC,* p # 1051 (**EX T**); *ADD,* # 10, (*PRO SE*)
[215] *REC,* p # 325 (7); p # 344 (e); pp # 411-412 (14-15)
[216] *Lassiter*

SURVIVING BLACK (race), male (sex), **POSSIBLE TRIBAL AFFILIATED** SIBLINGS (**KM, NM**) SWORN ADMISSIONS [217] AFFIRMATIVELY CONTRARY [218] DPD GO (KNOWN DEAD) #2018-486927 REPORT [219]:

> "IT WAS REPORTED BY LAW ENFORCEMENT THAT HER BODY HAD BEEN FLOATING IN THE POOL FOR APPROXIMATELY ONE HOUR PRIOR TO BEING RECOVERED BY — (MATERNAL GREAT GRANDFATHER'S FIRST NAME)"—; AND "—THE SURVIVING CHILDREN — ALSO REPORTED BEING ALLOWED IN THE POOL UNSUPERVISED…" [220]

12.) *IBID.* NOT PURSUANT *Nesbit v. Industrial Commission*; CSR§21-21(C) [221]; NOR released until AROUND ***CONTINUED*** (EMPH) 5/10/19, 6/3/19, AND 6/4/19 HEARINGS' — HO PLOTKIN #18133 (Inactive) AND BOARD DISALLOWED CSR § 21-21(A) "SMOKING GUN" DPD (KNOWN DEAD) # 2018-486927 REPORT.[222]

13.) **VIOLATING** 28 U.S.C. §1343(a)(1)(2) [C & C DEN CSR §16-22 (E)(1)(b)(ii)] [223]:

---

[217] *REC*, p # 736, ¶ 4-9
[218] *Schuster v. Zwicker*
[219] *REC,* pp # 1159-1240
[220] *REC,* p # 1038; p # 1040 (# 7); p # 1049 (¶ 1) (STIPULATED *EX*T); 02-Contemp.mtg **AUDIO**.
[221] *ADD,* # 3, p # 187
[222] *REC,* pp # 1159-1240
[223] *ADD,* # 3

a. *AFTER* OHR WHISTLEBLOWING <u>7/25/18</u> [224] — DURING supervision <u>HODSON</u> threatened *PRO SE*:

    i. "I HEARD THAT **YOU RALLIED THE TROOPS** TO GO TO **HR** ABOUT ME?" [225] EMPH.

b. MAYOR APPOINTED DEFENDANT-APPELLEE — <u>DON MARES</u> — DISREGARD TO WHISTLE-BLOWER (*GLAPION*): "YOU MAKE IT SOUND LIKE THERE'S A *WAR* GOING ON *DOWN THERE!*" [226]

c. <u>5/21/19</u> (EMPH) — "**REQUESTED PRIVATE MEETING**" with **MAYOR HANCOCK** extending invite to **HO** Plotkin's **#18133** (Inactive) *CONTINUED* UNCONST. <u>C & C DEN</u> HEARINGS; about **DHS** discrimination, retaliation, targeting of **Black** women Social Caseworkers AND <u>7/18/18</u> "**BC FATALITY**" FAMILY who worshiped where HANCOCK was Deacon.[227]

14.) ADA, CADA, AND *CRONK / LORENZ* LINE OF CASES UNLAWFUL DISCHARGE CLAIM CRITERIA APPEARS [228] —

---

[224] *ADD,* # 10, **EX R**, pp # 55-56; pp # 57-105
[225] *REC*, p # 1325
[226] *REC*, p # 1259 (q)(Creation of Hostile Work Environment) (v)(1); *ADD*, # 10, **CORA AUDIO** 6/4/19 Closing Argument *PRO SE*
[227] *REC*, p # 1263 (xxxiv)
[228] *Schuster v. Zwicker*

**ONLY** (EMPH) *PRO SE* [229]**:**

a.    **10/18/20<u>17</u>** AND **10/23/20<u>17</u>** (EMPH) **REQUESTED <u>LATERAL TRANSFER OFF</u> INADEQUATELY STAFFED AND UNSUPERVISED <u>HOSTILE</u> ERT TO <u>REBECCA</u> BALL AND <u>OHR</u> DAVIS; SHIFT DIFFERENTIAL <u>NEVER PAID</u>; RE-**APPLIED FOR **<u>Lead - CA2694</u>** [230]**; AND <u>DIFFERENTIAL TREATMENT</u>.** [231]

b.    *CF, p # 212 (# 33); pp # 215-216 (# 72-79):* **<u>EARNED</u>** (EMPH): **<u>10/19/18</u>** (flex day off) (Fri.); **<u>10/22/18</u> PTO SICK; <u>7/24/18</u> DENIED "SICK" paid time off ("PTO")** — childbirth related medical conditions dates — **<u>HARASSED AND THREATENED</u>.**

c.    **ERT CRITICAL COVERAGE <u>10/23/18</u>.** [232]

d.    *ADD, # 10, PRO SE EX Z, pp # 67-75* **<u>SHOWS</u> "10/23/18 TRAINING"— <u>NEVER MANDATORY</u>;** VANCLEAVE'S **"<u>10/23/18</u> 11:00-7:00 PM"** TIME-FRAUD (*REC, p # 1249*) wherein **<u>EEO RMO</u> HODSON AND BERRY** were **"AFTERHOURS";**

---

[229] *Id.* herein p # 6, ¶ 2; *CF,* p # 1 (# 3 — 6)
[230] *ADD,* # 6
[231] *ADD,* # 10, **EX R** (388-392), pp # 15-19
[232] *ADD,* # 10, **EX V,** p # 1

"ENTIRE Intake Div." <u>NEVER ATTENDING</u> — NOR <u>ANYONE FROM ERT</u> (*ADD, # 10*, EX Z, *pp # 72-75* "SIGN-IN SHEETS"); <u>DECLINATIONS NEVER PRODUCED FOR DISCOVERY</u> (*ADD, # 10*, EX Z, *p # 91, "Request No. 3"*);

e.    SIMILAR    SITUATED    CERTIFIED    MANDATED REPORTER SOCIAL CASE WORKER- CA2686 [233] "AFRICAN-AMERICAN/ MULTI-RACIAL" [234] <u>NOT</u> *MARRIED OR WITH CHILD* DARKER-SKIN [235] <u>LANDRUM'S</u> *CONTINUED* FREQUENT ABSENTEEISM [236] <u>10/22/18 until 10/24/18</u> *(REC, p # 1249)* — *BUT-FOR* PREFERENTIAL TREATMENT BY "AFRICAN-AMERICAN" (race) identifying [237] DARK SKIN [238] <u>OHR</u> DAVIS AND "WHITE" (race) <u>HODSON</u> — *<u>WHO REMAIN EMPLOYED</u>* (EMPH) — AND BOARD <u>ABUSIVELY NOT</u> considering    ANALOGOUS    PUBLIC    CONCEALED PRECEDENTIAL *Lombard Hunt* [239] as <u>CSR §21-21(C)</u> grounds [240]

---

[233] *ADD*, # 4
[234] *REC*, p # 1347 (# 5)
[235] *ADD*, # 43, p # 2
[236] *ADD*, # 29
[237] *REC*, p # 15, ¶ 2
[238] *ADD*, # 43, p # 9
[239] *ADD*, # 29
[240] *REC*, pp # 1444-1445

— AND **LANDRUM** C.R.S. § 18-8-502 **FALSELY** TESTIFIED about _7/18/18_ "BC Fatality" she was also assigned (***ADD, # 35, TR (5/8/19), pp # 819-820:14-11***) — WHEN **AFFRIMATIVELY** [241] **ABSOLUTELY NOTHING APPEARS** — **SHOWING LANDRUM** making REQUIRED _DE NOVO_ REVIEW **VOL VII** § **7.101**[242] **AND** **§7.103** [243] **ENTRY.** EMPH.

f.    **UNLAWFULLY DISCIPLINED** — as 7/18/18 FATALITY REPORTER, RESPONDER, EEO, WHISTLE-BLOWER **AND** SOCIAL CASEWORKER — **SUPERVISOR** (EMPH) [244] — when divorced (status), WHITE (race), female (sex)[245], **ASSIGNED** (EMPH) "**INVEST WORKER**" [246] DEPARTED AT **4:30 PM** (EMPH) because she (HODSON) "**HAD A DATE TO GET TO**." [247]

---

[241] *Schuster v. Zwicker*
[242] ***REC***, p # 1370
[243] ***REC***, pp # 1373-1374
[244] ***REC***, p # 641 (DHS) "**Enclosures EX # 2**"
[245] ***CF***, p # 224
[246] ***REC***, p # 712
[247] ***REC***, p # 534, **10/26/18** Notarized Aff. (**Edwards**) at #24; ***REC***, p # 1348, **10/29/18** Witness Declaration (Landrum) at #12.

**PRO SE** proved **CSR** §19-55 [248] preponderance **Discrimination**[249]; **Retaliation**[250]; **Whistleblower** [251] burden, **CONSTITUTIONAL CLAIMS** and injuries flow directly from and are connected under <u>42 U.S.C. § 1983, § 1985(2)(3),</u> <u>28 U.S.C. §1343(a)(1)(2)</u>. DEFENDANT-APPELLEES' **acted abusively above** "its own organic ordinances" [252] **Id.** at STANDARD OF REVIEW.

 **FUTHERMORE** — **Marbury v. Madison**, 5 U.S. 137 (1803); **U.S. v. Lee**, 106 U.S. 196,2201 S. Ct. 240, 261, 27 L. Ed. 171 (1882); **Cooper v. Aaron**, 358 U.S. 1,78 S. Ct. 1401 (1958) (herein "**Cooper v. Aaron**"); waiver of governmental immunity **CGIA: C.R.S. § 24-10-109**;

 "A Government official is entitled to qualified immunity unless his "act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." **Lassiter v. Alabama A & M Univ., Board of Trustees, et al,** 28 F. 3d at 1149 ("**Lassiter**")[253]; **AND**

 "DEN not entitled to sovereign immunity"; "does not extend to counties, cities, or other political subdivisions of the state." **Ambus v. Granite Bd. Of Educ, 975 F. 2d at 1560)** (quoting **Guadiana v. C & C DEN**, 21-1294 (10th Cir.)

---

[248] **ADD**, # 3, pp # 181-182
[249] **McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973)
[250] **Burlington N. & Santa Fe Ry. v. White**, 548 U.S. 53 (2006)
[251] **In re Wehmhoefer**, CSA 02-08, 4(2/14/08); D.R.M.C. § 2-106 et. seq.; **In re Muller**, CSB 48-08, (10/24/08); **Cronk / Lorenz** line of cases
[252] **Janssen v. DEN Board**
[253] 22CA1542: 8/28/2023 MOTION, *p #6*

***PRO SE*** filed claims **10/1/19, 8/30/21, 2/27/23** [254] under **FEDERAL** law [255]; Complaints [256] and **28 U.S.C. § 2403 FED. R. APP. P. 44 Notices'**, including **11/24/23**, with U.S. signature certified mailed **herein *ADD* (USB)** to COLO. ATTY. GEN.[257]

**7/2/20** [258] — SUPERFLUOUS INTERPRETATION [259] of the doctrine of finality [260] — WHEN ***PRO SE*** MET EXCEPTIONS TO EXHAUSTION OF REMEDIES REQUIREMENT:

"ENTIRELY EXCLUDED "FINDINGS" AND "ANALYSIS" as it pertained to *pro se* Appellant's **11/27/18 Direct Appeal Case No. 76-18** (Emph) issues of **FOUR INVOLUNTARY AND UNCONSTITUTIONAL** (Fifth and Fourteenth Amendment's Due Process Clause; Weingarten Rights, CSR §16-10 (A), CSR §16-46 (D) violations) **ADMINISTRATIVE LEAVES** on 11/5/18; 11/23[rd] through 26[th]/2018; 11/27[th] through 12/4[th]/2018; and 12/4[th] through 12/7[th]/2018 — all to **UNLAWFULLY** uphold 11/6 to 11/23/2018 **(15-day unpaid) SUSPENSION AND** 12/7/2018 **TERMINATION.**" [261]

---

[254] 19-CV-02806-RM-**MEH**/ [21-1223] / 1-21-CV-02362-RM-**MEH** / ***MRG v. TOUSSAINT ET AL.***., 1:23-CV-00529-GPG-KLM-STV-LTB ; 8/28/23 MOTION, ATTACH #7

[255] Mandatory abstention doctrine ***Younger v. Harris***, **401 U.S. 37 (1971)** (quoting ***D.L. v. Unified Sch. Dist. No. 497***, 392 F. 3d 1223, 1229 (10th Cir. 2004)).

[256] 10/27/22; 11/4/22; 12/9/22 (21DR45 (DEN D.C.), **EX** Attach. ***ADD*** # 12)

[257] Phil Weiser #38314

[258] ***ADD***, # 19, pp #1-2

[259] ***Woldord v. Pinnacol Assurance***, 107 P.3d 947, 951 (Colo. 2005); ***Jefferson County Bd. Of County Comm'rs v. S.T. Spano Greenhouses, Inc.***, 155 P.3d 422, 424-25 (Colo. App. 2006).

[260] ***Darby v. Cisneros***, 509 U.S. 137, 113 S. Ct. 2539, 125 L. Ed. 2d 113 (1993)

[261] ***REC***, p # 1123, p # 1444, p # 1476 (***N. # 42***), p # 1480.

"A party seeking review of the constitutionality of an agency's enabling legislation need not exhaust administrative remedies." *Fred Schmid Appliance & Television Co. v. <u>CITY AND COUNTY OF DENVER</u>*, 811 P.2d 31 (Colo. 1991). "Likewise, a party challenging the constitutionality of an agency's decision is not required to exhaust administrative remedies." *Collopy v. Wildlife Commission*, 625 P. 2d 994 (Colo. 1981). "Litigants should **NOT BE PLACED IN THE TRAP** created by required exhaustion of optional administrative remedies." *Darby v. Cisneros*, 509 <u>U.S.</u> 137, 113 S. Ct. 2539, 125 LEd. 113 (193).

## CONCLUSION

PRAYERFUL *COA* <u>NOT</u> partisan swayed [262]; acts in manner consistent of **DUE PROCESS FAIRNESS FOR ALL PERSONS'**; perform **owed** duties; C.R.S. § 8-43-308 advance herein docket preclusive **20CA286** effect claims', **PUBLIC INTEREST** [263] adjudicate common **DEFERRED** [264] **STATE CLAIMS**; enjoin unlawful conduct, proper redress proceedings (**jury for all issues so triable**); **MANDAMUS** [265], **INJUCTIVE, DECLARATORY** [266], **ANY FURTHER**

---

[262] **11/24/23** Motion **C.R.C.P. 97, Notarized Aff.**
[263] *Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)
[264] 19-CV-02806-RM-<u>**MEH**</u>/ [21-1223] / 1-21-CV-02362-RM-<u> **MEH**</u>; *MRG v. TOUSSAINT ET AL.*, 1:<u>23</u>-CV-00529-GPG-<u>KLM</u>-STV-<u>LTB</u>
[265] **C.R.C.P. 106(a)(2)(4)**
[266] **C.R.S. § 24-4-106(7)(b)(I- IX)**

RELIEF (C.R.C.P. 16.2(e)(10), 60(b)(3), <u>57</u> [267], 65) deemed just and proper;

<u>MAXIMUM</u> punitive <u>and</u> compensatory damages [268], order **re-posting**

*Lombard-Hunt*, remedial sanction constraints: **DISCIPLINE, INVOLUNTARY**

**SUSPENSIONS, TERMINATIONS, DEBARMENTS,** permanent injunction

(C.R.C.P. 65) restraining guilty DEFENDANT-APPELLEES', other redress remedies

securing **RELIEF RIGHTS**, revoke **<u>ALL UNCONST. ORDERS</u>** (C.R.S. § 24-10-

109), interest, backpay (differential, DERP, PSLF), front pay (DERP Rule-75 vested),

<u>all associated legal costs, damages</u>, judgment favoring **aggrieved** ***PRO SE***.

---

[267] ***Native Am. Rights Fund, Inc. v. City of Boulder***, 97 P.3d 283 (Colo. App. 2004)
[268] <u>C.R.S.</u> § 19-1-307(1)(a); § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3);
28 <u>U.S.C</u> § 1343(a)(1)(2)(3)(4); 42 <u>U.S.C</u>. § 1983 & § 1985(2)(3)

**PLAINTIFF'S EXHIBIT # 1—1 (USB):** C.A.R. 28 (e) ADDENDA [47]— **supportive of** PUBLIC **(EMPH)**, FEBRUARY 7, 2024, **Case No.** 2022CA1542 OPENING BRIEF. Filed within the Court of Appeals State of Colorado, **produced and served** via certified mail onto **Defendant City and County of Denver and** Colorado Attorney General Philip Weiser #38314 (Defendant #23) **November 24, 2023, January 6, 2024, and February 7, 2024.**

# TABLE OF CONTENTS *(EMPH)* — **of 47 ADDENDA** — **found** within **PUBLIC** *(EMPH)* FEBRUARY 7, 2024, **Case No.** 2022CA1542: THIRD AMENDED OPENING BRIEF— *Id.* **at** PAGES ## 8 —18.

\* \* \*\* **TO BE FILED UNDER SEAL** — DESIGNATED BY *PRO SE* PLAINTIFF —— AS <u>AT ISSUE</u> CONTENTS INCLUDE: <u>CHILD ABUSE RECORDS</u> ——**ADDENDA ("<u>*ADD*</u>"):**

*ADD* **#10 CORA** — **AUDIO** — **SEQUESTERED C & C DEN consolidated direct appeal numbers 73-18, 76-18, and 80-18**;

CONFIDENTIAL

*ADD* **#35** — 2020CA286 ICAO **FOLIO**

*ADD* **#38.5** — 6/13/19 EMAIL TO GMGFOC POSS ICWA CHILDREN

*ADD* **#47** Colorado Commission on Judicial Discipline ("CCJD") \*\*\*\*

# PLAINTIFF'S EXHIBIT # 2: PUBLIC (*EMPH*)



2:29

**New iMessage**          Cancel

To: **Art Trass**

iMessage
Jan 5, 2019 at 4:51PM

Art?

It's Meleaha



**My Sister!**
**What's up? How's motherhood?**

When u get a moment please call me!

**I shall**

Sooner then later too please lol

Arthurtrass@gmail.com

**A thought for the future if you**
**want to take this situation public: I**
**can reach out to 5280 and have**

＋    iMessage





PLAINTIFF'S
EXHIBIT
2
7 PAGES



2:29

## New iMessage          Cancel

To: Art Trass

Sooner then later too please lol

Arthurtrass@gmail.com



**A thought for the future if you want to take this situation public: I can reach out to 5280 and have them contact you about your story.**



**May not be able because of impending judicial proceedings.**



Thank you!!!! & yes I plan on bringing public awareness to the black family of fatality THEY did injustice to!!!!

I'll definitely keep you posted



Aloha !!!

＋          iMessage



2:29

**New iMessage**          Cancel

To: **Art Trass**

Jan 6, 2019 at 7:21 PM



Why Did Jamel Myles Die?
5280.com

Wow- thank you for speaking up!!!!! Indeed I will join subsequent to legalities against DHS as I/black fatality family in Montbello felt that bosses were berating family & to go further their falsified safety plan

Sheiree Edwards a sistah/Delta resigned from ERT too because bosses handling of removal of child case

+        iMessage                    🎤



2:30

**New iMessage**          Cancel

To: Art Trass

Jan 7, 2019 at 4:30 PM

Good afternoon. Hope your day is well. Wanted to give you heads up that Douglas County should've sent you a reference survey link. Thank you in advance- Lord knows I'm praying for a better New Year!!! 🙏🐍👵

Jan 7, 2019 at 5:35 PM

**Completed it this morning ma'am**

Jan 7, 2019 at 7:37 PM

Oh wow !!!! THANK YOU x ∞ !!!!
🙌🙏

Jan 9, 2019 at 1:01 PM

Thank u for being reference!!!! Unfortunately I didn't get either Boulder or Douglas County subsequent to reference reviews...... 🎤💀...... Until resolution happens with DDHS 3 accepted appeals I'm officially 😊 😊 😊 .... Nonetheless I'm not giving up on God! 🙏

➕     iMessage                    🎤

2:30

## New iMessage          Cancel

To: Art Trass

Jan 7, 2019 at 5:35 PM

**Completed it this morning ma'am**

Jan 7, 2019 at 7:37 PM



Oh wow !!!! THANK YOU x 💯 !!!!

Jan 9, 2019 at 1:01 PM

Thank u for being reference!!!!
Unfortunately I didn't get either
Boulder or Douglas County
subsequent to reference
reviews...... 🔫💀...... Until
resolution happens with DDHS 3
accepted appeals I'm officially 🌀
🌀 🌀 .... Nonetheless I'm not
giving up on God! 🙏

**Never giving up on God. Keep
fighting!**



Read 1/9/19

+      iMessage                    🎤



County/District Court                     THE PEOPLE OF THE STATE OF COLORADO
City and County of Denver, Colorado

Offense Case No. 2024-0000041

# AFFIDAVIT AND APPLICATION FOR ARREST WARRANT
# AND THE ARREST WARRANT FOR THE PERSON(S) OF:

Christina Lee Gray DOB: 03-18-1985, WF, 5'08", 130 lbs, Brown Hair, Green Eyes,
CO PIN: 01-036-0090, FBI/SSN:

For: Attempt to Influence a Public Servant, C.R.S. 18-8-306 (a Class 4 Felony); Attempt to Influence
a Public Servant, C.R.S. 18-8-306 (a Class 4 Felony); Attempt to Influence a Public Servant, C.R.S.
18-8-306 (a Class 4 Felony); Attempt to Influence a Public Servant, C.R.S. 18-8-306 (a Class 4
Felony); Attempt to Influence a Public Servant, C.R.S. 18-8-306 (a Class 4 Felony); Attempt to
Influence a Public Servant, C.R.S. 18-8-306 (a Class 4 Felony); Attempt to Influence a Public Servant,
C.R.S. 18-8-306 (a Class 4 Felony); Attempt to Influence a Public Servant, C.R.S. 18-8-306 (a Class 4
Felony)



I, Detective Kyle Ramey (18029) the Affiant, state under oath that the facts known to the Affiant which establish probable
cause to believe that a criminal offense was committed, and that the offense was committed by the above-named person(s),
are the following:

On April 02, 2024, your Affiant was assigned                                  for follow-up investigation.  During
the investigation, your Affiant obtained the following information: On September 17, 2022, Sergeant
Brian Cotter (99031), of the Denver Police Department Missing and Endangered Person Unit was
aware of a sex assault on a child by a position of trust.  This investigation concluded in a refusal by the
Denver District Attorney's Office for No-Likelihood of Conviction. On March 17, 2024 Denver
Human Services (DHS) caseworker supervisor                                  contacted the sex abuse hotline and

Page 3

## AFFIDAVIT AND APPLICATION FOR ARREST WARRANT    2024-5000041

stated that additional investigation was requested. Sergeant Cotter re-opened the same case and assigned it to Detectives for follow up investigation. Sergeant Cotter was requested by Detectives to contact ████████████████ is the legal counsel appointed to the victim's mother. Sgt. Cotter contacted ██████ who related that she was concerned the Denver Human Services Caseworker assigned, Christina Gray (03-18-1985), was creating fictitious statements in these reports.

Your Affiant reviewed the Denver Human Services reports which were completed by Ms. Gray and sent to Your Affiant. Your Affiant observed a detailed statement by Ms. Gray where she conducted a home visit with Ms. Gray and her child, ███████████████ and completed a detailed statement afterwards. ████████ also stated she spoke with the child's therapist, ████████ and obtained a statement from her.

████████████ disputes the statements made by Ms. Gray as there are several false statements in this report ████████ stated that she was retained as counsel during this time and was never notified by ███████ of the home visit. ██████████ also stated that Ms. Gray was talking to her boyfriend while taking a bath during the supposed home visit. ████████ stated the Ms. Gray did not make a home visit and did not conduct a proper investigation that her job entails and falsified her statements.

Your Affiant also contacted ████████████ who disputed that she ever received a phone call from Ms. Gray. ████████ keeps records of all her phone calls and sent them to Your Affiant. Your Affiant observed that there were several phone calls made to the DHS hotline requesting a phone call and one was never made.

Your Affiant contacted DHS human resources personnel and requested all human resources information for Ms. Gray. Your Affiant was sent this information and given a copy of a Colorado Driver's License positively identifying her as the suspect.

On May 20, 2024, Your Affiant learned of an investigation already being conducted by DHS leadership. Your Affiant met with DHS staff and learned that in December of 2023 the Colorado Child Protection Ombudsman's Office received a complaint regarding falsification of documents. DHS staff conducted an investigation from 2022 to May of 2024 looking into ██ cases that were investigated by Ms. Gray. Of the ██ cases staff observed ██ of the cases to be false or misleading documentation in there reporting system commonly referred to as "Trails".

Your Affiant also learned that Ms. Gray was on a personal improvement plan in 2024 and was given the referral number for other possible falsified trails reports. These numbers are ████████████████████████████████████████████████████████████████████████

On May 29, 2024, Your Affiant completed affidavits and application for search warrants and search warrants for Ms. Gray's personal improvement plan (PIP), all cloud based emails relating to these referrals, and the unredacted referrals listed above which was approved by Judge Dung.

On May 31, 2024, Your Affiant executed this search warrant and received these referrals along with Ms. Gray's PIP. Your Affiant was notified that the cloud based emails would be sent to Your Affiant by email.

**PLAINTIFF'S EXHIBIT # 3:** PUBLIC (*EMPH*)

EX 3 Public



# CITY AND COUNTY OF DENVER

**DENVER**
THE MILE HIGH CITY

MICHAEL B. HANCOCK
Mayor

DEPARTMENT OF LAW
KRISTIN BRONSON
CITY ATTORNEY
Assistant Director

Human Services Section
Kathryn Smith, Director
1200 Federal Boulevard
Denver, Colorado 80204-3221
Phone:   720-944-2978

January 25, 2019



It has come to my attention that, with the apparent intent to influence your personnel matter, you have threatened to disclose or "disseminate" information to the public, and your threat includes a specific reference to contacting 5280 Magazine. It appears you intend to disclose confidential child welfare case information to individuals who have no legal authority to receive such information.

I am deeply troubled that you believe you could influence your employment case in this way. Such a threat has no bearing on the outcome of your appeals or Denver Human Services' position on those matters. Instead, your threatened act of disclosing confidential case information would victimize the families involved who believe their information to be protected. If you choose to take such action, you will violate their right to confidentiality and damage the public's trust in the confidentiality of their records.

You should also be aware it is illegal in the state of Colorado to disclose confidential child welfare information to the public.  The release of child welfare records is governed by § 19-1-307(1), C.R.S. (2016), which states, "reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information."

Any person who violates C.R.S. § 19-1-307(1) is guilty of a criminal offense.  If you choose to disclose confidential child welfare information to unauthorized individuals, you may be charged in accordance with § 19-1-307.

Sincerely,

Katie Smith



PLAINTIFF'S
EXHIBIT
3
6 pages

 

# Gmail

---

## Communication Re: Disclosure of Confidential Child Welfare Records

4 messages

---

**Catalano, Sherri L. - CAO Asst City Attorney - Assoc** <Sherri.Catalano@denvergov.org>         Fri, Jan 25, 2019 at 4:55
To: ████████████████████████████████                                                              PM
Cc: "Smith, Kathryn S. - CAO Asst City Attorney - Div Dir" <Kathryn.Smith@denvergov.org>, "Wolf, Robert A. - CAO CL0359
Assistant City Attorney Section Su" <Robert.Wolf@denvergov.org>


Dear ████████████

Please see the attached communication from Katie Smith, Director, Human Services Legal Section, Denver City
Attorney's Office.


Best,

Sherri Catalano


**PRIVILEGED AND CONFIDENTIAL**


**DENVER**
**THE MILE HIGH CITY**

**Sherri Catalano | Assistant City Attorney**
City Attorney's Office - Human Services | City and County of Denver
720.944.2982 Phone | 720.944.3014 Fax
sherri.catalano@denvergov.org | Dial 3-1-1 for City Services

OUR CORE VALUES: Commitment | Credibility | Competence | Fairness | Teamwork | Compassion

This e-mail transmission from the City and County of Denver, and any documents, files, or previous e-mail messages attached to it, are intended solely for the
individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If
you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission
or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this
transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you.


📄 Letter to ███████████1-25-19.pdf
   34K

---

                                                                                                  Fri, Jan 25, 2019 at 10:55 PM
To: "Catalano, Sherri L. - CAO Asst City Attorney - Assoc" <Sherri.Catalano@denvergov.org>
Cc: "Smith, Kathryn S. - CAO Asst City Attorney - Div Dir" <Kathryn.Smith@denvergov.org>, "Wolf, Robert A. - CAO CL0359
Assistant City Attorney Section Su" <Robert.Wolf@denvergov.org>


Good evening Attorneys Catalano, Wolf, and Smith,

---

Rather than expend any unnecessary energy and effort, briefly in response to Agency's 1/25/2019 letter headed communication, *pro se* Appellant simply sets forth the following:

1.) Appointment of any additional attorney(s) representing Agency in Career Service Hearing consolidated Appeal Numbers 73-18, 76-18, and 80-18 against the *pro se* Appellant shall be made with/to Appellant and the Career Service Hearing Office.

2.) Appellant is "deeply troubled" by Agency wrongfully alleging that she "intended to influence personnel matter" by "threatening to disclose confidential child welfare information to the public" and "criminally violate C.R.S §19-1-307(1)."

3.) Case law and ethic codes forbid lawyers from threatening to present criminal charges solely to obtain an advantage in a civil matter; lawyers are not to coerce a civil remedy by threatening criminal accusations unrelated to the civil wrong…

4.) Note that during Agency's Notice of Contemplation of Discipline Responses on 10/30/18 and 12/04/18 along with Initial Disclosures - without any Agency legal advisory, *pro se* Appellant was the first to confer with Attorney Catalano good faith intent to file Motion to File Under Seal to ensure confidential child welfare records and privacy of individuals were/are legally protected. Appellant still intends to file such before/by set discovery motion deadline.

5.) CO Rev Stat §18-8-114 (1) is one that Agency's Attorney(s) should have brought to the attention of named Responsible Management Officials (RMOs)…

6.) Appellant has been/is afforded SEVERAL legal protections under the First Amendment of the United States Constitution along with anti-discrimination and whistle blowing laws which Agency shall be wary of running afoul…

7.) Nothing through/by Agency threatening to present criminal charges analogous to C.R.S §19-1-307(1) prevents Appellant from speaking with the press about her appeals'. Neither does C.R.S §19-1-307(1) preclude Appellant from personally bringing matters (evidence of RMOs violating CO Rev Stat §18-8-114 (1) as it pertains to their child welfare records) to the investigated family's legal knowledge and attention. Also, the investigated family is afforded to report; call for investigation; and independently bring matters to legal and/or public attention.

Although unfortunate that the Agency failed to resolve her employment claims expeditiously, at the lowest level (sought mediation) and the best interest of taxpayer; *pro se* Appellant is very confident that her THREE consolidated appeals with THREE accepted affirmative defenses of retaliation, discrimination, and whistle blowing hold merit and will not be quashed. Again, Agency's Case-In-Chief is Kathryn Hodson…

To that end, rather than bogging down to litigation and adding to pending appeals; do appreciate Appellant's position and amicably let's move forward with hearing matters.

Cheers to a great weekend!

Respectfully,

Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify the sender by reply e-mail, and destroy the original message and all copies.



**Smith, Kathryn S. - CAO Asst City Attorney - Div Dir** <Kathryn.Smith@denvergov.org>     Mon, Jan 28, 2019 at 8:23 AM

"Catalano, Sherri L. - CAO Asst City Attorney - Assoc" <Sherri.Catalano@denvergov.org>

Cc: "Wolf, Robert A. - CAO CL0359 Assistant City Attorney Section Su" <Robert.Wolf@denvergov.org>

Thank you for the quick response. To reiterate, my communication with you does not concern your employment appeals. You will continue to engage with Ms. Catalano on those matters. My sole concern in my communication with you is the protection of the client's right to confidentiality in their records and dealings with Denver Human Services.

As you named a specific family and allege that they have been mistreated in some way, I will ensure that they are contacted and provided, again, with their rights and remedies. I assume in your work with them that you provided them with the written advisement of rights and remedies as required. As you know, options for lodging complaints concerning child welfare actions include utilizing the chain of command by communicating with the Deputy Executive Director, Joe Homlar; an internal DHS grievance process through which a grievance is reviewed by Executive Director Don Mares and which may lead to review by the Citizen Review Panel; the CDHS grievance process; independent investigation and resolution through the Office of the Colorado Child Protection Ombudsman; and judicial review. These are the appropriate individuals and entities to receive complaints as they possess the legal authority to review confidential information, conduct investigations and seek resolution.

Thank you for your stated commitment to protecting the rights of families.

**Katie Smith** | Director

Human Services Section, Denver City Attorney's Office | City and County of Denver
p: (720) 944-2978 | Kathryn.smith@denvergov.org

**DENVER**
THE MILE HIGH CITY

**CONNECT WITH US | 311 | POCKETGOV.COM | DENVERGOV.ORG | DENVER 8 TV**

This e-mail and any attachments thereto are intended only for use by the addressee(s) named and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail, and any attachment(s) thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me and permanently delete the original and any copies of the e-mail, any attachment(s) thereto, and any print-out(s).

[Quoted text hidden]



Tue, Dec 24, 2024 at 3:40 PM

Begin forwarded message:

**From:** "Smith, Kathryn S. - CAO Asst City Attorney - Div Dir" <Kathryn.Smith@denvergov.org>
**Date:** January 28, 2019 at 8:23:39 AM MST

12/26/24, 7:06 AM  Communication Re: Disclosure of Confidential Child Welfare Records

**To:** [redacted] Catalano, Sherri L. - CAO Asst City Attorney - Assoc"
<Sherri.Catalano@denvergov.org> [redacted]
**Cc:** "Wolf, Robert A. - CAO CL0359 Assistant City Attorney Section Su" <Robert.Wolf@denvergov.org>
**Subject: RE: [EXTERNAL] Re: Communication Re: Disclosure of Confidential Child Welfare Records**

Thank you for the quick response. To reiterate, my communication with you does not concern your employment appeals. You will continue to engage with Ms. Catalano on those matters. My sole concern in my communication with you is the protection of the client's right to confidentiality in their records and dealings with Denver Human Services.

As you named a specific family and allege that they have been mistreated in some way, I will ensure that they are contacted and provided, again, with their rights and remedies. I assume in your work with them that you provided them with the written advisement of rights and remedies as required. As you know, options for lodging complaints concerning child welfare actions include utilizing the chain of command by communicating with the Deputy Executive Director, Joe Homlar; an internal DHS grievance process through which a grievance is reviewed by Executive Director Don Mares and which may lead to review by the Citizen Review Panel; the CDHS grievance process; independent investigation and resolution through the Office of the Colorado Child Protection Ombudsman; and judicial review. These are the appropriate individuals and entities to receive complaints as they possess the legal authority to review confidential information, conduct investigations and seek resolution.

Thank you for your stated commitment to protecting the rights of families.

**Katie Smith** | Director

Human Services Section, Denver City Attorney's Office | City and County of Denver
p: (720) 944-2978 | Kathryn.smith@denvergov.org



**CONNECT WITH US | 311 | POCKETGOV.COM | DENVERGOV.ORG | DENVER 8 TV**

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]



**Sherri Catalano | Assistant City Attorney**
City Attorney's Office - Human Services | City and County of Denver
720.944.2982 Phone | 720.944.3014 Fax
sherri.catalano@denvergov.org | Dial 3-1-1 for City Services

OUR CORE VALUES: Commitment | Credibility | Competence | Fairness | Teamwork | Compassion

This e-mail transmission from the City and County of Denver, and any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected

transmission does not constitute waiver of any applicable privilege.  If you received this transmission in error, please immediately notify
the sender and delete the original transmission and its attachments.  Thank you.

[Quoted text hidden]

**PLAINTIFF'S EXHIBIT # 4:** PUBLIC (*EMPH*)

267

1    exactly what the body of the letter is, you know, I didn't --

2    Q    Okay.

3    A    -- but they were on a deadline and they had to go out.

4    And she was giving you guidance on what to do.  You had

5    contacted Bob Mokon (phonetic) in Ochico (phonetic) to see

6    about departmental correspondence but you were frustrated

7    because they had to be redone over and over.

8    Q    Okay.  And where did you -- how did you hear that

9    conversation?  Were you standing outside her office?

10   A    Because I heard you when you walked out the door.

11   Q    Okay.

12   A    And then you left.

13   Q    Okay.  So were you standing outside the door or were you

14   seated at your desk?

15   A    Well, walking in that area.  I mean our cubicles aren't

16   too far -- far away.  You could hear.

17   Q    Okay.  Did you see me walk out of her office?

18   A    Yes, yes.

19   Q    Okay.  Did you in seeing me walk out of the office, was

20   there any look of frustration, tears, anger, what was the

21   emotion?

22   A    You looked angry.

23   Q    Okay.

24   A    And I believe you went home that day.

25   Q    Okay.  So did you complain to your supervisor about

**AVTranz**
www.avtranz.com · (800) 257-0885

PLAINTIFF'S
EXHIBIT
4
12 PAGES

1    overhearing that conversation, Ms. Hernandez?

2    A    I talked to Jane about it because we had to get the work

3    done.  And yes, the supervisor knows but --

4    Q    Okay.

5    A    -- I had to stay extra time.

6    Q    Okay.

7    A    To complete the projects.

8    Q    Did you ever mention to Mr. Gomez overhearing that

9    conversation, your first line supervisor?

10   A    Yes, I believe so.

11   Q    Okay.  And how did that come about?

12   A    Because I had to stay after work.

13   Q    Okay.

14   A    And you know, in order to help complete your project that

15   you were supposed to do, I had to stay there.  And that was a

16   little frustrating.

17   Q    Did you get overtime pay for staying after work that day?

18   A    I don't get overtime.  But because I'm on the compressed

19   work scheduled.  But --

20   Q    Was it offered?

21          MS. ALLARD:  Objection.  Relevance.

22          JUDGE MISH:  Overruled.  Please answer the question,

23   ma'am.

24          THE WITNESS:  I'm sorry.

25          JUDGE MISH:  Please answer the question.

1      THE WITNESS:  I don't know if I got overtime or -- I

2  can't remember.

3  BY ▓▓▓▓▓▓▓▓▓▓▓▓

4  Q    Okay.  Do you recall how long you stayed over that night

5  to help Ms. Goin with the letters?

6  A    Probably about an hour.

7  Q    Okay.  Were you offered comp time for staying over hours?

8  A    I got some compensation.  I know if he made it up to me,

9  yes.

10  Q    How did he make it up to you?  Did you get awarded for

11  that?

12  A    No, no.  Just maybe come in, you know, little later or

13  something.

14  Q    Okay.  Have you received -- do you consider Mr. Gomez --

15  have you received fair performance reviews from Mr. Gomez in

16  your opinion?

17  A    Yes.

18  Q    Okay.  And as far as that matter of overhearing Appellant

19  walk out of the office, did you also overhear the Appellant

20  raising her voice to Ms. Griswold ever at any point?

21      MS. ALLARD:  Objection.  Relevance.

22      JUDGE MISH:  Offer of proof whether you did or you

23  didn't shows what?

24  ▓▓▓▓▓▓▓▓▓▓▓      As far as -- let me redirect the

25  question if I could please.

**AVTranz**
www.avtranz.com · (800) 257-0885

**From:**
**Sent:** Thursday, July 21, 2011 9:58 AM
**To:** Goin, Jane
**Subject:** RE: priority in a.m.: letters
**Attachments:** Mayor Michael Hancock Letter.docx; Mayor Hancock Envelope Template.docx; Denver City Council Letter.docx; Denver City Council Envelope Template.docx

- http://www.denvergov.org/DenverCityCouncil/ContactUs/tabid/436357/Default.aspx = Link for ALL Denver City Council Members Contacts (address, phone/emails) as used to copy/paste/print letters/envelopes to Council Members individually.
- Attached are electronic copies of letters/envelopes to Mayor Hancock and the Denver City Council.
- Enclosed in the attached folder are two printed sets (one on the right, the other on the left) of letters and envelopes for ALL Denver City Council Members; the Denver City Council; and Mayor Hancock.
  - Assignment completion time of 8:03AM to 10:00 AM/MST

Thanks,

M.P.A. ☺
Management Analyst
**Region VIII Field Policy & Management**
**U.S. Housing & Urban Development**
**1670 Broadway, 25th floor**
**Denver, Colorado 80202**
303-839-2611
e: _____@hud.gov

Increase Homeownership, Support Community Development & Increase Access to Affordable Housing Free From Discrimination

This e-mail transmission is from the United States Housing and Urban Development Regional VIII Office. Any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you.

**From:** Goin, Jane
**Sent:** Wednesday, July 20, 2011 6:21 PM
**To:**
**Subject:** priority in a.m.: letters

Please address the letters and corresponding envelopes in the morning.
Place two sets in a folder----one on the left and other one on the right side, ready for signature.
Provide the products to me via email and the folder.

1

# U. S. Department of Housing and Urban Development

Regional Administrator

Region VIII, Denver
1670 Broadway Street
Denver, Colorado 80202-4801

Phone: 303-672-5440
Fax: 303-672-5004
Web: www.hud.gov

August 9, 2011

The Honorable Michael B. Hancock 
Office of the Mayor
1437 Bannock St., Room 350
Denver, Colorado 80202

Dear Mayor Hancock:

Congratulations on your successful inauguration and first days in office as Mayor of Denver. Through our personal experiences working closely together on the Denver City Council, I value our kindred partnership. I agree with your inaugural address when you said, "Denver needs a leader who understands that tough times come and go, but tough people always stay." The city of Denver is recognized as a national leader in developing innovative, affordable housing and economic opportunities within the Rocky Mountain Region.

As Regional Administrator of Region VIII, I would like to share with you a few projects and priorities supported by the U.S. Department of Housing and Urban Development Region VIII.

I am pleased to inform you that in 2010 the U.S. Department of Housing and Urban Development invested more than $4.7 billion in Denver through HUD's Public Housing, Community Planning and Development, ARRA funding and FHA insured loans.

As Senior Advisor on Sustainability to Secretary Shaun Donovan, I am pleased that HUD, working with the U.S. Department of EPA and U.S. Department DOT, are collaborating closely so federal funding is used for more sustainable projects in Denver and across the nation. HUD has provided a significant policy impact for sustainable community planning grants and challenge grants in Denver. For example, HUD awarded $2.9 million in a Challenge Grant to the City of Denver to support program planning efforts for the west corridor light rail line between Auraria and Sheridan Boulevard. HUD also supported a recent sustainable community grant to help support the State of Colorado's efforts to the Five Points neighborhood.

Michael, my office is open to you and your staff. I'll be available anytime. Again, congratulations on beginning a new era of leadership in Denver. I look forward to working with you on many economic and housing projects in the future.

Sincerely,

Rick Garcia
Regional Administrator and
Senior Advisor to the Secretary on Sustainability

# U. S. Department of Housing and Urban Development

Regional Administrator

Region VIII, Denver
1670 Broadway Street
Denver, Colorado 80202-4801

Phone: 303-672-5440
Fax: 303-672-5004
Web: www.hud.gov

August 9, 2011

Denver City Council
City and County Building
1437 Bannock St., Rm. 451
Denver, CO 80202

Dear Council Members,

Congratulations on your successful inauguration and first days in office as a Denver City Council Member. I look back on my first days in office fondly and hope you have a similar growing, positive experience as you undertake the serious responsibility for your community.

As Regional Administrator of Region VIII, I would like to share with you a few projects and priorities supported by the U.S. Department of Housing and Urban Development Region VIII.

First, the city of Denver is a recognized leader in affordable housing opportunities and creating economic development within the Rocky Mountain Region. In fact, in 2010 the U.S. Department of Housing and Urban Development provided more than $4.7 billion investment in Denver through HUD's Public Housing, Community Planning and Development, ARRA funds and FHA insured loans.

Secondly, I serve as Senior Advisor on Sustainability to Secretary Shaun Donovan and I am pleased that HUD is working with the U.S. Department of EPA and U.S. Department of DOT, collaborating closely so that federal funding is in more sustainable alignment with our urban policy outcomes across the nation. One such example of HUD's role supporting Denver was a $2.9 million Challenge Grant awarded to the City of Denver in 2010 to support program planning efforts, including the west corridor light rail line from Auraria to Sheridan Boulevard.

In closing, my office is open to you and I'll be available to talk with you anytime. I also extend assistance by our Region VIII staff. Again, congratulations and I look forward to partnering with you to help secure a better economic future for Denver and our region.

Sincerely,

Rick Garcia
Regional Administrator and
Senior Advisor to the Secretary on Sustainability

*Instructions*

— *Departmental Correspondence Handbook* — 2221.1

CCPY

State Governments and Local Governments (continued)

| Addressee | Address on Letter and Envelope | Salutation and Complimentary Close |
|---|---|---|
| State's Attorney | The Honorable (Full Name)<br>State's Attorney<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mr./Mrs./Miss/Ms.<br>(Last Name):<br>Sincerely, |
| District Attorney | The Honorable (Full Name)<br>District Attorney<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mr./Mrs./Miss/Ms.<br>(Last Name):<br>Sincerely, |
| Mayor | The Honorable (Full Name)<br>Mayor of (City)<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mayor (Last Name):<br>Sincerely, |
| Mayor Pro Tem | The Honorable (Full Name)<br>Mayor Pro Tem of  (City)<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mayor Pro Tem<br>(Last Name):<br>Sincerely, |
| President of a City Board of Commissioners | The Honorable (Full Name)<br>President, Board of<br>Commissioners of (City)<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mr./Mrs./Miss/Ms.<br>(Last Name):<br>Sincerely, |
| City Council Member | Mr./Mrs./Miss/Ms. (Full Name)<br>Councilman/Councilwoman<br>(City) City Council<br>(Address)<br>(City, State  ZIP Code+4) | Dear Mr./Mrs./Miss/Ms.<br>(Last Name):<br>Sincerely, |
| Chief of Police | (Full Name)<br>Chief of Police<br>(City)<br>(City, State  ZIP Code+4) | Dear Sir:<br>Dear Chief (Last Name):<br>Sincerely, |

Clergy

| Addressee | Address on Letter and Envelope | Salutation and Complimentary Close |
|---|---|---|
| Protestant | The Right Reverend (Full Name)<br>Bishop of (City)<br>(Address)<br>(City, State  ZIP Code+4) | (formal)<br>Right Reverend Sir:<br>Right Reverend Madam:<br>Sincerely,<br>(informal)<br>Dear Bishop (Last Name):<br>Sincerely, |
| | The Very Reverend (Full name)<br>Dean of (Cathedral)<br>(Address)<br>(City, State  ZIP Code+4) | (formal)<br>Very Reverend Sir:<br>Very Reverend Madam:<br>Sincerely,<br>(informal)<br>Dear Dean (Last Name):<br>Sincerely, |

③ Insert middle `initial` "m" in Rick's signature block.

# U. S. Department of Housing and Urban Development

Regional Director

Region VIII, Denver
1670 Broadway Street
Denver, Colorado 80202-4801

Phone: 303-672-5440
Fax: 303-672-5004
Web: www.hud.gov

(Date)

The Honorable Michael Bennet   OR   The Honorable Michael Bennet
United States Senator                United States Senate
2300 15 Street Suite 450             Washington, DC 20510-0001
Denver, CO 80202
                                     Dear Senator Bennet
Dear Senator Bennet

The Honorable Diana DeGette   OR   The Honorable Diana DeGette
Member, United States                U.S. House of Representatives
House of Representatives              Washington, DC 20515-0001
600 Grant Street Suite 202
Denver, CO 80203                     Dear Representative DeGette

Dear Representative DeGette

    Reference Departmental Correspondence Handbook 2221.1 REV-6, Chapter VI. Prepare letter on Regional Director's letterhead. Use modified block style of letter, i.e. indent one tab at the beginning of each paragraph. Double space between paragraphs. Select Times New Roman font and 12-pitch type. Margins should be 1" on all sides, but modified to 1.25" for a shorter letter.

    The inside address is single spaced, block style with a two-space indent for any run-over lines. Begin typing four spaces below the date. Use the nine-digit zip code. No abbreviations other than for state.

    Number the continuation pages at the top right margin and continue typing three lines below. There must be room for at least two lines of the paragraph at the end of the page and a minimum of three lines carried over to the next page.

    Two spaces down from the body of the letter, tab five times and type the signature block. Hit four returns following "Sincerely,". Use only the name of the Regional Director since title and office are in the letterhead. Place the "Enclosure" notation two spaces below the signature block, at the left margin, if including other documents.

                   Sincerely,

                   Regional Director's Name (no title)

Enclosure

[Note: To keep this sample format sheet to one page, 10-pitch type has been used. However, Congressional correspondence must be prepared in 12-pitch type.]

Cong Correspondence Format.0204.doc



From:
Sent: Thursday, June 16, 2011 3:47 PM
To: Russell, Effie L
Subject: RE: John Huggins Contacts & Denver Mayor-elect Michael Hancock's staff contacts

Thank you Effie; I too wasn't successful in finding any contact information as of yet.

 M.P.A. ☺
Management Analyst
**Region VIII Field Policy & Management**
**U.S. Housing & Urban Development**
**1670 Broadway, 25th floor**
**Denver, Colorado 80202**
**P:303-839-2611**
e: @hud.gov

Increase Homeownership, Support Community Development & Increase Access to Affordable Housing Free From Discrimination

This e-mail transmission is from the United States Housing and Urban Development Regional VIII Office. Any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you.

From: Russell, Effie L
Sent: Thursday, June 16, 2011 3:45 PM
To:
Subject: RE: John Huggins Contacts & Denver Mayor-elect Michael Hancock's staff contacts

No contact info yet. I told Jane who his scheduler was. That's going to have to work for now.

Effie. L. Russell
(303) 672-5422

From:
Sent: Thursday, June 16, 2011 2:06 PM
To: Russell, Effie L
Subject: John Huggins Contacts & Denver Mayor-elect Michael Hancock's staff contacts

Good afternoon Effie,

Assigned "Congressional Staffers and Elected" Share Point categories would you please verify if you have Denver Mayor-elect Michael Hancock's staff contacts (ex. John Huggins; as only a Huggins for a Tracey surfaced in our Share Point). These are needed for the Economic Development Contact Spread sheet.

Thanks,

 M.P.A. ☺
Management Analyst
**Region VIII Field Policy & Management**

1

Gerrish, Donald J

| | |
|---|---|
| **From:** | Goin, Jane |
| **Sent:** | Wednesday, July 20, 2011 1:01 PM |
| **To:** | |
| **Subject:** | RE: "Elected/Congressional Staffers" Share Point categories |

In this case, I am requesting you complete this project for the office by COB today.
This is an example where you need to come and talk with me first, rather than send emails to other staff.
I have already talked with Effie and she knows about your assignment.

**From:**
**Sent:** Wednesday, July 20, 2011 12:54 PM
**To:** Goin, Jane; Russell, Effie L
**Subject:** "Elected/Congressional Staffers" Share Point categories

Before following directives of your email below, please note that on 01/24/11 it was communicated to me via email by Jim Graver that Effie Russell was assigned "Elected/Congressional Staffers" Share Point categories by RA Garcia… To that end, I'm forwarding Effie this email to confirm and get an understanding that I'm now to provide/be responsible for updating these categories. This will ensure everyone is on the same page.

Thanks,

*M.P.A.* ☺
Management Analyst
**Region VIII Field Policy & Management**
**U.S. Housing & Urban Development**
**1670 Broadway, 25th floor**
**Denver, Colorado 80202**
**P:303-839-2611**
e █████████████@hud.gov
Increas████████████ommunity Development & Increase Access to Affordable Housing Free From Discrimination

This e-mail transmission is from the United States Housing and Urban Development Regional VIII Office. Any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you.

**From:** Goin, Jane
**Sent:** Wednesday, July 20, 2011 12:41 PM

**From:**
**Sent:** Thursday, July 21, 2011 12:24 PM
**To:** Goin, Jane
**Cc:** Mongelli, Gary J; Gerrish, Donald J
**Subject:** RE: Update needed this morning for priority letters prepped.

See pink bold font 12:07-12:24 PM/MST prepared reply below.

I will resume working on assignment up until lunch and if necessary after.

Thanks,

M.P.A. ☺
Management Analyst
**Region VIII Field Policy & Management**
**U.S. Housing & Urban Development**
**1670 Broadway, 25th floor**
**Denver, Colorado 80202**
**P:303-839-2611**
e: hud.gov

Increase Homeownership, Support Community Development & Increase Access to Affordable Housing Free From Discrimination

This e-mail transmission is from the United States Housing and Urban Development Regional VIII Office. Any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you.

**From:** Goin, Jane
**Sent:** Thursday, July 21, 2011 12:03 PM
**To:**
**Cc:** Mongelli, Gary J; Gerrish, Donald J
**Subject:** RE: Update needed this morning for priority letters prepped.



As we discussed in the performance planning meeting **(was this the "performance planning meeting?" of which I declined to sign EPPES on 4/18/11?)** the handbook is on line (HUD at work) and you can print your own copy **(If it's online, I rather not print waste ink/paper. It would've been great had you just provided the link...).**

As stated previously, if/when you have any questions on correspondence, ask me **(Analogous to all my previous emails to you, it's not necessary to stop working, walk over to your office to "ask you questions" in person (especially when an assignment is "time sensitive") and I've thoroughly ...ised questions (when I have a question) via email. Again I seek directives to be written per you stating there being "miscommunication" and I counter there not being "miscommunication" but your directives being incorrect or contradicting (ex. you incorrectly cited Departmental Correspondence Handbook/ reference 2221)... If I'm not available, an alternative, in this case, is to**

ask our FPM Region VIII Correspondence Liaison Denise Hernandez ( I didn't realize Denise's title as Secretary was also that of "FPM Region VIII Correspondence Liaison" until now).    It is not appropriate **(taking initiative and being resourceful and AGAIN the Handbook is produced by a different HUD Office (OCHCO) so it was appropriate that I called a staff member of that office for guidance)**  that you call others for this reference when we are available **(note that when I raised questions earlier (ex. my 11:37 AM/MST email) you could've easily replied "Please ask FPM Region VIII Correspondence Liaison Denise Hernandez"?...)**

Again, when/if you have questions, come and ask me. **Again, please note analogous to all my previous emails to you; it's not necessary to stop working, walk over to your office to "ask you questions" in person and I've thoroughly raised questions (when I have a question) via email.**

jg

**From:** ▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Thursday, July 21, 2011 11:43 AM
**To:** Goin, Jane
**Cc:** Mongelli, Gary J; Gerrish, Donald J
**Subject:** RE: Update needed this morning for priority letters prepped.

Called Bob Mocon in OCHCO from 11:38-11:40 AM. With his guidance he provided me direction on how to search all of HUD's handbooks on the Intranet. I will not search for Departmental Correspondence Handbook and reference 2221. Thanks.

# **PLAINTIFF'S EXHIBIT # 5:** PUBLIC (***EMPH***)



# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

 *pro se*

v.

Júlian Castro, Secretary, U.S. Department of
Housing and Urban Development - Appellee.

Case No. <u>15-1443</u>

Appellant/Petitioner's Opening
Brief



PLAINTIFF'S
EXHIBIT

5

41 PAGES

**APPELLANT/PETITIONER'S OPENING BRIEF**

1. **Statement of the Case.**

    *Pro se,* Plaintiff initiated civil action June 18, 2014. Dkt. #1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was granted June 19, 2014. Dkt. ##2, 4... Plaintiff filed Motion for Substitution (Dkt. #31), which the district court denied. *See* Dkt. #33. *See* Dkt. #151 JUDGEMENT, pg. 1-3 "Background" for district court's *brief* summary of proceedings; and Dkt. #154-1 accounting for all proceedings.

    Plaintiff's Objection/Appeal of magistrate judge's Decision was filed in good faith November 17, 2015 for claims of (1) Title VII discrimination based on race, sex, and color; (2) Title VII hostile work environment; (3) Title VII retaliation; (4) Fair Labor Standards Act ("FLSA") violation; and (5) Freedom of Information Act ("FOIA") violation. *See* Dkt. #152.

2. **Statement of Facts Relevant to the Issues Presented for Review.**

    Plaintiff's Title VII claims arise from her employment as a Management Analyst GS-0343-12 for the United States Department of Housing and Urban Development ("HUD") and her March 30, 2012 removal pursuant to 5 C.F.R. Part 752 for misconduct. Plaintiff alleges that, while employed at the Region VIII, Office of Field Policy and Management (FPM), on the basis of her race, color, and/or sex she was the victim of unlawful employment practices including discrimination; creation of a hostile work environment; retaliation by differing treatment in compensation, telework, delayed processing of federal student loan repayment program (SLRP) applications, other terms, conditions, privileges of employment; failure to remove barriers and promote; involuntary detail orders to differing programs/positional interval series; involuntary administrative leave; and discipline/adverse actions taken for misconduct as a pretext in short proximity from when Plaintiff engaged in EEO protected activities and reported FOIA, FLSA, and other violations committed by the Defendant (vicariously liable supervisors' Deborah A. Griswold, Carolyn "Jane" Goin, Daniel R. Gomez, Jr., Rick M. Garcia, and recommending officials' - Donald J. Gerrish, Ginger Richardson, Nelson R. Brégon, Paul Scott, Patricia Hoban-Moore, Nicole Allard, Marc Anderson, and Jerry Holloway who were/are employed by the Defendant). *See* Dkt. #40.

3. **Statement of Issues.**

    a.    **First Issue:** Whether several factors could lead a jury to reasonably conclude that Plaintiff was discriminated against based on her race (Black American), color (black), sex (female), and/or retaliation for EEO activity and/or whistleblowing disclosures; the creation of hostile work environment; irreparable harm; FLSA

violation; and/or FOIA violation.

### Argument and Authorities:

Plaintiff's case is and has been analogous to *Pardo-Kronemann v. Donovan*, No. 08-5155, 2010 WL 1508072 (D.C. Cir. Apr. 16, 2010). U.S. Court of Appeals for the D.C. Circuit reversed lower court's decision finding several factors could lead a jury to conclude HUD's stated reason for reassigning Pardo-Kronemann (without consultation as to his preferences) was merely a pretext for discrimination and in retaliation for his EEO activity.

### Supervision

1. Plaintiff's first-line supervisor in HUD Region VIII FPM was Deborah A. Griswold, Deputy Regional Administrator (DRA), until Daniel "Dan" R. Gomez Jr.'s appointment as Acting Deputy Regional Administrator on or about August 16, 2010.[1]

2. Gomez swore to being the acting DRA August 16, 2010[2]; and that "Ms. Griswold stayed in the office about three and a half weeks after my appointment as acting department regional administrator to transition out." [3]

3. Plaintiff learned of Dan Gomez officially being her new supervisor, August 23, 2010 at 12:59 PM when Griswold emailed- "███████ Dan Gomez is the Acting DRA and he should address any questions from your below e-mail. Regards, Deborah." [4]

4. Defendant admitted before EEOC, MSPB, and the district court "At all times relevant to this complaint, Rick Garcia, Regional Administrator, was Plaintiff's second-line supervisor."[5]

5. "…But I still think Dan Gomez was ultimately the supervisor…" was Garcia's MSPB oath to the question: "Were there any other supervisors for Ms. Glapion?"[6] Gomez remained Plaintiff's "immediate supervisor of record"; even when she was detailed to the Office of Public Affairs (OPA).[7]

---

[1] Dkt. #138, #15 Exhibit #15, (Defendant's Material Facts Not in Dispute to the EEOC) (EEOC ROI at 242, 249, ████████ dep.10:22-11:8)

[2] Dkt. #138, #14 Exhibit #14, pg. 3, ¶15.

[3] Dkt. 138 , #13 Exhibit #13, pg.2, Tr.58: 22-24.

[4] Dkt. #145, #24, Ex #112, pg. 3, ¶6.

[5] Dkt. 38 at 5-8; and Dkt. #138 #15 Exhibit #15, pg.1, #9.

[6] Dkt. #145, #41, Ex. 125, August 8, 2012, MSPB Tr. page 225: 12:13.

[7] Dkt. #144, # 16 Ex. 78, pg. 1, ¶1-6, (MG00967)

### Recommending Officials

Gerrish was one of the agency's Region VIII Human Resources employees who assisted agency managers with these actions.[8]   Other recommending officials' who had authority to take, direct others to take, recommend, or approve any personnel action and shall be subject to sanctions for committing a prohibited personnel practice (PPP) pursuant to 5 U.S.C. § 2302(b) in Plaintiff's case include: HUD *former* FPM Director *now* Chief Administrative Officer Patricia Hoban Moore, FPM Associate Assistant Deputy Secretary Nelson R. Brégon,   FPM Deputy Director Paul Scott[9];   Branch III Labor and Employee Relations (LER) Chief Ginger Richardson[10],   HUD Region VIII Office of General Counsel (OGC) attorneys- Nicole Allard, Lisa Coronado, Zach Mountin,[11] and Director Ellen Dole[12].

### Discipline

Fiscal year (FY) of 2012, all four disciplines within HUD's Region VIII Denver, Colorado Office were for Plaintiff.[13]   FY 2011, of the five disciplines within HUD's Region VIII, Denver, Colorado Office; four were for Plaintiff.[14]   Adverse actions' issued by Defendant to Plaintiff, were for charges of conduct (**Chapter 75** provisions) **NOT** performance-based (Chapter **43**).[15]

### Background

Plaintiff was appointed as a HUD Federal Career Intern (FCI) effective April 28, 2008.[16]   Plaintiff received "Excellent" followed by "Outstanding" performance reviews' PRIOR to reviews by HUD Region VIII FPM EEO RMOs.[17]   Plaintiff received "Fully Successful" performance appraisals as a HUD Region VIII FPM Management Analyst GS-0343-12. [18]   Plaintiff was a bargaining unit American Federation of Government

---

[8] Dkt. #139, Attch. #1 Exhibit Exhibit (Ex.)22, ¶2, last sentence (MSPB Initial Decision)
[9] Dkt. #145, #35, Ex. 123, pg. 3-5.
[10] Dkt. #144 #23 Ex. 85, pg. 1, #8;
[11] Dkt. #144 #23 Ex. 85, pg. 1-2, #9 (5/23/12 MSPB Defendant's Responses)
[12] Dkt. #106, Ex. 13 at 10.
[13] Dkt. 117, Ex. #41, pg.1-5 (MSPB Government Exhibit 7).
[14] Dkt. 117, Ex. #41, pg.6-9 (MSPB Government Exhibit 8).
[15] Dkt. #139 #1 Exhibit Exhibit (Ex.)22, pg. 2, ¶7.
[16] Dkt. #138, Attachment (Attach.) # 3 Exhibit #3 (Plaintiff's SF-50 from HUD, #15 Position Title and Number and #45 Remarks "Appointment" (1 pg.)).
[17] Dkt. #145 #28 Ex. 116, pg. 2, ¶9, #4.
[18] Dkt. #145, #100, Ex. 184, pg.1, #1

Employees (AFGE) Local 3972 employee.[19]  Plaintiff was never placed on a performance improvement plan (PIP) in her entire tenure within HUD or in FPM.[20] Plaintiff was the ONLY Black American female in HUD's SIX STATES (Colorado, Montana, North Dakota, South Dakota, Utah, and Wyoming) Region VIII Office of Field Policy and Management (FPM) from 2008 to her removal of March 30, 2012.[21]

### Plaintiff Re-Alleges ALL Preceding Paragraphs In Showing Established *PRIMA FACIE* of ALL FIVE Claims:

### Non-selected or promoted for the 2010 Senior Management GS-0343-13 position

Plaintiff performed HUD Region VIII FPM Operations Specialist, GS-0301-13 duties as assigned/issued a position description[22] by Griswold[23] from April 28, 2008 to July 2008, and from approximately February 1, 2010 to April 28, 2010 as a FCI target to be an FPM Operations Specialist, GS-0301-13, meaning at the completion of the two year FCI program, Plaintiff *was to be* non-competitively converted to permanent employment, as an Operation Specialist GS-13 in the Region VIII FPM office.[24]  March 17, 2009 Griswold had the "prerogative" to cover "critical vacancies in HUD Region VIII" to "grade-appropriate work" and make sure "folks receive the proper training" by Headquarters FPM.[25]  Federal Regulation at 29 CFR § 1614, HUD's Fiscal Year 2010 Management Directive-715 EEO Report identified "triggers" specific to "blacks", "black females", and "glass ceiling" being promoted to GS-13 positions.   HUD Equal Employment Opportunity; Policy, Procedures and Programs 24 CFR § 7.15(a)(c)(d)

---

[19] Dkt. #38, pg. 6, #9 (Civil Scheduling Order Undisputed Facts).

[20] Dkt. #145 #100 Ex. 184, pg.2, #12.

[21] Dkt. #138, Attach. # 1 Exhibit #1, pg. 2, #1; AND Dkt. #106, pg. 4, #18 (Defendant's Motion for Summary Judgement).

[22] Dkt. #145, Attach.# 13 Ex. 101; AND Dkt. #126, # 21 Exhibit GS-13 FPM PD (from Griswold to Plaintiff))

[23] Dkt. 117, Ex. #48, Concurrence of Mongelli's 3/22/12 EEO Depo., pg.32-35: lines 22-18.

[24] Dkt. #138, Attach. # 5 Exhibit #5, pg. 1-5 (Plaintiff's Final IDP signed by both Plaintiff and Griswold); Dkt. #138, Attach. #10, pg. 2, #4, and pg. 3, #11 (Similar Situated Malik Shamal's notarized Witness Affidavit).

[25] Dkt. 117, Attach. # 22 Exhibit (Griswold's "prerogative" to assign grade-appropriate work/training), pg. 14 (Bates stamped by Defendant MG00639).

explicitly states —all managers and supervisors of the Department are responsible for removing barriers to EEO and ensuring that EEO standards are accomplished...; encouraging and taking positive steps to ensure respect for and acceptance of minorities, women...; and ensuring the non-discriminatory treatment of all employees and for providing full and fair opportunity for all employees in obtaining employment and career advancement...[26] **HOWEVER** Griswold ADMITTED to forwarding Operations Specialist, GS-0301-13 announcement to all Region VIII FPM, except Plaintiff.[27] Griswold was instilling fear telling Plaintiff "FPM was over ceiling".[28]  February 14, 2010, Effie Russell, a white female, was promoted by Griswold into the Operations Specialist, GS-0301-13 position within HUD Region VIII FPM[29]; whereas more qualified Plaintiff, was converted to permanent competitive status position of Operations Analyst, GS-0301-12[30] May 9, 2010, within HUD Region VIII FPM.[31]  Plaintiff continued to perform higher graded duties in others' incompetence, inability, unfamiliarity, unwillingness [Zvonkovic, Russell] as ordered, BUT was disciplined when she sought appropriate training [February 9, 2011 and April 4, 2011]; and her duties were reassigned[32] to those[33] not of her protected groups for pretext reasons.

### EEO Protected Activities Preceding Plaintiff's Contact with EEO Counselor

March 9, 2010 from 3:30 to 5:35 PM/MST, EEO protected activity with Griswold regarding HUD Region VIII Public Affairs Officer (PAO) Carolyn "Jane" Goin's February 26, 2010 "racial and sexually charged comments" to Plaintiff.[34]

---

[26] Dkt. #126, # 6 Exhibit CFR Title 24(A)(7)(A) §7.15.

[27] Dkt. 106, pg. 20, #115-116

[28] Dkt. #145, Attch. # 57 Ex. 141, pg. 1-2 (Plaintiff's February 25, 2010 "Seeking personalized clarification as it pertains to FCI Conversion email to Chief of Human Capital Payne and copied Fellows Program Manager Neil-Denton and Griswold); Dkt. #145, Attach. # 57 Ex. 141, pg. 4, ¶6-7 (Plaintiff's March 3, 2010 email to Fellows Program Manager Neil-Denton (EEO protected activity) about Griswold).

[29] Dkt. 38, pg. 6, #6 (Civil Scheduling Order Undisputed Facts).

[30] Docket #106, pg. 3, footnote #1.

[31] Dkt. 38, pg. 6, #5.

[32] Dkt. 106 pg. 33 #237.

[33] Pauline Zvonkovic, Jim Graver, Christine Baumann, Effie Russell.

[34] Dkt. #141, pg. 4, ¶5-9 (Ex. 50 (8/19/11 Amended Formal EEOC Complaint); Dkt. #106, pg. 19-20, Defendant's Undisputed Facts #109-110.

### Griswold, Hernandez, AFGE Local 3972 President Mongelli, Hoban-Moore

May 27, 2010, crying Plaintiff "immediately proceeded from 25[th] floor to AFGE Local 3972 President Mongelli's office" after being held hostage in Griswold's office from 11:45-2:25 PM/MST[35] wherein Griswold "questions Plaintiff possessing a master's degree", and told Plaintiff "she was **RESENTED by** the secretary (Denise **Hernandez**) who had been there 20 years and was only a GS-9!"[36]  June 2, 2010 Plaintiff engaged in EEO protected activity with AFGE Local 3972 President from 8:30-9:30 AM/MST; and witnessing Hernandez who "wanted to "clear the air" in Conference Room from 10:50 AM-12:19 AM/MST.[37]  June 30, 2010 AFGE Local 3972 President brought Plaintiff's EEO activity about Griswold to Hoban-Moore's immediate attention.[38]

### Garcia, AFGE Local 3972 President Mongelli

July 21, 2010 7:46 AM Plaintiff emailed Garcia with copy to AFGE Local Union President and Hernandez-"hereby requesting an meeting with you and Mr. Mongelli at the earliest availability" where it explicitly stated: "Good morning RA Garcia, I am hereby requesting an meeting with you and Mr. Mongelli at the earliest availability of both your schedules per ongoing hostile office matters you've been partially privy to per copied emails to/from DRA Griswold. Thanks."[39]  July 21, 2010 Plaintiff's EEO protected activity about Griswold's and Goin's behavior and her telework being denied with Garcia was at 0345 PM MST in Garcia's office in accompaniment of AFGE Local Union 3972 President Mongelli.[40]  August 11, 2010 Plaintiff emailed AFGE Local 3972 President Mongelli with Garcia copied "Continuing hostility" about Griswold.[41]

### Adverse actions 45 days prior to Plaintiff contacting EEO Counselor

---

[35]Dkt. #141, pg. 5, ¶5-7, and pg. 6, ¶1-4 (Ex. 50 (8/19/11 Amended Formal EEOC Complaint)

[36] Dkt. #106, pg. 34, #254(a)-(b).

[37] Dkt. #141, pg. 6, ¶4-5 and pg. 7 (Ex. 50 (8/19/11 Amended Formal EEOC Complaint))

[38] Dkt. #117, # 20 Exhibit (AFGE Local 3972 to Hoban-Moore for Plaintiff), pg. 1, ¶1-3.

[39] Dkt. #138, # 12 Exhibit #12, pg. 4.

[40] Dkt. #138, # 12 Exhibit #12, pg. 5; AND Dkt. #143, pg. 13 (Exhibit 52, Part I (pg. 1-15) Contemporaneous Documentation of FPM-OPA, 2010-2012).

[41] Dkt. #138, # 12 Exhibit #12, pg. 6.

**Tarnished Reputation**

**August 16, 2010** 12:03 AM Griswold altered email threads subject headed "FW: Inappropriate June 15, 2010 E-Mail from ~~████████████~~ to Outside Federal Agency **(EEOC)** Rep" with "high importance" to employee relations specialist (Stull), new acting DRA Gomez, and second line supervisor, Rick M. Garcia[42] subsequent to having already orally admonished Plaintiff for allegedly violating the law about sending internal communications outside federal agencies **(EEOC)** on July 22, 2010, 3:16-5:34 PM, with AFGE Local Union 3972 President Mongelli.[43]    August 19, 2010 12:02 PM Griswold/Hernandez's false and harmful accusations of Plaintiff "using the benefits and privileges of lower Government Contract Air Fares for personal financial gain in order to obtain a lower fare for a flight from Blacks In Government (BIG) Conference" to Gomez, and Garcia.[44]    [*See* **Dkt. #144 #6, Ex. 68** Naqica's EEOC Affidavit attached with receipts; as Plaintiff's BIG air fare was purchased by Flight Attendant Naqica.]    August 19, 2010, disciplinary directives from Gomez, after Griswold's August 18, 2011 email, with Garcia not to proceed with changing contract fare flight from BIG for bereavement.[45]    August 20, 2010 11:15 AM emailed admonishment from Gomez, with Garcia: "In short, still in violation of GSA Federal travel rules" for BIG.[46]    August 20, 2010 4:33PM emailed admonishment from Gomez, with Garcia: "late and noncompliance with my directives unacceptable" for BIG.[47]    August 23, 2010 6:04PM, email admonishment from Gomez: "recent WebTA irregularities, serious violations of GSA travel rules, among other things, unacceptable"; "episodes of basic time, attendance policies, procedures and Federal travel laws."[48]    Defendant's CBA Article 20 §20.02 - "Oral admonishments (not recorded) can neither be grieved by the employee nor be relied upon by Management in any disciplinary action subsequently taken against the employee;"[49]    THEREFORE genuine issue of material fact exists with Gomez incorrectly mentioning August 16, 2010 BIG emails within subsequent adverse actions (February 9,

---

[42] Dkt. #145 #20 Ex. 108, pg. 1-5; and Dkt. #145 #36 Ex. 124, pg. 7-8, ¶4-1.
[43] Dkt. #143 #1 Ex. 52 (Part II, pg. 14, 8th bullet; Dkt. # 145 #18 Ex. 106, 8/9/12 MSPB Hearing Tr. 43-44:18-11)
[44] Dkt. #145 #21 Ex. 109, pg.1, ¶1.
[45] Dkt. #145 #22 Ex. 110, pg. 3-4, bottom/3rd email thread, ¶1-7.
[46] Dkt. #145 #22 Ex. 110, pg. 2, ¶1-8.
[47] Dkt. #145 #23 Ex. 111, pg. 1, 2nd email thread/bottom half, ¶1-3.
[48] Dkt. #145 #24 Ex. 112, pages 1-2, 2nd email thread/bottom half, ¶1-8.
[49] Dkt. #142 #8 Ex. 61 (Plaintiff's 9/15/11 Written Appeal...), pg. 2, **¶1, "3.)"**

2011-"October 2010 you independently attempted to use a government contract airfare for personal use"[50]); if *Bolling* factors were met; and "but-for" discrimination/retaliation.

### Issued Lower Performance Reviews and Loss of Performance Monetary Awards

Gerrish testified: "If an employee's going to receive a performance appraisal the supervisor has to have at least 90 days and that supervisor is to issue the appraisal as long as they were under them for at least 90 days."[51]   Gomez rated Plaintiff's 2010 performance review as "Fully Successful" DESPITE Gomez NOT being Plaintiff's supervisor for the required 90 days.[52]   White and Hispanic (Russell, Cabrera) HUD Region VIII FPM employees', that did not engage in EEO activity, 2010 performance appraisals' were rated by Gomez as "Outstanding" DESPITE Gomez NOT being their supervisor for the required 90 days.[53]   Plaintiff alleges AFGE Council 222 "FY 10 Performance Awards Update!" Thursday, May 05, 2011 1:23 PM email explicitly stated "Outstanding Rating-$1,150" AND "Excellent Rating-$650". Plaintiff was retaliatory issued "Fully Successful" BOTH 2010 AND 2011 thus received NO performance monetary awards.

### Denied Switching Compressed Work Schedule Day Off for Training

Hernandez (white, Hispanic) attended the League of United Latin American Citizens Nation Convention from July 12 through 17th of 2010 was permitted by Griswold to switch her compressed work schedule day off.[54]   Plaintiff attended the Blacks In Government (BIG) 32nd Annual National Training Conference **August 16**-20th, 2010 was NOT permitted by Griswold to switch her compressed work schedule day off.[55]

### Student Loan Repayment Program (SLRP) Application Delay Griswold

HUD Pay Administration Handbook, Repayment of Student loans, 4-7 System for Selecting Recipients[56] explicitly states: "When selecting employees to receive a loan repayment benefit, the Department shall adhere to merit system principles and take into consideration the need to maintain a balanced workforce including women and minority groups in which all employees are appropriately represented."   Plaintiff's SLRP

---

[50] Dkt. #145 #28 Ex. 116, pg. 2, 4th Douglass Factor
[51] Dkt. #145 #81 Ex. 165, pg. 3, 183:1-5 (8/9/12 MSPB Hearing Tr.)
[52] Dkt. #145 #81 Ex. 165, pg. 3, 183:15-17.
[53] Dkt. #139 #2 Ex. 23, pg. 2-4, boxes 10-11.
[54] Dkt. #106 #38 Hernandez EEO Depo. Excerpts. *Tr.* page 61-63: 3-24.
[55] Dkt. #145 #19 Ex. 107, pg. 1 (¶1-5)
[56] http://portal.hud.gov/hudportal/documents/huddoc?id=5502c4ADMH.pdf

application was submitted **August 12, 2010 9:36:28 AM** to Griswold.[57]   Effie Russell (white) promoted by Griswold AFTER the Plaintiff, hadn't engaged in EEO activity- had her **August 11, 2010, 8:11:40 AM** submitted SLRP application processed by Griswold **August 11, 2010 at 1:48 PM.**[58]  August 26, 2011 Griswold swore- "I am aware of only one other applicant, Ms. Effie Russell, who applied for the 2010 SLRP. Ms. Russell submitted her SLRP application to me **weeks earlier**, while I was still serving as the Deputy Regional Administrator in Denver, Colorado."[59]

## EEO Protected Activity POST Griswold

### Gomez

August 27, 2010 was Plaintiff's first supervisor meeting with Gomez[60]-"asserting [to Gomez] that she had been treated disparately in comparison to another coworker".[61]

### Student Loan Repayment Program (SLRP) Application Delay Gomez and Garcia

August 28, 2010 Gomez emailed Garcia and copied Griswold August 28, 2010 "After much consideration…I will convey the foregoing to ▓▓▓▓▓ verbally, with an emphasis on her resubmission of the application next year" as it pertained to her 2010 SLRP.[62] September 29, 2010 from 10:30 to 11:50 AM hostility by Gomez stating "he wouldn't and didn't know (Glapion) well enough to process her SLRP application!"[63]   September 29, 2010 12:24PM to 12:33PM Garcia defended Gomez and Griswold's inactions when Plaintiff went into his office (EEO protected activity) worried by saying- "Deborah had verbally kept him abreast about how she was not going to process her (Plaintiff's) SLRP application"; that he "knew and supported his Deputy Regional Administrator (Dan) not processing her (Plaintiff's) application"; and "perhaps Plaintiff hadn't been with FPM long enough?"[64]   Plaintiff later called into Garcia's closed office at approximately 3:47

---

[57] Dkt. #138 #17 Ex. 17, pg. 1 ¶1, pg. 2 ¶1, pg. 4 ¶6 (1/27/15 Griswold's civil deposition, Plaintiff's Ex. #14)

[58] Dkt. #138 #18 Ex. 18, pg. 1 ¶1, pg. 2 ¶1, pg. 4 ¶6 (1/27/15 Griswold's civil deposition, Plaintiff's exhibit #12);

[59] Dkt. #139 #3 Ex. 24, ¶2 (EEOC ROI 253)

[60] Dkt. #141, pg. 11, ¶2. (Ex. 50 (8/19/11 Amended Formal EEOC Complaint)

[61] Dkt. #138, # 14 Exhibit #14, pg. 6, ¶2 (EEOC *Gomez Witness Affidavit).*

[62] Dkt. #111 Attach. # 1: Continuation of Main Document Plaintiff's Declaration, pg. 280, #1061; entered into both Gomez's and Griswold's EEOC and civil depositions.

[63] Dkt. #141 Ex. 50, pg. 12, ¶2 (8/19/11 Amended Formal EEOC Complaint)

[64] Dkt. #141, *Ex. 50,* pg. 12, ¶3 (8/19/11 Amended Formal Complaint)

to 4:12 PM/MST, where Gomez joined, was told her EEO protected activity was "UNNECESSARY" and she "needed to just get past what happened with her former supervisor." [65]  **Plaintiff's 2010 SLRP was NOT processed UNTIL the 2010 SLRP closing date of September 29, 2010 at 3:49 PM**.[66]

### Defendant's Deliberate Hiding of EEO Counselor's Contacts

September 29, 2010 Plaintiff's EEO protected activity to Headquarters and AFGE Local Union 3972 via email at 1:52 PM/MST of her inability to find EEO Counselor's contacts and her intent to file complaint.[67]

### Plaintiff's Initial Contact with Defendant's EEO Counselor

September 30, 2010 Plaintiff successfully initiated contact with Defendant's Office of Equal Employment Opportunity (ODEEO) EEO Counselor.[68] District court accurately sustained- "Here, Plaintiff contacted an EEO counselor on September 30, 2010.  Fact #268.  Forty-five days prior to that date is **August 16, 2010.**"[69]

### Adverse Actions POST Plaintiff Contacting EEO Counselor

**October 26, 2010 Hostile Provocation Oral Admonishment NOT RECORDED**
Gomez falsely alleges Plaintiff's "not getting Garcia enough information on homelessness issues"; and performing poorly on FRICH tasks.[70]

### Oct. 28, 2010 NOT RECORDED Oral Admonishment[71]

Plaintiff orally admonished by Gomez about her October 27, 2010 "Seeking to provide you with background briefings on the subject matter of homelessness/FRICH issues/plans" email to Garcia from 4:17-5:55 PM, 25 minutes over Plaintiff's compressed work schedule (CWS), which she wasn't given over time or compensatory time for.

---

[65] Dkt. #141, *Ex* 50, pg. 13, ¶2-4

[66] Dkt. #138 #17 Ex. 17, pg. 1 ¶1, pg. 2 ¶1, pg. 4 ¶6 (1/27/15 Griswold's civil deposition, Plaintiff's Ex. #14)

[67] Dkt. #141, *Ex. 50,* pg. 13, ¶1

[68] Dkt. #145, #37 Ex. 124, Part 2, pg. 11, ¶2.

[69] Dkt. #150, pg. 67, ¶5.

[70] Dkt. #145 #37 Ex. 124, Part 2, pg. 19, ¶4, #3; AND Ex. 52, pg.22, 12th bullet.

[71] Dkt.#139 #5 Ex. 26, 19th bullet, (Plaintiff's Contemporaneous Record, EEOC ROI 92); Dkt. #145 #25 Ex. 113, pg. 1, bottom November 1, 2010 12:12 email from Plaintiff, ¶1-2.

**Oct. 28, 2010, oral admonishment RECORDED "Counseling * Inappropriate Conduct * Written Confirmation of my Counseling to You on 10/28/10"[72]**
MSPB found written counseling did not meet *Bolling* factors and should not have been considered for Plaintiff's **removal**.[73] District court failed to recognize [collateral estoppel] in granting Defendant's summary judgement. Dkt. 151.

## Denied Regular Telework Opportunity Away from Hostility to Perform Work

HUD Telework Policy Handbook 625.1 "supersedes any other references to telework in any other policies or guidance" and "implements requirements of Section 359 of Public Law 106-346." [74] Plaintiff's first written telework request to Gomez was September 28, 2010 (proximal).[75]  Gomez verbally denied Plaintiff September 29, 2010 telling her "to give it six weeks".[76]  HUD Region VIII FPM Management Analyst GS-12 - Sylvia Cabrera (Hispanic) was approved to telework by Griswold[77], and two days a week by Gomez, with lower duties then Plaintiff.[78]  Gomez completed Cabrera's telework application without certification of required technical requirements [casts *bona fide* doubt on Gomez's second removal charge, *infra*].[79]  Plaintiff's SECOND telework to Gomez was October 28, 2010 (same day as Gomez's oral admonishment over Plaintiff's CWS).[80]  January 24, 2011 Gomez and Gerrish met with Plaintiff in accompaniment/ request of AFGE Local 3972 Vice President Crowwillard. Plaintiff "didn't necessarily seek a face to face meeting"[81] but as a resolution to successfully continue her work outside from what she perceived to be a hostile work environment she attended.   Gomez abruptly adjourned meeting by "slamming hands on desk"[82]...when Plaintiff requested compliance of HUD Telework Policy Handbook 625.1§2-1(1)(2)(3)

---

[72] Dkt. # #145 #25 Ex. 113, pg.1 (11/4/10 4:46 PM email from Gomez) ¶1-5.
[73] Dkt. #139 #4 Ex. 25, pg. 2, ¶2.
[74] Dkt. #145 #72 Ex. 156, pg. 2, ¶5-6.
[75] Dkt. #145 #73 Ex. 157, pg. 4, ¶3, 2nd bullet.
[76] Dkt. # 145 #73 Ex. 157, pg. 4, ¶3, 2nd bullet.
[77] Dkt. #106 #37 pg. *28-29:20-6* Cabrera 3/26/12 EEO Depo.
[78] Dkt. # Ex 156, pg. 6 and dispute #101
[79] Dkt. # Ex. 156, pg.5, ¶3-6.
[80] Dkt. # Ex. 157, pg. 4, ¶3.
[81] Dkt. # Ex. 157, pg. 1, ¶1
[82] Dkt. # Ex. 50, pg. 20, ¶1-2 (8/19/15 Amended EEO Complaint); Dkt. #117, Crowwillard Esq. 3/19/12 EEO Dep. pg. 13-19: 22-8.

[*see* Dkt. #145 #72 Ex. 156] and his written denial of her October 28, 2010 telework application.[83]

**February 9, 2011 Notice of Proposal to Suspend Seven Calendar Days- (1) Directly Soliciting a Gift (2) Attempted Use of Public Office for Private Gain[84]; AND April 4, 2011 Reprimand Part of Official Personnel File TWO YEARS, UPHELD.[85]**

Griswold tasked Plaintiff FRICH duties because she was more qualified; Zvonkovic was "unable"[86]; HUD Region VIII "never had any HUD Homeless contact in Colorado"[87], and because she had the "prerogative" to cover "critical vacancies in HUD Region VIII" (GS-14 Candace Herbic who performed duties was retiring).[88]    Gomez was falsely telling Plaintiff "no specific or formal training for FRICH POC (as it is an ad hoc name for the function or task you were delegated) and "assignments were commensurate with her grade."[89]    Defendant purposely kept hidden Service Level Agreement (SLA) between HUD FPM and USICH signed by Hoban-Moore on December 8, 2010.[90] Garcia encouraged Plaintiff to independently seek training and volunteer opportunities related to her newly FRICH POC duties, as he himself wrote: "~~XXXXXX~~ This must be the event you mentioned to me and Dan recently. It sounds like a great opportunity to participate. Perhaps we can recruit additional volunteers from the region 8 office? They need 1000 according to Amber. Let me know about the ORC clearance for your and others participation? Thanks Rick"[91]   To better serve as newly assigned FRICH POC, following orders, and as was permitted by the SLA[92], Plaintiff researched and expressed training interest to attend National Alliance to End Homelessness (NAEH) Conference and emailed BOTH Gomez and Garcia on December 6, 2010 wherein it stated explicitly- "Uncertain of training/travel funds/approval FYI of these conferences merely serve as

---

[83] Dkt. # Ex. 157, pg. 1, ¶1) (also Dkt. #145 #39 Ex. 124, pg. 20-21, ¶6-2 EEOC Opp. MSJ)

[84] Dkt. #145 #28 Ex. 116, pg. 1-21.

[85] Dkt. 106. #12

[86] Dkt. #145 #90 Ex. 174, pg. 2,   ¶1, (12/22/09 Griswold's handwriting atop- FRICH)

[87] Dkt. #145 #90 Ex. 174, pg. 2,   ¶1, *Ibid.*

[88] Dkt. 117, # 22 Exhibit pg. 14 (MG00639) (Griswold's "prerogative")

[89] Dkt. #118 #6 [Ex. 9 Plaintiff's written response to February 9, 2011]

[90] Dkt. #126 #2 Exhibit Service Level Agreement (SLA) FPM USICH

[91] Dkt. #139 #16 Ex. 37, ¶1 (Volunteers for Project Homeless Connect).

[92] Dkt. #139 #21 Ex. 42, pg. 4-7, specifically pg. 5 "Section V-Services Provided", signed by Hoban-Moore

research/duties of FRICH POC."[93]   January 4, 2011, 3:33-3:59 PM/MST, Plaintiff was orally admonished by Gomez for December 6, 2011 email to NAEH contact;[94] then at 4:01 PM, Gomez RECORDED the oral admonishment.[95]   Explicit wording of Garcia's April 4, 2011 Decision (Reprimand)–"I believe that even though a 7-day suspension is authorized, it seems severe for a first offense without intent"; and "Mr. Gomez nor I believe you intentionally sought a gift for personal gain nor intended to use your public office for private gain."[96] Attached with Plaintiff's EEO Final Interview Notice of Right to File, legal authorities (not inclusive) in Plaintiff's written February 23, 2011 EEOC appeal and NOW for the Court: "One cannot be held responsible for use of title and position by others without knowledge and acquiescence." 5 CFR § 2635.702(b)(2); "It is permitted for an employee to use his or her title or position in connection with certain writings, provided that the writing has a "reasonably prominent disclaimer." 5 CFR §2636.807 (b) (2); AND 5 CFR § 2635.101 (a) (14)[97]   *See Sommer's* EEOC Affidavit: "The next big incident that happened to ▨▨▨▨▨was a proposal to suspend ▨▨▨▨ for 7 days from DRA, Dan Gomez for the accusation of her soliciting favors for a conference she requested information about. I read this email that ▨▨▨▨sent to the conference coordinator. There was no place in the email that a reasonable person reading it could presume that ▨▨▨▨used her position to acquire things through solicitation. I thought this was an outrageous proposal, for even if the email was perceived a certain way (which I don't understand how it could have been) most supervisors in my experience and viewing would have simply talked to the employee to clear up the matter and would have not just directly gone into a proposal for 7 days to suspend."[98]   Gomez originally proposed Plaintiff be suspended for FOURTEEN calendar days[99]; and per EEOC deposition testimony of AFGE Local 3972 President Mongelli "escorted out of the building" "had she not had Union".[100]   One year later, Gomez would effectuate his wishes. *Infra.*

---

[93] Dkt. ##139 #17 Ex. 38, 2nd bullet, ¶5 (Plaintiff's written February 23, 2011 appeal attachment #2).

[94] Dkt. #145 #26 Ex. 114, pg. 1, ¶4.

[95] Dkt. #145 #26 Ex. 114, very bottom of pg. 1 to page 2. ¶1-5

[96] Dkt. #139 #12 Ex. 33, pg.1, ¶1 and ¶11, second sentence (Garcia's April 4, 2011 (Reprimand).

[97]Dkt. # #139 #12 Ex. 33, pg.2-3.¶1-6 (Plaintiff's written February 23, 2011 appeal).

[98] Dkt. #139 #13 Ex. 34, pg.4-5, ¶2-1 (Sommer's EEOC Affidavit)(authenticated at Dkt. 1-3, pg.5-6, ¶2-1).

[99] Dkt. #145 #27 Ex. 115, pg. 1-6.

[100] Dkt. # 117, Ex. #48, Mongelli EEO Depo, pages 45-46: 21-3.

**April 11, 2011, Tangle Employment Action: Involuntary Detail of Plaintiff to the Office of Public Affairs and her duties reassigned, without Plaintiff's and Union's consultation (5 U.S.C. 7114(a)(2)(A) violation).[101]**

      Plaintiff was the ONLY ONE involuntarily detailed[102] to the "drowning"[103] Public Affairs Office (OPA); without consultation to her preference[104]; to the very person she engaged in EEO protected activity against.[105]   OPA DETAIL FAILED to comply with pertinent provisions of Article 14[106] of the collective bargaining agreement (CBA) between the agency and AFGE titled "Details and Temporary Promotions". *See* Dkt. #145 #1 Ex. 89, pg. 3.   OPA DETAIL FAILED to comply with **FPM National Supplement 39 with Hoban-Moore's signature**[107], between agency and AFGE titled "Operating Protocols" [108]wherein it explicitly states:

      3. <u>Details.</u> Management agrees that details will be effected in accordance with Article 14 of Agreement.

      5. <u>Advance Notice of Details.</u> Management agrees to provide an employee who is to be detailed for more than thirty (30) days with written (e.g. Email) notification of the detail prior to its commencement, except for emergency situations. This notification must provide: the effective date of the detail, the termination date of the detail, position to which he/she is to be detailed, the grade level of the position and the supervisor responsible for assigning duties.

      10. <u>Local Bargaining Obligations</u>. Management agrees that local bargaining obligations associated with this Supplement will be

---

[101] Dkt. #143 #1 Ex. 52, pg. 34, 4th bullet; AND Dkt. #145 #30 Ex. 118, pg. 1-5.
[102] MSPB confirmed Plaintiff was "DETAILED" to the Public Affairs office (OPA) under Goin, in April 2011, not long after Garcia issued a decision mitigating Gomez's proposed seven day suspension to a reprimand." Dkt. 146-4, pg. 20, ¶4 MSPB Initial
[103] Dkt. #145 #43 Ex. 127, 8/9/12 (MSPB Hearing Tr. 168: 2-14)
[104] Dkt. #145 # 30 Ex. 118, pg. 1-5
[105] Dkt. #141, pg. 4, ¶5-9 (Ex. 50 (8/19/11 Amended Formal EEOC Complaint); Dkt. #106, pg. 19-20, (Defendant's Facts #109-110).
[106] Dkt. #145 #1 Ex. 89, pg. 4 (Article 14)
[107] Dkt. #145 #1 Ex. 89, pg.1, #3, #5, #10 and pg. 3

**A-12**   Appellant/Petitioner's Opening Brief – 06/09                          Page 15

honored in accordance with applicable laws…

OPA DETAIL FAILED to comport with government wide regulations, when Defendant's MSPB ADMISSION was- "OPM's Guide to Personnel Data Standards does not have a Chapter 14 or 28."[109]  CONTRARY, SEE Dkt. #117, # 28 *OPMs Guide to Personnel Data Standards* wherein it explicitly states: "If Detail is for 120 days or more document with an SF 52 showing the organization and position to which detailed, the effective date of the detail, and its not-to-exceed date."[110]  Defendant ADMITTED "Plaintiff was not provided any official documentation or paperwork (i.e. a Standard Form (SF) 50 or SF-52 Request for Personnel Action Form) for April 11, 2011 or November 14, 2012" (the dates (584 days) she was ordered to perform involuntary detail in OPA) (Ex. 101, pg. 5, #4).   Plaintiff NEVER RECEIVED "Advance Notice"; effective date; termination date; position to which she is to be detailed; the grade level of the position; OR an SF 52 showing the same and its not-to-exceed date; NOR was she recognized for work she performed (584 days) as permanent record in her Official Personnel Folder (OPF); NOR was she made under competitive placement procedures or temporarily promoted via merit promotion- for the involuntary OPA DETAIL.   Plaintiff raised issue of performing ALL duties of "GS-14 FPM Public Affairs Specialist" to Hoban-Moore and Holloway by her June 26, 2011 EEOC appeal of Goin's DECIDED June 13, 2011 Reprimand, with enclosure of May 3, 2011 3:44 PM/MST "Public Affairs Specialist-FPM GS14" position description.[111]   March 20, 2012, during Gerrish's EEO deposition he testified "A Public Affairs Specialist is definitely different than a Manager Analyst."[112]

## EEOC Proceedings [NOT inclusive]
February 20, 2011 Plaintiff filed formal complaint with Defendant's Office of Departmental Equal Employment Opportunity (ODEEO) for claims of

---

[108] Defendant HAS NOT produced Supp. 39 of CBA for Plaintiff's EEOC, MSPB, civil action, and FOIA requests!
[109] Dkt. #145 #13 Ex. 101, pg. 5, ¶1-2
[110] Dkt. #117, # 28 Ex. *OPMs Guide to Personnel Data Standards*
[111] Dkt. #145 #13 Ex. 101, pg. 6-10 FPM Public Affairs Specialist
[112] Dkt. #145 #13 Ex. 101, pg. 11, Tr. 18:1-12

CONTINUOUS discrimination, retaliation, and hostile work environment.[113] March 18, 2011 Hoban Moore, Scott, and Dole all received certified notices of Plaintiff's EEO complaint.[114]   August 24, 2011 (181st day) Plaintiff requested appointment of Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ).[115]   November 22, 2011 Plaintiff made FOURTH request for appointment of EEOC AJ per matters worsening.[116] [117]   December 15, 2011 EEOC issued Acknowledgement and Order of the appointment of AJ.[118]   January 8, 2012 Defendant FAILED to initiate EEO discovery timely.[119]   January 22, 2012 Plaintiff's EEOC Interrogatories were due by Defendant February 20, 2012.[120] January 23, 2012 Plaintiff's EEOC Request for Production by Defendant were due by February 21, 2012.[121]   February 21, 2012 Plaintiff filed Motion to Compel and Sanctions to the EEOC as Defendant FAILED to complete EEOC discovery by 60th day of February 17, 2012. [122] [123]

## Gerrish, AFGE Local 3972 President Mongelli & Vice President Crowwillard, Esq.

April 26, 2011, from 1:00-2:29 PM/MST, Plaintiff engaged in EEO protected activity with Gerrish and AFGE Local 3972 about her duties being reassigned and Gomez's and Goin's orders for her to transcribe Garcia's speeches[124] (from 80's tape cassette player) for public events they disallowed her from attending…[125]

## *Preceding Adverse Actions Issued to Plaintiff while Involuntarily Detailed to OPA*

The record shows **DIRECT EVIDENCE** EEO RMOs met May 8, 2011 to discuss the following as written by Goin:

---

[113] Dkt. #1 (document 1-2), page 96 (HUD -00151-2010 Formal Complaint of Discrimination Form).
[114] Dkt. #111, Attach. #1, pg. 43, #104 (Plaintiff's Declar.)
[115] Dkt. 145, #37, Ex. #124, Part 2, pg. 16, "8.)" (EEOC Opposition to MSJ).
[116] Dkt. 135, #20, Exhibit #20, pg. 1, ¶1.
[117] See Dkt. #145 #11 #99, pg. 3 at ¶2-7 Plaintiff requested relief with EEO Investigator per additional retaliation.
[118] Dkt. #135, #20, Exhibit #20, pg.3
[119] Dkt. #145, #38 Ex. 124, pg. 17, #14 (EEOC Opposition to Summary Judgement)
[120] Dkt. #145, #11 Ex. 99, pg. 5, ¶3 (Motion to Amend and Injunctive Relief)
[121] Dkt. #145, #11 Ex. 99, pg. 5, ¶3 (Motion to Amend and Injunctive Relief)
[122] Dkt. #145, #11 Ex. 99, pg. 5, ¶4 (Motion to Amend and Injunctive Relief
[123] Dkt. #145, #38 Ex. 124, pg. 17, #15   (EEOC Opposition to Summary Judgement)
[124] Dkt. #117 #44 Exhibit Sup Orders to Transcribe Related. Spoliation of evidence.

"Meeting with Rick & Don- 5/8/11. Risks- Official time-sick leave; Moving→options, no other positons-can someone go back, go to another areas-░░░░░░to initiate that. Union-have conversations. Recall-agreed find another place to transfer. EEOC-formal complaint. Legal→not going to act until report investigator (separation agreement), Lawyers→not assigned. Rick "not wait this out"-Performance plan-. Unacceptable unsatisfactory. Two letters of reprimand (3) propose."[126]

## June 13, 2011 Decided Reprimand

May 08, 2011 (SUNDAY-Plaintiff was off) at 5:20 PM/MST Goin emailed Plaintiff task[127] which supported DECIDED June 13, 2011 Reprimand.[128]  June 13, 2011 was Plaintiff's "FOURTH day back from medical recommended sick leave".[129] Genuine material fact dispute exists with Goin disciplining Plaintiff for FMLA; and Gomez remaining Plaintiff's supervisor of record and inputting suspension decision.[130]

Plaintiff explicitly stated to Hoban-Moore and ODEEO *"Director"* Holloway -"Goin often shunned FPM Public Affairs assignments--"at the last minute".[131]  Goin's other email task to Plaintiff which supported her DECIDED June 13, 2011 Reprimand was sent literally TWO (2) minutes before Plaintiff's scheduled departure time of 5:30 PM.[132] Plaintiff copied Goin 12:20 PM May 9th, 2010 "Unpaid FMLA and/or Advanced Sick Leave?" email[133]; and 1:09 PM/MST Goin forwarded to Garcia, Gomez, and Gerrish: "FYI---keeping you in the loop with ░░░░░'s request below. I had asked ░░░░░to complete several timely assignments by COB today for Wed.'s event, **so I could take off on Fri. and today**."[134]  Plaintiff emailed out sick May 10, 2011 1:33 AM and said she'd provide a doctor's note upon return.[135]  Goin forwarded as "FYI" to Gomez, Gerrish, and

---

[125] Dkt.141 *Ex. 50,* pg. 39-41 (8/19/11 EEOC Formal Amended Complaint)
[126] Dkt. #142 #2 Ex. 55, pg. 1-3, *Goin's Handwritten Notes*, Bates stamped by Defendant G00233-G00235);
[127] Dkt. 106-14 at 3
[128] Dkt.#106 Ex #14
[129] Dkt. #141 #1 Ex. 51, pg. 5-6, #5 (EEOC 8/29/11 Formal Complaint- Exec. Sum); Dkt 106-14 at 1-5
[130] Dkt. #144 #16 Ex. 78, pg. 1, ¶1-6, (MG00967)
[131] Dkt. #142 *Ex. 53*, pg. 17, 4th bullet, (EEOC ROI)
[132] Dkt. # 106-14 at 4-5
[133] Dkt. #142 *Exhibits* #53-61 Ex. 53, pg. 2, 4th bullet
[134] Dkt. #142 #1 Ex. 54, 2nd middle email thread (Unpaid FMLA)
[135] Dkt. #142 #3 Ex. 56, pg. 1, (May 10, 2010 sick)

Garcia May 10, 2011 at 8:10 AM.[136]

## Building Disciplinary Backdrop

June 15, 2011 02:10 PM Goin emailed Gerrish, Garcia, and Gomez "checking to verify records" wherein retaliatory she emails: "While I was on annual leave May 5, 6, and 9, did ▓▓▓▓▓say anything or email to you about being sick and/or did she ask you for leave? She did not call or email me about being sick on those days."[137]  Garcia replies to all: "I do not recall having a conversation with ▓▓▓▓▓ during this time at all....I don't recall hearing or receiving a message from ▓▓▓▓▓ during this period. Rick"[138]  Gomez replies to all: "Jane, I do not recall being contacted or informed by ▓▓▓▓▓ concerning the same. Sincerely, Dan"[139]  Plaintiff emailed her doctor May 9th, 2011 before departing HUD Region VIII FPM 4:24 PM "Panic Attacks".[140]  Plaintiff furnished via certified mail during EEO investigation; but ODEEO excluded all Plaintiff's supportive medical documents[141] from Report of Investigation (ROI).[142] Plaintiff was harassed while on FMLA May 10, 2011 to June 6, 2011, and when she returned June 7, 2011.[143]

Defendant ADMITTED that Goin only directly supervised Jim Graver (male, white, Regional Web Manager, GS-14).[144]  Graver's "Excellent" performance rating by Goin states: "When asked to help with the new Twitter program, Mr. Graver declined."[145] Graver did not engage in EEO protected activity[146]; and DESPITE being "asked to help with the new Twitter program" and it being a "PROPER ORDER"- as he was at the time "Regional Web Manager, GS-14" -Goin NEVER disciplined Mr. Graver with "Refusal to Comply with Proper Order".

## Hostile Work Environment

---

[136] Dkt.# #142 #4 Ex. 57, 3rd email thread from the bottom, (FYI: 5-10-11 Glapion Sick);
[137] Dkt. #142 #5 Ex. 58, bottom half of pages 1 and 2, ¶1-2 (checking to verify records)
[138] Dkt. #142 #5 Ex. 58, top half of page 1, ¶1, (Re: checking to verify records);
[139] Dkt. #142 #5 Ex. 58, top half of page 2, ¶1, (Re: checking to verify records);
[140] Dkt. #142 #6 Ex. 59, pg. 1-2, ¶1 (Panic Attacks)
[141] Dkt. #126  #16-20 MEDICAL
[142] Dkt. #100 –District court ordered Plaintiff to re-furnish EEOC ROI supplemental evidence for Defendant's discovery RFP #9-10, (see Dkt. 100)
[143] Dkt. #142 *Exhibits* #Ex. 53, pg. 4-17 (EEOC ROI 278-291)
[144] Dkt. #145 #14 Ex.102, pg. 6, ¶6
[145] Dkt. #145 #45 Ex. 129, pg. 11, last sentence, (Graver/Goin Perform. *#G01880)*
[146] Dkt. #117 #6, pg. 8 (*3/19/12 EEO Graver Depo.)* Tr. 27-28:25-1

July 6, 2011, Gomez harassed Plaintiff's mother at differing residence AFTER confirming with Goin that Plaintiff would be on **vacation leave** which he himself approved months prior.[147]  Instilling fear unto Plaintiff and her family, Plaintiff reported to work July 11, 2011 (which had been approved leave months in advance by Gomez), but subsequently Plaintiff would be disciplined for (August 15, 2011 adverse action *infra*).[148]  July 12, 2011 from 9:30-9:52 AM, while Plaintiff was taking notes by hand with red ink pen, during REQUIRED DAILY meeting with Goin, Plaintiff was harshly yelled at by Goin three times to "stop writing!" Orders unreasonably interfered with plaintiff's work performance. Evidence[149] shows: "☹" atop; "You get them when I get them!" (PAO- Goins yelled words); and "Stop writing! X 3" (Goin's yelled words). Plaintiff would later be disciplined for this matter when Goin issued August 15, 2011 adverse action. Plaintiff invoked FMLA sick leave for July 13th and 14th of 2011 for matters worsening her health.[150]  Sommer's witnessed such.[151]  While Plaintiff was on FMLA Goin threatened her with AWOL.  Plaintiff replied by email to Goin, Gerrish, AFGE Local 3972 President Mongelli Saturday, July 16, 2011.[152]  July 19, 2011, Plaintiff was orally admonished with accompaniment of AFGE Local President 3972 Mongelli and Gerrish about her FMLA; during which Plaintiff returned unacceptable performance review proposal by Goin to Gerrish that Naqica found and she retained surety of Saturday, July 16, 2011 from atop public shared office printer.[153]  Naqica wrote in his 2012 EEOC Witness Affidavit- "My reasons for being in the office with ████████ was to be supportive as her best friend, to decorate her desk as was suggested by her doctors and to help her practice coping techniques in her return to the hostile office from her FMLA. In first seeing the UNACCEPTABLE performance with her last name mentioned throughout, I was embarrassed and gravely concerned for ████████ In fact, I was hoping she wouldn't see it." [154]  March 19, 2012, Plaintiff's coworker, Graver testified to "hearing about" Goin's unacceptable performance rating of Plaintiff sitting

---

[147] Dkt. 117, exhibits #7; and #8 Mother ████████ Nortarized Affidavit
[148] Dkt. 117, exhibits #9
[149] Dkt. #145 #3 Ex. 65, pages 1-2 (Plaintiff's Red Ink Handwritten Notes) (auth. at Dkt. 117, exhibit 10)
[150] *See* Dkt. #126 #16-20 Exhibit MEDICAL
[151] Dkt. #139 #13 Ex. 34, pg.6, ¶2-3, (Sommer's EEOC Affidavit);
[152] Dkt. #144 #5 Ex. 67, pages 1-6; Dkt. #141 #1 Ex. 51, pg. 7, ¶2, #8 (8/29/11 EEOC Executive Summary to ODEEO)
[153] Dkt. ##145 #31 Ex. 119, pg. 1-7; Dkt. # #144 #8 Ex. 70, pg. 4, ¶1-10, (Plaintiff's 7/19/11 Oral Admonishment of FMLA, Unacceptable Proposal by Goin to Gerrish); and
[154] Dkt. #144 #6 Ex. 68, pg.2, ¶2, (Naqica 2012 EEOC Affidavit) (authen. Dkt. 1-3, pg.10, ¶2)

atop FPM's public printer, and him "personally not wanting personal information shared and being upset if it was derogatory."[155]   Plaintiff's voiced concerns and oral admonishment was recorded by Plaintiff emailing parties with Dole.[156]   August 10, 2011 1:35 PM Plaintiff was disciplined for PERSONAL▓▓▓▓▓▓▓.com/BlackBerry Smartphone auto-reply signature which she used for FMLA and EEO activities.[157]

### Irreparable Harm
*See* Dkt. #145 #99 Ex. 183, pg. 1, ¶2, **"I do not want to get or be involved with ▓▓▓▓ case"** from Cabrera to Attorney Allard and later *secretly* forwarded to Gomez as it pertained to Plaintiff's ordered March 19, 2012 EEO deposition.

*See*. Dkt. #138 #10 Ex. 10, pg. 5, #5 Shamal's continuous **"I fear reprisal"**.

*See* Dkt. #145 #99 Ex, 183, pg.2-6; as Sommers fears -went so far as **wanting to retract her EEOC Witness Affidavit**, expressed fears to AFGE Local 3972 President Mongelli, ODEEO Holloway, Gerrish, discontinuing friendship with Plaintiff---before and after Plaintiff's removal; and Sommer's resignation from HUD.[158] [159]

### Customary 15 Minute Elevator Leave
August 12, 2011 10:57 AM (AGAIN Plaintiff's CWS day off) she was disciplined for tour of duty; use of breaks; arrival/departure times wherein Plaintiff engaged in EEO protected activity about the "customary 15 minute elevator leave"[160] which others (Cabrera, Hernandez)[161] in HUD Region VIII FPM were privileged.[162]

### August 15, 2011 Notice of Proposal to Suspend for Fourteen Calendar Day

---

[155] Dkt. #144 #7 Ex. 69, 3/19/12 EEOC deposition Tr. pg. 51-52: 22-25

[156] Dkt. #144 #8 Ex. 70, pg. 4, ¶1-10, (Plaintiff's 7/19/11 Oral Admon of FMLA, Unacceptable Prop by Goin to Gerrish); and Ex. 70, pg.1-3 are Plaintiff's handwritten notes); and

[157] Dkt. #143 #5 Ex. 120, pg. 2, bottom email from Goin);

[158] 14-CV-03236-MEH Dkt.1

[159] SEE---*Holt v. Continental Group, Inc.*, 708 F.2d at 91

[160] Dkt. #145 #80 Ex. 164, pg. 2, ¶1-2 (#24)( Agency's 5/23/12 Responses to Appellant's Interrogatories)

[161] Dkt. #145 #80 Ex. 164, pg.3, Tr. 47-48:24-12 (Cabrera EEO Depo); Dkt. #145 #8 Ex. 164, pg. 4, Tr. 57-58:3-6 (Hernandez EEO Depo.)

[162] Dkt. #145 #79 Ex. 163, pg. 2, ¶1-5

### Refusal to Comply with Proper Order, Rude Conduct, Absent Without Leave (AWOL), and Failure to Follow Leave Procedures

by Goin and Gerrish and input by "the immediate supervisor on record", Gomez.[163]

#### Refusal to Comply with Proper Order and Rude Conduct

Plaintiff points to authenticated evidence[164] supportive of her MSPB testimony that Defendant's charge "Refusal to Comply with Proper Order" was for not having an "M" inserted for Garcia's middle initial.[165]   July 21, 2011 9:58 email confirms Plaintiff completed hardcopies of "letters"[166] with "letters" electronically attached to Goin as ordered.[167]   Defendant NEVER produced "letters" by Plaintiff or "Hernandez" or "Goin" for MSPB, EEOC, and district court discovery, or per Plaintiff's FOIA requests' which Goin's "Refusal to Comply with Proper Order" was based.   Spoliation of evidence.

Plaintiff pointed to evidence that supports an inference of discrimination that Russell was assigned "Elected/Congressional Staffers" by Garcia.[168]  Duties of preparing Denver Mayor-elect Hancock "letters" which Plaintiff was shunned/disciplined for August 15, 2011, belonged to the white, GS-13, Russell, who replied to Plaintiff's June 16, 2011 needed verification of Mayor-elect staff contacts for "letters":

> "No contact info yet, I told Jane who his scheduler was. That's going to have to work for now." [169]

Russell, white, female, same supervisors', never engaged in EEO protected activity, was not subjected to "Refusal to Comply with Proper Order" or "Rude Conduct".

Further, Hernandez was "FPM Region VIII's Correspondence Liaison" as Goin stated; therefore "letters" which supported "Refusal to Comply with Proper Order" charge were Hernandez's duties, NOT Plaintiff's.[170]   Hernandez, is a white, Hispanic, female, same supervisors', never engaged in EEO protected activity, and was not

---

[163] Dkt. 106 #17

[164] Dkt. #144 #9 Ex. 71, pages 1-6

[165] Dkt. #144 #10 Ex. 72, pg. 4, Goin's Handwritten "Instructions"- "(3) Insert middle initial "m" in Ricks signature"

[166] Dkt. #144 #9 Ex. 72, pg. 2-3

[167] Dkt. #144 #9 Ex. 72, pg. 1, 2nd-4th bullets of ¶1.

[168] Dkt. #144 #9 Ex. 72, pg. 7, ¶2

[169] Dkt. #144 #9 Ex. 72, pg. 6, middle June 16, 2011 3:45 PM email, ¶1.

[170] Dkt. #144 #9 Ex. 72, pg. 9, ¶1.

subjected to discipline.[171]    Hernandez testified before MSPB that she: "had to stay after work"; "probably about an hour"; "to complete your [Plaintiff's] project that you [Plaintiff] were supposed to do, I had to stay there. And that was a little frustrating"; and she [Hernandez] "got some compensation" for staying over hours[172] as it pertained to "letters".

## FLSA VIOLATION-Denied Overtime or Compensatory Time

Plaintiff's continuous claims Defendant violated FLSA were timely[173] filed within administrative forums and proximal to removal charges.   December 28, 2011 in Plaintiff's FOURTH request for EEOC AJ appointment fax she wrote: "I CONTINUE to be called into uncomfortable meetings with....Gomez (ex. 3:18-5:21 PM/MST on 12/27/11 AND from 4:34 to 5:15 PM/MST on 12/20/11-BEYOND my CWS of 6:30 AM-5:00 PM/MST (note I'm only told "I owe you time" NOT given option/offer of overtime pay)..."[174]   **Record evidences Gomez ONLY certified overtime and/or comp time for white males,** Terry Brey and Kelly Jorgensen.[175]   Genuine issue of material fact is whether Hernandez [resentfully] provided retaliatory MSPB testimony; and/or Gomez and Goin **VIOLATED FLSA** for "letters" Hernandez testified to "staying late" and "got some compensation for" in relation to August 15, 2011 adverse action.

## AWOL AND FAILURE TO FOLLOW LEAVE PROCEDURES

TWO charges were regarding Plaintiff EEO Complaint June 27, 2011 Response to Hoban-Moore and Holloway as it pertained to her EEO Complaint June 27, 2011[176]; and July 21, 2011 1:28 PM subject headed "Bullying/ Emergency Sick Leave Departing" email threads about Goin to AFGE Local Union 3972, Hoban- Moore, Holloway, Gerrish, and EEO Counselor Marc Anderson which FOLLOWED 11:38 to 11:40 AM/MST call to AFGE Local Union 3972 President Mongelli;   Plaintiff immediately going to medical facilities;   and two (2) calls made to Anderson.   Emails were sent to

---

[171] Dkt. #38 at 7 and 8

[172] Dkt. #144 #9 Ex. 72, pg. 1-3, MSPB August 9, 2012 Hearing Tr. 267-269: 1-13.

[173] 5 U.S.C § 7702(f) analogous; Dkt. #145 #11 Ex. 99, pg. 7 Motion To Amend and for Injunctive Relief

[174] Dkt. #138 #20 Ex. 20, pg. 1, ¶4 (2nd bullet).

[175] Dkt. #144 #9 Ex. 75, pg.1-12, (Bates stamp #MG00370-MG00381).

[176] Dkt. #144 #1 Ex. 63, pg. 1, top half email from Plaintiff to Goin, ¶1, (Follow-up to discussion on following the Chain of Command); Dkt. #142 (*Main Document*) Ex. 53; Dkt. #142 #8 Ex. 61, pg. 12-13, ¶4-5.

Goin.[177]

Issued adverse action was on Plaintiff's FIRST day returning from SECOND recommended FMLA which Plaintiff requested/exhausted 240 advance sick leave hours for.[178] Goin forwarded Plaintiff's June 27, 2011 FMLA email to Garcia, Gomez, and Gerrish without Plaintiff's knowledge. [179]

## EEO Protected Activities POST EEOC Hearing Request

### September 15, 2011

Plaintiff provided Garcia, Gerrish, Holloway, EEO Investigator Mallard her written and oral (Gerrish and Garcia) responses to the August 15, 2011 Suspension Proposal with three ring tabbed binder of exhibits titled "SUPPORTIVE OF RETALIATION COMPLAINTS" (proving Goin's "unacceptable" performance proposal libelous).[180]

### Garcia, AFGE Local 3972 President Mongelli, Hoban-Moore, Goin, Holloway

September 28, 2011 Plaintiff emailed Garcia with AFGE Local 3972 President, Gerrish, and Hoban-Moore "PRESENT/CONTINOUS hostility with PAO Goin may I ask why FPM's Senior Management is burying heads in the sand by failing to take strong action against responsible agency officials when discrimination/retaliation occurs?"[181] July 12, 2011 at 9:58 AM Plaintiff emailed Gerrish and AFGE Local 3972 President with Garcia and Holloway "Adjourned from Supervisory Meeting at 9:52 AM/MST w/ PAO Goin per continuous negative tone/communication".[182]  July 12, 2011 at 11:02 AM Plaintiff emailed Goin, Gerrish, AFGE Local 3972 President, and copied Garcia and Holloway "RE: Adjourned from Supervisory Meeting at 9:52 AM/MST w/ PAO Jane Goin per her continuous negative tone/communication" wherein Plaintiff requested that imminent DAILY REQUIRED hostile meetings with Goin be "with permission of a

---

[177] Dkt. #143 #2 Ex. 52 (Part III), pg. 53, "Priority" #154-170; Dkt. #142 #8 Ex. 61, pages 9-11, ¶3-11.

[178] Dkt. #144 #1 Ex. 63, pg. 4, ¶3, to pg. 5, ¶1, and pg. 6 ¶1, (2nd FMLA Advance 240 hours Sick Leave).

[179] Dkt. #144 #1 Ex. 63, pg. 2, ¶6 bottom email thread onto pg. 3, ¶1-6.

[180] Dkt. #142 #7 Ex. 60, pg.1, ¶1-6 (Plaintiff's 22 page written response); Dkt. #142 #8 Ex. 61, pg. 23, ¶3 (Cover —SUPPORTIVE OF RETALIATION COMPLAINTS Binder)

[181] Dkt. #138, # 12 Exhibit #12, pg. 1.

[182] Dkt. #138, # 12 Exhibit #12, pg. 2.

recording device, with Union or legal representation".[183]

### **Defendant Engaged in Illegal Concerted Effort to Segregate and Remove Plaintiff**

October 4, 2011 Gomez sent "confidential" emails to staff of the Denver Home Ownership Center (HOC) soliciting for Plaintiff to perform a rotation in the HOC without Plaintiff's knowledge.[184]   October 05, 2011 Gomez emails "**Proposed Negotiated Settlement of EEO and Reassignment to FHEO**" to Brégon and Garcia.[185]   October 12, 2011 at 10:30 AM, Attorney Allard **violates 29 C.F.R. 1614. 109 (c)** –BECAUSE (1) Plaintiff was *pro se* (2) EEOC AJ was not assigned[186]; and (3) Defendant's offer for Plaintiff to be an EEO Specialist in FHEO, was not in writing.[187]   Plaintiff amended EEO complaint pertaining to Defendant's October 12, 2011 Offer of resolution violation with claim of **SEGREGATION** (FHEO was second largest black staffed program).[188] October 17, 2011, Plaintiff emailed Gerrish, Holloway, Garcia, Allard, Mongelli, Hoban-Moore:

> "On October 12 at 10:30 A.M. I met with Attorney Nicole Allard, as requested, to discuss settlement of my EEO complaint…At this time I rejected Management's "offer" to be reassigned/perform work as an Equal Opportunity Specialist in Fair Housing Equal Opportunity (FHEO) and stand firmly behind original requested relief sought/stated in my EEO HUD-00151-2010 Complaints along with retaliation relief."[189]

### **Announcement of Involuntary Reassignment of Plaintiff from OPA Detail**

October 20, 2011 Plaintiff was **humiliated** by Gomez's announcement during FPM staffing that she was being involuntarily reassigned from detailed FPM Public Affairs Specialist duties without her and Union's consultation **(5 U.S.C. 7114(a)(2)(A) violation)**.[190]

---

[183] Dkt. #138, # 12 Exhibit #12, pg. 3.

[184] Dkt. #145 #6 Ex. 94, pg. 1-2, ¶1-5 (MG00615)

[185] Dkt. #138 #1 EX #1, pg. #5¶5

[186] Dkt. #135, #20, Exhibit #20, pg.3.

[187] Dkt. #145 #39 Ex. 124, pg. 17-18, #17; Dkt. #145 #98 Ex. 182. pg. 37, ¶3; Dkt. #138 Ex. 1, pg. 4, ¶5-6

[188] Dkt. #145 #37 Ex. 124, pg. 16, #7 and pg. 17-18, #17 (EEOC Opp. to MSJ)

[189] Dkt. #145 #98 Ex #182, pg 37, ¶3

[190] Dkt. #145 #33 Ex. 121, pg. 1-2

**October 28, 2011 Decision on Notice of Proposal to Suspend Fourteen Calendar Days-Refusal to Comply with Proper Order, Rude Conduct, Absent Without Leave (AWOL), and Failure to Follow Leave Procedures. FOUR calendar day SUSPENSION effective October 31, 2011 through November 3, 2011, Record Permanent Part of Official Personnel File**[191]

Evidence shows Garcia, Gomez, Goin, Gerrish, Coronado, Allard, and Dole **KNEW**[192] Plaintiff was on CWS day off, following 2 days FMLA/LWOP[193] when Gerrish emailed her suspension[194] input by "the immediate supervisor (Deputy RA Gomez) on record."[195] Suspension was inconsistent with Title VII, FMLA, several CBA Articles including Article 20 §20.03 (3) wherein it explicitly states: "Management shall issue a final written decision within twenty-five (25) days of the receipt of the employee's response, or after the expiration of the fourteen (14) day response—BECAUSE Defendant FAILED to properly provide written decision or notification of delay.[196]

### Direct Evidence

October 31, 2011 email thread between Keys, Brégon, Hoban-Moore, Gomez, Garcia, explicitly states therein:

"Sure. This is weird to see after we were having discussions about moving the employee. Also, I hope someone did an investigation on her claim of hostile work environment per the policy, if not the Defendant is liable."[197]

### Defendant's Discriminatory Statements or Attitudes
### [NOT inclusive]

---

[191] Dkt. # 140 Ex. 46, ¶2; AND Dkt. 106 #17

[192] Dkt. #140 #2 Ex. 48, ¶1-2, (From ▓▓▓▓: sick FMLA 10/27/11; authenticated in Dkt. 117, Ex. 21)

[193] Dkt.#140 #1 Ex. 47, 2nd box, "transaction 71-LWOP/FMLA" for "Oct 27 and 28", (Plaintiff's Time Card)

[194] Dkt. #140 *Exhibits* Ex. 46, ¶2; AND Dkt. 106 #17

[195] Dkt. #144 #16 Ex. 78, pg. 1, ¶1-6, (MG00967)

[196] Dkt. #145 #98 Ex #182, pg. 32, ¶4

[197] Dkt. #144 #16 Ex. 78, pg. 5, ¶2 (MG00966)

1. Gomez testified before the MSPB that in "most cases" he didn't "presume the race of others"; but he became aware of Plaintiff's race automatically as "Black African American" by her "appearance".[198]

2. As far as the consistency of penalties, Gomez testified before the MSPB "It's something that every supervisor has to consider in the Douglas Factors"; followed by "I don't consider anyone else's conduct. I only consider the conduct of the person that is being administered a disciplinary action."[199]

3. **NO FEAR ACT** and **HUD EEO Policy, Procedures and Programs 24 CFR § 7.15(i)**— all managers and supervisors of the Department are responsible for attending mandatory annual supervisory and management training.    Designated Deciding Official (DDO) of Plaintiff's adverse actions, Rick M. Garcia, ADMITTED that he had not taken REQUIRED training.[200] [201]

4. "I specifically remember that when the managers were getting so in an uproar about that last letter she sent, saying they wanted her fired, we sort of pushed back a bit and said that the letter might not be considered rude…Employees do have a latitude to state "you are discriminating against me" and so forth, so I think the FPM mgr got all out of whack about it when really some of her letter was within her rights to state… I am very happy we prevailed…and she is not coming back (hopefully it will stay that way in the appeal!).[202]

## Conciliatory-"Supervisor Reassignment" Email

November 14, 2011 Garcia emails Plaintiff (**again no formal meeting or union notification, violating 5 U.S.C. 7114(a)(2)(A)**) "Supervisor Reassignment" with ONLY Gomez and Gerrish copied.[203]    Genuine issue of material facts exist as:

- "the immediate supervisor on record" while Plaintiff was involuntarily detailed to OPA and issued adverse actions was "Deputy RA Gomez";
- Garcia's MSPB testimony "…But I still think Dan Gomez was ultimately the supervisor…"[204];

---

[198] Dkt. #145, #94 Ex. 178 at 189-190:18-2

[199] Dkt. #139 #19 Ex. 40, pg. 1-2, 186-187:22-7 (*MSPB August 8, 2012 Hearing Tr.*)

[200] Dkt. #138 #11 Ex. 11, pg.9, ¶9-10 (EEO Witness Affidavit).

[201] Dkt. #126, # 6 Ex. CFR Title 24(A)(7)(A) §7.15(i).

[202] Dkt. #145 #21 Ex. 83, pg. 3, ¶3 (Ginger & Gerrish).

[203] Dkt. #145 #34 Ex. 122, pg. 1, ¶1-2.

[204] Dkt. #145, #41, Ex. 125, August 8, 2012, MSPB Tr. page 225: 12:13.

- Defendant's GRANTED Motion for Summary Judgement claim- "Garcia changed Plaintiff supervision from Gomez to Goin in April 2011" (*see* Dkt. #106 at 17 #90);
- Record shows Plaintiff engaged in EEO Protected activity to Garcia about Goin;
- Under penalty of perjury in answering August 23, 2011 EEOC Witness Affidavit questions- "Have you participated in prior EEO activity"; AND "Did Plaintiff complaint to you about a hostile work environment or harassment? If yes, what did you do to correct the situation? If nothing was done, give the reason"----Garcia answered "NO".[205]

November 14, 2011 from 9:02-10:20 AM, Gomez *per se* **retaliation** tells Plaintiff- **"If I [Gomez] was in your situation, I can't say I wouldn't get a couple of lawn mowers to perform outside/other work."**[206]  SAME DAY while Plaintiff's in Gomez's office, Garcia emails Plaintiff at **9:43 AM (again no formal meeting or union notification, violating 5 U.S.C. 7114(a)(2)(A))** "Supervisor Reassignment" with ONLY Gomez and Gerrish copied.[207]

## <u>Refusal to Comply with Order – Involuntary MFH Detail Removal Charge</u> [208]
On or around November 14, 2011[209], Gomez ordered Plaintiff to contact Multifamily Housing (MFH) Director about her performing a detail[210] in MFH Asset Management; which Plaintiff complied on January 5, 2012 (Thursday). [211]  December 12, 2011 Brégon effectuates late reply to Congresswoman DeGette regarding Plaintiff's EEO complaint wherein explicitly it stated:

---

[205] Dkt. #138#11 Ex. 11, pg.7 starting at second "Q." onto pg. 8 (Garcia EEOC Affidavit 237, 238)

[206] Dkt. #145 #5 Ex. 93, pg. 2, 7-10th bullets.

[207] Dkt. #145 #34 Ex. 122, pg. 1, ¶1-2

[208] March 29, 2012 Removal effectuated March 30, 2012 for three February 23, 2012 charges: "Refusal to Comply with Order"; "Failure to Follow Directives"; and "Rude Conduct". MSPB only upheld TWO charges of: "Refusal to Comply with Order"; and "Failure to Follow Directives". Defendant did not appeal, district court should've collaterally estopped Defendant from re-litigating.[208]

[209] Dkt. #146, Ex.#4, pg.3, ¶3 (MSPB Initial Decision)

[210] MSPB confirmed Plaintiff was "**DETAILED** to the Public Affairs office (OPA) under Goin, in April 2011, not long after Garcia issued a decision mitigating Gomez's proposed seven day suspension to a reprimand." Dkt. 146-4. pg. 20, ¶4 (*MSPB 03/28/13 Initial Decision)*

[211] Dkt. Ex. 87, pg. 2, ¶5 (Removal Attach 1, Jan. 10, 2012 email to Laporte)

"we have contacted the affected managers along with regional counsel"; and "Management recently proposed a settlement to ▓▓▓▓▓▓▓▓ Unfortunately it was not accepted."[212]

Again, this outright **violated 29 C.F.R. 1614. 109 (c)-** as EEOC AJ hadn't been assigned[213]; and clear showing of Defendant's ANIMUS to remove Plaintiff from HUD FPM.

January 10, 2012, Plaintiff emailed LaPorte copying Gomez, in which she "politely declined the offer" as- "I personally feel more then confident that FPM is more in line with my skills and career goals"; "MFH staff Rocky (Jerry) *Ligrani*" (*infra*); and "perhaps….Management can/will openly share news of there being "rotational" availabilities in HUD Region VIIII's MFH and consider those who indicate an interest".[214]   January 11, 2012, Gomez Outlook Tasked Plaintiff to perform/ coordinate dates of MFH detail with "Marcie or **Adela**" with preset "start date of January 11, 2012 and completion deadline of January 17, 2012."[215]   AGAIN Defendant FAILED to comply with Title VII, CBA Article 14, FPM Nat. Sup. 39, and OPM Ch. 14 or 28. [216]

### Denied EEOC Official Time
### Denied Black Civil Rights Leader Dr. Martin Lurther King, Jr. Federal Pay

January 12, 2012, Plaintiff was on approved official time (8.45 hours) but had to use Leave Without Pay (1.5 hours) to attend to EEOC meeting "outside of office" as ordered by Gomez who ADMITTED -"not aware of an established process".[217]   January 13, 2012 fell on a Friday which was Plaintiff's CWS day off; and January 16, 2012 was federal observation of Black Civil Rights Leader Dr. Martin Luther King Jr.[218] Gomez, Gerrish, Allard, Holloway, Garcia were notified of improperly denying Plaintiff federal holiday pay via email February 1, 2012 as amended to assigned EEOC AJ.[219] [220]

---

[212] Dkt. #138 #1 Ex. 1, pg. 7-8.

[213] Dkt. #135, #20, Exhibit #20, pg.3

[214] Dkt. Ex. 87, pg. 3, ¶1 (Removal Attach 1, Jan. 10, 2012 email to Laporte)

[215] Dkt. Ex. 87, pg. 2, ¶1-2 (Removal Attach 1, Jan. 10, 2012 email to Laporte)

[216] Dkt. #145 #1 Ex. 89, pg.1, #3, #5, #10 and pg. 3

[217] *See* Dkt. 145 #11 Ex, 99, pg. 4, at ¶5 (Motion to Amend and for Injunctive Relief) *Agency had no established process for official time;* Dkt. #144 #25 #87, pg. 15-19 (Defendant's 11 Removal Attachments- (Attach. #5: pertaining to Plaintiff's requests for official time)

[218] Dkt. #145 #1 Ex.1, pg. 9-11 (02/01/12 (proximal) email to Gomez, Allard, Holloway)

[219] Dkt. #145 #1 Ex.1, pg. 9-11 (02/01/12 (proximal) email to Gomez, Allard, Holloway)

[220] Dkt. #138 #1 Ex. 1, pg.-9-11; and Dkt. 117, Ex. 26, pg. 1-8

## FMLA

Plaintiff was on FMLA dates of January 17-19[th], of 2012 because of HUD matters worsening her health.[221]   On January 17, 2012 while Plaintiff was on FMLA Gomez "learned" Plaintiff had not set up detail with LaPorte.[222]

# EEOC OPPOSITION AND PARTICIPATION CLAUSE ACTIVITY

Upon return from FMLA, January 23, 2012 Plaintiff emailed Attorney Allard and Gerrish **"I strongly suspect reprisal for not accepting "rotation" in Multifamily HUB"** and placed them on notice of **"NO FEAR ACT".** *See* **Dkt. #138 #1 Ex. 1, pg. 3.** January 27, 2012 Gomez gave direct order for Plaintiff to coordinate detail in MFH and threatened- "Note, failure to comply with this directive may result in disciplinary action."[223]   January 30, 2012 Plaintiff emailed Gomez notice of CBA Article 14; "holding no interest in performing MFH detail"; and "01/23/11 via email I raised above matters with Attorney Advisor Allard and ER Specialist Gerrish; as the EEOC Commission has its own regulations as it concerns retaliation of reassignment and my suspecting reprisal by you for not accepting work in Multifamily."[224]   January 31, 2012, BYPASSING AFGE Local 3972, Gomez ONLY emailed Plaintiff to "clarify" "whether she was refusing to complete detail" and again threatened "failure to comply would result in disciplinary action." [225]   SAME DAY, Plaintiff replied:

"I oppose performing work significantly different from my duties as a permanent competitive GS-12-0343 FPM Management Analyst" (very first sentence)....What I do hold are reasonable and good faith beliefs that this employment practice is illegal under anti-discrimination laws.... If my opposition constitutes you/HUD FPM Management proposing and issuing me yet another adverse action with the charge of "Refusal to Comply with Proper[226] Order"; then please advise time/date of proposed disciplinary meeting. I intend to appeal such to the Deciding Official, and considering the named Deciding Official of previous adverse actions [Garcia],

---

[221] Dkt. #138 #1 Ex.1, pg. 11-12 (02/01/12 (proximal) email to Gomez, Allard, Holloway).

[222] Dkt.106 #4, ¶4 (MSPB Initial Decision)

[223] Dkt. #144 #25 Ex 87, pg. 13, ¶3

[224] Dkt. #146 #4, pg. 4 ¶3-5 (MSPB Initial Decision)

[225]Dkt. #144 #25 Ex 87, pg.11, ¶4 (Removal Attach. 4)

[226] Defendant framed charge to exclude prima facie element "Proper" with animus.

A-12   Appellant/Petitioner's Opening Brief – 06/09

through the proper EEO forum."[227]

Gerrish's Proposed Removal Notice to Plaintiff's Union was–to the WRONG AFGE Local (3454); FOUR days AFTER Plaintiff was placed on emergency administrative leave and issued proposed removal; with charges erroneously written.

Gerrish's UPHELD Removal Notice to Plaintiff's Union was –FOUR days AFTER (April 2, 2012) Plaintiff's removal was upheld; to the WRONG AFGE Local (3454); and charges erroneously written.[228]

Plaintiff wasn't legally afforded Removal Notice to secure representation.[229] [230]

## PRETEXT

Defendant's ADMISSION before MSPB- "However, the purpose of the *rotation* was not to meet the needs of the Multifamily (MFH) Hub, but rather to provide training to the Appellant."[231] June 25, 2008 Plaintiff self-inquired, arranged, and attended 202/811, PRAC Program & IREMS data, Ownership Entities Asset, and Physical Inspection Monitoring Management Trainings in HUD Region VIII's Office of Housing, Multifamily Division as a FCI.[232] *See* similar situated employee, Malik Shamal's Affidavit- "When Ms. Glapion and I were in the FCI program rotations were encouraged but not required;" and "There was not a listing of specific rotations that FCI's targeted for FPM were required to perform prior to being converted permanently."[233] MFH Supervisor **Adela** Escalante was asked during MSPB deposition by Plaintiff: "Are you aware of any duties that someone within field policy and management would perform as it correlates to a project manager within asset development or asset management?" Escalante testified: "NO."[234] Defendant ADMITTED -"There have not been any reassignments or details of bargaining unit employees to the Denver Multifamily Hub in

---

[227] Dkt.106 #4, pg. 4-5, ¶7 (MSPB Initial Decision)

[228] Dkt. #117 #37 pg.1 (Bates #G00078), pg. 2 (G00079) Exhibit Gerrish's Bad Faith Negligent Notices.

[229] Dkt. #145 #10 Ex. 98, pg. 6-7 (Motion to Amend and for Injunctive Relief)

[230] Dkt. #117 #3 Exhibit (Removal "if Union shows" email by Gerrish to Gomez

[231] Dkt. #145 #7 Ex. 95, 4th sentence of ¶2 (Defendant's MSPB Post Hearing Brief)

[232] Dkt. #138 #8 Ex. 8 (Plaintiff's 2008 MFH Trainings), pg.1-3

[233] Dkt. #138 #10 Ex. 10 (Malik Shamal Affidavit), pg. 2-3, #5 and #6

[234] Dkt. #145 #8 Ex. 96, TR. 33:6-10 (8/27/12 MSPB Sanctioned Defendant Depo.)

the last FIVE YEARS."[235]    Defendant ADMITTED ONLY Plaintiff was ordered by
Gomez to perform a rotation in MFH. [236]

## Emergency Administrative Leave 5 C.F.R. § 752.404(b)(3)(iv)

February 23, 2012, Plaintiff was humiliated when Gomez placed her on emergency
suspension/administrative leave[237] as approved by Garcia, Brégon, Scott,
Hoban-Moore[238], escorted out of the building, escorted back into the building March 15,
2012 by armed security-to prepare removal response; give removal replies March 20,
2012; undergo Defendant's EEOC deposition March 27, 2012; and issued removal March
29, 2012 (same day her EEOC discovery commenced) effective March 30, 2012.[239]

Graver testified "I heard you were escorted out one of the days I was working from
home."[240]

Defendant's MSPB April 2, 2012 proffered reason of placing Plaintiff on emergency
administrative leave was— **"Gomez feared that Appellant would be disruptive after
receiving a proposed removal."**[241]

Rocky "Jerry" Ligrani is/was: **(1) white, (2) male, (3) GS-12, (4) permanent
employee in HUD Region VIII MFH** (where Gomez was ordering Plaintiff),**(5) engaged**
in EEO protected activities against Defendant (Gomez, LaPorte[242]), **(6) NOT placed on
emergency administrative leave by Defendant pursuant to 5 C.F.R. §**
752.404(b)(3)(iv)[243]; **DESPITE (7) undisputed "threats" mentioned by EEOC AJ
"threatened a co-worker, saying he would like to "strangle her".** [244]

Defendant ADMITTED **only other employee that Gomez placed on emergency**

---

235 Dkt. #145 #87 Ex 171, pg. #4 at 11.
236 Dkt #138 #1, pg. 2 at 4 (MSPB Stipulated Material Facts)
237 *See* Dkt. #145 #35, pg. 1
238 Dkt. #145 #35 Ex. 123, pg. 3-6
239 Dkt. #145 #11 Ex. 99, pg. 6-8, ¶8-1
240 Dkt. #117 #6 Deposition Excerpts 3.19.12 EEO DEPO-Graver pg. 18 at 67:22-25
241 Dkt. #145 #35, pg. 8, ¶1, last sentence (MSPB)
242 Dkt. #145 #94 Ex. 178, pg. 11-13 (Santoya V. HUD)
243 Dkt. #145 #35 Ex.123, pg. 10, #19
244 Dkt. #145 #94 Ex. 178, pg. 16, ¶3

suspension/administrative leave was (1) white (2) male (3) probationary.[245] This other employee, as written by Gomez himself, **made the following threats- (4):** "On June 1, 2009, you **shouted that you hate people**, you **wanted to kill them**, and you wanted to **shoot them in the head**. You were **asked if you meant what ' you said. You replied "yes" and simultaneously hit a file cabinet.** Later that same day when asked by your supervisor, you **acknowledged and confirmed.**" [246]

## Deliberate Exclusion- Public Affairs Officer (PAO) Vacancy Announcement[247]

When Defendant effectuated Plaintiff's administrative leave wherein it explicitly stated-"You may not hold yourself out as representing HUD in any manner"[248], announcement of "Open to Status Candidates Only"-Public Affairs Officer Vacancy was made by EEO Settlement Authority Brégon [249] to the "Latino Network"[250]; with input by Gomez and Garcia.[251] The March 23, 2012 closing date of PAO positon was on date Plaintiff's administrative leave was to exhaust; and Plaintiff and her witnesses (Naqica) were restricted from applying for the "Latino Network" hidden positions in Philadelphia, PA, Kansas City, KS, and Denver, CO; as Plaintiff's March 20, 2012, written removal evidenced screen shots of "No jobs found" on USAJobs[252] in attempts to apply. [253] White female Presidential Management Fellow (PMF) Christine Baumann hired AFTER Plaintiff[254] "expressed an interest" thus was assigned Plaintiff's duties; detailed then promoted HUD Region VIII FPM Public Affairs Officer.[255]

## EEOC Regulation 29 C.F.R. § 1614.108 (e) Use of Government Property Violation

---

[245] Dkt. #145 #35 Ex. 123, pg. #9 Response to #18

[246] Dkt. #145 #35 Ex. 123, pg. 13, ¶2; also at Dkt. #116 Ex. 1

[247] Dkt. #145 #85 Ex. 169, pg.1-2 (EEOC Denying In Part Agency's MSJ, pg.16-17).

[248] *See* Dkt. #145 #35, pg. 1, ¶3

[249] Dkt. #145 #87, Ex. 171 pg. 1 at 17 (Defendants Discovery Admissions)

[250] Dkt. #145 #82 Ex. 166, ¶7 (bottom half of March 12, 2012 7:55 AM email from **Brégon** to Latino Network

[251] Dkt. #145 #14 Ex. 102 p. 2, ¶1

[252] Dkt. #145 #84 Ex. 168, pg. 1-2

[253] Dkt. #145 #83 Ex. 167, pg.1-2; Dkt. #145 #11 Ex. 99, pg. 30 (11 of 28 atop), ¶4-8; Dkt. #145 #11 Ex. 99, pg. 31 (12 of 28 atop), ¶1-5; #144 #22 Ex. 84, pg.4-5, #7 (Declaration of Mr. Serevi P. Naqica); Ex. 124, pg. 56, ¶1; and Ex. 168, pg.1-2 (EEOC Denying In Part Agency's Motion for Summary Judgment, pg.16-17).

[254] Dkt. #145 #18 Ex.106 pg. 32 #229-230.

[255] Dkt. #145 #88 Ex. 172, pg. 1, ¶7; pg. 4 ,¶3; pg.4, ¶10; pg. 8 , ¶8

**Charge 2 of Plaintiff's removal** was supported by a single specification of Gomez not authorizing Plaintiff to use official time or government equipment outside of her official work schedule for EEOC proceedings. [256]  Plaintiff emailed Gomez and Attorney Allard February 9, 2012:  "Besides, while you/agency failed to acknowledge that the substance of my requesting official time was to respond to agency's discovery requests, note that I recognized agency's failure to even initiate discovery within twenty (20) days of receipt of December 15, 2011 dated Acknowledge and Order from the EEOC Administrative Judge.☺"[257]; and "Nowhere within your aforementioned email reply, is there explicit wording denying my request for authorization to use government property for discovery outside of Office or any stated prohibitions of requesting to check out a loaner laptop. Again, with the exception of returning the equipment timely, I sought and followed all directives/forms from HITS Help Desk agents and selfservice.hud.gov and HID Region VIII CIO as completed/signed."[258]  *Per se* retaliation is Garcia characterizing Plaintiff's, opposition emails as "Bring it on!"[259]-along with Defendant assigning FOUR attorneys against ONE *pro se* Plaintiff for MSPB proceedings.[260] Supportive of no undue disruption and "Gomez consistently treating Plaintiff severely harsher than similarly situated employees"- furnished within her March 20, 2012 written removal appeal were February 8, 2012 emails from HUD Region VIII Office of the Chief Information Officer (OCIO) Nicole Baca as it pertained to her use of government equipment (laptop and air card) wherein Baca wrote- "LOL. No we don't get in trouble…We have some people bringing equipment back months late, and then I have to go to Paula"; and HUD Region VIII's OCIO Director Paula Booth also emailed Plaintiff on February 8, 2012 "Thank you very much. No penalty assessed."[261] [262]  Plaintiff followed controls set forth in EEOC Regulation 29 C.F.R. § 1614.108 (e), when—she sought (January 11, 2012) and received authorization (January 12, 2012) from HUD Region VIII OCIO, during her normal compressed work schedule (CWS), government laptop and air-card to perform work (respond to agency's EEOC discovery requests) over

---

[256]Dkt. #146, #4 pg. #5, ¶2

[257] Dkt. #145 #9 Ex. 97, pg. 1, ¶4 (bottom email), 4th sentence.

[258] Dkt. #145 #9 Ex. 97, pg. 2, ¶1, (a) of #4.

[259] Dkt. #106, #18, pg. 36, #258 (b).

[260] Dkt. #146 Ex #4

[261] Dkt. #145, #11 Ex. 99, pg. 53, Tab #26-28

[262] Booth, testified before the MSPB August 8, 2012 that- in the 40 years she worked at HUD Region VIII (*Tr. pg.353, 12:18*) Plaintiff followed the standard procedure in requesting a loaner laptop and air card (*Tr. pg. 357, 9:12*);  that an employee does not need authorization from their supervisor to borrow equipment (*Tr. Pg. 354, 14:17*); that she was not aware of any other employees with the Region VIII office who were issued any disciplinary or adverse actions for checking out a loaner laptop computer without the authorization of their supervisor (*Tr. pg. 372, 17:21*). Dkt. #111-1, pg. 181, #669- authenticated and within public MSPB PFR.

A-12   Appellant/Petitioner's Opening Brief – 06/09

Page 34

her weekend.[263]

February 23, 2012 proposed administrative leave and removal charges of Plaintiff were proximal to parties "doing discovery for her EEO hearing" as Gerrish firmly acknowledged.[264]

## Plaintiff's EEOC Exhausted Proceedings Post February 23, 2012 Proposed Removal

February 28, 2012 Ordered EEOC Settlement Conference[265] Plaintiff told that "Defendant had moved forward and not to apply for HUD positions for 10 years" by EEO Settlement Authority[266], Brégon. March 1, 2012 Plaintiff's Motion for Extension for Discovery and Depositions was granted by EEOC until March 29, 2012.[267]  March 5, 2012 Plaintiff's Request for Information (FOIA) and Extension to prepare response to removal.[268]  March 8, 2012 Plaintiff's EEOC Notice of Depositions (all of which were conducted by Plaintiff *pro* se March 19th, 20th, 22nd, and 26th, of 2012 except Goin who retired/declined).[269]  March 10, 2012 Plaintiff filed Motion to Amend and for Injunctive Relief.[270]  March 10, 2012 Plaintiff's FOIA Request email to Garcia.[271]  March 20, 2012 Plaintiff's written and oral Removal Responses to Garcia[272]  March 27, 2012 Defendant's Deposition of Plaintiff.[273]  June 12, 2012 EEOC denied Defendant's Motion to Dismiss Action, but granted Abeyance Until MSPB Appellate Process Exhausted.[274] July 30, 2013 the EEOC Denied Agency's Motion for Summary Judgement In Part.[275]

---

[263] Dkt. #144 #25, Ex. 87, pg. 27-28

[264] Dkt. #144 #21, Ex. 83, pg. 1, ¶9

[265] Dkt. #145 #87, Ex. 171 pg. 1 at 17 (Discovery Admissions)

[266] Dkt. #145 #87, Ex. 171 pg. 1 at 17 (Discovery Admissions)

[267] Dkt. #145 #11 Ex. 99, pg. 5 (Motion to Amend and Injunctive Relief)

[268] Dkt. #145, #11 Ex. 99, pg.48, "Tab #4" (Plaintiff's Removal Written Response Table of Con.)

[269] Dkt. #145, Ex. 99, pg.48, "Tab #2-3" *Ibid.*

[270] Dkt. #145, #11 Ex. 99, pg. 1-19 (Motion to Amend and Injunctive Relief)

[271]  Dkt. #145, #98 Ex. 182, pg. 3, ¶3 (RE: FOIA Request, April 1, 2015 email from HUD)

[272] Dkt. #145, #11 Ex. 99, pg. 20., and pg. 47

[273] Dkt. #138, #13 Exhibit #13, pg. #1 (Plaintiff's EEO Depo. Ext)

[274] Dkt. #126 #11 Exhibit EEOC & MSPB Flowchart

[275] Dkt. #144, #19 Ex. 81; and Dkt. #145, #85 Ex. 169, pg. 1-2 (7/30/13 EEOC Denying in Part Agency's MSJ).

June 19, 2014 pursuant to C.F.R. § 1614.407 (b), all of Plaintiff's surviving EEOC claims dismissed with prejudice per her filing Title VII civil action.

## Plaintiff's MSPB Exhausted Efforts [not inclusive]

April 2, 2012 Plaintiff, *pro se*, timely filed complex mixed-case appeal with Merit System Protection Board (MSPB) as it pertained to REMOVAL (all her other claims were separated within jurisdiction of EEOC) from HUD.[276]    May 2, 2013, Plaintiff, *pro se*, timely filed MSPB (petition for review (PFR).    Defendant did not exhaust appeal, and was to be collaterally estopped by district court from re-litigating the THIRD removal charge [Rude Conduct] NOT upheld by the MSPB.[277]    May 20, 2014 MSPB issued Final Order affirming HUD's March 30, 2012 removal of Plaintiff for- "two of its three charges, and a nexus between that misconduct and the work of the Defendant."[278]

## Freedom of Information Act ("FOIA") VIOLATION

**HUD Region VIII's FOIA Liaison was Gomez**[279] AND **HUD Region VIII FPM FOIA Liaison was Hernandez.**[280] "But-for" animus:

Defendant's May 23, 2012 ADMISSION:

"Hernandez [who according to Griswold resented Plaintiff] logged in [**March 10, 2012 FOIA** request.    She [**Attorney Allard**] reviewed the response.    **Don Gerrish provided a final response on April 2, 2012.    This response was timely.**"[281]

**CONTRARY**—Record shows Defendant's FIRST Motion for an Extension to File Summary Judgment on Plaintiff's FOIA violation claim was March 24, 2015 (Dkt. #104). District court granted.    Dkt. #105.    District court ABUSED DISCRETION by granting Defendant SECOND extension until April 21, 2015, when— parties discovery commenced March 2, 2015 (Dkt. #84), and Plaintiff's opposition (Dkt.#104, attachment #1) was supported with **direct evidence of a FOIA claim- [(1) improperly (2) withheld (3) agency records.** *See Antonelli v. U.S. Parole Comm'n*, 619 F. Supp. 2d 1, 3 (D.D.C. 2009]:    Defendant emailed Plaintiff TWO DAYS AFTER granted SECOND

---

[276] Dkt. 142, #7, Ex. 60 (4/2/12 MSPB Appeal Form 185-2).
[277] Dkt. #139, #4 Ex. 25, pg.3, ¶2 and footnote #2 (MSPB Final Order).
[278] Dkt. #145 #98 Ex. 182 , pg. 8, ¶2.
[279] Dkt. #145 #98 EX. 182, pg. 8, ¶2.
[280] Dkt. #145 #98 Ex. 182, pg. 9, ¶2 (Region VIII FOIA Process)
[281] Dkt. #145 #98 EX. 182, pg. 1 ¶8; (pg. 9, Certif. of Service)

EXTENSION from district court March 26, **2015** and THREE YEARS LATER regarding the processing of her **March 10, 2012** FOIA request to **Garcia** for records that related to HER and HER **February 23, 2012 REMOVAL** (Dkt. 117, # 51) which are **STILL** incomplete (**willful withholding of FPM Supp. 39**).

Plaintiff's re-alleges authorities/arguments made in her denied-in part Motion for *Sur*-Reply. Dkt. # 147.

    **b.**    **Second Issue:** Whether district court imposed overly-rigorous similarly situated test in unjustifiably narrow fashion, finding NO potential comparators similarly situated to Plaintiff because of relatively minor, or irrelevant, distinctions between comparators and Plaintiff; AND atmosphere surrounding Plaintiff after she filed her EEO complaint against supervisors and recommending officials was sufficient to state a claim for retaliation and/or hostile work environment.

**Argument and Authorities:**

SAME FCI start date (April 28, 2008); target (FPM) and permanent (FPM Management Analyst GS-034-12) converted position as Plaintiff—Mr. Malik Shamal is a similar situated (telework granted, never ordered details).[282] Cabrera (Hispanic) -Management Analyst, GS-0343-12[283] testified "that she had been employed in HUD Denver's FPM "10 years"[284]; possessed "few college credits"[285]; "Gomez offers her to take a look into trainings she likes"; Cabrera "not ever taking up the OPTION"—"because I'm ready to retire so like I don't need it."[286]

- *Ortiz v. Norton* (10th Cir. 2001);
- *Corneveaux v. CUNA Mut. Ins. Group*, (10th Cir. 1996)
- *EEOC v. Horizon/CMS Healthcare Corp.*, (10th Cir. 2000)
- *Kendrick v. Penske Transp. Servs., Inc.* (10th Cir. 2000)
- *Jeffries v. State of Kansas*. 147 F.3d 1220 (10th Cir. 1998)
- *Per se* retaliation- does not require evidence of "adverse action" and occurs when management officials make negative comments or take action against an individual who participates in the EEO process in any capacity.

---

[282] *SEE* Dkt. #2 Ex. 90, pg. 1-5, (Malik Shamal April 13, 2015 Affidavit).
[283] Dkt. 106, pg. 34, #210
[284] Dkt. #145 #85 Ex. 169, at 6:3-5 (3/2/12 EEOC deposition)
[285] Dkt. #106 #37 pg. *8, 10:13* Cabrera EEO Depo.
[286] Dkt. #106 #37 pg. *247, 20:25* Cabrera EEO Depo.

**4.    Do you think the district court applied the wrong law?   If so, what law do you want applied?**

Yes. Plaintiff wants remedial action of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e et. Seq.; and proposing, deciding, and recommending officials to be subjected to sanctions for committing prohibited personnel practices' (PPP) pursuant to 5 U.S.C. § 2302(b); AND 5 U.S.C. §552 (FOIA).

**5.    Did the district court incorrectly decide the facts?   If so, what facts?** Yes. It was NOT the magistrate judge's function to weigh the evidence or to determine the truth of the matter at issue in considering a Rule 56 motion. [209 F. Supp. 2d 1111]; YET Dkt. #150 (Order Granting Summary Judgment), pg.3-4, footnote #2- "However, with rare exception, the Court has found the facts as propounded by Defendant to be supported by evidence, while Plaintiff's assertion of denials to their truth are not supported by evidence." District court FAILED to view facts in light most favorable to Plaintiff and draw all inferences in her favor AND even went so far as to substitute its own discretionary reasoning to support the ultimate result of granting summary judgment—"Where Defendant's facts had error, the Court has altered its findings of fact to fit the evidence" (docket #150, pg.4, footnote #2).

**6.    Did the district court fail to consider important grounds for relief?   If so, what grounds?** Title VII action to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination and retaliation. When employers conduct violates not only rights created by Title VII, but also rights conferred by an independent source (FOIA, FLSA, OPM, CBA), Title VII shall supplement, rather supplant existing remedies for employment discrimination.[287]

**7.    Do you feel that there are any other reasons why the district court's judgment was wrong?   If so, what?**

Record evidences discrimination; retaliation; independent discriminatory statements or attitudes; supervisors and recommending officials concerted efforts to segregate and get rid of Plaintiff proximal to her whistleblowing and opposition of unlawful employment discrimination, participated in EEOC proceedings, and asserted her rights under the laws enforced by Title VII; that she **SUFFERS** irreparable harm of other employees deterrence from protecting their rights under the Act and from providing

---

[287] *Henly v. Brown* (8th Cir. July 26, 2012)

testimony for Plaintiff -in her effort to protect her own rights.

**8.  What action do you want this court to take in your case?**

View facts in the light most favorable to Plaintiff  [[ALL arguments made in Plaintiff's Response to Summary Judgement Motion (Dkt. #138); and Motion for Leave to File Sur-reply (Dkt. #147)]]   AND draw ALL inferences in her FAVOR; take a case-by-case approach to determining whether a given employment action is adverse; atmosphere surrounding Plaintiff after she filed her complaint; view record as whole discrimination analysis-"totality of circumstances examination". **REVERSE** the district court granting summary judgment and partial summary judgment; and allow the suit to move forward where jury can infer certain ultimate facts from certain evidence.

**9.  Do you think the court should hear oral argument in this case?   If so, why?**

YES. Plaintiff who is/has been *pro se* and black-balled (*in forma pauperis*) can answer questions from judges to make sure U.S. Court of Appeals for the Tenth Circuit understands key issues of herein catalyst complex languished federal mixed-case appeal snowballing into THREE separate Title VII civil actions rather than judges having "to trough like a pig" (magistrate's wording, Dkt. #151) should confined layman *Brief* not read clear as black and white but— "unintelligible" (*Ibid.*).

01/03/16                                       *s/*

_____                 _____
Date                                         Signature

## CERTIFICATE OF SERVICE

I hereby certify that on  January 3, 2016  I sent a copy of the Appellant/Petitioner's Opening Brief to Assistant United States Attorney
United States Attorney's Office for the District of Colorado, Michael Johnson , at
Michael.Johnson2@usdoj.gov, the last known email address, by EMAIL.



01/03/16
Date
Signature

---

## CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is   13,995, which is less than 14,000.   I understand that if my Appellant/Petitioner's Opening Brief exceeds 14,000 words, my brief may be stricken and the appeal dismissed.**

01/13/2016

Date

Signature

A-12   Appellant/Petitioner's Opening Brief – 06/09

Page 40

**<u>PLAINTIFF'S EXHIBIT # 6:</u>** PUBLIC (***EMPH***)



## <u>PLAINTIFF'S EXHIBIT # 6:</u> PUBLIC (*EMPH*)

### *PRO SE v. DONOVAN* (HUD): Case No. 2014-CV-01699-BNB-*MEH*

### *PRO SE* PLAINTIFF'S SEPTEMBER 4, 2015, BRIEF RESPONSE (DKT. 137) E<u>X</u>HIBITS

**EXHIBIT #55 (G00233)** Discovery **NOT** produced **TIMELY** for **MSPB: Handwritten Notes** from **EEO RMO PAO JANE GOIN** : "**Meeting with Rick & Don 5/8/11** Risks- Official time – sick leave; moving → options →, no other positions- can someone go back, go to another area- *PRO SE* to initiate that Union- have conversations Recall- agreed find another place to transfer- How does that work- Short Term- **EEOC**- formal complaint Legal → NOT going to act until report investigator (Separation agreement) Lawyers→ not assigned] **Rick "not wait this out : (** Don {general outreach

**<u>EXHIBIT #56:</u>** ⸺ **May 10, 2011, 0133** "5-10-11 *PRO SE* Sick"

**<u>EXHIBIT #57:</u>** ⸺ **May 10, 2011, 1040** Defendant #13: Rick M. Garcia; Defendant #77 Daniel R. Gomez Jr.;  EEO RMO PAO JANE GOIN; DEFENDANT 68: DONALD J. GERRISH

**<u>EXHIBIT #58:</u>**⸺ **June 15, 2011, 1240** Defendant #13: Rick M. Garcia; Defendant #77 Daniel R. Gomez Jr.;  EEO RMO PAO JANE GOIN; DEFENDANT 68: DONALD J. GERRISH

**<u>EXHIBIT #59:</u>** ⸺ **May 9, 2011, 1624** MEDICAL NOTE PANIC ATTACKS (*PRO SE*)

**<u>EXHIBIT #122:</u>** ⸺ **November 14, 2011,** 0943 Defendant #13: Rick M. Garcia; Defendant #77 Daniel R. Gomez Jr.;  EEO RMO PAO JANE GOIN; DEFENDANT 68: DONALD J. GERRISH

**<u>EXHIBIT #131:</u>** ⸺ **June 14, 2011, 1738** EEO RMO PAO JANE GOIN; DEFENDANT 68: DONALD J. GERRISH

**<u>EXHIBIT #154:</u>** ⸺ **October 25, 2011, 2245** EEO RMO PAO JANE GOIN; Defendant #77 Daniel R. Gomez Jr.

**<u>EXHIBIT #153:</u>** ⸺ **July 13, 2011, 1522** DEFENDANT 68: DONALD J. GERRISH; EEO RMO PAO JANE GOIN

**<u>EXHIBIT #165:</u>** ⸺ **January 25, 2011, 0820** DEFENDANT 68: DONALD J. GERRISH Defendant #77 Daniel R. Gomez Jr.

**<u>EXHIBIT #166:</u>** ⸺**January 25, 2011, 0806** : DEFENDANT 68: DONALD J. GERRISH ("**Sir, when did you become her supervisor of record?**"); Defendant #77 Daniel R. Gomez Jr.

**<u>EXHIBIT #83:</u>** ⸺ January 31, 2012, **at #2 (DETAIL)**; July 1, 2011; April 1, 2013 : DEFENDANT 67:  GINGER RICHARDSON BURNETT EMAILS BETWEEN DEFENDANT 68: DONALD J. GERRISH ⸺ *RES IPSA LOQUITOR.*

**<u>EXHIBIT #179:</u>** ⸺ **February 1, 2012:** DEFENDANT 68: DONALD J. GERRISH EMAIL FWD "**Wow, when did the employees start running the organization and not the management staff.**" TO DEFENDANT 67:  GINGER RICHARDSON BURNETT:

**<u>EXHIBIT #78:</u>** ⸺ **October 28, 2011**: DEFENDANT 68: DONALD J. GERRISH. DEFENDANT 12: NELSON RAPHAEL BREGÓN

**<u>EXHIBIT #123:</u> February 23, 2012**: Paid Administrative Leave Defendant #77 Daniel R. Gomez Jr.: "**Gomez feared that Appellant would be disruptive after receiving a proposed removal**" ⸺ **March 22, 2012**, Paid Administrative Leave Extension Defendant #13: Rick M. Garcia



PLAINTIFF'S EXHIBIT
6
46 pages



meeting with Rick & Dan – 5/8

Risks –

Official time – sick leave

moving → Dan {general outreach

options →
no other positions –
can someone go back
go to another area –
To initiate that

Union – have conversations
Recall –
agreed find another place to
Transfer –
How does that work –

Short term –

EEOC – formal complaint
Legal → not { going to act until (separation agreement)
report
investigator
lawyer → not assigned ]

Rick not want this out –

EMAD -

Danuw³⁰³ 673 - 5005

Fairfax 7 SA - 3639

Dominguez³⁰⁻ 639 - 3643

Truw { Franklin -
     { DS -
     ( project hop story

M { DS - photos story
  { weekly report clips

T - update - loop plan -

G00234



that the assignment on
Results

what
1. result

2. failed to they

1. other activities)

ability - do-n't do it

③ ← purpose
Two E.Ttics of reprimand

Performance Plan -
State
midyear
PIP -
PCIP -
unacceptable
unsatisfactory

EECC - negative
Operation agreement
evaluation/ Summaries
 Steve the free
evaluate
unsatisfactory  assignment 3 point

- Tain/ - Specials To review - G00235
- Specials To review

GU0235

**From:**
**Sent:** Tuesday, May 10, 2011 1:33 AM
**To:** Goin, Jane
**Cc:**
**Subject:** 5-10-11 ████ Sick

Good morning Jane,

I will be out of the office today & will submit/provide you w/ a doctors note upon return
thanks.
Sent from my sexy BlackBerry® Smartphone.

**Gerrish, Donald J**

| | |
|---|---|
| From: | Garcia, Rick M |
| Sent: | Tuesday, May 10, 2011 10:40 AM |
| To: | Gerrish, Donald J |
| Subject: | RE: 5-10-11 XXXXXX Sick |

No, I wanted you to schedule the meeting with Jane as you would customarily do in these circumstances and I would participate along with you as an additional buoy to bridge the situation.  Thanks, Rick

-----Original Message-----
From: Gerrish, Donald J
Sent: Tuesday, May 10, 2011 10:31 AM
To: Garcia, Rick M
Subject: RE: 5-10-11 XXXXXX Sick

Sir, I thought you were going to have the meeting with Jane and I thought you said it might be better if I wasn't there.  I could be wrong.

Sincerely,

Don

-----Original Message-----
From: Garcia, Rick M
Sent: Tuesday, May 10, 2011 10:17 AM
To: Gerrish, Donald J
Subject: RE: 5-10-11 XXXXXX Sick

Don, weren't we (me included) going to have a meeting with Jane last week to discuss the subject personnel matter as we agreed to in our previous phone conversation?  Thanks, Rick

-----Original Message-----
From: Gerrish, Donald J
Sent: Tuesday, May 10, 2011 8:10 AM
To: Goin, Jane; Garcia, Rick M; Gomez Jr, Dan R
Subject: RE: 5-10-11 XXXXXX Sick

Jane, would you like to discuss this tomorrow after my training class, say 11:00?

Sincerely,

Don

-----Original Message-----
From: Goin, Jane
Sent: Tuesday, May 10, 2011 7:40 AM
To: Garcia, Rick M; Gomez Jr, Dan R
Cc: Gerrish, Donald J
Subject: FYI: 5-10-11 XXXXXX Sick

FYI:

**Gerrish, Donald J**

From:          Garcia, Rick M
Sent:          Wednesday, June 15, 2011 12:40 PM
To:            Goin, Jane (Carolyn)
Cc:            Gomez Jr, Dan R; Gerrish, Donald J
Subject:       Re: checking to verify records



! do not recall having a conversation with ~~XXXXXX~~ during this time at all. However, what's my usual experience is a message that is sent by one who will be late, home sick or absent from work. I don't recall hearing or receiving a message from ~~XXXXXX~~ during this period. Rick

From: Goin, Jane
Sent: Wednesday, June 15, 2011 02:10 PM
To: Garcia, Rick M; Gomez Jr, Dan R
Cc: Gerrish, Donald J
Subject: checking to verify records

**Request for Verification:**

While I was on annual leave May 5, 6 and 9, did ~~XXXXXX~~ say anything or email to you about being sick and/or did she ask you for leave?

She did not call or email me about being sick on those days.  During our LOR discussion, she said she was sick and argued that is why she didn't complete her assignments..

We need to check and ask you if ~~XXXXXX~~ had talked with either of you about being ill and/or asking for rest breaks, SL, etc.
Her time card reflects she was here on May 5 and May 9 and paid for her 10-hour days.

Gerrish, Donald J

| From: | Gomez Jr, Dan R |
|---|---|
| Sent: | Wednesday, June 15, 2011 12:45 PM |
| To: | Goin, Jane (Carolyn); Garcia, Rick M |
| Cc: | Gerrish, Donald J |
| Subject: | RE: checking to verify records |

Jane,

I do not recall being contacted or informed by ~~XXXXXX~~ concerning the same.

Sincerely,
Dan

Daniel R. Gomez, Jr.
Deputy Regional Administrator
Region VIII *(Serving: Colorado, Montana, North Dakota, South Dakota, Utah & Wyoming)*
U.S. Department of Housing & Urban Development
1670 Broadway, Denver, CO  80202
(303) 675-1643   Office
(303) 672-5149   Facsimile
dan.r.gomezjr@hud.gov

From: Goin, Jane
Sent: Wednesday, June 15, 2011 12:11 PM
To: Garcia, Rick M; Gomez Jr, Dan R
Cc: Gerrish, Donald J
Subject: checking to verify records

Request for Verification:

While I was on annual leave May 5, 6 and 9, did ~~XXXXXX~~ say anything or email to you about being sick and/or did she ask you for leave?

She did not call or email me about being sick on those days.  During our LOR discussion, she said she was sick and argued that is why she didn't complete her assignments..

We need to check and ask you if ~~XXXXXX~~ had talked with either of you about being ill and/or asking for rest breaks, SL, etc.
Her time card reflects she was here on May 5 and May 9 and paid for her 10-hour days.

Email my doctor - Kaiser Permanente

 **KAISER PERMANENTE**

**Member:**
**Date of birth:** 7/9/1981
**Sex:** Female
**Primary care physician:** GLENN BAKER, MD
**Date printed:** 6/20/2011

## Panic Attacks 

**To:**
ELISHIA OLIVA, MD, MD

**From:**

**Sent:**
05/09/2011 4:24 PM 

Good afternoon Dr. Oliva,

I've prolonged sending this email and scheduling an appointment with Dr. Mandel... Outstanding matters as they pe
toll on my mental health to where physically & per past incidents of induced stressors I'm having severe panic attac
sleepless nights I realize that in spending the majority of my time at work/work conditions being so bad that my rela
and I are concerned about my health. I will follow up and arrange for an appointment with Dr. Mandel hopefully for t

being in Mangement/work conditions to consequently filing an EEOC last September of 2010 have really taken a ...od news is that I've been able to point blame where blame is rightfully due. After months of darks days and ...with both friends and family have been strained... Fortunately my family is supportive of my needs, but sadly they ...r next, but in the mean time and in having an "episode" this morning, I find myself needing help.

=true

6/20/2011

Gerrish, Donald J

---

From:            Garcia, Rick M
Sent:            Monday, November 14, 2011 9:43 AM
To:              ~~XXXXXXXXXXXXX~~
Cc:              Gomez Jr, Dan R; Goin, Jane (Carolyn); Gerrish, Donald J
Subject:         Supervisor Reassignment


Good morning ~~XXXXXX~~ Based on FPM activity and the documented supervisory difficulties
currently being experienced, effective immediately, I am assigning Deputy Regional
Administrator Gomez as your immediate supervisor. Upon his return to the office (November 14,
2011) he will issue you the 2012 performance plan and any new work assignments.

I understand that DRA Gomez has already assigned you to assist in the CFC campaign and
possibly another assignments. Additionally, I will ask DRA Gomez to familiarize himself with
any of your impending leave requests, in order to ensure a seamless transition of  these
matters. I appreciate your cooperation. Thank you.



Rick M. Garcia
Regional Administrator and
Senior Advisor to the Secretary on Sustainability
U.S. Department of Housing and Urban Development
Denver Regional Office
1670 Broadway
Denver, CO  80202-4801
(Main Number)  303-672-5440
(Fax)  303-672-5004
www.hud.gov

G00167

1

Gerrish, Donald J

From:
Sent:        Goin, Jane
To:          Tuesday, June 14, 2011 5:38 PM
Subject:     Gerrish, Donald J
             RE: 6/7/11 Situational Telework Offer

Don,

Please note, I do not know anything about

o Receipt of DRA Gomez's 02/07/11 Notice of Proposal to Suspend for Seven (7) Calendar Days
o Receipt of RA Garcia's 04/04/11 Decision on Proposed Suspension-Reprimand

Please talk with me about a response to the email below and note.
-The employee did not bring up the topic to discuss on 6/9/11;
-I need assistance here in the office for time-sensitive media events and management analyst duties that come up from the Regional
Administrator's and Secretary's office at the last minute; (I want to request the employee to be here five days a week (eight-hour days)---because events frequently happen on Mondays and Fridays.)
-I do not have enough do-at-home assignments for 10-hours a day on a routine basis; and
-I can offer again the situational telework on occasion, as previously discussed.

jg

From: ~~XXXXXXXXXXX~~
Sent: Tuesday, June 14, 2011 5:18 PM
To: Goin, Jane
Cc: Gerrish, Donald J; Mongelli, Gary J; Crowwillard, Dorothy C
Subject: 6/7/11 Situational Telework Offer

Good evening Jane,

In consideration of meeting with you upon my first day of returning to FPM from my 5/10/11 to 6/6/11 sick leave (on 06/07/11 from 9:30 to 9:58 AM/MST), you discussed, encouraged and provided me with semi pre-completed/selected "situational telework" forms. At that time I stated that I would need to review this newly "situational" telework option and get back to you (in fact you mentioned re-discussing the topic Thursday 6/9/11). Per shared time constraints of Public Affairs/FPM assignments, priorities, etc. I'm certain your offer no longer stands; especially considering the following:

- *Conduct: Although an official record of misconduct does not automatically exclude an employee from telework, a record of disciplinary or other corrective action may be considered as it relates to the employee's ability to successfully work at an alternative worksite.*
    o Receipt of your 6/13/11 issued Official Reprimand
    o Receipt of DRA Gomez's 02/07/11 Notice of Proposal to Suspend for Seven (7) Calendar Days
    o Receipt of RA Garcia's 04/04/11 Decision on Proposed Suspension- Reprimand

- *Management will determine the appropriateness of an employee's participation in the Telework Program based on the employee's representation (i.e., readiness for telecommuting); and the manager's determination that the position is one that is suitable for offsite work.*
  - On numerous accounts I completed the Security Awareness; Telework training; and provided a total of three completed "regular" telework submission requests to my former supervisors (DRA Griswold and DRA Gomez);
  - 01/24/11 DRA Gomez "abruptly" dismissed meeting with myself, Gerrish, and Crowwillard as it pertained to both my 9/28/10 and 10/28/10 submissions;
  - As of today's date I've been without any written decisions for my last two telework submissions in accordance to HUD Handbook 625.1 and DRA Gomez's promise on 1/24/11.

- *Accordingly, if there is a change in supervisor, the new supervisor has the option to review an employee's continuation in the Program.*
  - My position was reassigned by DRA Gomez on 4/11/11 to you.

- *There are 3 types of telework. The telework program is designed to be beneficial to both the Department and the employee. Employees are encouraged to apply for "Situational" and "Emergency" telework, even if they do not plan on working on a "Regular" telework schedule. If the forms and clearances are obtained, the ability to utilize the "Situational" and "Emergency" telework is simplified. While it is not a requirement to apply to participate in the telework program, employees may not work from an alternate work site without an approved telework agreement in place.*
  - My original requests and continued desire is to be equally afforded with the opportunity to participate in a "regular telework" schedule.

In closing, I wanted to follow through and get back to you on this subject. I realize that managers and supervisors have discretion to approve all telework requests, but unfortunately per all the aforementioned please understand why I will not be completing a fourth application at this time- not even for situational.

- Please note that I'm carbon coping the Union and ER Specialist Don Gerrish on this communication; as they've been privy to my raised outstanding telework concerns.

Thank you and have a good night.

~~XXXXXXXXXXXXXXXX~~ M.P.A. ☺
Management Analyst
Region VIII Field Policy & Management
U.S. Housing & Urban Development
1670 Broadway, 25th floor
Denver, Colorado 80202
P:303-839-2611
e~~XXXXXXXXXXXX~~@hud.gov

Increase Homeownership, Support Community Development & Increase Access to Affordable Housing Free From Discrimination

This e-mail transmission is from the United States Housing and Urban Development Regional VIII Office. Any documents, files, or previous e-mail messages attached to it, are intended solely for the individual(s) to whom it is addressed and may contain information that is confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any unauthorized review, forwarding, printing, copying, distribution, or use of this transmission or the information it contains is strictly prohibited. A misdirected transmission does not constitute waiver of any applicable privilege. If you received this transmission in error, please immediately notify the sender and delete the original transmission and its attachments. Thank you

**Gomez Jr, Dan R**

| | |
|---|---|
| **From:** | Goin, Jane |
| **Sent:** | Tuesday, October 25, 2011 10:45 PM |
| **To:** | Gomez Jr, Dan R |
| **Subject:** | FYI only:  Employee Declined to Sign her EPPES tonight |
| **Importance:** | High |

From: Goin, Jane
Sent: Tuesday, October 25, 2011 9:00 PM
To: Gerrish, Donald J; Coronado, Lisa K; Dole, Ellen P; Allard, Nicole A
Cc: Rick M. Garcia (Rick.M.Garcia@hud.gov)
Subject: FYI only:  Employee Declined to Sign her EPPES tonight

I was working at the Joint HUD/HHS/ED event on Preventing/Ending Domestic Violence when the following message was sent this evening.
My remarks had been removed from element 3 and rating was marked fully satisfactory per each element---as directed.

I will proceed with the call for employee input for the year-end performance process in the morning.

Below is the EPPES notification that she declined to sign her mid-year review.

From: HR Connect@hrconnect.treas.gov [HR_Connect@hrconnect.treas.gov]
Sent: Tuesday, October 25, 2011 5:29 PM
To: Goin, Jane
Subject: Declined to Sign

~~XXXXXXXXXX~~ Declined to Sign Mid Year Review of EPPES performance document You may access this performance document using HR Connect ePerformance.

To log into HR Connect, click here:  https://www.hrconnect.treas.gov/.
This message was sent from an automated system that cannot receive e-mail.  Please do not reply to this message.

Gerrish, Donald J

| | |
|---|---|
| **From:** | Goin, Jane |
| **Sent:** | Wednesday, July 13, 2011 3:32 PM |
| **To:** | Gerrish, Donald J |
| **Subject:** | to get started: Have you reviewed the ▓▓▓ performance plan and employee comments? |

**Employee comments**

Self assessment of performance in FPM during the rating period commencing 4/01/10 and ending 06/30/11 would include consideration of the following:

1.) Decision on Proposed Suspension (Reprimand) as issued by Regional Administrator Rick M. Garcia on April 4, 2011;

2.) Glapion's 5/23/11 Statutory EEO Complainant to include "like or related" Decision on Proposed Suspension (Reprimand) as issued by Regional Administrator Rick M. Garcia on April 4, 2011 in 2/24/11 filed EEO Complaint No. HUD-00151-2010;

3.) Proximity in time between protected activities and actions taken against ▓▓▓▓▓can be argued as unlawful retaliation by RMOs named in ▓▓▓▓ 2/24/11 filed EEO Complaint No. HUD-00151-2010;

4.) On 4/11/11 Deputy Regional Administrator Dan R. Gomez Jr. verbally advised ▓▓▓▓▓in his office that she was now reassigned under the supervision of HUD¿s Region VIII Public Affairs Officer (PAO) Jane Goin (who made unwelcomed comments to Glapion on 02/26/10 and Glapion reported to her then supervisor (EEO Protected Activity) Deborah A. Griswold on ¬3/09/10 from 3:50 to 5:35 PM/MST) without ▓▓▓▓▓ consultation under a "yet-to-be rewritten/approved position description" which intentionally excludes ▓▓▓▓ former Management Analyst duties (ex. Point of Contact of Federal Regional Interagency Council on Homelessness and Department of Health and Human Services Federal Partners/Safety Networking participation) and replaces with Public Affairs Specialist duties under a "cover title" of Management Analyst.

5.) ▓▓▓▓▓has been performing GS-1035-14 Public Affairs Specialist, Department of Housing and Urban Development, Office of Field Policy and Management Position Description duties for PAO Goin PRIOR to and in her reassignment, but without applicable compensation, position description, or title.

o Opening/Position Description for GS-1035-14 Public Affairs Specialist discovered/retrieved off HUD Intranet by ▓▓▓▓▓on 5/4/11.

o It can be shown that ▓▓▓▓▓has been successfully performing FPM Public Affairs Specialist duties as far back as 2008; along with FRICH POC duties, etc.

6.) Proper supervisory responsibilities/measures were not taken as it pertained to ▓▓▓▓▓being reassigned: supervisor holds formal meeting with the employee (note formal), as soon as the effective date is determined to inform the employee of the reassignment; at this meeting, supervisor informs the employee of the need for the reassignment and the effective date of the reassignment; at this meeting the supervisor provides employee with reassigned position description; at this meeting supervisor reviews and informs the employee if it will be necessary to exhaust leave (vacation/sick) balance prior to the effective date of the reassignment, and then expresses some words of appreciation for the employee¿s value to the department...

7.) ▓▓▓▓▓provided nearly 5 months advance notice (2/24/11) of dates/times of planned/anticipated annual leave; and received approval from DRA Gomez on 5/2/11; but consequently received unnecessary tension/tone from PAO Goin on 6/30/11 from 2:50-2:53 PM/MST and DRA Gomez called ▓▓▓▓▓ mother on 7/5/11 (a date which he had approved ▓▓▓▓▓for leave).

8.) On 5/12/11 after medical examination, a medical expert strongly recommended for ▓▓▓▓▓not immediately return to HUD's Region VIII's FPM Office.

a. 5/09/10 was the last day ▓▓▓▓▓performed duties at HUD's Region VIII Office during that of her normally scheduled ten (10) hour/ four (4) days a week Compressed Work Schedule (CWS) shift time of 7:00 AM to 5:30 PM/MST.

1

i.) [redacted] was on medical recommended sick leave from HUD on 5/10/11 to 6/7/11.

l.) [redacted] was on second medical recommended sick leave from HUD from 6/20/11 until 6/27/11.

s. [redacted] emailed out on leave on 6/27/11 and 6/28/11.

9.) Note that it was [redacted] fourth (4th) day back from medical recommended sick leave from HUD Region VIII FPM, June 13, 2011, from 3:00 to 3:13 PM/MST that PAO Goin issued [redacted] an Official Reprimand with ER Specialist Don Gerrish and Local Union 3972 Vice President Dorothy Crowwillard present.

o During this meeting [redacted] closed voicing concerns that it she had reason to believe that the Official Reprimand which she was issued by PAO Goin was retaliatory and analogous to her EEO Complaint and consistent with her performing duties of a FPM Public Affairs Specialist which she is not (See May 3, 2011 3:44 PM/MST ¿Public Affairs Specialist-FPM GS14¿ email/position description as originally copied to EEOC on May 23, 2011).

10.) Reference 6/26/11 Certified Mailed Formal Complaint No: HUD-00151-2010: Statutory EEO Complaint to Official Reprimand for Refusal to Comply with Proper Order to ODEEO Director Holloway and carbon copied to FPM Director Hoban-Moore.

11.) Performance documents in HIHRTS have continuously been INCORRECT (and [redacted] has continuously mentioned such to all former FPM Supervisors; as 11/01/10 to 10/31/11 EPPES status is "Reqst Emp Plan Approval" under "ownership" of PAO Goin; 5/30/10 to 9/30/10 EPPES status is "Rating Reviewed/Approved" under "ownership" of PAO Goin; 4/15/11 to 9/30/11 EPPES "Plan In Progress" under ownership of FPM Director Hoban-Moore?

12.) [redacted] Declined to Sign¿ EPPES performance document dated April 14, 2011 at 5:48 PM/MST; as issued by PAO Goin; as she questioned 4/11/11 reassignment by DRA Gomez being retaliatory to Gerrish and Mongelli; and performing duties of a FPM Public Affairs Specialist which she is not...

13.) On April 26, 2011 from 1:00 to 2:19 PM/MST [redacted] met with ER Don Gerrish, and Local Union 3972 Vice President Dorothy Crowwillard and President Gary Mongelli to discuss ongoing hostile matters with PAO Goin¿s communication and assignments including: transcribing RA Garcia¿s and DRA Gomez¿s recorded speeches but then removing verbal blunders and paraphrasing delivered speeches; PAO Goin requesting [redacted] to hole punch disorganized papers she¿s accumulated into three ring binders which PAO stated herself ¿is just in case she¿s ever audited¿; PAO Goin sending last minute directives; daily meetings not being effective and without agendas; PAO Goin advising [redacted] to do one thing and then giving differing directives (ex. 2011 Take Your Child To Work Day (TYCTWD) assignments/seating chart); several of PAO Goin¿s emails falsely reading as though [redacted] is neglect in performing assignments; and during this time [redacted] specifically mentioned why she filed an EEO Complaint and how she believed her reassignment was retaliatory especially being that is was under PAO Goin- the person she engaged in EEO protected activity against to DRA Griswold; how her reassignment further prevented her from equally participating in teleworking; as PAO Goin deems it necessary to meet in person daily at 9:30 AM/MST and several times throughout the day; how PAO Goin lacks technical, communication, and supervisory skills; how PAO Goin consistently came over to [redacted] cubical unnecessarily (ex. on April 21, 2011 at 1:27 to 1:30 PM/MST PAO Goin came over to [redacted] cubical to have [redacted] rewind a tape cassette for her); how others in Region VIII pity that [redacted] has PAO Goin as a supervisor (as many are aware and have experienced PAO Goin¿s poor dealings); and how she knew PAO Goin¿s antagonizing and intentional unclear communications were to negatively construe, prevent, and be held against [redacted] in future performance reviews and/or upward mobility and/or Student Loan Repayment Applications) ¿

14.) Critical Elements of this EPPES mentions HUD's Map, but note that at this date and time (7/6/11) only the FY 2009 Region VIII MAP is posted on HUD Intranet; and [redacted] hasn't received a FY 2011 MAP. As for the proposed Region VIII FY 2011 MAP; note that [redacted] made all edits to the 95 pages (as a GS-11) and personally drafted with proper citation pages 26 thru 28 as it pertains to Section 2.2.4: Region VIII Priority 4: Reduce Homelessness.

15.) During 6/7/11, 9:30 to 9:58 AM/MST meeting, PAO Goin provided [redacted] with pre-completed training forms and encouraged [redacted] to request "situational" telework . [redacted] suspects PAO Goin¿s actions to be adverse per concerns she raised in her 2/24/11 EEO Complaint. ¿ Both further evidence how [redacted] isn¿t equally afforded with (1) the opportunity of participating in the

2

"regular" telework option in accordance to HUD/AFGE Agreement Articles and HUD Handbook 625.1 as it pertains to the HUD Telework Program; and (2) receiving applicable Management Analyst position trainings (as both the trainings PAO Goin pre-requested/registered ~~XXXX~~ for are Public Affairs related); and (3) hinder ~~XXXX~~ from applying internally or externally for Management Analyst and/or Public Affairs Specialist positions at applicable grades for the work she has/is performing.

16.) Note that on Thur., 3/3/2011 9:52 AM/MST ~~XXXX~~ emailed PAO Goin the following with DRA Gomez carbon copied:

Good morning Jane,

All the 12 articles that you requested to have copied/ measured/cut/tweaked/pasted and white-out corrected for front hallway framing purposes have been completed and numbered/clipped together. I placed them in secure 22 X 13 brown protective folders in the chair of your office at AM/MST today.

In performing this task and having performed it before, I spoke with other/former HUD/FPM interns who also performed this task and staff in ARD as it pertains to concerns and observations; I ask that HUD/FPM consider the environmental factors of this task (ex: used a total of 4 BIC Wite-Out EZCorrect pens and an estimated 10+ trees for paper copying); and the associated expenditures (ex: custom framing to/from a Hobby Lobby)¿.

I noticed that RA Garcia has a flat screen television in his office and thought that in consuming paper/energy/government spending; perhaps a flat screen could be hung in the 25th front entrance so both our clients and staff could/would be attracted to actually looking at the many flashed/computer uploaded current event articles (many which are emailed to you anyhow) which highlight HUD/Region VIII¿ It would also save you and HUD/FPM staff significant time¿.

Aside from completing the task as requested/assigned, if you haven¿t already please do review/take into further consideration the aforementioned government efficient and transparent suggestions. I would love to discuss further in person at anytime. Let me know how else I can be of assistance.

Thank you,

* Thus, it can reasonably be construed that ~~XXXX~~ suggestion was retained; as two flat screen televisions now appear in the front area of the 25th floor.

In light of all of the aforementioned, I cannot and will not go without again personally expressing how my tenure within in HUD¿s Region VIII Field Policy and Management Office continues to be that of a DISAPPOINTMENT! I will continue to strive/do my best and meet deadlines of duties delegated to me by FPM Senior Management. Considering the conditions/circumstances, I rate myself as Outstanding; despite never being recognized as such in my tenure in FPM and despite my many contributions (FRICH; FY 2011 MAP¿)

Gomez Jr, Dan R

**From:** Gerrish, Donald J
**Sent:** Tuesday, January 25, 2011 8:20 AM
**To:** Gomez Jr, Dan R
**Cc:** Gerrish, Donald J
**Subject:** RE: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m.





Sir, I reviewed eperformance , can't tell when you took over as her supervisor. I also checked her HIHRTS account, no date of when you officially took over. The employee needs 90 days under the plan. I am guessing the plan was issued back in May, was under it for at least 90 days but had a change of supervisor. She would need to be under the plan for 90 days with you as a supervisor. Since the mid-year was done first week of Nov—45 days as a minimum would be beginning Jan.

Don

**From:** Gomez Jr, Dan R
**Sent:** Monday, January 24, 2011 10:49 PM
**To:** ~~xxxxxxxxxx~~ Gerrish, Donald J
**Subject:** Re: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m. (GLAPION)

Great; thanks. I'll ask Don to verify the date for me and let you know.

**From:** ~~xxxxxxxxxx~~
**Sent:** Monday, January 24, 2011 07:05 PM
**To:** Gomez Jr, Dan R
**Cc:** Crowwillard, Dorothy C; Mongelli, Gary J; Gerrish, Donald J
**Subject:** RE: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m.

Good evening DRA Gomez,

Seeing that you're out of your office, could you please confirm that I'm to provide a self assessment for the rating period "commencing *4/10* and ending *1/27/11*"; as the last one provided to you was for May 30, 2010 to September 30, 2010?

Also, per the 01/27/11 3:30PM/MST deadline, please note that at this time I'm still unable to access/sign or acknowledge the document link in HIHRTS and that I left a voice mail earlier with Mr. Gerrish as you advised.

Thank you and have a good night.

1          THE WITNESS:  If an employee's going to receive a

2    performance appraisal the supervisor has to have at least 90

3    days and that supervisor is to issue the appraisal as long as

4    they were under them for at least 90 days.

5    BY

6    Q    Okay, thank you.  Do you recall ever receiving or sending

7    Mr. Gomez an email in January 25th, 2011 questioning when he

8    became the Appellant's supervisor?

9          MS. ALLARD:  Objection, relevance.

10                    Relevance to the --

11          JUDGE MISH:  Offer -- yeah.

12                    Relevance to the last question.

13          JUDGE MISH:  Which was that --

14                    Relevance --

15          JUDGE MISH:  Just succinctly, ma'am, are you trying

16    to say that you shouldn't have been rated by Mr. Gomez?

17                    Correct.

18          JUDGE MISH:  Okay.  Let's assume that you shouldn't.

19    How does that help you?

20                    Because of performance ratings in which

21    were based on as far as consideration for the Appellant and

22    them not consisting of anything as far as training needs --

23          JUDGE MISH:  Let's assume that the performance --

24                    -- and orders.

25          JUDGE MISH:  -- evaluations were shoddy --

Gomez Jr, Dan R

---

**From:** Gerrish, Donald J
**Sent:** Tuesday, January 25, 2011 8:06 AM
**To:** Gomez Jr, Dan R
**Subject:** RE: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m. 

Sir, when did you become her supervisor of record? 

Don

**From:** Gomez Jr, Dan R
**Sent:** Monday, January 24, 2011 10:49 PM
**To:** Gerrish, Donald J
**Subject:** Re: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m.

Great; thanks. I'll ask Don to verify the date for me and let you know.

**From:** 
**Sent:** Monday, January 24, 2011 07:05 PM
**To:** Gomez Jr, Dan R
**Cc:** Crowwillard, Dorothy C; Mongelli, Gary J; Gerrish, Donald J
**Subject:** RE: ePerformance * Summary Self Assessment * Due 1/27/11 * 3:30 p.m.

Good evening DRA Gomez,

Seeing that you're out of your office, could you please confirm that I'm to provide a self assessment for the rating period "commencing *4/10* and ending *1/27/11*"; as the last one provided to you was for May 30, 2010 to September 30, 2010?

Also, per the 01/27/11 3:30PM/MST deadline, please note that at this time I'm still unable to access/sign or acknowledge the document link in HIHRTS and that I left a voice mail earlier with Mr. Gerrish as you advised.

Thank you and have a good night.

Park, Lawrence J

**From:**
**Sent:**           Richardson, Ginger S
**To:**             Tuesday, January 31, 2012 8:21 PM
**Subject:**        Gerrish, Donald J
                    RE: Rotational Offer in HUD Region VIII's Multifamily Hub

Hi, Don. I have read this and I have several thoughts:

1) To me it doesn't matter whether she refused to provide the IDP or not, it's not germane to the ultimate direct order.
2) Honestly, this sounds like a detail to me - they want her to go work in this other program office for a set period of time, is that correct? Will she be reporting to another supervisor? If so, I think that's a detail.
3) I am not concerned about the contract language - the AFGE language that she cited just states that IF mgmt decides the detail is appropriate for volunteers, then volunteers should be requested, and that volunteers should be considered. It does not say that asking for volunteers is mandatory; mgmt can confidently say that they did not feel volunteers were appropriate in this case since this is a learning oppt specifically for ~~employee~~.
4) However, I remember discussing in LA whether we could force an employee to do a detail, and we were not sure we could, although ultimately mgmt does have the right to assign work, and we did directed reassignments, so why not directed details? I would suggest polling all of the specialists to get their thoughts on the ability to direct an employee to take a detail to another program area. As long as everyone thinks this is an acceptable order to give, then I think you can discipline her for failure to follow instructions.
5) It might be a little more air tight if the supv had given her a specific deadline to do it, but she has made it pretty clear, anyway, that she has no intention of following up, so I think we are probably good to go once the concerns in #4 above have been alleviated.

Thanks,

Ginger

**From:** Gerrish, Donald J
**Sent:** Monday, January 30, 2012 6:53 AM
**To:** Richardson, Ginger S
**Subject:** FW: Rotational Offer in HUD Region VIII's Multifamily Hub
**Importance:** High

Ginger,

Thoughts? I think it is failure to obey and insubordination. Supervisor did ask for and she did refuse to show the supervisor her IDP.

I don't believe this is a detail but an education opportunity and the contract provision does not apply.

This could result in a 14-day proposed suspension right as we are doing discovery for her EEO hearing.

Don

1

MG01078

Park, Lawrence J

From: Gerrish, Donald J
Sent: Friday, July 01, 2011 2:16 PM
To: Richardson, Ginger S
Subject: RE: ~~[redacted]~~
Attachments: RE: ND Disaster Recovery; Don-please provide guidance on the email: when an employee is reassigned supervisory responsibilities/measures are taken/ ; when an employee is reassigned supervisory responsibilities/measures are taken/ ; Follow-up: Time and Attendance; Time and Attendance; Request an in-person appointment on Monday at 2:00 p.m. July 11, if possible.

Got your message, yes, normally I would normally have everything go through the supervisor, but, in this case, since it is so problematic, I had ~~[redacted]~~ send to me. She did not want to send to Jane due to privacy concerns and the lack of communication, etc. Initially, she was going to do FLMA, but the employee just submitted a letter from the doctor saying incapacitated for work during the absence. Issue now is if we deny her future sick leave advances that is less than the authorized, she will complain continued disparate treatment and add to her EEO.

I received another e-mail from ~~[redacted]~~ today, complaining why her new supervisor didn't know about her leave that was previously approved by old supervisor and why didn't they talk, why does she have to keep advising others on their jobs, etc, etc. Also, in the e-mail, it was said she was not going to cancel her leave even if it conflicted with a function. Supposedly, there is a function and Jane notify her she needs her support, ~~[redacted]~~ basically said no. I plan on asking Jane next week the aspects of it and if Jane truly needs the support, we are going to deny the leave. The employee is getting way out of hand.

As you can tell, these are all from one day. Lots to discuss in the upcoming weeks. Many issues, from Time and Attendance, to failure to obey, to attitude, etc.

Sincerely,

Don

From: Richardson, Ginger S
Sent: Friday, July 01, 2011 1:00 PM
To: Gerrish, Donald J
Subject: ~~[redacted]~~

Don,

Please listen to your vm, I just left you a msg about her. I received a call from a senior level official in FPM re her, they are really up in arms and they raised a good point about the medical documentation. Let's discuss on Tuesday.

Have a Happy 4th!!!!

Ginger Richardson
Chief, Employee and Labor Relations, Regions 7-10
U.S. Dept of Housing and Urban Development
600 Harrison Street, 3rd Floor
San Francisco, CA 94107
415-489-6707
415-489-6716 fax

1

MG01082

Park, Lawrence J

**From:** Gerrish, Donald J
**Sent:** Monday, April 01, 2013 3:52 PM
**To:** Richardson, Ginger S; Romani, Daniela M; Converse, Pat; Roesch, Ellen E
**Subject:** RE: ████████ MSPB decision in agency favor

I am concerned that it will be overturned. The judge had to respond to many allegations (EEO and whistle blower) as well as dropping a charge and sustaining the maximum punishment. He did a great job of citing cases to justify his reasoning, but not many specific facts(all general in nature) from the witnesses leading up to his decision. I believe this will be appealed and the MSPB will issue a ruling. Hopefully in our benefit.

Don

-----Original Message-----
From: Richardson, Ginger S
Sent: Monday, April 01, 2013 2:43 PM
To: Gerrish, Donald J; Romani, Daniela M; Converse, Pat; Roesch, Ellen E
Subject: RE: ████████ MSPB decision in agency favor

This is really interesting. I specifically remember that when the managers were getting so in an uproar about that last letter she sent, saying they wanted her fired, we sort of pushed back a bit and said that the letter might not be considered rude, as she was basically just reaffirming her rights. She was also stating that she wasn't going to do what was assigned, but that goes back to failure to follow, which we were sustained on. Employees do have a latitude to state "you are discriminating against me" and so forth, so I think the FPM mgr got all out of whack about it when really some of her letter was within her rights to state, so I am not surprised that we lost on that charge. I think our strongest charges were definitely the failure to follow orders, and I am very happy we prevailed on that and she is not coming back (hopefully it will stay that way in the appeal!)

-----Original Message-----
From: Gerrish, Donald J
Sent: Friday, March 29, 2013 9:09 AM
To: Richardson, Ginger S; Romani, Daniela M; Converse, Pat; Roesch, Ellen E
Subject: ████████ MSPB decision in agency favor

Please read this case, even though it was in our favor, the charge of rude conduct was lost. We know there will be an appeal as well as move forward with the pending EEO case. But the language in this if upheld will go a long way in helping us,

Don

From: Allard, Nicole A
Sent: Friday, March 29, 2013 9:11 AM
To: Gerrish, Donald J
Subject: FW: good news

Nicole Allard
Trial Attorney
Region VIII Office of Counsel
U.S. Department of Housing and Urban Development
1670 Broadway

1

MG01084

**Park, Lawrence J**

| | |
|---|---|
| **From:** | Gerrish, Donald J |
| **Sent:** | Wednesday, February 01, 2012 2:14 PM |
| **To:** | Richardson, Ginger S |
| **Subject:** | FW: Rotational Offer in HUD Region VIII's Multifamily Hub |

Wow, when did the employees start running the organization and not the management staff.

Sincerely,

Don

**From:** ~~xxxxxxxxxxxxxx~~
**Sent:** Tuesday, January 31, 2012 5:05 PM
**To:** Gomez Jr, Dan R
**Cc:** Allard, Nicole A; Gerrish, Donald J; Holloway, Jerry L
**Subject:** RE: Rotational Offer in HUD Region VIII's Multifamily Hub

Good afternoon,

I oppose performing work significantly different from my duties as a permanent completive service GS-12-0343 FPM Management Analyst.

With all due respect sir, I adhered to your authority as my first line supervisor when on April 11, 2011 during the impromptu 2:36-2:42PM/MST meeting you held with me in your office when you informed me of supervisory reassignment under the former Public Affairs Officer (PAO) Jane Goin. When I first raised reasonable concerns to the agency, PAO Goin, AFGE Local Union 3972 President Mongelli, and yourself as it pertained to issuance of my new EPPES not mentioning anywhere (as previously) details as it pertained to Federal Regional Interagency Council on Homelessness POC duties and representing FPM at HHS: Federal Partners Meetings/Safety Net Events, I received email explanations of "In light for you new role with Jane, I have reassigned the same. Thank you for your preliminary assistance (you)" AND "Your topic is addressed in "other duties as assigned (PAO Goin)" AND in meeting with AFGE Local Union 3972 President Mongelli from approximately 4:45-5:40PM/MST on April 13, 2011 was told "It's HUD!... You can be reassigned/reneged duties anytime...You'd rather be with Jane....Can't get a good review from Dan..." On April 15, 2011 from 11:38AM to 12 noon/MST I discussed these and other issues with HUD EEO Counselor Marc E. Anderson...

Further supportive of the above, my emails below, and present opposition to perform a "4 business week rotation to Multifamily Hub" is interpretation and application of HUD AFGE Agreement Article 14 §14.01 -14.03. During my January 5, 2012 10:15 AM to 11AM meeting with Director Marcie LaPorte, she mentioned rotational duties being "those normally performed by a Project Manager (Asset Development)"... Regardless of my retaining the same salary and benefits, performing Project Manager (Asset Development) duties constitutes as a tangible employment action.

1

MG01087

Attached above and below is the background information of the Suspension of ~~████~~ ~~████~~ effective 10/31/11 to 11/03/11. I am requesting your completion of the personnel and PAR actions also attached above, at your earliest convenience.


Sincerely,

Dan


\*\*\*\*\*


**From:** Gerrish, Donald J
**Sent:** Friday, October 28, 2011 1:44 PM
**To:** Goin, Jane; Gomez Jr, Dan R
**Cc:** Allard, Nicole A; Gerrish, Donald J
**Subject:** ~~████~~ Suspension decision


Jane, Dan,


Here is the copy of the suspension decision. I will be in early Monday to make sure if ~~████~~ shows up, she is advised of the decision.


The next step is to input the suspension into HIHRTS. (If possible before COB today)


The immediate supervisor (Deputy RA Gomez) on record needs to input the suspension (NTE) into HIHRTS, sends it to the second level supervisor (RA Garcia) for review and then the second level supervisor sends it to HR where it is processed.


Then the Return to Duty is also put into the system after Monday.


Final step is for the supervisor to notify the master timekeeper to input the suspension into the Web T/A.

3

MG00967

Any questions, please contact me.

Final note, this is privileged management communication.

Sincerely,

Don

**From:** Gerrish, Donald J
**Sent:** Friday, October 28, 2011 1:17 PM
**To:** ~~XXXXXXXXXXXXXXXXXXXXXXXX~~
**Cc:** Gerrish, Donald J
**Subject:** ~~XXXXX~~ Suspension decision



Since you were out of the office yesterday on LWOP this could not be delivered to you in person. I am sending this via e-mail because it is effective Monday. RA Garcia has made his decision as it relates to your proposed suspension.

You will have a copy on your desk upon your return to the office Nov 7, 2011. Based on the decision, you are hereby suspended effective Monday Oct 31, 2011 to Thursday November 3, 2011. Since you are in an alternate work schedule and Friday is not a scheduled work day, you are required back into the office Monday, November 7, 2011.

Upon your return, please acknowledge receipt of the decision and provide me a copy.

Any questions can be inquired upon your return.

4

MG00968

Sincerely,


Don


Donald J. Gerrish, Human Resources Specialist

Employee & Labor Relations Branch 3

Department of Housing and Urban Development

Denver Regional Office

1670 Broadway

Denver CO 80202

Office: (303) 839-2650  Fax: (303) 672-5010

The information contained in this message may be subject to the Privacy Act (5 USC 552a) and should be treated accordingly.

The Suspension NTE action for employee ████████ (#527079) with an effective date of 2011-10-31 has been sent to HR for processing.

This message was sent from an automated system that cannot receive e-mail.  Please do not reply to this message.

A Suspension NTE action on employee ████████ (#527079) with an effective date of 2011-10-31 has been routed to you for your approval. Please check your worklist in HR Connect.

Web address: https://www.hrconnect.treas.gov/

MG00969

**McTighe, Kristy A**

| | |
|---|---|
| **From:** | Gomez Jr, Dan R |
| **Sent:** | Monday, October 31, 2011 10:40 AM |
| **To:** | Bregon, Nelson R |
| **Cc:** | Keys, James L |
| **Subject:** | RE: ~~████████~~ suspension |

Mr. Bregón,


Thank you for your follow-up.  Once the personnel and PAR action have been processed I will complete the next and complementary action.


Sincerely,

Dan


**Daniel R. Gomez, Jr.**
**Deputy Regional Administrator**
**Region VIII** *(Serving:  Colorado, Montana, North Dakota, South Dakota, Utah & Wyoming)*
**U.S. Department of Housing & Urban Development**
**1670 Broadway, Denver, CO  80202**
**(303) 675-1643    Office**
**(303) 672-5149    Facsimile**
dan.r.gomezjr@hud.gov


**From:** Bregon, Nelson R
**Sent:** Monday, October 31, 2011 7:47 AM
**To:** Keys, James L
**Cc:** Hoban-Moore, Patricia A; Gomez Jr, Dan R
**Subject:** Re: ~~████████~~ suspension


Mr. Gomez ran everything by OGC.

Nelson R. Bregon

Associate Assistant Deputy Secretary

Office of Field Policy and Management

1

MG00965

U.S. Department of Housing and Urban Development

Washington, DC 20410

On Oct 31, 2011, at 9:42 AM, "Keys, James L" <James.L.Keys@hud.gov> wrote:

> Sure. This is weird to see after we were having discussions about moving the employee. Also, I hope someone did an investigation on her claim of hostile work environment per the policy, if not the Agency is liable.

James Keys
Office of Field Policy and Management
202-402-2589

**From:** Bregon, Nelson R
**Sent:** Saturday, October 29, 2011 10:00 AM
**To:** Keys, James L
**Cc:** Hoban-Moore, Patricia A
**Subject:** Fwd:

Mr. Keys: For you records.

Nelson R. Bregon

Associate Assistant Deputy Secretary

Office of Field Policy and Management

U.S. Department of Housing and Urban Development

Washington, DC 20410

Begin forwarded message:

> **From:** "Gomez Jr, Dan R" <dan.r.gomezjr@hud.gov>
> **Date:** October 28, 2011 6:55:59 PM EDT
> **To:** "Bregon, Nelson R" <Nelson.R.Bregon@hud.gov>, "Scott, Paul A" <Paul.A.Scott@hud.gov>
> **Cc:** "Gerrish, Donald J" <Donald.J.Gerrish@hud.gov>

Mr. Bregón and Mr. Scott,

2

MG00966

Attached above and below is the background information of the Suspension of ▓▓▓▓▓ ▓▓▓▓ effective 10/31/11 to 11/03/11. I am requesting your completion of the personnel and PAR actions also attached above, at your earliest convenience.


Sincerely,

Dan

***** 


**From:** Gerrish, Donald J
**Sent:** Friday, October 28, 2011 1:44 PM
**To:** Goin, Jane; Gomez Jr, Dan R
**Cc:** Allard, Nicole A; Gerrish, Donald J
**Subject:** ▓▓▓▓▓ Suspension decision


Jane, Dan,


Here is the copy of the suspension decision. I will be in early Monday to make sure if ▓▓▓▓▓ shows up, she is advised of the decision.


The next step is to input the suspension into HIHRTS. (If possible before COB today)


The immediate supervisor (Deputy RA Gomez) on record needs to input the suspension (NTE) into HIHRTS, sends it to the second level supervisor (RA Garcia) for review and then the second level supervisor sends it to HR where it is processed.


Then the Return to Duty is also put into the system after Monday.


Final step is for the supervisor to notify the master timekeeper to input the suspension into the Web T/A.

3

MG00967

Any questions, please contact me.


Final note, this is privileged management communication.


Sincerely,


Don


**From:** Gerrish, Donald J
**Sent:** Friday, October 28, 2011 1:17 PM
**To:** ~~[redacted]~~
**Cc:** Gerrish, Donald J
**Subject:** ~~[redacted]~~ Suspension decision



Since you were out of the office yesterday on LWOP this could not be delivered to you in person. I am sending this via e-mail because it is effective Monday. RA Garcia has made his decision as it relates to your proposed suspension.


You will have a copy on your desk upon your return to the office Nov 7, 2011. Based on the decision, you are hereby suspended effective Monday Oct 31, 2011 to Thursday November 3, 2011. Since you are in an alternate work schedule and Friday is not a scheduled work day, you are required back into the office Monday, November 7, 2011.


Upon your return, please acknowledge receipt of the decision and provide me a copy.


Any questions can be inquired upon your return.


4

MG00968

Sincerely,


Don


Donald J. Gerrish, Human Resources Specialist

Employee & Labor Relations Branch 3

Department of Housing and Urban Development

Denver Regional Office

1670 Broadway

Denver CO 80202

Office: (303) 839-2650  Fax: (303) 672-5010


************************************************************************************************
******************************************************
The information contained in this message may be subject to the Privacy Act (5 USC 552a) and should be treated accordingly.
************************************************************************************************
******************************************************


The Suspension NTE action for employee ▇▇▇▇▇▇▇▇▇▇ (#527079) with an effective date of 2011-10-31 has been sent to HR for processing.

This message was sent from an automated system that cannot receive e-mail.  Please do not reply to this message.

A Suspension NTE action on employee ▇▇▇▇▇▇▇▇▇▇ (#527079) with an effective date of 2011-10-31 has been routed to you for your approval. Please check your worklist in HR Connect.

Web address: https://www.hrconnect.treas.gov/

5

MG00969

**McTighe, Kristy A**

| | |
|---|---|
| From: | Gomez Jr, Dan R |
| Sent: | Monday, October 31, 2011 10:40 AM |
| To: | Bregon, Nelson R |
| Cc: | Keys, James L |
| Subject: | RE: ~~███████~~ suspension |

Mr. Bregón,

Thank you for your follow-up. Once the personnel and PAR action have been processed I will complete the next and complementary action.

Sincerely,

Dan

**Daniel R. Gomez, Jr.**
Deputy Regional Administrator
Region VIII *(Serving: Colorado, Montana, North Dakota, South Dakota, Utah & Wyoming)*
U.S. Department of Housing & Urban Development
1670 Broadway, Denver, CO 80202
(303) 675-1643   Office
(303) 672-5149   Facsimile
dan.r.gomezjr@hud.gov

---

**From:** Bregon, Nelson R
**Sent:** Monday, October 31, 2011 7:47 AM
**To:** Keys, James L
**Cc:** Hoban-Moore, Patricia A; Gomez Jr, Dan R
**Subject:** Re: ~~███████~~ suspension

Mr. Gomez ran everything by OGC.

Nelson R. Bregon

Associate Assistant Deputy Secretary

Office of Field Policy and Management

1

MG00965

U.S. Department of Housing and Urban Development

Washington, DC 20410

On Oct 31, 2011, at 9:42 AM, "Keys, James L" <James.L.Keys@hud.gov> wrote:

> Sure. This is weird to see after we were having discussions about moving the employee. Also, I hope someone did an investigation on her claim of hostile work environment per the policy, if not the Agency is liable.

James Keys
Office of Field Policy and Management
202-402-2589

---

**From:** Bregon, Nelson R
**Sent:** Saturday, October 29, 2011 10:00 AM
**To:** Keys, James L
**Cc:** Hoban-Moore, Patricia A
**Subject:** Fwd:

Mr. Keys: For you records.

Nelson R. Bregon

Associate Assistant Deputy Secretary

Office of Field Policy and Management

U.S. Department of Housing and Urban Development

Washington, DC 20410

Begin forwarded message:

> **From:** "Gomez Jr, Dan R" <dan.r.gomezjr@hud.gov>
> **Date:** October 28, 2011 6:55:59 PM EDT
> **To:** "Bregon, Nelson R" <Nelson.R.Bregon@hud.gov>, "Scott, Paul A" <Paul.A.Scott@hud.gov>
> **Cc:** "Gerrish, Donald J" <Donald.J.Gerrish@hud.gov>
>
> Mr. Bregón and Mr. Scott,

2

MG00966



**U.S. Department of Housing and Urban Development**
Denver Regional Office
1670 Broadway
Denver, CO 80202

February 23, 2012

MEMORANDUM FOR: ~~███████~~ Management Analyst, Office of Field Policy and Management, 8AMA

FROM:  Daniel R. Gomez, Jr., Deputy Regional Administrator, Office of Field Policy and Management, 8AMA

SUBJECT: Paid Administrative Leave

Effective immediately, the Department is placing you on paid administrative leave for 30 days during the Right to Reply period or until Regional Administrator Garcia makes a decision on the pending adverse action of a proposed removal. If Regional Garcia does not uphold the removal, you will be directed to report to work the next duty day.

You are prohibited from returning to the Denver Regional Office HUD Office, or entering any other HUD Office, unless you receive authorization from me that you may do so. If you want to present an oral reply to your proposed removal, please make arrangements with me to return you to the building for that purposes. You may also return to the building for depositions, hearing, and settlement conferences required by your EEO complaint.

You are prohibited from conducting any HUD business while on administrative leave and may not hold yourself out as representing HUD in any manner.

You must keep me informed of your whereabouts when you are gone for more than 24 hours from your residence during the workweek. He can be reached at (303) 675-1643.





**U.S. Department of Housing and Urban Development**
Denver Regional Office
1670 Broadway
Denver, CO 80202

# Official File Copy

March 22, 2012

MEMORANDUM FOR: ~~████████~~ Management Analyst, Office of Field Policy and Management, 8AMA

FROM: Rick M. Garcia, Regional Administrator, Office of Field Policy and Management, 8AMA *Rick M. Garcia*

SUBJECT: Paid Administrative Leave-Extension

~~████████~~ I placed you on paid administrative leave February 23 2012 pending the outcome of your adverse action of removal from federal service. It was to expire on March 23, 2012. I am extending the paid administrative leave until March 30, 2012 to review the information you provided to me on March 20, 2012 and make a final decision on your pending adverse action. If I do not uphold the removal, you will be directed to report to work the next duty day.

You are prohibited from returning to the Denver Regional Office HUD Office, or entering any other HUD Office, unless you receive authorization from your supervisor, Dan Gomez, Jr., Deputy Regional Administrator, that you may do so. You may return to the building for depositions, hearing, and settlement conferences required by your EEO complaint.

You are prohibited from conducting any HUD business while on administrative leave and may not hold yourself out as representing HUD in any manner.

You must keep your supervisor, DRA Gomez advised of your whereabouts when you are gone for more than 24 hours from your residence during the workweek. He can be reached at (303) 675-1643.

**McTighe, Kristy A**

| | |
|---|---|
| **From:** | Scott, Paul A |
| **Sent:** | Thursday, February 23, 2012 10:00 AM |
| **To:** | Gomez Jr, Dan R |
| **Cc:** | Hoban-Moore, Patricia A; Bregon, Nelson R |
| **Subject:** | RE: Administrative Matter *Request for Authorization * Use of Administrative Leave |



Dan – Based on the conversation Nelson and I had with you yesterday we approve your request. Please insure that we get that memo today. Let us know if you need our support on this matter.


Paul A. Scott
Deputy Director
HUD Field Policy and Management


**From:** Gomez Jr, Dan R
**Sent:** Wednesday, February 22, 2012 7:29 PM
**To:** Hoban-Moore, Patricia A
**Cc:** Scott, Paul A
**Subject:** Administrative Matter *Request for Authorization * Use of Administrative Leave
**Importance:** High


Dear Pat,

In accordance with my request for authorization to use Administrative Leave in connection with the Notice of Proposed Removal for ~~████████████~~ please accept this email as a follow-up for your consent to the same. Accordingly, a memorandum will be sent to you tomorrow, February 23, 2012, in order to formally effectuate the authorization.


Issuance of the proposed disciplinary action will occur at 3:00 p.m. (Mountain Time), Thursday, February 23, 2012.


Sincerely,

Dan

1

MG00770

Daniel R. Gomez, Jr.

Deputy Regional Administrator
Region VIII *(Serving: Colorado, Montana, North Dakota, South Dakota, Utah & Wyoming)*
U.S. Department of Housing & Urban Development
1670 Broadway, Denver, CO 80202
(303) 675-1643    Office
(303) 672-5149    Facsimile
dan.r.gomezjr@hud.gov

2

**McTighe, Kristy A**

| | |
|---|---|
| **From:** | Scott, Paul A |
| **Sent:** | Thursday, February 23, 2012 11:35 AM |
| **To:** | Bregon, Nelson R |
| **Subject:** | RE: Administrative Matter *Request for Authorization * Use of Administrative Leave |

None – He is following up on our conversation with him yesterday.


Paul A. Scott
Deputy Director
HUD Field Policy and Management


**From:** Bregon, Nelson R
**Sent:** Thursday, February 23, 2012 12:31 PM
**To:** Scott, Paul A
**Subject:** FW: Administrative Matter *Request for Authorization * Use of Administrative Leave


This has to do with a request to authorize "Administrative Leave" for ~~████████~~ for up to 30 days.  Do you see an issue with it?

**From:** Hoban-Moore, Patricia A
**Sent:** Thursday, February 23, 2012 11:09 AM
**To:** Bregon, Nelson R
**Subject:** Fwd: Administrative Matter *Request for Authorization * Use of Administrative Leave


Please work with Scott to make this happen, unless either of you see a legal objection.

Begin forwarded message:

> **From:** "Gomez Jr, Dan R" <dan.r.gomezjr@hud.gov>
> **Date:** February 22, 2012 5:28:36 PM MST
> **To:** "Hoban-Moore, Patricia A" <Patricia.A.Hoban-Moore@hud.gov>
> **Cc:** "Scott, Paul A" <Paul.A.Scott@hud.gov>
> **Subject: Administrative Matter *Request for Authorization *  Use of Administrative Leave**

1

MG00776

Dear Pat,

In accordance with my request for authorization to use Administrative Leave in connection with the Notice of Proposed Removal for ~~████████████████~~ please accept this email as a follow-up for your consent to the same. Accordingly, a memorandum will be sent to you tomorrow, February 23, 2012, in order to formally effectuate the authorization.

Issuance of the proposed disciplinary action will occur at 3:00 p.m. (Mountain Time), Thursday, February 23, 2012.

Sincerely,

Dan

Daniel R. Gomez, Jr.

Deputy Regional Administrator
Region VIII *(Serving: Colorado, Montana, North Dakota, South Dakota, Utah & Wyoming)*
U.S. Department of Housing & Urban Development
1670 Broadway, Denver, CO 80202
(303) 675-1643    Office
(303) 672-5149    Facsimile
dan.r.gomezjr@hud.gov

2

MG00777

4.  Suspension (4 days) for Refusal to Comply with Proper Order, Rude Conduct,

AWOL, and Failure to Follow Leave Procedures, October 27, 2011.

Tab 4h, Attachments 8-11. The removal at issue in this case was Appellant's fifth disciplinary

action in less than two years. Appellant cites Article 20, Section 20.02 of the union agreement to

argue that the Agency inappropriately relied on oral admonishments in issuing discipline. At this

time it is unclear what Appellant is referring to, as the Agency, in determining appropriate

penalties, has complied with the union agreement and its Table of Penalties.


F.) Table of Penalties

The penalty of removal is consistent with the Agency's Table of Penalties. Tab 4i. The

suggested penalty for a third offense of Refusal to Comply with an Order is removal. Failure to

Follow Directives is similar to the offense of Refusal to Comply with an Order. The suggested

penalty for a third offense of Rude Conduct is a 30-day suspension to removal. The penalty of

removal was warranted, since this was Appellant's fifth disciplinary action.


II.    ADMINISTRATIVE LEAVE


The Board lacks jurisdiction over an agency's decision to place an employee on

administrative leave. Henry v. Department of the Navy, 902 F.2d 949, 953-54 (Fed. Cir. 1990).

However, to the extent that Appellant is raising being placed on administrative leave as part of

her affirmative defenses of discrimination and prohibited personnel practices, the Agency

addresses the matter below.

6

On February 23, 2012, Gomez placed Appellant on paid administrative leave during the notice period (the period between a proposed adverse action and the decision). Tab 4g. On March 22, 2012, Garcia extended the paid administrative leave for seven days to fully consider the materials Appellant provided in response to the proposal on March 20, 2012. Tab 4c. The Regional Administrator has authority to approve administrative leave during the notice period when there is a threat of potential danger to self, others, or the worksite. It is not unusual for proposing officials to request that employees be placed on administrative leave during the notice period, to avoid disruption to the worksite. Gomez feared that Appellant would be disruptive after receiving a proposed removal.

### III.     APPELLANT'S REPLY

On March 20, 2012, Appellant presented an oral reply to the deciding official, Garcia. Don Gerrish, Employee and Labor Relations Specialist, took notes. Tab 4d. In her oral reply, Appellant did not directly address the charges pending against her, but rather discussed, among other things, her experiences as a manager in her previous job, connections between her family and Garcia's family, and her EEO complaint. Appellant also submitted a written reply and a binder of information for Garcia to consider. Tab 4e. The binder was also a Motion to Amend and for Injunctive Relief filed in her pending EEO complaint. Id. The written reply addressed the charges, the Douglas Factors, and Appellant's affirmative defenses of discrimination and violation of prohibited personnel practices. Tab 4e.

### IV.     DECISION

**Response:**    **Objection.  The request is vague and ambiguous because it does not identify the forum or the party to whom Defendant produced "any evidence."  Defendant therefore denies.**

17.    Plaintiff was not afforded proper notice or opportunity to secure representation prior to Gomez physically walking over to her cubical and ordering her into his accompanied (Gerrish and Mongelli) office around 3:19 PM on February 23, 2012 to effectuate paid administrative leave and propose her removal.

**Response:**    **Deny.**

18.    The only other employee that Gomez placed on emergency suspension/administrative leave was a probationary white male who purportedly made the following comments/actions as was written and issued: "On June 1, 2009, you shouted that you hate people, you wanted to kill them, and you wanted to shoot them in the head. You were asked if you meant what ' you said. You replied "yes" and simultaneously hit a file cabinet. Later that same day when asked by your supervisor, you acknowledged and confirmed that the above occurred. Therefore, I have determined for the efficiency of the Government that you should not be retained in the Federal service."

**Response:**    **Objection.  This request is vague because it does not identify a person to compare to the "only other employee" and does not identify a source document for the quotation.  Defendant admits that Gomez placed a probationary employee who was a White male on administrative leave pending his removal.**

7

19.    Defendant did not place Jerry Ligrani,(a white male that worked in HUD's Region VIII MFH when Marcie LaPorte was Director that filed an EEO Complaint (HUD-00106-2008) with prior EEO activity reprisal for his corroborating testimony/observations that "Gomez was condescending, demeaning, and loud during many of his interactions" (MSPB, DE-0432-06-0019-I-1, Santoya v. HUD)) on emergency administrative leave despite in EEOC Hearing 541-2009-00166X the administrative judge noting that "it is undisputed that Complainant (Ligrani), himself, threatened a co-worker, saying he would like to "strangle her" and "that on another occasion, a different co-worker reported that Complainant (Ligrani) physically pushed her."

**Response:    Defendant admits that Jerry Ligrani was not placed on emergency administrative leave. Defendant otherwise denies.**

20.    On February 6, 2012 1:04 PM, ONE DAY BEFORE February 7, 2012 when Gomez "learned" of Plaintiff's authorization for a laptop/air card to support Charge 2 of his proposed February 23, 2012 removal proposal, Plaintiff emailed "RE: ▓▓▓▓▓OPM Form 71 & Medical Note for 1/17/12-1/19/12" subject headed email to Gerrish with carbon copy to Allard and Gomez wherein Plaintiff explicitly stated in part: "While OPM regulations do not require an employee to specifically state that he/she are requesting leave under FMLA 5 CFR Part 630, Subpart L- Family and Medical Leave note that I've never objected to the agency's interrogatories as it pertains to any of my leaves (except those occasions it was reasonably believed to be illegal; i.e. the time PAO Goin requested a copy of my medical note that was already furnished to you for her "own" records).The following: 1.) My 01/17/12-01/19/12 emails from my mobile phone were sent with correlating/explicit subject headers "FMLA"; 2.) 01/23/12 webTA time submissions required selection of "FMLA LWOP" or "FMLA Annual in Lieu of LWOP" or

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I mailed and emailed the foregoing to:



s/ Timothy B. Jafek
TIMOTHY B. JAFEK

11

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office

|  |  |
|---|---|
| ████████████████ ) | EEOC No. 541-2012-00018X |
| Complainant, ) | Agency No. HUD-00151-2010 |
| ) | |
| v. ) | |
| ) | |
| Shaun Donovan, Secretary, ) | |
| U.S. DEPARTMENT OF HOUSING ) | |
| AND URBAN DEVELOPMENT, ) | |
| Agency. ) | |
| ) | |
| ) | Date: December 6, 2012 |

### Declaration of Daniel R. Gomez, Jr.

I, Daniel R. Gomez, Jr., having personal knowledge of the facts stated herein and being competent to testify thereto, hereby declare:

1. I am the Deputy Regional Administrator for Region VIII, in Denver, Colorado. I have been in this position over two years. I have worked for the Federal Government for 21 years, all of those years at HUD.

2. I pursued and obtained the requisite approval for ███████████ to be placed on administrative leave in conjunction with her proposed removal, because I believed her presence would not result in a productive work environment for her or the remaining staff in the Office of Field Policy and Management in Denver. Her conduct demonstrated no marked improvement prior to that point and in spite of management's pursuit of corrective actions to the contrary.

3. I believed that it would be in the Agency's best interests to place her on administrative leave.

4. In my tenure as a supervisor, I have placed one other employee on administrative leave pending a removal of a probationary employee. That employee was a White male.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December ___, 2012.

_____
Daniel R. Gomez, Jr.

1 of 1



GOVERNMENT EXHIBIT 9

# PLAINTIFF'S EXHIBIT # 7: PUBLIC (*EMPH*)





**PLAINTIFF'S EXHIBIT # 8:** PUBLIC (***EMPH***)
*CONTINUING CLAIM SIX U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS' VIOLATION AND ADDITIONAL CLAIMS LABELED* "**D. STATEMENT OF CLAIMS: DEFENDANTS (78)**"

EX 8
PUBLIC

## D. STATEMENT OF CLAIMS: DEFENDANTS (78)

**CONTINUING CLAIM SIX U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS' VIOLATION AND ADDITIONAL CLAIMS**

Supporting Facts: Respectfully *PRO SE* Plaintiff incorporates by this reference all other allegations included therein her Complaint of Law, prepared on current "Revised February 2022" Court approved form (*EMPH.*) retrieved from www.cod.uscourts.gov, and all attached Exhibits.

### <u>DEFENDANTS (78)</u>



**DEFENDANT 1:**    **NEIL MCGILL GORSUCH** was born August 29, 1967, thus is **57 years** old, white (**race**), male (**sex**), U.S. Sup. Crt. Associate and Cir. Justice for the 10th Cir., nominated by Republican President Donald **TRUMP — was appointed by Republican (political party) President George W. BUSH** as a 10th Cir. Crt. of Appeals Judge — fourth-generation Coloradan, born in Denver, Colorado, principal deputy associate attorney general at the District of Colorado U.S. Department of Justice (**DOJ**) from June 2005-July 2006; "President Barack Obama was among his Harvard classmates." **GORSUCH** personally participated in *PRO SE's* Appeal No. <u>2015-1443</u> as alleged in this litigation. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. Concurring *Haaland v. Brackeen,* 599 U.S.__(2023). **Absolute Immunity.**

**DEFENDANT 2:**    **JEROME A HOLMES**, was born November 18, 1961,thus is **63 years old**, Oklahoman, **DOJ AUSA**, received a Master of Public Administration (**MPA**) from **Harvard** University's John F. Kennedy School of Government in 2000 (as did, year unknown, **alleged** alumni **Defendant #13 (Garcia)** (*Infra.*); and **October 1, 2022** — became "first **African** American (race)", male (**sex**), U.S. Chief Circuit Judge of 10th Cir. Crt. of Appeals, was appointed by **Republican (political party)** President George W. **BUSH** August 9, 2006, a 10th Cir. Crt. of Appeals Judge, who personally participated in *PRO SE's* 10th Cir Appeal No. **2016-1219** as alleged in this litigation. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.





PLAINTIFF'S EXHIBIT
8
93 pages



**DEFENDANT 3:  SENIOR JUDGE PAUL JOSEPH KELLY, JR.,** was born December 6, 1940, thus is **84 years old**, white (**race**), male (**sex**), **appointed by Republican (political party) President George W. BUSH** AS a 10ᵗʰ Cir. Crt. of Appeals Judge from April 13, 1992 – December 31, 2017 — personally participated in ***PRO SE's*** 10ᵗʰ Cir **Appeal Nos. 2015-1443 AND** (EMPH) **NEVER** *sua sponte* **28 U.S.C. § 455 recusing — 2021-1223 [10906319]** — as alleged in this litigation. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.


**DEFENDANT 4:      SENIOR JUDGE CARLOS F. LUCERO** was born November 23, 1940, in Antonito, Colorado, thus is **84 years old** — the "**first Hispanic** (ethnicity)", male (**sex**), **appointed by Democratic (political party) President Bill CLINTON** as a 10ᵗʰ Cir. Crt. of Appeals Judge June 30, 1995 – February 1, 2021→ who **ENTERED** (EMPH) ***PRO SE's*** 10ᵗʰ Cir **Appeal No. 2016-1219** as alleged in this litigation. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.





**DEFENDANT 5:    SENIOR JUDGE TERRENCE L. O'BRIEN**, was born August 8, 1943, thus is **81 years old**, in Lincoln, NEBRASKA, white **(race)**, male **(sex)**, **appointed by Republican (political party) President George W. BUSH** as a 10th Cir. Crt. of Appeals Judge from April 16, 2002 – April 30, 2013, **DOJ** Staff attorney 1972 to 1974 — <u>**ENTERED**</u> (*EMPH.*) — ***PRO SE's*** 10th Cir **Appeal No. <u>2015</u>-1443** as alleged in this litigation. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

**DEFENDANT 6:    JUDGE NANCY LOUISE <u>MORITZ</u>** — was born March 3, 1960, **64-year-old**, white **(race)**, female **(sex)**, from <u>**KANSAS**</u> (*EMPH.*), 1995-2004 District of Kansas **DOJ AUSA**, July 29, 2014, appointed by **Democratic (political party) President Barack OBAMA,** personally participated in ***PRO SE's*** 10th Cir **Appeal Nos. <u>2015</u>-1443** — **<u>AND</u>** (EMPH) **NEVER** *sua sponte* **28 U.S.C. § 455 recusing** — <u>**ENTERED**</u> (*EMPH.*), ***PRO SE's*** 10th Cir Appeal No. **<u>2021</u>-1223 [10906319]** — as alleged in this litigation. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.





**DEFENDANT 7: JOEL M. CARSON** — was born November 16, 1971, **53-year-old**, white (**race**), male (**sex**), preceded by **Defendant #3** (Kelly) appointed **May 17, 2018**, by **Republican (political party) Donald TRUMP** — who personally participated in ***PRO SE's*** 10th Cir Appeal No. **2021-1223 [10906319]** — **with previously participating** — NEVER *sua sponte* **28 U.S.C. § 455 recusing** — **Defendants #3** (Kelly) **AND #6** (Moritz). At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.


**DEFENDANT 8: PHILIP A. BRIMMER (*"PAB"*)** — born into privilege  March 15, 1959, **65-year-old**, white (**race**), male (**sex**), former District of Colorado U.S. Department of Justice, Assistance United States Attorney (**AUSA**) from 2001 until October 14, 2008 **appointment by Republican (political party) President George W. BUSH** to U.S. District Court for the District of Colorado — whose personal participation, control, direction, or failure to supervise as **Active Art. III Chief Judge** (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) — his ***FELLOW*** *(EMPH)* **AUSA DOJ SUBORDINATE DEFENDANTS' #10** (***MEH***) ; **#11** Timothy Bart Jafek CALIF. *(EMPH)*# 214066; and **#9** *(RM)* — **WHOSE ACTS WERE/ ARE AFFIRMATIVELY CONTRARY TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO** **MISSION: "SERVE THE PUBLIC BY PROVIDING A FAIR AND IMPARTIAL FORUM THAT ENSURES EQUAL ACCESS TO JUSTICE IN ACCORDANCE WITH THE RULE OF LAW, PROTECTS RIGHTS AND LIBERTIES OF ALL PERSONS, AND RESOLVES CASES IN A TIMELY AND EFFICIENT MANNER." *EMPH*.** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

**DEFENDANT 9:    RAYMOND P. MOORE ("*RM*")** — was born June 19, 1953 **(age 71)**, **African** American **(race)**, male **(sex)**, former for the District of Colorado, U.S. Department of Justice **(DOJ)**, Assistance United States Attorney **(AUSA)**; **Democratic (political party) President Barack OBAMA appointed** March 26, 2013 – June 20, 2023— active Senior Art. III Judge for U.S. District Court for the District of Colorado.  . At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.





**DEFENDANT 10:    MICHAEL E. HEGARTY ("*MEH*")** — white **(race)**, male **(sex)**, *Phi Beta Kappa* ((ΦB**K**) (*EMPH.*)[The 1st Greek-letter fraternity in the U.S. that denied **BLACKS** **(race)** membership… HENCE *PRO SE's ALPHA PHI ALPHA  & ALPHA KAPPA ALPHA*

*Fraternity and Sorority, INC.*] — graduate of **KANSAS** (*EMPH.*), State University and graduated University of **KANSAS** (*EMPH.*), School of Law. **2002 until 2006** U.S. Department of Justice ("**DOJ**") District of Colorado Assistant U.S. Attorney (**AUSA**), Deputy Chief and Chief – *PRIOR* to becoming U.S. District Court for the District of Colorado's federal Magistrate Judge and to be defamed "first Chief Magistrate" — who personally participated in all federal civil actions *Id.* at "Judicial Notice" "***MEH***"; falsification of facts at summary judgments; willful discriminative deprivation, treating *PRO SE* litigant in a demonstrably egregious manner; violating mandatory standards of judicial conduct; and furthering of irreparable harms of *PRO SE* Plaintiff's due process and **U.S. Constitutional (Art. VI CL II; I, V, XIV Amendments) Rights** therein and herein. *MEH* considered himself **ABOVE THE LAW** and is liable for conspiracy and obstruction of justice. *Infra.* Judges can often retire to effectively avoid disciplinary action, as retirement can sometimes end an ongoing investigation into misconduct, allowing them to escape potential consequences for their actions; this is considered a loophole in the system that can be problematic for accountability. U.S. District Court for the District of Colorado's "first Chief Magistrate", Michael E. Hegarty (*"**MEH**"*) is stepping down ("retirement") in **January 2025** — *AFTER (EMPH.)* — *PRO SE* files herein **COMPLAINT OF LAW** — 28 U.S.C. §1343(a)(1)(2)(3)(4); **Federal Tort Claim Act, 28 U.S.C. § 1346, waiver of sovereign immunity;** 42 U.S.C. § 1983 ——— JOINTLY AND SEVERALLY LIABLE ——— *MEH* **SHALL BE INVOLUNTARILY IMMEDIATE EMERGENCY INDEFINITELY SUSPENDED (UNPAID) AND TERMINATED, DISBARRED,** remedial sanction constrained and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS,** **MAXIMUM** **IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**". *EMPH.* At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.



*Ibid.* **DEFENDANT 11: TIMOTHY B. JAFEK** CALIF. (*EMPH.*) **#214066** — crying, white (**race**), male (**sex**), **District of Colorado** Assistant U.S. Attorney ("**AUSA**"), who personally *EX PARTED* **IN BACK OF DEFENDANT #10** *MEH* **CHAMBERS SEPTEMBER 23, 2014** and **FURTHER** *IN* **WILLFUL AND WONTON VIOLATION OF FEDERAL CIVIL RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1,** extrinsic fraud in

and on the court, conspiracy, falsification of facts at summary judgment; using the judge's (*MEH*) office to obtain special treatment; obstruction of justice, discriminative deprivation and furthering of irreparable harms of ***PRO SE*** Plaintiff's due process and U.S. Constitutional (Art. VI CL II; I, V, XIV Amendments) Rights — federal civil actions **(1)** *14-CV-01699-MEH* (dismissed with prejudice, pursuant to 12(b)(1) and 12(b)(6))/ 15-1443); **(2)** *14-CV-03236-MEH* (dismissed with prejudice, pursuant to Fed. R. Civ. P. 54).

At all times relevant, **JAFEK CALIF.** (*EMPH.*) **#214066**, acted under the color of U.S. and greater state constitutions, federal, and state laws.

**JOINTLY AND SEVERALLY LIABLE ——— Federal Tort Claim Act, 28 U.S.C. § 1346, WAIVER OF SOVEREIGN IMMUNITY——— 28 U.S.C. §1343(a)(1)(2)(3)(4); 42 U.S.C. § 1983 ——— JAFEK CALIF.** (*EMPH.*) **#214066 ——— SHALL BE INVOLUNTARILY IMMEDIATE EMERGENCY INDEFINITELY SUSPENDED (UNPAID) AND TERMINATED** from position and federal service pursuant to **5 U.S.C. 2302(b), DISBARRED,** remedial sanction constrained and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT, MAXIMUM IMPRISONMENT AND FINES AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**". *EMPH.*



**DEFENDANT 12:    NELSON RAPHAEL BREGÓN** — Prior to "retiring" (*EMPH.*) to San Juan, Puerto Rico as Lead Associate at Cinmarc & Associates L.L.C. — Bregón was/is a **Hispanic** (ethnicity), male (**sex**), **EEO RMO** Associate Assistant Deputy Secretary of Office of Field Policy and Management (FPM) at headquarters of U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT — whose personal participation, control, direction, or failure to supervise (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) — **DEFENDANTS #13 (GARCIA) AND  #77 (GOMEZ)** — and personally participated in: **EEOC** Case No. 541-2012-00018X; MSPB: **DE-0752-12-0257-I-1**; ***PRO SE v. DONOVAN*** (HUD), Case No. **2014**-CV-01699-BNB-*MEH*; **TENTH CIR. APPEAL NO. 2015**-1443; ***PRO SE v. JEWELL***  (DOI), Case No. **2014**-CV-03236-*MEH*; **TENTH CIR. APPEAL NO. 2016**- 1219; **AND** *PRO SE v. Castro* (10th Cir. 2014), Case No. 14-CV-01699-MEH. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE —** *IN VIOLATION OF PRO SE*'**S DUE PROCESS AND U.S. CONSTITUTIONAL (ART. VI CL II; I, V, XIV AMENDMENTS) AND WHISTLEBLOWING (WPA/ NO FEAR) RIGHTS —** 42 U.S.C. § 1983 authorizes

*PRO SE's* claims against **DEFENDANT #12 BREGÓN** in his **individual capacity** for <u>**MAXIMUM**</u> **COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary)*;* **42 U.S.C. § 1985(2)(3); 18 U.S.C. § 242**; remedial sanction constraints including appointment of special counsel to prosecute all criminal contempt, **BOTH IMPRISONMENT AND FINES, ARMED FEDERAL**, permanent injunction restraining; and any other proper redress proceedings (**JURY FOR ALL ISSUES SO TRIABLE**) and remedies securing **RELIEF RIGHTS**; revoke and expunge <u>**ALL UNCONST. ORDERS**</u> of **GUILTY AND LIABLE DEFENDANT #12 — BREGÓN.**



**DEFENDANT 13:    RICK M. GARCIA** — was/ is male (**sex**), **Hispanic** (ethnicity), former HUD Region VIII Director, and former **City and County of Dever** Councilman with *FELLOW* former Defendant Mayor Michael Hancock (**Defendant #50**); and Governor Polis (**Defendant #14**) elect Executive Director Colorado Department of Local Affairs, and selected to serve as a "Cabinet Member" of Governor Jared Polis (**Defendant #14**) —— that was the Designated Deciding Official ("DDO"); *PRO* SE's second-line supervisor; and named **RMO** *IN* **EEOC** Case No. 541-2012-00018X AND  MSPB DE-0752-12-0257-I-1 — who **WILLFULLY AND WONTLY** —— with **DEFENDANTS #68 (GERRISH) AND  #77 (GOMEZ)** —— **CONSPIRED AND UPHELD** *PRO SE's* wrongful unpaid (7 day) emergency suspension and extended suspension and termination from U.S. Housing and Urban Development (HUD), Region VIII, Field Policy and Management ("FPM") —— *PER SE* **RETALIATION** —— **AND** *IN* **VIOLATION OF** *PRO SE'S* **DUE PROCESS AND U.S. CONSTITUTIONAL (ART. VI CL II; I, V, XIV AMENDMENTS) AND WHISTLEBLOWING (WPA/ NO FEAR) RIGHTS.**

Like **former** U.S. representative **Santos** (*EMPH*) —— **GARCIA** at all times has **PUBLICLY EMBELLISHED HIS RESUME** —— as did **Defendant #10's** (*MEH*)

**PARTISAN PUBLIC FALSIFICATION OF FACTS AT SUMMARY JUDGMENT** (*PRO SE v. Castro* (10th Cir. 2014), *Case No. 14-CV-01699-MEH*) —— as "President Obama's appointed Regional Administrator of the U.S. Department of Housing and Urban Development (HUD)" —— **WHEN DEFENDANT 13: Garcia's** HUD Region VIII Director position was —— **NEVER MADE BY AND WITH THE ADVICE AND CONSENT OF REQUIRED SENATE CONFIRMATION** (*EMPH.*) —— hence he was appointed by HUD Secretary, Shaun Donovan (**Obama's appointee**). **DEFENDANT 13: Garcia's PUBLIC RESUME** also states he has "Master of Public Administration (**MPA**) degree from Harvard's Kennedy School" —— which as a private institution, **DEFENDANT #2: JEROME A HOLMES** perhaps can confirm —— as such was and is significantly different from "Harvard Kennedy School Public Leadership Credentials (PLC)" —— which *Jessica* (**Hispanic**-WHITE **NOT** related to *DR. CALDERÓN* ) Plaintiff of *CALDERON* v. *DHS*, 1:**19**-CV-03606-KLM (SETTLEMENT); and again *JESSICA* (Hispanic-WHITE **NOT** related to *DR. CALDERÓN*) Plaintiff of *pending Calderon* v. *City and County of Denver, Office of the Mayor* Case No. 1:24-CV-02406-NYW-TPO —— **AND DEFENDANT #77** (GOMEZ) possess..

*Id.* at *See* **PLAINTIFF'S EXHIBITS:  # 4, #5, #6, #7:** *PRO SE v. DONOVAN* (HUD): Case No. **2014**-CV-01699-BNB-*MEH* AND TENTH CIR. APPEAL NO. 2015-1443, **OPENING BRIEF——  EVIDENCE AND EXHIBITS ——** *RES IPSA LOQUITOR.* EMPH.

At all times relevant, **DEFENDANT 13:     RICK M. GARCIA**, acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** — for all **re-invoked** CASE NO. **2014**-CV-01699-BNB-**MEH** (10th Cir. 2014) — **March 2010** — **CONTINUOUS** preserved claims, and furthering irreparable harms to **PRESENT DAY — WHEREIN  — U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT — COLLATERAL SOURCE RULE LIABLE FOR ITS ORIGINAL TITLE VII TORTFEASOR — DEFENDANT #77** (GOMEZ) **— AND  DEFENDANT #13: RICK M. GARCIA's ——   PERSONAL PARTICIPATION**, control, direction, or failure to supervise **AS HUD REGION VIII DIRECTOR** (*Buter v. City of Norman*, 992 F. 2d 1053, 1055 (10th Cir. 1993) — and again, **42 U.S.C. § 1983** authorizes *PRO SE's* claims against **GARCIA** in his **individual capacity** for **MAXIMUM** COLLATERAL SOURCE RULE — **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary)*;* **42 U.S.C. § 1985(2)(3); 18 U.S.C. § 242**; remedial sanction constraints including appointment of special counsel to prosecute all criminal contempt, **BOTH IMPRISONMENT AND FINES**, involuntary immediate emergency suspension (unpaid), **ARMED FEDERAL** escort out of the **GOVERNORS OFFICE** by three men, termination, and permanent injunction restraining; and any other proper redress proceedings (**JURY FOR ALL ISSUES SO TRIABLE**) and remedies securing **RELIEF RIGHTS**; revoke and expunge **ALL UNCONST. ORDERS** of GUILTY AND LIABLE DEFENDANT #13 — **GARCIA** .



**DEFENDANT 14:   GOVERNOR JARED POLIS AND THE STATE OF COLORADO**
Polis publicly prides being a gay (**homosexual**), white (**race**), male (**sex**), billionaire, domiciled in "**2017**" declared "SANCTUARY CITY" (<u>Boulder</u>) — whom **President Donald TRUMP** has **PUBLICLY** criticized as "**a Democrat liberal, coward , fraud, Bad Guy…**" and under the color of U.S. and greater state constitutions, federal, and state laws, whose personal participation, control, direction, or failure to supervise as **THE STATE OF COLORADO** (*EMPH.*) Governor (**Buter v. City of Norman**, 992 F. 2d 1053, 1055 (10th Cir. 1993) —— **THOSE WHOM HE APPOINTED HEREIN — DEFENDANTS** #13, #21, #22, #23, **#33, #34,** #35, #36, #45 —— **AND COLO. Commission on Judicial Discipline** —— which received *PRO SE* COMPLAINTS **against** herein **DEFENDANTS #16, #33, #34,** #19 —— who have **WILLFUL AND WONTLY** waged "<u>**WAR**</u>"[1] against **OATH and U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25)**; **criminally 18 U.S.C. § 241** against *PRO SE* **ICWA CHILD (MIG) AND POSSIBLE ICWA CHILDREN'S (AM, KM, NM…)** — **AND GOVERNOR POLIS FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —<u>**28 U.S.C. §1343(a)(1)(2)**</u> (emphasis).. Named **DEFENDANT #49** *IN MRG V. TOUSSAINT ET AL.,* 1:<u>23</u>-CV-00529-GPG-KLM-STV-<u>LTB</u> ——**AND HEREIN NOW DEFENDANT #14** —— **THE STATE OF COLORADO** —— GOVERNOR JARED POLIS.
    **JOINTLY AND SEVERALLY LIABLE** ———— **ALL** <u>**MAXIMUM COLLATERAL SOURCE RULE**</u> **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".

---

[1] *Cooper v. Arron*, 358 <u>U.S.</u> 1,78 S. CT. 1401 (1958)



Justice Brian D. Boatright

**DEFENDANT 15:** **BRIAN DALE BOATRIGHT #17731** — white (**race**), male (**sex**), **Republican appointed**, at all times relevant, Chief Justice of ALL WHITE (**color**) COLORADO SUPREME COURT— whose personal participation pursuant **C.R.S. § 13-3-111, C.R.S. § 24-51-1105; AND ART. VI, §5(3) OF THE COLORADO CONSTITUTION AND COLO. CHIEF JUSTICE DIRECTIVE 95-03** —— had authority to ask **DEFENDANT #16 (MULLINS #6659)** —— to preside at **WILLFUL AND WONTLY UNCONSTITUTIONAL OCTOBER 1, 2021** (*EMPH.*) Denver District Court Case No. 21DR45 **CONTESTED** (*EMPH.*) hearing —— **WITHOUT** (*EMPH.*) **PRO SE's** (*EMPH.*) **REQUIRED** (*EMPH.*) **CONSENT** (*EMPH.*) —— which *PRO SE* captured pursuant <u>**C.R.S §18-9-304**</u> (*EMPH.*) —— parallel **OCTOBER 12, 2021** (*EMPH.*) **Petition for Writ of Certiorari,** *PRO SE v. Wyoma Yorka Martinez-Johnson,* Case No. 21<u>SC</u>747, against **DEFENDANTS #38,#64, #30,** control, direction, or failure to supervise (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) **HIS APPOINTED** —— WHITE (**color**) "***CHIEFS***"— **DEFENDANTS' #27, #26** — and two (2) county court and two (2) district court judges to serve on **COLO. CJDC** —— which received *PRO SE's* Complaints —— **against his appointed herein above** <u>**ABSOLUTE**</u> (EMPH) *Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* <u>(EMPH)</u>, 403 P. 2D 442 (1965); **C.R.S. § 13-3-111; C.R.C.P. § 122; § 14-10-122; § 24-51-1105; ART. VI, § 5 (3) OF COLO. CONST., COLO. C. J. DIRECT 95-03; C.R.C.P. 122** —— **DEFENDANT #16 MULLINS #6659** —— **AND COMPLAINTS AGAINST DEFENDANTS #33, #34, #19** — who **WILLFUL AND WONTLY WAGED "WAR"**[2] against **OATH AND U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); criminally 18 U.S.C. § 241** against *PRO SE* **BLACK ICWA child** (<u>**MIG**</u>) **and possible BLACK ICWA CHILDREN (AM, KM, NM…)** —— and **FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— <u>**28 U.S.C. §1343(a)(1)(2)**</u> (emphasis). At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** —— **ALL** <u>**MAXIMUM**</u> **COLLATERAL** <u>**SOURCE RULE**</u> **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".

---

[2] ***Cooper v. Arron***, 358 <u>U.S.</u> 1,78 S. CT. 1401 (1958)



**DEFENDANT 16:    RONALD M. MULLINS #6659** — State Court Administrator's Office: Senior Judge Program— Sr. **RETIRED** (emphasis) Judge, whose term of office **EXPIRED** (emphasis) **JULY 1, 2016,** that was/is **appointed by Colorado Supreme Court Chief Justice Brian D. BOATRIGHT (Defendant #15)** who **October 1, 2021** (EMPH) willful and wontly waged "WAR"[3] against **OATH** and **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS; C.J.C 2 ; C.J.C 3A; CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); criminally 18 U.S.C. § 241; AND ABSOLUTE** (emphasis) *OLMSTEAD V. DISTRICT COURT OF SECOND JUDICIAL DIST.* (EMPHASIS), **403 P. 2D 442 (1965)** against *PRO SE* ICWA child (MIG) — **AND FURTHER** *IN VIOLATION* authored and signed **DECEMBER 16, 2021 Court's Order Re: Petitioner's Motion for Modification of Child (MIG) Support FINAL ORDERS (6 pgs.)** —— GRANTED DEFENDANT # 42: **J. MATTHEW DE PETRO's (#12770)** *NON* (EMPH**.) C.R.C.P. 121 § 1 -15(8)** (emphasis) **CONSENTED** (emphasis) **C.R.C.P. 59 MOTION JANUARY 8, 2021** —— **AND SAME DAY**(emphasis) **DENYING** (emphasis) **PLAINTIFF'S C.R.C.P. 97** (emphasis) **CHANGE OF JUDGE MOTION** (emphasis) —— **AND JANUARY 31, ORDER** —— **TO INJURE AND DEPRIVE** *PRO SE* **ICWA BENEFICIARY CHILD** (MIG). 42 U.S.C. § 1985(2)(3), 42 U.S.C. § 1983, **TITLE VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d** *et seq.* **liable.**

   **SEPTEMBER 5, 2023** —— *PRO SE* **FILED COLORADO COMMISSION ON JUDICIAL DISCIPLINE ("CJDC") REQUEST FOR EVALUATION OF JUDICIAL CONDUCT AGAINST** —— **MULLINS #6659.** *Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB):** *ADD #47.* At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws within DENVER DISTRICT (*EMPH.*) judiciary entity of the State of Colorado, who personally participated in **Case No. 21DR45** which lead to **Appeals 2022CA336,** 2022CA999, 22CA2179… **JOINTLY AND SEVERALLY LIABLE** —— **ALL MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "E. REQUEST FOR RELIEF".

---

[3] *Cooper v. Arron,* 358 U.S. 1,78 S. CT. 1401 (1958)



**DEFENDANT 17:    GILBERT M. ROMÁN #17033** — "**first** Latino" (ethnicity), **male** (sex), Chief Judge of Colorado Court of Appeals, whose personal participation (Urgent C.J. Attention: **November 14, 2023,  22CA1542** Motion, p #7 with Notarized Affidavit AND **SECOND** (EMPH) February 28, 2024, Change of Judge(s) **C.R.C.P. 97** Motion), control, direction, or failure to supervise (*Buter v. City of Norman*, 992 F. 2d 1053, 1055 (10th Cir. 1993) Defendants #18, #19, #20, #21, #22 herein. **DEPRIVATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS', CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS** — **OCTOBER 3, 2024**, Ordered dismissal **FEBRUARY 13, 2020** (EMPH), timely filed notice of appeal pursuant to section **C.R.S. § 8-74-107(2)(2017)** for Case No. **2020CA286** (*PRO SE v. Industrial Claim Appeals Office and C & C DEN City Agencies Under the Mayor*) AND *Allison v. ICAO of the State of Colorado*, 884 P.2d 1113 (1994) (filed in **2024CA1688** at **ATTACHMENT #2) AND WITHOUT DUE PROCESS REQUIRED** (*EMPH.*) — "**NOTICE CONCERNING ISSUANCE OF THE MANDATE AND NOTICE TO SELF-REPRESENTED PARTIES**" — **MANDATED NOVEMBER 12, 2024.** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.  **JOINTLY AND SEVERALLY LIABLE** —— **ALL** **MAXIMUM** **COLLATERAL SOURCE RULE** COMPENSATORY **DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 18:    JERRY JONES #16049** — White (**race**), male (**sex**), appointed by former **Republican (political party) Colorado Governor Bill Owens July 5, 2006** —— who **willful and wontly** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25);  AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— personally participated as Colorado Court of Appeals **DIVISION MEMBER JUDGE** —— March 5, 2020 **PRETEXT** (emphasis) Opinion Judgment Affirmed In Part, *Vacated In Part*, and Orders Affirmed disposition remittitur of her timely direct appeal *In re Marriage of Ennis, Jr. I*, **19CA1044** — Mandated May 3, 2020 ——which **CONTINUED** unconscionable harms and irreparable injuries realleged in *MRG V. TOUSSAINT ET AL.*, 1:23-CV-00529-GPG-KLM-STV-LTB —— **wherein he was/is DEFENDANT #9** ——**AND HEREIN NOW DEFENDANT #18.** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE —ALL MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "E. REQUEST FOR RELIEF".



**DEFENDANT 19:    ELIZABETH LEIGH HARRIS #29556** — white (**race**), female (**sex**), blonde and blue eyed (**hair and eye color**), appointed by former Democrat (**political party**) **Colorado Governor John Hickenlooper July 1, 2015** —— who personally participated as Colorado Court of Appeals Judge —— who *omnibus* **willful and wontly** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); C.J.C 2; AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) ——
**FURTHER** (EMPH)  MANIFESTING INJUSTICE —— AFFIRMATIVELY CONTRARY RIGHTS PRESERVED WITHIN *PRO SE's* timely filed **JUNE 7, 2019** NOTICE OF APPEAL AND **SEPTEMBER 23, 2019** (emphasis) Opening Brief (56 pgs) — **AUTHORED** (*EMPH.*) March 5, 2020 **PRETEXT** (emphasis) Opinion Judgment Affirmed In Part, *Vacated In Part*, and Orders Affirmed disposition remittitur of her timely direct appeal *In re Marriage of Ennis, Jr. I*, **19CA1044** — Mandated May 3, 2020 —— **CONTINUING** unconscionable harms and irreparable injuries realleged in *MRG V. TOUSSAINT ET AL.*, 1:**23**-CV-00529-GPG-KLM-STV-**LTB** —— wherein she was/is named **DEFENDANT #8** ——**AND FURTHER** (EMPH) —— *IN* **WILLFUL AND WANTONLY DISCRIMINATIVE RETALIATION DEPRIVATION** —— **DESPITE** —— **NOVEMBER 14, 2023,** *PRO SE v. City and County of Denver, et al.,* **Appeal No. 2022CA1542** —— **AGAINST THE CITY AND COUNTY OF DENVER** —— Urgent DEFENDANT #17 C.J. Attention: Motion, p #7 with Notarized Affidavit; AND **SECOND** (EMPH) **FEBRUARY 28, 2024**, Change of Judge(s) **C.R.C.P. 97** Motions —— AND **FEBRUARY 21, 2024** —— *PRO SE* **FILED COLORADO COMMISSION ON JUDICIAL DISCIPLINE ("CJDC") REQUEST FOR EVALUATION OF JUDICIAL CONDUCT AGAINST HARRIS #29556** —— AND *AB INITIO* undermining proceedings fairness *omnibus* willful and wantonly violating the law, "bent of mind", impermissibly bias,  **DIRECTLY INTRICATELY INTERTWINED** within herein attached **Exhibit #1: FEBRUARY 7, 2024, 2022CA1542:** THIRD AMENDED **OPENING BRIEF** (57 pg.) *Id..* at ISSUE #3, pp #43-45 —— **NEVER** *sua sponte* **28 U.S.C. § 455 or THE BROADEST BASES FOR RECUSAL C.J.C. 2.11(A)** —— **FURTHER BRINGING JUDICIARY INTO DISREPUTE PREJUDICAL TO ADMINISTRATION OF JUSTICE**

—— **WILLFUL AND WONTLY** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION of U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— personally participated as **DENVER DISTRICT COURT** (*EMPH.)* **LIAISON** Colorado Court of Appeals **AUTHORING** (*EMPH.)* Judge —— AGAIN *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION of U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— *IN* **WILLFUL AND WANTONLY DISCRIMINATIVE RETALIATION DEPRIVATION** *PRO SE* due process 'full and fair opportunity' [4] to litigate **DISCRIMINATION, MARITAL ("LOSS OF CONSORTIUM"** [5]**) AND SEX (PREGNANCY, CHILD) DISCRIMINATION, RETALIATION, WHISTLEBLOWING, CONSTITUTIONAL CLAIMS** — abusive of discretion, **NOT** first ruling on **2022CA1542 November 24, 2024 MOTION FOR CHANGE OF JUDGE** (EMPH) with Supportive Notarized Affidavit erroneously **NOT** pursuant to C.R.C.P. 97 —— **AND** C.R.C.P. 41(b)(2)(involuntary dismissal: effect thereof by the court) and C.R.C.P. 121, § 1-10 —— **AND** "It is error to deny relief where dismissal erroneously ordered on court's own motion. Where court on own motion dismissed action for failure to prosecute without complying with notice requirements of C.R.C.P. 41(b) and C.R.C.P. 121, § 1-10 (2), erroneous dismissal constituted sufficient reason to justify relief. *Maxwell v. W.K.A. INC.,* 728 P2d — **HEREIN NOW DEFENDANT #19 — AUTHORED** (*EMPH.)* "**Dismissed with prejudice January 24, 2024**" —— herein attached *Id.* at **Exhibit #1**, pp #4-6 —— of *PRO SE v. City and County of Denver, et al.,* Appeal No. 2022CA1542 .

**DEFENDANT #19 ELIZABETH LEIGH HARRIS #29556** —— **JOINTLY AND SEVERALLY LIABLE** — for remedies of **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) [**C.R.S.** § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences]; 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant #41 — BOTH IMPRISONMENT AND FINES**, termination, **DEBARMENT**, and permanent injunction restraining. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.



**DEFENDANT 20:    LINO S. LIPINSKY DE ORLOV #13339** —— White (**race**), male (**sex**), **appointed by former Democrat (political party) Colorado Governor John**

---

[4] *Johnson v. Spencer,* 950 F. 3d 680, 693 (10th Cir. 2020) (quoting *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.,* 847 F. 3d 1221, 1239 (10th Cir. 2017)
[5] Constitutes an injury under **CGIA** and gives rise to separate and individual right of recovery on behalf of the spouse claiming loss of consortium. *Smith v. Winter,* 934 P.2d 885 (Colo. App. 1997).

**Hickenlooper September 4, 2018** —— who personally participated as Colorado Court of Appeals **DIVISION MEMBER JUDGE** —— **willful and wontly** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **NEVER** pursuant C.R.C.P. 41(b)(2)(involuntary dismissal: effect thereof by the court) and C.R.C.P. 121, § 1-10 —— **AND** "It is error to deny relief where dismissal erroneously ordered on court's own motion. Where court on own motion dismissed action for failure to prosecute without complying with notice requirements of C.R.C.P. 41(b) and C.R.C.P. 121, § 1-10 (2), erroneous dismissal constituted sufficient reason to justify relief. ***Maxwell v. W.K.A. INC.,*** 728 P2d — "**Dismissed with prejudice January 24, 2024**" —— herein attached *Id.* at **Exhibit #1**, pp #4-6 —— of *PRO SE v. City and County of Denver, et al.,* **Appeal No. 2022CA1542** .At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** —— ALL <u>MAXIMUM</u> **IMPRISONMENT AND FINES, AND ALL <u>COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 21: JACLYN CASEY BROWN #36768**— was/is a white (**race**), female (**sex**), **appointed by Democratic (political party) Governor Jared Polis** (Defendant #14) May 31, 2019 —— *"CO-CHAIR OF THE COURT'S INCLUSIVITY, DIVERSITY, EQUITY & ANTI-RACISM COMMITTEE"* ———— who **willful and wontly** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109)—— personally participated as Colorado Court of Appeals **DIVISION MEMBER JUDGE** —— March 5, 2020 **PRETEXT** (emphasis) Opinion Judgment Affirmed In Part, *Vacated In Part,* and Orders Affirmed disposition remittitur of her timely direct appeal *In re Marriage of Ennis, Jr. I,* **19CA1044** — Mandated May 3, 2020 —— which **CONTINUED** unconscionable harms and irreparable injuries realleged in *MRG V. TOUSSAINT ET AL.,* 1:<u>23</u>-CV-00529-GPG-KLM-STV-<u>LTB</u> — **wherein she was/is DEFENDANT #10** ——**AND HEREIN NOW DEFENDANT #21.** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** —— ALL <u>MAXIMUM</u> **IMPRISONMENT AND FINES, AND ALL <u>COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 22:** **KATHARINE LUM #45716** — white (**race**), female (**sex**), **appointed by Democratic (political party) Governor Jared Polis** (Defendant #14) September 15, 202 —— **DESPITE** —— **NOVEMBER 14, 2023,** *PRO SE v. City and County of Denver, et al.,* **Appeal No. 2022CA1542** ——— Urgent DEFENDANT #17 C.J. Attention: C.R.C.P. 97 **Change of Judge(s)** Motion, p #7 with Notarized Affidavit; AND **SECOND** (EMPH) **FEBRUARY 28, 2024, Change of Judge(s) C.R.C.P. 97** Motion with Notarized Affidavit —— *AB INITIO* undermining proceedings fairness *omnibus* willful and wantonly violating the law, "bent of mind", impermissibly bias —— **NEVER** *sua sponte* **28 U.S.C. § 455 or** **THE BROADEST BASES FOR RECUSAL** C.J.C. 2.11(A) —— **FURTHER BRINGING JUDICIARY INTO DISREPUTE PREJUDICAL TO ADMINISTRATION OF JUSTICE** —— **WILLFUL AND WONTLY** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109)—— personally participated as Colorado Court of Appeals **DIVISION MEMBER JUDGE** —— **AND FURTHER NEVER** pursuant C.R.C.P. 41(b)(2)(involuntary dismissal: effect thereof by the court) and C.R.C.P. 121, § 1-10 —— **AND** "It is error to deny relief where dismissal erroneously ordered on court's own motion. Where court on own motion dismissed action for failure to prosecute without complying with notice requirements of C.R.C.P. 41(b) and C.R.C.P. 121, § 1-10 (2), erroneous dismissal constituted sufficient reason to justify relief. *Maxwell v. W.K.A. INC.,* 728 P2d —— "**Dismissed with prejudice January 24, 2024**" —— herein attached *Id.* at **Exhibit #1,** pp #4-6 —— of *PRO SE v. City and County of Denver, et al.,* **Appeal No. 2022CA1542** .At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** — — **ALL** **MAXIMUM** **IMPRISONMENT AND FINES, AND ALL** **COLLATERAL SOURCE RULE** **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 23**:   **PHILIP WEISER #38314** — white (**race**), male (**sex**), **39ᵗʰ** COLORADO ATTORNEY GENERAL — **CHARGED** (*EMPH*) with enforcing the **CONSTITUTIONAL LAWS OF THE STATE OF COLORADO** — for offenses committed within (*EMPH*) the **STATE OF COLORADO** (*EMPH*) —— by and through the prosecution of charges alleging violations of **GREATER COLORADO CONSTITUTION** —— "serving as the " 'People's Lawyer,' advancing the rule of law, protecting our democracy, and promoting justice for all" —— **BUT-FOR** —— **WILLFUL AND WONTLY** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109)—— **FAILED** (emphasis) to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2).** *EMPH.*

   *Ibid.* **WEISER #38314,** personally participated with herein all WHITE (race) DEFENDANTS #14 (**POLIS**), #37 (**MCCANN #5834**), **#60 (SMITH #29514), #61 (WOLF #31585)**, #62 (**PACKER #33116**) —— as **LOOSER COLORADO ATTORNEY GENERAL** *Peck v. State of Colorado, et al.*, 19-CV-03450-RBJ-**MEH** / *Peck v. McCann, et al.* [10932361] **DEFENDANT-APPELLEE.** *EMPH.*

   **OCTOBER 10, 2022 (***EMPH.***)** — *ET UX OBLIGEE PRO SE* Plaintiff filed and **SATISFIED DUTY TO GIVE IMMEDIATE NOTICE: GOVERNMENT INTERVENTION IN CHALLENGE TO CONSTITUTIONALITY OF LAW 28 U.S.C. § 2403; FED. R. APP. P. 44** — *and* for Colorado Court of Appeals Clerk, **Pauline ("POLLY") Brock #21777**, to certify such facts to the ATTORNEY GENERAL OF THE UNITED STATES **AND** THE APPROPRIATE STATE OF COLORADO. *EMPH.*

   **FURTHER** —— **October 27, 2022** — AND— **November 4, 2022** — *PRO SE* Plaintiff filed online Complaints with **COLORADO ATTORNEY GENERAL PHILIP WEISER #38314.**

**FURTHER** —— <u>**NOVEMBER 24, 2023,**</u> —— *PRO SE* Plaintiff filed **28 U.S.C. § 2403 Fed. R. APP. P. 44 NOTICE** in Colorado Court of Appeals and **mailed certified** to COLORADO ATTORNEY GENERAL (**DEFENDANT 23: PHILIP WEISER #38314** ) AND **AGAIN mailed certified 28 U.S.C. § 2403 Fed. R. APP. P. 44 NOTICE** with **FEBRUARY 7, 2024, 2022CA1542: THIRD AMENDED OPENING BRIEF** (57 pg.) **WITH C.A.R. 28 (e) ADDENDA USB.** *Id.* at **FACT #34(a)(b) .**

*Ibid.* **WEISER #38314,** personally participated with/for Case No. **2020CA286,** *PRO SE v. Industrial Claim Appeals Office and C & C DEN City Agencies Under the Mayor* — **FEBRUARY 13, 2020** *(EMPH),* TIMELY FILED NOTICE OF APPEAL ("NOA") of ICAO Appeal Docket #1342-2019 — ABUSE OF DISCRETION by DEFENDANTS #58, #24, #25, #19, #20, #22, #17— *IN* **FURTHER WILLFUL AND WONTON CRIMINAL VIOLATION** of **C.R.S. § 8-43-308** *"SHALL ALWAYS BE DEEMED OPEN FOR THE DETERMINATION THEREOF*; C.R.S. § 8-74-107(2)(2017); C.R.S. § 24-4-106(7)(b)(IX)(b) AND *Allison v. ICAO of the State of Colorado,* 884 P.2d 1113 (1994).

PERSON Representing Others' § Self Equality—— at all times relevant, ——*PRO SE (EMPH.)* Plaintiff was/is a ——**PERSON** *(EMPH.)* —— **REPRESENTING BLACK ICWA CHILDREN OF** <u>**COLOR**</u>ADO —— **WHEREAS DEFENDANT #23 PHILIP WEISER #38314** —— ON ITS FACE —— **ONLY DEFENDS** WHITE **(race) WRONGDOERS** AND "WHITEWASHED AGENCIES" (*JURINSKY* v. CDHS *et al.,* 22-CV-02201-<u>**MEH-PAB**</u>)*(EMPH.)* —— trampling the rule of law, harming our **REPUBLIC for which it stands** and **DEMOCRACY**—— **NEVER** "promoting justice for all."

**JOINTLY AND SEVERALLY LIABLE** — for remedies of <u>**MAXIMUM**</u> **COLLATERAL SOURCE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) [<u>**C.R.S.**</u> § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) **for all occurrences];** 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant #23** — **BOTH IMPRISONMENT AND FINES,** termination,<u>**DEBARMENT,**</u> and permanent injunction restraining. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.



**DEFENDANTS 24: JOHN A. STENINGER #9331**— white **(race)**, male **(sex)**, who personally participated in *PRO SE'S* Appeal Brief Supporting **REVERSAL of OCTOBER 23, 2019** *(EMPH.)* white **(race)**, female **(sex)** Colorado Department of Labor and Employment ("CDLE") Administrative Law Judge ("ALJ") **DEFENDANT 58: JULIA B. REIKE #36206** (<u>**INACTIVE**</u>) *(EMPHASIS)* Decision Docket No. 34484-2019 AND FIVE (5) Accompanying Exhibits —— *IN* **FURTHER WILLFUL AND WONTON VERTICAL AND**

**HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **AUTHORED** (*EMPH.*) **ICAO JANUARY 24, 2020, FINAL ORDER [***Id.*** herein at FACT #34 (b), and <u>EXHIBIT # 1—1 (USB)</u>: FOLIO SEALED: ADD, # 35, pp # 2416-2427] —— AFFIRMATIVELY CONTRARY, PRESERVED, AND REAGUED**—— PUBLIC (*EMPH*) — ***PRO SE'S*** **FEBRUARY 7, 2024, Case No. 2022CA1542: THIRD AMENDED OPENING BRIEF, "ISSUE 8 — IBID. UNEMPLOYMENT BENEFITS?",** at pp # 61-64. *Id.* herein at FACTS **# 34(a)(b)** —— specifically **C.R.S. § 24-34-401; § 8-73-108(4)(d)(h)(o); Colo. Code, Title VIII, ART 73, §8-73-108(5)(e)(XX).** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE —— ALL <u>MAXIMUM COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".**

**DEFENDANT 25:   LISA A. KLEIN #35012** — white (**race**), female (**sex**), with over **16 YEARS CDLE** experience, personally participated with **Defendant #24 STENINGER #9331,** in ***PRO SE's*** Appeal Brief Supporting **REVERSAL** of **OCTOBER 23, 2019** (*EMPH.*) white (**race**), female (**sex**) Colorado Department of Labor and Employment ("**CDLE**") Administrative Law Judge ("**ALJ**") **DEFENDANT 58: JULIA B. REIKE #36206 (<u>INACTIVE</u>)** (*EMPHASIS*) Decision Docket No. 34484-2019 AND FIVE (5) Accompanying Exhibits —— *IN* FURTHER **WILLFUL AND WONTON VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **AUTHORED** (*EMPH.*) **ICAO JANUARY 24, 2020, FINAL ORDER [***Id.*** herein at FACT #34 (b), and <u>EXHIBIT # 1—1 (USB)</u>: FOLIO SEALED: ADD, # 35, pp # 2416-2427] —— AFFIRMATIVELY CONTRARY, PRESERVED, AND REAGUED**—— PUBLIC (*EMPH*) — ***PRO SE'S*** **FEBRUARY 7, 2024, Case No. 2022CA1542: THIRD AMENDED OPENING BRIEF, "ISSUE 8 — IBID. UNEMPLOYMENT BENEFITS?",** at pp # 61-64. *Id.* herein at FACTS **# 34(a)(b)** —— specifically **C.R.S. § 24-34-401; § 8-73-108(4)(d)(h)(o); Colo. Code, Title VIII, ART 73, §8-73-108(5)(e)(XX).** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE —— ALL <u>MAXIMUM COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".**



**DEFENDANT 26:    CHRISTOPHER J. BAUMANN #33253** — white **(race)**, male **(sex)** **appointed by ALL** WHITE **(color) Colorado Supreme Court's** — white **(race)**, male **(sex)** Chief Justice Brian D. Boatright **(Defendant #15)** ——— who acted/acts as the Chief Judge of the Second **(DENVER COUNTY)** Judicial District Court, a judiciary entity of the State of Colorado, whose personal participation, control, direction, or failure to supervise *[Butler v. City of Norman,* 992 F. 2d 1053, 1055 (10th Cir. 1993)] **DEFENDANTS # 16 (MULLINS #6659), # 31 (VALLEJOS #21028),  # 33 (DORANCY #32067), #35 (TRUJILLO #34130), #36 (SCOVILLE #31182) # 40 (HÜBLER #30661)** —— **AND** pursuant to **C.R.S. §13-3-111 AND C.R.C.P. §122** — had authority of appointing **DEFENDANT # 16 (MULLINS #6659)** —— **AND WILLFUL AND WONTLY** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— *IN* **42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS** —— **FAILED** (emphasis) to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)***(EMPH)* —— **WHEN** —— *ET UX OBLIGEE PRO SE* Plaintiff filed **DECEMBER 9, 2022** —— **Notarized Affidavit** *"URGENT ATTN: CHIEF JUDGE CHRISTOPHER J. BAUMANN COLO. RPC 8.3 REPORTING PROFESSIONAL MISCONDUCT 28 U.S.C. §455, C.J.C. 2.11(A), 42 U.S.C. § 1983, C.R.C.P. 97 (EMPHASIS)...”* **MOTION”** **COVER CAPTION** to his immediate attention —— **AND CONTINUING UNCONSCIONABLE HARMS AND IRREPARABLE INJURIES** realleged in *MRG V. TOUSSAINT ET AL.,* 1:**23**-CV-00529-GPG-KLM-STV-LTB —— wherein he was/is named **DEFENDANT #20** —— **FUTHER** —— **SEPTEMBER 13, 2022** —— **DEFENDANT # 26: BAUMANN # 33253** —— **DENIED** —— *ET UX OBLIGEE PRO SE* Plaintiff's —— *IN FORMA PAUPERIS* **APPLICATION** —— for Case No. **20CV405** *(PRO SE  v. City & County of Denver, et al.)* —— which *PRO SE* **detrimentally learned** *AFTER* filing —— **REQUEST TO FILE** *IN FORMA PAUPERIS EX PARTE RESPONSE* —— to **NOVEMBER 18, 2022** Order of Colorado Court of **Appeals Case No. 22CA336** *(Marriage of Ennis, Jr. II. )* —— **FUTHER** —— **DEFENDANT # 26: BAUMANN ##33253** —— **DENIED** —— *PRO SE'S IN FORMA PAUPERIS* APPLICATION —— for **Appeal Nos. 22CA1542** *(PRO SE v. City and County of Denver et al.)* **AND** *(EMPH.)* **22CA336** *(Marriage of Ennis, Jr. II.)* —— **DECEMBER 16, 2022**.

**AFFIRMATIVELY CONTRARY, PRESERVED, AND REAGUED** —— PUBLIC

*(EMPH)* — ***PRO SE'S*** **FEBRUARY 7, 2024, Case No. 2022CA1542: THIRD AMENDED OPENING BRIEF, "ISSUE 4 — IBID", at pp # 45-47,** *Id.* herein at **FACTS # 34(a)(b)** —— **DEFENDANT # 26: BAUMANN # 33253** —— **<u>CLOSED</u>** *(EMPH.)* **EQUAL** *(EMPH.)* **ACCESS TO STATE COURTS** *(EMPH.)* **AND TO PROCEED** *IN FORMA PAUPERIS.* *EMPH.* At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

    **JOINTLY AND SEVERALLY LIABLE** — for remedies of **<u>MAXIMUM</u> COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) **[C.<u>R.S.</u> § 24-4-106** *et seq.***; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences]; 42 U.S.C. § 1983,** remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant # 26 — BOTH IMPRISONMENT AND FINES,** termination, **<u>DEBARMENT</u>,** and permanent injunction restraining.



**DEFENDANT 27:    MICHELLE ANN AMICO #23079** — white **(race)**, female **(sex)** **appointed by ALL** WHITE **(color) Colorado Supreme Court's** — white **(race)**, male **(sex)** Chief Justice Brian D. Boatright **(Defendant #15)** —— who acted/acts as the Chief Judge of the Eighteenth **(ARAPAHOE COUNTY)** Judicial District Court, a judiciary entity of the State of Colorado, whose personal participation, control, direction, or failure to supervise **[***Butler v. City of Norman,*** 992 F. 2d 1053, 1055 (10th Cir. 1993)]: FORMER** *(EMPH.)* **APRIL 19, 2021** *"agreed resignation"* of **"<u>N</u>"** (racist) word using white **(race)** female (sex) **JUDGE NATALIE CHASE** —— AND **AUGUST 3, 2022,** Colorado Commission on Judicial Discipline **("CJDC") SUSPENDED NOW FORMER** *(EMPH.)* **white** (race), **male** (sex) **JUDGE JOHN E. SCIPIONE** —— **AND HEREIN DEFENDANTS # 28** (PRATT #12903); **# 29** (WEISHAUPL #19031)**; # 30** (VOLZ #26430)**; # 32** (MARES #19379)**; # 34** (TOUSSAINT #41379)**; # 38** (JANSKI #9150) **(INACTIVE)***(EMPH.)***; # 39** (APOSTOLI #34432); and **# 43** (ECHO DAWN RYAN #38699) —— **AND WILLFUL AND WONTLY** *IN* **VERTICAL AND HORIZONTAL STARE DECISIS** VIOLATION of U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **AND 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS** —— **FAILED** *(EMPH.)* to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which she had

knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)**(*EMPH*) —
— **CONTINUING** unconscionable harms and irreparable injuries realleged in ***MRG V.
TOUSSAINT ET AL.,*** 1:<u>23</u>-CV-00529-GPG-KLM-STV-<u>LTB</u>, at CLAIM ONE:  _*42*
**U.S.C. § 1983: CIVIL ACTION FOR DEPRIVATION OF RIGHTS ——SUPPORTING
FACTS ##110-129** ——wherein she was/is named **DEFENDANT # 11** —— **FUTHER** ——
personally participates in parallel **LANGUISHED** *In Re Estate of -- PRO SE's* **FATHER--**
Arapahoe County District Court **Case No. 20PR30920** —— **WHEREIN SHE DELAYS AND
DEPRIVES** *PRO SE's* **AVAILABLE CONSTITUTIONAL RIGHTS (FAIR
SUPVERSION, DISCOVERY, TRIAL),** <u>PROBATE</u> (*EMPH*) **OF HER PARENTS'/
BLACK ICWA HEIRS' PROPERTY** (emphasis)  Lot #491, Unit 4, Filing 26, three acres —
"<u>INDIAN</u> (*EMPH*.) Mountain Subdivision, Park County, Colorado" **RELIEF RIGHTS** —
pursuant *Haaland v. Brackeen,* 599 U.S.___(2023); Colorado Probate Code §15-10-101 *et seq.;*
C.R.S. 15-12-204 *et seq.*, C.R.P.P. 21 —— **WHEN JULY 2021** (*EMPH*.) **was the last hearing**
which **DEFENDANT # 27 AMICO #23079**  participated —— and she continues to purposely
purport and pretend to act in the performance of official duties — **NEVER disqualifying herself
pursuant to** <u>28 U.S.C. §455 or</u> **C.J.C. 2.11(A).**

    **JOINTLY AND SEVERALLY LIABLE** —  for remedies of <u>**MAXIMUM**</u>
**COLLATERAL SOURCE RULE** —  **COMPENSATORY DAMAGES** (punitive, pecuniary,
and non-pecuniary) [<u>**C.R.S.**</u> **§ 24-4-106** *et seq.*; **§ 24-10-109; § 24-10-118(2)(a); § 24-10-114
(1)(2)(3) for all occurrences]**; 42 U.S.C. § 1983, remedial sanction constraints including
prosecuting all criminal contempt claims against **Defendant #27 — BOTH IMPRISONMENT
AND FINES,** termination, <u>**DEBARMENT**</u>, and permanent injunction restraining. At all times
relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.



**DEFENDANT 28:**    **CHARLES M. PRATT #12903**  — White (race), male (sex), Coloradan,
appointed by Republican (political party) Colorado Gov. Bill Owens June 23, 2005, who
personally participated in **Arapahoe County District Court (Eighteen Judicial
District)**(*EMPH*.) **Case No. 18DR1690** and *ULTRA VIRES* decisions violated *ET UX
OBLIGEE PRO SE* and **INDEPENDENTLY BENEFICIARY CHILD'S** ("MIG") **U.S.
CONSTITUTIONAL ART VI CL II, I, V, XIV CADA C.R.S. § 24-34-401** *et seq.* (WAIVED
SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE
COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25)** RIGHTS
——WHEN —— <u>**MAY 6, 2019**</u> ——PRATT #12903 <u>DENIED</u> "FULL FAITH AND

CREDIT" of THE VIOLENCE AGAINST WOMEN ACT, 18 U.S.C. § 2265(b)(2) RIGHTS —— AFTER *ET UX OBLIGEE PRO SE* filed Victim Impact Statement for **Arapahoe County District Court Criminal Case NO.19M1008, <u>April 24, 2019</u>** — wherein *ET UX* was charged by **THE PEOPLE OF COLORADO** (emphasis) for domestic violence (violation protection order, harassment- strike/shove/ kick) injuries that occurred unto *ET UX OBLIGEE PRO SE* inside and outside **Arapahoe County District Court (Eighteen Judicial District)**(*EMPH.*) **POST UNCONSTITUTIONAL ART VI CL II** January 22, 2019 Contested (*EMPH.*) Default Permanent Orders Hearing which herein **ASSIGNED DEFENDANT #34 (TOUSSAINT #41379)** ordered — **VERY SAME DAY OF** *PRO SE* **BEING WRONGFULLY TERMINATED FROM CITY AND COUNTY OF DENVER DECEMBER 7, 2018** (*EMPH*)— **BUT-FOR ASSIGNED DEFENDANT #34 (TOUSSAINT #41379)** — **WHO OWED DUTY TO SIT ON ASSIGNED CASE NO. 18DR1690—** pursuant to **U.S. CONSTITUTIONAL ART VI CL II** , *People* **v.** *Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001) AND **COLO.** CODE JUD. COND. 48 C.J.C. Judges § 47 Rule 2.7 ("Responsibility to Decide A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law") —— **FAILED TO: (1) APPEAR; (2) PROVIDE REQUIRED NOTICE TO** *PRO SE* **PARTIES AND DEFENDANTS #47, #48, #49; (3) TO** <u>**GIVE REQUIRED**</u> (emphasis) **NOTICE OF MAGISTRATE REASSIGNMENT** to *PRO SE* **PARTIES** AND DEFENDANTS #47, #48, #49 FOR PARTIES (*EMPH*) TO CONSENT (*EMPH*); or **(4)** *sua sponte* **28 U.S.C. § 455 RECUSAL** —— **ONLY FOR OMNIBUS BIAS BENT OF MIND** WHITE **(RACE), FEMALE (SEX) DEFENDANT #41** RYAN **#38699** —— OVER *ET UX OBLIGEE PRO SE* OBJECTIONS ON RECORD — FURTHER *IN VIOLATION OF* U.S. CONSTITUTIONAL ART VI CL II AND C.R.S. §14-10-123.6(2): [REQUIRED notice of prior restraining orders to prevent domestic abuse-proceedings concerning parental responsibilities relating to child (MIG)] — **WITH AN** *OMNIBUS* CONSCIOUS DISREGARD OF **TITLE XV KEEPING CHILDREN AND FAMILIES SAFE ACT (AKA "KAYDEN'S LAW), CADA C.R.S. § 24-34-401** *et seq.* and **BLACK** (race) *ET UX OBLIGEE PRO SE* and **INDEPENDENTLY BENEFICIARY CHILD'S ("MIG") lives and safety** —— <u>*FURTHER*</u> DENIED *PRO* SE*'s* <u>**FEBRUARY 22, 2019**</u> motion to issue contempt citation against *ET UX* and **continued CONTESTED** Dissolution of Marriage **WITH CHILD** (MIG) Allocation of Parental Rights ("APR") Permanent Orders Hearing for February 25, 2019 (*EMPH.*) —— **willful and wontly after acknowledging** *ET UX* **NEXT DAY January 23, 2019, criminal Denver County Court case number #18GS007071 Sentencing Hearing.** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

    **JOINTLY AND SEVERALLY LIABLE** — for remedies of <u>**MAXIMUM COLLATERAL SOURCE RULE**</u> — **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) [<u>**C.R.S.**</u> **§ 24-4-106** *et seq.***; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences**]; **42 U.S.C. § 1983,** remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant #28 — BOTH IMPRISONMENT AND FINES**, termination, <u>**DEBARMENT**</u>, and permanent injunction restraining.



**Denver Journal**
of International Law and Policy

VOLUME 16    NUMBER 1

BOARD OF EDITORS
JOHN G. POWELL
Editor-in-Chief

. PAUL NEWMAN                          GREG VAN DER WEY
Editorial Editor                      Technical Editor

AMES S. COVINO                        MARK RANDALL
Administrative Editor                 Business Editor

MICHAEL LAMAIR                        DAVID W. CLARK
ALLY WILSON                           M. MARIE CROSLEY
DENISE M. HODGE                       Notes and Comments Editors
AMES O. MOESSMOND
Articles Editors                      ROBERT G. FOWLER
                                      Book Review Editor

MEMBERS
RICHARD K. BAINTER    KHOMARS HAKIMZADEH    JAY LINDY
DAVID BEST            MARK HAMBY             BRUCE MCINTOSH
DIANE COLLINS         CAROLE HARRINGTON      KELLEY WHITE
CHRISTOPHER DALEY     KAREN L. PAGE          MARY ORCUTT
J. MAURITE GUSTAFSON  LUCY HAWLEY            BRUCE PLOTKIN
STEVE HARM            SHERRI HICKEL          ELIZABETH WEISHAUPL
                      JEFF JONES

**DEFENDANT 29: ELIZABETH WEISHÄUPL #19031** —white (**race**), female (**sex**), who **PRIOR** to her appointment for over 14 years within known "**N**" word discriminative practicing Eighteenth (**Arapahoe County**) Judicial District Court —— served not only as an assistant United States attorney ("**AUSA**") for the **District of Colorado** (EMPH) —— **BUT ALSO**, in **1997** was a **FELLOW** (EMPH) Member on the Denver Journal of International Law and Policy with **CITY AND COUNTY OF DENVER DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133 (INACTIVE)** .

*Ibid.* **FAILING** to *sua sponte* 28 U.S.C. § 455 recuse herself — **VERY SAME DAY** (*EMPH*) — Colorado Court of Appeals **MANDATED** jurisdiction of parallel and in privity timely filed **2020CA286:** *PRO SE v. Industrial Claim ("ICAO") Appeals Office ("ICAO") and City and County of Denver Agencies Under the Mayor* —— back to **ICAO** —— **AUGUST 24, 2020** (*EMPH*) —— **WEISHÄUPL #19031** —— **WILLFUL AND WANTONLY** —— *IN* VIOLATION of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **DENIED** (*EMPH*) —— *PRO SE* **NON-** (*EMPH*) contested —— Colorado Rule of Civil Procedure 106(a)(4); 42 U.S.C. § 1983; Colorado APA: C.R.S. § 24-4-106 *et seq.*; AND CADA C.R.S. § 24-34-401 *et seq.* —— **Case No. 2020CV11** —— **CHANGE OF VENUE RIGHT.** *EMPH.* At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

**JOINTLY AND SEVERALLY LIABLE** — for remedies of **MAXIMUM COLLATERAL SOURCE RULE** — **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) **[C.R.S. § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences]; 42 U.S.C. § 1983,** remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant #28 — BOTH IMPRISONMENT AND FINES,** termination, **DEBARMENT**, and permanent injunction restraining.



**DEFENDANT 30: ELIZABETH BEEBE VOLZ #26430** — white (**race**), female (**sex**), who served as **DOJ** Assistant Attorney General ("**AUSA**") for the State of Maryland from 1987 – 1995 **AND THE STATE OF COLORADO** (*EMPH*) in the Special Prosecutions Unit from **1996 – 1999** (*EMPH*) — **PRIOR** to her **JANUARY OF 2011 JUDGE** appointment, by **Democrat (political party) former Governor Bill Ritter** —— within known "**N**" word discriminative practicing Eighteenth (**Arapahoe County**) Judicial District Court, who presided and personally participated in Arapahoe County District Court Appeal Case No. #2020CV150 of County Case No.19C100987 and Small Claims No. 2019S653 within the Eighteenth (Arapahoe County) Judicial District —— **WILLFUL AND WANTONLY** —— *IN* VIOLATION of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— on August 4, 2021 —— affirmed *omnibus* **willful and wantonly** violating the law, "bent of mind", impermissibly bias, WHITE (**race**), female (**sex**) DEFENDANT # **38 KATHLEEN MARIE JANSKI #9150 (INACTIVE)** Combined Case No. #19C100987/ 2019S653 UN**CONSTITUTIONAL** Judgement (emphasis) —— AND FURTHER —— September 14, 2021 —— issued Order Denying Petition for Rehearing ("PFR")—— **KNOWINGLY WITHOUT A WHOLE RECORD**(emphasis) —— *IN FURTHER* **WILLFUL AND WANTON VIOLATION** OF **COLO. CHIEF JUSTICE DEFENDANT #50 DIRECTIVE 05-03** — "An accurate record of all court proceedings is an essential requirement of due process of law and is required by Article VI and Article II, Section 25 of the Colorado Constitution." —— **AND discriminatively DENYING** *PRO SE* Plaintiff **DUE PROCESS** (emphasis) —— and requested **C.R.C.P. 411** new trial on merits of case —— by issued Order of Judgment on **September 28, 2021.** *EMPH.*

**OCTOBER 12, 2021** (*EMPH*) —— *PRO SE* filed *Writ of Certiorari* to the ALL WHITE (*EMPH.*) Colorado Supreme Court, *PRO SE v. Wyoma Yorka Martinez-Johnson*, **Case No. 21SC747** —— AND **DEFENDANT # 30: ELIZABETH BEEBE VOLZ #26430** —— is **DEFENDANT #3** in *MRG v. JANSKI*, Case No. 2021-CV-02812-GPG; *MRG v. JANSKI*, Case No. 2022-CV-03324-LTB-KLM; *MRG v. JANSKI*, Case No. 2023-CV-02344-LTB-SBP — *RES IPSA LOQUITOR.* At all times relevant, **Defendant # 30** acted under color of state law.

**JOINTLY AND SEVERALLY LIABLE** — for remedies of **MAXIMUM COLLATERAL SOURCE RULE** — **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) **[C.R.S. § 24-4-106** *et seq.***; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences];** 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant #28** — **BOTH IMPRISONMENT AND FINES**, termination, **DEBARMENT**, and permanent injunction restraining.



**DEFENDANT 31:    MICHAEL VALLEJOS #21028 — Hispanic** (ethnicity), **male** (sex), Denver County District Court Judge Michael J. Vallejos #21028 — *IN* **VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— —— **OWED DUTY TO TO SIT ON C.R.C.P. 106(a)(4), Colorado APA: C.R.S. § 24-4-106** *et seq.***; CADA C.R.S. § 24-34-401** *et seq.* **ASSIGNED CASE NO. 2020CV405** — pursuant to *People* **v.** *Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001) AND **COLO.** CODE JUD. COND. 48 C.J.C. Judges § 47 Rule 2.7 ("Responsibility to Decide A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law"). **DEFENDANT # 31 Vallejos #21028** ——— left public office **JULY 30, 2022**. *EMPH. See* **DEFENDANT 36: STEPHANIE L. SCOVILLE #31182.** *INFRA.*  At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

**JOINTLY AND SEVERALLY LIABLE** —— **ALL MAXIMUM COLLATERAL SOURCE RULE** COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 32:    CYNTHIA DIANNE MARES #19379 — female** (sex), **Hispanic** (ethnicity), who presided and personally participated in Arapahoe County District Court Appeal Case No. **18DR1690**, NOVEMBER 4, 2020 —— *IN* **VIOLATION** of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— bypasses **DEFENDANT # 27 (C.J. AMICO #23079)  RECUSAL** (emphasis) **ORDER OF DEFENDANT # 41 ECHO DAWN RYAN #38699** —— AND —— *PRO SE* Plaintiff's **PRIOR** (EMPHASIS) **SEPTEMBER 21, 2020** MOTION TO CHANGE VENUE **WITH AFFIDAVIT** (emphasis, at 22CA336 CF, PP #919-921)  —— **AND** —— "**MOOTED**"(emphasis) *PRO SE*  Plaintiff's **REQUEST FOR SUBSTITUTION OF**

MAGISTRATE ⸺ **AND** ⸺ affirmed *IN-PART* (emphasis) **RECUSED** (emphasis) **DEFENDANT # 41 ECHO DAWN RYAN'S (#38699)** September 9, 2020 (emphasis) **discriminative UNCONSTITUTIONAL DENIAL** of *PRO SE* Plaintiff's **SEPTEMBER 28, 2020** (EMPHASIS) C.R.C.P. 16.2(e)(10) Petition for Review Motion. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

**JOINTLY AND SEVERALLY LIABLE** ⸺ **ALL MAXIMUM COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "E. REQUEST FOR RELIEF".



**DEFENDANT 33:    JILL DEBORAH DORANCY #32067 — NEW YORK** ("N.Y.") (emphasis) native, daughter of **HAITIAN** (emphasis) **IMMIGRANTS** (national origin) **BLACK** (race) **WOMAN** (sex), **DARK-SKIN** (color), *AB INITIO* undermining proceedings fairness ⸺ BIAS ⸺ **DENVER District Court Judge appointed by Democratic (political party) Governor Jared Polis** (Defendant #14) July 1, 2020 ⸺ who **willful and wontly** *IN* VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION of **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); C.J.C 2; C.J.C 3A; AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) ⸺ personally participated in **ASSIGNED** (emphasis) **Case No. 21DR45** ⸺ WHO OWED A DUTY TO SIT ON ASSIGNED CASE NO. 21DR45, UNLESS LAW PRECLUDED HER PARTICIPATION (*People v. Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001) — AND BOTH *PRO SE* PARTIES **CONSENTED** TO ⸺ *PRIOR* (emphasis) to *ET UX* **OBLIGEE** *PRO SE* **PLAINTIFF** learning described appearance of too many shared commonalities **DEFENDANT #33 JILL DEBORAH DORANCY #32067** had with *FELLOW* **FIRST-GENERATION HAITIAN** (emphasis) (national origin) American **DEFENDANT # 34 DON JESSE TOUSSAINT #41379** ⸺ and impropriety **of** nature and relationship between **DEFENDANT # 34 DON JESSE TOUSSAINT #41379** ⸺ AND FURTHER previous relationship/ business dealings with *ET UX* **OBLIGEE** *PRO SE* **PLAINTIFF's BROTHER AND CHILD's (MIG) UNCLE.** *EMPH.*

*IN LAYMAN TERMS* **AND U.S. CONSTITUTIONAL ART VI CL II, I** ⸺

"JILL WENT UP THE HILL *IN* WAR [6] WITH "THE BLACK NAPOLEON" (*Toussaint*) —— AND CAME TUMBLING DOWN" ————AFTER———— *PRO SE* filed TWO (2) (*EMPH.*) C.R.C.P. 97 CHANGE OF JUDGE MOTIONS———— AND C.R.C.P. 59(D)(1)(3)(4)(5)(6) AND 60(A)(B)(1)(3) MOTION PURSUANT TO C.R.C.P. 59(J) (emphasis) AND COLO. APP. R. 4(A) (emphasis) — *MARRIAGE OF ENNIS JR. II* APPEAL 2022CA336 (emphasis) ———— *BUT FOR IN* FURTHER C.J.C. 2.11(A) VIOLATION — — DEFENDANT #33 JILL DEBORAH DORANCY #32067 —— willful and wontly FAILED to *sua sponte* 28 U.S.C. § 455 recuse herself —— TEMPORARILY PROXIMAL to *ET UX* OBLIGEE *PRO SE* PLAINTIFF filing MARCH 2, 2022 NOTICE OF APPEAL (22CA336), NINE DAYS LATER, ON MARCH 11, 2022 (emphasis) — DEFENDANT #33 JILL DEBORAH DORANCY #32067 —— *IN* RETALIATION AND TO FURTHER DEPRIVE *PRO SE* —— AND INDEPENDENTLY BLACK NATIVE (ICWA) BENEFICIARY CHILD (MIG) SUPPORT MODIFICATION RIGHTS —— DENIED — — *ET UX* OBLIGEE *PRO SE* PLAINTIFF's —— MARCH 8, 2022 (emphasis) — POST CHILD (MIG) SUPPORT MODIFICATION MOTION (*at 22CA336* SUPP., CF, P# 23; AND *22CA336* CF, P# 1552) —— *PRIOR* —— to LEGALLY AFFORDED C.R.C.P. 16.2(e)(2) —— 42 DAYS (APRIL 18, 2022) —— FOR FILING MANDATORY SWORN FINANCIAL STATEMENT AND CERTIFICATE OF COMPLIANCE.

*Ibid.* FURTHER TO CONSPIRE AND *IN* RETALIATION AND TO FURTHER DEPRIVE *PRO SE* —— AND INDEPENDENTLY BLACK NATIVE (ICWA) BENEFICIARY CHILD (MIG) —— DUE PROCESS —— DEFENDANT #33 JILL DEBORAH DORANCY'S (#32067) CLERK —— NOT pursuant to C.R.C.P. 79(a)(emphasis) — which REQUIRES that a "REGISTER OF ACTIONS" BE KEPT — OMITTED (emphasis) FROM REGISTER OF ACTIONS (emphasis) —— OBLIGEE *PRO SE* PLAINTIFF's —— TIMELY TOLLING CHILD (MIG) SUPPORT MODIFICATION MANDATORY SWORN FINANCIAL STATEMENT AND CERTIFICATE OF COMPLIANCE APRIL 18, 2022 —— AND CLERK "REJECTED FILING" THE VERY NEXT DAY (emphasis) —— APRIL 19, 2022. PREJUDICE OBLIGEE *PRO SE* PLAINTIFF —— *RE-PRODUCED* (emphasis), to DISTRICT COURT OF SECOND JUDICIAL DIST. AT ATTACHED ADDENDA #22, BATES STAMPED #000027 "SUBMISSION RECEIPT", "CO E-FILING COURTESY NOTICES" DATED "MON, APR 18, 2022" AND APR 19, 2022 "REJECTED FILING" BY DEFENDANT #17 "ANNA V (CLERKS NUMBER: 3036062330)" BATES STAMPED #000906.

AUGUST 15, 2022 — Colorado Court of Appeals DISMISSED WITH PREDJUDICE (emphasis), *pro se* OBLIGEE Plaintiff MOTHER'S JUNE 17, 2022 THIRD (emphasis) NOTICE OF APPEAL 22CA999 (CHILD SUPPORT MODIFICATION) —— BUT DISMISSAL WAS NOT A FINAL JUDGMENT ON THE MERITS FOR *RES JUDICATA* PURPOSES (emphasis) —— more so judicially efficient with consideration of *PRIOR* (emphasis) lodged SECOND (emphasis) PENDING APPEAL No. 22CA336 (CHILD SUPPORT MODIFICATION) —— AGAINST DEFENDANT #33 JILL DEBORAH DORANCY's (#32067), DEFENDANT # 16 (MULLINS #6659), DEFENDANT #15: BRIAN DALE BOATRIGHT (#17731), DEFENDANT #26 (BAUMANN #33253),

---

[6] No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it. P. 358 U. S. 18.

**DEFENDANT #42 (DE PETRO #12770) AND DEFENDANT #45 (CDHS) DEFENDANT # 49 (NOONE #44334).**

**MAY 3, 2022** — SAME DAY — DENVER District Court Sworn Affidavit *"...No audio recording...for the date of October 1, 2021...Therefore, no transcript..."* (SUPP, 22CA336, CF, PP #1-15) —— *IN* 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS ——TO COVER FOR DEFENDANTS #33 (DORANCY #32067), DEFENDANT # 16 (MULLINS #6659), DEFENDANT #15 (BOATRIGHT #17731), DEFENDANT #26 (BAUMANN #33253), DEFENDANT #42 (DE PETRO #12770) AND DEFENDANT #45 (CDHS) DEFENDANT # 49 (NOONE #44334) —— CRIMINAL 18 U.S.C. § 241 AND ABSOLUTE (emphasis) *OLMSTEAD V. DISTRICT COURT OF SECOND JUDICIAL DIST.* (EMPHASIS), **403 P. 2D 442 (1965)** against *PRO SE* ICWA child (MIG) —— *IN* VIOLATION OF COLO. CHIEF JUSTICE DEFENDANT #50 DIRECTIVE 05-03 — "An accurate record of all court proceedings is an essential requirement of due process of law and is required by Article VI and Article II, Section 25 of the Colorado Constitution." —— IMPERMISSIBLE *OMNIBUS BIAS* DEFENDANT #10 U.S. Magistrate Judge Michael E. Hegarty (*MEH*) WITH DEFENDANT #9 RAYMOND P. MOORE ("*RM*") —— *IN* Vertical Stare Decisis Violation of *Colo. River Water Conversation Dist. v. United States*, 424 <u>U.S.</u> 800, 817 (1976) —— defer *PRO SE* Plaintiff's TITLE VII *PRO SE v. City and County of Denver, et al.,* Case No. 21-CV-02362-RM-<u>MEH</u> to the STATE.

*IN LAYMAN TERMS* of U.S. CONSTITUTIONAL ART VI CL II, I ———— THEY ( <u>FIRST-GENERATION HAITIAN</u> (emphasis) American DEFENDANT # 33 DORANCY #32067 AND DEFENDANT # 34 TOUSSAINT #41379) ———— might not be "Eating the cats and dogs!"(TRUMP) ———— *BUT* THEY————.CONTINUED UNCONSCIONABLE HARMS AND IRREPARABLE INJURIES realleged in *MRG V. TOUSSAINT ET AL.,* 1:<u>23</u>-CV-00529-GPG-KLM-STV-<u>LTB</u> —— against NATIVE BORN BLACK (race) AMERICAN —— WHOSE ANCESTORS FOUGHT AND WON NOT ONLY *IN* WW II AND PRIOR TO AND *IN* THE UNITED STATES <u>1803 LOUISIANA</u> PURCHASE —— *ET UX.* OBLIGEE *PRO SE* AND INDEPENDENTLY SECOND COLORADO NATIVE ICWA BENEFICIARY CHILD (<u>MIG</u>) —— who was wrongfully <u>DENIED</u> (*EMPH.*) NEEDED public assistance benefits (**Medicaid, food stamps**) by DEFENDANT #45 (CDHS) *AFTER* wrongful termination —— wherein DORANCY #32067 **was/is** DEFENDANT # 16 ——AND HEREIN NOW DEFENDANT # 33. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

**SEPTEMBER 5, 2023** —— *PRO SE* FILED COLORADO COMMISSION ON JUDICIAL DISCIPLINE ("CJDC") REQUEST FOR EVALUATION OF JUDICIAL CONDUCT AGAINST —— DORANCY #32067. *Id.* at <u>EXHIBIT # 1</u>—1 (USB): ADD #47.

**JOINTLY AND SEVERALLY LIABLE** — for remedies of <u>MAXIMUM</u> compensatory damages (punitive, pecuniary, and non-pecuniary) [<u>C.R.S.</u> § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) **for all occurrences**]; 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant # 26** — **BOTH IMPRISONMENT AND FINES,** termination, <u>**DEBARMENT**</u>, and permanent injunction restraining.



**DEFENDANT 34:    DON JESSE TOUSSAINT #41379** — *Ibid.* NEW JERSEY ("N.J.") native, **FIRST-GENERATION** (emphasis) **HAITIAN** (emphasis) American, **DARK-SKIN** (color), **male** (sex), Eighteenth (Arapahoe County) Judicial District **MAGISTRATE** (emphasis) — who **OWED A DUTY TO SIT** on **ASSIGNED** (emphasis) Case No. **18DR1690**, unless law precluded his participation (*People v. Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001); and *PRO SE* Parties **CONSENTED** (emphasis) —— *BUT FOR* **willful and wontly** *IN* **WAR** (P. 358 U.S. 18. *Cooper v. Arron,* **358** U.S. **1,78 S. CT. 1401 (1958)** AGAINST VERTICAL AND HORIZONTAL STARE DECISIS of U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); *People v. Thoro Prods. CO.,* 45 p. 3d 737 (Colo. App. 2001) AND CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **FAILED TO APPEAR** (emphasis) —— at January 22, 2019 **CONTESTED** (emphasis) Default Permanent Orders Hearing for **Dissolution of Marriage** WITH (*EMPH.*) **CHILD (MIG)** as TOUSSAINT #41379 Ordered —— due to *ET VIR.* *"failing to respond to the courts order in a timely manner"* —— on **DECEMBER 7, 2018** (emphasis) —————— **VERY SAME DAY** of **NATIVE** *ET UX. PRO SE's* **WRONGFUL TERMINATION OVER THE TELEPHONE AND WITHOUT DUE PROCESS by DEFENDANT # 69 TAMMY DAVIS** ———— from **CITY AND COUNTY OF DENVER (Defendant #50)** — ———— and *IN* **FURTHER VIOLATION OF REQUIRED** (emphasis) September 12, 2018 (emphasis) Arapahoe Domestic **PRE-DECREE** (emphasis) Case Management Order R06/17 at "CONTESTED HEARINGS: THE FOLLOWING SHALL (emphasis) APPLY TO ANY (emphasis) CONTESTED (emphasis) HEARING (emphasis): (1) the ASSIGNED (emphasis) Judge OR (emphasis) Magistrate may hold a conference or hearing."

    **FURTHER** —— **TOUSSAINT #41379** —— **FAILED TO PROVIDE NOTICE** (emphasis) TO DEFENDANTS #45, #47, #48, #49 —— **AS REQUIRED** (emphasis) ——— with knowledge of August 24, 2018 FULL SERVICE **IV-D** 03-422204-44-0A with DEFENDANTS #45, #47, #48, #49. *EMPH.*

    **FURTHER** —— **TOUSSAINT #41379** —— **FAILED TO PROVIDE REQUIRED NOTICE** (emphasis) **OF REASSIGNMENT OR RECUSAL.** *EMPH.* At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

*BUT FOR* **TO APPEASE COLOR**adans —— after trying times of **COVID-19** matched with "**REIGNITED RACIAL TENSIONS**" — **AND** Eighteenth (Arapahoe County) Judicial District having "**nearly decade-long absence of a person of color wearing the robes of a district court judge**" —— **DEMOCRAT** (political party) **DEFENDANT #14 GOVERNOR POLIS** —— appointed **TOUSSAINT #41379** on SEPTEMBER 9, **2020.** *EMPH.*

**SEPTEMBER 8, 2023** —— *PRO SE* **FILED COLORADO COMMISSION ON JUDICIAL DISCIPLINE ("CJDC") REQUEST FOR EVALUATION OF JUDICIAL CONDUCT AGAINST** —— **TOUSSAINT #41379.** *Id.* at **EXHIBIT # 1—1 (USB):***ADD* **#47.**

**JOINTLY AND SEVERALLY LIABLE** — for all re-invoked *MRG V. TOUSSAINT ET AL.,* 1:**23**-CV-00529-GPG-KLM-STV-LTB continuous preserved claims —— furthering irreparable harms to present day —— for remedies of **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) **[C.R.S.** § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) **for all occurrences]**; 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant # 26 —** **BOTH IMPRISONMENT AND FINES**, termination, **DEBARMENT**, and permanent injunction restraining. At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws — **WHEREIN — STATE OF COLORADO COLLATERAL SOURCE RULE LIABLE —** **FOR ITS ORIGINAL U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND TITLE VI TORTFEASOR — "THE BLACK NAPOLEON" —** **TOUSSAINT #41379.**



**DEFENDANT 35:** **DEMETRIA ELIZABETH TRUJILLO #34130** — female (sex), **Hispanic** (ethnicity), appointed to the Second (Denver County) Judicial District Court, by Democrat (**political party**) **DEFENDANT #14** (Governor Polis) June 29, 2022, who personally participated in Case **No. 21DR45**, which followed Court Court of **Appeals** Nos. **2022CA336** (*EMPH.*), 2022CA999, 22CA2179… and the allegations made in this Complaint. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. Named **DEFENDANT #21** *IN MRG V. TOUSSAINT ET AL.,* 1:**23**-CV-00529-GPG-KLM-STV-LTB ———**AND HEREIN NOW DEFENDANT #35.**

*PRO SE* PLAINTIFF FILED **TWO** (emphasis) **C.R.C.P. 97 CHANGE OF JUDGE MOTIONS** — one of which *SR.* **RETIRED DEFENDANT #16** (**DEFENDANT** ▮▮) APPOINTEE) **DENIED** (*EMPH.*) **JANUARY 31, 2022** (*EMPH.*) **AND** the other filed **DECEMBER 9, 2022** (*EMPH.*): "**URGENT ATTN: CHIEF JUDGE CHRISTOPHER J.**

**BAUMANN (DEFENDANT #26)** COLO. RPC 8.3 REPORTING PROFESSIONAL MISCONDUCT 28 U.S.C. §455, C.J.C. 2.11(A), 42 U.S.C. § 1983, **C.R.C.P. 97 (EMPHASIS)…" —— *IN* FURTHERING 42 U.S.C. § 1985(2)(3) AND FURTHER AGAINST VERTICAL AND HORIZONTAL STARE DECISIS** of U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) AND CADA C.R.S. § 24-34-401** *et seq.* **(WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— WITHOUT REQUIRED** (*EMPH.*) **CONSENT** (*EMPH.*) **NOR REQUIRED** (*EMPH.*) **REASSIGNMENT NOTICE** (*EMPH.*) —— **DECEMBER 27, 2022** (*EMPH.*)**, DEFENDANT #35: DEMETRIA ELIZABETH TRUJILLO #34130 —— WILLFULLY AND WONTLY —— DENIED.** *EMPH.*

> **JOINTLY AND SEVERALLY LIABLE** — for remedies of **MAXIMUM** collateral source rule compensatory damages (punitive, pecuniary, and non-pecuniary) **[C.R.S. § 24-4-106** *et seq.***; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences]; 42 U.S.C. § 1983,** remedial sanction constraints including prosecuting all criminal contempt claims against **Defendant # 26 — BOTH IMPRISONMENT AND FINES,** termination, **DEBARMENT,** and permanent injunction restraining.



**DEFENDANT 36:   STEPHANIE L. SCOVILLE #31182** — White (**race**), female (sex), Appointed Denver District Judge by Defendant #14: Governor Jared Polis — **October 15, 2021**——*IN* **WILLFUL AND WANTON VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS', C.J.C 2; CADA C.R.S. § 24-34-401** *et seq.* **(WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109),  GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS —— SCOVILLE #31182 — NEVER** (EMPH.) ruled on *PRO SE's* **NOVEMBER 18, 2021 Motion** for WHITE (**race**) DEFENDANTS #63 (**CAT**ALANO **#39773**) AND # 57 (PIERCE #27881) to Cure or Provide Evidence of Mailing Response and Request for Reply Extension pursuant to **F.C.R.P. 5(b)(e)( f ) and C .R.C .P. 5(b)(2)(B)(D).** Case No. **2020CV405** *Id.* at *CF, p # 284; CF, pp # 196-202.*

Prejudiced **PRO SE'** filed Reply Brief **NOVEMBER 29, 2021**, and welcomed Oral Argument. **Id. 2020CV405, CF, pp # 203-248.**

    **FURTHER DEPRIVING** —— **WILLFUL AND WONTLY** ——without oral argument or **REQUIRED DUE PROCESS REASSIGNMENT NOTICE** (emphasis) **PRIOR** to Denver County District Court Judge **DEFENDANT #31 Michael J. Vallejos #21028** publicly leaving office <u>**JULY 30, 2022**</u> (emphasis) —— **SCOVILLE #31182** ——— **AFFIRMED** (emphasis)(**Id.** at **2020CV405, CF, pp # 249-266**) AUGUST 26, 2020 **NUNC PRO TUNC** (emphasis) **DECEMBER 19, 2019 FINAL DECISION** OF **HEREIN** DEFENDANTS **#52, #53, #54, #55, #56** —— **Id.** at **2020CV405, CF, p #284** —— **AND FURTHER** —— ISSUED ORDER —— WITHOUT (EMPH) **REQUIRED** (EMPH) **DUE PROCESS NOTICE** (EMPH) TO **PRO SE** (EMPH) —— **REGARDING FURTHER JUDICIAL REVIEW RIGHTS** (EMPH) —— ON<u>**JULY 28, 2022.**</u> **EMPH.**

    **FURTHERMORE** —— **SCOVILLE #31182** —— **WILLFUL AND WONTLY** —— **DENIED** (EMPH) —— **PRO SE's** JUNE 21, 2023 (EMPH) CHANGE OF JUDGE MOTION (EMPH) —— **IN** VIOLATION OF C.R.C.P. 97 AND C.J.C. 2.11(A AND 28 U.S.C. §455 — <u>**JULY 23, 2023**</u> (emphasis) ——<u>**AND**</u>—— DENIED (EMPH) —— **PRO SE's** C.R.C.P. **60(B) RELIEF** WITH Notarized Affidavit Oral Arguments/ Hearing to Clarify the Administrative Record Motion. **Id.** at **2020CV405, SUPP CF, pp # 1-26.**

    **WILLFUL AND WONTLY** —— **AGAIN** —— SCOVILLE #31182—— **DENIED** (EMPH) —— **PRO SE's** —— **MAY 30, 2024** (**EMPH.**) —— SECOND (**EMPH.**) —— **C.R.C.P. 97 RIGHT TO JUDGE SUBSTITUTION PRIOR TO/ FOR JUDGMENT VOID C.R.C.P. 60 (B) (3)(4) (5) RELIB.F MOTION WITH** (**EMPH.**) **HEREIN NOW** —— <u>PLAINTIFF'S EXHIBIT # 1:</u> PUBLIC (**EMPH**) — FEBRUARY 7, 2024, **Case No.** 2022CA1542: THIRD AMENDED OPENING BRIEF (57 pg.) **AND** <u>PLAINTIFF'S EXHIBIT # 1—1 (USB).</u>

    At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

    **JOINTLY AND SEVERALLY LIABLE** — **SHALL BE** <u>**DISBARRED,**</u> remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS,** <u>**MAXIMUM**</u> **IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY** (punitive, pecuniary, and non-pecuniary) —— **AGAINST SCOVILLE #31182** ——— **DAMAGES** —— which **SCOVILLE #31182 is liable and** *omnibus* under the State of Colorado personal participation, control, direction, or failure to supervise **DEFENDANT 26: CHRISTOPHER J. BAUMANN #33253** —— all other entitled **RELIEF Id.** at **Id.** at **"E. REQUEST FOR RELIEF"**



**DEFENDANT 37:    ELIZABETH "BETH" HARRISON McCANN #5834** — white (**race**), female (**sex**), and **"the first woman"** to hold the position of **District Attorney for the Second Judicial District** — which consists of the same geographic area of the **City and County of Denver**. The District Attorney for the Second Judicial District is **CHARGED** (*EMPH*) **with enforcing the criminal laws** of the State of Colorado for offenses committed within (*EMPH*) **the City and County of Denver** (*EMPH*) —— **by and through the prosecution of criminal charges alleging the violation of such laws**. *IN LAYMAN* U.S. CONSTITUTIONAL ART VI CL II, I —— *"WHY IS PRO SE* doing **YOUR JOB?!** *EMPH*. At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.





**DEFENDANT 38:    KATHLEEN MARIE JANSKI #9150 (INACTIVE)** — was (emphasis) an acting white (**race**), female (**sex**) **magistrate** (emphasis) within the Second (**DENVER COUNTY**) **THEN** Eighteenth (**Arapahoe County**) **Judicial District Courts**, who SEPTEMBER 14, **2020** (emphasis) personally participated and presided in **Arapahoe County Small Claims Case No. 19S653** .

    **WILLFUL AND WANTONLY** *IN* **VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', C.J.C 2; C.J.C 3A, CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS** —— **DENIED** — *PRO SE* Plaintiff's **WRITTEN AND VERBAL REQUESTED REQUIRED** (*EMPH*.) **DUE PROCESS** (*EMPH*.) **RIGHTS** —— **NEVER CONSENTING TO JANSKI #9150 (INACTIVE).**

    **WITHOUT REQUIRED CONSENT** (emphasis) —— **JANSKI #9150 (INACTIVE)** —— **WILLFUL AND WANTONLY** *IN* **VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', C.J.C 2; C.J.C 3A, CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE**

COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS —— PRESIDED AS COUNTY COURT MAGISTRATE JUDGE AND ISSUED COMBINED (*EMPH.*) ORDER Arapahoe County Case No. #19C100987 on AUGUST 31, 2020 .

WILLFUL AND WANTONLY *IN* VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', C.J.C 2; C.J.C 3A, CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS———— JANSKI #9150 (INACTIVE) ———— SET $3,500 APPEAL BOND.

WILLFUL AND WANTONLY *IN* VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', C.J.C 2; C.J.C 3A, CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS———— JANSKI #9150 (INACTIVE) ———— DENIED *PRO SE* Plaintiff's waiver request for $3,500 appeal bond AND *IN FORMA PAUPERIS* APPEAL APPLICATION for Arapahoe County Case No. #2020CV150 ——WHEN VERY SAME DAY (emphasis) — *PRO SE* Plaintiff's *IN FORMA PAUPERIS* APPLICATION was PROPERLY DEEMED ELIGIBLE (emphasis) by DENVER DISTRICT COURT JUDGE (EMPHASIS) HON. MICHAEL ANTHONY MARTINEZ.

JANSKI #9150 (INACTIVE) "RETIRED" (**emphasis**) (judges can retire to avoid discipline) from Arapahoe County Court, at/around NOVEMBER 16, 2021 —— when/while *PRO SE* Plaintiff's *Writ of Certiorari PRO SE v. Wyoma Yorka Martinez-Johnson,* Case No. 21SC747 —— was *pending* before Colorado's Supreme Court.

In SERIOUS CONFLICT with Colorado Small Claims, County, and District Courts on landlord/tenant PROPERTY matters; so far departed from accepted and usual course of judicial proceedings (Doctrines of *Res Judicata* and *Collateral Estoppel*, Colo. R. App. 3(a); Supreme Court of Colorado Chief Justice Directive 98-01; C.R.S.§13-6-413, C.R.S.§ 13-16-103: C.R.C.P. Small Claims Rules *et seq.*; C.R.S. § 38-12-103(3)(a); C.R.S.§13-6-410...) —— NEVER in accordance to C.R.C.P Rule 515(d) (emphasis) —— AND without good cause —— — JANSKI #9150 (INACTIVE) —— SET ASIDE *PRO SE* Plaintiff's Small Claims Case Number #19S653 PREVAILING (emphasis) NOVEMBER 1, 2019 Judgment for TOTAL AWARD OF $8,200.00 —— SIXTY (60) DAYS *AFTER* (emphasis) on DECEMBER 31, 2019.

WITH ANIMUS AND CONTINUED CONSCIOUS DISREGARD OF NATIVE BLACK *PRO SE* —— SMALL CLAIMS MAGISTRATE JANSKI #9150 (INACTIVE) — CLEARLY EXCEEDING JURISDICTION —— WILLFUL AND WANTONLY *IN* VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', C.J.C 2; C.J.C 3A, CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS———— then personally participated JULY 7, 2020 (EMPHASIS) AND JULY 10, 2020 (emphasis) in *PRO SE* Plaintiff's ARAPAHOE COUNTY CONTESTED (EMPH.) Case No. 18DR1690 ———— *PRO SE's* ICWA CHILD (MIG) SUPPORT ———— — *AFTER* (*EMPH.*) OARC COMPLAINT NOTIFICATION from DEFENDANT # 43

(PEARCE #28634) ——————— *POST* PRETEXT UNCONSTITUTIONAL disposition remittitur *In re Marriage of Ennis, Jr. I*, 19CA1044 by **DEFENDANT #18 (JONES #16049), AUTHORING DEFENDANT # 19 (HARRIS #29556), and DEFENDANT # 21 (BROWN #36768)** ——————— **AGAIN WITHOUT** (emphasis) **REQUIRED** (emphasis) **DUE PROCESS** *(EMPH.)* **NOTICE OR CONSENT**. *EMPH.*

**JANSKI #9150 (INACTIVE)** earlier personally participated in Case No. 07JD1144 (Denver, County) *The People of the State of Colorado v. Ennis, Jr. and Mr. and Mrs. Ennis, Sr.*; wherein privity parties of *PRO SE's* **STEP-CHILD ("IRGE")**(*EMPH.*).

Before herein U.S. District Court for the District of Colorado. **JANSKI #9150 (INACTIVE)** was/is also named **in December 7, 2022: *Zipris v. Janski and Scipione***, 22-CV-03160-RMR.

At all times relevant, **JANSKI #9150 (INACTIVE)** exceeded jurisdiction, acted under color above greater Colorado and federal constitutional laws, **NOT** pursuant to **COLO. R. MAG., C.J.C. 2, 2.11(A), 3A** —— **NEVER** *sua sponte* **28 U.S.C. § 455 or THE BROADEST BASES FOR RECUSAL C.J.C. 2.11(A)** —— **FURTHER BRINGING JUDICIARY INTO DISREPUTE PREJUDICAL TO ADMINISTRATION OF JUSTICE** *IN* VIOLATION OF "*The Supremacy Clause*": ART.VI Clause 2; Amendments XIV § 1 and V ("Equal Protection and Due Process Clauses") to the United States Constitution; Civil Rights Act of 1964; 42 U.S.C. §1983; 42 U.S.C. § 1985(2)(3); 28 U.S.C. § 2072; 28 U.S.C. §1343(a)(1)(2)(3)(4); 28 U.S.C. § 1346(b)(1); AND Greater Colorado Constitutional and state claims of law, Colorado Civil Rights Act; Greater ART. II § 6 and Article VI and Article II, Section 25 of the Colorado Constitution.

Willful and wonton ——— **NEVER ENTITLED TO QUALIFIED IMMUNITY. JOINTLY AND SEVERALLY LIABLE. SHALL BE DISBARRED,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, MAXIMUM IMPRISONMENT AND FINES, AND ALL** compensatory (punitive, pecuniary, and non-pecuniary) —— **AGAINST JANSKI #9150 (INACTIVE)** —— **AND** *MRG v. JANSKI,* Case No. **2021**-CV-02812-GPG; *MRG v. JANSKI,* Case No. **2022**-CV-03324-LTB-KLM; *MRG v. JANSKI,* Case No. **2023**-CV-02344-LTB-SBP; *Writ of Certiorari PRO SE v. Wyoma Yorka Martinez-Johnson, .* **ARAPAHOE COUNTY Case Nos. 18DR1690; 2020CV150; County Case No. #19C100987; and SMALL CLAIMS Case No. 21SC747** —— **DAMAGES** —— which **JANSKI #9150 (INACTIVE) is liable and was** *omnibus* under the State of Colorado personal participation, control, direction, or failure to supervise **DEFENDANT 27: MICHELLE ANN AMICO #23079** —— all other entitled **RELIEF** *Id.* at *Id.* at "E. REQUEST FOR RELIEF"



**DEFENDANT 39:    CHRISTINA M. APOSTOLI #34432** — white (**race**), female (**sex**), Arapahoe County District Magistrate Judge —— who personally participated in *omnibus* **UNCONSTITUTIONAL Case No. 18DR1690 —— AFTER —— UNCONSTITUTIONAL DISPOSITION REMITTITUR** *In re Marriage of Ennis, Jr. I*, 19CA1044 —— **AND AFTER —— FURTHER RETALIATION OF NEVER CONSENTED NOR ASSIGNED NEVER RECUSING BENT OF MIND ACTUAL BIAS** WHITE (**race**) **DEFENDANT # 41 ECHO DAWN RYAN #38699** AND **DEFENDANT #38: JANSKI #9150 (INACTIVE)**(*EMPH.*) AND **#32: MARES #19379** —— Ordered **RECUSAL** (emphasis) **OF DEFENDANT # 41 ECHO DAWN RYAN #38699** —— *AFTER* September 9, **2020** (emphasis) **discriminative UNCONSTITUTIONAL DENIAL** of *PRO SE* Plaintiff's **SEPTEMBER 28, 2020** (EMPHASIS) C.R.C.P. 16.2(e)(10) Petition for Review Motion —— **THE VERY SAME DAY** (emphasis) —— **DEMOCRAT** (political party) **DEFENDANT #14 GOVERNOR POLIS** —— appointed **ORIGINAL U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AND TITLE VI TORTFEASOR** — **"THE BLACK NAPOLEON"** — **TOUSSAINT #41379** —— **DEFENDANT #27:AMICO #23079** —— **OCTOBER 26, 2020** (EMPHASIS) —— ONLY AGAIN FURTHER *IN* VIOLATION, WITHOUT REQUIRED CONSENT (*EMPH.*) —— TO **DEFENDANT 39:  CHRISTINA M. APOSTOLI #34432.**

**NOVEMBER 9, 2020** (EMPHASIS) — **FIVE DAYS AFTER** (EMPHASIS) — DEFENDANT **32: MARES #19379 UNCONSTITUTIONAL ORDER** — *PRO SE* Plaintiff **TIMELY FILED SECOND C.R.C.P. 16.2 (e)(10) Motion.** *Id.* at 22CA336 CF, PP # #943-996 —— **WHERE WILLFUL AND WANTONLY** —— *IN* VIOLATION OF U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS** —— **DEFENDANT 39: CHRISTINA M. APOSTOLI #34432** —— IGNORES *PRO SE* Plaintiff's **timely TOLLED NOVEMBER 9, 2020 SECOND C.R.C.P. 16.2 (e)(10) REOPEN Motion** AND THEN GRANTS *PRO SE* Plaintiff's **SEPTEMBER 21, 2020** (EMPHASIS) **MOTION TO CHANGE VENUE.**

**NOVEMBER 23, 2020** (EMPHASIS) — **WITHIN 10 DAYS from/by DEFENDANT 39: CHRISTINA M. APOSTOLI #34432 Initial Discretionary Order** — *PRO SE* Plaintiff filed **MOTION TO VACATE ORDER CHANGING VENUE AND TO REOPEN.** Therein, *PRO SE* Plaintiff placed **DEFENDANT 39: CHRISTINA M. APOSTOLI #34432** on **NOTICE OF IMPROPRIETY** of DENVER DISTRICT COURT (*EMPH.*) (lawsuit against

City and County of Denver) **AND DEFENDANT #45: Colorado Department of Human Services: Denver Department of Human Services** AND **NEEDING FULL SERVICE IV-D 03-422204-44-0A INTERVENOR** (Arapahoe County Human Services) INDEPENDENTLY **FOR CHILD (MIG)** AND to first decide **NOVEMBER 9, 2020 SECOND** C.R.C.P. 16.2 (E)(10) **MOTION**.

 **JANUARY 4, 2021** — personal participation, control, direction, or failure to supervise **DEFENDANT #27:AMICO #23079 —— DEFENDANT 39: CHRISTINA M. APOSTOLI #34432 ——** Response to *PRO SE* Plaintiff's timely tolled **NOVEMBER 23, 2020 MOTION TO VACATE ORDER CHANGING VENUE AND REOPEN —— WILLFUL AND WANTONLY —— AGAIN** *IN* **VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS ——** WAS *"NO ACTION TAKEN."*

 *Ibid.* **DEFENDANT 39: CHRISTINA M. APOSTOLI #34432 —— DEPRIVED OBLIGEE** *PRO SE* **PLAINTIFF DUE PROCESS AND RIGHT TO PLACE OF TRIAL.**

 *Ibid.* **JANUARY 5, 2021** — Eighteenth (Arapahoe County) Judicial Dist. WHITE (**race**), female (**sex**) **CLERK OF THE COURT SHANA KLOEK ——** CHANGED *PRO SE* **Plaintiff's Case 18DR1690 VENUE** (*EMPH.*) TO *OMNIBUS* **TAINTED-BIAS DENVER DISTRICT COURT** (*EMPH.*) (lawsuit against City and County of Denver) **DISTRICT COURT —— AND HARMFULLY WITHOUT REQUESTED AND REQUIRED NOTICE OF PERMANENT PROTECTION ORDER AND CHILD's (MIG) Support was VACATED ——** AND said communications with WHITE (**race**), female (**sex**) **CLERK OF THE COURT SHANA KLOEK ——** were **NEVER** pursuant to **MINSTREL OWED DUTY AND** *IN* **VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II : C.R.C.P. 79(a)** which **"REQUIRES THAT A REGISTER OF ACTIONS BE KEPT."**

 *Ibid.* *OMNIBUS* **PREJUDICE** *PRO SE* Plaintiff filed said relevant communications with WHITE (**race**), female (**sex**) **CLERK OF THE COURT SHANA KLOEK** (Defendant #15 in *IN MRG V. TOUSSAINT ET AL.*, 1:**23**-CV-00529-GPG-KLM-STV-LTB) into **CASE NO. 21DR45 Record ——** December 9, 2022 —— **PER BEING WILLFUL AND WONTLY DEPRIVED AND DENIED ADDING TO 22CA336 APPEAL.**

 At all times relevant, **DEFENDANT 39: CHRISTINA M. APOSTOLI #34432 AND CLERK OF THE COURT SHANA KLOEK** acted under the color of U.S. and greater state constitutions, federal, and state laws.

 **JOINTLY AND SEVERALLY LIABLE — SHALL BE DISBARRED,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY** (punitive, pecuniary, and non-pecuniary) —— **AGAINST DEFENDANT 39: CHRISTINA M. APOSTOLI #34432 AND CLERK OF THE COURT SHANA KLOEK ———— DAMAGES ——** which *omnibus* under the State of Colorado personal participation, control, direction, or failure to supervise **DEFENDANT #27:AMICO #23079 ——** all other entitled **RELIEF** *Id.* at *Id.* at **"E. REQUEST FOR RELIEF."**

Justia › US Law › Case Law › Colorado Case Law › Colorado Court of Appeals Decisions › 2013 › Honorable ( Child .

**Honorable Karen F. Hubler, Magistrate In
re the Parental Responsibilities
Concerning M.D.E., a Child, and
Concerning Bernice M. Spencer, and Scott
D. Rottler**

**DEFENDANT 40:** __KAREN__ F. HÜBLER #30661 — white (**race**), female (**sex**), DENVER (*EMPH.*) County District Magistrate Judge —— who presided in __AUGUST 27, 2018__ **(EMPHASIS)** *Bernard v. Ennis, JR.* 13DR2029 as it pertained to *ET UX's* illegitimate child ("AJE") and *PRO SE* whistle-blew on and about painful **perjurious testimonies** about her and her CHILD (MIG); as she publicly obtained **FTR** Court Audio CD of entire __AUGUST 27, 2018__ **hearing on** __September 7, 2018__ and requested **REQUIRED** Judicial Review of in Case No. 18DR1690. *IN* **WILLFUL AND WONTON VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS', AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); VERTICAL AND HORIZONTAL STARE DECISIS** —— **NEVER ASSIGNED JUDGE —— KAREN F. HÜBLER #30661**— *FURTHER* DENIED *PRO SE* Plaintiff C.R.C.P. 97 CHANGE OF JUDGE MOTION, **COLO. R. MAG., C.J.C. 2, 2.11(A), 3A** —— **NEVER** *sua sponte* **28 U.S.C. § 455 or** __THE BROADEST BASES FOR RECUSAL__ **C.J.C. 2.11(A)** —— **AND WORSE AUGUST 11, 2023 JDF 1323 CHANGE OF VENUE MOTION. P #2, at ¶7— *RES IPSA LOQUITOR.*** At all times relevant, __KAREN__ F. HÜBLER #30661, acted under the color of U.S. and greater state constitutions, federal, and state laws.

    **JOINTLY AND SEVERALLY LIABLE — SHALL BE __DISBARRED__,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, __MAXIMUM__ IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY** (punitive, pecuniary, and non-pecuniary) **DAMAGES** —— **AGAINST DEFENDANT 40:** __KAREN__ F. HÜBLER #30661 — which *omnibus* under the State of Colorado personal participation, control, direction, or failure to supervise **DEFENDANT # 26: BAUMANN # 33253** —— all other entitled **RELIEF** *Id.* at *Id.* at **"E. REQUEST FOR RELIEF."**



**DEFENDANT 41:    ECHO DAWN RYAN #38699** — *AB INITIO* undermining proceedings fairness *omnibus* willful and wantonly violating the law, "bent of mind", impermissibly bias, white (**race**), female (**sex**), **magistrate** judge — who without **REQUIRED** consent of *PRO SE* **PARTIES,** and **REQUIRED FULL SERVICE IV-D 03-422204-44-0A INTERVENOR** — parallel *PRO SE's* (loss of consortium) claims against The City and County of Denver — personally participated in **GROTESQUE UNCONSTITUTIONAL** contested Dissolution of Marriage **WITH CHILD (MIG)** proceedings January 22, 2019 — AND **FURTHER** February 25, 2019 —**WILLFULLY AND WANTONLY** *IN* **VIOLATION OF FEDERAL CIVIL RULE PROCEDURE 11; ABA Model Rules of PROF. Conduct Rule 3.1**— with *omnibus* EXTRINSIC FRAUD Defendant #42 **J. MATTHEW DE PETRO #12770** — and FURTHER — issued **VOID UNCONSTITUTIONAL** *amended* April 6, 2019, *nunc pro tunc* to February 25, 2019 Orders **— discriminatively in deprivation** of *PRO SE* Parties Declaratory Decrees and **FOR WORSE** — *ET UX. OBLIGEE PRO SE* deprived U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); TITLE VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d** *et seq.***; COLO. R. MAG., C.J.C. 2, 2.11(A), 3A ; TITLE XV KEEPING CHILDREN AND FAMILIES SAFE ACT (AKA "KAYDEN'S LAW); CONSTITUTIONAL RIGHT OF PARENTS TO RAISE CHILD (MIG); 28 U.S.C. §2072: RULES OF PROCEDURE & EVIDENCE; POWER TO PRESCRIBE; RIGHT OF SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS; U.S. DUE PROCESS CLAUSE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES AND EXHIBITS; 18 U.S.C. § 2265(B)(2): THE VIOLENCE AGAINST WOMEN'S ACT; AND 28 U.S.C. §455; DISQUALIFICATION OF JUSTICE, JUDGE, OR MAGISTRATE JUDGE** <u>**RIGHTS**</u>.

**"THERE IS NO RESOURCE THAT IS MORE VITAL TO THE CONTINUED EXISTENCE AND INTEGRITY OF INDIAN [T]RIBES THAN THEIR CHILDREN." 25 U. S. C. §1901(3)** — *BUT-FOR* without any inkling of evidence — **DEFENDANT #41**

**ECHO RYAN #38699 —** willful and wantonly authored "*"MOTHER PUTS HER NEEDS BEFORE CHILD.*"

**BEWILDERING, THE VERY SAME DAY** (emphasis) —— **DEMOCRAT** (political party) **DEFENDANT #14 GOVERNOR POLIS** —— appointed **TOUSSAINT #41379** on SEPTEMBER 9, **2020.** *EMPH.* —— **DESPITE NATIVE BLACK Obligee** *PRO SE* **APPELLANT- PLAINTIFF** having to move for **ASSIGNED DEFENDANT 34: DON JESSE TOUSSAINT #41379** — to perform **OWED DUTY AND SIT ON CASE** —— AND **MOVING FOR** *OMNIBUS* **BENT BIND ACTUAL BIAS DEFENDANT 41: ECHO DAWN RYAN #38699 SUBSTITUTION** ("change of judge") —— AND April 15, 2019, *POST* **C.R.C.P. 59 and C.R.C.P. 60 RELIEF** explicitly stating: "**if remanded to magistrate for substitution**" (22CA336 CF, PP# 562-581; and 22CA336 CF, p# 999 at #4) —— AND within **JUNE 7, 2019** Colorado Court of Appeal No. 19CA1044, *In Re Marriage of Ennis, Jr. I*, **OPENING BRIEF** (at December 9, 2022, Case No. 21DR45, attached **Addenda #1**) —— WHITE (**race**) (emphasis) **bent minded BIAS** (emphasis) Eighteenth (Arapahoe County) Judicial District **MAGISTRATE** (emphasis) **ECHO RYAN #38699** —— WITH ANIMUS AND CONTINUED CONSCIOUS DISREGARD OF **NATIVE BLACK Obligee** *PRO SE* Plaintiff's and **INDEPENDENTLY ICWA BENEFICARY CHILD'S (MIG) CONSTITUTIONAL RIGHTS** (emphasis), **property** (emphasis), **prenup.** (emphasis), Permanent Protect Order **safety** (emphasis), **and relief** (emphasis) — **DENIED** —— NATIVE BLACK Obligee *PRO SE* Plaintiff's timely **AUGUST 10, 2020**, REOPEN RELIEF MOTION —— NEVER pursuant to **THE BROADEST BASES FOR RECUSAL C.J.C. 2.11(A); 28 U.S.C. §455 AND C.R.C.P. 16.2(e)(10).** *Id.* at Colorado Court of Appeal No. **22CA336** CF, PP# 902-908.

December 21, 2022 —— *PRO SE* filed **SANCTIONS MOTION** with Colorado Court of **Appeals No. 22CA336 AND** DENVER District Court **Case No. 21DR45** —— as **PUBLIC SEARCH RECORD SHOWED** —— "*RENTAL PROPERTIES, CONDOS AND/OR OTHER REAL-ESTATE INCLUDE: N. GIBRALTER WAY #340, AURORA, CO 80019 (ADAMS COUNTY, COLORADO)*" — for OCTOBER 26, 20**20** (emphasis) RECUSED (EMPH.) *omnibus* **bent minded bias** magistrate ECHO D. RYAN **#38699** —— AND *IN* VIOLATION **of OWED DUTY** pursuant to C.R.C.P. 16.2 *et seq.* and C.R.C.P. 26 to notify all parties within 7 days —— *ET VIR.'s* address changed to "*#5703 N. Gibralter Way #340, Aurora, CO 80019 (Adams County, Colorado)*" —— JULY 9, 2021. *EMPH.*

**CONTINUED UNCONSCIONABLE HARMS AND IRREPARABLE INJURIES** realleged in *MRG V. TOUSSAINT ET AL.*, 1:**23**-CV-00529-GPG-KLM-STV-LTB —— wherein **ECHO D. RYAN #38699** was/is **DEFENDANT #2** —— AND HEREIN NOW **JOINTLY AND SEVERALLY LIABLE** — for remedies of **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) [**C.R.S.** § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1)(2)(3) for all occurrences]; 42 U.S.C. § 1983, remedial sanction constraints including prosecuting all criminal contempt claims — **BOTH IMPRISONMENT AND FINES**, termination, **DEBARMENT**, and permanent injunction restraining — **against DEFENDANT #41.** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.




**DEFENDANT 42: J. MATTHEW DE PETRO #12770 —** *Ibid.* —white (race), male (sex), despicable, disgusting — *OMNIBUS* **CLOTHED CONTEMPTOR EXTRINSIC FRAUD** *IN* **WILLFUL AND WONTON VIOLATION OF FEDERAL CIVIL RULE PROCEDURE 11; ABA Model Rules of PROF. Conduct Rule 3.1; COLO. R. Prof. Cond. § 3.3. & § 8.3— — without REQUIRED (EMPH) NON-APPEARANCE AFFIDAVIT (JDF 1201) OF INCARCERATED (EMPH)** *ET VIR.* (*Id.* at 22CA336, CF, pp #519-520) —— registered licensed private practicing attorney of law who at all times relevant, the State of Colorado clothed to act with official authority in the Eighteenth (Arapahoe County) and Second (Denver County) Judicial District Courts, and engage in conduct forbidden by state and federal laws; harming and threatening *ET UX* **OBLIGEE** *PRO SE* Plaintiff's **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); and U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV RIGHTS: 28 U.S.C. §2072; 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)(3), TITLE XV , C.R.S. 14-10-123.6(2); TITLE VI,** *Troxel V. Granville,* 530 U.S. 57 (2000); **C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; 18 U.S.C. § 242**—— **WITH AN** *OMNIBUS* **CONSCIOUS DISREGARD OF** *ET UX OBLIGEE PRO SE* —— **BUT FOR WORSE** —— *IN* **VIOLATION OF OWED DUTY** (*EMPH.*) pursuant to C.R.C.P. 16.2 *et seq*. **TO BLACK ICWA BENEFICIARY** (*EMPH.*) **CHILD ("MIG")** (*EMPH.*) —— **LIVES, LIBERTIES, PROPERTY (Title VI AND PARTIES NON (EMPH) -contested May 15, 2017 Postnuptial Decree), AND SAFETY (EMPH)** —— in personal participation —— with his *omnibus* **MONSTER** *IN law* **paying client,** Dr. Tanya Davis-Ennis, Jr. (photo'd above) —— **FEBRUARY 18, 2019 at 4:11pm; FEBRUARY 25, 2019** —— and **FURTHER AND AGAIN** —— **OCTOBER 1, 2021** (EMPH) —— where without proper intervention —— **BUT-FOR SEVERAL SANCTION REQUESTS BY** *ET UX OBLIGEE PRO SE* **AND OARC 19-686 NOTICE** —— **CONTINUED UNCONSCIONABLE HARMS AND IRREPARABLE INJURIES REALLEGED (EMPH)** *IN MRG V. TOUSSAINT ET AL.,* 1:23-CV-00529-GPG-KLM-STV-LTB —— **AND HEREIN WITH DEFENDANTS** #15, #16, #17, #18, #19, #21, #23, #26, #27, #28, #32, #33, #34, #35, #38, #39, #40, #41, #43, #45, #47, #48, #49.

Gross negligence or intentional misconduct —— **NEVER ENTITLED TO QUALIFIED IMMUNITY. JOINTLY AND SEVERALLY LIABLE. SHALL BE DISBARRED,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, MAXIMUM IMPRISONMENT AND FINES,**

**AND ALL** compensatory damages (punitive, pecuniary, and non-pecuniary) —— **AGAINST** Law Office of J. Matthew DePetro **AND** all other entitled **RELIEF** *Id.* at "**E. REQUEST FOR RELIEF.**" *EMPH.*

**DEFENDANT 43:    LISA E. PEARCE #28634** ( named Defendant #23 in *PRO SE v. TOUSSAINT ET AL* 1:<u>23</u>-CV-00529-GPG-KLM-STV-<u>LTB</u>) — in her official capacity, was/is white (**color**), female (**sex**), who personally participates in **ALL** *PRO SE* 's Colorado Supreme Court Office of Attorney Regulation Complaints ("OARC") : **(1)** <u>19</u>-686; **(2)** <u>20-</u>2454; **(3)** <u>21-</u>3122; **(4)** <u>22</u>-3360; **(5)** <u>22</u>-3785; **(6)** #22-589; **(7)** <u>22</u>-590; and **(8)** 24-4301 — **DESPITE** *PRO SE* requesting <u>**impartial**</u> (emphasis) investigation/ handling at **OARC** Complaints #(4), #(5), #(6), #(7) — pertaining to **IMPERMISSIBLE UNCONSTITUTIONAL DISCRIMINATIVE BEHAVIOR** of WHITE (**race**) **DEFENDANTS' #38, #41, #42, #64, #66** who willful and wontly, deprived *PRO SE* Plaintiff and her **child (MIG) CADA: C.R.S. § 24-34-401 et seq.** (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); and** <u>**U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV**</u> due process rights. **PEARCE #28634 NOTIFIED** WHITE (**race**) **DEFENDANTS' #38, #41, #42, #64, #66** — **but** failed to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which she had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)**. *EMPH.*



Stephanie Villafuerte, Colorado's child protection ombudsman, speaks to The Colorado Sun and 9News outside her office on May 5, 2020. (Anna Hewson, 9News)

Child deaths from abuse and neglect in Colorado have not dropped in the past decade, even as two government agencies are responsible for reviewing those deaths.

**DEFENDANT 44:    STEPHANIE VILLAFUERTE — Hispanic** (ethnicity), **female** (sex), appointed to serve as Colorado's Child Protection Ombudsman, which pursuant established pursuant to **C.R.S. 19-3.3-101** is an independent state agency **CHARGED** with reviewing citizen complaints about the child protection system as well by making systemic recommendations to the Colorado Governor's Office and state legislature to improve the safety of the child protection system.

*PRO SE* Plaintiff whistle blew and made **BOTH INQUIRIES #3643 (APRIL 24, 2019)**

AND #3729 (JUNE 14, 2019) with Child Protection Ombudsman (Sara Embrey) as it pertained to DEFENDANT #70 (Hodson); DEFENDANT #69 (Berry); DEFENDANT #68 (Scheüermann), and DEFENDANT #67 (Ball). *Id.* at PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD #38, #39, #40.

Considering *See The People of the State of Colorado v. Christina Lee Gray* (DENVER DISTRICT COUNTY (*EMPH*) ; Offense Case No. 2024-5000941 DEVELOPMENTS —— *PRO SE* Plaintiff personally emailed DEFENDANT #40 on OCTOBER 28, 2024 "URGENT: CRIMINALS AT DDHS: Fwd: 10/19/24 Article "Former Denver DHS child-protective case worker arrested for alleged false reports."

Perhaps DEFENDANT 44: STEPHANIE VILLAFUERTE SYSTEMIC RECOMMENDS TO DEFENDANT #14 GOVERNOR POLIS and state legislature to IGNORE SAFETY OF COLORADO's BLACK ICWA CHILDREN KNOWING BLACK CHILDREN MAKE UP THE MAJORITY OF FOSTERCARE "SYSTEM"?!

VILLAFUERTE FAILS to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which she had knowledge were about to occur and power to prevent —— 28 U.S.C. §1343(a)(1)(2) (emphasis). At all times relevant, she acts under the color of U.S. and greater state constitutions, federal, and state laws. JOINTLY AND SEVERALLY LIABLE. RELIEF *Id.* at "E. REQUEST FOR RELIEF." *EMPH.*



DEFENDANT 45:    MICHELLE BARNES — white (race), female (sex) — whose personal participation, control, direction, or failure to supervise (*Buter v. City of Norman*, 992 F. 2d 1053, 1055 (10th Cir. 1993) — as the EXECUTIVE DIRECTOR of the Colorado Department of INHUMANE (*EMPH.*) Services ("CDHS). The Department is CHARGED with supervising and providing policy direction for COLORADO'S CHILD WELFARE SYSTEM, which is administered by Colorado's sixty-four counties through local Departments of Human Services. Colorado Human Services Code recognizes that the state and county departments are separate entities with separate roles in providing services. *Colo. Rev. Stat. § 26-1-103.* At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

JOINTLY AND SEVERALLY LIABLE — MAXIMUM remedies *Id.* at "E. REQUEST FOR RELIEF."



Denver child caseworkers improve on background checks after scrutiny – The Denver Post

**DEFENDANT 46:**    **JOEL HOMLAR** — white (**race**), male (**sex**), who **PRIOR** to promotion of Division of Child Welfare at Colorado Department of Human Services, was carbon copied on **ALL ADVERSE ACTIONS** (EMPHASIS) issued to *PRO SE* —— *but-for* **NEPOTISM** (*EMPH.*) **AND** *IN* **VIOLATION OF CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— with **DEFENDANTS #70 (SCHEUERMANN)** and #73 (**HALL**) — **WILLFUL AND WONTLY FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)**.*EMPH.*  At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** —— **MAXIMUM COLLATERAL SOURCE COMPENSATORY BOTH IMPRISONMENT AND FINES AND EMERGENCY SUSPENSION AND TERMINATION AND PERMANENT INJUNCTION RESTRAINING** *Id.* at "**E. REQUEST FOR RELIEF.**" *EMPH.*

**DEFENDANT 47:**    **ANDREW STAPLES #32403** — male (**sex**), **Arapahoe** County Child Support Service (CSS) Unit; APRIL 18, 2019 — **C.R.C.P. §16.2(A)** **NEVER EXEMPT** — entered **FULL SERVICE IV-D** (*EMPH.)* **03-422204-44-0A IMPROPER** (*EMPH.)* *INTERVENOR* — who **NEVER APPEARED AT RELEVANT PROCEEDINGS** — **NOR PROVIDED PARTIES CHILD SUPPORT GUIDELINES... JOINTLY AND SEVERALLY LIABLE** — to *Obligee PRO SE* and Independently **BENEFICIARY** (*EMPH.*) **child** (**MIG**) — for all injuries suffered, furthered, and **continuous Inadequate, Inequitable, AND Inefficient Child (MIG) Support** — **flowing directly from and that are connected to discrimination of lawful rights and entitlement pursuant to <u>TITLE VI</u>.**

**DEFENDANT 48:**    **TRACY M. RUMANS #34218**— white (**race**), female (**sex**), **Arapahoe** County Child Support Service (CSS) Unit; APRIL 18, 2019 — **C.R.C.P. §16.2(A)** <u>**NEVER EXEMPT**</u> — entered **FULL SERVICE IV-D** (*EMPH.)* **03-422204-44-0A IMPROPER** (*EMPH.) INTERVENOR* — who **NEVER APPEARED AT RELEVANT PROCEEDINGS — NOR PROVIDED PARTIES CHILD SUPPORT GUIDELINES... JOINTLY AND SEVERALLY LIABLE** — to *Obligee PRO SE* and Independently **BENEFICIARY** (*EMPH.*) **child** (**MIG**) — for all injuries suffered, furthered, and **continuous Inadequate, Inequitable, AND Inefficient Child (MIG) Support** — **flowing directly from and that are connected to**

discrimination of lawful rights and entitlement pursuant to <u>TITLE VI</u>.



**DEFENDANT 49**:    **KATHLEEN BRIDGET NOONE #44334** — white (**race**), female (**sex**) — APRIL 18, 2019 — C.R.C.P. §16.2(A) <u>NEVER EXEMPT</u> — entered COLORADO DEPARTMENT OF INHUMANE SERVICES (**DEFENDANT # 45**) — **FULL SERVICE IV-D** 03-422204-44-0A IMPROPER INTERVENOR- <u>APPELLEE</u> — **who willful and wontly**, conflict of interest, entered Colorado Court of Appeal Case No. 2022CA336 — *IN* TERRIBLE FINAL ATTEMPT TO PERHAPS SAVE FACE OR OPENGOV STATE SALARY OR GOVERNMENT AGENCY (**Defendant #45**) MAJOR CONTINUED FLOP — **RENDERED SUPERFLUOUS INTERPRETATION OF C.R.S. §14-10-115(5)(A)(II)(C);** WORSE —— "MOTHER SHOULD NOT BE ALLOWED HER SECRET RECORDING" (*EMPH.*) —— knowing *PRO SE* Plaintiff captured and recorded as **LEGALLY AFFORDED BY COLORADO** <u>C.R.S §18-9-304</u> — OCTOBER 1, 2021 — **UNCONSTITUTIONAL CONTESTED** hearing and further <u>VOID</u> **December 16, 2021, January 8, 2021, and January 31, 2022 ORDERS of DEFENDANT #16** (MULLINS #6659) with EXTRINSIC FRAUD willful and wonton **discriminative participation of Defendants #15, #16, #26, #33, 42**— ALL *IN* VIOLATION OF <u>ABSOLUTE</u> (EMPH) *Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* <u>(EMPH),</u> 403 P. 2D 442 (1965); **C.R.S. § 14-10-122; § 24-51-1105; ART. VI, § 5 (3) OF COLO. CONST., COLO. C. J. DIRECT 95-03; C.R.C.P. 122 AND FURTHER DEPRIVATION OF DECLARATORY DECREES'.** *PRO SE* applied for FULL-SERVICE <u>IV-D</u> AUGUST 24, 2018 — but-for had to **file COMPLAINT via email to** <u>cdhs_clientservices@state.co.us</u> **on December 6, 2022.**

<u>NEVER EXEMPT C.R.C.P. §16.2(A)</u> **APRIL 18, 2019** entering Defendants #47, #48, #49 —— **failed to exercise reasonable care and actions were <u>NEVER</u>** representative of the very task and mission the state government agency **Colorado Department of Human Services (Defendant #45)** : Arapahoe County Human Services Child Support (CSS) was entrusted and supposed to do —— <u>**INTERVENE TO ENSURE ADEQUATE, EQUITABLE, AND EFFICIENT SUPPORT FOR CHILD(REN) ("MIG") REPRESENTATIVE OF THE CONSTITUENTS OF COLORADO**</u> — NOR pursuant to <u>**TITLE IV-D.**</u>

**Defendant #49** (NOONE #44334) **willful and wantonly** abused authority under color of state law, causing harms and irreparable injuries alleged herein; **violated CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS**

6 AND 25); AND TITLE VI of the Civil Rights Act of 1964, 42 U.S.C. 200d *et seq.*

**JOINTLY AND SEVERALLY LIABLE** — to *Obligee PRO SE* and **Independently BENEFICIARY** (*EMPH.*) **child** (**MIG**) — for all injuries suffered, furthered, and **continuous Inadequate, Inequitable, AND Inefficient Child (MIG) Support** — **flowing directly from and that are connected to discrimination of lawful rights and entitlement pursuant to TITLE VI** AND **28 U.S.C. §1343(a)(1)(2).**



NBC News
Denver mayor travels for Thanksg...

**DEFENDANT 50:**    **MICHAEL B. HANCOCK** — former City and County of Denver Mayor who **willful and wantonly failed to prevent or to aid in preventing any wrongs** mentioned in section 1985 of Title 42 **which he had knowledge were about to occur and power to prevent** —— **28 U.S.C. §1343(a)(1)(2)** (emphasis).

*PRO SE* continued to whistle-blow (emphasis) and on **MAY 21, 2019** (emphasis) "Requested a Private Meeting" with The Scheduling Team at the Office of Mayor Michael B. Hancock online (evidenced in her City and County Reply Brief Before Defendants #52, #53, #54, #55, #56 (at Fact #51) — invited **HANCOCK** to continued Career Service Hearing before **IMPERMISSIBLY BIAS CHERRY-PICKING PLOTTING** Bruce A. **Plotkin** #18133 **(Inactive)(Defendant #59)**.

Pursuant to Denver Human Services internal policy "**VOICES**" (at administrative record pp #954-977) *PRO SE* FURTHER exercised her **FIRST AMENDMENT CONSTITUTIONAL RIGHT** and **invited HANCOCK** to DHS "VOICES" meeting for Referral # 2870434 (Copeland)("BC fatality") —— as he was Deacon at New Hope Baptist Church where July 18, 2018 possible tribal affiliated **(ICWA) child(ren)** (surviving siblings' **"KM, NM, and decedent "AM"**) abuse near fatality- fatality Referral # 2870434 (Copeland)("BC fatality") family worshipped. *PRO SE* informed Mayors Office of racial targeting of **BLACK** (race) **(ICWA) CHILD(REN)** and **BLACK** (race) **Social Caseworkers**.

**42 U.S.C. § 1985(2)(3) VIOLATION** —— further afforded **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENT RIGHTS** —— on account of support and advocacy for **VOTING** (emphasis)  for her *Alpha Kappa Alpha Sorority* (AKA), **INC. Soror** (emphasis)(**PRESENT BLACK FEMALE** (emphasis) **U.S. Vice President**

(emphasis) **KAMALA HARRIS** ) AND for **2019 City and County of DENVER MAYORAL Running mate/ Appellant against City and County of Denver** *et al.*, **BLACK LATINA** (emphasis) **"DR. LISA *CALDERÓN*"**—— **ON JUNE 4, 2019** (emphasis) —— **SAME DAY** (emphasis) **of City and County of Denver Board Appointing DEFENDANT #50 HANCOCK'S RE-ELECTION** (emphasis) —— during **RECORDED SEQUESTERED** (emphasis) administrative direct **Consolidated Case Nos. 073-18, 076-18, 080-18** Career Service Hearings' ***PRO SE*** willfully and wontly delivered in her Closing Arguments —*"I HAVE A RIGHT TO VOTE!"* ; being **"ONLY BLACK** (race), Latina (New Orleanian Creole (people of mixed French, African, Spanish, and **Native American**) Dominican Republic) (ancestry), married (marital status), female (sex), with pregnancy, childbirth, and related medical conditions (disability) — **Social Caseworker- CA2686**, at Denver Human Services, Child Welfare, Emergency Response Team ("ERT")"; being a Denver, Colorado native; her **AKA** Sorority, INC. affiliation; knowledge and quasi-judicial briefs citing ***"SEE Dr. Lisa Calderón*** (emphasis, **Black- Latina**) *v. City and County of Denver et al.* (emphasis)*; Michael Hancock* (emphasis) *Patrick Firman; Jess vigil; Andrea Albo* D.C. No. 1:18-CV-00756-PAB-MEH (emphasis) / 19-1388) *(emphasis)*"; and **EEO and whistleblowing** protected activities [***Lombard-Hunt, Lynne***, (3/3/08) (Order 12/24/07) (Order 12/5/07); ***PRO SE v. Donovan / Castro,*** 14-CV-01699-MEH (emphasis)]."

　　　　**MAYOR DEFENDANT #50 MICHAEL B. HANCOCK** was/is publicly known for committing adultery against his **BLACK** (race) **WIFE** (sex); sexually harassing **BLACK** (**race**) female (**sex**) **Denver Police Officer** (*EMPH*); and during declared **COVID** state of emergency, traveling **OUT OF STATE OF COLORADO** to Mississippi for Thanksgiving… At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws.

　　　　**HANCOCK JOINTLY AND SEVERALLY LIABLE** — for depriving ***PRO SE*** U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENT; 28 U.S.C. §1343(a)(1)(2)(3)(4); AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS** tracing back to **JULY 21, 2011** with **Defendants #13 (GARCIA) and #77 (GOMEZ) 42 U.S.C. § 1983 AND 42 U.S.C. § 1985(2)(3) liable. CITY AND COUNTY OF DENVER— NEVER** immune municipal liability, was/is a political subdivision of the state, **NOT** entitled to sovereign immunity. ***Ambus v. Granite Bd. Of Educ***, 975 F. 2d at 1560 (quoting ***Guadiana v. C & C DEN***, 21-1294 (10 th Cir.).



**DEFENDANT 51:    DONALD ("DON") J. MARES, ESQ.** —— **"YOU MAKE IT SOUND LIKE THERE'S A <u>WAR</u>** (emphasis) **GOING ON DOWN THERE!"**(emphasis) —— **WILLFUL AND WONTON DISREGARD/ RESPONSE** from **Hispanic** (ethnicity), male (**sex**), formerly the deputy mayor of the **City and County of Denver** in 2016 and 2020; and before appointing **MARES** to lead Denver Human Services in 2015 —— *FELLOW* Mayor Michael B. Hancock (**Defendant #50**) tapped **MARES** to head the Office of Behavioral Health Strategies — to **BLACK** (race) **EEO protected witness and whistleblower (*PRO SE*)** to stop discrimination and retaliation being visited **NOT** just unto white (**color**) **Hispanics'** (ethnicity) **i.e.** *Jessica* (emphasis, Hispanic-white) *Calderon* v. *Denver Human Services*, 1:19-CV-03606-<u>KLM</u>] —— **BUT-FOR FAR AND WORSE** (emphasis) —— unto **BLACK** (race), **WOMEN** (sex) DHS Social Workers' and **BLACK** (race) **CHILDREN** —— by the **SAME EEO RMO DEFENDANTS #71** (BERRY), **#70** SCHEÜERMANN, **#73 CAT**-PAWING (emphasis) <u>CAT</u>ALANO **#39773** (emphasis); **#69** (**DA VIS**); and <u>HIMSELF</u> (MARES).

        *IN* VIOLATION OF CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **WILLFUL AND WONTLY FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— <u>**28 U.S.C. §1343(a)(1)(2)**</u>.*EMPH.*

        **WITH A LEGAL EDUCATION** —— at all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** —— <u>**MAXIMUM**</u> **COLLATERAL SOURCE COMPENSATORY BOTH IMPRISONMENT AND FINES AND EMERGENCY SUSPENSION AND TERMINATION AND PERMANENT INJUNCTION RESTRAINING** *Id.* at "E. REQUEST FOR RELIEF." *EMPH.*

        **FLEEING FORMER DHS** (emphasis) **EXECUTIVE DIRECTOR** —— <u>**2022CA1542**</u> **DEFENDANT-APPELLEE — PRESENT** (*EMPH.*) **DENVER HUMAN SERVICES BOARD ADVISOR TO EXECUTIVE DIRECTOR** (term ends March 31, 2027) —— <u>**NEVER**</u> (*EMPH)* to be **"TRUSTED"** —— *BUT-FOR* —— THE COLORADO TRUST **PRESIDENT & CHIEF EXECUTIVE OFFICER** —— "*A FOUNDATION DEDICATED TO CREATING FAIR AND EQUAL OPPORTUNITIES FOR COLORADANS TO LEAD HEALTHY LIVES*" —— HEREIN NOW DEFENDANT **#51 DONALD J. MARES, ESQ.**



**DEFENDANT 52:    NEIL PECK #2922 (INACTIVE- DECEASED) CITY AND COUNTY OF DENVER CAREER SERVICE BOARD** — Appointed to serve at the pleasure of **Defendant #50 (Hancock)** <u>2022CA1542</u> Mayor Defendant-Appellee **(Hancock)** in positions specifically designated or created by the Mayor, pursuant Denver, COLO- Code of Ordinances, Article II. **WILLFUL AND WANTONLY AUTHORED** (emphasis) **AUGUST 26, 2020** (administrative REC, pp # 1477-1482), *NUNC PRO TUNC* (emphasis) <u>**DECEMBER 19, 2019**</u> (Attached Exhibit #1 USB, *Id.* at "ADD #1 12_19-19 Board DEC. pdf") **DEFENDANTS #53, #54, #55, #56** Board <u>2022CA1542</u> Defendant-Appellees' **FINAL DECISION** — *IN DEPRIVATION OF VERTICAL AND HORIZONTAL STARE DECISIS (Id.* at aforementioned Fact #54) **OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS'; ABSOLUTE** (EMPH) *Olmstead v. DIST. CRT. OF 2nd JUD. DIST.* (EMPH), 403 P. 2d 442 (1965); **CADA: C.R.S. § 24-34-401** *et seq.*; **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25)** —— **JULY 25, 2019 Petition for Review explicitly preserved Fed.R.Civ.P 56(C) and lower FOUR City and County of Denver Career Service Rules § 21-21(A-D) GROUNDS: new evidence; erroneous interpretation of applicable authority; policy setting precedent; and insufficient evidence** —— **so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority** —— so far, departed from accepted and usual course of quasi-judicial proceedings—— **AND FURTHER** *IN* **VIOLATION OF City and County of Denver Career Service Rule § 21-29:** "…Board **SHALL** issue its decision within sixty-three (63) calendar days after the date on which the final brief is submitted." **AUGUST 26, 2020** — was **EXACTLY TWO DAYS AFTER** — Colorado Court of Appeals **MANDATED** jurisdiction of parallel and in privity timely filed **Case No. 2020CA286:** *PRO SE v. Industrial Claim Appeals Office ("ICAO") and C & C DEN City Agencies Under the Mayor* (Defendant #50), back to **ICAO** (Defendants #24 and #25) — **AND VERY SAME DAY** (*EMPH*) — **DEFENDANTS #59 SHERRI CATALANO #39773 AND #63 BRUCE ANDREW PLOTKIN #18133 (**<u>INACTIVE</u>**)** <u>2022CA1542</u> **DEFENDANT-APPELLEES'** — **WILLFUL AND WONTLY** *IN* **FURTHER CRIMINAL ACTS DENIED** (*EMPH*) *PRO SE* privacy protection name redaction request — <u>**WHEN**</u> *PRO SE* name **NEVER PROTECTED BY C.R.S. §19-1-307(1)(a)** (*EMPH*) **as "REPORTER" for JULY 18, 2018 child abuse near** fatality- fatality Referral # 2870434 (Copeland) for **BLACK** (race) possible **(ICWA)** children (AM, KM. NM). **FURTHER** *IN* **VIOLATION OF U.S. CONSTITUTIONAL ART VI CL II, V, XIV, DEFENDANTS #52, #53, #54, #55, #56 AUGUST 26, 2020,** *NUNC PRO TUNC* (emphasis) <u>**DECEMBER 19, 2019**</u> — **FINAL DECISION WAS** <u>**WITHOUT REQUIRED**</u> (EMPH) **DUE PROCESS NOTICE TO** *PRO SE* **REGARDING FURTHER**

DISCRIMINATION CLAIMS ADMIN. REVIEW RIGHTS BY EEOC (EMPH) OR JUDICIAL REVIEW CONCERNING OTHER PROHIBITED PERSONNEL PRACTICES CLAIMS AND REQUIRED *DE NOVO* REVIEW OF FACTUAL FINDINGS AND LAWS.

ON ITS FACE, EVIDENCE OF "WHITE MANS LAW AND WHITE LYING LAWYERS" HURTING ICWA AND BLACK LIVES FROM BEYOND GRAVE.

Career Service Board 2022CA1542 Defendant-Appellee white (**race**), male (**sex**) **NEIL PECK (Inactive- Deceased)** — NEVER ENTITLED **TO SOVEREIGN IMMUNITY CITY AND COUNTY OF DENVER NEVER IMMUNE FROM** *Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.* — SHALL BE (DISBARRED-DECEASED) AND ALL MAXIMUM COLLATERAL SOURCE RULE COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) **TO BE AGAINST** HIS ESTATE. *EMPH.*

At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE. RELIEF** *Id.* at "E. REQUEST FOR RELIEF." *EMPH.*



**DEFENDANT 53:** **DAVID S. HAYES #28661 —** *Ibid.* White (**race**), male (**sex**), appointed to serve at the pleasure of **Defendant #50 (Hancock)** 2022CA1542 Mayor Defendant-Appellee (**Hancock**) in positions specifically designated or created by the Mayor, pursuant *Denver, COLO- Code of Ordinances, Article II*—— 2022CA1542 Career Service Board Defendant-Appellee. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY CITY AND COUNTY OF DENVER NEVER IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE — SHALL BE (DISBARRED) AND ALL MAXIMUM COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary). **RELIEF** *Id.* at "E. REQUEST FOR RELIEF." *EMPH.*



**DEFENDANT 54:** <u>KAREN</u> HASSETT DUWALDT #15967 — *Ibid.* White (**race**), female (**sex**), "appointed to serve at the pleasure of **Defendant #50 (Hancock)** <u>2022CA1542</u> Mayor Defendant-Appellee (**Hancock**) in positions specifically designated or created by the Mayor" pursuant *Denver, COLO- Code of Ordinances, Article II* —— <u>2022CA1542</u> Career Service Board Defendant-Appellee. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY CITY AND COUNTY OF DENVER NEVER IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401** *et seq.* At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE — SHALL BE (DISBARRED) AND ALL <u>MAXIMUM</u> COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary). **RELIEF** *Id.* at "**E. REQUEST FOR RELIEF.**" *EMPH.*



**DEFENDANT 55:** **PATRICIA BARELA RIVERA** — *Ibid.* **Publicly** proudly boasts of her **CHICANA/ MEXICAN ASCENDANCE (RACE)** — *BUT-FOR* — **LIKE DON MARES (DEFENDANT #51) SALARLY/CONTINUED City and County of Denver Career Service Board POSITION MATTERED MORE THAN OATH, OWED DUTY, TRUTH, ICWA AND BLACK LIVES. SHALL BE REMOVED FROM "THE COLORADO WOMEN'S HALL OF FAME."** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY CITY AND COUNTY OF DENVER NEVER IMMUNE FROM CADA: C.R.S. § 24-34-401** *et seq.* **— JOINTLY AND SEVERALLY LIABLE — ALL <u>MAXIMUM</u> COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary). **JOINTLY AND SEVERALLY LIABLE —RELIEF** *Id.* at "**E. REQUEST FOR RELIEF.**"



**DEFENDANT 56:** **TRACY J. WINCHESTER, J. D.** — ONLY (emphasis) **BLACK** or **African American** (race), dark-skin (**color**) <u>2022CA1542</u> Board Defendant-Appellee **whose "LAST BOARD MEETING"** was **SAME DAY** (emphasis) <u>JULY 12, 2019,</u> **FINAL DECISION** of *PRO SE* **wrongful suspension and termination affirmed**. Attached Exhibit #1 USB, *Id.* at "ADD #2 12_19_19 LAST BOARD MTG TRACY WINCHESTERS.pdf". **FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which she had knowledge were about to occur and power to prevent —— <u>28 U.S.C. §1343(a)(1)(2)</u> (*EMPH.*). NEVER ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE** — <u>MAXIMUM</u> **COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary). **JOINTLY AND SEVERALLY LIABLE —RELIEF** *Id.* at **"E. REQUEST FOR RELIEF."**

**Karla Pierce** (2020)
Assistant City Attorney Section Supervisor
City and County of Denver, Colorado

Karla Pierce worked as an Assistant City Attorney Section Supervisor for City and County of Denver, Colorado and in 2020 had a reported pay of $187,877.57 according to public records. This is 158.9 percent higher than the average pay for county employees and 161.9 percent higher than the national average for government employees.

**DEFENDANT 57:** <u>KARLA JAYNE PIERCE #27881</u> — White (**race**), female (**sex**), CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE **Employment and Labor Law Section** — whose "administrative duties and those investigatory functions **NEVER** closely related to an advocate's preparation for judicial proceedings"(***Benavidez v. Howard*** , 931 F. 3d 1225, 1231) (10th Cir. 2019) (applying rule to city attorneys) —— **WHEN NEGLIGENTLY OR INTENTIONAL MISCONDUCT** —— **PIERCE #27881** —— personally participated in Denver District Court Case No. **2020CV405 AND Colorado Court of Appeal** 22CA1542 *IN* **VIOLATION of U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV; Federal R. Civ. Proc. 11; ABA Model Rules of PROF. Conduct Rule 3.1; 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; <u>28 U.S.C. §1343(a)(1)(2)</u>;** *OVERTON PARK V. VOLPE*, 401 <u>U.S.</u> 402 (1971); **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); COLO. SUP. C.J. DIR. 05-03;** *Nesbit v. Industrial Commission*, 607 P.2d 1024 (1979); **CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **WILLFULLY AND**

**WANTONLY** —— filed and certified **FEBRUARY 9, 2021,** only a **PARTIAL** (*EMPH.* ) direct **Consolidated Case Nos. 073-18, 076-18, 080-18** Career Service Hearings' administrative record ("*REC*") in Denver District Court Case No. **2020CV405.**

**FURTHER** —— **PIERCE #27881** —— **FAILED** to certify **COMPLETE** Denver District Court Case No. **2020CV405** *REC* proceedings pursuant **DEFENDANT 31:MICHAEL VALLEJOS (#21028) MARCH 24, 2021 ORDER:** "It is granted to the extent that any documents, exhibits, or other materials considered by the Board are not currently in the record."

**FURTHER,** it was **K̲ARLA JAYNE PIERCE's (#27881) CONFERRAL ADMISSION** —— "Please note that the Board's only role in a Rule 106(a)(4) appeal is to file an answer and comply with the court's order to certify the record. DDHS is the party that defends the appeal" —— *BUT-FOR* Colorado Court of **Appeal No. 2020CA1542** [EMPH] was *omnibus* **WITHOUT ORIGINAL OR CERTIFIED COPIES** [EMPH] of *PRO SE's* **Hearing Exhibits A-Z (Bates Stamped 000001-715).** *REC,* pp #562 —— AND SUBSEQUENT PREJUDICE *PRO SE's* **CORA** (EMPH.) **REQUEST** —— FURTHER PREJUDICE —— *PRO SE'S* **50 EXHIBITS'** —— were marked alphabetically atop by handwriting **NOT** of her own; poorly scanned; re-assorted into entirely different binder without her **PRO SE, LLC logo** affixed afront (SEE **PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD, #11, #12**); as were pre-placed at witness stand AFTER ABUSIVELY **"CHERRY-PICKED"** BY HEREIN **DEFENDANT #59** City and County of Denver Hearing Officer DEFENDANT-APPELLEE — **PLOTKIN #18133** **(Inactive).** *EMPH.*

**FURTHERMORE,** K̲ARLA JAYNE **PIERCE #27881**—— **willful and wantonly** *IN* **VIOLATION** of *J. & R. A. Savageau, Inc. V. Larsen,* **117 Colo. 229, 185 P.2D 1012 (1947)** — **"Inclusion of the judgment in the record is MANDATORY"** —— (*EMPH.*) —— prejudice *PRO SE* was so badly deprived **C.R.S. § 24-4-106(6) RIGHTS** AND **DENIED MOTIONS to supplement record** by **TAINTED BIAS Colorado Court of Appeals** —— that *PRO SE* created and filed **C.A.R. 28 (e) ADDENDA USB** which included *omnibus* **VIOLATING ABSOLUTE** (EMPH) — *Olmstead v. DISTRICT COURT OF SECOND JUDICIAL DIST.* (EMPH), **403 P. 2D 442 (1965)** — *NUNC PRO TUNC* "DECEMBER 19, 2019: Decision - CSB Consolidated Appeals 73-18, 76-18, and 80-18, *PRO SE* vs. **Denver Human Services"** — **AGAIN AND NOW AT PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD, #1.** *EMPH.*

At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** — "K̲ARLA **PIERCING THE VEIL"** JAYNE PIERCE **#27881** —— **JOINTLY AND SEVERALLY LIABLE — SHALL BE** involuntarily immediate emergency suspended (unpaid), **TERMINATED, DISBARRED, AND ALL MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF".**



**DEFENDANT 58:    JULIA B. REIKE #36206 (INACTIVE)** (emphasis)  — was COLORADO DEPARTMENT OF LABOR & EMPLOYMENT ("CDLE") Administrative Law Judge ("ALJ") —— who willful and wontly, deprived ***PRO SE* Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25);** and **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV— WHEN —— OCTOBER 23, 2019** (*EMPH.*) —— **REIKE #36206 (INACTIVE) — REVERSED** (*EMPH.*) ***PRO SE*'s MAY 15, 2019** (*EMPH.*) CDLE Appeal **Docket #1342-2019 UNEMPLOYMENT** (*EMPH.*) —— **DECEMBER 7, 2018** (*EMPH.*) —— **TERMINATION BENEFITS AWARD** (*EMPH.*) **AGAINST** DEFENDANT CITY AND COUNTY OF DENVER:

> **" (1) because the claimant failed to staff an afterhours hotline call, she answered on October 20, 2018, with an on-call supervisor."** *Id.* **at FACT #33 (a), Ex. #1 USB,** 2022CA1542, C.A.R. 28 (e) ADDENDA #35, *FOLIO, pp #* 2435-2436.

*Ibid.* **UNCONSCIONABLE FURTHERING OF IRREPARABLE HARMS AGAIN** (*EMPH.*) **AFFIRMATIVELY CONTRARY** *Id.* at **FACT #33 (a), Ex. #1 USB,** 2022CA1542, C.A.R. 28 (e) ADDENDA **#35,** *FOLIO, pp # 2334-2344* (*PRO SE*'s  ICAO Appeal **Brief pp # 10-20)** — CDLE ALJ Rieke #36206 **(Inactive)** — misconstrued or misapplied factual findings — **OCTOBER 19, 2018** (*EMPH.*) **1:38 AM** (*EMPH.*) — **"T.L.-Physical Abuse",** *AFTERHOURS* (*EMPH.*) **("Longwolf")** (*EMPH.*) **(POSS. ICWA SURNAME) Hotline Call** (*EMPH.*)" —— **NEVER** *DE NOVO.* **REVIEWING** (*EMPH.*) **AS REQUESTED,** (*EMPH.*) **AND REQUIRED** (*EMPH.*) **Career Service Rule § 9.62** (Protective Service Stipend **"After-Hours")** (*EMPH.*); AND ***PRO SE*'s** publicly retrievable job specification **SOCIAL CASE WORKER- CA2686** (*EMPH.*) —— *COMPARED TO* (*EMPH.*) **Human Services Hotline Operator - CC2538** —— BOTH *Id.* at PLAINTIFF'S EXHIBIT # 1—1 (USB):2022CA1542, **C.A.R. 28 (e) ADDENDA #4 AND # 5** (emphasis) —— **AND VOL VII: §7.103.1; §7.107.17; §7.103.11; §7.103.61; §7.103.4(F)** —— **AND CESA: C.R.S. § 8-73-108(4)(d)** substantial change in working conditions; **(h)** violation of written employment contract; and **(o)** personal harassment not related to job performance. ***EMPH.***

*Ibid.* **HEIGHTENED EXTRINSIC FRAUD** (*EMPH.*) **ADVERSE ACTION INCIDENT DATES'** (*EMPH*) which *PRO SE* **WRONGFULLY** (*EMPH*) suspended and terminated — **JULY 18, 2018** ("BC Fatality"); **SEPTEMBER 20, 2018** ("Maggots- Neglect, **AFTERHOURS** (emphasis) Hotline Call (emphasis)"); and **OCTOBER 23, 2018** ("OCTOBER

23, 2018, Intake Training") —— **STATE DEFENDANTS #58 (CDLE ALJ), #24** AND **#25** —— **ICAO NEVER AFFIRMED.** *EMPH.*

At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE — NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq. — SHALL BE DISBARRED AND ALL MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 59**:    **BRUCE ANDREW PLOTKIN #18133 (INACTIVE)** — white (**race**), male (**sex**) —— *AB INITIO* undermining proceedings **FAIRNESS** —— **CITY AND COUNTY OF DENVER** CAREER SERVICE HEARING OFFICER —— **WHO WILLFULLY AND WANTONLY WAGED "WAR"[7]** against **OATH DUTIES** of **HEARING OFFICER - CL0364 PUBLICLY RETRIEVABLE AT:** https://www.denvergov.org/files/assets/public/v/4/job-center/documents/jobspecifications/hearing_officer_cl0364.pdf AND U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) —— **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); CRIMINALLY 18 U.S.C. § 241** —— WITH —— **A HELL BENTED MIND; ANIMUS; AND CONSCIOUS DISREGARD OF NATIVE ICWA BLACK** *PRO SE* —— AMERICAN BLACK (race) **WOMEN** (sex) (Ms. Sherron, Shiree Edwards, Alancia Gray, Mayoral running **DR. LISA CALDERÓN**) —— AND **ICWA BLACK CHILD(REN) MIG(AM,KM,NM)** —— **ASSISTING** (*EMPH.*) WHITE (race)(*EMPH*) **WRONGDOER EEO RMO** DEFENDANTS **#63 (CAT**ALANO **#39773), #78** (HODSON), **#65** (HUMPHREYS **#49348), #75** (VANCLEAVE), **#60** (SMITH **#29514), #70** (SCHEUERMANN), **#71** (BERRY), **#72** (BALL), **#73** (HALL) —— **PERSONALLY PARTICIPATING** April 19, 2019, April 20, 2019 **CONTINUED** May 10, 2019, June 3, 2019, AND JUNE 4, 2019 (**SAME DAY AS MAYORAL DEFENDANT #50** HANCOCK'S **RE-ELECTION** AGAINST **DR. LISA**

---

[7] ***Cooper v. Arron***, 358 U.S. 1, 78 S. CT. 1401 (1958)

CALDERÓN WITH exerted knowledge and quasi-judicial briefs citing *"SEE Dr. Lisa Calderón* (emphasis, **Black- Latina**) *v. City and County of Denver et al.* (emphasis)***; Michael Hancock*** (emphasis) *Patrick Firman; Jess vigil; Andrea Albo* D.C. No. 1:18-CV-00756-DEFENDANT #8 **PAB** (EMPHASIS) -DEFENDANT #10 **MEH** (EMPHASIS) / 19-1388 *(emphasis)* —— wherein *omnibus* PREJUDICE *PRO SE* ——**WILLFULLY AND WONTLY U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS DELIVERED IN HER CLOSING ARGUMENTS —***"I HAVE A RIGHT TO VOTE!"***; AND** "**ONLY BLACK** (race), **LATINA** (New Orleanian Creole (people of mixed French, African, Spanish, and **NATIVE AMERICAN**) Dominican Republic) (ancestry), **married** (marital status), **female** (sex), **with pregnancy, childbirth, and related medical conditions** (disability) — **Social Caseworker- CA2686**, at Denver Human Services, Child Welfare, Emergency Response Team ("ERT")" —— **FURTHER ON ACCOUNT OF SUPPORT AND ADVOCACY FOR VOTING** (emphasis) **FOR HER** *Alpha Kappa Alpha Sorority* (AKA), **INC. SOROR** (emphasis) **PRESENT BLACK FEMALE** (emphasis) **U.S. Vice President** (emphasis) **KAMALA HARRIS** —— **AND EEO AND WHISTLEBLOWING PROTECTED ACTIVITIES** of being **CITY AND COUNTY OF DENVER CASE OF PRECEDENCE** (*EMPH.*) **PREVAILING** (*EMPH.*) **CASE IN CHIEF** (*EMPH.*) *IN* **ANALAGOUS** — *RE: Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07) — **AND DENVER COUNTY**(*EMPH.*) **SMALL CLAIMS COURT Case No. S83180** (*EMPH.*) *PRO SE v. Bell* — **UNDISPUTED CAPTURING ALL THE SAME** —— *OMNIBUS* **PRESERVED RETAINED AND RE-PRODUCED HEREIN** AT (*EMPH.*) **PLAINTIFF'S EXHIBIT # 1—1 (USB)** (*EMPH.*) : #13; #45, #28, #29, #30, #31, #32, #33, #34 (*EMPH.*) —— — **DEPSITE CITY AND COUNTY OF DENVER** (*EMPH.*) **ILLEGALLY NOT PURSUANT TO CORA** (*EMPH.*) **OR FOIA** (*EMPH.*) **HIDDING** (*EMPH.*) **FROM PUBLIC** (*EMPH.*) —— **DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133 (INACTIVE) WILLFUL AND WONTLY VIOLATED** 42 U.S.C. § 1985(2)(3) (*EMPH.*) —— **AND WORSE** —— **TOOK SICK PLEASURE** in *PRO SE* Plaintiff having to exhibit **SUPERIOR LEGAL SKILLS** (*EMPH.*) **AND MOVE EVIDENCE INTO THE RECORD EVIDENCE** —— **AND PER DEFENDANT 59:** BRUCE ANDREW **PLOTKIN #18133 (INACTIVE) WILLFUL AND WONTLY DENYING** *NON* (*EMPH.*) contested **PREHEARING CONFERENCE REQUEST** [8]—— *PRO SE* Plaintiff **OBJECTING TO SURPRISE** (*EMPH.*) **TO BE DEBARRED FEDERAL CIVIL RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1 EXTRINSIC FRAUD IN AND ON THE COURT EEMO RMO** DEFENDANT #63 **CAT**ALANO's (#39773) —— OPENING STATEMENTS—— **ON EXERTED GROUNDS** "generally, practice of oral argument being at close of all presentation of evidence with consideration NOT *VOIR DIRE* (*EMPH.*) before jury (*Id.* AT **PLAINTIFF'S EXHIBIT # 1—1 (USB)** (*EMPH.*) : *ADD, #10, 4/18/19 Preliminary, CORA AUDIO PRO SE*) — all skills which *PRO SE* Plaintiff retained from **HIGHER** (*EMPH.*) **quasi-Judicial MSPB** (*EMPH.*) **AND proceedings before U.S.** (*EMPH.*) **U.S. District for the District of Colorado (MEH)** (*EMPH.*) —— **NEVER** "informal a manner as is consistent with a fair, efficient, and speedy presentation of the appeals" *IN* **VIOLATION OF CITY AND COUNTY CAREER SERVICE RULE** § 19-50 — **AND WORSE** —— *POST* **DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133 (INACTIVE) WILLFUL AND WONTON VERTICAL STARE DECISIS** VIOLATION OF *OVERTON PARK V. VOLPE*, 401 U.S. 402 (1971) —— **APRIL 19, 2019** (*EMPH.*) **PIECEMEAL** "CHERRY

---

[8] *REC,* p # 601, (c)

PICKING" (Hence his own self destructed legacy preserved as "Cherry Picking Plotting **INACTIVE** PLOTKIN #18133") *IN* VIOLATION **OF GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25)** AND U.S. **CONSTITUTIONAL ART VI CL II, I, V, XIV** —— *PRO SE* Plaintiff's **DUE PROCESS** *(EMPH.)* **AFFORDED FIFTY (50)***(EMPH.)* **HEARING EXHIBITS A-Z (Bates Stamped 000001-715)** —— IN FRONT OF AND WITH ENTERTAINED PARTICIPATING *OMNIBUS* RACIST WHITE (race) **DEFENDANTS #78** (HODSON) **AND** *OMNIBUS* **TO BE DEBARRED FEDERAL CIVIL RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1 EXTRINSIC FRAUD IN AND ON THE COURT EEMO RMO** WHITE **(race) DEFENDANT #63 (CAT**ALANO #39773) *(Infra.)* —— AND SUBSEQUENT PREJUDICE *PRO SE's* **CORA** (EMPH.) **REQUEST** —— FURTHER PREJUDICE —— **RECORD WITHOUT ORIGINAL** (EMPH.) **OR CERTIFIED COPIES** [EMPH] of *PRO SE's* **Hearing Exhibits A-Z (Bates Stamped 000001-715)** (EMPH.) as identified at *REC,* pp #562 —— BUT **ILLEGALLY** marked alphabetically atop **BY HANDWRITING NOT OF HER OWN***(EMPH.);* poorly scanned *(EMPH.);* re-assorted into entirely different binder *(EMPH.)* without *(EMPH.)* her **PRO SE, LLC logo** *(EMPH.)* affixed afront *(Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD, #11, #12);** as were prejudicially pre-placed at witness stand *(EMPH.)* —— **AND DEFENDANT 59:** BRUCE ANDREW PLOTKIN **#18133 WILLFULLY AND WONTLY "CHERRY-PICKED"** *(EMPH.)* **EXHIBITS** *(EMPH.)* **HE** *(EMPH.)* deemed relevant, *omnibus* favorable *(EMPH.)* to NEVER IMMUNE EEO RMO DEFENDANTS: CITY AND COUNTY OF DENVER, DENVER HUMAN SERVICES, DHS, **AND FOR/ WITH** WHITE (race)*(EMPH)* **WRONGDOER EEO RMO** DEFENDANTS **#63 (CAT**ALANO #39773), **#78** (HODSON), **#65** (HUMPHREYS #49348), **#75** (VANCLEAVE), **#60** (SMITH #29514), **#70** (SCHEUERMANN), **#71** (BERRY), **#72** (BALL), **#73** (HALL) — **KNOWINGLY** [9] *IN* **VIOLATION OF** lower *(EMPH.)* CITY AND COUNTY OF DENVER **CAREER SERVICE RULES §19-45, §19-10, §19-32(B), §19-51(E)** *(Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD, #3)** —— **ALLOWING UNTIMELY, INCOMPLETE, AND FRAUDULENT OBJECTED EXHIBITS SUBMITTED** *AFTER* (EMPH) **"APRIL 4, 2019"** *(EMPH.)* **DEADLINE** *(EMPH.)* — **"ABSENT SHOWING OF A GOOD CAUSE"** *(EMPH.)* —— by *OMNIBUS* **TO BE DEBARRED FEDERAL CIVIL RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1 EXTRINSIC FRAUD IN AND ON THE COURT EEMO RMO** WHITE **(race) DEFENDANT #63 (CAT**ALANO #39773) *Id.* at. 22CA1542 *REC, pp # 1428-1450; REC pp # 572-577 (EMPH.)* —— WHICH *PRO SE* preserved *IN* motions ——**OBJECTIONS OF ARGUABLY INCOMPLETE, BLUNTLY BIAS, AND** *OMNIBUS* **TO BE DEBARRED FEDERAL CIVIL RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1 EXTRINSIC FRAUD IN AND ON THE COURT EEMO RMO** WHITE **(race) DEFENDANT #63 (CAT**ALANO #39773) —— **CAT**ASTROPHIC *(EMPH.)* **FAILURE** *(EMPH.)* —— TO FURNISH **ALL** *(EMPH.)* **40** pages *(EMPH.)* of **"ACCOMPANYING EXHIBITS"** *(EMPH.)* for **15-Day Suspension** *(REC, pp # 637-642) (EMPH.)* **AND** *(EMPH.)* **9** pages *(EMPH.)* **Termination** *(REC, pp # 695-700)* *(EMPH.)* **CONTEMPLATIONS — AFFIRMATIVELY CONTRARY CSR §19-51, §19-5, AND §19-10** *(EMPH.) (Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB): ADD, #3; AND** 22CA1542, *REC, p #* 619 (#1, #6 ) —— NEVER (EMPH.) **TO BE COMPARED TO HON.** *(EMPH.)* **U.S.** *(EMPH.)* Merit System Protection Board (MSPB) *(EMPH.)* Judge *(EMPH.)* Stephen Mish *(EMPH.)* —— **BUT THE ABSOLUTE CRIMINAL TREASOR** *(EMPH.)*

---

[9] *Lassiter*

**INACTIVE** (*EMPH.*) **DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133** (*EMPH.*) —— **NEVER** (*EMPH.*) "ENTITLED" (*EMPH.*) **TO SOVEREIGN IMMUNITY** (*EMPH.*) **NOR IMMUNE** (*EMPH.*) —— at all times relevant, <u>HE ACTED</u> under the color of U.S. and greater state constitutions, federal, and state laws ——**JOINTLY AND SEVERALLY LIABLE** ——**SHALL BE DISBARRED—— AND FURTHER** remedial sanction constrained, **ARMED FEDERAL ARRESTED** (*EMPH.*) **, PERMANENTLY ENJOINED, PROSECUTED FOR ALL CRIMINAL CONTEMPT** (*EMPH.*) **CONSPIRING ACTS** (*EMPH.*) **WHERE** <u>HE</u> (*EMPH.*) **WILLFUL AND WONTLY VIOLATED LAWS** —— *Id.* at **FACT #54** —— **INCLUDING BUT NOT INCLUSIVE** (*EMPH.*)**: C.R.S. § 18-8-306-ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18-CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118)** Section 18-8-111 - False reporting to authorities - false reporting of an emergency; **FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121; The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENT, 42 U.S.C. § 1983, AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109), **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3)** — <u>**MAXIMUM**</u> (*EMPH.*) **IMPRISONMENT** (*EMPH.*) <u>**FOR TREASON**</u> (*EMPH.* ) **WHICH WAS/IS ON RECORD** <u>DEATH</u> (*EMPH.*) **SENTENCING** (*EMPH.*) —— **AND ANY OTHER PROPER REDRESS PROCEEDINGS (JURY FOR ALL ISSUES SO TRIABLE)** and remedies securing **RELIEF RIGHTS;** revoking and expunging <u>**ALL UNCONST. ORDERS**</u>—— wrongfully suspending, terminating, denying unemployment, willfully defaming and VIOLATING COLO. Title 19: C.R.S. §19-1-307(1)(a), and causing severe egregious harms unto *PRO SE*, and **WORSE— CHILD(REN)** <u>**MIG(AM, KM, NM)**</u> — **AND OTHER** <u>CHILDREN</u>...*EMPH* —— **AND FINES AND ALL** <u>**COLLATERAL SOURCE RULE**</u> **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF".** *EMPH.*



**DEFENDANT 60:**   K̲ATHRYN "K̲ATIE" SMITH #29514— white (**race**), female (**sex**), CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE **DIRECTOR OF DENVER HUMAN SERVICES LEGAL SECTION** — whose "administrative duties and those investigatory functions **NEVER** closely related to an advocate's preparation for judicial proceedings"(***Benavidez v. Howard***, 931 F. 3d 1225, 1231) (10th Cir. 2019) (applying rule to city attorneys) and personal participation, control, direction, or failure to supervise (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) herein **DEFENDANTS #61, #62, #63, #65 —** *IN* **WILLFUL AND WONTON DEPRIVATION OF VERTICAL AND HORIZONTAL STARE DECISIS OF GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) AND U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS'.**

    *Ibid. See Id.* at **FACT #34(d)** — P̲LAINTIFF'S EXHIBIT # 3 — *RES IPSA LOQUITOR.* JANUARY 25, 2019 (*EMPH.*) ——— *AFTER* ——— *PRO SE* Plaintiff had been **WRONGFULLY** removed was ——— **DENIED PUBLIC ASSISTANCE** (Medicaid and food stamps) per WELFARE FRAUD *IN* DENVER COUNTY (*EMPH*) DENVER **INHUMANE SERVICES** ——— wrongfully **DENIED UNEMPLOYMENT** by DENVER COUNTY (*EMPH*) DENVER **INHUMANE SERVICES** ——— and wrongfully **DENIED UNEMPLOYMENT** ——— WITH **A MEDICAL NEEDS INFANT CHILD (M̲IG̲)**!!!! *EMPH.* ——— GROSSLY **INHUMANE DEFENDANT 60:** KATHRYN "KATIE" SMITH **#29514** ———WITH (EMPH) ———**DEFENDANT 61: ROBERT ALAN WOLF #31585 — AND DEFENDANT 63:** SHERRI C̲AT̲ALANO #39773 ——— STOOP FURTHER B̲ELOW THEIR B̲ARS (EMPH.*) in conduct forbidden by state and federal laws by **WILLFUL AND WONTON CRIMINALLY THREATENING AND INTIMIDATING** email "LETTERHEAD OF DEFENDANT #50 (HANCOCK) UNTO *PRO SE.*

    *PRO SE* responded as follows:

Date: Fri, Jan 25, 2019 at 10:55 PM
Subject: Re: Communication Re: Disclosure of Confidential Child Welfare Records
To: Catalano, Sherri L. - CAO Asst City Attorney - Assoc <Sherri.Catalano@denvergov.org>
Cc: Smith, Kathryn S. - CAO Asst City Attorney - Div Dir <Kathryn.Smith@denvergov.org>,
Wolf, Robert A. - CAO CL0359 Assistant City Attorney Section Su
<Robert.Wolf@denvergov.org>

Good evening Attorneys Catalano, Wolf, and Smith,

Rather than expend any unnecessary energy and effort, briefly in response to Agency's 1/25/2019 letter headed communication, pro se Appellant simply sets forth the following:

1.) Appointment of any additional attorney(s) representing Agency in Career Service Hearing consolidated Appeal Numbers 73-18, 76-18, and 80-18 against the pro se Appellant shall be made with/to Appellant and the Career Service Hearing Office.

2.) Appellant is "deeply troubled" by Agency wrongfully alleging that she "intended to influence personnel matter" by "threatening to disclose confidential child welfare information to the public" and "criminally violate C.R.S §19-1-307(1)."

3.) Case law and ethic codes forbid lawyers from threatening to present criminal charges solely to obtain an advantage in a civil matter; lawyers are not to coerce a civil remedy by threatening criminal accusations unrelated to the civil wrong…

4.) Note that during Agency's Notice of Contemplation of Discipline Responses on 10/30/18 and 12/04/18 along with Initial Disclosures - without any Agency legal advisory, pro se Appellant was the first to confer with Attorney Catalano good faith intent to file Motion to File Under Seal to ensure confidential child welfare records and privacy of individuals were/are legally protected. Appellant still intends to file such before/by set discovery motion deadline.

5.) CO Rev Stat §18-8-114 (1) is one that Agency's Attorney(s) should have brought to the attention of named Responsible Management Officials (RMOs)…

6.) Appellant has been/is afforded SEVERAL legal protections under the First Amendment of the United States Constitution along with anti-discrimination and whistle blowing laws which Agency shall be wary of running afoul…

7.) Nothing through/by Agency threatening to present criminal charges analogous to C.R.S §19-1-307(1) prevents Appellant from speaking with the press about her appeals'. Neither does C.R.S §19-1-307(1) preclude Appellant from personally bringing matters (evidence of RMOs violating CO Rev Stat §18-8-114 (1) as it pertains to their child welfare records) to the investigated family's legal knowledge and attention. Also, the investigated family is afforded to report; call for investigation; and independently bring matters to legal and/or public attention.

Although unfortunate that the Agency failed to resolve her employment claims expeditiously, at the lowest level (sought mediation) and the best interest of taxpayer; pro se Appellant is very confident that her THREE consolidated appeals with THREE accepted affirmative defenses of retaliation, discrimination, and whistle blowing hold merit and will not be quashed. Again, Agency's Case-In-Chief is Kathryn Hodson...

To that end, rather than bogging down to litigation and adding to pending appeals; do appreciate Appellant's position and amicably let's move forward with hearing matters.

Cheers to a great weekend!

Respectfully,


**DEFENDANT 60**:   K̲ATHRYN **"K̲ATIE" SMITH #29514** willful and wontly engaged in this behavior temporarily proximal and unto Prevailing Plaintiff JESSICA PECK —— who was/is a WHITE **(race),** female (sex) **ATTORNEY OF LAW** (*EMPH.*) —— whose admission before herein U.S. District for the District of Colorado with representing ATTONEYS awarded over $250 K legal fees —— "her first Amendment Rights were "CHILLED" . *See **Peck v. State of Colorado, et al.**,* 19-CV-03450-RBJ-**MEH** / *Peck v. McCann*, *et al.* [10932361]̲.

**WHEN PRIOR TO** WHITE (**race**), female (**sex**) **ATTORNEY OF LAW** JESSICA PECK ———

*Ibid. PRO SE* Petitioner's July 25, 2019, Petition for Review, BEFORE **DEFENDANT NEIL PECK #2922 (INACTIVE- DECEASED), DEFENDANT 53: DAVID S. HAYES #28661, DEFENDANT 54: KAREN HASSETT DUWALDT #15967; DEFENDANT 55: PATRICIA BARELA RIVERA AND DEFENDANT 56: TRACY J. WINCHESTER, J. D AND SERVED ONTO DEFENDANT 63: SHERRI CATALANO #39773** ——— exerted FOUR grounds: new evidence; erroneous interpretation of applicable authority; policy setting precedent; and insufficient evidence — pursuant to Career Service Rules **[CSR] §21-21(A-D)** — ——— **AND HIGHEST FED.R.CIV.P 56(C)** *(EMPH.)*——— wherein *PRO SE (EMPH.)* exerted explicitly *in-part* at p #23 (with appropriate footnotes) for **CSR §21-21(C)** policy setting precedent:

"The Hearing Officer affirming both Petitioner's [10]15-day suspension and termination July 12, 2019— as upheld by Agency's all white "Leadership"[11] TEMPORALLY PROXIMAL to when Petitioner engaged/engages in CONTINUOUS PROTECTED[12] ACTIVITIES (plural) against Agency's agents'— is of a PRECEDENTIAL nature involving policy considerations that will have a potentially **"CHILLING EFFECT"** — BEYOND APPEALS AT HAND."

*Id. RE*-exerted explicitly *in-part* at p #25 (without key relevant footnotes — *RES IPSA LOQUITOR* at "PRAYER":

**RECONSIDERATION** of precedential nature involving policy considerations that may have **CHILLING** effect beyond THREE DIRECT APPEALS 73-18, 76-18, 80-18— at hand — wherein remedies sought by the Petitioner is furnished at the conclusion. Oral argument is/would desirable before submitting matters' to public and judicial scrutiny.

*Id. RE*-exerted **November 29, 2019**, explicitly at p #6 REPLY BRIEF (8 pages):

## C. POLICY SETTING PRECEDENT

Ibid. The Hearing Officer's ERRONEOUS interpretation of SEVERAL of "*its own organic ordinances and rules*" [*Ibid*. at Authorities] — to abusively affirm both Petitioner's 15-day Suspension and Termination — as illegally effectuated and upheld by Agency's ALL WHITE "Leadership" TEMPORALLY PROXIMAL to when Petitioner engaged/engages in

---

[10] Record evidences and Petitioner testified to having the highest level of education (higher then VanCleave, Hodson, Berry, Ball, Scheuermann), professional experiences, and the most tenure on ERT in DDHS CW (including VanCleave and Hodson).

[11] "Leadership" - Described in all issued adverse actions to Petitioner by RMOs (Scheuermann, Hodson, Berry,Ball in reference to themselves/ DDHS CW Management and how HR Davis perceives RMOs (Davis testimony).

[12] Were/are to be PROTECTED by Career Service Authority (CSA) pursuant to CSR 19 et seq., APPENDIX 19A Relevant Provisions of the Whistleblower Protection Ordinance Section 2-100 of The Denver Revised Municipal Code **et seq**. -

CONTINUOUS PROTECTED38 ACTIVITIES (plural) against agents using badges of authority acting under color of state law— is of PRECEDENTIAL nature involving policy considerations with potential "**CHILLING EFFECT**" — BEYOND APPEALS AT HAND. **Infra.**

    **FURTHERMORE**, WHITE (**race**)**,** female (sex) **ATTORNEY OF LAW** (*EMPH.*) JESSICA PECK ——— WASN'T **DISCRIMINATIVELY** (*EMPH..*) "CHILLED" ——— WHEREAS **THE BLACK** (*EMPH.*) **WHISTLEBLOWERS** ——— WHO WERE **DEMOTED** AND **SUSPENDED** AND **FIRED**  ——— **NEVER** (*EMPH.* ) **RECEIVED** ANY (EMPH.*)* **INCENTIVE.** *EMPH.*

    *Ibid. SEE* **PLAINTIFF'S EXHIBIT # 2: AND FACT #34 (c)** —— *RES IPSA LOQUITO* .

    **PRO SE** WAS **PRECEDENTIAL** (*EMPH.*) TO WHITE (**race**), female (**sex**) ATTORNEY OF LAW (*EMPH.*) JESSICA PECK AND DR. LISA **CALDERÓN** AND JESSICA (**Hispanic**-white) Calderon ——— *BUT FOR* **INTIMATED** (*EMPH.*) **HELL-BENT BIASES OF GUILTY DEFENDANTS' HEREIN** ——— ESPECIALLY ALL WHITE (**race**) DENVER HUMAN SERVICES LEGAL SECTION  AND BOARD DEFENDANTS (again **DEFENDANT #56 TRACY J. WINCHESTER, J. D** ——— RESIGNED (*EMPH.*) same day **ALL** WHITE (color) BOARD **DEFENDANTS** willful and wantonly *IN* **VIOLATION OF LAWS** upheld *PRO SE* suspension and termination) ——— **UNWILLING TO SEE AN EDUCATED** (*EMPH..*)  **BLACK** (**race**) **WOMAN** (**sex**) *PRO SE* (**WITHOUT** a Dr., J.D., ESQ., BAR ####) **PREVAIL.**

    **JOINTLY AND SEVERALLY LIABLE** — **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** ——— **SHALL BE** involuntarily immediate **EMERGENCY SUSPENDED** (unpaid), **TERMINATED,** AND **DISBARRED,** AND **ALL** **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF".**



**DEFENDANT 61:    ROBERT ALAN WOLF #31585** — white (**race**), male (**sex**), CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE DENVER HUMAN SERVICES LEGAL SECTION — whose "administrative duties and those investigatory functions were **NOT** (*EMPH.*) closely related to an advocate's preparation for judicial proceedings"(*Benavidez v. Howard* , 931 F. 3d 1225, 1231) (10th Cir. 2019) (**applying rule to city attorneys**).

    *IN* **WILLFUL AND WONTON VIOLATION OF FEDERAL CIVIL RULE PROCEDURE 11; ABA Model Rules of PROF. Conduct Rule 3.1. GREATER COLO. R. Prof. Cond. § 3.3. & § 8.3** —— *See Id.* at **FACT #61** AND *INFRA.* at **DEFENDANT 74:**

**ALEJANDRA HARGUTH —— AND DEPRIVATION OF VERTICAL AND HORIZONTAL STARE DECISIS OF U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS'—— *Davidson v. Sandstrom*, No. 03SC287 (2004); *People v. Merchant*, 983 P. 2d 108 (Colo. App. 1999); GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) —— 2022CA1542 DEFENDANT-APPELLEE WOLF #31585 — FAILED TO DISQUALIFY.**

At all times relevant, he acted under the color of U.S. and greater state constitutions, federal, and state laws. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.**

"LONE WHITE **WOLF #31585**" —— **SHALL BE** involuntarily immediate emergency suspended (unpaid), **TERMINATED, DISBARRED, AND JOINTLY AND SEVERALLY LIABLE —— ALL MAXIMUM COLLATERAL SOURCE** compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".**

JESSICA PECK, Plaintiff - Appellee, v. ~~BEVERLY WIGGINS~~ in her official capacity as the District Attorney of the Second Judicial District, State of Colorado, Defendant-Appellant, and ~~MICHELLE BARNES~~, in her official capacity as Executi...

YEAR 2022   CO-3FT  UNITED STATES COURT OF APPEALS TENTH CIRCUIT

*Judge(s)*

EBEL, Circuit Judge

Blanca E. Miyata, Assistant Solicitor General, Denver, Colorado, and Kendra K. Smith, Hall &Evans LLC, Denver, Colorado (Philip J. Weiser, Attorney General, Bella M. Schulte, Second Assistant Attorney General, Aaron J. Pratt and Leeah B Lechuga, Assistant Attorneys General, State of Colorado, Department of Law, Denver, Colorado, and Andrew D. Ringel, Hall & Evans LLC, Denver, Colorado, with them on the briefs), for Defendants-Appellants. Thomas B. Kelley (David A. Lane, with her on the briefs), Killmer, Lane &Newman, LLP, Denver, Colorado, for Plaintiff-Appellee. Anna Ulrich, Crestone, Colorado filed an Amicus Curiae brief for the Office of the Child Representative, on behalf of Appellants. Amy J. Packer and Robert A. Wolf, Assistant City Attorneys, Denver, Colorado, filed an Amicus Curiae brief for Denver Human Services, in support of Appellants. David P. Ayraud, Fort Collins, Colorado, filed an Amicus Curiae brief for Larimer County, on behalf of Appellants.

**DEFENDANT 62:     AMY PACKER #33116 —** white (**race**), female (**sex**), CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE DENVER HUMAN SERVICES LEGAL SECTION — who closely related to an advocate's preparation for judicial proceedings, personal participated at recorded **OCTOBER 30, 2018** (*EMPH.*) DHS Contemplation of Discipline — *BUT-FOR* (*EMPH.* ) —— **FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which she had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)** (emphasis). *See Id.* at **FACTS #52, #98 — NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401 et seq.** At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws. **JOINTLY AND SEVERALLY LIABLE —— SHALL BE** involuntarily immediate emergency suspended (unpaid), **TERMINATED, DISBARRED, AND ALL MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".**



**DEFENDANT 63:** **SHERRI CAT**ALANO **#39773** —— white (race), female (sex),
**WILLFUL AND WONTON** *OMNIBUS* **CLOTHED CONTEMPTOR EXTRINSIC**
**FRAUD** *IN VIOLATION* **of Federal R. Civ. Proc. 11** ("An attorney who signs a document
assumes "an affirmative duty to conduct a reasonable inquiry into the facts and law before
filling" (quoting *Business Guides, inc. v. Chromatic Commc'ns Enters, Inc.,* 498 U.S. 533, 551
(191)] —— *BUT FOR* **NEVER IMMEDIATELY WITHDRAWING FALSE CLAIMS OF**
**HEREIN DEFENDANTS #70, #71, #72, #73, #75, #76** —— **FURTHER** *(EMPH.)* *IN*
*VIOLATION* **ABA Model Rules of PROF. Conduct Rule 3.1. GREATER COLO. R. Prof.**
**Cond. § 3.3. & § 8.3, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)(3), CITY AND COUNTY OF**
DENVER ATTORNEY'S OFFICE DENVER HUMAN SERVICES LEGAL SECTION, white
(race), female (sex) — who personally participated in **RECORDED** *(EMPH.)* **DECEMBER 4,**
**2018,** SECOND DHS Contemplation of Discipline — **NEVER DUE PROCESS SEVEN (7)**
calendar days **BEFORE** written **November 28, 2018 first class certified U.S. postal mailing of**
**"November 19, 2018 Notice of Contemplation of Disciplinary Action"** to *PRO SE* by
Defendants' #78, #72, #71, **#69** — **WHEN** *PRO SE* **U.S. CONSTITUTIONAL ART VI CL II,**
**I,** explicitly requested via email on **OCTOBER 23, 2018** *(EMPH.)* **to Defendant #69 (Davis)**
**and CAT**ALANO **#39773 "TO COMPLETE PROCESS SERVICE ANALOGOUS TO**
**CITY AND COUNTY OF DENVER CSR §16-10 (A)"** *AND IN* **DEPRIVATION OF CITY**
**AND COUNTY OF DENVER CSR §16-46(D)** — whose "administrative duties and those
investigatory functions **NEVER** closely related to an advocate's preparation for judicial
proceedings"(*Benavidez v. Howard* , 931 F. 3d 1225, 1231) (10th Cir. 2019) (applying rule to city
attorneys) — WHEREAS — *PRO SE* **"SLAYED"** NINE LIVES **"CAT-PAWING**
**CAT**ALANO **#39773" WITH HER OWN SWORD at April 18, 2019, April 19, 2019, May**
**10, 2019, June 3, 2019, and** JUNE 4, 2019 *(EMPH)* **RECORDED Sequestered**
**CONSOLIDATED CITY AND COUNTY OF DENVER CAREER SERVICE HEARINGS**
**73-18, 76-18, 80-18; Pre-Hearing Exhibits A-Z (Bates Stamped 000001-715)" TIMELY**
**Process Served April 4, 2019** *(EMPH)* — **April 3, 2019; April 23, 2019; May 8, 2019; and**
**October 2, 2019 CDLE hearing testimonies** Dockets #1342-2019 and #34484-2019 — *see*

**Case 1:19-cv-02806-RM-MEH Document 1-1 Filed 10/01/19 USDC Colorado Pages 17 —19 of 113 — *BUT FOR* "BEWILDERING" <u>JUNE 12, 2019</u>** (EMPH) **NAMED EEO RMO <u>CAT</u>ALANO #39773 *IN* WILLFUL AND WONTON DEPRIVATION OF VERTICAL AND HORIZONTAL STARE DECISIS OF "ICWA" 25 U.S.C. §§ 1901–1963 [1]; U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENTS';** *Davidson v. Sandstrom***,** No. 03<u>SC</u>287 (2004)**;** *People v. Merchant***,** 983 P. 2d 108 (Colo. App. 1999)**; lower City and County of Denver CSR §19-54(D)(4);  GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) —** *IN* District Court for Arapahoe and Denver County, Colorado **(Case Nos. 2020CV11 AND 2020CV405);  AND FURTHER** *IN* **CRIMINALLY WILLFUL AND WONTLY DENIED AND DEPRIVED fundamental liberty rights AND** *PRO SE*  **C.R.S. §19-1-307(1)(a) RIGHTS  as "REPORTER" for JULY 18, 2018 child abuse near** fatality- fatality Referral # 2870434 (Copeland) for **BLACK** (race) possible **(ICWA) children (AM, KM. NM) —  CONSPIRED AND CONCEALED with DEFENDANT #63 BRUCE ANDREW PLOTKIN #18133 (<u>INACTIVE</u>)  — PRECEDENTIAL** (emphasis) CASE OF BLACK-BLACK DISCRIMINATION "Career Service Hearing Decision, Appeal No. #75-07: *Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07)" —  *IN* VIOLATION** Colorado Open Records Act ("CORA") (sections 24-72-201 to -206, C.R.S.) — **FURTHER AS <u>2022CA1542</u>** Defendant-Appellee — WILLFUL AND WONTLY **FAILING TO DISQUALIFY** UNTIL **<u>JULY 26, 2023</u>** (*EMPH*) — **18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3) ; C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118)** Section 18-8-111 - False reporting to authorities - false reporting of an emergency; **FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121 —— NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM CADA: C.R.S. § 24-34-401** *et seq.*  At all times relevant, she acted under the color of U.S. and greater state constitutions, federal, and state laws.

**JOINTLY AND SEVERALLY LIABLE —— SHALL BE INVOLUNTARILY IMMEDIATE EMERGENCY INDEFINITELY SUSPENDED (UNPAID) AND TERMINATED, <u>DISBARRED</u>,** remedial sanction constrained and permanently enjoined, prosecuted for all criminal contempt claims, **<u>MAXIMUM</u> IMPRISONMENT AND FINES, AND ALL <u>COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".** *EMPH.*



**DEFENDANT 64**:    **JEFFREY ANTON SHEPARD #50042** — at all times relevant, was/is a white (**race**), male (**sex**), registered licensed private liability insured practicing attorney of law, who with animus personally participated, and the State of Colorado clothed to act with official authority in the Eighteenth (Arapahoe County) Case Nos. #2020CV150, County Court Case No. 19C100987, and originating Small Claims Case No. 2019S653 —— **WHICH "NOT ALL GOOD THINGS" HARMFULLY LEAD TO** ——*MRG v. JANSKI,* Case No. 2021-CV-02812-GPG; *MRG v. JANSKI,* Case No. 2022-CV-03324-LTB-KLM; *MRG v. JANSKI,* Case No. 2023-CV-02344-LTB-SBP; *Writ of Certiorari PRO SE v. Wyoma Yorka Martinez-Johnson* ———— and **DEFENDANT 64: JEFFREY ANTON SHEPARD #50042** —— **NEVER** ENTITLED **TO QUALIFIED IMMUNITY.**

   **DECEMBER 2, 2019 — DEFENDANT 64: JEFFREY ANTON SHEPARD #50042** —— threatened, intimidated, and engaged in conduct forbidden by state and federal laws including emailing *PRO SE* Plaintiff subject header **"RE:  Martinez - Criminal Theft"** explicitly therein: "My client just informed me you withdrew $8200 from her account without authorization or a Court's Order.  You have committed criminal theft and wire fraud.  The police have been notified and I am certain they will be there shortly to arrest you.  You will be going to jail. In addition to the other counterclaims against you, I will now be adding civil theft and fraud to the list."

   Morally and ethically revolting and clears grounds for discipline (debarment), **SHEPARD #50042** engaged in fraudulent misconduct forbidden by state and federal laws (Fed. R. Civ. P. 11; **ABA Model Rules of PROF. Conduct Rule 3.1**) to personally profit, cause injustice, problems, drive up legal fees, delay, intimidate, harm, threaten, and to violate state and federal laws and further deprive **BLACK ICWA NATIVE** Colorado *PRO SE* Plaintiff **PROPERTY** and constitutional due process rights and relief by and through criminal assistance of white (**color**), **Hispanic** (ethnicity), female (**sex**) tenant **Defendant** Ms. Wyoma Yorka Martinez-Johnson **VIOLATING** (emphasis) entered **DECLARATORY** (emphasis), **AUGUST 16, 2019 NOTARIZED** (emphasis) Colorado Standard Lease Agreement.

   **JOINTLY AND SEVERALLY LIABLE.  SHALL BE DISBARRED,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) AND all other entitled **RELIEF** *Id.* at *Id.* at **"E. REQUEST FOR RELIEF"**



**DEFENDANT 65**:    **JORDAN MARCUS HUMPHREYS #49348** — white (**race**), male (**sex**), CITY AND COUNTY OF DENVER ATTORNEY'S OFFICE DENVER HUMAN SERVICES LEGAL SECTION— who negligently or intentional misconduct, not related to an advocate's preparation for judicial proceedings, without entry of appearance, *IN* **VIOLATION of U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV; Federal R. Civ. Proc. 11, ABA Model Rules of PROF. Conduct Rule 3.1, 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25); CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) — personally participated at **SEQUESTERED** (EMPH) **UNCONSTITUTIONAL** (EMPH) quasi-judicial **CITY AND COUNTY OF DENVER** hearings as Co-Counsel. **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY — AND FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)** (emphasis).

 

I am from Denver, I've been here my entire life.

**DEFENDANT 66**:    **CHRISTOPHER JORDAN THOMAS #49026** —— white (**race**), male (**sex**) private professional liability insured registered and licensed private practicing attorney of law, who at all times relevant, the State of Colorado clothed to act with official authority in the Eighteenth (Arapahoe County), Eleventh (Park County), and Second (Denver County) Judicial District Courts, and engage in conduct forbidden by state and federal laws; harming and threatening *PRO SE* Plaintiff's mother, two (2) brothers, five (5) **NATIVE BLACK ICWA GRANDCHILDREN'** AND HEIR [C.R.S. § 15-10-201(24)]** *PRO SE* Plaintiff's **RIGHTS.** *IN* **willful and wonton VIOLATION** of *Haaland v. Brackeen,* 599 U.S._(2023); 28 U.S.C. §2072: RULES OF PROCEDURE & EVIDENCE; POWER TO PRESCRIBE (C.R.C.P.

5) AND Colorado Probate Code C.R.S. § 15-10-303 —— **MAY 2, 2024** —— **THOMAS #49026** —— filed in Eleventh (**PARK COUNTY**) Judicial District Court **AND** then process served Summons and Complaint for Partition of **PROPERTY** (emphasis) Lot #491, Unit 4, Filing 26, three acres — "**INDIAN** (*EMPH.*) Mountain Subdivision, Park County, Colorado"— — **JUNE 19, 2024** —**ONLY** (*EMPH.*) unto Respondent (*PRO SE's* **elderly MOTHER**) —— **WITHOUT REQUIRED** (*EMPH*) **C.R.C.P. 121** conferral with **ALL INTERESTED PARTIES** —— Respondent and **HEIRS** (*EMPH.*) —— **NOR PERMISSION** (*EMPH*) of **JANUARY 4, 2020**, Petition for **SUPERVISED ADMINISTRATION** pursuant to §15-12-501, et seq., C.R.S. and Demand for Notice of Filings or Orders Pursuant to § 15-12-204, C.R.S. and C.R.P.P. 21; Objection to Proceeding Before Magistrate Pursuant to C.R.M. 3(f)(1)(A)(i),(ii) and Right to Jury WITH Seven [7] Exhibits"), at pp # 5-6 —— **GRANTED** (*EMPH*) by Eighteenth (**Arapahoe County**) Judicial District **CHIEF JUDGE Michelle Amico # 23079 (DEFENDANT #27).** *EMPH.*

*Ibid.* **FURTHER AFTER** *PRO SE* **FILED SEVERAL SANCTIONS' AGAINST THOMAS #49026** *IN BOTH* Eighteenth (Arapahoe County) **AND** Eleventh (Park County) Judicial District Courts —— **OCTOBER 30, 2024** (*EMPH*) —— **NOT** an investigator, nor administrative duties and those investigatory functions  closely related to an advocate's preparation for judicial proceedings"(*Benavidez v. Howard* , 931 F. 3d 1225, 1231) (10th Cir. 2019) —— vexatious *IN* willful and wonton **CRIMINAL DEPRIVATION of VERTICAL AND HORIZONTAL STARE DECISIS OF "ICWA" 25 U.S.C. §§ 1901–1963 [1]; 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS'; FEDERAL CIVIL RULE PROCEDURE 11 (C.R.C.P.11), ABA Model Rules of PROF. Conduct Rule 3.1, COLO. Title 19: C.R.S. §19-1-307 and or legal authorities outlined 12 CODE COLO. REGS. 2509-7 ("COLO. Children's' Code"); AND C.R.S. § 15-10-303** —— **AGAIN** —— **WITHOUT REQUIRED** (*EMPH*) **C.R.C.P.121** conferral with **ALL INTERESTED PARTIES** (*EMPH*) Respondent and **HEIRS** (*EMPH*) —— **NOR PERMISSION** (*EMPH*) of **JANUARY 4, 2020 GRANTED SUPERVISED** (*EMPH*) administration of Eighteenth (Arapahoe County) Judicial District Chief Judge Michelle Amico # **23079 (DEFENDANT #27)** —— **THOMAS #49026** —— filed "**ENTRY OF APPEARANCE**" —— into **CLOSED** (*EMPH*)  **1984** (*EMPH*) Dissolution of Marriage **with CHILDREN**  (EMPH)  Case No.1984DR001081 **within** Second (**DENVER COUNTY**) (*EMPH*) Judicial District Court, **DIVISION 309** (*EMPH.*) —— **WHEN CONTROLLING PROBATE CASE NO. 20PR30920** matters for the **ESTATE OF** *PRO SE's* **FATHER** —— were initiated by his client Geraldine E. Hicks —— **within Eighteenth (Arapahoe County) Judicial District Court**—— **AND NO DISCOVERY HAS EVER BEEN ORDERED** by **DEFENDANT #27** Chief Judge Michelle Amico # **23079.** *EMPH.*

**NEITHER CHRISTOPHER JORDAN THOMAS' (49026)** —— **or his client** —— **U.S. CONSTITUTIONAL ART VI CL II, I** referred to on record and in preceding probate matters —— *omnibus* atrocious (*EMPH.*), **"BITTER-BARREN WIDOW"** (status) —— Geraldine R. Hicks (**photo'd above**) —— was/is a **PARTY** (*EMPH.*)  —— **NOR** any of the **THREE BLACK ICWA** (*EMPH.*) **CHILDREN (DJG, TNGP,** *PRO SE*) NOW ADULTS — of **CONTESTED** (*EMPH.*) Dissolution of Marriage, Case No. 1984DR001081.

**BOTH CHRISTOPHER JORDAN THOMAS' (49026) AND his client** —— Geraldine E. Hicks —— **AND** Eighteenth (Arapahoe County) Judicial District Chief Judge Michelle Amico # **23079 (DEFENDANT #27)** —— had knowledge of **Case**

**No.1984DR001081** consisting of * **CHILD ABUSE RECORDS** * (*EMPH.*) —— which were/ are **PRIVILEGED.** *EMPH.* ***PRO SE*** notified Second (**DENVER COUNTY**) (*EMPH*) Judicial District Court, **DIVISION 309** (*EMPH.*) **November 15, 2024** (*EMPH.*) —— **AND** filed seventh **COMPLAINT No.** 24-4301, explicitly requesting impartial investigation, **NEVER CONSENTING TO DEFENDANT #43** (LISA E. PEARCE #28634) with Colorado Supreme Court Office of Attorney Regulation —— **December 6, 2024**.

      Gross negligence or intentional misconduct —— **NEVER** ENTITLED **TO QUALIFIED IMMUNITY. JOINTLY AND SEVERALLY LIABLE. SHALL BE DISBARRED,** remedial sanction constrained, and permanently enjoined, **PROSECUTED FOR ALL CRIMINAL CONTEMPT CLAIMS, MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) —— **AGAINST** Owners' of Flatiron Legal Advisors, LLC. (STATE OF COLORADO ID No. 20111339153) **AND** the **ESTATE OF** *PRO SE's* **FATHER** and all other entitled **RELIEF** *Id.* at "**E. REQUEST FOR RELIEF**" **AND** Arapahoe County Judicial District Probate **Case No. 20PR30920.** *EMPH.*



**DEFENDANT 67:**   **GINGER RICHARDSON BURNETT** — at all times relevant, maiden name Ginger Richardson, willful and wontly abused authority as **HIDDEN AND HOUSED HUD "NEGRO"** [light-skin (color), Black or African American (**race**), with racial neutral first and surname] —— within Office of the Chief Human Capital Officer, **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** —— whose personal participation, control, direction, or failure to supervise (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) in ***PRO SE v. DONOVAN*** (HUD): Case No. **2014**-CV-01699-BNB-*MEH* —— as Chief of Employee and Labor Relations for Region VII through **X**, which is Branch III —— with **DISREGARD OF GREATER COLORADO AND U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS'; TITLE VII; U.S. HUD REGION VIII COLLECTIVE BARGAINING AGREEMENT ("CBA")** between American Federation of Government Employees (**"AFGE"**) Local 3972 — further conspired in sworn testimony before federal quasi-judicial **August 9, 2012**. *See Id.* attached **PLAINTIFF'S EXHIBIT # 7: # 83** and # 179 of *PRO SE v. DONOVAN* (HUD): Case No. **2014**-CV-01699-BNB-*MEH.*

      **JOINTLY AND SEVERALLY LIABLE** ——**28 U.S.C. §1343(a)(1)(2)(3)(4); 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS ; Federal Tort Claim Act, 28 U.S.C. § 1346, waiver of sovereign immunity; 42 U.S.C. § 1983 AND ALL MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE**

**RULE** COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) *Id.* at "E. REQUEST FOR RELIEF". SHALL BE involuntarily immediate emergency **indefinite suspension, TERMINATED,** from position and federal service pursuant to <u>5 U.S.C. 2302(b)</u>.



**DEFENDANT 68**:    **DONALD J. GERRISH** — white (**race**), male (**sex**), —— whose personal participation in *PRO SE v. DONOVAN* (HUD): Case No. <u>2014</u>-CV-01699-BNB-*MEH* was as a GS-0201-14 Human Resources Specialist within Region VIII, Office of the Chief Human Capital Officer of U.S. Department of Housing and Urban Development (HUD), hired August 30, 2010, *omnibus* under immediate supervision of **DEFENDANT 67: GINGER RICHARDSON BURNETT** ———— who willful and wontly abused authority with an *OMNIBUS* **CONSCIOUS DISREGARD OF** *PRO SE,* **TITLE VII, NO FEAR ACT, WPA, FLSA, FOIA,** *IN* **VIOLATION OF GREATER COLORADO AND U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENTS'AND U.S. HUD REGION VIII COLLECTIVE BARGAINING AGREEMENT ("CBA")** between American Federation of Government Employees **("AFGE")** Local 3972 ———— further conspired and gave sworn false testimony before federal quasi-judicial August 9, 2012. *See Id.* attached **PLAINTIFF'S EXHIBIT # 7: # 55, # 57, # 58, # 59, # 122, # 131, # 154, # 153, # 165, # 166, # 83, # 179, # 78, # 123 of** *PRO SE v. DONOVAN* (HUD): Case No. <u>2014</u>-CV-01699-BNB-*MEH.*
        **JOINTLY AND SEVERALLY LIABLE ——28 U.S.C. §1343(a)(1)(2)(3)(4); 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS ; Federal Tort Claim Act, 28 U.S.C. § 1346, waiver of sovereign immunity;** <u>42 U.S.C. § 1983</u> **— AND ALL** <u>MAXIMUM</u> **IMPRISONMENT AND FINES, AND ALL** <u>COLLATERAL SOURCE RULE</u> compensatory damages (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**". SHALL BE involuntarily immediate emergency **indefinite suspension, TERMINATED,** from position and federal service pursuant to <u>5 U.S.C. 2302(b).</u>



**DEFENDANT 69:    TAMMY DAVIS** — dark-skin (**color**), **African** American (**race**), female (**sex**), CITY AND COUNTY OF DENVER, OFFICE HUMAN RESOURCES (OHR), Senior Human Resources Business Partner, who was **promoted** (*EMPH.*) "Director of OHR at Denver Human Services" **SUBSEQUENT TO** a recorded City and County of Denver Town Hall meeting, wherein *PRO SE* whistle blew with her name announced with/directly to **Defendants #50 (Hancock) and #51 (Mares)** about "Denver Human Services Child Welfare 'all white (race), female (sex), self-proclaimed "Leadership" (**Defendants #70, #71, #72, #73, #75, #78**)" in response to **Defendants #50 (Hancock) and #51 (Mares) FALSE STATEMENTS TO THE PUBLIC OF** "deep care and concerns for women and children of color during COVID-19 pandemic."

    **DAVIS** publicly boasts of "career in human resources in the United States Air Force culminating a 23-year career as the combat support superintendent" —— *BUT FOR* under oath sworn recorded testimony before **DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133 (INACTIVE)** —— **DAVIS** "lacked recollection and or federal legal familiarity of *PRO SE* cross-examination regarding the "DOUGLAS FACTORS" as it pertained to disciplines which **DAVIS** had authority to direct others to take, recommended, and approved all disciplinary personnel actions to *PRO SE. See Douglas v. Veterans Administration,* **5 M.S.P.R. 280, 290 (1981)"** —— as was cited within *PRO SE* **Petitioner's** July 25, 2019, Petition for Review, to The Board Defendants #52, #53, #54, #55, #56, Career Service, City and County of Denver, Appeals Nos. 73-18, 76-18, 80-18, p #2, fn. #3. *IN FACT, IN VIOLATION* of Federal R. Civ. **Proc. 11** —— NEVER ENTERED APPEARANCE FOR SEQUESTERED HEARINGS "Co-Counsel" **DEFENDANT 65:** JORDAN MARCUS **HUMPHREYS #49348** —— "**provided DEFENDANT 63: SHERRI CAT**ALANO **#39773 notes and line of re-direct questioning for Senior Human Resources Davis."** *Id.* FURTHER, *SEE Id.* at FACT #108 —— as it pertains to *omnibus* **UNFAVORABLE** (*EMPH.*) **FEBRUARY 11, 2019** (*EMPH.*) sworn recorded testimony of City and County of Denver Human Resources **DEFENDANT #69 (DAVIS)**

**BEFORE** quasi-judicial **CDLE Docket No. 1342-2019** and **DENIED** (*EMPH.*) **15-day UNPAID** (*EMPH.*) **SUSPENSION BENEFITS**.

While *PRO* SE's INFANT (*EMPH.*) <u>child (MIG)</u> was fighting for his life, from **the #1 killer of infants** (*EMPH.*) , congenital heart disease, **Thanksgiving** (*EMPH.*) **of 2018**, at Children's Hospital (EMPH) —— <u>**DAVIS**</u> testified on City and County of Denver quasi-judicial record, in response to her willful and wonton deprivation of required requested due process and suspension of *PRO SE*:

`"<u>**THEY**</u> KNEW HER SON WAS HAVING HEART SURGERY, AND WE THOUGHT IT WAS MORE HUMANE."** *EMPH.*

*See* 18th Judicial Dist. Court Case No. **18DR1690** (2/25/19, *PRO SE* Hearing Ex. #23 BATES #000375) <u>**PLAINTIFF'S EXHIBIT # 7:**</u> *IN DEd.* Mamie **Till** Mobley. *PRO SE's* **CHILD** (<u>MIG</u>) November 20, 2018. .

*Ibid.* <u>**CHILD-LESS**</u> (*EMPH*) —— **UNWED** ——**WILLFUL** (*EMPH*) **AND WONTON** (*EMPH*) **DEFENDANT #69** <u>DAVIS</u> — **CARED ONLY ABOUT HER OWN CAREER ADVANCEMENT.** *EMPH* **Imposter syndrome** further corroborated by **DEFENDANT #69** <u>DAVIS</u> telling another **BLACK** (race) whistle-blower *AFTER PRO SE* Plaintiff's wrongful termination —— **"None of y'all would even be here if it wasn't for me!"**—— and in further conspired due process deprivation of property ——<u>**DAVIS**</u> physically carrying *PRO SE* Plaintiff's *Alpha Kappa Alpha*, **Sorority** INC. paddle to her car **December 13, 2018. APPARENT AND ANALAGOUS** — *RE: Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07) —— wherein *PRO SE* Plaintiff was **CASE IN CHIEF PREVAILING WITNESS** NAMED **THEREIN** ELEVEN PAGES <u>95</u> (*EMPH*) **TIMES** for City and County of Denver's **PRECEDENTIAL** (*EMPH*) (Black-Black skin color discrimination, time-fraud, civil rights *Alpha Kappa Alpha, Sorority,* INC., NEVER-sequestered) ——*BUT FOR* CITY AND COUNTY OF DENVER **VIOLATING U.S. CONSTITUTIONAL ART VI CL II, I AMEND. AND CORA. AND HIDDING** —— as <u>**DAVIS**</u> willfully and wontly succumbs to the behavior of DHS "leadership" —— as "**HOUSE NEGRO**" —— even if it means wrongfully conspiring and **REMOVING BLACK AND POSSIBLE ICWA CHILDREN FROM THEIR FAMILIES AND HOMES.**

Willfully and wontly <u>**DAVIS**</u> not only testified falsely before City and State quasi-judicial tribunals, but purposely prepared all adverse issuances with heightened ginned up atrocities', wrong dates. and wrong public job specifications of Social Caseworker Supervisor LA2973 and Human Services Hotline Operator - CC2538.

<u>**DAVIS**</u> abuses authority under color of city Career Service Rules, **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25), CADA: C.R.S. § 24-34-401 et seq.; federal laws;** and **U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV, XV AND XIX AMENDMENTS'** —— <u>**NEVER**</u> ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE** —— **JOINTLY AND SEVERALLY LIABLE** —— **SHALL BE** involuntarily immediate emergency indefinitely suspended (unpaid), **TERMINATED** for willful and wontly violating laws *Id.* at **FACT #54** —— remedial sanction constrained, and

permanently enjoined, prosecuted for **ALL CRIMINAL CONTEMPT CLAIMS C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18-CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118) Section 18-8-111 - False reporting to authorities - false reporting of an emergency; FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121 — <u>MAXIMUM</u> IMPRISONMENT AND FINES, AND ALL <u>COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at **"E. REQUEST FOR RELIEF".**



**DEFENDANT 70:    MIMI SCHEUERMANN** CITY AND COUNTY OF DENVER, DHS, CHILD WELFARE DIVISION——— white (**race**), female (**sex**) — whose personal participation, control, direction, or failure to supervise or nepotism of DEFENDANTS #71 (BERRY); #72 (BALL), #73 (HALL), #75 (VANCLEAVE), #76 (LANDRUM) as City and County of Denver, Child Welfare Division Director at Denver Human Services. **NOT ONLY** abused authority under color of state law, causing harms and irreparable injuries alleged herein——— **BUT UNCONSCIONABLE BREACH OF PUBLIC TRUST AND ABUSE OF POWER <u>UNDER COLOR OF LAW</u> GINNED UP PUBLIC PERJURIOUS ALLEGATIONS —**

"maggots" [13]; "<u>October 18, 2018</u>, (*EMPH.*)(*omnibus* **WRONG** date) concerning injury to the head, ears, and mouth of a three-year-old child, T.L" [14]; " ('KM and NM') taken to the home of their step-grandfather, an individual who was a known sexual predator" [15]; "the actions of **Ms.**[16] *PRO SE* put the children at risk (**DEFENDANT 70: MIMI SCHEUERMANN)**" [17]

**KNOWINGLY NOT PERFORMING HER** (*EMPH.*) **CITY AND COUNTY OF**

---

[13] *REC, p # 14 (5)(c)*
[14] ***REC,** p # 12 (3), 15(d), 16(c)**; ADD,** # 35, p # 2436*
[15] <u>***REC***</u>*, p # 13 (¶7), p # 1453, p # 1477*
[16] <u>UNPROTECTED</u> witness SHERRON's suffix was/is "Ms." NOT MRS. *ET UX PRO SE*
[17] *REC, p # 105, TR **(4/19/19) (SCHUERMANN)***

**DENVER**, Child Welfare Division Director **DUTIES** ———— **EEO RMO** DESIGNATED DECIDING OFFICIAL (**DDO**) **DEFENDANT 70: MIMI SCHEUERMANN** GAVE SWORN TESTIMONY BEFORE QUASI-JUDICIAL **DEFENDANT 59: BRUCE ANDREW PLOTKIN #18133 (INACTIVE)** ———— **NOT** (*EMPH*) reviewing **PRO SE'S** OCTOBER 30, 2018, WRITTEN (EMPH) discipline response **AND**:

> "I THINK THE BIGGEST FALLOUT COULD BE LAWSUITS. I THINK THERE COULD BE, AGAIN, LACK OF TRUST IN THE WORK THAT WE DO. BUT, ABOVE ALL, WE ARE PUTTING THOSE OTHER CHILDREN AT RISK WHEN WE DON'T DO OUR JOB." *Id.* at **22CA1542**, *REC*, P # 33, TR (4/19/19).

**DEFENDANT 70:    MIMI SCHEUERMANN** ———— **JOINTLY AND SEVERALLY LIABLE** (*EMPH*.) — **MAXIMUM** **COLLATERAL SOURCE RULE** compensatory damages (punitive, pecuniary, and non-pecuniary)*; remedial sanction constraints including appointment of special counsel to prosecute all criminal contempt actions which — **WILLFUL AND WANTONLY** ——— *IN FURTHER* VIOLATIONS of **The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENT;  42 U.S.C. § 1983;  AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109),  **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3) ; C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118) Section 18-8-111 - False reporting to authorities - false reporting of an emergency; FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121** ....

**JOINTLY AND SEVERALLY LIABLE** ——— **SHALL BE** involuntarily immediate emergency indefinitely suspended (unpaid), **TERMINATED** for willful and wontly violating laws. ——— remedial sanction constrained, and permanently enjoined, prosecuted for **ALL CRIMINAL CONTEMPT CLAIMS— MAXIMUM** IMPRISONMENT AND FINES, AND **ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 71**:    **JOSIE M. BERRY** — white (race), female (sex), —— white (**race**), female (**sex**), *OMNIBUS* **EEO HARASSING** *PER SE* (*EMPH.*) **TIME FRAUD RETALIATING AGAINST BLACK ICWA** *PRO SE* **AND CHILD (MIG) AND POSSIBLE BLACK ICWA CHILDREN (AM, KM, NM)** —— who **NEVER** plead **U.S. CONST. V Amend.** — BUT FALSELY SWEARING — under **RECORDED OATH** before and to **DEFENDANT #59** Bruce A. **Plotkin** #18133 (**Inactive**)(*EMPH.*) —— wherein she personally participated **TWICE** (2)(*EMPH.*) —— AND TRANSCRIPTIONS WERE ORDERED AND RETAINED BY *PRO SE* —— *IN* HER OWN (*EMPH*) **CONSPIRING ACTS OF WILLFUL AND WANTONLY VIOLATING**—— FED. ICWA; C.R.S. § 18-8-502; § 18-9- 121; § 18-8- 114(1)(a); 18 U.S.C. §1030; DEN EO 143 215 LAWS — **AS KNOWINGLY AND RACIALLY TARGETING — AND ALLOWING DEFENDANT #78** (HODSON) **TO USE** HER (*EMPH.*) **USER IDENTIFICATION** (*EMPH.*) *IN* **STATEWIDE** (*EMPH.*)   **CHILD WELFARE** (*EMPH.*)   INFO. SYSTEM (*EMPH.*) "TRAILS" (*EMPH.*) — **TO FALSIFY** (*EMPH.*) — JULY 18, 2018 (*EMPH.*)  **Referral # 2870434** (Copeland)("BC fatality") **SURVIVING BLACK** (race) (*EMPH.*), **male** (sex) (*EMPH.*), **POSSIBLE TRIBAL** (*EMPH.*) **AFFILIATED** (*EMPH.*) **SIBLINGS (KM, NM)** (*EMPH.*) **SWORN ADMISSIONS** (*EMPH.*) — **AFFIRMATIVELY CONTRARY** (*EMPH.*) **DENVER POLICE DEPARTMENT ("DPD")** (*EMPH.*)  **GO** (KNOWN DEAD) **#2018-486927 REPORT** (*EMPH.*) (*Id.* at 22CA1542, *REC*, pp # 1159-1240). *EMPH.*

  **JOINTLY AND SEVERALLY LIABLE** —— MAXIMUM (*EMPH.*) **BOTH IMPRISONMENT** (*EMPH.*) **AND FINES**(*EMPH.*)  —**INVOLUNTARY IMMEDIATE EMERGENCY SUSPENSION** (UNPAID) (*EMPH.*) , **IMMEDIATE** ARMED FEDERAL ESCORT (*EMPH.*)  **OUT OF CITY AND COUNTY OF DENVER** (*EMPH*), **DENVER HUMAN SERVICES OR HOME** (*EMPH.*)  TO BE **ARRESTED AND DETAINED**

(*EMPH.*), **TERMINATED** (*EMPH.*) , **PERMANENTLY ENJOINED** (*EMPH.*)   **AND INJUNCTION RESTRAINING** (*EMPH.*)  **AND ANY OTHER PROPER REDRESS PROCEEDINGS CIVIL AND CRIMINAL** (JURY FOR ALL ISSUES SO TRIABLE) **AND SPECIAL PROSECUTION** (*EMPH.*)  **FOR ALL CRIMINAL CONTEMPT** (*EMPH.*) **CONSPIRING ACTS** (*EMPH.*)  **WHERE** SHE (*EMPH.*)  **WILLFUL AND WONTLY VIOLATED LAWS** —— *Id.* at **FACT #54** —— **INCLUDING BUT NOT INCLUSIVE** (*EMPH.*): **C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE** (§§ 18-1-101 — 18-26-102); **Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS** (§§ 18-8-101 — 18-8-805); **Part 1 - OBSTRUCTION OF PUBLIC JUSTICE** (§§ 18-8-101 — 18-8-118) Section 18-8-111 - False reporting to authorities - false reporting of an emergency; **FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121; The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENT, 42 U.S.C. § 1983,  AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109),  **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3)** — and remedies securing **MAXIMUM RELIEF RIGHTS**; revoking and expunging **ALL UNCONST. ORDERS** — wrongfully suspending, terminating, denying unemployment, willfully defaming and VIOLATING **COLO. Title 19: C.R.S. §19-1-307(1)(a),** and causing severe egregious harms unto *PRO SE*, and **WORSE— CHILD(REN) MIG(AM, KM, NM)** — AND **OTHER** CHILDREN…*EMPH* —— **AND MAXIMUM FINES AND ALL COLLATERAL SOURCE RULE** (*EMPH.*)  **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".  *EMPH.*

        **NEVER "ENTITLED"** (*EMPH.*)  **TO SOVEREIGN IMMUNITY** (*EMPH.*)  **NEVER** (*EMPH.*)  **IMMUNE FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401** *et seq.* Personally participated for all **ADVERSE ACTIONS** *omnibus* **CORRECT** (*EMPH.*) **DATES**: July 18, 2018; September 20, 2018; October 19, 2018; AND OCTOBER 23, 2018, **AND AT** OCTOBER 30, 2018, AND DECEMBER 4, 2018, RECORDED Contemplation of Disciplines AND FURTHER *IN* quasi-judicial CITY AND COUNTY OF DENVER administrative direct **Consolidated Case Nos. 073-18, 076-18, 080-18** Career Service HEARINGS. *See Id.* at **FACT #34(a)(b)**, PLAINTIFF'S EXHIBIT # 1 AND PLAINTIFF'S EXHIBIT # 1—1 (**USB**) —— PRESERVED AND REARGUED FOR *OMNIBUS* **GUILTY AND LIABLE** —— **U.S. CONSTITUTIONAL ART VI CL II, I** : "FACE **TURN BEAT RED**" DICTATOR **DEFENDANT 71** JOSIE M. **BERRY.** *EMPH.*



**DEFENDANT 72:    REBECCA BALL**— white (**color**), **Mexican** (ancestry), female (**sex**), maiden name **NEVER** BALL (*EMPH.*) —— **JOINTLY AND SEVERALLY LIABLE**—— **NEVER "ENTITLED"** (*EMPH.*) **TO SOVEREIGN IMMUNITY** (*EMPH.*) **NEVER IMMUNE** (*EMPH.*) **FROM Colorado Anti-Discrimination Act ("CADA"): C.R.S. § 24-34-401** *et seq. EMPH.*

*Ibid.* Personally participated at all times relevant, <u>April 25, 2016</u> UNTIL AND AFTER DECEMBER 7, 2018 AND AT OCTOBER 30, 2018 AND DECEMBER 4, 2018 Contemplation of Disciplines AND FURTHER IN quasi-judicial CITY AND COUNTY OF DENVER AND CDLE HEARINGS —— as *PRO SE* Plaintiff's **SECOND-LINE SUPERVISOR**.

**DEFENDANT 72: REBECCA BALL**—acted under the color of U.S. and greater state constitutions, federal, and state laws —— **SHALL BE** involuntarily immediate emergency indefinitely suspended (unpaid), **TERMINATED** for **WILLFUL AND WONTLY** violating laws —— *Id.* at **FACT #54** —— remedial sanction constrained, and permanently enjoined, prosecuted for **ALL CRIMINAL CONTEMPT CLAIMS**— <u>**MAXIMUM**</u> **IMPRISONMENT AND FINES, AND ALL** <u>**COLLATERAL SOURCE RULE**</u> **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".

**NOT ONLY WILLFUL AND WONTLY FAILED** to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent —— <u>**28 U.S.C. §1343(a)(1)(2)**</u> (emphasis) —— *BUT AB INITIO* —— **WILLFUL AND WONTLY WAS AND IS THE WRONGDOER** — *IN OMNIBUS* **VIOLATION of LAWS** —— *Id.* at **FACT # 54** —— **CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) **C & C DEN CSR §9-62 Protective Service Stipend; VOL VII § 7.106.121(A)(2) AND (B)(1); The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENT; AND, GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; FMLA; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3) ; C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118)** Section 18-8-111 - False reporting to

authorities - false reporting of an emergency; **FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121 AND 42 U.S.C. § 1983 LIABLE.**

    **DIRECT EVIDENCE OF *PRO SE* Plaintiff's DISCRIMINATION, *PER SE* RETALIATION, WHISTLE BLOWING CLAIMS** —— willful and wontly **DENIED** by Career Service Hearing before **IMPERMISSIBLY BIAS CHERRY-PICKING PLOTTING** Bruce A. **Plotkin** #18133 **(Inactive)(Defendant #59)** —— WAS/IS ***PRO SE'S* SEPTEMBER 13, 2018** (EMPH) **"ERT CONCERNS" SUBJECT HEADED EEO AND PROTECTED EMAIL** —— **WHICH DEFENDANT 72: REBECCA BALL** ——**WILLFULLY AND WANTONLY** HARMFULLY FORWARDED VERY NEXT DAY —— SEPTEMBER 14, 2018 —— **TO EEO RMO DEFENDANT #78** <u>HODSON **AND DEFENDANT #69 DAVIS**</u> ——**AND ADDING EEO RMO** DEFENDANT #71 <u>BERRY</u> [18] —— WHEREIN **DEFENDANT 72: REBECCA BALL REQUESTS** —— **"SPEED UP THE PROCESS"** —— OF **INTENTIONALLY EFFECTUATING CLAIMS.** *Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB):** *ADD* #35, TR (4/23/19), *pp* # 732-740:8-21; bottom 22CA1542, *REC, pp # 1297 "Cat's Paw Theory" TO* 22CA1542, *REC, p # 1302.*

    ***PRO SE'S* 9/13/18** (EMPH) **"ERT CONCERNS" EEO AND PROTECTED** (EMPH) **EMAIL.** Explicitly *(in-part)*:

        "Again, infant night-care is VERY difficult/impossible to secure opposed to daycare (especially FRI. nights); yet as the most tenured re-instated ERT staff who has always enjoyed her work *(Emph)-* I diligently secured night-care to fully return from maternity FMLA (even in limbo of losing first sitter and within a two week turn around demonstrative of commitment). My son's sitter's work schedule has been contracted accordingly to my compressed work schedule Mondays thru Thursdays from 2PM to 12AM until the end of the year. Since your November of 2017 issuance of the Department's "Flex Schedule Expectations" to Irene Vancleave and myself, I've followed orders of reverting to a traditional 5 day a week schedule from 2PM to 10PM. I alternated my flex day 6/29/18 per your request to accommodate two ERT staff being in training and on PTO. Also, please take note that outside of my exhausting FMLA maternity leave, I've been the most reliable ERT staff when it comes to scheduling; as Dawn Landrum and Irene VanCleave undeniably call out often before/after holidays (ex. the week of July 4th when her son in law was in town for her daughter's birthday Irene Vancleave purportedly had coxsackie and you've approved in advance all of Dawn Landrum's vacations (ex. week before Thanksgiving; 7 /20/18; 7 /23/18) and she reportedly called out sick 8/20/18;8/21/18; 8/28/18; 8/30/18; 8/31/18 which was the entire week before Labor Day weekend ... You yourself told all of ERT during a ERT staff meeting that you didn't work later ERT *I* Afterhours because- "you have little ones at home and the Department works with your schedule." Respectfully, but noticeably amongst all ERT/Afterhours, not only haven't you worked later ERT/Afterhours times (until 8/23/18...and which ERT needed post Arthur Trass's inability to work later), but you've been PTO June 14, 2018; June 15, 2018; June 18, 2018; July 2, 2018; July 3, 2018; July 5, 2018; July 25, 2018; July 26, 2018; 8/22/18; 8/27/18; and 8/28/18...just to name a few...

---

[18] 22CA1542, *REC, p #* 1298

IF authorized unpaid leave is being granted please do advise; as I emailed Jennifer Telfor and Tammy Davis days ago about matters (i.e. my sons medical needs and how I strive to set his appointments at Children's Hospital on my compressed day off, but some dates including upcoming **9/18/18** (Emph) will have to be during the week) and Ms. Telfor advised me that "donations would have to be sought for any time off outside of accrued PTO/sick/vacatioN." Ms. Landrum has been without a vehicle for over a month now, yet you've accommodated her not having to respond and only call take because of such & notably easier than the two weeks I was accommodated to re-secure night-case for my son…"

**SAME DATES ONE YEAR LATER WRONGFULLY DISCIPLINED FOR: OCTOBER 18, 2017** *(EMPH.)* **AND OCTOBER 23, 2017** *(EMPH)* —— **BLACK** *PRO SE* **NEVER PAID SHIFT DIFFERENTIAL —— RE**-APPLIED FOR **Lead - CA2694** [19] —— **REQUESTED LATERAL TRANSFER OFF INADEQUATELY STAFFED AND UNSUPERVISED HOSTILE** *(EMPH.)* **AND DIFFERENTIAL TREATMENT** [20] —— **ERT ——TO DEFENDANT 72: REBECCA BALL AND DEFENDANT #69 TAMMY DAVIS.**



DHS execs Erin Hall, Mimi Scheuermann, and Joe Homlar getting ready to head Over the Edge of the 29-story 1600 Glenarm Place building in suppo...

**DEFENDANT 73: ERIN HALL**— white (race), female (sex), who personally participated in both quasi-judicial City and County of Denver and Colorado Department of Labor and Employment Hearing, at all times relevant, as **C & C DEN CSR §9-62 Protective Service Stipend** (22CA1542, *REC*, pp # 1363 – 1368) in tandem with **VOL VII § 7.106.121(A)(2) AND (B)(1)** (22CA1542, *REC*, pp # 1398-1399) **AFTERHOURS ON CALL ADMINISTRATOR** —— who **FAILED TO IMMEDIATELY NOTIFY THE DIVISION DIRECTOR —— DEFENDANT #70: MIMI SCHUEREMANN** —— OF "KNOWING Copeland Referral # 2870434 Family HAD PRIOR INVOLEMENT" —— **CASE NO. 2020CV405,** CF, p # 209 (# 13) **AND** TRANSCRIPT **(HALL)** 50:25-53:1 at **22CA1542,** *REC*, pp # 178-181 —— AND CHILD WELFARE DIV. DIRECTOR **DEFENDANT #70: MIMI SCHUEREMANN** ——

---

[19] *Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB):** *ADD*, #6

[20] *Id.* at **PLAINTIFF'S EXHIBIT # 1—1 (USB):** *ADD #10*, **EX R** (388-392), *pp # 15-19*

WAS TO DESIGNATE INDIVIDUAL RESPONSIBLE FOR ASSESSING POSSIBLE TRIBAL AFFILIATED (ICWA) CHILD(REN) SURVIVING SIBLINGS' "KM, NM, and decedent "AM" abuse near fatality- fatality **Referral # 2870434** (Copeland)("BC fatality") —— **NEVER** EEO RMO DEFENDANT #78: HODSON **OR DEFENDANT 71**: JOSIE M. BERRY. *EMPH.*

*Ibid.* ANALAGOUS AUTHORITIES C & C DEN CSR §9-62 Protective Service Stipend; VOL VII § 7.106.121(A)(2) AND (B)(1) —— *OMNIBUS DE NOVO* REVIEW REQUESTED AND REQUIRED — *AB INITIO* BY *PRO SE* OCTOBER 30, 2018 — *BUT FOR* STILL — WILLFUL AND WANTONLY — *IN FURTHER* VIOLATION of C & C DEN CSR §9-62 Protective Service Stipend; VOL VII § 7.106.121(A)(2) AND (B)(1); 28 U.S.C. §1343(a)(1)(2); The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENT;  42 U.S.C. § 1983;  AND CADA C.R.S. § 24-34-401 *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109),  GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3) ; C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118) Section 18-8-111 - False reporting to authorities - false reporting of an emergency; FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121 …. —— BLACK *PRO SE* AND BLACK ICWA CHILD(MIG) AND POSSIBLE ICWA CHILDREN (AM,KM,NM) —— DEPRIVED. *EMPH*

JOINTLY AND SEVERALLY LIABLE —— DEFENDANT 73:  ERIN HALL —— SHALL BE involuntarily immediate emergency indefinitely suspended (unpaid), TERMINATED for willful and wontly violating laws —— remedial sanction constrained, and permanently enjoined, prosecuted for ALL CRIMINAL CONTEMPT CLAIMS— MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL SOURCE RULE COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) *Id.* at "E. REQUEST FOR RELIEF".



**DEFENDANT 74:    ALEJANDRA HARGUTH** — **white** (color), **female** (sex), GS-1860-12 EEOC Investigator, hired by U.S. Equal Employment Opportunity Commission ("**EEOC**") August 25, 2013, that personally participated for June 2, 2019, EEOC Complaint #541-2019-02097 against DEFENDANTS #46, #50, #51, #60, #61, #62, #63, #69, #70, #71, #72, #73, #75, #76, #78 —— including **June 26, 2019 AND and July 16, 2019 (recorded intake appointment).**

*Id.* at Case 1:19-cv-02806-RM-<u>MEH</u> Document 1-1 Filed 10/01/19 USDC Colorado Page 1 to 113 *PRO SE's* — *OMNIBUS* <u>VERIFIED</u> JUNE 12, 2019, FORMAL COMPLAINT — REARGUED — wherein she asserted denials to their truth, constructed arguments with proper citations , and included authenticated direct evidence, all dates/times/ parties supportive of claims, **Declaration** (Defendant #76) **and Notarized Affidavit (Shiree Edwards)** — *omnibus* **UNFAVORABLE OF** DEFENDANTS ##46, #50, #51, #60, #61, #62, #63, #69, #70, #71, #72, #73, #75, #76, #78.

*Ibid.* DEFENDANT 74 (HARGUTH) — **DEPRIVED** *PRO SE* **DUE PROCESS ADMINISTRATION PRESCRIBED BY EEOC MANAGEMENT DIRECTIVE 110** set out at **29 C.F.R. Part 1614**; and **DUE PROCESS SERVICE (analogous to Federal Civil Rules of Procedure 5**; and state **C.R.C.P. 5) — explicitly described within EEOC MD-110** — as *PRO SE* Plaintiff <u>NEVER CONSENTED</u> (*EMPH.*) to service and or communications from **EEOC** or **DEFENDANT 74 (HARGUTH)** via **EMAIL.** *EMPH.*

*Ibid.* **EEOC MD-110: POLICY INTENT** (quote): "The policy objective of this Directive is to ensure that federal personnel responsible for processing employment discrimination complaints do so consistently and in accordance with the Commission's regulations set out at 29 C.F.R. Part 1614, and with the guidance, policies and procedures contained in this Directive and in the attached manual." *Infra.*

*Ibid.* **DEFENDANT 74** (HARGUTH) **FAILED TO FOLLOW** PRESCRIBES OF EEOC MANAGEMENT DIRECTIVE 110 *IN DEPRIVATION OF PRO SE* Plaintiff's discrimination (<u>marital</u>, pregnancy, race, religion, national origin), retaliation, post termination retaliation, and whistleblowing complaint **AGAINST** DEFENDANTS #46, **#50**, #51, #59, #60, #61, #62, #63, #65, **#69**, #70, #71, #72, #73, #75, **#76**, <u>#78</u>.

*Ibid.* **DEFENDANT 74** (HARGUTH) **EMAILED** (*EMPH*) *PRO SE* Plaintiff Charge of Discrimination (EEOC FORM 5), which <u>**DEFENDANT 74 (HARGUTH) DRAFTED.** *EMPH.*

*Ibid.* **DEFENDANT 74** (HARGUTH) **FAILED** to appraise *PRO SE* Plaintiff of the relating-back regulation 29 C.F.R. § 1601.12(b), to cure technical defects or omissions;

specifically, to verify her June 12, 2019, Filed Formal Complaint Charges of Discrimination (541-2019-02097); **NEVER** afforded, placed on notice, nor instructed **PRO SE** Plaintiff that her charge (541-2019-02097) needed to be amended to cure failure to verify the charge with explicit wording "under penalty of perjury"; and **VIOLATING EEOC MANAGEMENT DIRECTIVE 110** set out at **29 C.F.R. Part 1614**; AND **DUE PROCESS SERVICE** (analogous to Federal Civil Rules of Procedure 5; and C.R.C.P. 5) **EMAILED** (EMPH) **PRO SE** Plaintiff **explicitly "(incorrect marital title and misspelled named omitted)**– I understand you have not received your Notice of Right to Sue.  Please see the attached for your records.  Feel free to reach out if you have any questions." In bad-faith and discriminative animus, **DEFENDANT 74** (HARGUTH), **NEVER** responded back to **PRO SE**  Plaintiff's **September 3, 2019** question:  **"Whether or not filing a lawsuit was her only recourse?"** *EMPH.*

 *Ibid.*  **DEFENDANT 74** (HARGUTH) was aware and conspired against **PRO SE**  Plaintiff *IN DEPRIVATION* of Memorandum of Understanding (MOU) Between the **U.S. Equal Employment Opportunity Commission** (**EEOC**) **AND** The U.S. Department of Justice (**DOJ**)- **Civil Rights Division Regarding Title VII Employment Discrimination Charges Against State and Local Governments; AND** partnership with Tribal Employment Rights Offices (**TEROs**) — as again  — **U.S. CONSTITUTIONAL ART VI CL II**  (*EMPH.*) — **IT WAS/IS THE DEPARTMENT OF JUSTICE ("DOJ") SOLE AUTHORITY IS TO PROSECUTE DISCRIMINATION CLAIMS INVOLVING LOCAL MUNICIPALITIES.**

 *Ibid.* **WITHOUT A RESPONSE** from **DEFENDANT 74** (HARGUTH) —  timely within 90 days — **PRO SE**  Plaintiff filed 19-CV-02806-RM-*MEH* lawsuit **OCTOBER 1, 2019**— which "RECOMMENDATION" of *omnibus* **impermissible bias** *MEH* (DEFENDANT #10), — was dismissed by DEFENDANT #9 (**RM**) — OCTOBER 13, 2020 (emphasis) —  per **DEFENDANT #61** (WOLF **#31585**) *omnibus* **CONSPIRED defense** "that EEOC Complaint was not verified."

 *Ibid.* **DEFENDANT 74** (HARGUTH) **AND NEVER IMMUNE** WHITE (**race**), male (**sex**) **DEFENDANT #61** (WOLF **#31585** ) — **were/are liable** — to **PRO SE**  Plaintiff for discrimination, wrongful act or omission, legal costs, money damages, all injuries suffered, associated with EEOC Case Nos. 541-2019-02097 and 541-2021-00132, federal U.S. District Court for the District of Colorado *v. Denver,* 19-CV-02806-RM-*MEH; * AND *v. Denver,* 21-CV-02362-RM-*MEH*; and Tenth Circuit Court of Appeal Case No. **21-1223 [10906319]**; Case Nos. **2020CV11** AND **2020CV405;** *PRO SE v. City and County of Denver, et al.,* Colorado Court of **Appeals Nos. 2022CA1542** AND  **2024CA1688** — AND **2020CA286** (*PRO SE v. Industrial Claim Appeals Office and C & C DEN City Agencies Under the Mayor*) — as furthering of injuries flow directly from and that are connected to **THEIR** (DEFENDANTS **#61 and #74)** deprivation, fraud, and infringement of *PRO SE*  Plaintiff's lawful **EEOC MD-110, TITLE VII**, anti-discrimination, retaliation, and whistleblower rights and entitlement.

 **JOINTLY AND SEVERALLY LIABLE** —— under **42 U.S.C. § 1983; 42 U.S.C. § 1985(2)(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; 28 U.S.C. § 1346(B)(1); 28 U.S.C. § 1343(a)(1)(2)(3)(4)** —— **FEDERAL TORT CLAIM ACT, 28 U.S.C. § 1346 WAIVER OF SOVEREIGN IMMUNITY** —— **AND CADA: C.R.S. § 24-34-401** *et seq.* ——**ALL MAXIMUM IMPRISONMENT AND FINES, AND ALL COLLATERAL**

**SOURCE RULE** COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".

**DEFENDANT 74: HARGUTH ⸺ SHALL BE INVOLUNTARILY IMMEDIATE EMERGENCY INDEFINITE SUSPENSED AND TERMINATED FROM POSITION AND FEDERAL SERVICE PURSUANT TO 5 U.S.C. 2302(b).**



**DEFENDANT 75:    IRENE LEAH VANCLEAVE** — white (race), divorced (marital status), female (sex), was similar -situated to *PRO SE* Plaintiff as a City and County of Denver, Social Caseworker- CA2686, on the Emergency Response Team (ERT) of Child Welfare, supervised by **BLACK** (race), Veteran (military), male (sex), whistle-blower Mr. Arthur Trass; then Defendant #78 ("Hodson") — *but-for* made ERT a **HOSTILE WORK ENVIRONMENT** as *PRO SE*, **TRASS, and other ERT staff** (Troy Tindall, Shiree Edwards, Angela Myers) brought to Defendant #72 (Ball) AND Defendant #69 (Davis) attention. VanCleave was a "**HOSTILE AND RELUCANT**" (*EMPH*) subpoenaed witness called by *PRO SE* during her Case-In-Chief — as was willfully and wantonly impermissibly erroneously excluded from **Defendant #59** Bruce A. **Plotkin** #18133 **(Inactive) PUBLIC** <u>JULY 12, 2019,</u> **FINAL DECISION** ⸺ who wanted to intimidate and threaten *PRO SE* prior to **RECORDED SEQUESTERED** (emphasis) administrative direct Consolidated Case Nos. 073-18, 076-18, 080-18 Career Service Hearings; and willfully and wantony personally participated with **FALSE SWORN TESTIMONY** (*EMPH.*) before **Defendant #59** [Bruce A. **Plotkin** #18133 **(Inactive)**]. VanCleave was never disciplined, but-for later, over more educated, DHS experienced, ERT Social Caseworker- CA2686 tenured pregnant *PRO SE* — **PROMOTED** by **DEFENDANTS #72** (Ball) and **#78** (Hodson) to  Social Case Worker Lead–CA2694. Vancleave abused authority under color of state law, causing harms and irreparable injuries alleged herein; <u>U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV AMENDMENT RIGHTS;</u> **42 U.S.C. § 1985(2)(3); GREATER STATE C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; HATE CRIME C.R.S. § 19-9-121** ⸺ **JOINTLY AND SEVERALLY LIABLE** ⸺ **NEVER** ENTITLED **TO SOVEREIGN IMMUNITY NOR IMMUNE FROM CADA: C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109) ⸺ ALL <u>MAXIMUM</u> IMPRISONMENT AND FINES, AND ALL <u>COLLATERAL SOURCE RULE</u> COMPENSATORY DAMAGES (punitive, pecuniary, and non-pecuniary) *Id.* at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 76:    DAWN LANDRUM** — Similar -situated to *PRO SE* Plaintiff as a public entrusted City and County of Denver, Social Caseworker- CA2686, on the Emergency Response Team (ERT) of Child Welfare Division, supervised by Defendant #78 ("Hodson"). Landrum was an unwed (marital status), dark (skin tone), female (sex), without child, who self-identified as "African American/ Multi-Racial" (race). On May 8, 2019, Landrum **FALSELY TESTIFIED** before Colorado Department of Labor and Employment ("CDLE") Defendant #58, about the July 18, 2018 "Near Fatality- Fatality" Copeland Referral # 2870434 —— which Landrum was also assigned, *but-for* only lighter skin tone, married with FMLA medical needs child (MIG), EEO and whistle-blowing *PRO SE* Plaintiff was disciplined for — when affirmatively contrary, absolutely nothing appears, showing **DEFENDANT 76: DAWN LANDRUM** making **REQUIRED** (*EMPH.*) **Colorado Children's VOL VII § 7.101 and § 7.103 entry**.

**DEFENDANT #76 (LANDRUM)** was frequently absent and allegedly out sick on October 22, 2018, and did not attend the **October 23, 2018,** Intake Training. Only *PRO SE* Plaintiff was disciplined for not attending the **October 23, 2018,** Intake Training; and no one else from ERT attended as evidenced by Sign-In Sheets.

**DEFENDANT #76 (LANDRUM)** was never disciplined and received preferential treatment by white (race) supervising Defendant' #78 (Hodson) and dark (**skin tone**) also identifying — African American (**race**) Defendant #69 (**Davis**).

**NEVER** ENTITLED **TO SOVEREIGN IMMUNITY** — **NOR** emergency suspension and termination in violating City and County of Denver Career Service Rules (**"CSR"**): §16-28(A); §16-28(F); §16-28(R); §16-28(T) — **AND** — pursuant **C.R.S. § 18-8-502 (Perjury in the First Degree)** —— waived immunity. **JOINTLY AND SEVERALLY LIABLE** — *Id*. at "**E. REQUEST FOR RELIEF**".



**DEFENDANT 77:    DANIEL R. GOMEZ, JR.** — male (**sex**); identifies (sworn CASE NO. **2014**-CV-01699-BNB-**MEH** deposition) as CAUCASIAN (**race**), **HISPANIC** (ethnicity); highest completed education level is "BS Degree" (Bachelor of Science) and the Public Trust Officers for Leadership Program at the John F. Kennedy School of Government, Harvard University; fifth generation Coloradan, named as **Sexual Discriminator in August 29, 2006 Therese E. SANTOYA** (EMPH) **v. HUD MSPB** [DE-0432-06-0019-I-1] Equal Employment Opportunity Commission (**EEOC**) Case No. Case No. 541-2012-00018X  Responsible Management Official (**RMO**), who personally participated as *PRO SE* Plaintiff's first line supervisor and **GS-15** Deputy Regional Administrator at **U.S.** HUD (Region VIII), Field Policy and Management (FPM); in a **CONSCIOUS CONTEMPT** of *PRO SE* Plaintiff's life, liberty, and property; her protected classes and protected activities against him; and thus a form of reckless indifference to fundamental rights herein; who recommended **ALL ADVERSE ACTIONS** issued to *PRO SE* Plaintiff effectuating emergency seven (7 day) suspension; extended suspension; and termination from U.S. Housing and Urban Development (HUD), Region VIII, Field Policy and Management ("FPM"); **MSPB** [DE-0752-12-0257-I-1] **AND** EEOC Case No. 541-2012-00018X  discovery, hearings, depositions and proceedings; willful and wantonly in further violation of *PRO SE* Plaintiff's guarantee due process and **U.S. Constitutional (Art. VI CL II; I, V, XIV Amendments) and Whistleblowing (WPA/ NO FEAR) Rights.** GOMEZ **(Defendant #77)** "resigned" from HUD *DURING FEDERAL* CASE NO. **2014**-CV-01699-BNB-**MEH** (10ᵗʰ Cir. 2014) discovery — **FLEEING OUT THE STATE OF COLORADO** — to Texas — where further criminally in another state, travel had to be arranged by Defendant #11 (DOJ, Assistance United States Attorney, Timothy Bark Jafek CALIF. # 214066) and *PRO SE* to capture his sworn video deposition. Hidden from the public — *PRO SE* Plaintiff personally confirmed on **February 27, 2023**, at 1670 Broadway , Denver, CO 80202-4801 — that GOMEZ— RETURNED TO THE STATE OF COLORADO (*EMPH.*) and was/is **RE-HIRED** (*EMPH.*) by **U.S. HUD (Region VIII)** and presently serving as a Single-Family Program Advisor on the 21ˢᵗ Floor.

　　**JOINTLY AND SEVERALLY LIABLE** — for all re-invoked CASE NO. **2014**-CV-01699-BNB-**MEH** (10ᵗʰ Cir. 2014), March 2010 continuous preserved claims, and furthering irreparable harms to present day — **WHEREIN** — **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** — COLLATERAL SOURCE RULE — **LIABLE FOR ITS ORIGINAL TITLE VII TORTFEASOR** — GOMEZ — and again, **42 U.S.C. § 1983** authorizes *PRO SE's* claims against GOMEZ in his **individual capacity** for MAXIMUM — **COLLATERAL SOURCE RULE** — **COMPENSATORY DAMAGES** (punitive, pecuniary, and non-pecuniary)*; 42 U.S.C. § 1985(2)(3); 18 U.S.C. § 242; AND SUPPLEMENTS** (EMPH), rather than supplants existing remedies for employment discrimination. *Henley v. Brown*, NO. 11-2561 (8ᵗʰ Cir. July 26, 2012); remedial sanction constraints including appointment of special counsel to prosecute all criminal contempt, **BOTH IMPRISONMENT AND FINES,** involuntary immediate emergency suspension (unpaid), **ARMED FEDERAL** escort out of the building by three men, termination, and permanent injunction restraining; and any other proper redress proceedings (**jury for all issues so triable**) and remedies securing **RELIEF RIGHTS**; revoke and expunge **ALL UNCONST. ORDERS** of GUILTY AND LIABLE DEFENDANT #77 — GOMEZ .



# *Instagram*



s

## Katie Hodson

### 🧵 sobd2017



**9** 9News

Denver Human Services worker accused ...



**DEFENDANT 78**:    K̲ATHRYN "K̲ATIE" HODSON (F/A GLEASON) — Prior to her entrustment of presently publicly serving as Statewide Adult Diversion Coordinator at **STATE COURT ADMINISTRATORS OFFICE WITHIN COLORADO'S JUDICIARY** (*EMPH.*) — "**Hot Date HODSON**" willfully and wantonly abused her authority as **CITY AND COUNTY OF DENVER, Social Case Worker Supervisor – LA2973**.

　　　　**HODSON** was/is white (**race**), divorced (**marital status**), date of birth July 13, 1979 (**45-year-old**) , female (sex), **NEVER** disciplined. **HODSON** was white (**race**), female (**sex**) **CRIMINAL DEFENDANT** Christina Lee Gray's (mug shot photo above) Denver Human Services ("DHS") Odyssey Training **SUPERVISOR** ((*EMPH.*) — as **Gray** started **THE VERY SAME DATE** (*EMPH*) under same Odyssey Training **SUPERVISOR — DEFENDANT #78- HODSON** (*EMPH*) — as herein *PRO SE* Plaintiff — A̲pril 25, 2016. *EMPH.* *See The People of the State of Colorado v. Christina Lee Gray* (**DENVER DISTRICT COUNTY** (*EMPH*) ; **Offense Case No. 2024-5000941**).

*Ibid.* **HODSON** was **PROMOTED** (*EMPH*) at Denver Human Services ("DHS") (*EMPH*) by **CHILD WELFARE** (*EMPH*) "DICTATOR" **WHITE** (race) **DEFENDANTS #46, #51, #60, #70, #71 —** *AFTER* (*EMPH.*) **— BLACK** (race) **whistleblowing** (*EMPH*) Social Case Worker **SUPERVISORS' – LA2973 —** Mr. Arthur Trass and Ms. Sherron (*EMPH*) — were **discriminatively demoted** (*EMPH*) by **DEFENDANT #72: BALL.**

*Ibid.* **NEVER** entitled qualified immunity, **HODSON'S WILLFUL AND WONTON CRIMINAL** acts and omissions **WITH DEFENDANTS #71** (BERRY)**, #70** (SCHEUERMANN) **, #69 (DAVIS), #73** (HALL), **AND # 72** (BALL), **#63: CAT**ALANO **#39773 — CONTINUES HARMS — and EXPOSES GREATER DEPLORABLE CORRUPT HARMS AND IRREPARABLE INJURIES WITHIN U.S. DISTRICT OF COLORADO —** alleged herein beyond just *PRO SE* — BUT FOR WORSE **BLACK** (race) **NATIVE (ICWA)(MIG) AND BLACK** (race) **POSS. ICWA CHILDREN (AM, KM, NM).**

**NEVER** (*EMPH.*) *IN BEST INTEREST* (*EMPH.*) — **DEFENDANTS #75** (VANCLEAVE), **#78** (HODSON), **#71** (BERRY), **AND #70** (SCHEUERMANN) — **FAILED** (*EMPH.*) to consider **INDIAN CHILD WELFARE ACT (ICWA).**[21] *Id.* at **22CA1542,** *REC, p # 732, ¶1* (JULY 18, 2018, *PRO SE's* TRAILS ENTRY):

> "**Q.** Do you/your children have any tribal affiliation?" A. I don't know, I think we might." JULY 18, 2018, **legal admission from Father of children ("FOC") AM, KM, AND NM.**

*DE NOVO — OMNIBUS* **OCTOBER 20, 2018,** *PRO SE* **REQUESTED AND REQUIRED —** *BUT FOR* **NEVER REVIEWED —** FED. ICWA; C.R.S. § 18-8-502; § 18-9-121; § 18-8- 114(1)(a); 18 U.S.C. §1030; DEN EO 143 215 LAWS — AS KNOWINGLY AND RACIALLY TARGETING — USING **DEFENDANT #71: BERRY'S** USER IDENTIFICATION IN STATEWIDE CHILD WELFARE INFO. SYSTEM "TRAILS" — HODSON — FALSIFIED — JULY 18, 2018 **SURVIVING BLACK** (race), **male** (sex), **POSSIBLE TRIBALAFFILIATED SIBLINGS (KM, NM)** SWORN ADMISSIONS — AFFIRMATIVELY CONTRARY DPD GO (KNOWN DEAD) #2018-486927 REPORT 219 (*Id.* at **22CA1542,** *REC*, pp # 1159-1240) :

> "IT WAS REPORTED BY LAW ENFORCEMENT THAT HER BODY HAD BEEN FLOATING IN THE POOL FOR APPROXIMATELY ONE HOUR PRIOR TO BEING RECOVERED BY — (MATERNAL GREAT GRANDFATHER'S FIRST NAME)"—; AND "—THE SURVIVING CHILDREN — ALSO REPORTED BEING ALLOWED IN THE POOL UNSUPERVISED..."

*Ibid. Id.* at **22CA1542,** *REC*, p # 1038; p # 1040 (# 7); p # 1049 (¶ 1) (**STIPULATED EX T**); **CITY AND COUNTY OF DENVER ——** October 30, 2018, 02-Contemp.mtg **AUDIO —— attendees** were **DEFENDANTS #62** (PACKER #33116); **#69 (DAVIS), #78** (HODSON); **#72** (BALL); **#71** (BERRY), **AND *PRO SE*.**

---

[21] *REC*, p # 1051 (**EX T**); ADD, # 10, (*PRO SE*)

During a **ERT RED TEAM** meeting, wherein Defendants #75 AND #76, AND Shiree Edwards, and former ERT Lead Supervisor Angela Myers attended; at/around December 2017, after *PRO SE* Plaintiff submitted **FMLA** for maternity leave; when/while *PRO SE* Plaintiff was physically presenting at the white-board, **HODSON** unconscionably inhumane asked " *PRO SE*. **Did you not tell anyone you were pregnant because you had miscarriages or a stillborn?**" All attendees' faces were in dismay. This was and can be truthfully corroborated by EEO witnesses, specifically Shiree Edwards, who has shared details of this very incident with others upon **resigning from ERT hostile environment**.

July 24, 2018, *PRO SE* Plaintiff emailed DHS Child Welfare Administrator II Jennifer Gruca and DEFENDANT #69 (HR Davis) about DEFENDANTS #79 (Hodson) and #71 (Berry) time fraud, nepotism, differential treatment, and requested to discuss July 18, 2018 near fatality-fatality concerns.

During a hostile "supervision" meeting on or about July 31, 2018, **HODSON** retaliatory threatened *PRO SE* Plaintiff by stating —

**"I heard you rallied the <u>TROOPS</u> (ERT) to go to HR about me?!"**

August 15, 2018 — *PRO SE* Plaintiff filed FIRST (*EMPH.*) whistleblower complaint [Case #1534351680] to the City and County of Denver's independent, third-party resource, for employees to report suspected fraud or financial misconduct known as The Fraud Hotline/Lighthouse Services, regarding the falsification of child records and time-fraud of DEFENDANT #78 (HODSON) AND DEFENDANT #71 (BERRY).
September 26, 2018 — *PRO SE* Plaintiff was subjected to inappropriate and hostile oral admonishment by Defendant #71 (BERRY) during which Defendant #71 (BERRY) later recommended and re-disciplined *PRO SE* Plaintiff for as part of the December 7, 2018, termination.
October 15, 2018— *PRO SE* Plaintiff emailed Defendant #70 Scheuermann high importance "Request to meet to discuss ongoing hostile matters" email; specifically, about Defendant's #78 (Hodson) and #71 (Berry).
October 27, 2018 — *PRO SE* Plaintiff filed a second whistleblower complaint [Case #1540679421] about **DEFENDANT #78 (HODSON) AND DEFENDANT #71 (BERRY)** to the City and County of Denver's Fraud Hotline/Lighthouse Services. — *RES IPSA LOQUITOR.*

**ADVERSE ACTIONS** *omnibus* **CORRECT** (*EMPH.*) **DATES** were — JULY 18, 2018; SEPTEMBER 20, 2018; OCTOBER 19, 2018; AND OCTOBER 23, 2018 — contemporaneously and in proximal close temporal relationship with *PRO SE* Plaintiff's continuous participation of EEO and whistleblowing protected activities internally and externally against Defendants.

**JOINTLY AND SEVERALLY LIABLE** (*EMPH.*) — **MAXIMUM** compensatory damages (punitive, pecuniary, and non-pecuniary)*;* remedial sanction constraints including appointment of special counsel to prosecute all criminal contempt actions which — **WILLFUL AND WANTONLY** — **HODSON** — **NEVER** plead **U.S. CONST. V Amend.** — swore under

**RECORDED OATH** *IN* **FALSIFYING BLACK** (race) **POSSIBLE ICWA CHILDREN (AM, KM, NM)** Child Welfare **RECORDS** before and with **BOTH (EMPH.) DEFENDANTS #58 REIKE #36206 (INACTIVE)** (emphasis)  **AND #59** Bruce A. **Plotkin** #18133 **(Inactive)** — *IN FURTHER* **VIOLATIONS** of **The Indian Child Welfare Act of 1978 ("ICWA"), enacted November 8, 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]); U.S. CONSTITUTIONAL ART VI CL II, I, V, XIV,  XV AND XIX AMENDMENT, 42 U.S.C. § 1983,  AND CADA C.R.S. § 24-34-401** *et seq.* (WAIVED SOVEREIGN IMMUNITY OF STATE; C.R.S. § 24-10-109),  **GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS; 18 U.S.C. § 242; 42 U.S.C. § 1985(2)(3) ; C.R.S. § 18-8-306- ATTEMPT TO INFLUENCE A PUBLIC SERVANT; COLORADO TITLE 18- CRIMINAL CODE (§§ 18-1-101 — 18-26-102); Article 8 - OFFENSES - GOVERNMENTAL OPERATIONS (§§ 18-8-101 — 18-8-805); Part 1 - OBSTRUCTION OF PUBLIC JUSTICE (§§ 18-8-101 — 18-8-118) Section 18-8-111 - False reporting to authorities - false reporting of an emergency; FIRST DEGREE PERJURY AND HATE CRIME C.R.S. § 19-9-121 …. — BOTH IMPRISONMENT AND FINES — INVOLUNTARY IMMEDIATE EMERGENCY SUSPENSION** (UNPAID), IMMEDIATE ARMED **FEDERAL** ESCORT OUT OF THE **COLORADO JUDICIAL CENTER**, *(EMPH)* , **TERMINATION, PERMANENT INJUNCTION RESTRAINING AND ANY OTHER PROPER REDRESS PROCEEDINGS (JURY FOR ALL ISSUES SO TRIABLE)** and remedies securing **RELIEF RIGHTS**; revoking and expunging **ALL UNCONST. ORDERS** in criminal conspiring acts  — wrongfully suspending, terminating, denying unemployment, defaming, and causing severe egregious harms unto *PRO SE*, and **WORSE— CHILD(REN) MIG(AM, KM, NM)** — AND **OTHER** CHILDREN…*EMPH*.