IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03593-RTG

PERSON REPRESENTING OTHERS' & SELF EQUALITY, ("PRO SE"),

     Plaintiff,

v.

UNITED STATES TENTH CIRCUIT COURT OF APPEALS,
DISTRICT COURT FOR THE DISTRICT OF COLORADO,
ATTORNEY'S OFFICE FOR THE DISTRICT OF COLORADO,
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
EQUAL OPPORTUNITY COMMISSION,
STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
NEIL GORSUCH,
JEROME HOLMES,
PAUL JOSEPH KELLY,
CARLOS LUCERO,
TERRENCE O'BRIEN
NANCY MORITZ,
JOEL CARSON,
PHILIP A. BRIMMER,
RAYMOND P. MOORE,
MICHAEL E. HEGARTY,
TIMOTHY B. JAFEK,
NELSON RAPHAEL BREGON,
RICK M. BARGIA,
JARED POLIS,
BRIAN BOATRIGHT,
RONALD L. MULLINS,
GILBERT M. ROMAN,
JERRY JONES,
ELIZABETH LEIGH HARRIS,
LINO S. LIPINSKY DE ORLOV.
JACLYN CASEY BROWN,
KATHERINE LUM,
PHILIP WEISER,
JOHN A. STENINGER,

1

LISA A. KLEIN,
CHRISTOPHER J. BAUMANN,
MICHELLE ANN AMICO,
CHARLES M. PRATT,
ELIZABETH WEISHAUPL,
ELIZABETH BEEBE VOLZ,
CYNTHIA DIANNE MARES,
JILL DEPORAH DORANCY,
DON JESSE TOUSSAINT,
DEMETRIA ELIZABETH TRUJILLO,
STEPHANIE SCOVILLE,
ELIZABETH MCCANN,
KATHLEEN MARIE JANSKI,
CHRISTINA M. APOSTOLI,
KAREN F. HUBLER,
J. MATTHEW DE PETRO,
LISA E. PEARCE,
ECHO DAWN RYAN,
STEPHANIE VILLAFUERTE,
MICHELLE BARNES,
JOEL HOMLAR,
ANDREW STAPLES,
TRACY RUMANS,
KATHLEEN BRIDGET NOONE,
MICHAEL B. HANCOCK,
DON MARES,
NEIL PECK,
DAVIS S. HAYES,
KAREN HASSETT DUWALDT,
PATRICIA BARELA RIVERA,
TRACY J. WINCHESTER,
KARLA JAYNE PIERCE,
JULIA B. REIKE,
BRUCE ANDREW PLOTKIN,
KATHRYN SMITH,
ROBERT WOLF,
AMY PACKER,
SHERRI CATALANO,
JEFFREY ANTON SHEPARD,
JORDAN MARCUS HUMPHREYS,
CHRISTOPHER JORDAN THOMAS,
GINGER RICHARDSON BURNETT,

2

DONALD J. GERRISH,
TAMMY DAVIS,
MIMI SCHEUERMANN,
JOSIE M. BERRY,
REBECCA HALL,
ERIN HALL,
ALEJANDRA HARGUTH,
IRENE LEAH VANCLEAVE,
DAWN LANDRUM,
DANIEL R. GOMEZ, JR., and
KATHRYN HODSON,

       Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
\

       On December 27, 2024, Plaintiff filed *pro se* a Complaint (ECF No. 1)[1] and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). The Court granted her leave to proceed *in forma pauperis* pursuant to § 1915. (ECF No. 7).

       The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d. at 1110. For the reasons discussed below, Plaintiff will be directed to file an amended Complaint.

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

## I.    The Complaint

The Complaint is over 55 pages long. As best the Court can tell, Plaintiff sues more than 75 defendants and asserts 8 claims for relief. The claims are supported by more than 118 paragraphs of allegations that are difficult to follow and appear to reference numerous other federal and state court proceedings. Plaintiff also filed three supplements, approximately 300 pages of attachments, and conventionally submitted materials in support of her Complaint. (*See* docket). Plaintiff requests damages as well as declaratory and injunctive relief.

### A.    Rule 8 of the Federal Rules of Civil Procedure

The Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to include a short and plain statement of the grounds for jurisdiction or a short and plain statement of Plaintiff's claims showing she is entitled to relief. Plaintiff's allegations are confusing and repetitive. It is Plaintiff's responsibility to present her claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those

claims. The Court does not require a long, chronological recitation of facts. Nor should the Court or a defendant be required to sift through Plaintiff's allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For each claim Plaintiff asserts in the Complaint, she must explain, simply and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### B.    Subject Matter Jurisdiction

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action over which it lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The allegations of the Complaint indicate Plaintiff may be seeking to enjoin or overturn state court orders. There are several jurisdictional obstacles to the requested

equitable relief.

###### 1.  *Younger* Abstention

Pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court [must] abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty Ethics Comm.*, 457 U.S. at 431. When the three conditions are met, the application of *Younger* is mandatory. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances.") (internal quotation marks omitted)).

Under the first *Younger* factor, the state court proceedings are ongoing if Plaintiff has an available state court remedy, including state appellate remedies. Here, though unclear, it appears Plaintiff is actively engaged in contesting state court rulings and judgments. Second, the challenged orders likely implicate important state interests. *See Ankenbrandt v. Richards,* 504 U.S. 689, 692 (1992). Lastly, state courts are generally equally capable of enforcing federal constitutional rights as federal courts. *See*

6

*Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431. *See also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (holding that *Younger* abstention is appropriate when a federal plaintiff can pursue those claims in an ongoing state proceeding); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Here, the allegations do not establish that state law prevents Plaintiff from presenting her federal claims in the state proceeding(s). *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999).

A federal court need not abstain if the state proceeding was "commenced in bad faith or to harass" or "based on a flagrantly and patently unconstitutional statute" or if there is "any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (quoting *Younger*, 401 U.S. at 53-54). The exceptions are narrow, and the plaintiff has a "heavy burden to overcome the bar of *Younger* abstention." *Phelps*, 122 F.3d at 889.

To the extent the doctrine of *Younger* abstention is applicable to Plaintiff's requests for injunctive relief, it also applies to her requests for declaratory relief. "The Supreme Court [has] held 'the same equitable principles relevant to the propriety of an injunction [apply] to . . . a declaratory judgment . . . . [W]here an injunction would be

impermissible under these principles, declaratory relief should ordinarily be denied as well.'" *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (quoting *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights). Review of the state-court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). A claim for damages that is "inextricably intertwined" with a state court judgment is also barred by the *Rooker–Feldman* doctrine. *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).

8

To the extent Plaintiff seeks to overturn final orders and judgments issued by the state courts and seeks damages that are "inextricably intertwined" with those orders, the Court lacks jurisdiction to adjudicate Plaintiff's claims challenging the constitutionality of those orders. *See Wideman v. Colorado,* 242 F. App'x 611, 614 (10th Cir. Oct. 1, 2007) (finding appellant's claims barred by *Rooker-Feldman* doctrine because they were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in state-court child-custody dispute); *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647 (10th Cir. Feb. 13, 2004) (stating that "an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply 'by bringing a constitutional claim under [the civil rights statutes].') (quoting *Facio*, 929 F.2d at 544) (other internal quotation marks and citations omitted).

**C.    Immunities**

To the extent Plaintiff is suing judicial officers in an official capacity, the Court advises Plaintiff that state court judges and magistrates are officers of the State of Colorado. *See Strepka v. Miller*, 28 F. App'x 823, 829 (10th Cir. 2001). State officials sued in their official capacities are immune from liability under § 1983 pursuant to the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims asserted against governmental officers or employees in their official capacities are construed as claims against the government).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998).

However, the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908). Thus, Plaintiff may pursue official-capacity claims for prospective injunctive relief only if there is a legal basis for such claims.

As to an individual capacity claim, a judicial officer is entitled to absolute immunity from personal monetary liability under § 1983 for actions taken in a judicial capacity that were not in the clear absence of all jurisdiction. *See Morales v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Scarman*, 435 U.S. 349, 356-57 (1978). A judge does not act in the clear absence of all jurisdiction even if he or she acted in error, maliciously, or in excess of his or her authority. *Stump*, 435 U.S. at 356-57. Further, a

judge is immune from liability for his or her judicial acts even if the exercise of judicial authority is flawed by grave procedural errors. *See id.* at 360. "Judicial immunity applies not only to judges but also to any person who performs judicial acts or activity as an official aide of the judge." *Schroeder v. Kochanowski*, 311 F. Supp. 21 1241, 1257 (D. Kan. 2004) (citing *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981).

## II.   Conclusion

For all these reasons, Plaintiff is ordered to file an amended Complaint that clarifies the jurisdictional basis, claims asserted against each defendant, and requests for relief she is asserting. The confusing narratives of the Complaint make Plaintiff's claims difficult to understand. Dismissal is appropriate on this basis. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.") (citation omitted).

In this District, Prisoner Complaints are limited to thirty pages. *See Brooks v. Colorado Dep't of Corr.*, 762 F. App'x 551, 555 (10th Cir. 2019), cert. denied, 140 S. Ct. 207 (2019) ("we find no abuse of discretion in . . . the district court's consequent order requiring Brooks to comply with the 30-page limitation per the court's local rules"). In its inherent discretion, the Court has determined that it is not unreasonable to impose this same page limitation in this case. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) (federal courts have inherent power to regulate their dockets, promote judicial efficiency, and deter frivolous filings). Thus**, the amended Complaint**

**may not exceed thirty (30) pages**.

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Plaintiff must obtain and utilize the current Court-approved Complaint form. Plaintiff must submit all claims and requests for relief in one single document. Plaintiff must complete all sections of the Complaint form. Plaintiff also must comply with the formatting requirements specified in the Local Civil Rules. Local Civil Rule 10.1(c) requires that margins " shall be 1½ inches at the top and 1 inch at the left, right, and bottom of each page." Local Civil Rule 10.1(d) states that " all typewritten pleadings and documents shall use black ink and not less than 12-point font." Local Civil Rule 10.1(e) requires all pleadings and documents to be double-spaced.

If Plaintiff fails, within the time allowed, to file an amended Complaint on the Court-approved form that complies with this Order and the pleading requirements of the Federal Rules of Civil Procedure, this case may be dismissed without prejudice.

Plaintiff is reminded that she may contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

Accordingly, it is

ORDERED that Plaintiff must file, within thirty (30) days from the date of this

Order, an amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this Order within the time allowed, the action may be dismissed without further notice.

DATED January 28, 2025.


BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge