**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-03593-LTB-RTG

MARIE LAVEAU GRIS-PHILOMENE (*PS*) I,

    Plaintiff,

v.

UNITED STATES TENTH CIRCUIT COURT OF APPEALS,
STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
NEIL GORSUCH,
JEROME HOLMES,
PAUL JOSEPH KELLY,
CARLOS LUCERO,
TERRENCE O'BRIEN
NANCY MORITZ,
JOEL CARSON,
PHILIP A. BRIMMER,
RAYMOND P. MOORE,
MICHAEL E. HEGARTY,
TIMOTHY B. JAFEK,
NELSON RAPHAEL BREGON,
RICK M. GARCIA,
JARED POLIS,
BRIAN BOATRIGHT,
RONALD L. MULLINS,
GILBERT M. ROMAN,
JERRY JONES,
ELIZABETH LEIGH HARRIS,
LINO S. LIPINSKY DE ORLOV.
JACLYN CASEY BROWN,
KATHERINE LUM,
PHILIP WEISER,
JOHN A. STENINGER,
LISA A. KLEIN,
CHRISTOPHER J. BAUMANN,
MICHELLE ANN AMICO,
CHARLES M. PRATT,

1

ELIZABETH WEISHAUPL,
ELIZABETH BEEBE VOLZ,
MICHAEL VALLEJOS,
CYNTHIA DIANNE MARES,
JILL DEPORAH DORANCY,
DON JESSE TOUSSAINT,
DEMETRIA ELIZABETH TRUJILLO,
STEPHANIE SCOVILLE,
ELIZABETH MCCANN,
KATHLEEN MARIE JANSKI,
CHRISTINA M. APOSTOLI,
KAREN F. HUBLER,
J. MATTHEW DE PETRO,
LISA E. PEARCE,
ECHO DAWN RYAN,
STEPHANIE VILLAFUERTE,
MICHELLE BARNES,
JOEL HOMLAR,
ANDREW STAPLES,
TRACY RUMANS,
KATHLEEN BRIDGET NOONE,
MICHAEL B. HANCOCK,
DON MARES,
NEIL PECK,
DAVIS S. HAYES,
KAREN HASSETT DUWALDT,
PATRICIA BARELA RIVERA,
TRACY J. WINCHESTER,
KARLA JAYNE PIERCE,
JULIA B. REIKE,
BRUCE ANDREW PLOTKIN,
KATHRYN SMITH,
ROBERT WOLF,
AMY PACKER,
SHERRI CATALANO,
JEFFREY ANTON SHEPARD,
JORDAN MARCUS HUMPHREYS,
CHRISTOPHER JORDAN THOMAS,
GINGER RICHARDSON BURNETT,
DONALD J. GERRISH,
TAMMY DAVIS,
MIMI SCHEUERMANN,

JOSIE M. BERRY,
REBECCA BALL,
ERIN HALL,
ALEJANDRA HARGUTH,
IRENE LEAH VANCLEAVE,
DAWN LANDRUM,
DANIEL R. GOMEZ, JR., and
KATHRYN HODSON,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the amended Complaint ("Complaint") (ECF No. 15)[1] filed *pro se* by the Plaintiff on March 17, 2025. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 21). Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, this Court respectfully **RECOMMENDS** that the Complaint be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The Court must liberally construe the Complaint because Plaintiff is not

---

[1] "(ECF No. 15)" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Also, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss any claims in the Complaint that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Applying these standards to Plaintiff's filings, the Court discerns that Plaintiff resides in Colorado. Plaintiff initiated this action *pro se* on December 27, 2024, by filing a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF Nos. 1, 3). Plaintiff was granted leave to proceed *in forma pauperis.* On January 28, 2025, the Court ordered her to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and asserts cognizable claims for relief. (ECF No. 10). In response, on March 17, 2025, Plaintiff filed an amended Complaint, the operative pleading. (ECF No. 15). As such, the Court reviews its sufficiency and will discuss the reasons dismissal is recommended.

In the Complaint, Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and lists 20 paragraphs of specific federal statutes, treaties, or provisions that are at issue in this case. (ECF No. 15 at 3-9). The Complaint and attachments are more than 230 pages long. As best the Court can tell, Plaintiff sues 78 defendants and

asserts 1 claim for relief titled:

> CONTINUOUS U.S. CONST. ART VI CL II (THE SUPREMACY CLAUSE), I, V, XIII, XIV, XV AND XIX AMENDMENTS' AND GREATER STATE COLO. CONST. ART. VI AND II (§§ 6 AND 25) AND COLO. ANTI-DISCRIMINATION ACT ("CADA"): C.R.S. § 24-34-401 ET SEQ. VIOLATIONS— TITLE IX (RICO ACT).

(*Id.* at 10) (quoted verbatim without alterations). The claim is supported by 49 paragraphs of allegations that are difficult to follow, rambling, and appear to reference numerous other federal and state court proceedings. Plaintiff's request for relief is unclear. (*See id.* at 30).

As best the Court can tell, Plaintiff's claim for relief appears to stem from state court domestic relations, small claims, and criminal proceedings. According to Plaintiff, during the course of multiple state court proceedings, she was treated unfairly and faced racial discrimination by state judicial officers and other state officials. In particular, Plaintiff states she was subject to a fraudulent divorce decree. Plaintiff contends that Colorado judges made unfavorable and erroneous rulings in the state court cases based on Plaintiff's race, gender, and status as a mother. Plaintiff also references the termination of her employment with a public employer and prior federal court cases. (*Id*. at 10-30).

## ANALYSIS

**I.     Rule 8 of the Federal Rules of Civil Procedure**

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Plaintiffs must allege in a clear, concise, and organized manner what each defendant did to them, when the defendant did it, how the defendant's action harmed them, what specific legal right they believe the defendant violated, and what specific relief is requested as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Vague and conclusory allegations that a plaintiff's rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo.

6

1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). And the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the Court nor defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims. *Id.*

Here, the Complaint does not include a short and plain statement of Plaintiff's claims showing an entitlement to relief. Plaintiff fails to allege in a clear, concise, and organized manner what the defendants personally did to her, when the defendants did it, how the defendants' action (or inaction) harmed her, what constitutional or federal right the defendants are charged with violating, and what relief she seeks from the defendants. As such, the pleading does not meet the standard imposed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (same).

## II.     Subject Matter Jurisdiction

As stated above, Rule 8 requires Plaintiff to provide a short and plain statement

7

of the grounds for the Court's jurisdiction. However, the Complaint's jurisdictional statement is not "short" or "plain." It is verbose and confusing, violating Rule 8. (*See* ECF No. 15 at 3-9). Also, pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject-matter jurisdiction may be raised *sua sponte* by the court at any time during the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

As an alternative basis for dismissal, the allegations of the Complaint indicate that Plaintiff seeks Court intervention to enjoin or overturn orders and judgments issued in state court cases.

   **1. Domestic Relations Exception**

"[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). *See also Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."). The Tenth Circuit has interpreted this doctrine to encompass an attempt by a litigant to "reopen, reissue, correct, or

8

modify" an existing divorce or child custody decree. *Stephens v. Alliant Techsystems Corp.*, 714 Fed. App'x 841, 846 (10th Cir. 2017) (unpublished). *Cf. Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (unpublished) (holding that the domestic relations exception did not apply because the plaintiff did not seek to change the subject divorce decree).

To the extent Plaintiff requests that this Court intervene and modify custody orders and a divorce decree issued in state court, the Court lacks jurisdiction over this action pursuant to the domestic relations exception.

### 2. *Younger* Abstention

Even if the domestic relations exception does not apply, pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court [must] abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty Ethics Comm.*, 457 U.S. at 431. When the three conditions are met, the application of *Younger* is mandatory. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once

the conditions are met, absent extraordinary circumstances.") (internal quotation marks omitted)).

Under the first *Younger* factor, the state court proceedings are ongoing if Plaintiff has an available state court remedy, including state appellate remedies. Here, though unclear, Plaintiff may be actively engaged in contesting state court custody orders, a divorce decree, and other rulings and judgments.

Second, the challenged orders likely implicate important state interests. *See Ankenbrandt v. Richards,* 504 U.S. 689, 692 (1992); *see also Morkel v. Davis*, No. 11-4166, 513 F. App'x 724, 728 (10th Cir. Mar. 15, 2013) ("This court and other circuits have consistently applied *Younger* to child custody cases.") (collecting cases)). Indeed, the state court possesses continuing jurisdiction over its decrees, and it has the requisite expertise to oversee and modify its rulings when appropriate. *See Short v. Short*, 730 F.Supp. 1037, 1040 (D. Colo. 1990).

Lastly, state courts are generally equally capable of enforcing federal constitutional rights as federal courts. *See Middlesex Cnty. Ethics Comm*., 457 U.S. at 431. *See also D.L. v. Unified Sch. Dist. No*. 497, 392 F.3d 1223, 1229 (10th Cir. 2004) (holding that *Younger* abstention is appropriate when a federal plaintiff can pursue those claims in an ongoing state proceeding); *see also Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987) (stating "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to

the contrary"). Here, the allegations do not establish that state law prevents Plaintiff from presenting her federal claims in the state proceeding(s). *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999).

Thus, it is recommended that the three requirements for *Younger* abstention have been met in this case since it appears that the state domestic relations/juvenile proceedings are ongoing.

A federal court need not abstain if the state proceeding was "commenced in bad faith or to harass" or "based on a flagrantly and patently unconstitutional statute" or if there is "any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (quoting *Younger*, 401 U.S. at 53-54). The exceptions are narrow, and the plaintiff has a "'heavy burden' to overcome the bar of *Younger* abstention." *Phelps*, 122 F.3d at 889.

Plaintiff's allegations that judicial officers and state officials conspired against her are not sufficiently extraordinary to warrant this Court's interference in ongoing state court proceedings. *See, e.g.*, *Ysais v. Children Youth and Family Dept.*, No. 09-2125, 353 F. App'x 159 (10th Cir. Nov. 24, 2009) (father's civil rights action, which was based on child custody proceedings, in which he claims that the defendants had interfered with his family relations and conspired to terminate his parental rights, was barred by *Younger* abstention); *Thompson v. Romeo*, No. 17-1384, 728 F. App'x 796, 798 (10th Cir. Mar. 20, 2018) (holding that district court properly applied *Younger* abstention to

11

dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding).

### 3. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights). Review of the state-court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). A claim for damages that is "inextricably intertwined" with a state court judgment is also barred by the *Rooker–Feldman* doctrine. *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)

To the extent Plaintiff seeks to overturn final orders and judgments issued by the

12

state courts and seeks damages that are "inextricably intertwined" with those orders, the Court lacks jurisdiction to adjudicate Plaintiff's claims challenging the constitutionality of those orders. *See Wideman v. Colorado,* 242 F. App'x 611, 614 (10th Cir. Oct. 1, 2007) (finding appellant's claims barred by *Rooker-Feldman* doctrine because they were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in state-court child-custody dispute); *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647 (10th Cir. Feb. 13, 2004) (stating that "an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply 'by bringing a constitutional claim under [the civil rights statutes].') (quoting *Facio*, 929 F.2d at 544) (other internal quotation marks and citations omitted).

Thus, Plaintiff's claims are also subject to dismissal without prejudice for lack of jurisdiction under the domestic relations exception, *Younger* abstention, or the *Rooker-Feldman* doctrine.

### RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that the Complaint (ECF No. 15) and the action be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to

DATED May 7, 2025.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge

---

whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).