FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
5/22/2025
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action Nos.:**

**2025**-CV-**852**-RTG

**2025**-CV-**874**-RTG;
**2024**-cv-**03593**-RTG—LTB;
**2023**-CV-00529-GPG-KLM-STV-LTB;
**2023**-CV-02344-LTB-SBP;
**2022**-CV-03324-LTB-KLM;
**2021**-CV-02362-**RM -MEH;**
**2021**-CV-02812-GPG;
**2019**-CV-02806-LTB-RM-**MEH**
**2014**-CV-03237-**MEH;**
**2014**-CV-03236-**MEH**

**2014**-CV-01699-BNB-**MEH**


**Marie Laveau Gris-Philomene (_PS_)**

Plaintiff(s),

**v.**

**U.S., THE ET AL., STATE OF COLO., C & C DEN.**

Defendant(s).

---

### _PRO SE_ PLAINTIFF'S RULES 18, 42, AND 60(b) INJUNCTIVE RELIEF MOTION **RE**-REQUESTED **U.S. CONST.** ART VI CL II **REQUIRED** JUDICIAL **NOTICE** HEARING

To be construed liberally and held to a less stringent standard [1], *PRO SE* (*PS*) **LOCAL-FEDERAL-LOCAL CIVIL SERVANT WHISTLEBLOWER *ET UX.* OBLIGEE HEIRESS BLACK ICWA SURVIVOR**, proceeding under D.C.COLO.LCivR 7.2. restricted [2] proper pseudonym "**Marie Laveau Gris- Philomene**", heretofore and herein now referred to as "***PS*** Plaintiff", moves this Court to expeditiously remedy and act in manner consistent of its Mission (***Infra.***), by performing oath owed duties in the joinder of claims as independent claims or alternative claims; to consolidate cases; consider allegations found in other documents filed by the litigant [3], and in accordance with relative substantive rights, relieve *PS* Plaintiff from final judgment(s), order(s), or proceeding(s); pursuant to **Fed. Civ. Rule of Procedures 18, 42, and 60(b)** and **U.S. CONSTITUTION ART VI CL II (**<u>**THE SUPREMACY CLAUSE**</u>**)** and **I, V, XIII, XIV, XV AND XIX AMENDMENTS**; <u>**TITLES:**</u> **VI** (prohibits discrimination based on race, color, and national origin in any program or activity receiving federal financial assistance); **VII** (prohibits employment discrimination based on race, color, religion, sex, or national origin); **XV** (Kayden's Law: "Keeping Children Safe From Family Violence Act"/ Violence Against Women Act (VAWA) **; IX** (RICO); **28 U.S.C. § 455**: Disqualification of justice, judge, or mag. judge; **42 U.S.C. § 1985(2)(3)** - Conspiracy to Interfere with Civil Rights; **18 U.S.C. § 242**: Deprivation of Rights Under Color of Law; **42 U.S.C. § 1983**: Civil Action for Deprivation of Rights**; 28 U.S.C. § 1343(a)**: Civil rights and elective franchise; **5 U.S.C. § 552**: Freedom of Information Act (FOIA); **18 U.S.C. § 2265(b)(2):**

---

[1] *Estelle v. Gamble*, 429 <u>U.S</u>. 97, 106 (1976); *Hall v. Bellmon*, 935 F. 2d 1106, 110 (**10th Cir. 1991**) (citations omitted).
[2] *PS I v. United States, The et al., State of Colorado, City and County of Denver*, Case No. **2024**-cv-03593-RTG—<u>LTB</u>, *Id.* at ECF No. 18.
[3] *Estelle v. Gamble*, 429 <u>U.S</u>. 97, 106 (1976).

Full faith and Credit given to Protection Orders; **28 U.S.C. § 1346**: Federal Tort Claim Act; **42 U.S. Code § 1988**: **PROCEEDINGS IN VINDICATION OF CIVIL RIGHTS** (emph.) and **PUBLIC INTEREST** [4] (emph.) to **MERETRICIOUSLY** (emph.) adjudicate **U.S.** constitutional federal and **FEDERAL COMMENCED** (emph.) [5] claims (emph.), which *IN DE NOVO* vertical stare decisis **VIOLATION** of *Colo. River Water Conversation Dist. v. United States*, 424 U.S. 800, 817 (1976) — were **DEFERRED** [6] — to **STATE** — hence then and now **furthered irreparable injuries** of criminal and civil **FEDERAL STATE TORT CLAIMS** — — with supplemental jurisdiction pursuant to **28 U.S.C. § 1367**, where as in other jurisdictions, **PREEMPTED** (EMPH) by applicative **STATE SUBSTANTIVE STATUTES**, as mandated

---

[4] *Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)
[5] *PS v. City and County of Denver, et al.*, Case No. **2019**-CV-02806-**LTB**-RM-**MEH** / Tenth Cir. Appeal No. **2021**-1223 [10906319]; *PS v. Toussaint, et al.*, Case No. **2023**-CV-00529-GPG-KLM-STV-**LTB.**
[6] **MAY 3, 2022** (emphasis) — **SAME DAY** (emphasis) — **Defendant DENVER D.C.** (emphasis) **FALSE** Sworn Affidavit (emphasis) : "…**No audio recording…for the date of October 1, 2021…Therefore, no transcript…"(emphasis) (SUPP, 22CA336, CF, PP #1-15)** —— *IN* **42 U.S.C. § 1985(2)(3)** - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS — TO COVER FOR **Defendants #33** (DORANCY **#32067**), # 16 (MULLINS **#6659**), #15 (BOATRIGHT **#17731**), #26 (BAUMANN **#33253**), #42 (DE PETRO **#12770**) AND #45 (**CDHS**) AND # 49 (NOONE **#44334**) —— **CRIMINAL 18 U.S.C. § 241** —— **TITLE IX** (RICO) at **18 U.S.C. §§ 1961-196**; AND **ACTIONS ABOVE ABSOLUTE** (emphasis) *OLMSTEAD v. DISTRICT COURT OF SECOND JUDICIAL DIST.* (EMPHASIS), 403 P. 2D 442 (1965) against *PS* Plaintiff's **BENEFICIARY ICWA CHILD** (MIG) —— *IN* **VIOLATION OF COLO. CHIEF JUSTICE DEFENDANT #50 DIRECTIVE 05-03** — "An accurate record of all court proceedings is an essential requirement of due process of law and is required by Article VI and Article II, Section 25 of the Colorado Constitution." —— **IMPERMISSIBLE *OMNIBUS* BIAS Defendant #10** Phi Beta Kappa **(ΦΒΚ)** 1/5/25 **INACTIVE #19425: MICHAEL E. HEGARTY ("MEH")(***EMPH.***)** WITH Defendant #9 **RAYMOND P. MOORE** ("RM") —— *IN Vertical Stare Decisis Violation of Colo. River Water Conversation Dist. v. United States*, 424 U.S. 800, 817 (1976) —— **DEFERS** —— *PS* Plaintiff's **TITLE VII v. City and County of Denver, et al.**, Case No. 21-CV-02362- RM-**MEH**.

and bound by **THE ERIE DOCTRINE** [7], which dictates that a **federal court must** adhere to state law, including greater Colorado Constitution ART. VI, II (§ 6 and §25), concerning substantive legal matters, encompassing state statutes and court rulings. *EMPH.*

    *Ibid.* **C.R.S. § 8-43-308 ADVANCE PRIVITY** Colorado Court of Appeal No. 2020CA286, *PS v. Industrial Claim Appeals Office ("ICAO") and C & C DEN City Agencies Under the Mayor* (**Defendant #50,** Michael B. Hancock) [8], which in **willful and wonton WHISTLE BLOWING RETALIATION** and further delay deprivation of **UNEMPLOYMENT BENEFITS —— U.S. CONST. ART VI CL II**; **C.R.S. § 8-74-107(5) PRECEDENCE**; and *IN* **VERTICAL STARE DECISIS VIOLATION** of *Allison v. ICAO of the State of Colo.*, 884 P.2d 1113 (1994) and **PREEMPTED** (EMPH.) **C.R.S. § 8-74-107(2)(2017)** — on **OCTOBER 3, 2024**, Colorado Court of Appeals (Defendant **#17**, C.J. Román **#17033**) ordered dismissal of *PS* Plaintiff's, **September 26, 2024, CERTIORARI REVIEW**, which was undisputedly attached with her **TIMELY FEBRUARY 13, 2020** filed **Notice of Appeal** No. 2020CA286. *EMPH.*

    *Ibid.* Specifically, in further **CONTINUING WHISTLE BLOWING RETALIATION** and violation of federal and absolute state laws, greater state Constitution and U.S. Constitution, and **entered evidence** of the State of Colo. **CLOSING COURTS'** [9] to *in forma pauperis PS* Plaintiff **— ENJOIN CONTINUING SEVERE IRREPARABLE HARMS** unto the most

---

[7] *Erie Railroad Co. v. Tompkins*, 304 **U.S.** 64 (1938); *State Farm Fire & Cas. Co. v. Williams*, No. 18-5080 (**10th Cir. June 17, 2019**).

[8] Complete authenticated **FOLIO** *Id.* at December 27, 2024, Complaint of Law *PS I v. United States, The et al., State of Colorado, City and County of Denver*, Case No. **2024**-cv-03593-RTG—LTB, 'PLAINTIFF EXIBIT' ('EX') 1-1 (**USB**) Addenda (ADD) # **47** (restricted level 1).

[9] *Id.* at Case No. 24-CV-**03593**-RTG, Claim #6.

vulnerable **BLACK ICWA** child (**MIG**) and **BLACK** possible **ICWA** children (**KM, NM**…

**R.I.P.** *AM*) of **COLOR**ado; **VETERANS** (Sommers, Shamal, Carter, Trass); **UN**protected and

**UN**apologetic **EDUCATED BLACK** WOMEN **WITNESSES** (*SG, AG, SE*); the **PUBLIC**;

and in the **convenience of parties and witnesses**, herein U.S. District Court for the District of

Colorado **ORDER SPECIAL ASSIGNMENT** for reasonable  non-partisan **NEUTRAL** U.S.

Active Article III Judge and Venue, for **42 U.S. Code § 1988 liable wrongs** and **impermissible**

**bias** of its own clothed corrupt actor  Phi Beta Kappa **(ΦBK)**  1/5/25 **INACTIVE #19425:**

**Defendant** #10 **MICHAEL E. HEGARTY ("MEH")**(EMPH.)(Infra.) —— **WARRANTS**

remedial sanction constraints and expeditious relief of:

1.    RE-**REQUESTED MANDATORY** NOTICE: U.S. TRIBAL
      **GOVERNMENTS;**

2.    RE-**REQUESTED** U.S. CONST. ART VI CL II **REQUIRED** JUDICIAL
      NOTICE HEARING OPPORTUNITY**;**

3.    **D.C.COLO.LCivR 3.2 NOTICE OF RELATED CASES [10];**

4.    RE-**REQUESTED NEVER** *sua sponte* assessed **REQUIRED 28 U.S.C. § 455**
      **DISQUALIFICATIONS** of justice, judge, or mag. judge AND FEDERAL CIVIL
      RULE PROCEDURE 11, ABA Model Rules of PROF. Conduct Rule 3.1 2025-CV-
      **852**-RTG — **78+** DEFENDANTS' [11]**;**

---

[10] When it is feasible, will be filed separately, as it was/is being done for the convenience of the
reader  in connection herewith and for ECF No. 22 (RECOMMENDED DISMISSAL
WITHOUT PREJUDICE) for *pending* Case No. 24-CV-**03593**-RTG.
[11] *See* 3/17/25, Case No. 24-CV-**03593**-RTG **AMENDED PLAINTIFF'S EXHIBIT # 8**

5.    Entering **SPECIAL ASSIGNMENT ORDER** for **REASONABLE** non-partisan **NEUTRAL**[12] U.S. Active **Article III** Judge and Venue;

6.    Appointment of **TRIBAL AND OR SPECIAL COUNSEL** [13] to prosecute all criminal contempt claims/ action against actors', and liberally regard herein motion as **CIVILIAN WRITTEN APPLICATION FOR THE ISSUANCE OF CRIMINAL ARREST WARRANTS HEARING** (EMPH) supported by 3/17/25, Case No. 24-CV-**03593**-RTG **AMENDED PLAINTIFF'S EXHIBIT 8**; and 12/27/24 **PLAINTIFF'S EXHIBITS** ##**1—7** with "Supporting facts" found for Joinder Claims ##**1—11**;

7.    *VOID AB INITIO* of **FAVORABLE AFFECTED FEDERAL-LOCAL WHISTLE BLOWER** [14] — **PS** Plaintiff — *IN* **HORIZONTAL  STARE DECISIS** of *Peck v. State of Colo., et al.*, 19-CV-03450-RBJ-*MEH* / 21-1125 - *Peck v. McCann, et al.* [10932361];

8.    <u>**PREEMPTED**</u> (EMPH.) <u>**C.R.S. § 19-1-307(1)(a)**</u> required relief and remedies against willful and wonton depriving white **(race) DEFENDANTS # 63:** Sherri **CAT**alano **#39773;  #59:** Bruce Andrew **PLOT**kin **#18133 (INACTIVE);** and **Phi**

---

[12] Senior Judge Lewis T. Babcock **(LTB)** exercised his prerogative **NOT** to sit on related <u>**2019**</u>-CV-02806-<u>LTB-RM-MEH</u> / <u>**2021**</u>-1223 [10906319]; and **PS** Plaintiff filed Motion for Substitution *IN* 3/31/23 **PS v. Toussaint, et al.** <u>2023</u>-CV-**00529**-GPG-KLM-STV-<u>LTB</u>: **XVI viable** federal preserved claims and deferred tort whistle blowing. **RTG** (Richard T. Gurley) was/is a part-time **Article I** Magistrate Judge when <u>***PS***</u> Plaintiff's actions **were/are** authorized and instituted pursuant <u>**Article III**</u> standing. Furthermore, personal participation, control, direction, or failure to supervise Defendants ## 9, **10, 11** as **Active Art. III** Chief Judge (***Buter v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) — Defendant #9: **PHILIP A. BRIMMER ("PAB").**
[13] 2/3/25 Motion for Appointment of Counsel, *Id.* at Case No. 24-CV-**03593**-RTG, ECF No. 11.
[14] *See* 12/27/24, Case No. 24-CV-**03593**-RTG <u>**AMENDED** </u>**PLAINTIFF'S EXHIBIT # 2**

Beta Kappa (ΦBK)  1/5/25 INACTIVE #19425: MICHAEL E. HEGARTY

("MEH") [15] of favorable affected **JULY 18, 2018,** possible tribal (**ICWA**) affiliated

children (**KM, NM, and decedent "AM"**) abuse near fatality- fatality **C.R.S. §**

**7.106.1** (EMPH.) Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or

Child Fatalities, **Referral # 2870434** (Copeland) — ""**REPORTER**" (EMPH.) —

**BLACK TRIBAL MOTHER OF BLACK ICWA CHILD (MIG)** — *PS* Plaintiff.

9.    *Vertical* and *horizontal stare decisis*: **U.S. CONST. ART VI CL II**;

**PREEMPTED** (EMPH.) **C.R.S. § 8-74-107(5); C.R.S. § 8-74-107(2)(2017); C.R.S.**

**§ 8-43-308**, and *Allison v. ICAO of the State of Colo.*, 884 P.2d 1113 (1994) —

**ADVANCE PRIVITY** *PS* Plaintiff's, SEPTEMBER 26, 2024, **CERTIORARI**

**REVIEW** of **TIMELY** FEBRUARY 13, 2020 filed **Notice of Appeal** No.

2020CA286 *PS v. ICAO and C & C DEN City Agencies Under the Mayor* #**50**

(HANCOCK) —  which in violation of the same, **DEFENDANT #17** GILBERT M.

ROMÁN **#17033** [16] — **DENIED**;

10.    *Omnibus* preserved **U.S. CONST. ART VI CL II** — Doctrines of *RES*

*JUDICATA COLLATERAL ESTOPPEL* AND ENTITLEMENT CLAIM

---

[15] **JULY 10, 2020 — DEFENDANT #10** (*MEH* ) denied *PRO BONO*  (EMPH) *v. Defendant #61 (WOLF #31585)* stipulated protection order. *See* 1:19-cv-**02806**-LTB, Dkt. #34**. JANUARY 13, 2023 — DEFENDANT #10** (*MEH*) —**DENIED** — *PS* (EMPH)  PLAINTIFF —**28 U.S.C. § 455 AND** Motion to Restrict Public Access **RIGHTS**  (EMPH) willful and wonton *IN* **HORIZONTAL STARE DECISIS VIOLATIONS** of *Peck v. State of Colorado, et al.*, 19-CV-03450-RBJ-MEH (EMPH) / *Peck v. McCann*, *et al.* [**10932361**] — AND **GREATER COLORADO C.R.S. § 19-1-307(1)(a)**.
[16] "**JUDGES CANNOT PLEAD IGNORANCE OF THE LAW**" (quoting in-part *Cooper v. Arron, 358* U.S. 1, 78 S. Ct. 1401 (1958)).

**PRECLUSIVE EFFECT** — **DUE PROCESS DEPRIVED** — with **TREBLE DAMAGES** to — **PREVAILING** (emphasis) — *PS* Plaintiff:

  **a.**    Small Claims Crt Case No. **19S653** (ARAPAHOE) NOVEMBER 1, 2019, Judgment Award for TOTAL AWARD of **$8,200.00**.

  **b.**    October 23, **2019** (emph.) Colorado Department of Labor Employment ("CDLE") Administrative Law Judge ("ALJ") Defendant **58**: JULIA B. REIKE #36206 (**INACTIVE**) (EMPH.) Decision Docket Nos. #1341-2019; 1342-2019; AND 34484-2019 — **against** City and County of Defendant: "*SEPARATION DUE TO NO FAULT OF HER OWN*."

  **c.**    State quasi-judicial Industrial Claim Appeals Office's ("ICAO") Case No. 2020CA286 (*PS v. ICAO and C & C DEN. Agencies under the Mayor* (Defendant #50 HANCOCK) — **1/24/20, FINAL ORDER** (Docket 34484-2019). *Id.* Therein, adverse incident dates of **7/18/18** (child abuse Copeland Referral # 2870434), **8/13/18**, **9/20/18**, and **10/23/18** — **WERE NEVER AFFIRMED** — **against** City and County of Defendant. **EMPH.**

  **d.**    *PRO SE* PARTIES — **NON** (emph) – contested **5/15/17** postnuptial **DECREE** (EMPH) WITH 4/23/17 Addendum, pursuant **PREEMPTED** (EMPH.) **C.R.S. Stat §14-2-309** (Declaratory Decree Prenup), C.R.C.P. 16.2(e)(10), **9/12/18** (ARAPAHOE) **PRE-DECREE**  (EMPH.) Case Management Order R06/17 **RIGHTS**.

**11.**    Safeguard *PS* **HEIR INDIAN** MOUNTAIN **PROPERTY** AND privileged to be protected **CHILD ABUSE RECORDS PRIVACY**— from **unwarranted invasions**

**of privacy** by **willful and wonton** clothed state actor including OCTOBER 30, 2024 (EMPH.) "ENTRY OF APPEARANCE" (EMPH.) of **DEFENDANT 66: CHRISTOPHER JORDAN THOMAS #49026** — within **CLOSED** (EMPH) **1984** (EMPH) Dissolution of Marriage with **THREE BLACK ICWA CHILDREN** (EMPH)(DJG, TNGP, *PS*) Case No.1984DR001081 within Second **(DENVER CTY)** (EMPH) Judicial District Court Division 309. *EMPH*

12.      Required *IN DE NOVO* application of state *ERIE AND CADA ELDER* Doctrines'**[17]**;

13.      Required *IN DE NOVO VERTICAL STARE DECISIS* of *DARBY V. CISNEROS*, 509 <u>U.S.</u> 137, 113 S. Ct. 2539, 125 L.Ed. 113 (193) — **"TRAPPING"** (EMPH) ***PS*** for **"OPTIONAL EXHAUSTED ADMINISTRATIVE REVIEW"** (EMPH). *Id.* at 12/27/24 Case No. **2024**-cv-**03593**-RTG—<u>LTB</u>, **PLAINTIFF'S EXHIBIT #1**: **FEBRUARY 7, 2024, 2022CA1542:** THIRD AMENDED **OPENING BRIEF** (57 pg.); with **PLAINTIFF'S EXHIBIT #1-1 (USB)** — **ALL ISSUES PRESERVED, RE-ARGUED**, *BUT-FOR* **NEVER *DE NOVO REVIEWED*** , **NOR** decided **MERITORIOUSLY,** with **ISSUES #7 AND #11: PREEMPTED** (EMPH.) **Colorado APA: C.R.S. § 24-4-106 *et seq.*; CADA C.R.S. § 24-34-401 *et seq.*;** AND **42 U.S.C. § 1983.** *EMPH*

     a.      *AB INITIO* undermining proceedings fairness omnibus willful and wanton violating the law, "bent of mind", impermissibly bias,

---

[17] *See **ELDER V. WILLIAMS**, 477 P.3d 694 (**COLO. 2020**)(*EMPH.*) and **Colo. Rev. Stat. § 24-10-109** (CGIA).

AFFIRMATIVELY CONTRARY STATE STATUES, FEDERAL, AND
U.S. CONSTITUTIONAL RIGHTS PRESERVED WITHIN **_PS_** Plaintiff's
timely filed JUNE 7, 2019 NOTICE OF APPEAL (EMPH) AND
SEPTEMBER 23, 2019 (EMPH) **OPENING BRIEF** (56 pgs) (EMPH) —
**NEVER** _sua sponte_ 28 U.S.C. § 455 (EMPH) (C.R.C.P. 97)  or **THE
BROADEST BASES FOR RECUSAL** C.J.C. 2.11(A) (EMPH) ——
FURTHER BRINGING JUDICIARY INTO DISREPUTE PREJUDICAL TO
ADMINISTRATION OF JUSTICE —— **WILLFUL AND WONTON _IN
VERTICAL AND HORIZONTAL STARE DECISIS_ VIOLATIONS** of **U.S.
CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER** (EMPH)
**STATE COLO. CONSTITUTION ARTICLES VI AND II (SECTIONS 6
AND 25); AND PREEMPTED** (EMPH.) **CADA C.R.S. § 24-34-401** _et seq._
(WAIVED SOVEREIGN IMMUNITY OF STATE; **C.R.S. § 24-10-109**) —
— **DEFENDANT 19: ELIZABETH LEIGH HARRIS #29556** — not only
personally participated as — **AUTHORING** (EMPH.) — MARCH 5, 2020
(EMPH) **PRETEXT** (EMPH) Opinion Judgment Affirmed In Part, _Vacated
In Part_, and Orders Affirmed disposition remittitur of **_PS_** Plaintiff's timely
direct appeal **_In re Marriage of ET VIR. I_**, No. 2019CA1044 —
**UNLAWFULLY MANDATED MAY 3, 2020** — AND **CONTINUING
UNCONSCIONABLE HARMS AND IRREPARABLE INJURIES**
realleged in **_PS_** _Plaintiff_ **v. _TOUSSAINT ET AL._**, 1:23-CV-00529-GPG-
KLM-STV-LTB —— wherein she was/is named **Defendant #8** —— _BUT_

*FOR* **FURTHER (**EMPH) —— *IN* **WILLFUL AND WANTON**

**DISCRIMINATIVE RETALIATION** —— DESPITE —— **NOVEMBER**

**14, 2023** (EMPH.), *PS Plaintiff v. City and County of Denver, et al*., Appeal

No. **2022CA1542** (EMPH.) —— **AGAINST THE CITY AND COUNTY**

**OF DENVER** (EMPH.) —— **Urgent Attention**: Defendant **#17** C.J.

GILBERT M. ROMÁN **#17033**  Motion, p #7 with Notarized Affidavit; AND

SECOND (EMPH) FEBRUARY 28, 2024 (EMPH), Change of Judge(s)

C.R.C.P. 97 Motions (EMPH)  —— *IN* **WILLFUL AND WANTON**

discriminative retaliation of *PS* Plaintiff's **DUE PROCESS 'FULL AND**

**FAIR OPPORTUNITY'** [18] **TO LITIGATE** discrimination, MARITAL

("**LOSS OF CONSORTIUM**" [19]) (EMPH.) AND SEX (PREGNANCY,

CHILD) discrimination, retaliation, WHISTLEBLOWING,

CONSTITUTIONAL CLAIMS — abusive of discretion — as **DENVER**

**DISTRICT COURT** (EMPH.) **LIAISON** (EMPH.) — **NOT** first ruling on

*PS's* 2022CA1542 (EMPH) **NOVEMBER 24, 2024** (EMPH) MOTION FOR

CHANGE OF JUDGE (EMPH) with **Supportive Notarized Affidavit**

(EMPH) — **NOT** pursuant to **28 U.S.C. § 455 (C.R.C.P. 97)** —— AND

**C.R.C.P. 41(b)(2)**(involuntary dismissal: effect thereof by the court) and

**C.R.C.P. 121, § 1-10**: "It is error to deny relief where dismissal erroneously

---

[18] ***Johnson v. Spencer***, 950 F. 3d 680, 693 (10th Cir. 2020) (quoting Lenox Maclaren Surgical Corp. v. Medtronic, Inc., 847 F. 3d 1221, 1239 (10th Cir. 2017)

[19] Constitutes an injury under **CGIA** and gives rise to separate and individual right of recovery on behalf of the spouse claiming loss of consortium. ***Smith v. Winter***, 934 P.2d 885 (Colo. App. 1997).

ordered on court's own motion. Where court on own motion dismissed action

for failure to prosecute without complying with notice requirements of

C.R.C.P. 41(b) and C.R.C.P. 121, § 1-10 (2), erroneous dismissal

**CONSTITUTED <u>SUFFICIENT REASON TO JUSTIFY RELIEF</u>**"

(EMPH.) (EMPH) (quoting *Maxwell v. W.K.A. INC.*, 728 P2d) (EMPH.)

(EMPH.) — **<u>DEFENDANT 19: ELIZABETH LEIGH HARRIS #29556</u>**

(EMPH) — **AUTHORED** (EMPH.): "**Dismissed with prejudice January**

**24, 2024**" (EMPH) —— herein *Id.* at 24-CV-**03593**-RTG :**PLAINTIFF'S**

**EXHIBIT #1**, pp #4-6; and *Id.* at **ISSUE #3** (EMPH), pp #43-45 (EMPH) —

— of <u>*PS Plaintiff*</u>*' v. City and County of Denver, et al*., Appeal No.

**2022CA1542** .

14.     Required *IN DE NOVO* **HORIZONTAL** *STARE DECISIS* of *Gale*

*v. CITY OF DENVER* (EMPH) Civil Action No. **2016**-cv-02436-MSK-KMT (**D.**

**Colo. Jun. 1, 2018**) (**Colorado Supreme Crt.** Case No. 19SA99) AND **TENTH**

**CIR. APPEAL NO. 2018-1269 ——** as Colorado Rule of Civil Procedure **106(a)(4)**

**CANNOT** (EMPH)  preclude **42 U.S.C. § 1983** (EMPH) claims AND  **01/13/2016**

**REQUIRED AND RE-ARGUED** Tenth Circuit Appeal No. **2015-1443 OPENING**

**BRIEF** (EMPH)  analogous authorities:  **<u>*Olenhouse v. Commodity Credit Corp*</u>**., 42

F.3d 1560 (10th Cir. 1994), and *Pardo-Kronemann v. Donovan* **(**08-5155, 2010 WL

1508072) *EMPH.*

**15.**     Preliminary and permanent preserved, but for due process deprived,

**INJUNCTIVE AND DECLARATORY** remedies until the Court enters Final

Judgment on the **MERITS**.

## JUDICIAL NOTICE

"Judicial notice is particularly applicable to the court's own records of prior litigation closely **related** to the case before it." *United States v. Estep*, 760 F. 2d 1060, 1063 (10th Cir. 1985).

Actions were authorized and instituted pursuant **Article III** standing to bring Article

VI, CL II "Supremacy Clause"; I, V, XIII, XIV,  XV AND XIX Amendments of U.S. Const.

Claims — where **FOUR YEARS PRIOR** to *PENDING* (emph.)  **1:18-cv-00756-PAB-CYC**

and herein court's **ERRONEOUS RULING** [20] against **ANOTHER** (emph.) **EDUCATED**

**BLACK LATINA** (race, sex) — *see* **DR. Lisa Calderón v.** **SAME** Defendant *Hancock and C*

*& C DEN et al.* (D.C. No. 1:**18**-CV-00756-PAB-**MEH**)(emph.) /*Calderón v. City of*

*Denver.* **No. 19-1388** (10th Cir. Mar. 30, 2021) 855 F. App'x 438 (10th Cir. 2021) (unpublished)

— *PS* Plaintiff explicitly quoted *in-part***:**

"**EMPLOYMENT DISCRIMINATION CAN BE PLEADED IN MORE THAN ONE WAY**. *Henley v. Brown*, NO. 11-2561 (8th Cir. 7/26/**2012**)."

*Id.* at *PS v. Castro* (HUD), (10th Cir. 2014), Case No. 2014-CV-01699- BNB-**MEH** (emph.)*,* ECF No. 40. **Necessary emphasis.**

*Ibid.* October 1, 2019  — *PS* Plaintiff's federal action 19-CV-02806-RM-**MEH** (EMPH)

— was filed **TWO MONTHS PRIOR** (EMPH) —  to WHITE (**race**), female (**sex**), **Atty and**

---

[20] "**JUDGES CANNOT PLEAD IGNORANCE OF THE LAW**" (quoting in-part *Cooper v. Arron*, *358* U.S. 1, 78 S. Ct. 1401 (1958)).

Atty represented "JESSICA" Peck filing December 9, 2019 federal suit *Peck v. State of Colo.,
et al.*, 19-CV-03450-RBJ-*MEH* (EMPH)  / 21-1125 - *Peck v. McCann, et al.* [10932361].

   *Ibid.  PS* Plaintiff's federal actions and claims were **PRIOR** (EMPH) to yet **ANOTHER**
(emph.) WHITE (**color**) but Hispanic (**ethnicity**) "JESSICA" *Calderon* v. **SAME** Denver
Human Services *City and County of Denver, et al* Defendants (#51, #61, #62, #63, #69, #70 ),
1:19-CV-03606-*MEH* (emph.)- KLM being "**SETTLED**" (EMPH), and her **SECOND
PENDING** (EMPH) lawsuit 1:24-cv-02406  *Calderon v. City and County of Denver, Office of
the Mayor*.  **EMPH.**

   *Ibid.  PS* Plaintiff's federal actions and claims, ALL TRUMP (**AKA** PRIOR) (EMPH)
**whistleblowing** (EMPH)  to/ with WHITE (**race**) **Republican** (political party), **Atty** represented
Aurora Cty Council**WOMAN** (EMPH) **whistleblower** (EMPH) to our standing (EMPH) **U.S.
PRESIDENT** (against Defendant #14 Gov. Polis) (EMPH) and *JURINSKY* v. CDHS *et al.*, **22**-
CV-02201-**MEH** (EMPH) **-PAB** (EMPH) AND *PENDING* (EMPH) **10/14/2025** (EMPH)
**CRIMINAL JURY TRIAL** (EMPH) Case No. **2024CR6325** (Offense Case No  2024-5000941)
*The People of the State of Colorado v. Christina Lee Gray.*

   *Ibid.* For brevity, *PS* Plaintiff hereby incorporates by this reference all paragraphs and
allegations set forth previously and throughout, her C & C DEN., State, and Federal quasi-judicial
and judicial filed civil actions, attached exhibits, facts, transcripts, affidavits, allegations, claims,
and paragraphs therein as though fully set forth now — including **RE-REQUESTED** (EMPH)
**U.S. CONST. ART VI CL II REQUIRED** (EMPH) **JUDICIAL NOTICE AND
OPPORTUNITY TO BE HEARD** on the propriety and nature of adjudicative facts and other

relevant documents which can be accurately and readily determined from civil actions she filed

herein the federal U.S. District Court for the Dist. of Colorado and Tenth Circuit Court.

*Id.* at 12/27/24 **PLAINTIFF'S EXHIBIT #1** :  **FEBRUARY 7, 2024, 2022CA1542:**

THIRD AMENDED **OPENING BRIEF** (57 pg.) (EMPH) **— certified in compliance —**

consists of **ISSUES (11) ON APPEAL, TABLE OF CONTENTS, AND AUTHORITIES**

(including **her own** and herein **related** FEDERAL civil actions) (EMPH) **— UNFAVORABLE**

of **Defendants** (EMPH) **—** with evidence **THEY** (EMPH) willful and wonton **conspired** to

exclude **— RE-FURNISHED** at 12/27/24, Case No. **2024**-cv-**03593**-RTG—LTB**,**

**PLAINTIFF'S EXHIBIT #1-1 (USB).**


## JURISDICTION

Court had/ has jurisdiction over action pursuant to **28 U.S.C. § 1331 and 1343.**

Statute of limitations in lawsuits **against** U.S. does **NOT** apply to claims filed under **Title**

**VII of the Civil Rights Act of 1964;** and certainly cannot bar *PS* Plaintiff, **as herein**, from

challenging all judgments and recommendations of Defendants' who **ACTED IN A MANNER**

**INCONSISTENT WITH DUE PROCESS** — **VOID** — by "**THE SUPREMACY CLAUSE**"

of U.S. Const. and Fed. R. Civ. Pro. 60(B)(4)(6). *EMPH.*

*"***Title VII** does not preempt state and local laws which provide **GREATER**

**PROTECTION** against discriminatory conduct. *In re Koonce, City and County of Denver,*

*Career Service Authority (*"CSA*") 36-13, (3/17/14),* citing *California Federal Sav. And Loan*

*Ass'n v. Guerra,* 479 U.S. 272, 285 (1987)." Qu*oting PS v. City and County of Denver, et al.,*

Case No 2022CA1542. *EMPH.*

*Vertical stare decisis* of ***DARBY V. CISNEROS***, 509 <u>U.S.</u> 137, 113 S. Ct. 2539, 125
L.Ed. 113 (193), and ***horizontal stare decisis*** of *Gale v. CITY OF DENVER* Civil Action No.
<u>2016</u>-cv-02436-MSK-KMT (**D. Colo. Jun. 1, 2018**) (**Colorado Supreme Crt. Case No.
19SA99**) AND **TENTH CIR. APPEAL NO. <u>2018</u>-1269 —** as Colorado Rule of Civil
Procedure **106(a)(4)** <u>**CANNOT PRECLUDE**</u> *PS* Plaintiff's preserved **42 U.S.C. § 1983** claims.

      **Colo. Rev. Stat. § 24-10-103(4)(a)**, and **(5)** designates a public entity including state
judicial department. As such, <u>**JUDGES**</u> working within it, fall within purview of Colo. Gov.
Immunity Act ("**CGIA**"), which provides immunity for claims filed under state law **only** and
**NOT** solely for "injuries which lie in tort or could lie in tort" — as **PUBLIC** Defendants' are
subject provisions of Colorado Anti-Discrimination Act ("<u>**CADA**</u>") : **C.R.S. § 24-34-401** *et seq*.
*See* <u>***ELDER V. WILLIAMS***</u>, 477 P.3d 694 (<u>**COLO. 2020**</u>)(*EMPH*.) and **C.R.S. § 24-10-109**
(**CGIA**). *EMPH*.

      Abstention **NOT** applicable, as the <u>U.S.</u> Supreme Court has repeatedly held abstention is
**INAPPROPRIATE WHEN, AS HEREIN** (EMPH**), FIRST AMENDMENT RIGHTS AND
VOTING RIGHTS** (EMPH) **ARE ALLEGED. FURTHERMORE, AND ANALOGOUS**
(EMPH):

        "An attack on the authority of a state court to adjudicate a case because a state
    court judge should have been disqualified is **NOT** subject to dismissal under the
    ***Rooker-Feldman*** doctrine." *Bianchi v. Rylaarsdam*, 334 F. 3d 895 (9th Cir. 2003).
    Supreme Court's language in ***Rooker*** suggests, that the adequacy of the process
    afforded by state courts plays some role in whether federal court adjudication is barred
    as impermissible appeal. *Id. See Rocker v. Fidelity Trust Co.*, 263 <u>U.S.</u> at 414, 44 S.
    Ct. 149. This aspect of ***Rooker*** has **NOT** been overruled, takes up almost a full third of
    the opinion in ***Rooker***; and Congress has not altered the jurisdictional statues to
    abrogate this aspect of ***Rooker***. There is nothing in ***D.C. Court of Appeals v.
    Feldman***, 460 <u>U.S.</u> 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983), that overrules
    ***Rooker*** on this point and none of the Supreme Court's other cases that discusses
    ***Rooker*** purports to overrule any aspect of it either. ***Bianchi v. Rylaarsdam***, 334 F. 3d

895 (9th Cir. 2003). This court may not assume that the Supreme Court has abandoned its precedent without a plain signal from that court. *Id.*

Tribal governments have exclusive jurisdiction to The Indian Child Welfare Act of 1978 ("**ICWA**") (enacted 1978 and codified at 25 U.S.C. §§ 1901–1963 [1]). ***Haaland v. Brackeen***, 599 <u>U.S.</u> (<u>**2023**</u>) (EMPH). The Court of Indian Offences (CFR Courts) provide service on behalf of Tribes that do not have their own Tribal justice system. **Title 25 CFR Part 11**. The principle that a challenge to the jurisdiction of quasi-judicial city and state, and state and federal judicial tribunals to conduct proceedings **when its judges should have been recused** (EMPH) — with bearing in mind ubiquitous nature of  **ICWA — applies.**

Three conditions for *Younger* abstention **NOT** met.


## <u>INTRODUCTION</u>

**December 1, 1955 — BLACK (**light-skin color**) AMERICAN CIVIL RIGHTS ACTIVIST**, and female member of Alpha Kappa Alpha, Sorority INC. ("**AKA**") — whom **U.S. Congress** called "**THE FIRST LADY OF CIVIL RIGHTS**" — was arrested for civil disobedience, jailed, and criminally charged with "**REFUSAL TO COMPLY WITH** <u>PROPER</u> **ORDER**" — for violating a WHITE (**race**) MALE (**sex**) bus driver's order to give up her seat in the **colored** section, after the white section was filled, to a white man. It was **NOT** because **SOROR MRS. ROSA PARKS** was — tired physically, or any more tired than she usually was at the end of a working day —  **SHE WAS TIRED OF GIVING IN.**[21]  *Necessary emphasis.*

---

[21] Quoting Louisianan *Dr. Cacrey Yazeed's* **2021** publication: **"Everyday Struggle: How Toxic Workplaces Impact Black Women",** Chapter 13; AND Appeal. No. <u>**2015**</u>-1443: January 23, 2016, <u>OPENING BRIEF.</u>

## FACTUAL BACKGROUND

**August 15, 2011—** **BLACK** (light-skin color)**,** female, HUD FPM Region VIII GS-

0343-**12**, bargaining **AFGE Local 3972**, career service **permanent status**; pledged life-long

member of **AKA** Sorority INC. **—** *PS* PLAINTIFF **—** was charged by federal Defendants #12:

Nelson Raphael Bregón (**Ret**.), **#13** Rick M. Garcia (**Ret**.), **#77** Daniel R. Gomez, Jr., Jane

Goin, **#67** Donald J. Gerrish, and **#68** Ginger Richardson Burnet **— "REFUSAL TO COMPLY**

**WITH** PROPER **ORDER"** and **"RUDE CONDUCT"** [22] **—** simply for not having an **"*M*"**

(emph.) inserted for Defendant **#13**: Rick M. Garcia's (**Ret**.) (emph.) middle initial/ signature

line (emph.) within a welcome letter (emph.) to Garcia's '*FELLOW*' (emph.) **DENVER CITY**

**AND COUNTY** (emph.) Councilman and **NOTORIOUS** (emph.) federal named Defendant [23]

**#50 MAYORAL-ELECT — MICHAEL B. HANCOCK** (emph.) (emph.) **—** which *PS*

Plaintiff was discriminatively shunned and authenticated entered evidence show she **completed**

**July 21, 2011, at 0958 —** when WHITE **(race)**, female **(sex)**, GS-0343-**13**, Effie Russell, was

**ASSIGNED** (emph.) **"Elected/ Congressional Staffers"**; AND WHITE **(race)**, Hispanic

**(ethnicity)** Denise Hernandez was **ASSIGNED** "**Correspondence Liaison**". [24] *EMPH.*

---

[22] Defendant HUD did **NOT** exhaust appeal and were **NOT** collaterally estopped by bias
Defendant #10 (**MEH**) from relitigating 3rd removal charge **NOT** upheld by U.S. Reg. VIII
MSPB **C.J.** Mish. *Id.* at **PLAINTIFF'S EXHIBIT # 5 10**th **CIR. Appeal No. 2015**-1443 1/3/16,
Opening Brief**, p #36.**
[23] *PS v. CITY AND COUNTY OF DENVER, ET AL.,* Case No. 2019-CV-02806-LTB-RM-
**MEH**; *PS v. C & C DEN, ET AL.,* Case No. 2021-CV-02362-RM-**MEH**; *Calderón v. Hancock
and C & C DEN et al.* D.C. No. 1:18-CV-00756-PAB-**MEH** ; *Marie Laveau-Gris (PS) I, II, III
v. United States, The et al., State of Colorado, City and County of Denver*, Case Nos. 1:24-cv-
03593-RTG; 1:25-CV-874-RTG; and 1:25-CV-852…
[24] *Id.* at *Marie Laveau-Gris (PS) II  v. United States, The et al., State of Colorado, City and
County of Denver,* Case No. 1:25-CV-**874**-RTG, at Claim #2, Fact #6**, and** preserved and re-
produce *Id.* at *Marie Laveau-Gris (PS) I  v. United States, The et al., State of Colorado, City*

**January 16, 2021 —** Defendant **HUD** wrongfully denied *PS* Plaintiff **FEDERAL HOLIDAY PAY** for her Alpha Phi Alpha, ("**APA**") Fraternity, INC. Brother — **BLACK** (race) **CIVIL RIGHTS LEADER — DR. MARTIN LUTHER KING, JR.** *Id.* at 10th Cir. Crt. Appeal. No. **2015-1443:** January 23, 2016, **OPENING BRIEF** (emph.), **p #29**; refurnished at *Marie Laveau-Gris (PS) I v. United States, The et al., State of Colorado, City and County of Denver*, Case No. 1:24-cv-**03593**-RTG, **PLAINTIFF'S EXHIBIT # 5**. *Necessary emphasis.*

**January 23, 2012 —** upon return from **FMLA** (Family and Medical Leave of Absence), *pro se* Plaintiff — exerted **"FREE SPEECH"** (emph.) email to **MSPB EEOC RMO Appellee Atty. Nicole Allard #33036** and Defendant **#68 (Gerrish)**: "**I strongly suspect reprisal for not accepting "rotation" in Multifamily HUB**" and **NOTICE** of "**NO FEAR ACT**". [25] Necessary emphasis.

**January 31, 2012 —** *PS* Plaintiff — "REFUSED TO COMPLY WITH ORDER" [charge was **framed without *prima facie* element "proper"** by Defendants **#67** (Richardson Burnett**)**, **#68** (Gerrish)] — of Caucasian **(race)** Hispanic **(ethnicity)** (his video sworn TX deposition self-id.), male **(sex)** Defendant **#77 (**GO**MEZ)** — to complete an **INVOLUNTARY** (*EMPH*. U.S. CONST. AMEND. XIII VIOLATION) (emph.) detail to an **unfavorable** program area (Multifamily Housing, "**MFH**"). **Necessary emphasis.**

*Ibid. PS* Plaintiff was the **ONLY** employee ordered to perform such; and the **ONLY**

---

*and County of Denver*, Case No. 1:24-cv-**03593**-RTG**,** Dkt. #4, **'PLAINTIFF'S EXHIBIT # 6'.**

[25] *Id.* at 10th Cir. Crt. Appeal. No. **2015**-1443, **January 23, 2016**, OPENING BRIEF **(emph.)**, p #30**; refurnished** at *Marie Laveau-Gris (PS) I v. United States, The et al., State of Colorado, City and County of Denver*, Case No. 1:24-cv-**03593**-RTG, **PLAINTIFF'S EXHIBIT # 5;** AND *Id.* at 2014-CV-01699-BNB-**MEH**, Dkt. #138-1, Ex. 1, p #3.

**BLACK** (race) **American**, female (**sex**) **within** <u>F</u>ield <u>P</u>olicy and <u>M</u>anagement's ('**FPM**') Region

VIII Office of <u>**SIX** STATES</u> (Colorado, Montana, North Dakota, South Dakota, Utah, and

Wyoming). **Necessary emphasis.**

    *Ibid. AFTER PS* Plaintiff's **FREE SPEECH** (emph.) declination to be discriminatively

reassigned to **FHEO** and amending such to EEOC **Case No. 541-2012-00018<u>X</u>** and whistle

blowing (emph.) **to Congressmembers'** [26] (emph.) — she was **<u>ORDERED</u>** to be

**<u>INVOLUNTARILY</u>** (*EMPH.* **U.S. CONST. AMEND. XIII VIOLATION**) (emph.)

**DETAILED** to **MFH** by **DEFENDANTS** ### **<u>13,</u>** 77, 12 (**<u>GARCIA,</u> <u>G</u>OMEZ, BREGÓN**).

*EMPH.*

    *Ibid. PS* Plaintiff was **discriminatively** ordered,  performed, and preserved **NEVER**

being compensated **NOR** SF-50 credited  (emph.)  — **GS-13-0343** (Management Analyst) AND

**GS-14-1035 (Public Affairs Officer**) duties —  pursuant **Office of Personnel Management's**

**'Guide to Personnel Data Standards Chapter 14 or 28'**  (emph.)  — and being **denied**

**reasonable accommodation** to **telework** pursuant **'HUD Telework Policy Handbook 625.1,**

**and Section 359 of Public Law 106-346'** even for one day a week — **whereas** lower educated

GS-12 -similar situated- Sylvia Cabrera (**Hispanic**) was approved to telework two days a week,

by **Defendant #77** (<u>GOMEZ</u>), on compressed work schedule, with lower duties then the *PS*

Plaintiff; and <u>GOMEZ</u> completed Cabrera's telework application **without certification of**

**REQUIRED**  (emph.)  technical requirements (*omnibus* casting bona fide doubt on **Defendant**

**#77** (<u>GOMEZ</u>'s) second **MSPB** removal charge of *PS* Plaintiff — "**Failure to Follow**

**Directives**") (emph.)  — and **Defendant #77** (<u>GOMEZ</u>**)** disciplined *PS* Plaintiff **for checking**

---

[26] Dianna DeGette and Ed Perlmutter

**out laptop computer** to work on **HUD's**  (emph.)  **EEOC Case No.** 541-2012-00018**X**  (emph.)

**DISCOVERY REQUESTS (***emph***.) — WHEN** <u>GREAT</u> **WHITE (**race**), FEMALE (**sex**) —**

**FORTY (40) YEAR**  (emph.)  **SERVING  HUD IT DIRECTOR**  (emph.) — **<u>PAULA</u>**

**<u>BOOTH</u> — testified**  (emph.)  before **<u>MSPB</u>** (emph.): "**NO ONE OTHER THAN** *PRO SE*

**HAD BEEN DISCIPLINED FOR CHECKING OUT LAPTOP"** (emph.)  and *"PS*

**FOLLOWED PROTOCOL**". *EMPH.*

    *Ibid. PER SE* (emph.)  **RETALIATION — DISCRIMINATIVELY**, whistle blower

*PS* Plaintiff was immediately placed on **emergency suspension** [27], administrative leave, escorted

out of the building **by three men** (sex) (emph.)  , **one armed security** (emph.)  ; escorted back

into the building on March 15th and 20th of 2012 **by armed security**  (emph.)  to prepare and

give removal replies, and eight hours of an **<u>EEOC deposition</u>**  (emph.)  on March 27, 2012, and

**eventually removed** on **March 30, 2021**  (emph.)  from **U.S. HUD** (emph.)  career service

**permanent status** (emph.)  position and **FEDERAL SERVICE** erroneously pursuant to '5

C.F.R. Part 752' for  — '<u>MISCONDUCT</u>'. [28] **Necessary emphasis.**

    *Ibid. PS* Plaintiff's emergency suspensions and termination from Defendant U.S.

Department of Housing and Urban Development, were **WILLFUL AND WONTON** effectuated

by **DEFENDANTS <u>#13</u>: #67, #68, <u>#77;</u> #12** (emph.)  — in violation of **Title VII, WPA,**

**FMLA, NO FEAR Act** [29]**, 42 U.S.C. § 1983, and U.S. CONSTITUTIONAL ART VI CL II,**

---

[27] ***Id.*** at ***Marie Laveau-Gris (PS) I  v. United States, The et al., State of Colorado, City and
County of Denver,*** Case No. 1:24-cv-**03593**-RTG, **<u>PLAINTIFF'S EXHIBIT # 6</u>**, pp # 37-41.
[28] ***Id.*** at 10th Cir. Crt. Appeal. No. <u>2015</u>-1443, **January 23, 2016**, <u>OPENING BRIEF</u>**;
refurnished** at ***Marie Laveau-Gris (PS) I  v. United States, The et al., State of Colorado, City
and County of Denver,*** **Case No.** 1:24-cv-**03593**-RTG, **<u>PLAINTIFF'S EXHIBIT # 5</u>**.
[29] **REQUIRED** (emph.) training for all U.S. HUD employees', but for **Defendant #13
(GARCIA)** admitted before **MSPB** to **NEVER** taking.

**I, V, XIV RIGHTS** (emph.) — to guarantee due process substantial and procedural, free

speech, and free association.

*Ibid.* **2/24/2011 —** *PS* **Plaintiff** filed charge of **<u>CONTINUOUS</u>** (emph.) discrimination

within **U.S.** Defendant Department of Housing & Urban Development ('**HUD') Office of**

**Departmental Equal Employment Opportunity (ODEEO)**; followed by preserved

discriminatory animus motivating the improper processing of EEOC complaint and languish

process [30] by **Defendant** U.S. Equal Employment Opportunity Commission ("**EEOC**")

**8/24/2011** (emph.) , **Case No.** 541-2012-00018**<u>X</u>** (emph.) — which preserved and **AT-ISSUE** [31]

(emph.) — **IS HIDDEN (EMPH.) FROM PUBLIC** (EMPH.) —— and was **ASSIGNED** to

white (**race**), female (**sex**), GS-14-0905 **EEOC** Administrative Law Judge (ALJ) Defendant

*NOW* **INACTIVE** (emph.) Nancy A. Weeks **#34556**; thus, while **EEOC** was *pending* (emph.)

*PS* Plaintiff appealed complex mix-case with affirmative defenses of discrimination and

retaliation —— **4/2/2012** (emph.) —— against **<u>FOUR</u>** (4) (emph.), **FEDERAL** (emph.) ,

WHITE (**race**), employment attorneys [**EEO RMO** (*emph.*) Nicole A. Allard **#33036**; Zach

Mountin **#42661**; Colin J. Ratterman (**2009 <u>NY bar # UKN</u>**) (*emph.*); Jay A. Lauer **<u>#21151</u>**

**<u>(INACTIVE)</u>** (emph.)] —— before white (**race**), male (**sex**), *NOW* U.S. Merit System

Protection Board (**MSPB**) **Chief Judge** (*emph.*) Stephen Mish — **DE-0752-12-0257-I-1**

(emph.) — rejecting **low-ball** $100,000 MSPB and $25,000 offers of settlement from **HUD**

---

[30] **CONTINUING** preserved CLAIM within *PS PLAINTIFF v. Donovan / Castro*, 14-CV-01699- BNB- **MEH,** Dkt. 137 (*PS* Brief Response to Defendant #11's Motion for Sumarry Judgment), p #96, Facts **#268—275**/ TENTH CIRCUIT COURT Appeal No. **2015-1443**
[31] *Id.* at *Marie Laveau-Gris (PS) II v. United States, The et al., State of Colorado, City and County of Denver,* Case No. 1:25-CV-**874**-RTG, pp #13-14, Fact # 12**:** CLAIM TWO: Article VI, CL II "SUPREMACY CLAUSE";U.S. CONST. AMEND I; 5 U.S.C. §552 FOIA  (EMPH.)

(emph.) — **PRIOR** to filing her **VERY FIRST CONTINUOUS** (emph.) — **TITLE VII**

(emph.) civil action within U.S. District Court for the District of Colo. — 6/18/**2014** (emph.) —

Case No. **2014**-CV-01699-BNB-**MEH.** *EMPH*


### U.S. CONSTITUTIONAL ART VI CL II :"THE SUPREMACY CLAUSE" AND RULE 60(b)(4) — ALL ΦBK 1/5/25 INACTIVE #19425: Defendant #10 MICHAEL E. HEGARTY ("MEH") ORDERS — CHALLENGED — VOID

Subsequent **AKA** [32] *PS* Plaintiff's **denied** July 28, 2014, filed **MOTION FOR**

**SUBSTITUTION** (at Case No. 14-CV-**01699**- BNB-**MEH**, Dkt. 31)(emph.) —— **ACTING** *IN*

*A* **MANNER INCONSISTENT WITH DUE PROCESS; VIOLATION** of **28 U.S.C. §**

**636(c), Fed. R. Civ. P. 73; 28 U.S.C. § 455, JUDICIAL CONDUCT CANONS**; obstruction

of justice, discriminative deprivation, and to **further irreparable harms** of *PS* Plaintiff's **DUE**

**PROCESS AND U.S. CONSTITUTIONAL (Art. VI CL II; I, V, XIV Amendment**)

**RIGHTS** —— **affirmatively contrary** his own "**PRACTICE STANDARDS**" (emph.) ——

crying (**literally fake acting**), WHITE (**race**), male (**sex**), **U.S.** Department of Justice (**DOJ**)

District of Colorado Assistant U.S. Attorney ("**AUSA**"), TIMOTHY B. JAFEK *CALIF.*

**#214066** (emph.) **DEFENDANT #11** — obtained special treatment — when THEY used judge's

office to *EX PARTE* ("fraternize") *IN* Phi Beta Kappa (**ΦBK**)(emph.) [33] 1/5/25 **INACTIVE**

#19425: **Defendant** #10 **MICHAEL E. HEGARTY'S ("MEH")** (emph.) **CHAMBERS** —

before/at Scheduling Conference **SEPTEMBER 23, 2014**. *EMPH.*

*Ibid.* **IN DE NOVO HORIZONTAL STARE DECISIS VIOLATION** of *Garrett v.*

---

[32] YES- the **VERY SAME** 1st U.S. Greek-letter Sorority of Civil Rights Activist Rosa Parks, Dr. Coretta King, and **NOW known** to the **WORLD** per **U.S. VICE PRESIDENT** Kamala Harris.
[33] 1st U.S. Greek-letter (ΦBK) fraternity **WHICH DISALLOWED BLACK AMERICANS** to become members — hence Alpha Phi Alpha Fraternity, Inc. and Alpha Kappa Alpha (AKA)

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and

internal quotation marks omitted) [34] — without insistence, *PRO SE* Plaintiff **strictly** followed

the same rules of procedure that govern other litigants; whereas **DEFENDANT # 10 (MEH)**

**NOVEMBER 16, 2015** (emph.) — **AND  MAY 2, 2016** (emph.) took on the responsibility of

serving as **U.S. DOJ AUSA** *CALIF.* **#214066 DEFENDANT #11** TIMOTHY B. JAFEK's

(emph.) attorney in constructing arguments and searching the record (with black font bolded

necessary emphasis)**:**

> "**FOR EASE OF FACTUAL ANALYSIS IN THIS ORDER ADOPTED THE
> STRUCTURE AND NUMBERING CONVENTION PRESENTED BY
> DEFENDANT** (herein **Defendant #11**, Timothy B. Jafek CALIF. # 214066) in the
> Motions. **HOWEVER, THE COURT HAS MODIFIED THE NUMBERING
> STRUCTURE BY ADDING TO THE END OF THE FINDINGS OF FACT
> THE FREEDOM OF INFORMATION ACT CLAIMS PREVIOUSLY
> HANDLED SEPARATELY BY DEFENDANT IN A SEPARATE
> MOTION**. *See* docket #108. Despite adopting the structure provided by Defendant,
> the Court notes that it has not simply adopted defendant's version of the facts without
> a thorough review of the evidence provided. the court has fully considered plaintiff's
> last-filed, non-stricken response [*SEE* **DOCKETS ##137-45**] (EMPH.) (EMPH.)
> and all of its nearly 200 exhibits. *See id*. However, with rare exception, the Court has
> found the facts as propounded by Defendant to be supported by evidence, while
> Plaintiff's assertion of denials to their truth are not supported by evidence. **WHERE
> THE DEFENDANT'S FACTS HAD ERROR, THE COURT HAS ALTERED
> ITS FINDINGS OF FACT TO FIT THE EVIDENCE.**

> *Id.* **AFFIRMATIVELY CONTRARY**—— asserting denials to their truth, constructed

arguments with proper citations of authenticated evidence; and if **spoilation of evidence**

(EMPH.) , all original copies were produced, retained, and **may be re-authenticated** (pdf) to

supplement; along with sealed **EEOC** depositions (**14**); **MSPB** transcripts; and federal discovery

---

[34] ""This Court has repeatedly insisted that *PRO SE* parties follow the same rules of procedure
that govern other litigants; that the court cannot take on the responsibility of serving as the
litigant's attorney in constructing arguments and searching the record."

video recorded depositions of **BOTH TEXAS** AND **FLORIDA** <u>**FLEEING**</u> **EEO RMO**

**DEFENDANTS':  #77 GOMEZ** and Deborah Griswold —— as *PS* PLAINTIFF'S

**SEPTEMBER 4, 2015** (EMPH.), **BRIEF RESPONSE (DKT. 137)** (EMPH.) **WAS**

**SUPPORTED BY E**<u>**X**</u>**HIBITS ##1— 184** <u>(EMPH.)</u>    (EMPH.)    **EMPH.**

      *Ibid.* **FALSIFIED FACTS** AND **AFFIRMATIVELY CONTRARY** *IN DE NOVO*

*HORIZONTAL STARE DECISIS* **VIOLATION** of *Olenhouse v. Commodity Credit Corp.*, 42

F.3d 1560 (10th Cir. 1994) (emph.)(*Infra.*)   —followed Federal civil actions **(1)** 14-CV-**01699**-

BNB-**MEH** (dismissed with prejudice, pursuant to **12(b)(1)** and **12(b)(6)**)/ Tenth Cir. Appeal **15-**

**1443**); and **(2)** 14-CV-**03236**-**MEH** (dismissed with prejudice, pursuant to Fed. R. Civ. P. **54**).

*EMPH.*


<u>**TENTH CIRCUIT COURT ABUSE OF DISCRETION**</u>
<u>**Appeal No. 2015-1443 (2014-CV-01699-**</u>BNB-***MEH*** **(**emph**)** ***PS v. Donovan*** **(HUD))**

      "We do not consider new arguments raised in the reply brief.  Issues not raised in
the opening brief are deemed abandoned or waived."  ***Coleman v. B-G Maint. Mgmt. of
Colo., Inc***., 108 **F.3d 1199, 1205 (10th Cir. 1997).**

      *Ibid. BUT-FOR* **FURTHER AFFIRMATIVELY** <u>**CONTRARY**</u> *IN DE NOVO*

**HORIZONTAL STARE DECISIS VIOLATION** of **ALL** WHITE **(COLOR/RACE),** MALE

**(SEX),** REPUBLICAN **(POLITICAL PARTY) APPOINTED** <u>**AUTHORING**</u> (EMPH.)

**DEFENDANT' # 5 (**<u>**O'BRIEN**</u>**)** —— with **# 3 (**<u>KELLY</u>**) AND # 1 (**GORSUCH**)** —— <u>**NON-**</u>

<u>**BINDING**</u> **(EMPH.)** —— **ORDER AND JUDGMENT** —— *PS* PLAINTIFF'S **"13,995"**

worded —— **Tenth Circuit Appeal No. 2015**-**1443** —— <u>**OPENING BRIEF**</u> (*EMPH.*),

**ARGUMENT ISSUES** —— <u>**NEVER FAIR NOR FULLY CONSIDERED**</u> —— **FED. R.**

**C.P. 60(b)(3)(4)(5)(6) RELIEF AVAIL., REFURNISHED, REARGUED** AND *Id.* at Case

25

No. 24-CV-**03593**-RTG **12/27/24** PLAINTIFF'S **EXHIBIT #5.**

*Id.  IN FACT*, ERRONEOUS WAS/IS THE VERY FIRST SENTENCE (*EMPH*), p #

2, ¶1 of **DEFENDANT' # 5** (O'BRIEN**) WITH # 3** (KELLY**) AND # 1** (GORSUCH) NON-

(*EMPH.*) **BINDING ORDER AND JUDGMENT:**

> "*PRO SE* IS AN AFRICAN-AMERICAN FEMALE" ——

*Id.*  **CONTRADICTED** by *PS* PLAINTIFF'S **NATIVE** (emph.) **SURNAME** and

**OPENING BRIEF (*EMPH.*),** p # 2, at #3(a) **"STATEMENT OF ISSUES":**

> **"DISCRIMINATED AGAINST BASED ON HER RACE (BLACK AMERICAN),**
> **COLOR (BLACK), SEX (FEMALE….)"**

**ISSUE AND ANALAGOUS AUTHORITY PRESERVED** *IN* Tenth Circuit Appeal

No. **2015**-1443 —— **OPENING BRIEF** —— *BUT -FOR* **FURTHER** *IN DE NOVO*

*VERTICAL STARE DECISIS* **VIOLATION:**

**(1.)**    "Tenth Circuit clarified in *Olenhouse,* the unique nature of administrative

appeals and declared explicitly-

> "[R]EVIEWS OF AGENCY ACTION IN THE DISTRICT COURTS MUST BE
> PROCESSED AS APPEALS" AND **PROHIBITION** OF "[T]HE USE OF
> MOTIONS FOR SUMMARY JUDGMENT OR SO-CALLED MOTIONS TO
> AFFIRM." *Olenhouse v. Commodity Credit Corp*., 42 F.3d 1560 (10th Cir. 1994)..

**(2.)**    *Ibid.* "District court did not process as appeal and granted Defendant's motion for
summary judgement **DESPITE** *PS* Plaintiff timely filing civil action June 18, 2014
on both her discrimination claims and other claims 30 calendar days after May 20,
2014 receipt of MSPB's Finial Order pursuant to 5 U.S.C. § 7703(b)(2)." **Tenth
Circuit Appeal No. 2015-1443 OPENING BRIEF (*EMPH.*),** *Id.* at Case No. 24-
CV-**03593**-RTG **12/27/24** PLAINTIFF'S **EXHIBIT #2,** pp #38-40.

**(3.)**    **Absurd footnote** #1, p #3, of *PS v. Casto*, No. 15-443 (10ᵗʰ Cir. 2016) Order and

Judgment:

"*PS's* third amended complaint also included claims for whistleblowing, harmful
procedural error, and constitutional violations.  But *PS* does not appeal from the
district court's dismissal of these claims under Fed. R. Civ. P. 12(b)."

**(4.)**    ***Ibid.* AFFIRMATIVE CONTRARY TO THE VERY FIRST PARAGRAPH**

**OF *PS* Plaintiff's COMPLAINT CLAIMS**:

"Plaintiff incorporates by this reference all other allegations included herein"; AND

**"EMPLOYMENT DISCRIMINATION CAN BE PLEADED IN MORE
THAN ONE WAY. *Henley v. Brown*, NO. 11-2561 (8ᵗʰ Cir. 7/26/2012)."**

*Id.* at *PS v. Castro* **(HUD),** (10ᵗʰ Cir. 2014), Case No. **2014**-CV-01699-
BNB-***MEH*** (emph.)*,* ECF No. 40. *Necessary emphasis.*

***PS v. JEWELL*  (DOI): CASE NO. 2014-CV-03236-*MEH***
**Tenth Cir. Appeal No. 2016-1219**

"**BLACK-BALLED**" (emphasis with appropriate color connotations) from federal

government employment, by the actions of **ORIGINAL TORTFEASOR U.S. HUD**, U.S.

EEOC improper processing and languish; willful withholding of discovery production from

MSPB and U.S. D.C. for the Dist, of Colo.; along with impermissible acts within U.S. D.C. for

the Dist. of Colo. by actors (**Defendants #10 and #11**),  and then abuse of authority by Tenth

Cir. Court of Appeals ——— *in forma pauperis PS* Plaintiff lost count after continuing to apply

for over **250+**  USAjobs at comparable and significantly **lower** pay grades and **prior and**

**subsequent** to *PS v. JEWELL*  (DOI): CASE NO. 2014-CV-03236-***MEH(EMPH)*** / Tenth Cir.

Appeal No. 2016-1219.

**_PS v. City and County of Denver, et al.,_  2019**-CV-**02806**-LTB-RM-**_MEH_ (_EMPH_)** **/ Tenth Cir.
Appeal No. 2021-**1223 [10906319] (_INFRA._)**/ 2021**-CV-02362-RM** (_EMPH_) -**_MEH_**(_EMPH_)**

"**BLACK-BALLED**" from federal government employment, **<u>JULY 18, 2018</u>** (emph*.*)

would be a date that **_PS_** Plaintiff will **NEVER** forget.

With less than two years into her career as a Social Caseworker with Defendant **CITY

AND COUNTY OF DENVER** (Department of Human Services) and two months after

returning from **FMLA maternity leave** for her first **BLACK ICWA CHILD (<u>MIG</u>) WITH

SEVEREST MEDICAL NEEDS (ADA Violation)** — **_PS_** Plaintiff was **retaliatorily assigned**

a "near-fatality, fatality" **Referral # 2870434** (Copeland) of a two-year-old **BLACK** (race),

POSSIBLE **TRIBAL AFFILIATED (ICWA)** child ("**<u>AM</u>**") who had **accidentally drowned** in

the backyard pool of her maternal great grandfather. Up until this date, **_PS_** Plaintiff had **never**

been assigned a "near-fatality, fatality" case. Care and due diligence of possessing a higher

education and previous work experiences … **_PS_** Plaintiff's skills and strengths as a Social

Worker was safely responding, documenting, and **capturing the <u>TRUTH</u>**.

**_Ibid._**  **_PS_** Plaintiff was **retaliatorily assigned** JULY 18, 2018 "near-fatality, fatality"

**Referral # 2870434** (Copeland) — because when the clock turned **4:30 PM** ("**afterhours**"), the

WHITE (**race**) divorced (**status**) Social Caseworker **SUPERVISOR LA2973** —

**DEFENDANT #78**, **<u>K</u>**ATHRYN **"<u>K</u>ATIE" HODSON (F/A** GLEASON**))** — deemed her own

immediate departure from the office "**TO GO OUT ON A DATE**" (hence referred to in all legal

proceedings as "**HOT DATE HODSON**") **more** important.[35]

---

[35]  Testified to by **_PRO SE_** and two other Emergency Response Team Social Caseworkers-
**CA2686** who were subpoenaed as witnesses, identified as **BLACK** (Shiree Edwards) and
**African American/ Multi-racial** (Defendant **#76** Landrum) , before the City and County of
Denver Career Service Hearing Officer (**Defendant #59, BRUCE ANDREW PLOT**KIN

*Ibid.* Cultural consideration of **PS** Plaintiff being assigned the case was also correlated to being **BLACK** (race) and personal familiarity with the underserved neighborhood (**80239**) wherein the possible **ICWA BLACK** (race) **children** (**AM, KM, NM**) and her family resided.

*Ibid.* In short and unambiguously applicable, the Director- CA2758 (**DEFENDANT #70**, **MIMI SCHEUERMANN**) of the county department was **to be immediately notified** of any egregious incidents of abuse and/or neglect, near fatalities, or child fatalities **AND** the Director CA2758 (**DEFENDANT #70, MIMI SCHEUERMANN**) of the county department **designates an individual(s) who will be responsible for assessing the egregious incident of abuse and/or neglect, near fatality or fatality.**[36]

*Ibid.* **THE DIRECTOR CA2758** of the country department was another WHITE (**race**) WOMAN (**sex**), **EEO RMO** DESIGNATED DECIDING OFFICIAL (**DDO**) **DEFENDANT #70:** MIMI **SCHEUERMANN**, who testified before **DEFENDANT #59: PLOT**KIN **#18133** (**INACTIVE)**(EMPH.) — that she was **NOT** immediately notified as **REQUIRED** by **DEFENDANTS #73, #71, #78** [37] — **NOR** did she designate that **SOCIAL CASEWORKER-CA2686** (*EMPH.*) **PS** Plaintiff (EMPH.) be responsible for assessing the **near fatality or fatality** — and that she did **NOT** (EMPH.) **DUE PROCESS REVIEW PS** Plaintiff's OCTOBER 30, 2018 (EMPH.), WRITTEN (EMPH) DISCIPLINE RESPONSE (EMPH) — *BUT FOR* **UNCONSCIONABLE BREACH OF PUBLIC TRUST** AND **ABUSE OF**

---

**#18133** (**INACTIVE**)) and by their written sworn declaration and notarized affidavit. *See v. Denver Department Human Services*, 1:19-cv-02806, and/or **EEOC** Charge No. **19-CV-02806**.
[36] Controlling legal authorities outlined by Volume VII Code of Colorado Regulations (CCR) Social Services Rules (SSR) 12 CCR 2509-2. Commonly referred to as "Vol. VII" and/or "**Colorado Children's Code**".
[37] **VOL VII § 7.106.121(A)(2) & (B)(1)**

**POWER UNDER COLOR OF LAW — DEFENDANT #70** SCHEUERMANN, **GINNED**

**UP** (EMPH.) **PUBLIC PERJURIOUS** (EMPH.) **ALLEGATIONS —**

      "maggots"[38]; "October 18, 2018, (EMPH.)(*omnibus* **WRONG** date) concerning
injury to the head, ears, and mouth of a three-year-old child, **T.L**" [39]; possible **BLACK**
(race) **ICWA** "'**KM** and **NM**' taken to the home of their step-grandfather, an individual
who was a known sexual predator" [40]; "the actions of **Ms.**[41] *PS* Plaintiff put the children
at risk" [42] — AND "I THINK THE BIGGEST FALLOUT COULD BE LAWSUITS. I
THINK THERE COULD BE, AGAIN, LACK OF TRUST IN THE WORK THAT WE
DO. BUT, ABOVE ALL, WE ARE PUTTING THOSE OTHER CHILDREN AT RISK
WHEN WE DON'T DO OUR JOB." *Id.* at 22CA1542, REC, P # 33, TR (4/19/19): **RE-
FURNISHED** at 12/27/24, Case No. **2024**-cv-**03593**-RTG—LTB, **PLAINTIFF'S
EXHIBIT #1-1 (USB).**

      *Ibid.* Denver Department of Human Service's Child Welfare Division's **ALL** WHITE

(**race**) "leadership" (**DEFENDANTS:** #70, #71, #72, #73, #75) was what *PS* Plaintiff rightfully

**U.S. CONSTITUTIONAL ART VI CL II AND AMENDMENT I RIGHTS** declared and

whistle blew on **OCTOBER 30, 2018 AUDIO** record, as being "**DICTATORSHIP**" and

THEIR (**DEFENDANTS** #70, #71, #72, #73, #75) **FAILURE** to follow **controlling legal**

**authorities outlined by Volume VII**, and to make matters worse, **COVERED AND**

**CONCEALED** the WHITE (**race**) divorced (**status**) **ASSIGNED** (EMPH.) **SOCIAL**

**CASEWORKER SUPERVISOR LA2973** (EMPH.) **— DEFENDANT #78, K**ATHRYN

"**K**ATIE" **HODSON (F/A** GLEASON**)** (EMPH.) **— CRIMINALLY** (EMPH.) **FALSIFYING**

(EMPH.) **PUBLIC RECORDS** (EMPH.) [43] **—** of the two-year-old **BLACK** (race) possible

---

[38] REC, p # 14 (5)(c)
[39] REC, p # 12 (3), 15(d), 16(c); ADD, # 35, p # 2436
[40] REC, p # 13 (¶7), p # 1453, p # 1477
[41] UN**PROTECTED** witness *SG*'s suffix was/is "Ms." **NOT** MRS. (*ET UX*) *PS* PLAINTIFF'S
[42] REC, p # 105, TR (4/19/19) (SCHUERMANN)
[43] Colorado's Statewide Automated Child Welfare Information System, known and referred to as
"TRAILS"; which is only accessible by/through certified and authorized users to the Colorado

tribal affiliated (**ICWA**) **CHILD** ("<u>**AM**</u>") (EMPH.)  — who had **accidentally drowned**

(EMPH.) in the backyard pool of her great maternal grandfather — **with** (EMPH.) WHITE

(**race**) female (**sex**) **DEFENDANT # 71** JOSIE M. <u>**BERRY**</u>  (EMPH.) — and **racial animus**

—TO REMOVE — **surviving BLACK** (race) possible (**ICWA**) tribal **affiliated brother**

**siblings ("KM", "NM")** (EMPH.)  from <u>**THEIR HOME**</u> (EMPH.) and **WRONGFULLY**

(EMPH.) **POST WRONGFUL TERMINATION** (EMPH.)  far beyond "**chilling**" criminally

threats [44]; denied public assistance… **CONTINUING** (EMPH.) **CRIMINAL** (EMPH.)

**DEPRIVATION OF PROPERTY, UNEMPLOYMENT BENEFITS, AND LOSS OF**

**CONSORTIUM** — of <u>*PS* Plaintiff.</u>

      *Ibid.* While *PS* Plaintiff's infant (EMPH.) **BLACK ICWA** (EMPH.) **CHILD** (MIG) was

fighting for his life, from the **#1 KILLER OF INFANTS** (EMPH.), **congenital heart disease**

(EMPH.), **Thanksgiving of 2018** (EMPH.), **at Children's Hospital** (EMPH.) —— *see* 12/27/24

**PUBLIC PLAINTIFF'S EXHIBIT #7** —— as **NEVER IMMUNE EEO RMO**

**DEFENDANT** #<u>69</u>: **DAVIS** (EMPH.) —— testified on **City and County of Denver** quasi-

judicial record, in response to her and FEDERAL CIVIL RULE PROCEDURE 11, ABA Model

Rules of PROF. Conduct Rule 3.1 EXTRINSIC FRAUD IN AND ON THE COURT EMO

RMO WHITE (race) <u>**Defendant #63 (CAT**</u>ALANO #39773) **willful and wonton** deprivation of

**REQUIRED** (EMPH.) and **REQUESTED** (EMPH.) **DUE PROCESS SUSPENSIONS** of

Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities, **Referral #**

---

Department of Human Services Enterprise Portal per protections by HIPPA under the authority
of the U.S. Department of Health and Human Services.
[44] *Id.* **at Case No. 24-CV-**<u>03593</u>**-RTG** 12/27/24 **PLAINTIFF'S EXHIBITS ## 2 AND #3—**
***RES IPSA LOQUITOR***.

**2870434** (Copeland) — **C.R.S. § 7.106.1** (EMPH.) ""**REPORTER**" (EMPH.)— **LOCAL-FEDERAL-LOCAL CIVIL SERVANT WHISTLEBLOWER** *ET UX.* **OBLIGEE BLACK TRIBAL MOTHER OF BLACK ICWA CHILD (MIG) SOCIAL CASEWORKER-CA2686** (*EMPH.*) ——— *PS* Plaintiff:

> "WE KNEW YOUR SON WAS HAVING HEART SURGERY, AND WE THOUGHT IT WAS MORE HUMANE." **EMPH.**

*Ibid.* OCTOBER 30, 2018 — *PS* PLAINTIFF **REQUESTED AND REQUIRED** — *BUT FOR* **NEVER *DE NOVO* REVIEWED** — **FED. ICWA; C.R.S. § 18-8-502; § 18- 9-121; § 18-8- 114(1)(a); 18 U.S.C. §1030; DEN EO 143 215 LAWS** — as **KNOWINGLY AND RACIALLY TARGETING** — **USING** Defendant **#71**: BERRY'S USER IDENTIFICATION IN STATEWIDE CHILD WELFARE INFO. SYSTEM "**TRAILS**" — **HODSON** — **FALSIFIED [EMPH.]**— JULY 18, 2018 **SURVIVING BLACK** (race), male (sex), possible **TRIBAL (ICWA) AFFILIATED SIBLINGS** ('**KM, NM**') **SWORN ADMISSIONS** — **AFFIRMATIVELY CONTRARY** (*EMPH.*) **DENVER POLICE DEPARTMENT (DPD) GO (KNOWN DEAD) #2018-486927 REPORT 219** (*Id.* at 22CA1542, REC, pp # 1159-1240, furnished to **Defendant #44: Colorado's Child Protection Ombudsman**; and Defendant City and County of Denver; and **RE-FURNISHED** at 12/27/24, Case No. **2024**-cv-**03593**-RTG—LTB, **PLAINTIFF'S EXHIBIT #1-1 (USB)**):

> "IT WAS REPORTED BY LAW ENFORCEMENT THAT HER BODY HAD BEEN FLOATING IN THE POOL FOR APPROXIMATELY ONE HOUR PRIOR TO BEING RECOVERED BY — (MATERNAL GREAT GRANDFATHER'S FIRST NAME)"—; AND "—THE SURVIVING CHILDREN — ALSO REPORTED BEING ALLOWED IN THE POOL UNSUPERVISED…" *Ibid. Id.* at 22CA1542, REC, p # 1038; p # 1040 (# 7); p # 1049 (¶ 1) (**STIPULATED EX T**); Defendant CITY AND COUNTY OF DENVER —— October 30, 2018, 02- **Contemp.mtg AUDIO** —— where attendees were **Defendants #62** (PACKER **#33116**); #69 (**DAVIS**), #78 (**HODSON**); #72 (BALL); #71 (**BERRY**), AND *PS* Plaintiff.

*Ibid. PS* Plaintiff's emergency suspensions and terminations and denied unemployment from **THE CITY AND COUNTY OF DENVER** were **WILLFUL AND WONTON** effectuated by **Defendants #78 ,#75, #73, #72, #71, #70, #69, #65, #63, #62, #61, #60, #51, #50** with **corrupt city and state quasi-judicial tribunal employees** (Defendants **#58**, #24, #25, #52, #53, #54, #55, #56,**#59**) and **CORRUPT STATE JUDICIAL EMPLOYEES PLAINLY INCOMPETENT or KNOWINGLY VIOLATING LAWS** (#29, #31, #36, #26, #19, #17, #20, #22); and those who **WILLFUL AND WONTON ACTED IN MANNER INCONSISTENT WITH DUE PROCESS** (**#59, #63, #69**) and **abused discretion committing legal errors in** *ULTRA VIRES* issuances of judgments *OMNIBUS* **CHALLENGED** to be **VOID** by **U.S. CONSTITUTIONAL ART VI CL II (**THE **SUPREMACY** CLAUSE**), I, V, XIV,  XV AND XIX AMENDMENTS'—** affirmatively contrary to facts, evidence ("cherry picked" by **CITY AND COUNTY OF DENVER** DEFENDANT **59:** BRUCE ANDREW PLOTKIN #18133 (**INACTIVE**), including the **Denver Police Department** GO and **Coroners Report**, which *PS* Plaintiff moved to enter into evidence), and produced for **NEVER** *DE NOVO* **REQUESTED REQUIRED** review of the following misconstrued or misapplied laws:

18 U.S.C. §1030**; 28 U.S.C. § 1343(a)(1)(2)(3)(4);** *42 U.S.C. § 1983,* § 1985(2)(3)***;*** *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006); *Henley v. Brown*; <u>**C.R.S.**</u> § 18-8-502**;** §18-8-114(1)(a)**; § 18-9-121;** § 24-34-401**; STATE COMMON LAW PUBLIC POLICY EXCEPTION**: *Cronk v. Intermountain Rural Electric Ass'n,* 765 P.2d 619 (Colo. App. 1988) **AND** *Lorenz Martin Marietta,* 802 P.2d 1146 (Colo. App. 1990) [*"criteria for **UNLAWFUL** discharge claim"*]**; Child Welfare Regulations Codified in 12 CODE COLO. REGS. 2509-7 ("COLO.**

Children's' Code"): **§7.104(B)**; **§7.106.1 Egregious Incidents of Abuse and/or Neglect, Near Fatalities, or Child Fatalities [Eff. 1/1/15]** *et. seq*.; **§7.106.11; §7.106.121; §7.106.121(A)(2) & (B)(1); §7.103.61 (A)(1)(C) & (B); §7.104.1; §7.104.32; §7.106.13 (B); §7.103.1; §7.103.11; §7.103.40; §7.103.4(F); §7.107.17**; **COLO. Title 19: C.R.S. §19-1-307(1)(a)**[REPORTER/ INFORMANT of child abuse and/or neglect protections]; **SEVERAL STATE AND FED. LAWS AND STATUTES, THEIR OWN "*ORGANIC ORDINANCES AND RULES*"** (***Janssen v. Denver Career Service Board and Denver Department of Aviation***, CO. CT. APP., No. 98CA0100: **City and County of Denver Career Service Rules ("CSR"): § 9-62** *et seq*.; § 12-70, § 12-80, § 16-10, **§ 16-22** , § 16-46, § 18-40, § 19-5, § 19-10, § 19-32, § 19-42, § 19-45, § 19-50, § 19-51, §1 9-52, § 19-57... **CSR 16**; **19**; **21**; **Appendix 19A** (**Relevant Provisions of the WHISTLEBLOWER PROTECTION ORDINANCE §2-100 of The DEN Revised Municipal Code)** *et seq.*; *In re Leslie* , CSA 10-11 , 20 (12 /5/11); *In re Muller*, CSB 48-08, (10/24/08 ); *In re Lombard- Hunt*, *CSA 75 -07 , 7 (3/3/08)*; *In Proctor*, CSA 52-07 ( 1/3/08); *In re Gallo*, CSB 63-09A ( 3/17/11); *In re Wehmhoefer*, CSA 02 -08, ( 2/14/08 ); *In re Ortega*, CSA 81-06, 14 (4/11/07); *In re Koonce*, CSB 36- 13, (10/16/14) (3/17/14) (citing ***California Federal Sav. and Loan Ass'n v. Guerra***, 479 **U.**S. 272, 285 (1987) — **Denver Whistleblower Protection Ordinance, Article VII** *et. seq*.; **Executive Order** ("**EO**") **143 (C & C DEN Data Protection Policy**); **Charter of the City and County of Denver** ("**§ C5.25**")**;** and **Denver Human Services** "VOICES" **— CADA C.R.S. § 24-34-401** *et seq.* **AND GREATER STATE COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25) RIGHTS** to guarantee due process substantial and procedural, free speech, and free association, and her **RIGHT TO VOTE** (EMPH.) (EMPH.) for:

1.)     **CITY AND COUNTY OF DENVER** Mayoral **BLACK** (**race**) Latina (**woman and ethnicity**) Candidate <u>**Dr. Lisa Calderón**</u> [45] (EMPH.) (EMPH.);

2.)     **GREAT** white (**race**), woman (**sex**), **Republican** (political party) **Colorado Governor** (against Defendant #14: Polis) (EMPH.) **running mate whistleblower** (EMPH.) who made **PUBLIC** by **The Gazette, FORMER** "resigning" (EMPH.) **racial misconduct** (used "**N"** word) (EMPH.) **Arapahoe County Dist. Judge Natalie Chase** (EMPH.) and actions pending before **Colorado Court of Appeals** (EMPH.) and **at the request of DEFENDANT #45** (CDHS) (**EMPH.**)  to — "*gag, incarcerate, and issue Order terminating Mother Courtney Propst **parental rights stemming from a CONTENTIOUS DIVORCE WITH CHILDREN**"* [46]— <u>HEIDI</u>

---

[45] **ON JUNE 4, 2019** (emphasis) —— **SAME DAY** (emphasis) of **City and County of Denver** Board Appointing **Defendant #50 HANCOCK'S REELECTION** (emphasis) —— during **RECORDED SEQUESTERED** (emphasis) administrative direct Consolidated Case Nos. **073-18, 076-18, 080-18** Career Service Hearings' *PS* Plaintiff willful and wonton delivered in her Closing Arguments —"**I HAVE A RIGHT TO VOTE!**"; being "ONLY **BLACK** (race), **Latina** (**New Orleanian Creole** (people of mixed French, African, Spanish, and <u>**Native American)**</u> Dominican Republic (**ancestry**), married (**marital status**), female (**sex**), with **pregnancy**, **childbirth**, and **related medical conditions** (disability) — SOCIAL **CASEWORKER- CA2686**, at Denver Human Services, Child Welfare, Emergency Response Team ("ERT")"; and being a Denver, Colorado <u>**NATIVE**</u>; her **AKA** Sorority, INC. **affiliation**; knowledge and **quasi-judicial briefs citing** "SEE **Dr. Lisa Calderón** (emphasis, Black- Latina) **v. City and County of Denver et al.** (emphasis); **Michael Hancock** (emphasis) Patrick Firman; Jess vigil; Andrea Albo **D.C. No. 1:18-CV-00756-<u>PAB-MEH</u>** (emphasis) / **19-1388**) (emphasis)"; and **EEO and whistleblowing protected activities** [*Lombard-Hunt, Lynne*, (3/3/08) (Order 12/24/07) (Order 12/5/07); *PS PLAINTIFF v. Donovan / Castro*, 14-CV-01699-BNB<u> -MEH</u> (emphasis)]."

[46] Parallel to when *PS* Plaintiff complained of such to **LISA E. PEARCE #28634** - Regulation of Attorneys (EMPH.) and the racial discrimination and "N" word epithet and practices of **ARAPAHOE COUNTY** MAGISTRATE DEFENDANT **# 38** (JANSKI #9150) (INACTIVE)(EMPH.); and while "**THERE IS NO RESOURCE THAT IS MORE VITAL TO THE CONTINUED EXISTENCE AND INTEGRITY OF INDIAN [T]RIBES THAN THEIR CHILDREN" 25 U. S. C. §1901(3)** — **TITLE XV** — *Troxel V. Granville*, 530 U.S. 57 (2000)… and without any **INKLING** of evidence (EMPHASIS) — **ARAPAHOE COUNTY**

**GANAHL**;  and

3.)      **BLACK** (EMPH.) **INDIAN** (race), Sorority sister (**AKA**) (EMPH.)  **Kamala**

**Harris** (EMPH.) (EMPH.) **— U.S. Vice President.** *EMPH.*

*Ibid. PRO SE*  has timely and in good faith prosecuted matters against **THE CITY AND**

**COUNTY OF DENVER (Defendant #50:** HANCOCK**)**, going before **SEVERAL CORRUPT**

quasi- judicial and judicial tribunals including: Denver Human Services Child Welfare Division

(October 30, 2018; December 4, 2018); the federal **Equal Employment Opportunity**

**Commission** (Charge Nos. 541-2019-02097 **AND** 541-2021-00132); **City and County of**

**Denver Career Service Hearing Office (**DEFENDANT **#59)** and Board (DEFENDANTS **#52,**

**#53, #54, #55, #56, #57)** (*see* **consolidated direct appeal numbers 73-18, 76-18, and 80-18**);

the United States District Court District of Colorado (Case Nos.: **2019**-CV-02806-LTB-RM-

**MEH; 2021**-CV-02362-RM-**MEH; 2023**-CV-00529-GPG-KLM-STV-LTB); the state of

Colorado Department of Labor and Employment ("**CDLE**") to then Industrial Claim Appeals

Office ("**ICAO**") (**Docket Nos.** 1342-2019; 1342-2019; 34484-2019); District Court for

Arapahoe **AND** Denver County, Colorado (Case Nos. **2020CV11** AND **2020CV405**); Colorado

Court of Appeals (20**20CA286** AND **2022CA1542** AND 24**CA1116**); U.S. Court of Appeals for

the Tenth Circuit (Case No**. 21-1223**); and 2021-CV-02362-RM (*EMPH*) -*MEH*(*EMPH*) **—**

where **IRREPARABLE INJURIES** harming *PS* Plaintiff and **BLACK ICWA**

---

NEVER CONSENTED **NOR** ASSIGNED MAGISTRATE **DEFENDANT #41** ECHO RYAN
**#38699** — *IN* **willful and wonton VIOLATION** of FEDERAL CIVIL RULE PROCEDURE
11; ABA Model Rules of PROF. Conduct Rule 3.1 authoring: "MOTHER PUTS HER NEEDS
BEFORE CHILD" — within her **blasphemous** continuing **VOID CHALLENGED
UNCONSTITUTIONAL** amended April 6, 2019, *nunc pro tunc* to February 25, 2019
ORDERS.

CHILD(*REN*)(**MIG**) and **BLACK** (race) possible **ICWA** (***KM,NM***...**R.I.P**: ***AM***) were/are to the **DIRECT KNOWLEDGE OF** <u>**MANDATED REPORTING OATH OWED**</u> **DUTY DEFENDANTS:** <u>**#3**</u>, <u>**#6**</u>, #7, #9, <u>**#10**</u>, #17, <u>**#19**</u>, #20, #22, #23, #24, #25, #26, #27, #29, #31, #33, <u>**#36**</u>, #39, #40, #41, #42, #44, #46,#47, #48, #49, <u>**#50**</u>, #51, #52, #53, #54, #55, #56, #57, <u>**#58, #59**</u>, #60, #61, #62, #63, #65, <u>**#69**</u>, <u>**#70**</u>, <u>**#71, #72**</u>, #73, <u>**#74**</u>, #75, #76, and <u>**#78.**</u>

### <u>TENTH CIRCUIT COURT ABUSE OF DISCRETION</u>
<u>Appeal No. **2021**-1223 [10906319]/ ***PS v. City and County of Denver, et al.,*** **2019**-CV-02806-LTB-**RM** (*EMPH*) -*MEH* (*EMPH*)</u>

"A district court abuses its discretion when it commits legal error." ***Dronsejko v. Thornton***, 632 F.3d 658, 664 (10th Cir. 2011).

***Ibid.*** Dismissal of **2019**-CV-**02806**-<u>LTB</u>-RM-<u>**MEH**</u> (*EMPH.*) was *omnibus* **BIAS BENT MINDED ΦΒΚ** 1/5/25 **INACTIVE #19425:** Defendant #10 **MICHAEL E. HEGARTY ("MEH")**(*EMPH.*) **ABUSE OF DISCRETION PRETEXT** — of *PS* Plaintiff's **EEOC** Complaint No. 541-2019-02097 — **NOT** being "**perfected**" with three explicit words — "**penalty of perjury**" — <u>**WHEN**</u>:

    **(1.)**    *PS* Plaintiff's formal **EEOC** complaint making an express reference to **28 U.S.C. § 1746** by chapter and verse;

    **(2.)**    *PS* Plaintiff's **MAY 14, 2019, EEOC INTAKE QUESTIONNAIRE** No. **541-2019-02097,** was **VERIFIED** (*EMPH.*) **UNDER PENALTY OF PERJURY**(*EMPH.*); and

    **(3.)**    *PS* Plaintiff' signed her **JUNE 12, 2019**, Formal Complaint Charges of Employment Discrimination **BEFORE** (EMPH.) **DESIGNATED REPRESENTATIVE OF THE REGION VIII, EEOC GS-05-0326** (EMPH.)

**MATTHEW NITTA.** <u>EMPHASIS.</u> *Id.* Case **1:19-cv-02806-RM-<u>MEH</u>** Document

1-1 Filed **10/01/19** USDC Colorado PP #25-#26 of 113**.** ***EMPH.***

*Ibid.* Therefore, *PS* Plaintiff's **June 12, 2019** (EMPH.), Formal Complaint was/is

*OMNIBUS* **<u>VERIFIED</u>** (EMPH), not just delivered and received,  — pursuant ***<u>DE NOVO</u>***

**<u>REQUIRED AND REQUESTED U.S. CONSTITUTIONAL ART VI CL II</u>** (EMPH.) **AND**

**29 C.F.R. § 1601.3(a)** (EMPH.) — **EEOC** regulations defining:

> "'**Verified**' as being affirmed before persons authorized to administer oaths or an unsworn written declaration made under penalty of perjury." **EMPH.**

*Ibid.* **NEVER** *sua sponte* **28 U.S.C. § 455** recusing — *FELLOW* KANSAS DOJ AUSA

of *omnibus* **BIAS BENT MINDED KANSAS DOJ AUSA Deputy Chief and Chief ΦΒΚ**

**1/5/25 INACTIVE #19425:** Defendant #10 **MICHAEL E. HEGARTY ("MEH")**(EMPH**.**) —

**DEFENDANT 6: JUDGE NANCY LOUISE** <u>MORITZ</u> (**EMPH**.) — personally participated

in *PS* Plaintiff's **10th Cir Appeal No. 2016-**1219 with **RE-PARTICIPATING** (EMPH.)

**TENTH CIR. COURT** Appeal No. **2015-**1443 (**2014**-CV-**<u>01699</u>**-BNB-***<u>MEH</u>*** **(**emph**)** *PS v.*

*Donovan* **(**HUD**))** **DEFENDANT 3: SENIOR JUDGE PAUL JOSEPH** <u>KELLY</u>**, JR** — and

under the color of U.S. and greater state constitutions, federal, and state laws — **ENTERED**

(EMPH.) — *PS* Plaintiff's **10th Cir Appeal No. 2021-1223 [10906319]** *in-part* explicitly with

necessary emphasis**:**

> "*PS* is correct that Edelman permits an **amended EEOC** charge to relate back to verify an original charge, **but we have found no case** —**and she cites none**—permitting such an amendment once the **EEOC** has closed the case and issued a right-to-sue letter." *Id.* at **Appeal No. 2021-1223 [10906319], p #9.**

*Ibid.* **AFFIRMATIVELY CONTRARY** *DE NOVO* **REQUIRED AND**

**REQUESTED *HORIZONTAL STARE DECISIS* VIOLATIONS** [47] **— JUDICIAL NOTICE**

was/is **PS** (emph) ***PLAINTIFF*** (EMPH.) (EMPH.)  (EMPH.)   *v. Jewell*, No. 14-cv-03236-

**_MEH_** (EMPH.) **,** 2016 WL 1732685, at *8 (D. Colo. May 2, 2016), *aff'd*, 673 F. App'x 803 (10th

Cir. 2016):

> "The district court [**Defendant #10: MEH (**emph**)**] limited the ***PRO SE***
> Plaintiff's claims to those in her **EEO** complaint. In doing so, the court identified two
> independent bases for limiting the plaintiff's claims: (1) issues must be included in the
> acceptance-of-issues letter to be exhausted, and (2) events that occur after the filing of the
> EEO complaint may be exhausted only through the filing of another EEO complaint or an
> amendment to the existing complaint." *Id.* In affirming the district court's [**Defendant
> #10: MEH (**emph**)**] decision, the Tenth Circuit [**DEFENDANT # 4** (Lucero) **WITH
> DEFENDANT # 2** (Holmes) **AND DEFENDANT # 6** (<u>Moritz</u>)] did not address
> whether claims must be included in the agency's acceptance-of-issues letter to be
> exhausted. Instead, the Tenth Circuit [**DEFENDANT # 4** (Lucero) **WITH
> DEFENDANT # 2** (Holmes) **AND DEFENDANT # 6** (<u>Moritz</u>)] affirmed the district
> court's [**Defendant #10**] conclusion on the basis that the plaintiff's failure to file a new
> EEO complaint or amend her existing EEO complaint precluded her from bringing claims
> in federal court that post-dated her EEO complaint."

**QUOTING** (EMPH.) *Goodson v. DeJoy*, Civil Action No. 19-cv-00301-CMA-**MEH**
(EMPH) (EMPH.)  U.S. D.C. FOR THE DIST. OF COLO. (**15 Dec 2020**). EMPH.

*Ibid. VERTICAL STARE DECISIS*: *Edelman*, 535 <u>U.S.</u> at 109 — **upholding 29 C.F.R.**

**§ 1601.12(b)** — which "permit[s] an otherwise timely filer to verify a charge after the time for

filing has expired." **OCTOBER 9, 2020** (EMPH.)  — **PREJUDICE *PS*** Plaintiff — **also filed**

**Amended** EEOC Form 5, at/with the **EEOC** (EMPH.)  — ***FOUR DAYS BEFORE*** (EMPH.) —

*omnibus* **BIAS BENT MINDED <u>KANSAS DOJ AUSA Deputy Chief and Chief</u>  ΦBK**

1/5/25 **INACTIVE #19425:** Defendant #10 **MICHAEL E. HEGARTY ("MEH")**(EMPH**.**)

recommended dismissal Ordered by Defendant #9 (***RM***) — granting **CONSPIRING** (EMPH.)

---

[47] **JUDGES CANNOT PLEAD IGNORANCE OF THE LAW**" (quoting in-part ***Cooper v.
Arron****, 358* U.S. 1, 78 S. Ct. 1401 (1958)).

*AMICUS CURIAE* [48] (EMPH**.**) **DEFENDANT #61's** (WOLF **#31585**) (EMPH.) — motion to

dismiss (EMPH.) — *PS* Plaintiff's **Title VII** complaint against *City and County of Denver, et*

*al.*— **OCTOBER 13, 2020**. *See* **2019**-CV-02806-LTB-RM-**MEH** (ECF Doc #52).

    *Ibid.* MAY 28, 2021 — **RULE 60 RELIEF** from judgment order **MOTION TO RE-**

**OPEN** *PS* PLAINTIFF'S **2019**-CV-02806-LTB-RM-**MEH** (EMPH.) **TITLE VII** complaint of

law against *City and County of Denver, et al.* was recommended **(**EMPH**.)** by *omnibus*

**IMPERMISSIBLE BIAS** DEFENDANT #10 **_MEH_** (EMPH**.)** **—** and harmfully effectuated by

**Defendant #9** (*RM*) **(**EMPH**.) — DENIED**.

### <u>42 U.S.C. § 1985(2)(3): *EX PARTE* EVIDENCE</u>

    **MAY 15, 2023** (EMPH.) **—** *PS* Plaintiff made **5 U.S.C. § 552: Freedom of**

**Information Act (FOIA)** (EMPH) — request **No. 820-2023-000270A** (EMPH) — for "Copy

of charge file and any/all communications (including intake questionnaire AND June 26, 2019,

and July 16, 2019, intake teleconferences allegedly recorded) and documents pertaining to 541-

2019-02097 processed by Denver Field Office EEOC." Therein, **_EX PARTE_** (EMPH) **conspired**

**communications** between **U.S. EEOC DEFENDANT 74:** ALEJANDRA **HARGUTH** AND

**CITY AND COUNTY OF DENVER DEFENDANT 61**: ROBERT **WOLF #31585** — about

'SATISFYING TITLE VII'S VERIFICATION REQUIREMENT.' *PS* Plaintiff was

**DEPRIVED DUE PROCESS** (EMPH.) of such **_EX PARTE_** (EMPH) communications; and

was **NOT** afforded discovery for **2019**-CV-02806-LTB-RM-**MEH** (EMPH.) **Title VII** complaint

of law against *City and County of Denver, et al.*; and **DID NOT OBTAIN** *EX PARTE*

---

[48] ***Peck v. State of Colo., et al*.**, **19**-CV-03450-RBJ-**_MEH_** / 21-1125 - *Peck v. McCann, et al.*
[10932361].

communications **UNTIL** (emphasis) **FOIA** request.

*Ibid.* **28 U.S.C. § 1346**: **FEDERAL TORT CLAIM ACT**: *See* 1:24-cv-**03593**-RTG

**AMENDED:** **PUBLIC** **PLAINTIFF'S EXHIBIT #8**, pp #90-92, at **DEFENDANT 74:**

ALEJANDRA HARGUTH.

## ARGUMENT

Incorporated by this reference, all above and below paragraphs, arguments, and

allegations herein are/ can be found in other civil actions, exhibits, and documents *PS* filed or

cited/cites, for **relative substantive rights re-argued** in **all** *pending* **joinder** of 2025-CV-**852**-

RTG; 2025-CV-**874**-RTG; 2024-cv-**03593**-RTG—**LTB** eleven (**11**) case claims.

Like her *AKA* Soror **ROSA PARKS — *PS* PLAINTIFF — WAS TIRED OF GIVING**

**IN —** what she rightfully and reasonably **FREE SPEECH** (emph.) opposed via email, written

responses, whistle blowing, and exhausted before corrupt Colorado quasi-judicial and judicial

tribunals, and **CONTINUES** to believe were and are flagrantly against **ANTI-RETALIATION**

**AND DISCRIMINATION LAWS AND U.S. CONST. ART VI CL II (THE SUPREMACY**

**CLAUSE) AND I, V, XIII, XIV, XV AND XIX AMENDMENT RIGHTS!**

**DEFENDANT-APPELLEES** (EMPH) [49] **"ACTIONS** prevented the system from

working in whatever way it might have **HAD THEY DONE THEIR JOBS HONESTLY,** and

offered no incentive for" [50] **BLACK** (race), **women** (sex), **SOCIAL WORKERS'** reflective of

---

[49] *See* 1:24-cv-**03593**-RTG AMENDED: PLAINTIFF'S EXHIBIT #8

[50] **"Demanded jury and judicial review** may better comprehend herein City and County of
Denver employment case matters complexity *in-part* to **2020 Netflix documentary "The Trials
of Gabriel Fernandez"** and **California's 2nd District Court of Appeals**…"

**COLOR**ADO'S **CONSTITUENTS',** who devotedly  served and were brave in testifying

truthfully, *BUT-FOR* testimonies and professional reputations **PUBLICLY**

**MISCHARACTERIZED;** or herein *PRO SE* (*PS*) **LOCAL-FEDERAL-LOCAL CIVIL**

**SERVANT WHISTLEBLOWER** *ET UX.* **OBLIGEE HEIRESS BLACK ICWA**

**SURVIVOR INDIVIDUAL SOCIAL WORKER —** who **PRE (2010)** and **POST**-maternity

and **PRESENT** (EMPH.)  **—** **FIFTEEN (15) YEARS SURVIVING** (EMPH.) (EMPH.) — has

worked tirelessly **ABOVE AND BEYOND OWED DUTIES** (EMPH.) **— NOT ONLY TO**

**PROTECT** THOSE targeted by what **POST (2020) COVID RACIAL INJUSTICE —  "THE**

**PEOPLE"** (EMPH.) coined *"KARENS"* and *"KENS"* **— BUT FOR  —** from highest **TO**

**LOWEST** [51] **—** **#78 —** "DEFENDANTS" **—** **NOT** **REPRESENTATIVE OF VERY TASKS**

**AND MISSIONS:** "promote the efficiency of federal service"[52]; "building inclusive and

---

[51] *U.S. v. Lee*, 106 **U.S.** 196, 2201 S. Ct. 240, 261, 27 L. Ed. 171 (1882)

[52] *BUT FOR* **Phi Beta Kappa (ΦBK)  1/5/25 INACTIVE #19425: MICHAEL E. HEGARTY
("MEH")** was "**PROMOTED**" to prized "1st U.S. D.C. for the Dist. Court Chief Magistrate
Judge"; Stephen Mish was "**PROMOTED**" U.S. Merit System Protection Board (**MSPB**) **Chief
Judge** (emph.); **Defendant #13** (GARCIA) was selected to serve as a "**Cabinet Member**" of
Governor Jared Polis (**Defendant #14**); **TO APPEASE COLOR**adans — after trying times of
**COVID-19** matched with "**REIGNITED RACIAL TENSIONS**" — AND Eighteenth
(**Arapahoe County**) Judicial District having "**nearly decade-long absence of a person of color
wearing the robes of a district court judge**" —— **DEMOCRAT** (political party) **Defendant
#14** GOVERNOR POLIS —— **DEI** (emphasis) **appointed** 1st -**GENERATION** (emphasis)
**HAITIAN** (emphasis) Defendant **# 34** DON JESSE *TOUSSAINT* **#41379** on **SEPTEMBER 9,
2020** ——**SUBSEQUENT TO a recorded City and County of Denver Town Hall** meeting,
wherein *PS* Plaintiff **whistle blew with her name announced with/directly towith/directly to
Defendants #50** (Hancock) **and #51** (Mares, Esq.) "Denver Human Services Child Welfare '**all**
white (**race**), female (**sex**), **self-proclaimed** "Leadership" —— "**PROMOTED**"  (**DEI** Hire)
Senior Human Resources Business Partner **DEFENDANT 69**: TAMMY DAVIS "Director of
OHR at Denver Human Services" —— **Defendant #77** (GOMEZ) "**resigned**" from HUD
**DURING FEDERAL** Case No. 2014- CV-**01699**-BNB-**MEH** (10th Cir. 2014) **DISCOVERY
— FLEEING OUT THE STATE OF COLORADO — to TEXAS —** where **FURTHER
CRIMINALLY** in another state, travel had to be arranged by **Defendant #11** (DOJ, Assistance
United States Attorney, Timothy Bark Jafek **CALIF. # 214066**) and *PS* Plaintiff to capture his

sustainable communities free from discrimination' (**HUD**)" ; "prevent and remedy unlawful

employment discrimination and advance equal opportunity for all in the workplace" (**EEOC**);

"uphold the rule of law, keep the country safe, and protect civil rights" (**DOJ**);  "investigating

child abuse and neglect" (**CDHS**); "Helping Those In Need and Out of Harm's Way" (**Denver**

**Human Services**); "To ensure fair and just outcomes in these appeals" (**ICAO**); "To serve "as

the " 'People's Lawyer,' advancing the rule of law, protecting our democracy, and promoting

justice for all" (**Colorado Attorney General**); "To provide the citizens of Colorado with clear,

impartial, and timely resolutions of appealed orders and judgments as provided by law**"**

(**Colorado Court of Appeals**)"; "provide equal access to Justice, contribute to public safety, and

strengthen the rule of law across Colorado" (**Colorado Judicial Department**); "To serve the

public by providing a fair and impartial forum that ensures equal access to justice in accordance

with the rule of law, protects rights and liberties of all persons, and resolves cases in a timely and

efficient manner" (**U.S. D.C. for the Dist. of Colo**.); and "review decisions made by federal

district courts within its jurisdiction, ensuring the proper application of federal law. It also

reviews decisions from certain administrative agencies and tribunals" (**10ᵗʰ Cir. Court of**

**Appeals**) —— <u>THEY</u> **WERE CONSTITUTIONALLY CHARGED, DIRECTED TO AN**

---

sworn video deposition. **HIDDEN FROM THE PUBLIC** — *PS* Plaintiff personally confirmed
on **February 27, 2023**, at 1670 Broadway , Denver, CO 80202-4801 — that **Defendant #77**
(GOMEZ) — **RETURNED TO THE STATE OF COLORADO** (EMPH.) and was/is **RE-
HIRED** (EMPH.) by **U.S. Defendant HUD** and **PRESENTLY** serving as a **Single-Family
Program Advisor** on the **21st Floor** of **Denver, CO** Region VIII Office (EMPH.) ….and
**FALSIFYING BLACK** (race) possible **ICWA** children's (KM, NM… R.I.P.: AM) abuse
records— **DEFENDANT #78 K**ATHRYN "**K**ATIE" <u>**HODSON**</u> (F/A GLEASON)("**Hot Date
Hodson**")(*emph.*) — **PUBLICLY** (*emph.*) serves as Statewide Adult Diversion Coordinator at
**STATE COURT ADMINISTRATORS OFFICE** (*emph.*) **WITHIN COLORADO'S
JUDICIARY.** EMPH.

**OATH,** AND PUBLICLY ENTRUSTED TO SERVE. *EMPH.*

**ANALOGOUS ——**

"…Especially in manner to their conduct in their official character. How immoral to impose it on them if they were to be used as the instruments, and the knowing instruments, for violating what they swear to support**!** Why otherwise does it direct the judges to take an oath to support it? This oath certainly applies in an especial manner to their conduct in their official character. How immoral to impose it on them if they were to be used as the instruments, and the knowing instruments, for violating what they swear to support! The oath of office, too, imposed by the legislature, is completely demonstrative of the legislative opinion on this subject. It is in these words: "I do solemnly swear that I will administer justice without respect to persons and do equal right to the poor and to the rich; and that I will faithfully and impartially discharge all the duties incumbent on me as according to the best of my abilities and understanding, agreeably to the constitution and laws of the United States.'" *Id.* Why does a judge swear to discharge his duties agreeably to the constitution of the United States if that constitution forms no rule for his government? If it is closed upon him and cannot be inspected by him? If such be the real state of things, this is worse than solemn mockery. To prescribe or to take this oath **BECOMES EQUALLY A CRIME**." *Marbury v. Madison*, 5 <u>U.S.</u> 137 (1803).

*Ibid.* **IRREPARABLY RE-APPEARS** as declared by WHITE **(race)** AURORA CITY COUNCIL**WOMAN — "**<u>*WHITE-WASHED*</u>**"** [53] **— CORRUPTION** *IN* <u>THEIR</u> **"WAR"** [54] **TO COMPLY WITH SOLEMN OATH TO THE GREATER COLO. AND U.S. CONST.**

Unsuccessful good faith attempts of filing **FRAUD ON COURT** motion **3/1/19** to Defendant #**28** AND **7/25/19** via Petition for Review with supportive Appendices # 1 _____ **7** to Defendants #**63**, #**52, #53, #54, #55, #56**; recall of remittiturs (Defendants #**19**, #18, #21, #**19**, #20, #22);  reopen (Defendant #**41**, #**28**, #**19**, #18, #21, #30, #32, #33, #35, #39, #27, #26, #19, #20, #22,#26, #27, #17, #9, #**10**, #**6, #3**); requests for substitutions/ recusals' (Defendants #**41**, #**36**, #**38**, #**33**, #**40**, #**19** , #22, #59, #**10**); levy sanctions (Defendants #41, 33, 36, 28, 16); appeals

---

[53] *JURINSKY* **v.** CDHS *et al.***, 22**-CV-02201-**MEH-PAB** *EMPH*
[54] *Cooper v. Aaron, 358* <u>U.S.</u> 1, 78 S. Ct. 1401 (1958)

(Defendants ## 1 ——— **10, 19, 17, 26, 27, 15**); C**OLO. Title 19: C.R.S.** §19-1-307(1)(a)

Children's Code Informant Name Privacy (C & C DEN. Defendants #**59, #63, #52, #53, #54,**

**#55, #56,** AND Colo. U.S. Dist. Crt. Defendant #**10**) … — **NEVER** foreclosed claims or bar

herein federal suit under ***Rooker-Fieldman*** for simple *omnibus* preserved reasons ***PS*** Plaintiff's

**CONTINUOUS DUE PROCESS, FEDERAL, U.S. AND STATE CONST**. relief right claims

were **NEVER** properly investigated, *DE NOVO* reviewed, **NOR** decided **MERITORIOUSLY**.

    *PS* Plaintiff **MAINTAINS INNOCENCE — of NEVER** violating **C & C DEN. Career**

**Service Rules ("CSR"): §16-28(A); §16-28(F); §16-28(R); §16-28(T)** — **NOR** violating **C.F.R.**

**Part 752 for 'MISCONDUCT'** by holding any disregard for her obligation as an employee of

the federal government — **NOR** — was she without familiarity of **U.S. HUD** Region VIII

**SECOND LARGEST BLACK** (race) **STAFFED PROGRAM AREA —** Fair Housing Equal

Opportunity **"FHEO" —** which **Defendant #77 (GOMEZ)** on **10/5/11** (emph.) **CONSPIRED**

with **Defendant #68 (GERRISH)** [55] *IN* willful and wonton **DIRECTIVE EVIDENCE "NOT**

**WAIT THIS OUT"** [56] (EMPH.)  (EMPH.)  discriminative and retaliatory abuse of authority

**ORDERS** [57] of **DEFENDANT #13 (GARCIA)** (EMPH.)   to have **EEOC** Complainant *PS*

Plaintiff **INVOLUNTARY** (*EMPH*. **U.S. CONST. AMEND. XIII VIOLATION**) **MOVED**

---

[55] *See* **PUBLIC** Case No. 1:24-cv-**03593**-RTG, **PLAINTIFF'S EXHIBIT # 6**, pp #1-2 (Ex. #55, Bates Stamped G00233).
[56] 2014-cv-**01699**-BNB-**MEH**, 9/4/15, Brief Response (**DKT. 137**) EX. #55 (G00233) *Id*. at Case No. 1:24-cv-**03593**-RTG, **PLAINTIFF'S EXHIBIT # 6**, pp # 1-2.
[57] Evidence **NEVER** considered by **MSPB** and willful and wonton **NOT** produced timely by **EEO RMO** (*emph.*) Nicole A. Allard **#33036**; or Zach Mountin **#42661**; Colin J. Ratterman (**2009 NY** bar # UKN) (*emph.*); Jay A. Lauer **#21151 (INACTIVE)** (*emph.*) and preserved but for **NEVER** considered by **CONSPIRING** Defendants #10, #11, and abuse of authority Defendants' #5, #3, #1.

**58**— and in conspiring response to **PS** Plaintiff's whistleblowing to **CONGRESSWOMAN**

**DIANNA DEGETTE** (emph.) by email subject headed **"Proposed Settlement of EEO and**

**Reassignment to FHEO"** to **Defendants #12 (BREGÓN)** AND **#13 (GARCIA) — NOR** was

she without familiarity of program area **MFH** and it being **UNFAVORABLE. 59**

      **PS** Plaintiff **MAINTAINS** preserved **CONTINUOUS TITLE VII CLAIMS** (EMPH.)

were **NEVER FAIR** (EMPH.) **NOR FULLY** (EMPH.) considered  *IN* VIOLATION of **U.S.**

**CONST. ART VI CL II — BY NEUTRAL AND IMPARTIAL.** *EMPH*


## MANDAMUS INJUNCTIVE DECLARTORY JUDGMENT RELIEF ORDER

      **U.S., THE ET AL., STATE OF COLO., C & C DEN. DEFENDANTS** were/are **liable**

to **PS** Plaintiff for all damages suffered, as they flow directly from and that are connected to the

deprivation, violation, and infringement of **PS** Plaintiff's lawful rights and entitlements.

      **WHEREFORE,** *PS* **Plaintiff, Marie Laveau Gris-Philomene,** makes the layman

request for Courts to quit "kicking the can" and **REINSTATE TITLE VII JURY**

**DEMANDED MATTERS** (emph.)**:**  *PS v. Castro* (HUD), (10th Cir. 2014), Case No. **2014-**

**CV-01699-** BNB-***MEH*** (EMPH**)** AND *PS v. City and County of Denver, et al.,*  **2019-**CV-

**02806-**LTB-RM-***MEH*** (EMPH**)** AND **2021-**CV-02362-**RM -MEH** —— which **FIRST**

**COMMENCED** (emph.)  in herein U.S. Dist. Crt. for the Dist. Of Colorado**;** and **consolidate**

**cases and join preserved claims**, against **ORIGINAL TITLE VII 42 U.S.C. § 1985(2)(3)**

---

58 ***Pardo-Kronemann v. Donovan* (**08-5155, 2010 WL 1508072).
59 2014-cv-**01699-**BNB-**MEH**, 9/4/15, Brief Response (DKT. 137) EX. #123 (G00233) *Id.* at
Case No. 1:24-cv-**03593**-RTG, **PLAINTIFF'S EXHIBIT # 6**, pp # 37-41.

**United States** 28 U.S.C. § 1346 **TORTFEASOR** within meaning of **5** U.S.C. §552(f) and 28

U.S.C. § 1346; and Executive Branch employer within meaning of **Title VII — Department of**

**Housing and Urban Development ('HUD')** — for actions of #13 (GARCIA), #77 (GOMEZ),

**#68 (GERRISH), #67 (RICHARDSON BURNETT), Jane Goin, Deborah Griswold —**

followed by **28 U.S.C. § 1346: FEDERAL TORT CLAIM ACT** for clothed **U.S. ΦBK 1/5/25**

**INACTIVE #19425: Defendant #10 MICHAEL E. HEGARTY ("**MEH**");** U.S. **DOJ** UUSA

TIMOTHY B. JAFEK *CALIF.* **#214066;** abuse of authority of **Tenth Cir. Court; EEOC** GS-

1860-12 Investigator **ALEJANDRA HARGUTH —** AND pursuant to *Gale v.* ***C & C DEN.***,

**No. 18-1269,** *Ambus v. Granite Bd. of Educ.***, 975 F. 2d 1555, 1560 (10th Cir. 1992),** AND

*Guadiana v.* ***C & C DEN***, **No. 21-1294 (10th Cir. Aug. 9, 2022), NEVER** "*entitled*" to

sovereign immunity — City and County of Denver **('C & C DEN.') DEFENDANT-**

**APPELLEE DEFENDANT**S #50: MICHAEL B. HANCOCK**; #60:** #29514**; #61:** #31585**; #**

**62:** #33116,  **#63:** #39773, IMPERMISSIBLY BIAS CHERRY-PICKING PLOTTING **Bruce**

**A.** PLOT**kin #18133 (**INACTIVE**)(Defendant #**59**); and — "Appointed to serve at the**

**pleasure of DEFENDANT #50 (**MICHAEL B. HANCOCK**) in positions specifically**

**designated or created by the Mayor, pursuant** Denver, COLO- Code of Ordinances, Article

II**" AUGUST 26, 2020 (administrative REC, pp # 1477-1482),** *NUNC PRO TUNC* **(emphasis)**

**DECEMBER 19, 2019 (Exhibit #1-1 USB,** *Id.* **at "ADD #1 12_19-19 Board DEC. pdf")**

**CITY AND COUNTY OF DENVER BOARD DEFENDANTS 52: NEIL PECK** #2922

**(**INACTIVE- DECEASED**), #53: DAVID S. HAYES** #28661**, # 54: KAREN HASSETT**

**DUWALDT** #15967**, # 55: PATRICIA BARELA RIVERA, # 56: TRACY J.**

**WINCHESTER,** J. D.**; and — #57: KARLA JAYNE PIERCE** #27881 **— and**

**DEFENDANTS: #46, #51 (MARES, J.D.), #69, #70, #71 (BERRY), #72, #73, #75, #76,** #78

(HODSON**) — COLLECTIVELY DEFENDANTS'** [60] — wherein **42 U.S.C. § 1983**

authorizes **_PS_** Plaintiff's **preserved claims** against **LIABLE** (emph.) **Defendants'** in their

**INDIVIDUAL CAPACITIES.** *EMPH.*


### RE-REQUESTED RELIEF

"I may not live to see our glory. But I will gladly join the fight. And when our children
tell our story, they'll tell the story of tonight**." — Caribbean** born **OUR U.S. FOUNDING
FATHER — ALEXANDER HAMILTON.**

Pursuant **Fed. R. Civ. P. 8(a)(2)(3)**, *PS* Plaintiff, prays (*Matthew* **5:44**) for:

**MANDATORY NOTICE: U.S.** tribal governments; all liable **ORIGINAL TORTFEASOR**

**U.S.** Defendants'[#13 (Garcia), #68 (Gerrish), #77 (GOMEZ), #12 (Bregón) #67 (Richardson

Burnett)] to be placed on indefinite emergency suspension, terminated, and for actions to be

taken pursuant U.S.C. 5 § 7513 and their being immediately reported to federal Depart. of Gov.

Eff. ("**DOGE**"); **PUBLIC EXONERATION** and **RESTORATION** of **NATIVE**, maiden,

*apellidos* **GOOD SURNAME'S SAKE**; **REQUIRED JUDICIAL NOTICE** and

**OPPORTUNITY TO BE HEARD** and *DE NOVO* vertical and horizontal stare decisis review

by **COMPETENT NONPARTISAN** swayed that performs **OATH OWED** in manner

consistent of **DUE PROCESS FAIRNESS FOR ALL PERSONS'**. Adjudicate federal and

CONST. CLAIMS **MERETRICIOUSLY** with **PUBLIC INTEREST** [61] common deferred [62]

---

[60] *Id.* at 3/17/25, Case No. 24-CV-**03593**-RTG **AMENDED PLAINTIFF'S EXHIBIT** 8
[61] *Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)
[62] 19-CV-02806-RM-**_MEH_**/ [21-1223] / 1-21-CV-02362-RM- **_MEH_**; *MRG v. TOUSSAINT ET
AL.*., 1:23-CV-00529-GPG-KLM-STV-LTB

claims; and or any other proper redress proceedings (jury for all issues so triable) and remedies securing relief rights: **28 U.S.C. § 1346**  AND **42 U.S.C. § 1983** — **MAXIMUM** comp. damages (punitive, pecuniary, and non-pecuniary) — **COLLATERAL SOURCE RULE** [63]:  interest, tax penalty offset, **treble damages backpay** (SF-50 with GS-15-0343 step 10 differential; AND C & C DEN. CW Director - CA2758, TSP, DERP, PSLF), and **treble damages front pay** (GS-15-0343 step 10 differential; AND C & C DEN.CW Director - CA2758, TSP, DERP Rule-75 vested), **all** associated treble damages, attorney fees, legal costs, assoc. past and present medical, interest, equitable relief and property to which *PS* Plaintiff was/is deprived guarantee substantial and procedural due process, CONST. rights, and entitled pursuant to any law — C.R.S. § 19-1-307(1)(a); § 24-4-106 *et seq.*; § 24-10-109; § 24-10-118(2)(a); § 24-10-114 (1), (2), and (3) — **FOR EVERY SINGLE OCCURRENCE — MANDAMUS [C.R.C.P. 106(a)(2)(4)], INJUNCTIVE DECLAR. [FED. R. CIV. PROC. RULE 60(b)(3)(4)(5)]** any further **[C.R.S. § 24-4-106(7)(b)(I- IX)] RELIEF** [C.R.C.P. 60(b), 57 (*Native Am. Rights Fund, Inc. v. City of Boulder*, 97 P.3d 283 (Colo. App. 2004), **65]; U.S.** CONST. **AMEND I**; 5 U.S.C. §552 **FOIA** (EMPH.) AND **C.R.S. § 24-72-201 (CORA)** (EMPH.) (EMPH.)   — **ORDER** PUBLIC RE-POSTING of **RELATED** HIDDEN (EMPH.)  **C & C DEN**. case of **PRECEDENCE** (EMPH.) *In re Lombard- Hunt*, CSA 75 -07 , 7 (3/3/08) with *PS* Plaintiff's **NATIVE** surname favorably **PUBLIC 95** (EMPH.) times; and **PREVAILING**  (EMPH.)  lawsuit — which attracted **NATIONAL TELEVISION**  (EMPH.)  **PUBLIC INTEREST**  (EMPH.)  of **BLACK** (race) **APA** Fraternity, INC. Brother  (EMPH.)  **— HON. JUDGE MATHIS**  (EMPH.)  — and

---

[63] "A plaintiff [may] seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss**." *Green v. DENVER & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995).

pertained to *PS* Plaintiff and **U.S. VP KAMALA HARRIS** (EMPH.) **— CIVIL RIGHTS INC. SORORITY — AKA — HIDDEN** (EMPH.) **DEN**. County **Small Claims Crt**. **Case** No. **S83180** *PS v. Bell* (EMPH.); and **HIDDEN** (EMPH.) **U.S. EEOC** Case No. 541-2012-00018**X** (against **ORIGINAL TORTFEASOR U.S. HUD)**… —— **enjoin unlawful conduct**; remedial sanction constraints, **appointment of** tribal and special **counsel to prosecute all** civil criminal contempt claims [**TITLES: VI, VII, XV, IX**] —— **BOTH IMPRISONMENT AND FINES**, disciplines, involuntary armed emergency unpaid suspensions, terminations (in vacancies **more qualified immediate bumping** of **DHS** remaining un**PROTECTED** witnesses *SG* and *AG* and backpay of *SG* Social Case Worker SUPERVISOR – **LA2973**), **DEBARMENTS**, permanent injunction restraining — from **ALL GUILTY AND LIABLE** Defendants — to safeguard and secure **THE BEST INTERESTS** of **ALL GODS CHILDREN** (EMPH) *omnibus* to be **PROTECTED** — *Matthew 18:6* —— redress deprivation where government bodies and officers have exceeded its jurisdiction or abused its discretion, and there is **NO PLAIN, SPEEDY AND ADEQUATE REMEDIES OTHERWISE** provided by law — **U.S. CONST. ART VI CL II** — **against** gov. infringement oath owed declination **"WAR"** — analogous *Marbury v. Madison*, 5 **U.S.** 137 (1803) — **eloquently** delivered by **OUR** / **U.S.** longest standing Chief JUSTICE — **MARSHALL.**

　　*IN* DED. **MAMIE TILL-MOBLEY—** INDEPENDENTLY, **BLACK ICWA SEVEREST MED. NEEDS SURVIVOR** BENEFICIARY (EMPH) **INFANT** CHILD— **MIG** — **"HAS A DREAM" (DR. MLK)** — **TO AWAKEN FROM MONSTERS** *IN* **LAW ABOVE THE LAW** — of **OUR LAND**; **CHILDREN** ; AND *UNAPOLOGETIC BLACK* **PROCLAIMING WOMEN (*SG, AG,* ΔΣΘ *SE, DR.LC,* AKA *VP***…)(dark** and light skin color)

— <u>AMERICAN</u> **NIGHTMARE** (<u>**X**</u>) — **WAR <u>END</u>** —  by "CHIEFS" (Gorsuch and **Holmes)**

— **OATH CHARGED** with overseeing the admin. operations of THEIR **<u>DISRESPECTIVE</u>**

COURTS **<u>SHIELDING</u> CORRUPT CLOTHED** —<u>TO</u> **MAKE COLO. CONST. ART. VI, II**

**<u>(§ 6, §25) GREATER AGAIN</u>** — **<u>SHAKE HANDS</u>** with **<u>HIM</u>** and **DEN. COLOR. BORN**

**FIRST  Δ Ψ Λ  APA BLACK AND GOLD** <u>[T]</u>*HEIR* REGNANT NOLA CREOLE NEGRO

— **<u>QUEEN</u>** — **"NOT LIKE <u>U.S.</u>" (K. Lamar)**  "Jane, Jill, Tanya and Tammy **<u>DAVIS</u>**, Dawn,

Ginger " **OR** dead ("**DOE**")  — but **WOKE** to **"SLAY"** (Queen B.) **Atty.** Defendants with

THEIR SWORDS —  so **OUR <u>COLOR</u>**ado **<u>CHILD(REN)</u> MAY <u>REST IN PEACE</u> (MIG,**

**KM, NM** and **R.I.P.: JM, AM...)** — **MARIE LAVEAU GRIS- PHILOMENE  AKA  <u>MOM.</u>**

**C.R.C.P. 121 § 1-15, ¶ 8 Certification**

**No other parties have entered Case for conferral and shall be disqualified**.

 *PS*:  Plaintiff **shall not** have to local rule **D.C.COLO.LCivR 7.1(a) confer with** those

who **FAILED** (EMPH.) to prevent or to aid in preventing any wrongs mentioned in section 1985

of Title 42 which s/he had knowledge were about to occur and power to prevent — **28 U.S.C.**

**§1343(a)(1)(2) AND TITLE IX (RICO) at 18 U.S.C. § § 1961-196**; nor **willful and wonton**

WHITE (**race/ color**), Federal Civil Rule Procedure 11, ABA Model Rules of PROF. Conduct

Rules  3.1, 3.3, 8.3, extrinsic fraud in and on the court conspiring **CRIMINALS'**:

1.)        **U.S. DOJ** TIMOTHY B. JAFEK *CALIF.* **#214066** — **DEFENDANT #11**;

2.)        Those whose "administrative duties and those investigatory functions were **NOT**

(emph.) closely related to an advocate's preparation for judicial

proceedings"(***Benavidez v. Howard*** , 931 F. 3d 1225, 1231) (10th Cir. 2019)

(**applying rule to city attorneys**) *IN* their **willful and wonton deprivation** of

*vertical and horizontal stare decisis* of U.S. CONSTITUTION ART VI CL II, I, V,

XIV AMENDMENTS'— ***DAVIDSON v. SANDSTROM***, No. 03SC287 (2004);

***People v. Merchant***, 983 P. 2d 108 (Colo. App. 1999); greater (emph.) State COLO.

(EMPH.) CONST. ARTICLES VI AND II (SECTIONS 6 AND 25) (emph.) —

**NEVER ENTITLED TO SOVEREIGN IMMUNITY NOR IMMUNE** from

Colorado Anti-Discrimination Act ("CADA"): **C.R.S**. § 24-34-401 *et seq.*— **CITY**

**AND COUNTY OF DENVER ATTORNEY'S OFFICE DENVER HUMAN**

**SERVICES LEGAL SECTION AND EMPLOYMENT AND LABOR LAW**

**SECTION  2022CA1542 DEFENDANT-APPELLEES DEFENDANTS #60**:

KATHRYN "KATIE" SMITH **#29514**; **#61**: ROBERT ALAN WOLF **#31585**; # **62**:
AMY PACKER **#33116**, **#63**: SHERRI CATALANO **#39773**, and **#57**: KARLA
JAYNE PIERCE **#27881**;

**3.)**     Those **CHARGED** (EMPH) with enforcing the CONSTITUTIONAL LAWS OF
THE STATE OF COLORADO — **DEFENDANT #23: PHILIP WEISER #38314**
— who personally participated with herein all WHITE (race) **Defendants #14**
(POLIS), **#37** (MCCANN #5834), **#60** (SMITH #29514), **#61** (WOLF #31585), **#62**
(PACKER #33116) —— as **LOOSER** (EMPH.) COLORADO ATTORNEY
GENERAL — ***PECK v. State of Colorado***, et al., 19-CV-03450-RBJ-**MEH**
(EMPH)(DEFENDANT #10)/ ***Peck v. McCann, et al.*** [10932361] **DEFENDANT-
APPELLEE** —  whom ***PS*** Plaintiff filed and **SATISFIED DUTY TO GIVE
IMMEDIATE NOTICE: GOVERNMENT INTERVENTION IN CHALLENGE
TO CONSTITUTIONALITY OF LAW 28 U.S.C. § 2403; FED. R. APP. P. 44** —
**OCTOBER 10, 2022** (EMPH.) — and for Colorado Court of Appeals Clerk, Pauline
("POLLY") Brock #21777, to certify such facts to the ATTORNEY GENERAL OF
THE UNITED STATES AND THE APPROPRIATE STATE OF COLORADO —
along with **mailed certified NOVEMBER 24, 2023**  (EMPH.) AND **FEBRUARY 7,
2024** (EMPH.), 2022CA1542: THIRD AMENDED OPENING BRIEF (57 pg.)
WITH C.A.R. 28 (e) ADDENDA USB ***Id.*** at Case No. **2024**-cv-03593-RTG—**LTB**,
'PLAINTIFF EXIBITS' ('EX') #1 and 1-1 (**USB**) **Addenda** (ADD) **# 47** (restricted
level 1); and OCTOBER 27, 2022 (EMPH.) — AND— NOVEMBER 4, 2022
(EMPH.)  online Complaints —— BUT-FOR —— **WILLFUL AND WONTON *IN***

*VERTICAL AND HORIZONTAL STARE DECISIS VIOLATION* of U.S.

CONSTITUTIONAL ART VI CL II, I, V, XIV AND GREATER STATE

COLORADO CONSTITUTION ARTICLES VI AND II (SECTIONS 6 AND 25);

AND CADA **C.R.S.** § 24-34-401 et seq. (**WAIVED** Sovereign Immunity of **STATE**;

**C.R.S.** § 24-10-**109**) —— **FAILED** (EMPH.) to prevent or to aid in preventing any

wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to

occur and power to prevent —— **28 U.S.C. §1343(a)(1)(2)** AND **TITLE IX (RICO)**

at **18 U.S.C. § § 1961-196;**

4.)    **CHARGED** (EMPH) with enforcing the criminal laws of the State of Colorado

for offenses committed within (EMPH) the City and County of Denver (EMPH)

**1/9/25 Ret. DEFENDANT 37: ELIZABETH "BETH" HARRISON McCANN**

**#5834** and or **Arapahoe County** (EMPH); or  **LISA E. PEARCE #28634** -

Regulation of Attorneys (EMPH.)( *PS* ("OARC") Complaints : **(1)** 2019-686; **(2)**

2020-2454; **(3)** 2021-3122; **(4)** 2022-3360; **(5)** 2022-3785; **(6)** 2022-589; **(7)** 2022-

590; and **(8)** 2024-4301); or **Defendants'** #14 (Gov. Polis) and #15 (BOATRIGHT

**#17731**) **COLO. COMMISSION ON JUDICIAL DISCIPLINE**

("CJDC")(Complaints against <u>**THEIR**</u> Appointees: Defendants # 16 <u>**(MULLINS**</u>

<u>**#6659)**</u>; # 33 (**DORANCY #32067**); #34: DON JESSE TOUSSAINT **#41379**; and

DEFENDANT 19: ELIZABETH LEIGH HARRIS **#29556…).**

5.)    Appointed to serve as Colorado's Child Protection Ombudsman, which pursuant

established pursuant to **C.R.S. 19-3.3-101**, is an independent state agency

**CHARGED** with reviewing citizen complaints about the child protection system as

well by making systemic recommendations to the Colorado Governor's Office and

state legislature to improve the safety of the child protection system ——

**DEFENDANT #44** STEPHANIE VILLAFUERTE —— which *PS* Plaintiff

**WHISTLE BLEW** and made **BOTH INQUIRIES #3643 (APRIL 24, 2019)** AND

**#3729 (JUNE 14, 2019)** with Child Protection Ombudsman **(Sara Embrey)** ——

**PRIOR** to wrongful suspensions and termination ——as it pertained to Defendant

**#70 (Hodson);** Defendant **#69 (Berry);** Defendant **#68 (Scheüermann),** and

Defendant **#67 (Ball).** *Id.* at **24-CV-03593-RTG: PLAINTIFF'S EXHIBIT # 1—1**

**(USB): ADD #38, #39, #40.** *EMPH***;** and considering *The People of the State of*

*Colorado v. Christina Lee Gray* **(DEN. D.C.); Offense Case No. 2024-5000941**

DEVELOPMENTS (*PENDING* **10/14/2025** criminal **JURY TRIAL** Case No.

**2024CR6325** (Offense Case No  2024-5000941**) —— PS Plaintiff** personally

emailed Defendant **#44 VILLAFUERTE** on **OCTOBER 28, 2024 "URGENT:**

**CRIMINALS AT DDHS: Fwd: 10/19/24 Article "Former Denver DHS child-**

**protective case worker arrested for alleged false reports."** *EMPH.*

6.)     *Omnibus* personal participation, control, direction, or failure to supervise (***Buter***

***v. City of Norman***, 992 F. 2d 1053, 1055 (10th Cir. 1993) — as the **EXECUTIVE**

**DIRECTOR** of the Colorado Department of **INHUMANE** (EMPH.) Services

("CDHS) — **DEFENDANT 45: MICHELLE BARNES;**

7.)     Male (**sex**) negligence of owed duty, reported, bad faith, deprivation of property,

**PRIVATE INSURED LIABLE** DEFENDANTS: **#66**: Christopher Jordan Thomas

**#49026**; **#64**: Jeffrey Anton Shepard **#50042;** and **#42** j. Matthew De Petro **#12770**

— <u>**REGARDING THIS MOTION.**</u>

Dated at Aurora, Colorado, this 21th day of May 2025, **under penalty of perjury**,

<u>s/ **Marie Laveau Gris-Philomene**</u>
*Pro Se* **Plaintiff/ Appellant**

## CERTIFICATE OF SERVICE

     I hereby certify that on May 21[th], 2025 (at/ around 1846, thus will be filed **5/22/25** ), I timely (ECF No. 22 (RECOMMENDED DISMISSAL WITHOUT PREJUDICE) for ***pending*** Case No. 24-CV-**03593**-RTG response due by *PS* 05/27/25 with consideration of federal holiday and U.S. postal date/receipt 5/7/25) sent a copy of the ***PRO SE* PLAINTIFF'S RULES 18, 42, AND 60(b) INJUNCTIVE RELIEF MOTION** to the following parties in the way described below each party's name:


Party Name: **U.S. D.C. for Dist. of Colorado**

How Served: **cod_prose_filing@cod.uscourts.gov**

Case No.: 2025-CV-**852**-RTG

**Alfred A. Arraj United States Courthouse**

A741 / Courtroom A701

901 19th St. Denver, CO 80294


                         s/ **Marie Laveau Gris-Philomene**
                         *Pro Se* **Plaintiff/ Appellant**
                         Address: **RESTRICTED**
                         E-mail: **RESTRICTED**